# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>**ALL CASES** | **Case No. 2:18-ML-02814-AB (FFMx)**<br><br>**DISCOVERY MATTER**<br><br>**AMENDED [PROPOSED] PROTECTIVE ORDER - CONFIDENTIAL DESIGNATION ONLY** |

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal;

Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**GOOD CAUSE APPEARING**, the Court hereby enters this Protective Order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights as follows:

1. In this Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding, **Case No. 2:18-ml-02814-AB (FFMx)**.

    b. "Court" means Honorable Andre Birotte, Jr., Magistrate Judge Frederick F. Mumm, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential" means any Documents, Testimony, or Information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

    d. "Confidential Information" shall mean, pursuant to FRCP 26(c)(1)(G), trade secrets or other confidential research, development, or commercial business information, the disclosure of which would cause competitive harm, that is contained in Protected Documents, and which have not been disclosed or made available to the public. Confidential information may include, but is not limited to (1) engineering documents, including design drawings and other technical engineering related specifications, (2) test documents, analysis, and testing procedures; (3) manufacturing specifications and procedures, including communications with and process documents pertaining to Ford's suppliers and supplier relationships; (4) internal business or financial information; (5) confidential Customer information and personal identifying information; and (6) any other

similar proprietary, confidential, private information, commercially sensitive business information, or competitive intelligence, including but not limited to trade secrets.

  e. "Customer" shall mean any person or entity that purchases or otherwise comes to possess Defendant's product.

  f. "Designating Party" means the Party that designates Testimony, Documents, or Information as "Confidential."

  g. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

  h. "Document" shall mean and include, without limitation, all written material, videotapes, images, photographs, and other data and/or data compilations, and all other tangible items set forth in FRCP 34(a)(1)(A)-(B), produced in whatever format (*e.g.*, hard copy, electronic, digital, etc.) and on whatever media (*e.g.*, hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise) defined as broadly as permitted under FRCP 34.

  i. "Information" means the content of Documents or Testimony.

  j. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

  k. "Party" or "Parties" shall mean and include the parties to this litigation.

  l. "Protected Documents" shall mean documents and materials to be produced in this Proceeding which contain Confidential Information.

  m. "Document Repository" means the virtual repository for documents established by Order of this Court for the retention of documents pursuant to this Proceeding or other litigation as appropriate.

 2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony, or Information that the Designating

Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law. Nonetheless, this Order is intended to facilitate the Parties' production of certain information and documents as part of voluntary disclosure and in response to discovery requests. Nothing in this Order is to be construed to expand or limit the Parties' discovery obligations. This Order covers the production and use of all Protected Documents in this action that constitute, contain or disclose, in whole or in part, information which the Designating Party designates as "Confidential." This Order is also intended to apply to any documents produced to the Parties by a non-party in connection with a subpoena to the extent designated as Confidential herein. Nothing in this Order will prevent counsel from using Confidential Information in connection with any work product created by or on behalf of that counsel for use in the Proceeding. Subject to the provisions herein, such work product may be retained by the counsel creating it.

3. The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony, or Information to be designated as "Confidential" or have a substantially similar notice on the document, ~~so as to~~ <u>must</u> be clearly so designated before the Document, Testimony, or Information is Disclosed or produced<u>, unless otherwise provided herein</u>. The parties may agree that a case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated

Confidential Material.

      b.     For Testimony given in depositions the Designating Party may either:

          i.     identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential"; or

          ii.     designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party. When Protected Documents or information obtained therefrom is designated as "Confidential" in a deposition transcript, the counsel making the designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of the transcript, a page identifying all pages and lines designated "CONFIDENTIAL" in the transcript.

      c.     To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

      d.     For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend

"Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

    e. Documents, Testimony, or Information placed in the Document Repository shall be governed by a designation protocol set forth in the stipulation establishing said Repository.

  5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that received the inadvertently produced Document, Testimony, or Information must not use or disclose the inadvertently produced Document, Testimony or Information, and shall timely give written notice of such inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony, or Information to counsel for the producing Party and shall retain only the "Confidential" designated materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event

that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony, or Information, such law shall govern.

6. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Federal Rule of Evidence 502 applies to any inadvertent disclosure of information which may be subject to the attorney-client or work product privileges. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court. Absent any such agreement, the inadvertent disclosure of material which is subject to a claim of privilege or other protection does not operate as a waiver.

7. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall meet and confer with counsel for the Designating Party in an effort to resolve the dispute, pursuant to the procedures set forth in Central District of California Local Rule 37-1, and may request that the Court schedule an informal conference to attempt to resolve the matter and, should the matter not resolve informally, the Court shall specify the procedures to be followed to obtain a formal decision using standard discovery rules. Pending a resolution of any such formal motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such motion shall remain in place. The Designating Party shall have the burden of establishing the applicability of its "Confidential" designation.

8. Any document or any information designated as "Subject to Protective Order," "Confidential," or similar language in accordance with the provisions of this Order shall only be used, shown, or disclosed as provided in this Order.

9. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons, after review of this Order and execution of Exhibit A where applicable as indicated below:

    a. the Court and its personnel;

    b. (1) attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical, and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party; (2) in-house counsel to the undersigned Parties and the paralegal, clerical, and secretarial staff employed by such counsel. Provided, however, that each attorney of record in this Proceeding warrants that the Confidential Materials will not be Disclosed other than pursuant to the terms of this Order, and will take all necessary precautions to ensure that such attorneys' respective staffs are aware of and abide by the terms of this Order;

    c. those officers, directors, partners, members, employees, and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided that (1) such persons(s) is not currently employed by an automobile manufacturer competitor of Ford Motor Company; and (2) prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee, or agent, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    d. court reporters or videographers in this Proceeding (whether at depositions, hearings, or any other proceeding);

e. any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that has had access to the Confidential Materials or who has been produced by the Designating Party pursuant to FRCP 30(b)(6) to testify regarding matters related to the Confidential Materials;

f. litigation support consultants and vendors retained by the Parties to provide litigation support services (e.g. photocopying, electronic discovery, videotaping, translating, preparing exhibits or demonstrations, etc.), provided, however, that prior to the Disclosure of Confidential Materials to any such consultant or vendor, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

g. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials, to the extent such disclosure is either agreed between the Parties to this Order or to the extent such disclosure is authorized by the Court; provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

h. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding (provided that no disclosure shall be made to any expert or consultant who is currently employed by an automobile manufacturer competitor of Ford), whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain

its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

      i.    any other person that the Designating Party agrees to in writing and

      j.    for warranty cases involving the 6 Speed Automatic Transmission GFT DPS6 ("DPS6 transmission"), the counsel of record in the above styled case may use documents pertaining to the DPS6 transmission ("DPS6 documents") received in the above styled case in other warranty cases involving the DPS6 transmission in which they are counsel of record and Ford Motor Company is a named defendant. Any such use of DPS6 documents must be consistent with the full and complete terms of this protective order and counsel of record shall inform Ford Motor Company thirty (30) days prior to electing to use the DPS6 documents in any other warranty action in accordance with the above. Nothing in this protective order shall prevent Ford Motor Company from objecting to the use of DPS6 documents in other warranty cases based on privilege or other objections as allowed by the Federal Rules of Civil Procedure.

    10.    Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

      a.    While the Parties may provide Confidential Materials in accordance with the provisions of this Protective Order in an electronic form, such documents may not be posted on any website or internet accessible document repository that is accessible to anyone other than the persons noted in paragraph 8 above.

        b.      All persons described in Paragraph 8 above shall not under any circumstance sell, offer for sale, advertise or publicize either the Confidential Materials or the information contained therein.

    11.      Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

    12.      Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

        a.      operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial, or personal information; or

        b.      prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

            i.      to seek a determination by the Court of whether any particular Confidential Materials should be subject to protection as "Confidential" under the terms of this Protective Order; or

            ii.      to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material, or Information.

    13.      Any Party to the Proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Protective Order.

    14.      Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Protective Order, and

any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

15. If any person subject to this Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, within three (3) business days, including holidays, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena shall not under any circumstances produce any Documents, Testimony, or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16. Nothing in this Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

17. If, after execution of this Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the

Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

18. This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies. Nothing in this Protective Order shall limit any Party's right to disclose to any person, or use for any purpose, its own Information and Documents. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

19. Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding governed by Central District of California Civil Local Rule 79-5.2.2(b), the party shall follow those rules.

20. The Parties shall meet and confer regarding the procedures for use of any Confidential Materials at trial and shall move the Court for entry of an appropriate order.

21. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Materials.

22. This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after the Proceeding is terminated.

23. Within ninety (90) days after the conclusion of this Proceeding, counsel for the Party who has received Protected Documents shall either: (a) return to the Designating Party the Protected Documents, including any documents which any such Party disclosed to any Qualified Person, or (b) securely destroy the Protected Documents, including any documents which any such Party disclosed to any Qualified Person and certify in writing such destruction to the Designating Party, except to the extent counsel for the Party who have received Protected Documents are authorized to retain Protected Documents pursuant to other Orders of this or any other Court.

24. Counsels for all Parties agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Order.

25. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

**IT IS SO ORDERED.**

Dated:   May 7, 2018   By:   /S/ FREDERICK F. MUMM
　　　　　　　　　　　　　　　　　Hon. Frederick F. Mumm
　　　　　　　　　　　　　　　　　United States Magistrate Judge

Approved as to form:

*Plaintiffs' Lead/Liaison Counsel*　　　　*Defendant's Lead Counsel*

By:   /s/ Jeffrey A. Koncius　　　　By:   /s/ Andrew L. Chang
　　Paul R. Kiesel　　　　　　　　　　　Amir Nassihi
　　Jeffrey A. Koncius　　　　　　　　　Andrew L. Chang

| | |
|---|---|
| KIESEL LAW LLP | SHOOK, HARDY & BACON LLP |
| Date: May 1, 2018 | Date: May 1, 2018 |
| | By: */s/ Spencer Hugret* <br> Spencer P. Hugret <br> GORDON & REES LLP |
| | Date: May 1, 2018 |
| | By: */s/ John M. Thomas* <br> John M. Thomas <br> DYKEMA GOSSETT PLLC |
| | Date: May 1, 2018 |

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY INFORMATION

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Information supplied in connection with the Proceeding, Case No. 2:18-ml-02814-AB (FFMx). I certify that I understand that the Confidential Information is provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Information, as defined in the Protective Order, including any notes or other records that may be made regarding any such information, shall not be Disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Information obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Protected Documents provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Protected Documents will be returned to counsel who provided me with such Protected Documents.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this \_\_\_\_\_ day of _____, 20\_\_, at _____.

DATED:_____  BY: _____
                                        Signature

                                        _____
                                        Title

                                        _____

_____
Address

_____
Telephone Number