1  **KNIGHT LAW GROUP, LLP**
2  Steve Mikhov (SBN 224676)
   1801 Century Park East, Suite 2300
3  Los Angeles, CA 90067
   Telephone: (310) 552-2250
4  Fax: (310) 552-7973
   Email: stevem@knightlaw.com
5
6  **LAW OFFICE OF MICHAEL H. ROSENSTEIN**
   Michael H. Rosenstein (SBN 169091)
7  1801 Century Park East, Suite 2300
   Los Angeles, CA 90067
8  Telephone: (310) 286-0275
   Fax: (310) 286-0274
9  Email: mrosenstein@rose-lawoffice.com

10 Attorneys for Plaintiff,
   **CHRISTIAN B. VENEGAS**
11

12          **SUPERIOR COURT OF CALIFORNIA**

13              **COUNTY OF SAN DIEGO**

14 **CHRISTIAN B. VENEGAS,**            Case No: 39-2016-00041104-CU-BC-CTL
15
16              Plaintiff,              **DECLARATION OF STEVE MIKHOV
                                        IN SUPPORT OF PLAINTIFF'S
17     vs.                             MOTION FOR ATTORNEY'S FEES,
                                        COSTS AND EXPENSES**
18
   **FORD MOTOR COMPANY, a Delaware**  [Filed concurrently with Plaintiff's Notice
19 **Corporation; and DOES 1 through 10,**  of Motion and Motion for Attorney's Fees,
                                        Costs and Expenses; Memorandum in
20 **inclusive,**                       Support Thereof; Declaration of Michael
                                        H. Rosenstein]
21              Defendants.
                                        *Assigned for All Purposes to the
22                                      Honorable John S. Meyer*
23
                                        Date:  May 4, 2018
24                                      Time: 10:30 a.m.
                                        Dept.: C-64
25
26
27

---

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

## DECLARATION OF STEVE MIKHOV

I, Steve Mikhov, declare as follows:

1.      I am an attorney at law duly licensed to practice before the courts of the State of California and attorney of record for Plaintiff Christian B. Venegas ("Plaintiff") in the instant action. I have personal knowledge of the following facts and, if sworn as a witness, I could and would testify to them competently.

2.      I make this declaration in support of Plaintiff's Motion for Attorney's Fees and Costs and Expenses ("Motion"). For the reasons set forth herein and in the Motion, Plaintiff requests $54,030.00 in attorney's fees. This amount is comprised of the legal services provided by Knight Law Group, LLP ("Knight Law") in the amount of $35,792.50, and the legal services provided by the Law Offices of Michael H. Rosenstein ("Rosenstein") in the amount of $18,237.50. Plaintiff's attorneys request a reasonable "lodestar" enhancement of 0.5 in the amount of $27,015.00, for a total attorney's fee award of $81,045.00. A true and correct copy of my firm's billing is attached hereto as **Exhibit A.**  Plaintiff also requests reimbursement of costs and expenses in the amount of $5,402.86. My firm advanced all of the costs in this matter. A true and correct copy of my firm's verified memorandum of costs is attached hereto as **Exhibit B.**  The total amount requested in fees, costs and expenses is $86,447.86.

3.      Plaintiff purchased a used 2014 Ford Focus on May 17, 2015 for $14,722.20 – adding taxes, fees, and a six-year financing plan, the total purchase price was $27,884.32. The vehicle was distributed by Ford Motor Company ("Defendant" or "Ford"), which provided an express written warranty. A true and correct copy of the Vehicle Lease Agreement is attached hereto as **Exhibit C.**

4.      After approximately five months and under 10,000 miles, and within the applicable warranty periods, the vehicle began experiencing problems with the transmission – it would shudder upon acceleration. The vehicle also exhibited problems with the engine and electrical systems – the A/C would not blow cold air. Plaintiff delivered the vehicle to a Ford-authorized

1

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

1  repair facility where upon inspection, the technician discovered an undetermined engine leak and
2  attempted to correct the issue by resealing the timing cover and resealing the oil pan gasket. The
3  technician also performed a transmission adaptive relearn, a recall protocol requiring
4  reprogramming the Transmission Control Module ("TCM") and replacing the battery. Despite
5  being assured that the vehicle had been repaired and was safe to drive, the transmission continued
6  to exhibit problems slipping and accelerating at freeway speeds. Less than seven months later,
7  Plaintiff again delivered the vehicle to a Ford-authorized repair facility where it remained for five
8  (5) days while the repair facility technicians attempted to correct the issues by removing the
9  transmission, reprogramming the TCM and Powertrain Control Module ("PCM"), replacing the
10  clutch and seals and performing another adaptive relearn. Despite these efforts, the problems
11  persisted.

12      5.      Notwithstanding the ongoing repairs and continued manifestation of problems,
13  Ford refused to acknowledge the defective nature of Plaintiff's vehicle. At all times, however,
14  Ford had direct, contemporaneous knowledge of the vehicle's serious defects, which it records in
15  a database called "OASIS" and a warranty repair history database called "AWS." These repair
16  records indicate each time the vehicle was presented for repair during the warranty period, as well
17  as every time the Ford repair facility found a problem/defect attributable to Ford and billed Ford
18  for the work.

19      6.      Frustrated, concerned for his safety and having lost confidence in Ford's ability to
20  repair the vehicle, Plaintiff contacted Ford customer service directly on May 9, 2016, and requested
21  Ford repurchase the vehicle. Despite Ford's affirmative duty under the law to perform an
22  investigation and offer relief, Ford rejected Plaintiff's request in June.

23      7.      Plaintiff contacted Knight Law and told the firm about the problems with the
24  vehicle and the way Ford treated him. After reviewing the repair history and discussions with
25  Plaintiff, Knight Law agreed to represent him and bear the risk of litigating the case on a fully
26  contingent basis. Because Knight Law's compensation was purely contingent, the firm faced a
27  genuine risk of not being paid for its services for years, if at all, while advancing thousands of

2

1  dollars in costs and expenses on Plaintiff's behalf. In taking on this duty, the firm was facing a

2  litigation behemoth—Ford is a multi-billion-dollar company, with a virtually infinite litigation

3  war-chest, that wages a battle of attrition that most firms cannot withstand.

4      8.      As a result of Ford's failure to fix the material defects associated with Plaintiff's

5  vehicle, or otherwise comply with the Song-Beverly Act, Plaintiff filed a Complaint in this action

6  on November 22, 2016, alleging, in part, willful violations of the Song-Beverly Act and Fraud for

7  failing to disclose a known transmission defect, and seeking civil penalties and punitive damages.

8  Ford filed a Demurrer to Plaintiff's Complaint on or about December 27, 2016. Plaintiff filed his

9  Opposition and the parties attended a hearing on the matter on March 30, 2017, at which time the

10  Court overruled the Demurrer. Ford then filed its Answer, denying all liability and asserting

11  numerous affirmative defenses, on or about April 19, 2017.

12      9.      Defendant's position in the litigation required extensive efforts on the part of

13  Plaintiff's counsel, and they promptly began working up their case on behalf of Plaintiff. Written

14  discovery was drafted and served on Defendant on or about January 11, 2017, consisting of 44

15  requests for admissions, 92 requests for production of documents, 87 special interrogatories and

16  28 form interrogatories. Plaintiff benefitted from Knight Law's expertise and experience in

17  litigating against Ford as just 3.8 hours were billed for drafting the entirety of this discovery.

18  Plaintiff's counsel are able to use existing files as templates to conserve time and litigate

19  efficiently. Written discovery of this magnitude, drafted from scratch and without the benefit of

20  Plaintiff's attorneys' vast knowledge, experience and specialized expertise, would have taken

21  multitudes of the time expediently managed here.

22      10.     Due to Defendant's improper objections and/or incomplete and evasive responses

23  to Plaintiff's discovery, Plaintiff began "meet and confer" efforts in April 2017, and the meet and

24  confer process continued throughout the month.

25      11.     In May 25, 2017, Ford continued its vigorous defense in this case, propounding

26  requests for admissions, requests for production of documents, special and form interrogatories

27  upon Plaintiff. Plaintiff again benefitted from Knight Law's expertise and experience as just 2.9

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES,
COSTS AND EXPENSES

1    hours were billed for drafting responses to the entirety of this discovery.  Ford also noticed the

2    deposition of Plaintiff and made a demand for the inspection of Plaintiff's defective vehicle.

3        12.    In October 2017, Plaintiff noticed the depositions of several Ford employees and

4    dealership personnel, including Ford's PMK and the dealership's PMQ, service advisors and

5    service technicians.  These depositions were needed to obtain information regarding repairs to the

6    vehicle, authenticate the repair orders, and rebut Ford's anticipated argument that the problems

7    with Plaintiff's vehicle were somehow caused by Plaintiff's neglect or abuse.

8        13.    With the absence of any reasonable settlement offer from Ford accounting for its

9    willful violation of the Song-Beverly Act, the case appeared likely to go to trial.  Accordingly, on

10   or about October 27, 2017, Michael H. Rosenstein formally associated into the case as lead trial

11   counsel to prepare the case for trial.

12       14.    With the trial date approaching, Ford continued its robust defense by propounding

13   a second set of requests for production of documents, requests for admissions, and special

14   interrogatories.  Plaintiff once more benefitted from Knight Law's expertise and experience as just

15   4.2 hours were billed for drafting responses to the entirety of this discovery.

16       15.    In November 2017, Plaintiff's counsel defended the deposition of Plaintiff and took

17   the depositions of Ford's technicians, PMK and PMQ. Plaintiff's counsel kicked their trial

18   preparation into high gear by drafting trial-related documents including sixteen (16) Motions in

19   limine, joint witness and exhibit lists, proposed jury instructions and special verdict forms, a joint

20   trial readiness conference report, statement of the case, and joint list of stipulated facts.  In further

21   preparation for trial, Plaintiff's counsel reviewed Ford's twenty-two (22) Motions in limine and

22   prepared for oral argument on each. Plaintiff also drafted a Motion for Leave to File Amended

23   Complaint and attended the hearing on the matter—the Court granted Plaintiff's motion.  In

24   December 2017, Plaintiff's counsel traveled to and defended the deposition of Itzel Diaz.

25       16.    Meanwhile, Ford filed a Motion for Summary Adjudication.  In December 2017,

26   Plaintiff's counsel drafted the Opposition to Ford's Motion for Summary Adjudication.   On

27   December 15, 2017 Counsel traveled to and attended the hearing at which time the court denied

4

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES,
COSTS AND EXPENSES

1  Ford's motion.

2      17.   In December 2017, Ford served Plaintiff with an Offer to Compromise pursuant to
3  the Code of Civil Procedure section 998 ("998 Offer"). Plaintiff rejected the ambiguous offer – it
4  only allowed Counsel to apply for recovery of attorney fees up to the date of the offer, substantially
5  altering Plaintiff's statutory rights under the Song-Beverly Act.

6      18.   On or about January 9, 2018, after a little more than thirteen months of litigation
7  and ten days before trial, set for January 19, 2018, Ford served Plaintiff with a Renewed Offer to
8  Compromise pursuant to the Code of Civil Procedure section 998 ("Renewed 998 Offer"), in the
9  amount of $98,500.00.   A true and correct copy of the Renewed 998 Offer is attached hereto as
10  **Exhibit D**.

11      19.   Plaintiff accepted the Renewed 998 Offer on January 15, 2018.  This settlement
12  amount was inclusive of a full statutory "buy-back" of Plaintiff's defective vehicle, incidental and
13  consequential damages, and a two-time civil penalty.

14      20.   Plaintiff, as the prevailing party in this action, has made every reasonable effort to
15  resolve the payment of Plaintiff's attorney's fees by Ford but was forced to file this Motion with
16  the Court.

17              **Defendant Has Refused to Settle Attorney Fees/Costs/Expenses and Has Forced**
18                                 **This Fee Motion to be Filed**

19      21.   Throughout my experience as an attorney in this area of law, I was routinely able
20  to settle the matter of attorney fees, costs and expenses without court involvement.  For most
21  manufacturers, that remains to be true.  However, while I do not have direct proof, it appears to
22  me, and I infer that it not be coincidence, that a select few manufacturers have colluded to force
23  my firm to file motions for attorney fees in virtually every case instead of resolving the issue by
24  agreement.

25      22.   It is a policy of the law firm to settle our clients' claims before discussing settlement
26  of attorney fees and costs.  We take this approach to avoid any possibility, or even the appearance,
27  of a conflict of interest.  Once the vehicle is surrendered and the client is paid, we discuss attorney

1 | fees, costs and expenses with opposing counsel.

2 |   23.   In 2016, the practice of settling fees changed completely, and in particular with
3 | Ford Motor Company. From 2007 until approximately the middle of 2016, I was typically able to
4 | settle attorney fees with Ford. In 2015, I filed a <u>total</u> of 15 motions for attorney fees all year.
5 | However, that all changed in mid-2016.

6 |   24.   In June of 2016, I made a demand to Ford's counsel on 13 cases. This was a typical
7 | sized batch. Over the course of the next three months, I followed up by text message and my staff
8 | followed up by email. After three months of virtual silence, the fees and costs finally settled.

9 |   25.   At that point, in September of 2016, there were another 17 cases that had settled for
10 | the clients in which fees were still outstanding. Still a manageable number of cases to discuss.
11 | Ford's counsel stated that settling these fees is complicated but also makes unreasonably low-ball
12 | offers. While ignoring the outstanding fees and costs, Ford's counsel makes offers to settle my
13 | clients' liability component in other cases. Cases continued to settle while my firm remained
14 | unpaid for providing the services to secure substantial settlement figures on cases that were already
15 | completed.

16 |   26.   By January 27, 2017, the number of cases had reached 33, so I withdrew the demand
17 | on 17 cases and made a new demand encompassing all 33 cases. I attempted to discuss the matter
18 | informally over lunch, but the invitation was declined.

19 |   27.   By April 2017, I had to withdraw the demand, which went unanswered and was not
20 | countered, and made a new demand to Ford's counsel on what had become 58 cases with unsettled
21 | attorney fees. In light of the inability to reach resolution, we even hired a mediator, but still Ford
22 | would not come close to agreeing to pay the fees incurred.

23 |   28.   In August of 2017, the attorney fees remained unsettled in 86 cases against Ford in
24 | which liability for the client had long been settled. In 9 months, the number of unsettled attorney
25 | fee matters had gone from 17 cases to 86 cases. In that time period, Ford agreed to settle <u>just 7</u>
26 | attorney fees and costs. At this juncture, Ford expressly stated that it no longer has interest to even
27 | talk about attorney fees and costs.

6

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES,
COSTS AND EXPENSES

29.     By October 2017, the number of cases in which fees remained unresolved had balloned into triple digits. As a result of Ford's refusal to settle fees and costs and my continued efforts to avoid filing over 150 fee motions, my firm has been traveling the state attending Orders to Show Cause re: Dismissal.

30.     As it is now patently clear to me that Ford is unwilling to come to the table with realistic numbers to settle attorney fees and costs, my firm has shifted focus to getting these unpaid matters to the courts, thereby increasing fees and clogging the already-busy courts with more work.

## Ford is a Staunch Defendant That Litigates More Aggressively Than Most Other Vehicle Manufacturers While Deceiving Consumers More Than Most Manufacturers

31.     There are vehicle manufacturers with whom this firm has had exactly zero trials, zero discovery disputes, zero motions to compel, zero fee motions. Ford Motor Company is not one of them. Since 2012, the firm has tried 55 lemon law case. One case ended in a hung jury and one case ended in a mistrial. Taking those two matters out, Knight Law and its trial attorneys have a win-loss record of 36 wins and 17 losses. This amounts to nearly a 70% winning percentage in trials. Of those 55 trials, Ford makes up 14 of them. In other words, Ford alone comprises 25% of all of the cases that go to trial. Of the 14 trials prosecuted against Ford, the firm has prevailed in 9 of them.

32.     During the course of my years in practice, I have successfully pursued evidence during discovery that has proven damaging to the Ford. For example, Ford was compelled to produce 35,000 pages of training materials from its customer service call center. The production of these documents came only after Ford's representatives claimed for years that no such training materials existed, and perjured themselves in declarations opposing motions to compel. It was only once I flew to Melbourne, Florida to depose Abe Bush, one of Ford's customer service agents, during which he admitted that he had use of training materials. Based on that information, I pursued court orders to compel the materials. Ford's then-counsel, having denied the existence of training materials in countless declarations, flipped the opposition and claimed "it was a revelation" that the documents existed. Another example is Ford's attempt to conceal documents

7

1  that it had produced in other class action litigation.  Through continuing efforts, Ford was ordered
2  to produce approximately 12,000,000 pages in a class document dump. The firm's attorneys spent
3  countless hours sifting through these pages.  Once certain documents were identified and brought
4  into evidence at trial, Ford amazingly claimed that the documents were not genuine and authentic.
5  As a result, we sought Ford's admission of the genuineness of these documents, which Ford
6  initially denied, but court orders eventually compelled their admission of authenticity.  More
7  recently, there was an ongoing feud in which Ford was ordered to produce customer service
8  documents located on what is referred to as the "G: drive," but Ford ignored the order, caused a
9  motion to compel compliance, filed motions for a protective order and a motion for
10  reconsideration, and after almost two years of this battle finally produced the contents of that G:
11  drive.

12      33.     In my experience, Ford's approach to litigation is to fight at every turn, make
13  unacceptably low offers that its attorneys know from their experience are not satisfactory, or make
14  no offers at all, until the trial date for the case is near.  Of course, this is not always the situation.
15  Based on a sample of the cases filed against Ford in 2016 and 2017, 74% of those cases settled
16  where trial was within six months or less, and 50% of those case settled within just one month of
17  trial.  The following chart shows the percentage of lawsuits that are settled when Ford finally
18  tenders an adequate offer when trial is imminent:

19

20

21

22

23

24

25

26

27

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES



34.     While there are a variety of vehicles forming the basis of breach of warranty claims against Ford, the prosecution of claims by my firm in representation of consumers against Ford in large part involves two particular vehicles with defects. The first is Ford's Super Duty trucks that were sold with a defective diesel engine. The second involves Ford Focus and Fiesta vehicles equipped with a malfunctioning "adaptive automatic transmission." As mentioned to some extent above, the firm's efforts have led to court orders compelling Ford to produce millions of internal documents relating to the defects in these vehicles, such as internal emails, presentations, studies, charts, tables, and graphs. I am not aware of any other firm that has successfully pursued such discovery. Such efforts have led to resounding settlements and victories in trial, though admittedly not every case has ended with a victory for the consumer. In June 2016, one of the firm's trial teams obtained a jury verdict in the amount of $1.68M against Ford on a vehicle that was purchased for just over $50,000.00 because it was proven by clear and convincing evidence that Ford engaged in fraudulent conduct with malicious, oppressive and/or fraudulent intent. The judgment was later reduced by the trial court to approximately $950,000.00, comprised of compensatory damages, civil penalties and punitive damages based on a multiple of ten times the compensatory damages, and prejudgment interest.

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

35.     In response to that verdict, Ford ramped up its defense even more.  Ford hired several new law firms to assist in its defense. Ford is now represented by the following eleven law firms in lemon law actions against my firm:

      1)  King & Spalding

      2)  ~~Greenburg Traurig~~

      3)  Gordon Rees Scully Mansukhani, LLP

      4)  Gates, O'Doherty, Gonter & Guy

      5)  Baker Hostetler LLP

      6)  Snell & Wilmer, LLP

      7)  Shook, Hardy & Bacon

      8)  The Erskine Law Group

      9)  LeClairRyan

      10) Sanders Roberts LLP

      11) Dykema Gossett

36.     Recently, one of Ford's attorneys, speaking on behalf of the entire army of lawyers, proclaimed that Ford was no longer willing to discuss settlement, did not want to engage in any further mediations and fully intends to bring every case to trial unless our clients accept Ford's existing offers.  A true and correct copy of that letter is attached hereto as **Exhibit E**.

37.     As a result of Ford's resolute defense, attorney fees are incurred during the prosecution of the lawsuit. As discussed above, I was historically able to resolve payment without the need for filing motions, though in a few, rare cases my firm did file a motion.  As stated by one of Ford's attorneys in a declaration in support of a federal court finding federal jurisdiction of a matter based on amount in controversy, "it is not uncommon, and in fact quite regular, for attorney's fee and cost awards (or resolutions through informal discussions with opposing counsel) to exceed $100,000.00."  A true and correct copy of the declaration of Spencer Hugret is attached hereto as **Exhibit F, p. 3, ¶ 4**.

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

**The Attorneys' Hourly Rates Are Reasonable Pursuant to the Lodestar Method**

**in Light of their Experience**

38.     I attended law school at Pepperdine University and I was a judicial extern for Judge Gregory W. Alarcon of the Los Angeles County Superior Court in 2002.

39.     I have been admitted to the State Bar of California since April 29, 2003. Since my admission to the State Bar of California, I have specialized in consumer law.

40.     I have extensive experience prosecuting and resolving consumer protection matters involving motor vehicle claims. For the past fifteen years, I have specialized in breach of warranty and fraud cases against automobile manufacturers and dealers.  I was among the attorneys who represented the plaintiff in *Joyce v. Ford Motor Co.* (2011) 198 Cal.App.4th 1478, a leading case which extended the protections of the Lemon Law to trucks based on actual weight, not maximum capacity.

41.     I originally worked for one of the largest consumer warranty law firms in the country, Consumer Legal Services. From April 2007 until April 2012, I was a founding partner in Romano, Stancroff & Mikhov PC.  I was the Managing Partner of the firm until it was dissolved. In April 2012, I founded O'Connor & Mikhov, LLP.  The firm was reformed in 2017 as Knight Law Group, LLP.  I am the Managing Partner of the firm.  My rate for this case was $500/hour. My billing entries are indicated by the initials "SBM" in the billing statement exhibited to this declaration.

42.     Amy Morse is a Partner and has been at my firm since her admission to the bar in 2013. Prior to her admission, she was a law clerk with my office since 2012. Ms. Morse graduated from Loyola Law School.  Ms. Morse's hourly rate is $350/hour.  Ms. Morse's billing entries are indicated by the initials "ALM" in the billing statement exhibited to this declaration.

43.     Chris Swanson graduated from UCLA School of Law in 2011 where he distinguished himself academically. Mr. Swanson has been an Associate at my firm since 2014. His prior professional experience includes individual and class action consumer protection law.  Mr. Swanson's billing rate at my firm is $350/hour.  Mr. Swanson's billing entries are

11

1  indicated by the initials "CS" in the billing statement exhibited to this declaration.

2      44.    Michael Ouziel was an Associate at my firm. Mr. Ouziel graduated from

3  Washington and Lee University School of Law and was admitted to practice in 2013. Mr. Ouziel

4  spent approximately his first two years of practice at a Los Angeles based boutique litigation firm

5  and subsequently joined O'Connor & Mikhov, LLP in 2015, where his practice focuses largely on

6  claims involving violations of the Song-Beverly Act. Mr. Ouziel's hourly billing rate was

7  $250/hour. Mr. Ouziel's billing entries are indicated by the initials "MO" in the billing statement

8  exhibited to this declaration.

9      45.    Kristina Stephenson-Cheang graduated from Western State University College of

10  Law and was admitted to practice in 2008. Ms. Stephenson-Cheang has been employed with the

11  firm since 2013. Prior to her employment at Knight Law Group, she worked for a different lemon

12  law firm gaining valuable experience in this area of law. Ms. Stephenson-Cheang's hourly rate in

13  this matter is $350/hour. Ms. Stephenson-Cheang's billing entries are indicated by the initials

14  "KSC" in the billing statement exhibited to this declaration.

15      46.    Deepak Devabose is an associate at my firm. Mr. Devabose was admitted to the

16  Bar in 2014 and has been working at the firm since 2016. He is a graduate from Pepperdine

17  University School of Law and received his undergraduate degree from Emory University. His

18  hourly rate is $250/hour. His billing entries are indicated by the initials "DD" in the billing

19  statement exhibited to this declaration.

20      47.    Kirk Donnelly is of counsel with my firm and has over 20 years of litigation

21  experience representing individual and corporate clients in hundreds of matters in state and federal

22  court, including some 40 class actions. He graduated cum laude from the University of San Diego,

23  School of Law where he was selected to the Order of the Coif and the Order of Barristers. He was

24  admitted to practice law in the State of California in 1995. Mr. Donnelly's hourly rate is

25  $375/hour. Mr. Donnelly's billing entries are indicated by the initials "JKD" in the billing

26  statement exhibited to this declaration.

27

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES,
COSTS AND EXPENSES

48.     Hadi Gerami is associated with Knight Law Group drafting motions for the Lemon Law practice. Hadi Gerami was admitted to the California Bar in 2002 and has gained experience in such specialties as insurance defense and corporate litigation since graduating from Southwestern University School of Law, where he served as a writer for its esteemed moot court honors program. He graduated summa cum laude from the University of Arizona. Mr. Gerami's regular hourly rate is $350/hour, and his billing entries are indicated by the initials "HG" in the billing statement exhibited to this declaration.

49.     As always, Knight Law attempts to keep attorney fees and costs down while providing vigorous and effective representation.

50.     All time billing entries were completed contemporaneously with each dated entry or near in time to the work performed. I have personally reviewed the billing entries to ensure that they appropriately reflect the time expended. I have removed or reduced any time I felt was excessive, duplicative, or otherwise unreasonable, or I have labeled the entry as a "no charge", as identified by the "N/C" in the invoice. My firm **does not bill clients** for secretarial support staff time.

### Evidence to Support the Reasonableness of Hourly Rates for Attorneys

51.     I am aware of the hourly rates of other attorneys in California who work in the area of lemon law and consumer law. I bill my time at an hourly rate of $500 per hour. An hourly rate of $500 per hour is reasonable, and consistent with other attorneys who litigate consumer matters and who have a comparable level of experience. A canvas of the community of attorneys who specialize in this area reveals the following hourly rates:

       a. Hallen Rosner of Rosner, Barry & Babbit, LLP, San Diego, CA has been practicing law since 1983 and specializes in consumer litigation with particular attention to auto financing issues. He charges $695 per hour. Survey as of 2017.

       b. Michael Lindsey was admitted to the bar in 1993 and has been handling consumer law cases for nearly 15 years in San Diego, California. Mr.

1    Lindsey's hourly rate is $625. Survey as of 2017. His previous rate of

2    $575/hour was recently confirmed as reasonable in *Goglin v. BMW of North*

3    *America* (2016) 4 Cal.App.5th 462, 473-74.

4    c. Brian Kemnitzer of Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP

5    in San Francisco has been handling consumer cases since 1983. Mr.

6    Kemnitzer charges $800 per hour. Survey as of 2016.

7    d. Robert Brennan of Brennan, Weiner and Associates in La Crescenta,

8    California charges $450 per hour. He has been in practice since 1987. The

9    hourly rate for his associates is $375 per hour. Survey as of 2010.

10   e. Martin Anderson of The Anderson Law Firm in Santa Ana, California has

11   practiced law since 1995 and charges $395 per hour. Mr. Anderson

12   specializes in Lemon Law matters. Survey as of 2007.

13   f. Nancy Barros of Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP in

14   San Francisco, California has been handling consumer cases since 1983.

15   Ms. Barros charges $625 per hour. Survey as of 2016.

16   g. Mark Romano of Romano, Stancroff in Los Angeles, California has been

17   practicing for 23 years, primarily in consumer litigation. His hourly rate is

18   $400 per hour. Survey as of 2010.

19   52.    On January 8, 2018, Judge Mark S. Borrell awarded 100% of the fees, costs and

20   expenses requested by motion in the total amount of $26,065.90 in the matter of *Allem v. FCA*

21   (Ventura County Superior Court, Case No. 56-2015-00468707). The court indicated it would not

22   consider rates of defense counsel and found that the hourly rates were reasonable for that venue

23   and that the time incurred were reasonable. The rates requested by motion included my rate of

24   $500 per hour, the rate of $400 per hour for Russell Higgins, $350 per hour for Lauren Ungs, $250

25   per hour for Amy Morse, each of whom were recently named Partners of the firm, as well as rates

26   of $325 per hour for Chris Swanson, $350 per hour for Kristina Stephenson-Cheang, and $200 per

27   hour for Deepak Devabose. (**Exhibit G**.)

14

53.     On December 11, 2017, Judge Melinda M. Reed awarded $151,780.00 in attorney's fees based on a request of $155,330.00 and $42,060.45 in costs and expenses after trial in the matter of *Dominic Teran vs. FCA US LLC* (Tulare County Superior Court, Case No. 265860), which resulted in a maximum possible statutory award of three times the price of the vehicle. The hourly rates awarded ranged from $500 per hour for senior-level attorneys, including me and trial counsel, Rich Wirtz; $325 to $400 per hour for attorneys Russel Higgins, Lauren Ungs and Chris Swanson, $200 to $250 for younger attorneys; and for attorneys from Wirtz Law $325 per hour for Amy Smith, $250 per hour for Jessica Underwood and Lauren Saab, and $175 per hour for paralegals.  The overall award amounts to $193,840.45 in the fees, costs and expenses, which represents 98% of the amount requested. (**Exhibit H.**)

54.     On November 21, 2017, Judge David R. Lampe presiding in Kern County over the trial in the matter of Marilyn *West v. Hyundai Motor America* (Kern County Superior Court, Case No. BCV-16-100792) awarded 100% of the fees requested based on the same hourly rates requested here for an attorney fee award $169,148.75, plus an additional $16,431.83 in costs and expenses. The plaintiff obtained a jury verdict for treble damages, e.g. maximum civil penalties Judge Lampe confirmed the rate of $650 per hour for trial attorney Bryan Altman, $500 per hour for myself and rates ranging from $350 to $400 per hour for Partners and mid-level Associates Russell Higgin, Kristina Stephenson-Cheang and Brian Murray, $450 per hour for Joel Elkins from the Altman Law Group, and $200 to $250 per hour for the lowest billing rate attorneys. The court awarded $350 per hour for our contract attorney/"of counsel", Diane Hernandez. (**Exhibit I.**)

55.     On November 20, 2017, Judge Colleen K. Sterne awarded all of the requested $54,400.17 in attorney's fees and costs and expenses in the matter of *Oksana Yudinova vs. Ford Motor Company* (Santa Barbara Superior Court, Case No. 16CV00034).  In doing so, the court awarded hourly rates ranging from $500 per hour for senior-level attorneys such as trial counsel, Richard Wirtz and myself, $325 to $400 per hour for mid-level Associates, $325 per hour for Associate Amy Smith from Wirtz Law, $200 to $250 for younger associates, and $175 per hour for paralegals.  In total, the fee award represents 100% of the lodestar fee request.  (**Exhibit J.**)

15

56.     On October 31, 2017, Judge Elizabeth R. Feffer granted attorney fees, costs and expenses in the amount of $43,527.50 in the matter of *Jesus Montes v. Ford Motor Company* (Los Angeles Superior Court, Case No. BC617619), which represented 100% of the fees and costs requested.  Judge Feffer granted rates from $750 per hour for trial counsel Moses Lebovits, my rate of $500 per hour, $400 per hour for Senior Associate Russell Higgins, $325 to $350 for Associates Chris Swanson, Kristina Stephenson-Cheang, $350 for Mr. Lebovits' associates, Ashley Arnett and Mary Fersch, $250.00 for then-associate, now-Partner Amy Morse. (**Exhibit K.**)

57.     On October 11, 2017, Judge Elizabeth R. Feffer awarded 98% of the attorney fees requested by motion in the matter of *Sergio Lopez v. Ford Motor Company* (Los Angeles County, Case No. 585892) in the amount of $108,750.00, with the one reduction stemming from my firm's own withdrawal of time that was unreasonable.  Judge Feffer reviewed the following hourly rates and determined them to be reasonable: $500 per hour for attorneys Steve Mikhov and Richard Wirtz, $400 per hour for attorney Russell Higgins, $300 - $350 per hour for attorneys Alistair Hamblin, Constance Morrison, Kristina Stephenson-Cheang, Amy Smith and Erin Barns, and $250 per hour for Amy Morse and Lauren Sabb. (**Exhibit L.**)

58.     On September 20, 2017, Judge Gail R. Feuer awarded $227,228.00 in attorney fees and $31,712.55 in costs and expenses in the matter of *Anita Longin vs. Ford Motor Company* (Los Angeles Superior Court, Case No. BC564186). Specifically, the Court deemed my hourly rate of $500 per hour reasonable along with trial attorney, Sepehr Daghigian's, hourly rate of $400 per hour as reasonable.  Judge Feuer determined that the hourly rates of attorneys ranging from $225 to $400 per hour were reasonable, such as Partners Lauren Ungs and Amy Morse (who were Associates at the time), and Associates Russell Higgins, Alastair Hamblin, Kristina Stephenson-Cheang, Daisy Ortiz, etc. Contract/"Of Counsel" attorney Constance Morrison was awarded her hourly rate of $350 for all time expended. The attorney fee award represents 98% recovery of the lodestar fees and costs requested by motion in the matter. (**Exhibit M.**)

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

59.     On September 15, 2017, Judge Kevin A. Enright awarded $199,248.08 in attorney's fees after trial in the matter of *Julie Harris vs. Hyundai Motor America* (San Diego Superior Court, Case No. 37-2015-00019958-CU-BC-CTL). Plaintiff obtained a maximum civil penalty jury verdict at trial.  The Court found the hourly rates of Plaintiff's attorneys reasonable, including trial counsel, Bryan Altman's, rate of $650 per hour and my hourly rate of $500 per hour.  The court found the hourly rates of $250 to $400 per hour for litigation attorneys, such as Russell Higgins, Lauren Ungs (trial counsel), Chris Swanson, Amy Morse and Michael Ouziel, were reasonable.  The court also found that Mr. Altman's associates, Joel Elkins and Jordan Cohen, billed reasonable hourly rates of $450 and $300, respectively. The attorney fee award represents 85% of the lodestar fees requested by motion in the matter. (**Exhibit N.**)

60.     On September 8, 2017, Judge Eddie C. Sturgeon awarded $226,845.00 in attorney's fees plus $46,021.71 in costs and expenses after trial in the matter of *John Aspinall vs. Kia Motors America* (San Diego Superior Court, Case No. 37-2015-00002577-CU-BC-CTL). The total award amounts to $272,866.71. Plaintiff obtained a maximum civil penalty jury verdict at trial.  Specifically, the Court deemed reasonable my hourly rate of $500 as well as trial attorneys, Michael Rosenstein and Richard Wirtz, rate of $500.  He found that the hourly rates of $350 per hour reasonable for Lauren Ungs and a range of $200 to $250 per hour for younger attorneys.  He also found that $375 and $350 per hour was reasonable for our contract attorneys, Kirk Donnelly and Constance Morrison.  The attorney fee awarded represent 80% of the lodestar fees requested by motion in the matter. (**Exhibit O.**)

61.     On August 9, 2017, Judge Sandra K. Bean awarded $94,112.50 in attorney's fees plus $11,484.05 in costs and expenses in the matter of *Tanya Bravo v. FCA US LLC* (Alameda Superior Court, Case No. RG15757477), which represented 100% of the amount requested by motion. The Court affirmed the hourly rates of attorneys, including the hourly rate of trial counsel of $650.00 for Bryan Altman, my hourly rate of $500, and associate rates ranging from $225 to $375 per hour.  In total, the fee award represented 100% of the lodestar fees requested. (**Exhibit P.**)

62. On August 9, 2017, Judge Craig L. Griffin awarded $59,515.00 in attorney's fees in the matter of *Jose Murillo v. FCA US LLC* (Orange County Superior Court, Case No. 30-2015-00771206-CU-BC-CJC). The Court affirmed the reasonableness of hourly rates requested by motion, specifically my rate of $500 per hour, and rates of $300 to $350 for attorneys such as Lauren Ungs, Chris Swanson, Kristina Stephenson-Cheang, Kevin Van Hout, $400 for Erin Barns from Wirtz Law, and $200 to $250 for young associates. Group's attorneys, finding them reasonable. In total, the fee award represented 97% of the lodestar fees requested, with the one reduction being time that we withdrew on our own. (**Exhibit Q.**)

63. On June 19, 2017, Judge Michael J. Raphael awarded $116,872.50 in attorney's fees after trial in the matter of *Bellamy v. Mercedes Benz USA LLC* (Los Angeles Superior Court, Case No. BC597233). Plaintiff obtained a maximum treble damages jury verdict. The Court affirmed the hourly rates of the attorneys, including Moses' Lebovits rate of $750 per hour, my rate of $500 per hour and mid-level and young associates ranging from $250 to $400 per hour, as well as Attorney Ashley Arnett at $350 per hour. The court made reductions to some time entries and the fee award represents 84% of the lodestar fees requested. (**Exhibit R.**)

64. On May 26, 2017, my firm sought $97,221.25 in fees and $4,282.35 in costs and expenses in the matter of *Pumphrey v. Ford Motor Company* (Riverside Superior Court, Case No RIC1400402). The Court ordered the parties to meet and confer and Ford accepted a 10% reduction of fees, and Judge Gloria C. Trask issued an order for a fee and cost award for a total of $92,000.00. (**Exhibit S.**)

65. On May 24, 2017, Judge Halm awarded $168,000.00 in attorney's fees and $27,257.19 in costs and expenses in a jury trial that resulted in a maximum civil penalty award for our client in the matter of *Gomez v. Kia Motors America, Inc.* (Los Angeles County Superior Court, Case No. BC 574493). The attorney fee award represents 81% of the lodestar fees requested by motion in the matter. The court reduced the number of hours for various billing entries. The court also reduced Attorneys Bryan Altman and Joel Elkins from $650 per hour and $450 per hour down to $550 per hour and $375 per hour, respectively. The court found my hourly rate of $500 to be reasonable as well as those of other attorneys in my office ranging from

18

$225 per hour for Daisy Ortiz to $350 per hour for Lauren Ungs and Kristina Stephenson-Cheang to $400 per hour for Russell Higgins. The court, on its own, raised the rate of trial attorney Roger Kirnos from the requested $375 per hour to $475 per hour. (**Exhibit T**.)

66.   On May 9, 2017, Judge Chapin in Kern County awarded a total of $296,055.00 in attorney's fees plus $25,651.18 in costs and expenses based on a jury verdict for maximum civil penalties in the matter of *Cofield v. Kia Motors America, Inc.* (Kern County Superior Court, Case No. S-1500-CV-283504). In so doing, Judge Chapin expressly ruled that the requested hourly rates were reasonable, including a rate of $650.00 per hour for attorney Bryan Altman, $500 per hour for trial attorney, Michael Rosenstein, $500 per hour for my rate, $375 per hour for trial attorney Roger Kirnos, and all other requested rates of $200, $225, $300, $325 and $350 per hour as reasonable for Kern County. (**Exhibit U**.)

67.   On March 24, 2017, my firm was awarded a total of $64,138.00 in fees, costs, and expenses where Plaintiff's lodestar fee request was $43,417.50 plus costs and expenses of $5,503.04. In making this ruling, Judge Thomas W. Wills granted a lodestar multiplier 1.5, in the matter of *Herrera v. Chrysler* (Monterey County Superior Court, Case No. M126216). The court reduced the two top billing attorneys' rates that were at $500 per hour down to $450 per hour and ruled that all other rates, including rates for Roger Kirnos at $375 per hour, the rate of $350 per hour for Lauren Ungs, Kristina Stephen-Cheang and contract attorney, Diane Hernandez, $400 per hour for Russell Higgins, and junior attorney rates for $225 to $250 per hour. Judge Wills found that the work performed and the time incurred for that work was reasonable and did not make any reductions. (**Exhibit V**.)

68.   On March 15, 2017, Judge Susan Bryant-Deason awarded $113,398.46 in fees, costs and expenses in the matter of *Andrino v. Kia* (Los Angeles County Superior Court, Case No. BC596210), which settled on the first day of trial. The court's award represents approximately 10% reduction of the fees requested by motion. (**Exhibit W**.)

69.   On March 17, 2017, in the matter of *Page v. Kia Motors America, Inc.* (San Diego Superior Court, Case No. 37-2014-00023991-CU-BC-CTL), Judge Eddie C. Sturgeon granted an award of attorney's fees, costs and expenses in the amount of $271,077.16 in a case in which our

19

1   clients prevailed at trial. Judge Sturgeon ruled that the hourly rates were reasonable, including

2   trial counsel's, Bryan Altman, rate of $650/hour and Roger Kirnos' rate of $375/hour. The court

3   found my rate of $500 to be reasonable as well as each of my associates and the associates of Mr.

4   Altman who top out at $450/hour for Joel Elkins. The court's order reflects a 15% across the

5   board reduction on the overall attorney's fees amount but expressly determined the hourly rates

6   were reasonable. (**Exhibit X.**)

7         70.   On February 28, 2017, Judge Ernest M. Hiroshige in Los Angeles County

8   Superior Court awarded 100% of the requested fees in the matter of *Dorfman v. BMW of North*

9   *America, LLC* (Los Angeles Superior Court, Case No. BC538183) for a total attorney fee award

10   (not including costs) of $47,732.50. Therefore, the court confirmed the reasonableness of the

11   time expended as well as the reasonableness of the hourly rates requested, which were $500 for

12   my rate and the rate of senior trial counsel, Rich Wirtz, $300 to $350 per hour for middle level

13   attorneys such as Lauren Ungs, Kristina Stephenson-Cheang, Kevin Van Hout, and contract

14   attorney/"of counsel" Constance Morrison, and $200 to $250 per hour for the younger associates,

     such as Daisy Ortiz, Amy Morse, Stephanie Marshall and Michael Ouziel. (**Exhibit Y.**)

15         71.   On December 5, 2016, Judge Colleen K. Sterne in Santa Barbara ruled that the

16   hourly rates and the amount of the work performed were both reasonable, and granted 150% of

17   the firm's lodestar fee request in the matter of *Holzer v Ford Motor Company* (Santa Barbara

18   County Superior Court, Case No. 15CV02771). The court granted a multiplier of 1.5, for a total

19   award of fees, costs and expenses in the amount of $143,301.69. The court found the hourly

20   rates of my firm ranging from $500 per hour for my rate to $250 per hour for the lowest billing

21   attorneys were reasonable. The court also found that trial counsel, Sepehr Daghighian's, hourly

22   rate of $400 per hour was reasonable. (**Exhibit Z.**)

23         72.   On November 2, 2016, Judge Barbara A. Meiers in Los Angeles County Superior

24   Court awarded 100% of the requested fees and costs in the matter of *Carter v. Chrysler Group*

25   *LLC* (Los Angeles Superior Court, Case No. BC495228) resulting a total award of fees, costs and

26   expenses in the amount of $41,466.22. The award reflects a finding that the hourly rate of $500

27

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

per hour is reasonable for myself and senior trial attorney, Michael Rosenstein, as well as $350

for attorneys Roger Kirnos, Lauren Ungs and Chris Swanson. (**Exhibit AA.**)

73.     On August 25, 2016, Judge White of the Los Angeles County Superior Court

expressly approved the hourly rates sought here, including partner Mark O'Connor's hourly rate

of $600 per hour and my rate of $500 per hour in the matter of *Mansur v. Chrysler Group, LLC*

(Los Angeles County Superior Court, Case No. BC539866). The court awarded a total of

$84,210.90 in fees, costs and expenses. (**Exhibit BB.**)

74.     On August 22, 2016, in the matter of *Kebodeaoux v. Mercedes-Benz* (Los Angeles

Superior Court, Case No. BC552037), Judge Marc R. Marmaro granted an award of attorney's

fees, costs and expenses in the amount of $203,247.39 in a case in which our clients prevailed at

trial with an award of civil penalties.  In so doing, the court took a 15% reduction on the overall

amount but expressly considered and granted hourly rates for trial counsel Mark O'Connor at

$600 per hour, my rate at $500 per hour, mid-level attorney rates of $300 to $350 per hour and

lower billing attorney rates of $225 to $250 per hour. (**Exhibit CC.**)

75.     Also on August 22, 2016, Judge John T. Doyle ruled that the hourly rates were

reasonable and likewise ruled the work performed in that case was also reasonable.  He also

awarded 100% of the requested lodestar fees and costs in the case entitled B*aca v. Chrysler

Group, LLC* (Los Angeles Superior Court, Case No. BC566511).  The court ruled that the time

entries were reasonable as well as the hourly rates were reasonable, including the rate of $500

per hour for myself and senior trial counsel, Michael Rosenstein, $300 to $350 per hour for

attorneys Lauren Ungs, Roger Kirnos, Chris Swanson, Kevin Van Hout and Constance Morrison,

and $200 to $250 per hour for attorneys Stephanie Marshall, Michael Ouziel, Daisy Ortiz and

Amy Morse. (**Exhibit DD.**)

76.     On August 2, 2016, Judge Teresa A. Beaudette awarded 100% of the requested

fees, costs and expenses in the matter of *Lepe v. Chrysler Group, LLC* (Los Angeles Superior

Court, Case No. BC556273) for the total of $74,712.10. Judge Beaudette determined the

requested hourly rates were reasonable and found that the work performed in the matter was

reasonable. The requested rates ranged from $650 per hour for trial counsel, Bryan Altman, to

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES,
COSTS AND EXPENSES

1    $500 per hour for my rate, to $450 per hour for senior attorney Joel Elkins to $200 to $350 per

2    hour for associates ranging from 1 year to 5 years of legal experience in California. (**Exhibit**

3    **EE.**)

4         77.    On June 6, 2016, Judge Johnson expressly confirmed the reasonableness of each

5    of the hourly rate and awarded 90% of the attorneys' lodestar fees in the amount of $50,541.00,

6    in addition to $2,634.80 in costs in the case of *Perez v. Chrysler Group LLC* (Los Angeles

7    Superior Court, Case No. BC528217.)  The court ruled that rates between $225 per hour to $500

8    per hour were reasonable. (**Exhibit FF.**)

9         78.    On December 21, 2015, Judge Melinda M. Reed issued a ruling directing the

10   parties to meet and confer to come to an agreement in the case of *Wing v. Ford Motor Company*

11   (Tulare County Superior Court, Case No. VCU253635).  The parties came to an agreement

12   whereby the award of attorney's fees and costs and expenses came to $115,405.60, which

13   represented 90% of the lodestar fees requested.  The award including my rate of $500 per our as

14   was trial counsel, Rich Wirtz.  Mid-level attorneys such as Lauren Ungs and Kristina

15   Stephenson-Cheang, Joshua Sams and Erin Barnes were granted rates of $350 to $400 per hour.
     (**Exhibit GG.**)

16        79.    On December 1, 2015, Judge Ernest H. Goldsmith awarded 100% of the

17   attorneys' lodestar fees and costs requested in the matter of *Yerbic v. Ford Motor Company* (San

18   Francisco County Superior Court, Case No. CGC-13-533092) in the amount of $73,995.00,

19   thereby confirming the reasonableness of the hourly rates requested and the reasonableness of

20   the time incurred.  The court granted my rate of $500 per hour and my associates' rates ranging

21   from $225 to $350 per hour.  The court also granted trial attorneys, Michael Rosenstein and

22   Roger Kirnos, their rates of $450 and $300 per hour, respectively.  (**Exhibit HH.**)

23        80.    On November 4, 2015, Judge Geoffrey M. Howard granted fees, costs and

24   expenses in the case of *Kran v. Ford Motor Company* (Marin County Superior Court, Case No.

25   CIV1302144) awarding $73,918.63 in lodestar fees, after an hourly rate reduction of 15%, plus a

26   1.5 multiplier in the amount of $36,959.31, for a total award including costs of $122.947.34.

27   (**Exhibit II.**)

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES,
COSTS AND EXPENSES

81.     On October 27, 2015, Judge Geoffrey M. Howard awarded attorney's fees and costs in the matter of *Wiessler v. Ford Motor Company* (Marin County Superior Court, Case No. CIV1303232) in the amount of $144,137.77.  The court determined that counsel's rates of $225 to $500 per hour were higher than rates charged by attorneys in the particular community of Marin County and reduced the rates by 15%, but granted a lodestar multiplier of 1.5.  (**Exhibit JJ.**)

82.     On September 9, 2015, Judge Gregory W. Alarcon awarded 100% of the attorney's fees and costs and expenses actually incurred in the case of *Helm v. Chrysler* (Los Angeles County Superior Court, Case No. BC519503) in the amount of $66,172.80, thereby confirming the reasonableness of the hourly rates requested and the reasonableness of the time incurred. (**Exhibit KK.**)

83.     On April 20, 2015, Judge Michael Linfield awarded $79,081.14 in fees and costs and expenses in the matter of *Shychko v. Mercedes-Benz USA* in Los Angeles Superior Court, Case No. BC533642.  Judge Linfield reduced the fee amount by 21% but granted a lodestar multiplier of 1.5.  (**Exhibit LL.**)

84.     On January 12, 2015, Judge Thompson awarded of $126,129.08 in fees and costs and expenses in the matter of *Thiessen v. Ford Motor Company* in Colusa County Superior Court, Case No. CV23968.  Judge Thompson reduced the hourly rates in light of the rural venue (there is one courtroom for the entire county) but added a multiplier of 1.25 that resulted in an award comprising almost every dollar of the $129,765.90 in fees and costs actually incurred in the case.  (**Exhibit MM.**)

85.     On January 5, 2015, Judge Melinda M. Reed in Tulare County confirmed the reasonableness of each our attorneys' 2014 hourly rates, including my rate of $400 rate and co-counsel Michael Rosenstein's $450 rate. The Court awarded 90.4% of the fees requested in the matter of *Valencia v. Ford Motor Company,* Tulare County, Case No. 252468.  Attached is the court's order by which Judge Reed confirmed the hourly rates.  (**Exhibit NN.**)

86.     On October 8, 2014, Judge Green in Los Angeles County Superior Court, Case No. BC48466, confirmed each one of the hourly rates for each of the attorneys in the case of

23

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

*Sanders v. Ford Motor Company*.  The hourly rates ranged from $175 per hour for Ms. Ortiz to $450 per hour for co-counsel Michael Rosenstein.  **(Exhibit OO.)**

87.    On October 31, 2013, Mr. O'Connor obtained an order from Judge Abraham Khan in the amount of $136,701.17 in the matter of *Chiavassa v Ford Motor Company*, Los Angeles Superior Court, awarding him his hourly rate of $500 per hour. **(Exhibit PP.)**

88.    On September 17, 2013, Judge Hiroshige awarded me fees that I requested at the rate of $350 per hour in *Snell v. Ford Motor Company*, Los Angeles Superior Court, Case No. BC 471985.  Judge Hiroshige also granted a lodestar multiplier of 1.5. **(Exhibit QQ.)**

89.    On July 24, 2013, Judge Stern awarded fees at my rate of $350 per hour in *Meuchel v. Ford Motor Company*, Los Angeles Superior Court, Case No. BC 481727. **(Exhibit RR.)**

90.    On January 6, 2011, Judge Chapin awarded me all the fees I requested at $300 per hour in *Watson v. Mercedes-Benz USA, LLC*, Kern County Superior Court Case No. S-1500-CV-268423. **(Exhibit SS.)**

91.    On May 4, 2010, our firm obtained an order from Judge Gail Brewster Bereola, in the matter of *Walker v Mercedes Benz USA*, Alameda Superior Court, Case No. RG08402907. Judge Brewster found that an hourly rate of $400 for Mr. O'Connor was reasonable and appropriate. **(Exhibit TT.)**

92.    On April 23, 2010, the Judge Mandabach presiding over the matter of *Gonzalez v. Chrysler*, San Bernardino Superior Court Case No. CIVSS803240 granted Mark O'Connor, the firm's former partner, a lodestar rate of $400 per hour as reasonable and appropriate.  **(Exhibit UU.)**

93.    On February 19, 2010, Judge Fell awarded me all the fees I requested at $300 per hour in *Micu v. Chrysler Motor Co.*, Orange County Superior Court Case No. 30-2008-00114410.  **(Exhibit VV.)**

94.    On March 5, 2009, Judge Treu awarded me all the fees I requested at $300 per hour, plus a 1.33 multiplier in *Jeske v. Chrysler Motor Co.*, Los Angeles Superior Court Case No. BC394377.  **(Exhibit WW.)**

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

95.     On August 20, 2008, I was awarded attorney fees based on an hourly rate of $300 per hour after a 1.5 multiplier in *Kang v. American Honda Motor Co*., Los Angeles County Superior Court Case No. BC379949. Although the court in Kang reduced the requested hourly rate, it did award a 1.5 multiplier because Kang, like this case, was taken on a contingent-fee basis. (**Exhibit XX.**)

96.     In *Root v. Mercedes-Benz USA, LLC*, Orange County Superior Court, Case No. 06CC07044, Ret. Judge Schneider awarded an hourly rate of $295 per hour including a multiplier of 1.075 on January 14, 2008. (**Exhibit YY**.)

97.     I request a multiplier of 0.5 based on my contingent fee, the risk and delay in payment associated with a contingent fee scenario, and the result achieved. Such a multiplier is reasonable and towards the low end under the established law. (*Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 255.) Plaintiff's attorneys are paid only if Plaintiff prevails, unlike Defendant's attorneys who get paid monthly regardless of the outcome. Moreover, Defendant's attorneys typically have a continuing and ongoing relationship, whereas this firm will most likely not have the opportunity to represent Plaintiff again.

98.     It is not uncommon for attorney's fees and costs to exceed the client's damages. The Legislature acknowledged such a circumstance, which is the reason behind the fee shifting provision of the Song-Beverly Act. Otherwise, consumers would be left without opportunity for redress when their damages were not enough for an attorney to take the case on a contingent fee or hourly rate basis. Such a result occurs in large part because of dealerships' or vehicle manufacturers' refusal to adhere to statutory laws protecting consumers, resistance to honoring consumers' complaints, and generally playing games or simply abusing discovery procedures. For example, Ford could have avoided paying any attorney fees whatsoever had it admitted to its wrongdoing early on. Instead, Ford engaged in expensive litigation, and drove up fees and costs by, among other things, engaging in extensive discovery, stone-walling Plaintiff's discovery efforts and holding out for nearly thirteen months of litigation before finally making a reasonable settlement offer.

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

99.     Lemon law cases are not simple actions. They require a specialized understanding of the full scope of consumer protection laws, which are highly nuanced. The cases also require knowledge of intricacies of automobiles and a lexicon associated with them, as well as a knowledge concerning how to investigate these matters. They also require knowledge of auto manufacturers' and dealers' protocols for repairing vehicles.

100.     Generally speaking, clients of the firm are benefitted by the experience of this firm insofar as work-product from other cases can be used in this case as well. Hence, a substantial amount of time was saved by not needing to draft each document from scratch and little time was needed to "get up to speed" in this specialized area of law. In effect, Ford also benefitted when it comes to a determination of reasonable attorney's fees to be paid because there are numerous cost-saving techniques employed by the firm.

101.     Ford itself made this matter more complex by maintaining it had no liability and declining to submit reasonable offers to settle the matter early in the litigation.

102.     As shown by the number of cases discussed herein and the positive results achieved on behalf of each client, the hourly rate is reasonable and the number of hours expended are reasonable. The fees incurred in this litigation are the direct result of Ford's own dismissive approach to handling lemon law matters.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 10th day of April 2018, at Los Angeles, California.

STEVE MIKHOV
Declarant

26
DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

# EXHIBIT A

**Venegas v. FMC**                **Knight Law Group, LLP**        Case No: 37-2016-00041104-CU-BC-CTL
                                              **Invoice**

| Date | Attorney | Rate | Task | Time | FEE |
|------|----------|------|------|------|-----|
| | SBM | $500.00 | Initial communication with client | 0.4 | $200.00 |
| | SBM | $500.00 | Evaluation of client's claims; Analyze vehicle documentation | 0.8 | $400.00 |
| | SBM | $500.00 | Communication with Client | 0.5 | $250.00 |
| 11/21/2016 | ALM | $350.00 | Communication with Client | 0.5 | $175.00 |
| 11/21/2016 | ALM | $350.00 | Draft Complaint | 1.0 | $350.00 |
| 11/21/2016 | SBM | $500.00 | Review and sign Complaint | 0.1 | $50.00 |
| 12/27/2016 | ALM | $350.00 | Review Def's Demurrer to Complaint and Proudfoot Declaration in Support of Demurrer to Complaint | 0.3 | $105.00 |
| 1/10/2017 | ALM | $350.00 | Review file for the purpose of drafting Discovery requests to defendant | 0.4 | $140.00 |
| 1/11/2017 | ALM | $350.00 | Draft Form ROGs to Deft | 0.2 | $70.00 |
| 1/11/2017 | ALM | $350.00 | Draft Special ROGs to Deft and declaration | 1.4 | $490.00 |
| 1/11/2017 | ALM | $350.00 | Draft RFAs to Deft and declaration | 0.7 | $245.00 |
| 1/11/2017 | ALM | $350.00 | Draft RFPs to Deft | 1.5 | $525.00 |
| 1/11/2017 | ALM | $350.00 | Review and revise letter to Defense enclosing Ptf's discovery requests | 0.1 | $35.00 |
| 1/13/2017 | ALM | $350.00 | Communication with Client | 0.2 | $70.00 |
| 3/10/2017 | ALM | $350.00 | Review Deft's Demurer to Complaint in anticipation of drafting Opp | 0.4 | $140.00 |
| 3/10/2017 | ALM | $350.00 | Review Deft's Declaration of Douglas A. Proudfoot re meet and confer in anticipation of drafting Opp | 0.1 | $35.00 |
| 3/17/2017 | ALM | $350.00 | Draft Opposition to Deft's Demurrer to Complaint | 1.3 | $455.00 |
| 3/23/2017 | SBM | $500.00 | Review Def's Reply to Opposition to Demurrer to Complaint | 0.4 | $200.00 |
| 3/27/2017 | SBM | $500.00 | Review Def's responses to Form ROGs, Special ROGs, RFAs and RFPs | 0.8 | $400.00 |
| 3/29/2017 | SBM | $500.00 | Review tentative re Demurrer to Complaint | 0.2 | $100.00 |
| 3/30/2017 | ALM | $350.00 | Prepare for and attend Demurrer to Complaint (travel included); draft results | 2.8 | $980.00 |
| 4/3/2017 | SBM | $500.00 | Review Demurrer to Complaint results; Communication with Client | 0.3 | $150.00 |
| 4/3/2017 | CS | $350.00 | Draft Notice of Ruling on Def's Demurrer to Complaint | 0.1 | $35.00 |
| 4/19/2017 | SBM | $500.00 | Review Def's Answer to Complaint | 0.3 | $150.00 |
| 4/19/2017 | SBM | $500.00 | Review Def's Demand for Jury Trial | 0.1 | $50.00 |
| 4/24/2017 | MO | $250.00 | Review response to Plf's Form ROGs to draft meet and confer letter | 0.5 | $125.00 |
| 4/24/2017 | MO | $250.00 | Review response to Ptf's Special ROGs to draft meet and confer letter | 0.9 | $225.00 |

**Venegas v. FMC**

**Knight Law Group, LLP**
**Invoice**

**Case No: 37-2016-00041104-CU-BC-CTL**

| Date | Atty | Rate | Description | Hours | Amount |
|---|---|---|---|---|---|
| 4/25/2017 | MO | $250.00 | Review response to Ptf's RFAs to draft meet and confer letter | 0.4 | $100.00 |
| 4/25/2017 | MO | $250.00 | Review response to Ptf's RFPs to draft meet and confer letter | 1.2 | $300.00 |
| 4/25/2017 | MO | $250.00 | Review Def's document production to draft meet and confer letter | 0.5 | $125.00 |
| 4/27/2017 | KSC | $350.00 | Review and revise letter to Defense re Initial CMC | 0.2 | $70.00 |
| 4/28/2017 | MO | $250.00 | Draft letter to Defense to meet and confer re FMC's discovery responses; conduct legal research | 1.0 | $250.00 |
| 5/3/2017 | KSC | $350.00 | Review and sign Case Management Statement; review file | 0.6 | $210.00 |
| 5/18/2017 | SBM | $500.00 | Review letter from Defense in response to 4/28/17 letter re Def's discovery responses | 0.2 | $100.00 |
| 5/18/2017 | SBM | $500.00 | Review Def's Stipulated Protective Order | 0.1 | $50.00 |
| 5/22/2017 | MO | $250.00 | Draft letter to Defense in response to 5/18/17 letter re Def's responses to Ptf's discovery requests | 0.4 | $100.00 |
| 5/22/2017 | SBM | $500.00 | Review Def's Case Management Statement | 0.2 | N/C |
| 5/25/2017 | SBM | $500.00 | Review Def's NOD of Christian B. Venegas | 0.1 | $50.00 |
| 5/25/2017 | SBM | $500.00 | Review Def's Demand for Vehicle Inspection | 0.1 | $50.00 |
| 5/25/2017 | SBM | $500.00 | Review Def's discovery requests to plaintiff | 0.4 | $200.00 |
| 6/1/2017 | KSC | $350.00 | Draft Notice of Posting Jury Fees | 0.1 | $35.00 |
| 6/2/2017 | JKD | $375.00 | Prepare for and attend CMC; draft results | 2.8 | $1,050.00 |
| 6/5/2017 | SBM | $500.00 | Review CMC results; Communication with Client | 0.4 | $200.00 |
| 6/6/2017 | ALM | $350.00 | Communication with Client | 0.2 | $70.00 |
| 6/6/2017 | SBM | $500.00 | Review Court Notice of TRC and Trial | 0.1 | N/C |
| 6/20/2017 | MO | $250.00 | Draft letter to Defense following up on 5/22/17 letter re Def's discovery responses | 0.1 | $25.00 |
| 6/22/2017 | MO | $250.00 | Draft letter to Defense following up on correspondences re deft's discovery responses | 0.1 | $25.00 |
| 6/23/2017 | ALM | $350.00 | Review letter from Defense in response to 5/22/17 letter re Plf's discovery responses | 0.1 | $35.00 |
| 6/30/2017 | KSC | $350.00 | Communication with Client | 0.2 | $70.00 |
| 7/6/2017 | KSC | $350.00 | Review Def's Form ROGs in preparation of drafting responses | 0.3 | $105.00 |

**Venegas v. FMC**　　　　　　**Knight Law Group, LLP**　　**Case No: 37-2016-00041104-CU-BC-CTL**
　　　　　　　　　　　　　　　　　　Invoice

| Date | Atty | Rate | Description | Hours | Amount |
|---|---|---|---|---|---|
| 7/6/2017 | KSC | $350.00 | Review Def's Special ROGs in preparation of drafting responses | 0.2 | $70.00 |
| 7/6/2017 | KSC | $350.00 | Review Def's RFAs in preparation of drafting responses | 0.1 | $35.00 |
| 7/6/2017 | KSC | $350.00 | Review Def's RFPs in preparation of drafting responses | 0.1 | $35.00 |
| 7/6/2017 | KSC | $350.00 | Prepare discovery requests to send to client in preparation of drafting discovery responses; Communication with Client | 0.4 | $140.00 |
| 7/12/2017 | KSC | $350.00 | Communication with Client | 0.1 | $35.00 |
| 7/17/2017 | ALM | $350.00 | Review Deft's Demand for Vehicle Inspection; draft objections | 0.2 | $70.00 |
| 7/18/2017 | ALM | $350.00 | Communication with Client | 0.1 | $35.00 |
| 9/5/2017 | ALM | $350.00 | Review and analyze Def's 998 Offer to Compromise | 0.2 | $70.00 |
| 9/6/2017 | ALM | $350.00 | Communication with Client | 0.4 | $140.00 |
| 9/18/2017 | SBM | $500.00 | Review letter from Defense re failure to respond to Def's discovery requests | 0.1 | $50.00 |
| 9/21/2017 | SBM | $500.00 | Review Def's Substitution of Attorney | 0.1 | N/C |
| 10/2/2017 | ALM | $350.00 | Communication with Client | 0.1 | $35.00 |
| 10/2/2017 | ALM | $350.00 | Draft NOD of PMK and cover letter | 0.2 | $70.00 |
| 10/2/2017 | ALM | $350.00 | Review file for the purpose of drafting NODs of dealer personnel | 0.3 | $105.00 |
| 10/2/2017 | ALM | $350.00 | Draft NOD and Depo Subp of Ford of Montebello's personnel (4 NODs) | 0.3 | $105.00 |
| 10/3/2017 | ALM | $350.00 | Communication with Client | 0.2 | $70.00 |
| 10/3/2017 | SBM | $500.00 | Review Def's Notice of Submission of Petition for Coordination of Second Add-On cases | 0.1 | $50.00 |
| 10/6/2017 | SBM | $500.00 | Review Def's Motion for Summary Adjudication and supporting docs | 0.4 | $200.00 |
| 10/16/2017 | SBM | $500.00 | Review Def's Objections to NOD of PMK | 0.3 | $150.00 |
| 10/19/2017 | SBM | $500.00 | Communication with Michael Rosenstein re: association of case | 0.2 | $100.00 |
| 10/25/2017 | SBM | $500.00 | Review Def's Special ROGs, RFAs and RFPs | 0.3 | $150.00 |
| 10/27/2017 | SBM | $500.00 | Review and sign Notice of Association of Counsel | 0.1 | N/C |
| 10/30/2017 | ALM | $350.00 | Draft Amended NOD of PMK | 0.1 | $35.00 |
| 11/2/2017 | ALM | $350.00 | Draft Amended NOD of Ford of Montebello's personell (3 Amended NODs) | 0.2 | $70.00 |
| 11/7/2017 | ALM | $350.00 | Review Def's Amended NOD of Christian Venegas | 0.1 | $35.00 |
| 11/8/2017 | KSC | $350.00 | Review Deft's Special ROGs, Set Two in preparation of drafting responses | 0.3 | $105.00 |

3

Venegas v. FMC

**Knight Law Group, LLP**
Invoice

Case No: 37-2016-00041104-CU-BC-CTL

| Date | Atty | Rate | Description | Hours | Amount |
|---|---|---|---|---|---|
| 11/8/2017 | KSC | $350.00 | Review Deft's RFAs, Set Two in preparation of drafting responses | 0.2 | $70.00 |
| 11/8/2017 | KSC | $350.00 | Review Deft's RFPs, Set Two in preparation of drafting responses | 0.3 | $105.00 |
| 11/8/2017 | KSC | $350.00 | Prepare discovery requests to send to client in preparation of drafting discovery responses; Communication with client | 0.4 | $140.00 |
| 11/9/2017 | DK | $225.00 | Communication with client and Kirk D. | 0.5 | N/C |
| 11/9/2017 | JKD | $375.00 | Communication with client and Daniel K. | 0.5 | $187.50 |
| 11/10/2017 | JKD | $375.00 | Prepare for and attend deposition of Christian Venegas; draft memorandum | 7.2 | $2,700.00 |
| 11/13/2017 | SBM | $500.00 | Review Def's Response to Plf's Amended NOD of PMK | 0.2 | $100.00 |
| 11/13/2017 | SBM | $500.00 | Review memorandum of C. Venegas depo | 0.4 | $200.00 |
| 11/14/2017 | ALM | $350.00 | Communication with Client | 0.1 | $35.00 |
| 11/14/2017 | ALM | $350.00 | Draft Second Amended NOD of PMK | 0.1 | $35.00 |
| 11/15/2017 | DD | $250.00 | Prepare for and attend deposition of Jacob Doss; draft summary | 3.5 | $875.00 |
| 11/15/2017 | SBM | $500.00 | Review Def's Demand for Expert Exchange | 0.1 | $50.00 |
| 11/16/2017 | SBM | $500.00 | Review Depo summary of Jacob Doss | 0.3 | $150.00 |
| 11/16/2017 | CS | $350.00 | Review file in preparation of drafting Ex Parte re Amending Complaint | 0.3 | $105.00 |
| 11/17/2017 | CS | $350.00 | Draft Ex Parte Application for Leave to File Amended Complaint | 0.8 | $280.00 |
| 11/17/2017 | CS | $350.00 | Draft Declaration in Support of Ex Parte Application for Leave to File Amended Complaint | 0.4 | $140.00 |
| 11/17/2017 | CS | $350.00 | Draft [Proposed] Order Granting Ptf's Ex Parte Application for Leave to File Amended Complaint | 0.3 | $105.00 |
| 11/17/2017 | CS | $350.00 | Review file in anticipation of drafting Plf's Motion for Leave to Amend Complaint | 0.5 | $175.00 |
| 11/17/2017 | CS | $350.00 | Draft Motion for Leave to File Amended Complaint | 0.6 | $210.00 |
| 11/17/2017 | CS | $350.00 | Draft Declaration in Support of Motion for Leave to File Amended Complaint | 0.3 | $105.00 |
| 11/17/2017 | CS | $350.00 | Draft [Proposed] Order Granting Motion for Leave to File Amended Complaint | 0.1 | $35.00 |
| 11/17/2017 | ALM | $350.00 | Communication with Barbara Luna | 0.2 | $70.00 |
| 11/17/2017 | ALM | $350.00 | Communication with Darrell Blasjo | 0.2 | $70.00 |

Venegas v. FMC                          Knight Law Group, LLP        Case No: 37-2016-00041104-CU-BC-CTL
                                             Invoice

| Date | | Rate | Description | Hours | Amount |
|------|------|------|-------------|-------|--------|
| 11/20/2017 | KSC | $350.00 | Review responses and documents provided by Client in preparation of drafting responses; Communication with Client | 0.8 | $280.00 |
| 11/20/2017 | ALM | $350.00 | Review Deft's Ex Parte for an Order Staying petition for coordination; and declaration of Ivana Dukanovic in anticipation of drafting Opp | 0.7 | $245.00 |
| 11/20/2017 | ALM | $350.00 | Draft Opposition to Def's Ex Parte Application to Stay all Proceedings and Deadlines | 0.9 | $315.00 |
| 11/20/2017 | ALM | $350.00 | Draft Declaration in Support of Opposition to Def's Ex Parte Application to Stay all Proceedings and Deadlines | 0.3 | $105.00 |
| 11/20/2017 | ALM | $350.00 | Draft Designation of Barbara Luna and Declaration | 0.2 | $70.00 |
| 11/20/2017 | ALM | $350.00 | Draft Designation of Darrell Blasjo and Declaration | 0.2 | $70.00 |
| 11/22/2017 | SBM | $500.00 | Review Ex Parte to Exclude Plf's Expert Witnesses results | 0.1 | $50.00 |
| 11/22/2017 | KSC | $350.00 | Draft Ptf's response to Form ROGs, Set One | 0.6 | $210.00 |
| 11/22/2017 | KSC | $350.00 | Draft Ptf's response to Special ROGs, Set One | 0.9 | $315.00 |
| 11/22/2017 | KSC | $350.00 | Draft Ptf's response to RFAs, Set One | 0.5 | $175.00 |
| 11/22/2017 | KSC | $350.00 | Draft Ptf's response to RFPs, Set One | 0.8 | $280.00 |
| 11/22/2017 | KSC | $350.00 | Prepare Ptf's document production | 0.1 | $35.00 |
| 11/22/2017 | KSC | $350.00 | Review and revise letter to Defense enclosing Ptf's discovery responses, Set One | 0.1 | $35.00 |
| 11/22/2017 | SBM | $500.00 | Review Ex Parte re stay of petition for coordination and First Amended Complaint hearing results | 0.2 | $100.00 |
| 11/27/2017 | KSC | $350.00 | Review responses and documents provided by client in preparation of drafting responses; Communication with Client | 0.8 | $280.00 |
| 11/27/2017 | KSC | $350.00 | Draft Ptf's response to Special ROGs, Set Two | 2.4 | $840.00 |
| 11/27/2017 | KSC | $350.00 | Draft Ptf's response to RFAs, Set Two | 0.8 | $280.00 |
| 11/27/2017 | KSC | $350.00 | Draft Ptf's response to RFPs, Set Two | 1.0 | $350.00 |
| 11/27/2017 | KSC | $350.00 | Review and revise letter to Defense enclosing Ptf's discovery responses, Set Two | 0.1 | $35.00 |
| 11/27/2017 | ALM | $350.00 | Draft Notice of Ruling on Ptf's Ex Parte Application for Leave to File Amended Complaint | 0.1 | $35.00 |

Venegas v. FMC

**Knight Law Group, LLP**
Invoice

Case No: 37-2016-00041104-CU-BC-CTL

| Date | Initials | Rate | Description | Hours | Amount |
|---|---|---|---|---|---|
| 11/27/2017 | ALM | $350.00 | Draft Notice of Ruling on Def's Ex Parte Application for an Order Staying all Proceeding | 0.1 | $35.00 |
| 11/28/2017 | CS | $350.00 | Draft letter to Defense requesting withdrawal of Motion for Summary Adjudication | 0.1 | $35.00 |
| 11/28/2017 | ALM | $350.00 | Review deposition transcript of James Ryan | 0.9 | $315.00 |
| 11/28/2017 | ALM | $350.00 | Review deposition transcript of Luis Solorzano | 0.7 | $245.00 |
| 11/29/2017 | ALM | $350.00 | Draft letter to Defense enclosing witness fee checks | 0.1 | $35.00 |
| 11/30/2017 | CS | $350.00 | Review Deft's Motion for Summary Adjudication in anticipation of drafting Opp | 0.1 | $35.00 |
| 11/30/2017 | CS | $350.00 | Review Deft's Declaration of Merk in Support of MSA in anticipation of drafting Opp | 0.1 | $35.00 |
| 11/30/2017 | CS | $350.00 | Review Deft's Index of Evidentiary Evidence in support of MSA in anticipation of drafting Opp | 0.1 | $35.00 |
| 11/30/2017 | CS | $350.00 | Review Deft's Separate Statement in Support of MSA in anticipation of drafting Opp | 0.3 | $105.00 |
| 11/30/2017 | CS | $350.00 | Review Deft's Memorandum of P & A in support of MSA in anticipation of drafting Opp | 0.9 | $315.00 |
| 12/1/2017 | CS | $350.00 | Draft Opposition to Deft's MSA | 1.4 | $490.00 |
| 12/1/2017 | CS | $350.00 | Draft Separate Statement in Opposition to Deft's MSA | 0.6 | $210.00 |
| 12/1/2017 | CS | $350.00 | Draft Declaration in Support of Opposition to Deft's MSA | 0.2 | $70.00 |
| 12/1/2017 | CS | $350.00 | Draft Objections to Evidence in Support of Deft's MSA | 0.3 | $105.00 |
| 12/1/2017 | CS | $350.00 | Draft Appendix of Documentary Evidence in Opposition to Deft's MSA | 0.1 | $35.00 |
| 12/4/2017 | SBM | $500.00 | Review Def's Designation of Experts | 0.1 | $50.00 |
| 12/4/2017 | SBM | $500.00 | Review and analyze Def's 998 Offer to Compromise | 0.2 | $100.00 |
| 12/5/2017 | SBM | $500.00 | Communication with Client | 0.3 | $150.00 |
| 12/8/2017 | SBM | $500.00 | Review Def's Depo Subp of Itzel Diaz | 0.1 | $50.00 |
| 12/8/2017 | DD | $250.00 | Review Deft's Reply in Support of MSA | 0.4 | $100.00 |
| 12/8/2017 | DD | $250.00 | Review Declaration of Katherine Merk in Support of Def's Reply in Support of MSA | 0.1 | $25.00 |
| 12/13/2017 | ALM | $350.00 | Review deposition transcript of PMK Jacob Doss; draft summary | 0.9 | $315.00 |

**Venegas v. FMC**                          **Knight Law Group, LLP**       **Case No: 37-2016-00041104-CU-BC-CTL**
                                                    **Invoice**

| Date | Atty | Rate | Description | Hours | Amount |
|---|---|---|---|---|---|
| 12/15/2017 | ALM | $350.00 | Review depo transcript summary of J. Doss | 0.3 | $105.00 |
| 12/15/2017 | DD | $250.00 | Prepare for and attend MSA hearing (travel included); draft results | 9.0 | $2,250.00 |
| 12/18/2017 | SBM | $500.00 | Review MSA hearing results | 0.2 | $100.00 |
| 12/19/2017 | SBM | $500.00 | Review Def's Answer to FAC | 0.2 | $100.00 |
| 1/3/2018 | DK | $225.00 | Communication with Client | 0.2 | N/C |
| 1/4/2018 | DK | $225.00 | Review and analyze Def's 998 Offer to Compromise; draft objections | 0.2 | N/C |
| 1/5/2018 | ALM | $350.00 | Review Def's objections to Plf's Notice to Produce Financial Information Showing Viability to Pay Punitive Damages; Notice to PMK and Personnel to Appear at Trial | 0.2 | $70.00 |
| 1/9/2018 | DK | $225.00 | Draft letter to Defense proposing private mediation | 0.1 | N/C |
| 1/9/2018 | ALM | $350.00 | Review deposition transcript of Itzel Diaz; draft summary | 1.4 | $490.00 |
| 1/10/2018 | ALM | $350.00 | Review deposition transcript of Christian B. Venegas; draft summary | 1.8 | $630.00 |
| 1/10/2018 | SBM | $500.00 | Review and analyze Def's Renewed 998 Offer to Compromise | 0.2 | $100.00 |
| 1/11/2018 | SBM | $500.00 | Review Def's Trial Brief | 0.1 | $50.00 |
| 1/11/2018 | SBM | $500.00 | Communication with Client | 0.3 | $150.00 |
| 1/12/2018 | SBM | $500.00 | Review Def's Trial Brief to Include Offers to Repurchase Vehicle | 0.1 | $50.00 |
| 1/12/2018 | SBM | $500.00 | Review Def's MIL No. 1-22 | 0.1 | $50.00 |
| 1/12/2018 | ALM | $350.00 | Communication with Client | 0.2 | $70.00 |
| 1/15/2018 | SBM | $500.00 | Review depo transcript summaries of Christian Venegas and Itzel Diaz | 0.4 | $200.00 |
| 1/15/2018 | ALM | $350.00 | Draft Notice of Settlement of Entire Case | 0.1 | $35.00 |
| 1/15/2018 | ALM | $350.00 | Review and sign Executed Renewed 998 Offer to Compromise | 0.1 | $35.00 |
| 1/16/2018 | ALM | $350.00 | Communication with Client | 0.2 | $70.00 |
| 1/23/2018 | SBM | $500.00 | Review Court Notice of Dismissal | 0.1 | N/C |
| 1/25/2018 | ALM | $350.00 | Communication with Client | 0.2 | $70.00 |
| 3/5/2018 | SBM | $500.00 | Review Court Notice of Dismissal | 0.1 | N/C |
| 3/6/2018 | ALM | $350.00 | Communication with Client | 0.2 | N/C |
| 3/13/2018 | SBM | $500.00 | Review and audit billing | 0.5 | $250.00 |
| 3/28/2018 | HG | $350.00 | Review file in preparation of drafting Motion for Attorney's Fees, Costs and Expenses | 0.7 | $245.00 |
| 3/28/2018 | HG | $350.00 | Begin drafting Motion for Attorney's Fees, Costs and Expenses | 1.1 | $385.00 |

Venegas v. FMC                        Knight Law Group, LLP      Case No: 37-2016-00041104-CU-BC-CTL
                                             Invoice

| | | | | | |
|---|---|---|---|---|---|
| 3/29/2018 | HG | $350.00 | Continue to draft Motion for Attorney's Fees, Costs and Expenses; Draft Declaration of Steve Mikhov in Support; Draft Declaration of Michael Rosenstein in Support of Motion | 3.2 | $1,120.00 |
| TBD | HG | $350.00 | Review and analyze Defendant's Opposition to Motion for Attorney's Fees, Costs and Expenses (Anticipated) | 2.0 | $700.00 |
| TBD | HG | $350.00 | Draft Reply to Opposition to Motion for Attorney's Fees, Costs and Expenses (Anticipated) | 5.5 | $1,925.00 |
| TBD | HG | $350.00 | Prepare for and appear at hearing on Attorney's Fees, Costs and Expenses (Travel Included) (Anticipated) | 6.5 | $2,275.00 |
| | | | **Total Attorney Fees:** | 102.1 | $35,792.50 |

### Billing Rate Summary

| Initials | Avg/Hr | Attorney/Staff | Hours | Amount |
|---|---|---|---|---|
| ALM | $350.00 | Amy Morse | 23.8 | $8,330.00 |
| CS | $350.00 | Christopher Swanson | 7.6 | $2,660.00 |
| DD | $250.00 | Deepak Devabose | 13.0 | $3,250.00 |
| HG | $350.00 | Hadi Gerami | 19.0 | $6,650.00 |
| JKD | $375.00 | Kirk Donnelly | 10.5 | $3,937.50 |
| KSC | $350.00 | Kristina Stephenson-Cheang | 12.4 | $4,340.00 |
| MO | $250.00 | Michael Ouziel | 5.1 | $1,275.00 |
| SBM | $500.00 | Steve Mikhov | 10.7 | $5,350.00 |

# EXHIBIT B

MC-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:<br>Steve Mikhov (SBN 224676)<br>Knight Law Group, LLC<br>1801 Century Park East, Suite 2300<br>Los Angeles, CA 90067 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: 310-552-2250     FAX NO.: 310-552-7973
ATTORNEY FOR *(Name)*: Plaintiff: Christian B. Venegas

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
Superior Court of California, County of San Diego

PLAINTIFF: Christian B. Venegas

DEFENDANT: Ford Motor Company

| **MEMORANDUM OF COSTS (SUMMARY)** | CASE NUMBER:<br>37-2016-00041104-CU-BC-CTL |
|---|---|

The following costs are requested:

**TOTALS**

1. Filing and motion fees ........................................................ 1. $ 615.00

2. Jury fees ................................................................ 2. $ 150.00

3. Jury food and lodging ........................................................ 3. $

4. Deposition costs ............................................................ 4. $ 1,458.17

5. Service of process .......................................................... 5. $ 647.45

6. Attachment expenses ........................................................ 6. $

7. Surety bond premiums ....................................................... 7. $

8. Witness fees .............................................................. 8. $ 70.00

9. Court-ordered transcripts ..................................................... 9. $

10. Attorney fees *(enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required)* ....................................... 10. $

11. Models, blowups, and photocopies of exhibits ...................................... 11. $

12. Court reporter fees as established by statute ....................................... 12. $ 1,209.00

13. Other .................................................................. 13. $ 1,253.24

**TOTAL COSTS** ............................................................... $ 5,402.86

I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

Date: 3/10/18

.......... Steve Mikhov (SBN 224676) ..........
(TYPE OR PRINT NAME)

(SIGNATURE)

(Proof of service on reverse)

**MEMORANDUM OF COSTS (SUMMARY)**

Code of Civil Procedure,
§§ 1032, 1033.5

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Christian Venegas v. Ford Motor Company | 37-2016-00041104-CU-BC-CTL |

## PROOF OF ☑ MAILING ☐ PERSONAL DELIVERY

1. At the time of mailing or personal delivery, I was at least 18 years of age and **not a party** to this legal action.
2. My residence or business address is *(specify)*: 1801 Century Park East
   Suite 2300
   Los Angeles, CA 90067

3. I mailed or personally delivered a copy of the *Memorandum of Costs (Summary)* as follows *(complete either a or b)*:
   a. ☑ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope AND
         (a) ☐ **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.
         (b) ☑ **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:

         (c) Date of mailing:
         (d) Place of mailing *(city and state)*: Los Angeles, CA

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(TYPE OR PRINT NAME)                                          (SIGNATURE OF DECLARANT)

**MEMORANDUM OF COSTS (SUMMARY)**

MC-011

| SHORT TITLE: Venegas, Christian v. Ford Motor Company | CASE NUMBER: 37-2016-00041104-CU-BC-CTL |
|---|---|

## MEMORANDUM OF COSTS (WORKSHEET)

1. **Filing and motion fees**

| | Paper filed | | Filing fee |
|---|---|---|---|
| a. | Complaint | $ | 435.00 |
| b. | Ex Parte for Order Granting Leave to File FAC | $ | 60.00 |
| c. | Motion for Leave to File FAC | $ | 60.00 |
| d. | Motion for Attorney's Fees | $ | 60.00 |
| e. | | $ | |
| f. | | $ | |
| g. | ☐ Information about additional filing and motion fees is contained in Attachment 1g. | | |

TOTAL   1.   $ 615.00

2. **Jury fees**

| | Date | | Fee & mileage |
|---|---|---|---|
| a. | 6/1/2017 | $ | 150.00 |
| b. | | $ | |
| c. | | $ | |
| d. | | $ | |
| e. | ☐ Information about additional jury fees is contained in Attachment 2e. | | |

TOTAL   2.   $ 150.00

3. **Juror food:** $ _____   and lodging: $ _____     TOTAL   3.   $

4. **Deposition costs**

| | Name of deponent | Taking | Transcribing | Travel | Video-taping | Subtotals |
|---|---|---|---|---|---|---|
| a. | Christian Venegas | $ | $ | $ 28.89 | $ | $ 28.89 |
| b. | Jacob Doss | $ | $ 681.15 | $ | $ | $ 681.15 |
| c. | James Ryan | $ | $ 339.94 | $ 10.31 | $ | $ 350.25 |
| d. | Luis Solorzano | $ | $ 339.94 | $ 10.31 | $ | $ 350.25 |
| e. | ☑ Information about additional deposition costs is contained in Attachment 4e. | | | | | |

TOTAL   4.   $ 1,458.17

(Continued on reverse)

Page __1__ of __4__

| SHORT TITLE: Venegas, Christian v. Ford Motor Company | CASE NUMBER 37-2016-00041104-CU-BC-CTL |
|---|---|

**5. Service of process**

| | Name of person served | Public officer | Registered process | Publication | Other (specify) |
|---|---|---|---|---|---|
| a. | Ford Motor Company | $ | $ 37.95 | $ | $ |
| b. | Montebello Ford's PMQ | $ | $ 110.00 | $ | $ |
| c. | Montebello Ford's SA | $ | $ 110.00 | $ | $ |

d. ☑ Information about additional costs for service of process is contained in Attachment 5d.

TOTAL 5. **$ 647.45**

**6. Attachment expenses** (specify): .................................................... 6. $

**7. Surety bond premiums** (itemize bonds and amounts): ............................... 7. $

**8. a. Ordinary witness fees**

| Name of witness | Daily fee | Mileage | Total |
|---|---|---|---|
| (1) James Ryan | 1 days at 35.00 $/day | miles at ¢/mile | $ 35.00 |
| (2) Luis Solorzano | 1 days at 35.00 $/day | miles at ¢/mile | $ 35.00 |
| (3) | days at $/day | miles at ¢/mile | $ |
| (4) | days at $/day | miles at ¢/mile | $ |
| (5) | days at $/day | miles at ¢/mile | $ |

(6) ☐ Information about additional ordinary witness fees is contained in Attachment 8a(6).

SUBTOTAL 8a. $ 70.00

(Continued on next page) Page 2 of 4

MC-011 [Rev. July 1, 1999] **MEMORANDUM OF COSTS (WORKSHEET)**

| SHORT TITLE: Venegas, Christian  v. Ford Motor Company | CASE NUMBER: 37-2016-00041104-CU-BC-CTL |
|---|---|

## MEMORANDUM OF COSTS (WORKSHEET) (Continued)

8.  b.  **Expert fees** *(per Code of Civil Procedure section 998)*
    
    Name of witness                                 Fee

    (1) _____  _____ hours at $ _____ /hr  ...  $ _____

    (2) _____  _____ hours at $ _____ /hr  ...  $ _____

    (3) _____  _____ hours at $ _____ /hr  ...  $ _____

    (4) _____  _____ hours at $ _____ /hr  ...  $ _____

    (5) ☐ Information about additional expert witness fees is contained in Attachment 8b(5).

    SUBTOTAL 8b.  | $ _____ |

  c.  **Court-ordered expert fees**
    
    Name of witness                                 Fee

    (1) _____  _____ hours at $ _____ /hr  ...  $ _____

    (2) _____  _____ hours at $ _____ /hr  ...  $ _____

    (3) ☐ Information about additional court-ordered expert witness fees is contained in Attachment 8c(3).

    SUBTOTAL 8c.  | $ _____ |

    TOTAL (8a, 8b, & 8c)  8.  | $ 70.00 |

9.  **Court-ordered transcripts** *(specify)* ...............................................  9.  | $ |

10. **Attorney fees** *(enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required)* ...............................  10.  | $ |

11. **Models, blowups, and photocopies of exhibits** *(specify)* ..............................  11.  | $ |

12. **Court reporter fees** *(as established by statute)*

    a.  *(Name of reporter):* Atkinson-Baker (3/30/17)  Fees: $ 375.00

    b.  *(Name of reporter):* Atkinson-Baker (11/21/17)  Fees: $ 275.00

    c.  ☑ Information about additional court reporter fees is contained in Attachment 12c.

    TOTAL  12.  | $ 1,209.00 |

13. **Other** *(specify)* .....................................................................  13.  | $ 1,253.24 |

    **TOTAL COSTS** ......................................................................  | $ 5,402.86 |

(Additional information may be supplied on the reverse)                Page  3  of  4

MC-011 [Rev. July 1, 1999]        **MEMORANDUM OF COSTS (WORKSHEET)**

| SHORT TITLE: Venegas, Christian  v. Ford Motor Company | CASE NUMBER:<br>37-2016-00041104-CU-BC-CTL |
|---|---|

## MEMORANDUM OF COSTS (WORKSHEET) *(Continued)*

4. Deposition costs

Itzel Diaz (12-22-17): Travel ............................................................................................. $47.63

5. Service of process

Rapid Legal Inv.: Depo Subp - Montebello Ford's Tech  #0477 ..................................... $110.00
Rapid Legal Inv.: Depo Subp - Montebello Ford's Tech  #0426 ...................................... $110.00
Janney Inv.: Service of MIL No. 1 ................................................................................... $169.50

12. Court reporter fees

Atkinson-Baker Inv.: FMC MSA/MSJ (12-15-17) ........................................................... $275.00
Atkinson-Baker Inv.: TRC (12-15-17) ............................................................................ $284.00

13. Other

Attorney Services and Messengers for Court Filings and Service .................................... $474.98
Advance Discovery (data storage) .................................................................................... $375.00
Overnight .......................................................................................................................... $169.02
Travel ................................................................................................................................ $234.24

Page __4__ of __4__

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**MEMORANDUM OF COSTS (SUMMARY)**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Alexander G. Calfo, Esq.                        Michael H. Rosenstein, Esq.
KING & SPALDING LLP                         Law Offices of Michael H. Rosenstein
633 West 5th Street, Suite 1700             1801 Century Park East., Suite 2300
Los Angeles, CA 90071                           Los Angeles, CA 90067
**Counsel for Defendant,**                      **Associated Counsel for Plaintiff,**
**FORD MOTOR COMPANY**                  **CHRISTIAN B. VENEGAS**
(via Overnight Mail Only)                         (via E-mail only)

<u>XX</u>   BY OVERNIGHT MAIL/DELIVERY: I caused such envelope to be delivered by hand to the office(s) of the addressee(s) via OVERNIGHT EXPRESS or by local courier service.

<u>XX</u>   BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

<u>XX</u>   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 10, 2018 at Los Angeles, California.

Hector Almeyda

-1-

PROOF OF SERVICE

EXHIBIT C

## RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

FEDERAL TRUTH-IN-LENDING DISCLOSURES

STATEMENT OF INSURANCE

L. (Optional) Service Contract (to whom paid) N/A ........................ $ _____ (L)
M. (Optional) Service Contract (to whom paid) N/A ........................ $ _____ (M)
N. (Optional) Service Contract (to whom paid) N/A ........................ $ _____ (N)
O. (Optional) Service Contract (to whom paid) N/A ........................ $ _____ (O)
P. (Optional) Service Contract (to whom paid) N/A ........................ $ _____ (P)
Q. Prior Credit or Lease Balance paid by Seller to _____ N/A ............ (0) $ _____ (Q)

(see downpayment and trade-in calculation)
R. (Optional) Gap Contract (to whom paid) N/A ........................... $ _____ (R)
S. (Optional) Used Vehicle Contract Cancellation Option Agreement ....... $ _____ (S)
T. Other (to whom paid) N/A ............................................. $ _____ (T)
For N/A ................................................................. $ _____ (U)

1. Total Cash Price (A through T) ...................................... $ _____ (1)
2. Amounts Paid to Public Officials
   A. Vehicle License Fees ............................................. $ _____
   B. Registration/Transfer/Titling Fees .............................. $ _____
   C. California Tire Fees ............................................. $ _____
   D. Other ........................................................... $ _____
   Total Official Fees (A through D) .................................. $ _____ (2)
3. Amount Paid to Insurance Companies ................................. $ _____ (3)
   (Total premium from Statement of Insurance and/or more)
4. State Emissions Certification Fee or EPA State Emissions Exemption Fee
5. Subtotal (1 through 4) ............................................. $ 13,745.20 (5)
6. Total Downpayment
   A. Agreed Trade-In Value .... N/A ....... Make N/A ........ $ _____ (A)
      Model ............... N/A ............ Odom ...........
      VIN ................. N/A
   B. Less Prior Credit or Lease Balance (B) .......................... $ _____ (B)
   C. Net Trade-In (A less B) (indicate if a negative number) ......... $ 700.00 (C)
   D. Deferred Downpayment ............................................ $ _____ (D)
   E. Manufacturer's Rebate ........................................... $ _____ (E)
   F. Other N/A ....................................................... $ _____ (F)
   G. Cash ............................................................ $ 300.00 (G)
   Total Downpayment (C through G) .................................... $ _____ (6)
   (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1Q above)
7. Amount Financed (5 less 6) ......................................... $ 14,045.20 (7)

SELLER ASSISTED LOAN
BUYER MAY BE REQUIRED TO ALLOW SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE TOTAL LOAN PAYMENTS OR BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.
Proceeds of Loan From _____
Amount $ _____ (Finance Charge $ _____) N/A
Total $ _____ N/A
Installments of $ _____ N/A
from this loan at shown in item 6D

AUTO BROKER FEE DISCLOSURE
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
☐ Name of autobroker receiving fee, if applicable.

SELLER'S RIGHT TO CANCEL. Buyer and Co-Buyer sign here: the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign the contract to a financial institution will apply.
Buyer X _____ Co-Buyer X _____

Agreement to Arbitrate: By signing below, you agree that pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X _____ Co-Buyer Signs X _____

OPTION. ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full by _____ (Year _____). SELLER'S INITIALS _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL PHYSICAL DAMAGE COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLER/DEALER, HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY, UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.
Sign X _____

Trade-In Payoff Agreement: Seller relied on information from you and/or the lienholder listed below.

---

reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS. (Refer to "Total Disabilities Not Covered" in your policy for details.)
You want to buy the credit insurance.

_____ N/A
Date _____ Buyer Signature _____ Age
_____ N/A
Date _____ Co-Buyer Signature _____ Age

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1R of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. The type of this contract.
Term _____ N/A _____ N/A _____ Name of Gap Contract
I want to buy a gap contract.
Buyer Signs X _____ N/A

OPTIONAL SERVICE CONTRACT(S). You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1L, 1M, 1N, 1O, and/or 1P.
1. Company N/A
   Term _____ Mos. or _____ Mile
2. Company N/A
   Term _____ Mos. or _____ Mile
3. Company N/A
   Term _____ Mos. or _____ Mile
4. Company N/A
   Term _____ Mos. or _____ Mile
5. Company N/A
   Term _____ Mos. or _____ Mile

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and both you and we must sign it. No oral changes are binding.
Buyer Signs X _____
Co-Buyer Signs X _____

DEALER: HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT O THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD. FOR ADVICE ON FULL COVERAGE TO PROTECT YOU IN THE EVENT OR LOSS OR DAMAGE TO YOUR VEHICLE YOU SHOULD CONTACT YOUR INSURANCE AGENT. THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE RECEIVED THIS INVOICE THESE PUBLIC DISCLOSURES TERMS AND CONDITIONS

Trade-in Payoff Agreement. Seller relied on information that you gave for the amount or payoff you owe on your trade-in vehicle, or its balance, if the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the difference on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you the overage. Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund.

Buyer Signature X _____ Co-Buyer Signature X _____

Notice to buyer. (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller. Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.

After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____ Co-Buyer Signature X _____

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had not bought it. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _____ Date 05/17/15 Co-Buyer Signature X _____ N/A Date N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____ Address _____

GUARANTY: To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.

Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default, and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____ Date 05/17/15  Guarantor X _____ Date _____

Address _____ Address _____

Seller Signs ____ FULLER FORD KIA ____ Date 05/17/15 BY X _____ Title _____

LAW FORM NO. 553-CA-ARB REV. 3/13 U.S. PATENT NO. D480,782
©2013 The Reynolds and Reynolds Company TO ORDER: www.reysource.com 1-800-344-0996; No 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

CUSTOMER/TRUTH IN LENDING COPY

# EXHIBIT D

PAUL R. JOHNSON, Bar No. 115817
PJohnson@kslaw.com
SIOBHAN A. CULLEN, Bar No. 179838
SCullen@kslaw.com
NICOLE R. FUKUOKA, Bar No. 312133
NFukuoka@kslaw.com
KING & SPALDING LLP
633 West 5th Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendant
FORD MOTOR COMPANY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DISTRICT

| | |
|---|---|
| CHRISTIAN B. VENEGAS, | Case No. 37-2016-00041104-CU-BC-CTL |
| Plaintiff, | Judge:      Hon. John S. Meyer |
| | Department:   C-61 |
| vs. | **DEFENDANT FORD MOTOR COMPANY'S RENEWED STATUTORY OFFER TO COMPROMISE PURSUANT TO CAL. CIV. PROC. CODE § 998** |
| FORD MOTOR COMPANY, et al., | |
| Defendants. | |
| | Action Filed:   November 22, 2016 |
| | Trial date:      January 19, 2018 |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE, that pursuant to the provisions of Code of Civil Procedure section 998 ("Statutory Offer"), Defendant Ford Motor Company ("Ford"), on behalf of itself, hereby offers to allow judgment to be taken against it as follows:

1.      Ford will pay Plaintiff Christian Venegas ("Plaintiff") $98,500.00, which constitutes payment of the paid or payable amount for Plaintiff's 2014 Ford Focus, VIN 1FADP3F2XEL141208 ("Subject Vehicle"), incidental and consequential damages and a two time civil penalty under the Song-Beverly Act.

2.      Ford will additionally pay Plaintiff's attorneys' fees, expenses and costs in the amount of $5,000.00 or, should the $5,000.00 be refused, Ford is willing to allow the Court to

1  determine, based on a noticed motion filed pursuant to Civil Code section 1794(d), the amount of
2  attorneys' fees, expenses and costs reasonably incurred by Plaintiff's counsel in the commencement
3  and prosecution of this action, as provided by Civil Code section 1794(d). In ruling on Plaintiff's fee
4  motion, and except as otherwise provided in this paragraph, the fees, expenses and costs amount
5  shall be calculated as if Plaintiff was found to have prevailed in an action under section 1794(d) as of
6  the date of this statutory offer except that Plaintiff may recover for fees and costs reasonably and
7  actually incurred in bringing such a fee/cost motion. Ford will pay the attorney's fees and cost
8  amounts determined by the Court within 30 days' notice of the Court's ruling on same.

9       3.    Ford will waive all claims it may have for costs and fees in this action.

10       4.    Plaintiff will dismiss this action in its entirety as against Ford with prejudice when the
11  check is tendered and has cleared the normal banking cycle.

12       5.    This Statutory Offer is inclusive of all damages, restitution, costs, attorneys' fees,
13  expenses, penalties, pre-judgment interest, post-judgment interest, and any other sums or
14  amounts or claims that have been asserted by Plaintiff in this action. If this Statutory Offer is
15  accepted, Plaintiff shall not be entitled, except as specified in paragraphs 1 and 2, to seek
16  damages, costs, attorneys' fees, expenses, penalties, pre-judgment interest, post-judgment
17  interest, or any other sums or amounts or claims in this action.

18       6.    Pursuant to California Code of Civil Procedure section 998(b), this Statutory
19  Offer can be accepted by signing a statement that the offer is accepted. A statement indicating
20  acceptance of this Statutory Offer which may be signed by counsel for Plaintiff is set forth
21  below. If this Statutory Offer to compromise is not accepted and notice given by Plaintiff within
22  the time provided by Section 998 of the Code of Civil Procedure, then it shall be deemed
23  withdrawn. Please be advised that, pursuant to Code of Civil Procedure section 998(c), if this
24  Statutory Offer is not accepted and Plaintiff fails to obtain a more favorable judgment, Plaintiff
25  shall not recover statutory costs, including attorneys' fees from the date of this Statutory Offer, and
26  shall be required to pay Ford's costs from the time of the offer. Further, the court, in its
27  discretion, may require Plaintiff to pay Ford's post-offer costs of the services of Ford's outside
28  expert witnesses, who are not regular employees of any party, actually incurred and reasonably

2

1  necessary in either, or both, the preparation or trial of this case by Ford.

2       PLEASE TAKE FURTHER NOTICE that failure to accept this Statutory Offer will

3  result in Ford claiming all benefits accruing to it under Code of Civil Procedure section 998

4  should Plaintiff not achieve a more favorable result at the trial of this action.

5       This Statutory Offer shall remain open prior to trial or within thirty (30) days from the

6  date of service of this Statutory Offer, whichever occurs first.

7

8

9                                    Respectfully,

10  DATED: January 9, 2018            KING & SPALDING LLP

11

12                                    By: _____

13                                       Paul R. Johnson
                                         Siobhan A. Cullen

14                                       Nicole R. Fukuoka

15                                    Attorneys for Defendant
                                      FORD MOTOR COMPANY

16

17

    I hereby accept the offer on the terms stated on behalf of Plaintiff.
18

19  DATED:  1.15.18                    By: _____ for

20                                       Steve Mikhov

21                                    Attorney for Plaintiff, Christian Venegas

22

23

24

25

26

27

28
                                    3
    FORD MOTOR COMPANY'S RENEWED STATUTORY OFFER TO COMPROMISE PURSUANT TO CAL. CIV. PROC. CODE § 998

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**NOTICE OF DEFENDANT FORD MOTOR COMPANY'S RENEWED STATUTORY OFFER TO COMPROMISE PURSUANT TO CAL.CIV.PROC. CODE § 998**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

| | |
|---|---|
| Paul R. Johnson, Esq. | Michael H. Rosenstein, Esq. |
| KING & SPALDING LLP | Law Offices of Michael H. Rosenstein |
| 633 West 5th Street, Suite 1700 | 1801 Century Park E. Suite 2300 |
| Los Angeles, CA 90071 | Los Angeles, CA 90067 |
| **Counsel for Defendant,** | **Associated Counsel for Plaintiff,** |
| **FORD MOTOR COMPANY** | **CHRISTIAN B. VENEGAS** |
| (via mail only) | (via E-mail) |

XX    BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

XX    BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 15, 2018 at Los Angeles, California.

SHARON CLAROS

-1-

PROOF OF SERVICE

# EXHIBIT E

SPENCER P. HUGRET
SHUGRET@ GRSM.COM



**GORDON&REES**
SCULLY MANSUKHANI

ATTORNEYS AT LAW
275 BATTERY STREET, SUITE 2000
SAN FRANCISCO, CA 94111
PHONE: (415) 986-5900
FAX: (415) 986-8054
WWW.GORDONREES.COM

January 11. 2018

**BY EMAIL AND US MAIL**
Steve Mikhov, Esq.
Russell Higgins, Esq.
Amy Morse, Esq.
**KNIGHT LAW GROUP, LLP**
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

Re:    *Recent Objections to Ford Motor Company's 998 Offers to Compromise and Requests to Mediate*

Dear Counsel:

I am writing to you on behalf of all of Ford Motor Company's (hereinafter "Ford") trial counsel handling DPS6[1] cases with your office. Ford's counsel handing such cases are copied on this correspondence. Specifically, each of Ford's trial counsel recently received a number of objections to Code of Civil Procedure, section 998, Offers to Compromise that offered to pay the plaintiffs a full recovery under the Song-Beverly Act in a number of DPS6 cases (hereinafter "Offers to Compromise") and accompanying letters from your office seeking to schedule mediations of said cases. Ford will not mediate any DPS6 cases with your office where "full value" Offers to Compromise have been served and rejected. In such cases, Ford has already offered your clients a full recovery under the Song-Beverly Act, inclusive of civil penalties. Plaintiffs' decision(s) to reject these offers and assert meritless objections to these offers is their prerogative, no doubt as a result of your counseling, but Ford will not invest its time and financial resources mediating such cases. Nor will Ford be subjected to wasteful mediation efforts as a result of the "usual" Constitutionally impermissible demands you provide of thirty-three (33) times paid or payable. Rather, Ford will be proceeding to trial in all the cases on the remaining fraud and punitive damages claims. Ford is not, and will not voluntarily pay any monies to resolve any fraud or punitive damages claims through mediation or other settlement efforts. In short, Ford has been reasonable in its approach to reaching an informal resolution and will now direct its trial team resources to defending against the baseless fraud claims.

---

[1] Applicable DPS6 equipped vehicles are model years 2011-present Ford Fiestas and 2012-present Ford Focuses.

ALABAMA • ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • FLORIDA • GEORGIA • ILLINOIS • MARYLAND
MASSACHUSETTS • MISSOURI • NEVADA • NEW JERSEY • NEW YORK • NORTH CAROLINA • OHIO • OREGON • PENNSYLVANIA
SOUTH CAROLINA • SOUTH DAKOTA • TEXAS • VIRGINIA • WASHINGTON • WASHINGTON, D.C. • WEST VIRGINIA

Knight Law Group
January 11, 2018
Page 2

If you believe that any of the previously rejected Offers to Compromise are not representative of a full recovery of your clients' Song-Beverly claims, then please contact the trial counsel handling the matter to discuss why the full value Song-Beverly offer is allegedly deficient. Ford's counsel will gladly discuss same outside of mediation and will work with you to resolve your client's breach of warranty claims in short order. However, I must caution you that before making any contact with Ford's counsel regarding any alleged deficiencies to full value Offers to Compromise, any demand for additional monies must be tied to the Song-Beverly Act and controlling California law and not plaintiffs' fraud and punitive damages claims. Any such efforts to the contrary will be summarily rejected. Ford's trial teams are prepared to defend Ford against any fraud and punitive damages claims at all cost.

Please feel free to contact me or any of Ford's counsel copied on this correspondence to discuss the foregoing. I trust you will now reconsider your position going forward in DPS6 cases where full value Offers to Compromise are tendered to your clients.

Very Truly Yours,

GORDON & REES LLP

Spencer P. Hugret

cc:   Warren Platt, Esq. (by email only)
      Dan Rodman, Esq. (by email only)
      Vaughn Crawford, Esq. (by email only)
      Alex Calfo, Esq. (by email only)
      Susan Clare, Esq. (by email only)
      Geoff Drake, Esq. (by email only)
      Michael Mortenson, Esq. (by email only)
      Matthew Proudfoot, Esq. (by email only)
      Amy Maclear, Esq. (by email only)

# EXHIBIT F

1   **DYKEMA GOSSETT** LLP
    Tamara A. Bush (197153)
2   tbush@dykema.com
    333 South Grand Avenue, Suite 2100
3   Los Angeles, CA  90071
    Telephone:  (213) 457-1800
4   Facsimile:  (213) 457-1850

5   **DYKEMA GOSSETT** PLLC
    John M. Thomas (266842)
6   jthomas@dykema.com
    2723 South State Street, Suite 400
7   Ann Arbor, MI 48104
    Telephone:  (734) 214-7613
8   Facsimile:  (734) 214-7696

9   **GORDON & REES** LLP
    Spencer P. Hugret (SBN 240424)
10  shugret@gordonrees.com
    Embarcadero Center West
11  275 Battery Street, Suite 2000
    San Francisco, CA 94111
12  Telephone:  (415) 986-5900
    Facsimile:  (415) 986-8054

13
    Attorneys for Defendant
14  FORD MOTOR COMPANY

15              **UNITED STATES DISTRICT COURT**

16      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

17  | ROBERT S. GIBSON, | Case No. |
    |---|---|
18  | Plaintiff, | [Assigned to Hon. [Name] |
19  | | Courtroom [No.] Magistrate [Name] |
20  | v. | Courtroom [No.] |
21  | FORD MOTOR COMPANY, a Delaware | **DECLARATION OF SPENCER P. HUGRET IN SUPPORT OF FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION** |
22  | Corporation, and DOES 1 through 10, inclusive, | **PURSUANT TO 28 U.S.C. § § 1332, 1441, 1446** |
23  | Defendants. | |
24  | | |
25  | | Sup Ct complaint:   August 4, 2017 Removal Date:   [Date] |
26  | | |

27

28

1

DECLARATION OF SPENCER P. HUGRET IN SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § § 1332, 1441 AND 1446

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

## DECLARATION OF SPENCER P. HUGRET

I, Spencer P. Hugret, declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California, and am a partner with Gordon & Rees LLP, attorney for Defendant Ford Motor Company. I am a member in good standing with the State Bar of California. I have personal knowledge of the following facts, except for those based on information and belief, which I believe to be true, and if called upon to testify, I could and would competently testify to their truth and accuracy.

2. This declaration is submitted in support of Ford Motor Company's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. § 1332, 1441 and 1446.

3. In executing this declaration, I do not intend, and Ford has not authorized me, to waive any protections or privileges Ford may have as to proprietary, trade secret, and/or confidential information, or to waive Ford's attorney-client privilege as to any of its communications or to waive the work product immunity developed in anticipation of or in response to litigation. I intend only to describe certain factual matters that are pertinent to this declaration.

4. I have extensive experience litigating consumer, class action, and/or product liability lawsuits throughout California in both state and federal courts. Towards that end, I am lead trial counsel on a significant number of litigation-related matters on behalf of Ford Motor Company ("Ford"), General Motors LLC ("GM"), Hyundai Motors America ("HMA") and Kia Motors America ("KMA"). I have also represented Ford, GM and HMA in cases involving claimed violations of the Song-Beverly Act, the Magnusson-Moss Act and including allegations of fraud, violation of the Consumer Legal Remedy Act and punitive damages. Specifically, I have represented Ford in over one-thousand (1000) of such lawsuits (i.e. for violations of the Song-Beverly Act, Magnusson-Moss Act, fraud, CLRA and punitive damages,

2

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1 either in whole or in part of such claims). 5. The Song-Beverly Act and Magnusson-

2 Moss Act allow for the recovery of attorney's fees and costs to the prevailing party

3 pursuant to California Civil Code section 1794(d) In my vast experience litigating

4 such cases, it is not uncommon, and in fact quite regular, for attorney's fee and cost

5 awards (or resolutions through informal discussions with opposing counsel) to exceed

6 $100,000. In fact, in one instance, I represented Ford at a trial in Sacramento County,

7 and after the trial, opposing counsel filed a Motion for Attorney's Fees and Costs that

8 exceeded $1,000,000.[1] In sum, the attorney fee and cost payments tendered (or for

9 judgments entered) to the consumer's counsel routinely adds significant financial

10 exposure to an automotive manufacturer and is a recoverable element of damages in

11 lawsuits involving the Song-Beverly Act and Magnusson Moss Act.

12    6.    I have opposed plaintiff's counsel in this matter, Steve Mikhov, Esq., in

13 numerous of these cases. In each of these cases where Mr. Mikhov has perceived a

14 right to recover attorney's fees and costs pursuant to CA Civil Code section 1794(d),

15 and sought fees by motion, he has indicated a billing rate of $450 to $500 per hour.

16 Mr. Mikov also typically seeks to recover the fees of associates in his firm or

17 associated counsel representing the plaintiffs the lawsuits with associates billed out at

18 less per hour and trial counsel often at considerably more – up to $650 per hour. The

19 total amount of fees requested in matters handled by Mr. Mikhov regularly exceeds

20 $100,000.

21

22

23

24

25

26

27    [1] In this particular proceeding, the Court awarded opposing counsel over

28 $300,000 in fees and costs after briefing and oral argument on the motion.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

3

1      I declare under penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct and if called as a witness I could and

3  would so testify.

4      This Declaration is dated this 8th day of September, 2017.

5

6

7                         /s/Spencer P. Hugret_____

                         Spencer P. Hugret

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

4

DECLARATION OF SPENCER P. HUGRET IN SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § § 1332, 1441 AND 1446

**PROOF OF SERVICE**
*(CCP §§ 1011, 1013, 1013(a) and 2015.5; CRC 2.306)*
*Robert S. Gibson v. Ford Motor Company, et al.*
*LASC – Central District, Court - Case No. BC671111*
*USDC, Central District, Case No.*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as:

**DECLARATION OF SPENCER P. HUGRET IN SUPPORT OF FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § § 1332, 1441, 1446**

on the interested parties in this action as follows:

| | |
|---|---|
| Steve Mikhov, Esq.<br>KNIGHT LAW GROUP, LLP<br>1801 Century Park East, Suite 2300<br>Los Angeles, CA  90067<br>Telephone:    (310) 552-2250<br>Facsimile:    (310) 552-7973<br>E-mail:        Stevem@knightlaw.Com | *Attorneys for Plaintiff*<br><br>**ROBERT S. GIBSON** |

☒  **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

☐  **(BY OVERNIGHT SERVICE)** I enclosed the documents in an envelope/package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the prepaid envelope/package, for collection and overnight delivery at an office or a regularly utilized drop box of

☐  **(BY FACSIMILE)** By transmitting/faxing the documents to the persons at the facsimile numbers listed above.

☒  (Federal) I declare that I employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **September 8, 2017**, at Los Angeles, California.

/s/  Tamara A. Bush
Tamara A. Bush

4851-3038-1391.1
ID\BUSH, TAMARA - 087770\000183

5

DECLARATION OF SPENCER P. HUGRET IN SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § § 1332, 1441 AND 1446

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA  90071

# EXHIBIT G

RECEIVED
VENTURA SUPERIOR COURT

FEB 0 5 2018

VENTURA
SUPERIOR COURT
FILED

FEB 2 7 2018

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____, Deputy

ADRIANA VELASCO

SUPERIOR COURT OF CALIFORNIA

COUNTY OF VENTURA

| | |
|---|---|
| RENEE K. ALLEM,<br><br>   Plaintiff,<br><br> vs.<br><br>FCA US LLC., a Delaware Limited Liability Company, f/k/a CHRYSLER GROUP LLC., CROWN DODGE, a California Corporation, and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No.: 56-2015-00468707-CU-BC-VTA<br><br>Unlimited Jurisdiction<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES AND COSTS AND EXPENSES**<br><br>Date: January 8, 2018 By FAx<br>Time: 8:30 a.m.<br>Dept. 40<br>Judge: Hon. Kent Kellegrew<br>Reservation: 2294785 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

  Plaintiff's Motion for Attorney's Fees and Costs and Expenses, came on regularly for

hearing on January 8, 2018, at 8:30 a.m., of the above-entitled court located at 800 South Victoria

Avenue, Ventura, California, the Honorable ~~Kent M. Kellegrew~~, *m. Borrell* presiding.

  Deepak Devabose of Knight Law Group LLP appeared on behalf of Plaintiff, Renee K.

[PROPOSED] ORDER

1   Allem, and Lisa Tudzin of Nixon Peabody LLP appeared on behalf of Defendant, FCA US LLC.

2   Plaintiff moved the Court for an order awarding $23,925.00 in fees and $2,140.90 in costs and

3   expenses. Having read the motion, the memoranda and the declarations filed by the parties, and

4   having heard oral argument of counsel, the Court makes the following ruling:

5       1.  Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED;

6       2.  The Court finds that the following hourly rates were reasonable for that venue and that

7           the time incurred were reasonable:

8           Knight Law Group, LLP

9               • Steve Mikhov $500.00/hr

10              • Russell Higgins $400.00/hr

11              • Lauren Ungs $350.00/hr

12              • Kristina Stephenson-Cheang $350.00/hr

13              • Chris Swanson $325.00/hr

14              • Amy Morse $250.00/hr

15              • Deepak Devabose $200.00/hr

16      3.  The Court declines to award a lodestar multiplier;

17      4.  Plaintiff is awarded attorney's fees in the amount of $23,925.00;

18      5.  Plaintiff is awarded his full costs and expenses in the amount of $2,140.90;

19      6.  Plaintiff is awarded a total amount of attorneys' fees and costs and expenses in the amount

20          of $26,064.90.

21

22      IT IS HEREBY ORDERED.

23

24                                              IT IS SO ORDERED

25

26  Dated:  2/23/18                          **MARK S. BORRELL**

27                                          Judge of the Superior Court

28

                                    -1-
                            [PROPOSED] ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Prepared by:
**KNIGHT LAW GROUP, LLP**
Steve Mikhov (SBN 224676)
1801 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorney for Plaintiff,
**RENEE K. ALLEM**

-2-

1  | PROOF OF SERVICE
(Code of Civil Procedure §1013a)

2

3     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the action.  My business address is 1801 Century Park East, Suite 2300,

4  | Los Angeles, CA 90067.

5     I served the foregoing document described as:

6     **[PROPOSED] ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES AND COSTS AND EXPENSES**

7

8     Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

9

10    Scott S. Shepardson, Esq.
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor

11    San Francisco, CA 94111

12    Facsimile: (866) 904-6525
**Counsel for Defendants,**

13    **FCA US LLC and**

14    **CHRYSLER GROUP LLC; CROWN DODGE**

15 | **XX**  BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it

16    would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary

17    course of business. The envelope was sealed and placed for collection that same day

18    following ordinary business practices, addressed to the above-referenced attorney.

19 | **XX**  BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

20

21    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23    Executed on January 26, 2018 at Los Angeles, California.

24

25    WAYNE PAGDILAO

26

27

28

-1-

PROOF OF SERVICE

1

**PROOF OF SERVICE**
(Code of Civil Procedure §1013a)

2

3      I am employed in the County of Los Angeles, State of California.  I am over the age of 18
years and not a party to the action.  My business address is 1801 Century Park East, Suite 2300,

4      Los Angeles, CA 90067.

5      I served the foregoing document described as:

6      **[PROPOSED] ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES AND
COSTS AND EXPENSES**

7

8      Said document was served on the interested parties in this action, by placing true copies
thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

9

10     Scott S. Shepardson, Esq.
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor

11     San Francisco, CA 94111

12     **Counsel for Defendants,**
**FCA US LLC and**

13     **CHRYSLER GROUP LLC; CROWN DODGE**

14     __XX__  BY MAIL:  I am readily familiar with this firm's practice of collection and processing

15     correspondence for mailing with the United States Postal Service.  Under that practice, it
would be deposited with the U.S. Postal Service on that same day with postage thereon

16     fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary
course of business. The envelope was sealed and placed for collection that same day

17     following ordinary business practices, addressed to the above-referenced attorney.

18
I declare under penalty of perjury under the laws of the State of California that the

19     foregoing is true and correct.

20     Executed on February 5, 2018 at Los Angeles, California.

21

22

23     WAYNE PAGDILAO

24

25

26

27

28

-1-

PROOF OF SERVICE

# EXHIBIT H

NB.

1

2

3

4

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF TULARE

10

11   DOMINIC P. TERAN,                    | Case No.: 265860

12            Plaintiff,                   | Unlimited Jurisdiction

13        vs.

14                                         | [PROPOSED] ORDER GRANTING
                                           | PLAINTIFF'S ATTORNEY'S FEES AND
15   FCA US LLC, a Delaware Limited Liability | COSTS AND EXPENSES
     Company; MARK SIDLEY AUTO GROUP,
16   INC., a California Corporation dba     | Date: December 11, 2017
     PORTERVILLE CHRYSLER JEEP             | Time: 8:30 a.m.
17   DODGE; and DOES 1 through 10, inclusive, | Dept.: 1

18

19            Defendants.                   |      BY FAX

20

21

22

23

24   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

25        Plaintiff's Motion for Attorney's Fees and Costs and Expenses, came on regularly for

26   hearing on December 11, 2017, at 8:30 a.m., in Department 1, of the above-entitled court located

27   at 221 S. Mooney Blvd., Visalia, California, the Honorable Melinda M. Reed, presiding.

28

────────────────────────────────────────────────

                        [PROPOSED] ORDER

                    JAN 1 2 2018

1        Deepak Devabose of Knight Law Group LLP appeared on behalf of Plaintiff, Dominic P.

2  Teran, and Lisa Tudzin of Nixon Peabody LLP appeared on behalf of Defendant, FCA US LLC.

3  Plaintiff moved the Court for an order awarding $155,330.00 in fees and $42,060.45 in costs and

4  expenses. Having read the motion, the memoranda and the declarations filed by the parties, and

5  having heard oral argument of counsel, the Court makes the following ruling:

6    1.  Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED, in part;

7    2.  The Court reduces Plaintiff's attorney fees by $1,300.00 for duplicative billings;

8    3.  The Court also reduces Plaintiff's attorney fees by $2,250.00 for the appearance of a

9       junior attorney at the hearing in lieu of Attorney Steve Mikhov;

10    4.  The Court finds that the following hourly rates requested by counsel are reasonable:

11    Knight Law Group, LLP

12       &bull;  Steve Mikhov $500.00/hr

13       &bull;  Russell Higgins $400.00/hr

14       &bull;  Lauren Ungs $350.00/hr

15       &bull;  Kristina Stephenson-Cheang $350.00/hr

16       &bull;  Diane Hernandez $350.00/hr

17       &bull;  Chris Swanson $325.00/hr

18       &bull;  Amy Morse $250.00/hr

19       &bull;  Deepak Devabose $200.00/hr

20       &bull;  Michelle Lumasag $200.00/hr

21    Wirtz Law APC

22       &bull;  Richard M. Wirtz $500.00/hr

23       &bull;  Amy R. Smith $325.00/hr

24       &bull;  Erin K. Barns $325.00/hr

25       &bull;  Jessica R. Underwood $250.00/hr

26       &bull;  Lauren B. Sabb $250.00/hr

27       &bull;  Rebecca Evans $175.00/hr

28       &bull;  Eric Jung $175.00/hr

-1-

1     5.  The Court declines to award a lodestar multiplier;

2     6.  Plaintiff is awarded attorney's fees in the amount of $151,780.00;

3     7.  Plaintiff is awarded his full costs and expenses in the amount of $42,060.45 based on the

4         unchallenged memorandum of costs;

5     8.  Plaintiff is awarded a total amount of attorneys' fees and costs and expenses in the amount

6         of $193,840.45.

7

8     IT IS HEREBY ORDERED.

9

10                                IT IS SO ORDERED

11

12  Dated: ___1 2 2 18___                 

13                                Judge of the Superior Court

14

15  Prepared by:
16  **KNIGHT LAW GROUP, LLP**
    Steve Mikhov (SBN 224676)
17  1801 Century Park East, Suite 2300
    Los Angeles, California 90067
18  Telephone: (310) 552-2250
    Fax: (310) 552-7973
19

20  Attorney for Plaintiff,
    **DOMINIC P. TERAN**
21

22

23

24

25

26

27

28

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES AND COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

| | |
|---|---|
| Scott S. Shepardson, Esq. | Richard M. Wirtz, Esq. |
| NIXON PEABODY LLP | WIRTZ LAW APC |
| One Embarcadero Center, 18th Floor | 4370 La Jolla Village Drive, Suite 800 |
| San Francisco, CA 94111 | San Diego, CA 92122 |
| Fax: (866) 904-6525 | Email: Rwirtz@wirtzlaw.com |
| **Counsel for Defendants,** | **Co-Counsel for Plaintiff,** |
| **FCA US LLC and** | **DOMINIC P. TERAN** |
| **MARK SIDLEY AUTO GROUP, INC.** | (via E-Mail only) |
| (via Mail and Facsimile only) | |

**XX**  BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

**XX**  BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

**XX**  BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 8, 2018 at Los Angeles, California

Jason Hong

-1-

PROOF OF SERVICE

**PROOF OF SERVICE**
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES AND COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

| | |
|---|---|
| Scott S. Shepardson, Esq.<br>NIXON PEABODY LLP<br>One Embarcadero Center, 18th Floor<br>San Francisco, CA 94111<br>**Counsel for Defendants,**<br>**FCA US LLC and**<br>**MARK SIDLEY AUTO GROUP, INC.**<br>(via Mail only) | Richard M. Wirtz, Esq.<br>WIRTZ LAW APC<br>4370 La Jolla Village Drive, Suite 800<br>San Diego, CA 92122<br>Email: Rwirtz@wirtzlaw.com<br>**Co-Counsel for Plaintiff,**<br>**DOMINIC P. TERAN**<br>(via E-Mail only) |

__XX__    BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

__XX__    BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 12, 2018 at Los Angeles, California.

Jason Hong

-1-
PROOF OF SERVICE

# EXHIBIT I



# Superior Court of California
## County of Kern
### Metropolitan Division
1415 Truxtun Avenue, Bakersfield, CA 93301

**Date:** 11/21/2017                                    **Time:  8:00 AM - 5:00 PM**

**BCV-16-100792**

### WEST VS HYUNDAI MOTOR AMERICA

#### *Courtroom Staff*

| **Honorable:** | David R. Lampe | **Clerk:** | Robin L. McDonald |
|---|---|---|---|
| | Department 11 | | |
| **Court reporter:** | None | **Bailiff:** | None |
| **Interpreter:** | | **Language of:** | |

**PARTIES:**

HYUNDAI MOTOR AMERICA, A CALIFORNIA          JULIAN SENIOR, Attorney, not present
CORPORATION, Defendant, not present
MARILYN WEST, Plaintiff, not present          AMY-LYN MORSE, Attorney, not present

---

**NATURE OF PROCEEDINGS: RULING ON MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES - FILED BY
PLAINTIFF; HERETOFORE SUBMITTED ON 11/08/2017.**

**MOTION FOR AN ORDER TO STRIKE AND/OR TAX COSTS - FILED BY DEFENDANT; HERETOFORE SUBMITTED ON
11/08/2017.**

••••••••••••••••••••••••••••••••••••••••••••••••••••••

The Court finds as follows:

After due consideration following hearing, and upon full review of all moving and opposing papers, the court finds
that the attorney's fees requested by plaintiff, at the rates proposed, are reasonable without any multiplier. The
court awards total fees requested in the amount \$169,148.75. This amount is comprised of legal services provided
by Knight Law Group, LLC (formerly O'Connor and Mikhov, LLP) in the amount of \$56,630.00, and The Altman Law
Group in the amount of \$112,518.75. The court declines to apply any multiplier. The court declines the additional
fee request made by the declaration of Roger Kirnos without prejudice.

The court denies the Defendant's Motion to Tax Costs except that the court grants the motion to the extent of
\$3,819.00 for travel costs.

Plaintiff is to prepare orders consistent with these rulings pursuant to California Rules of Court, Rule 3.1312.

Copy of minute order mailed to counsel as stated on the attached Certificate of Mailing.

---

*MINUTE ORDER FINALIZED BY:*   ROBIN MCDONALD                                    *ON:*   NOVEMBER 21, 2017

MINUTE ORDER
Page 1 of 2

**WEST VS HYUNDAI MOTOR AMERICA**
**BCV-16-100792**

### CERTIFICATE OF MAILING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the *Minute Order dated November 21, 2017* attached hereto on all interested parties and any respective counsel of record in the within action by depositing true copies thereof, enclosed in a sealed envelope(s) with postage fully prepaid and placed for collection and mailing on this date, following standard Court practices, in the United States mail at Bakersfield California addressed as indicated on the attached mailing list.

Date of Mailing:        November 21, 2017

Place of Mailing:       Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                        **Terry McNally**
                                        CLERK OF THE SUPERIOR COURT

Date:  November 21, 2017

                        By:        _____

                                        Robin McDonald, Deputy Clerk


### MAILING LIST

ROGER KIRNOS
KNIGHT LAW GROUP, LLP
1801 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067

RICHARD STUHLBARG
BOWMAN AND BROOKE, LLP
970 WEST 190TH STREET,  SUITE 700
TORRANCE, CA  90502

# EXHIBIT J

Pursuant to CRC 2.259(e)(1) this document has been electronically filed by the
Superior Court of California, County of Santa Barbara, on 1/4/2018

**KNIGHT LAW GROUP, LLP**
Steve Mikhov (SBN 224676)
1801 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorney for Plaintiff,
**OKSANA A. YUDINOVA**

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA
**01/17/2018**
Darrel E. Parker, Executive Officer
BY  Chavez, Terri
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SANTA BARBARA**

| | |
|---|---|
| OKSANA A. YUDINOVA,<br><br>    Plaintiff,<br><br>    vs.<br><br>**FORD MOTOR COMPANY.,**<br>**a Delaware Corporation,**<br>**and DOES 1 through 10, Inclusive.**<br><br>    Defendants. | Case No.: 16CV00034<br>Unlimited Jurisdiction<br><br>~~[PROPOSED]~~ **ORDER GRANTING**<br>**PLAINTIFF'S ATTORNEY'S FEES AND**<br>**COSTS AND EXPENSES**<br><br>**Date:** November 20, 2017<br>**Time:** 9:30 a.m.<br>**Dept.:** SB5 |

[PROPOSED] ORDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Plaintiff's Motion for Attorney's Fees and Costs and Expenses, came on regularly for hearing on November 20, 2017, at 9:30 a.m., in Department SB5, of the above-entitled court located at 118 E. Figueroa St., Santa Barbara, California, the Honorable Colleen Sterne, presiding.

Roger Kirnos appeared on behalf of Plaintiff, Oksana A. Yudinova, and Jonathan Shugart of The Erskine Law Group appeared on behalf of Defendant, Ford Motor Company. Having read the motion, the memoranda and the declarations filed by the parties, and having heard oral argument of counsel, the Court makes the following ruling:

1. Plaintiff is awarded lodestar attorney's fees in the amount of $49,825.00;

2. Plaintiff is awarded costs and expenses in the amount of $4,575.17;

3. Plaintiff is awarded a total amount of attorney's fees and costs and expenses in the amount of $54,400.17.


IT IS HEREBY ORDERED.


IT IS SO ORDERED

Signed: 1/17/2018 10:43 AM

Dated:   **01/17/2018**

Judge of the Superior Court

**Colleen K. Sterne**

-1-

[PROPOSED] ORDER

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES AND COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

| | |
|---|---|
| Scott M. Erskine, Esq. | Richard Wirtz, Esq. |
| THE ERSKINE LAW GROUP, P.C | Wirtz Law APC |
| 26056 Acero | 4370 La Jolla Village Drive, Suite 800 |
| Mission Viejo, CA 92691 | San Diego, CA 92122 |
| FAX: (248) 601-4497 | **Associated Counsel for Plaintiff,** |
| **Counsel for Defendant,** | **OKSANA YUDINOVA** |
| **FORD MOTOR COMPANY** | (via E-mail only) |
| (via MAIL/FAX only) | |

**XX**   BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

**XX**   BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

**XX**   BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 4, 2018 at Los Angeles, California.

MIRKA ARELLANO

-1-
PROOF OF SERVICE

# EXHIBIT K

39

# OR.GINAL

**FILED**
Superior Court of California
County of Los Angeles

DEC 3 1 2017

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
R. Castle

RECEIVED

NOV 2 8 2017

DEPT 39

RECEIVED
NOV 27 2017
FILING WINDOW

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| JESUS MONTES, | Case No.: BC617619 |
| Plaintiff, | Unlimited Jurisdiction |
| vs. | [~~PROPOSED~~] ORDER ON PLAINTIFF'S ATTORNEY'S FEES AND COSTS AND EXPENSES |
| FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive, | Date:   October 31, 2017 |
| | Time:   9:00 a.m. |
| | Dept.:   39 |
| Defendants. | Reservation ID: 170922253101 |

BY FAX

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff's Motion for Attorney's Fees and Costs and Expenses, came on regularly for hearing on October 31, 2017 at 9:00 a.m., in Department 39, of the above-entitled court located at 111 North Hill Street, Los Angeles, California 90012, the Honorable Elizabeth Feffer, presiding.

[~~PROPOSED~~] ORDER

1     Roger Kirnos of Knight Law Group, LLP appeared on behalf of Plaintiff, Jesus Montes,

2 and Douglas A. Proudfoot of Gates, O'Doherty, Gonter & Guy, LLP appeared on behalf of

3 Defendant, Ford Motor Company. Having read the motion, the memoranda and the declarations

4 filed by the parties, and having entertained oral argument of counsel, the Court makes the

5 following ruling:

6     1. Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED. Plaintiff is

7        awarded attorney's fees in the amount of $43,527.50;

8     2. The Court finds that the work performed and the time incurred is reasonable;

9     3. The Court finds that the following hourly rates requested by counsel are reasonable:

10       Knight Law Group, LLP

11          • Steve Mikhov $500.00/hr

12          • Russell Higgins $400.00/hr

13          • Kristina Stephenson-Cheang $350.00/hr

14          • Chris Swanson $325.00/hr

15          • Michael Ouziel $250.00/hr

16          • Amy Morse $250.00/hr

17          • George Aguilar $225.00/hr

18          • Jennifer Reiz $200.00/hr

19       Daniels, Fine, Israel, Schonbuch & Lebovits, LLP

20          • Moses Lebovits $750.00/hr

21          • Ashley Arnett $350.00/hr

22          • Mary Fersch $350.00/hr

23          • Eloise Perez $150.00/hr

24     4. Plaintiff is awarded their full costs in the amount of $3,204.84;

25     5. Plaintiff is awarded a total amount of attorneys' fees and costs and expenses in the

26       amount of $46,732.34.

27 ///

28 ///

[PROPOSED] ORDER

1  ///

2     IT IS HEREBY ORDERED.

3

4                           IT IS SO ORDERED

5

6  Dated:   **DEC 3 1 2017**         **ELIZABETH R. FEFFER**

7                              Judge of the Superior Court

8

9  Prepared by:

10  **O'CONNOR & MIKHOV, LLP**
Steve Mikhov, Esq. (SBN 224676)

11  1801 Century Park East, Ste. 2300
Los Angeles, CA   90067

12  Telephone: (310) 552-2250
Fax: (310) 552-7973

13

14  Attorneys for Plaintiff,
JESUS MONTES

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
[~~PROPOSED~~] ORDER

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFF'S ATTORNEY'S FEES AND COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Douglas Proudfoot, Esq.
GATES, O'DOHERTY, GONTER,
& GUY LLP
38 Discovery, Suite 200
Irvine, CA 92618
Fax: 949-753-0265
**Counsel for Defendant,**
**FORD MOTOR COMPANY**
(via FAX & MAIL only)

Moses Lebovits, Esq.
DANIELS FINE ISRAEL SCHONBUCH &
LEBOVITS LLP
1801 Century Park East, 9th floor
Los Angeles, CA 90067
**Associated Counsel for Plaintiffs,**
**JESUS MONTES**
(via E-mail only)

XX    BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

XX    BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

XX    BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 27, 2017 at Los Angeles, California.

Mirka Arellano

-1-
PROOF OF SERVICE

# EXHIBIT L

1  **KNIGHT LAW GROUP, LLP**
   Steve Mikhov (SBN 224676)
2  1801 Century Park East, Suite 2300
   Los Angeles, California 90067
3  Telephone: (310) 552-2250
   Fax: (310) 552-7973
4

5  **WIRTZ LAW APC**
   Richard M. Wirtz (SBN 137812)
6  1801 Century Park East, Suite 2300
   Los Angeles, CA 90067
7  Telephone: (310)556-2121
   Fax: (858)259-6008
8

9  Attorneys for Plaintiff,
   **SERGIO I. LOPEZ**
10

11

                    CONFORMED COPY
                    ORIGINAL FILED
                 Superior Court of California
                  County of Los Angeles

                      OCT 11 2017

           Sherri R. Carter, Executive Officer/Clerk
              By Susann C. Ontiveros, Deputy

12              **SUPERIOR COURT OF CALIFORNIA**

13                **COUNTY OF LOS ANGELES**

14  **SERGIO I. LOPEZ,**                    Case No.: BC585892
                                            Unlimited Jurisdiction
15               Plaintiff,
                                            [PROPOSED] ORDER GRANTING
16        vs.                               PLAINTIFF'S MOTION FOR
                                            ATTORNEY'S FEES AND COSTS AND
17                                          EXPENSES

18  **FORD MOTOR COMPANY, a Delaware**      *Assigned for All Purposes to the*
    **Corporation, and DOES 1 through 10,** *Honorable Elizabeth Feffer*
19  **inclusive,**

20                                          Date: October 11, 2017
                                            Time: 9:00 a.m.
21               Defendant.                 Dept.: 39

22

23

24

25

26

27

28

                                    i

1    **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2        **PLEASE TAKE NOTICE** that on October 11, 2017 at 9:00 a.m. in Department 39 of

3  the Los Angeles County Superior Court, located at 111 N. Hill St., Los Angeles, California,

4  Plaintiff Sergio I. Lopez, moved the court for an award of attorney's fees and costs and expenses

5  pursuant to Civil Code § 1794(d) of the Song Beverly Consumer Warranty Act (Civ. Code 1790

6  *et. seq).*

7        Having read the motion, the memoranda and declarations filed by the parties, the court

8  makes the following ruling:

9        Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED. Plaintiff is

10  awarded $108,750.00 in attorney's fees.

11        Plaintiff is awarded ___TBD___ for cost and expenses.

12    ~~Plaintiff is also awarded a lodestar multiplier of 1.5 in the amount of~~ ___Ø___.

13        Said payment is to be mailed to Plaintiff's counsel's offices in Los Angeles ~~no later than~~

14  ~~30 days from this order.~~ Per statute.

15        (ER) DF

16    **IT IS HEREBY ORDERED.**

17

18                                 **IT IS SO ORDERED**

19

20

21

22  Dated:   **OCT 1 1 2017**            **ELIZABETH R. FEFFER**

23                                Judge of the Superior Court

24

25

26

27

28

ii

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES

# EXHIBIT M

#/0

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 20 2017

Sherri R. Carter, Executive Officer/Clerk
By Armando Garcia, Deputy

**Superior Court of California**

**County of Los Angeles**

**Department 78**

ANITA LONGIN;

    Plaintiff,

vs.

FORD MOTOR COMPANY;

    Defendant.

Case No.:    BC 564186
Hearing Date:    September 20, 2017

**[~~PROPOSED~~] RULING RE:**

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES.**

Plaintiff Anita Longin's Motion for Attorneys' Fees is GRANTED in the total amount of $227,228, plus costs and expenses totaling $31,712.55.

## FACTUAL BACKGROUND

This is a Lemon Law case. Plaintiff Anita Longin ("Longin") alleges in her First Amended Complaint ("FAC") as follows. On March 30, 2010, she purchased a new 2010 Ford Escape (the "Escape") with express warranties. (FAC ¶ 7.) The Escape was delivered with serious defects in the steering and transmission, and when Longin delivered the Escape to a Ford repair facility, Ford Motor Company ("Ford") denied warranty coverage, was unable to conform the vehicle to warranty, and failed to replace the vehicle. (*Id.* ¶¶ 14–19.)

The FAC alleges that Longin is entitled to civil penalties under the Song-Beverly Act and treble damages under section 3345. (FAC ¶ 26.) The FAC also alleges that Longin was a senior citizen within the meaning of Civil Code section 1761 subdivision (f) at the time the action was filed. (FAC ¶ 1.)

## PROCEDURAL HISTORY

Longin filed her Complaint on November 18, 2014, alleging two causes of action:

1. SONG-BEVERLY ACT
2. MAGNUSON-MOSS ACT

Ford filed its Answer on December 18, 2014. Trial was originally set for May 15, 2016, but on May 10, 2016, the trial was continued until May 31, 2016.

On May 27, 2016, the court granted Longin's ex parte application, and trial was continued until July 19, 2016. On June 30, 2016, trial was continued until August 16, 2016 because of Longin's health. On August 3, 2016, trial was continued until November 1, 2016.

On October 24, 2016, this court granted Longin's motion for leave to file her FAC and continued the trial until November 14, 2016.

Longin filed her FAC on October 24, 2016, alleging two causes of action:

1. SONG-BEVERLY ACT

2. MAGNUSON-MOSS ACT

On November 10, 2016, this court continued the trial again based on counsel's unavailability for trial until January 24, 2017 pursuant to a stipulation by the parties.

Trial began on March 13, 2017. On March 17, 2017, the jury found in favor of Longin, finding total damages of $18,256.95 and a total civil penalty of $36,500. The court entered judgment in favor of Longin in the total amount of $54,756.95 on April 19, 2017.

Longin filed her Motion for Attorney Fees on June 16, 2017. Ford filed its Opposition on September 7, 2017. Longin filed her Reply on September 13, 2017.

## DISCUSSION

### I.    OBJECTIONS

Longin's Objections – Luebke's Declaration

- Objection No. 1 is OVERRULED
- Objection No. 2 is OVERRULED
- Objection No. 3 is OVERRULED

Longin's Objections – Proudfoot Declaration

- Objections Nos. 1-8 and 10 -12 are SUSTAINED.  Argument of counsel is more properly in the Opposition memorandum.

- Objection No. 9 is OVERRULED as to the last sentence, and otherwise SUSTAINED.

### II.    MOTION FOR ATTORNEYS' FEES

Attorneys' fees are allowed as costs when authorized by contract, statute, or law. (Code Civ. Proc., § 1033.5, subd. (a)(10)(B).)

### A. ENTITLEMENT TO ATTORNEYS' FEES

"If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses,

2

including attorney's fees based on actual time expended, determined by the court to have been
reasonably incurred by the buyer in connection with the commencement and prosecution of such
action." (Civ. Code, § 1794, subd. (d).)

Here, it is undisputed that as the prevailing party in a Song-Beverly Act case, plaintiff is entitled
to attorneys' fees.

## B. REASONABLENESS OF ATTORNEYS' FEES

As the party seeking attorneys' fees, Longin bears the burden in demonstrating that the amount
of feess she seeks is reasonable. (See *Christian Research Institute v. Alnor* (2008) 165
Cal.App.4th 1315, 1320.) To meet this burden, Longin may be required "to produce records
sufficient to 'provide a proper basis for determining how much time was spent....'" (*Lunada
Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 486 [quoting *Ketchum v. Moses* (2001) 24
Cal.4th 1122, 1131–1132].) Longin's "'evidence should allow the court to consider whether the
case was overstaffed, how much time the attorneys spent on particular claims, and whether the
hours were reasonably expended.'" (*Id.* at pp. 486–487.)

Courts have also held that "the verified time statements of the attorneys, as officers of the court,
are entitled to credence in the absence of a clear indication the records are erroneous." (*Horsford
v. Board Of Trustees Of California State University* (2005) 132 Cal.App.4th 359, 396.) The court
in *Horsford* held that "Gordon, for example, stated in his verified declaration that his listing of
hours 'included only the hours that I believe were reasonably necessary to achieve our clients'
goals.' Instead of a presumption of credibility, the trial court often assumed the opposite." (*Ibid.*)

Here, Longin submits two declaration in support of her motion for attorneys' fees, one from each
of the two law firms working on this case.

Steve Mikhov ("Mikhov") began working with Longin at the outset of litigation in November
2014. (Mikhov Decl. ¶ 8.) Mikhov states that he has been admitted to the California Bar since
2003, and currently bills at $500 per hour. (*Id.* ¶ 20.) Mikhov seeks a total amount of fees of
$68,465, which are supported by time records recorded in increments of .1 hours. (*Id.* ¶¶ 2, 35,
Ex. A.)

Mikhov sets forth the following work that was performed by himself and his associates and other
partners. Mikhov first reviewed Longin's repair history before agreeing to represent her on a
contingency basis. (Mikhov Decl. ¶ 8.) In January of 2015, Ford served extensive discovery
requests on Longin, which Mikhov and his associates answered in February 2015. (*Id.* ¶ 9.) On
April 6, 2015, Longin was deposed. (*Ibid.*) Longin then propounded written discovery on Ford in
June 2015, and after Ford responded with "incomplete and evasive responses," the parties met
and conferred regarding additional responses in September 2015 and through March and April of
2016. (*Id.* ¶¶ 10, 11.)

Mikhov states that because it appeared that this case was going to trial due to the "aggressive
litigation" of the case and "the lack of any meaningful settlement offer," Mikhov associated with
the Law Offices of Sephr Daghighian, P.C. ("LOSD") on February 16, 2016. (Mikhov Decl. ¶
12.)

3

Mikhov's declaration also includes a list of all twelve other attorneys who worked on this action within his firm. (Mikhov Decl. ¶¶ 21–32.) These attorneys' billing rates range from $250 per hour to $400 per hour. Mikhov sets forth the billing rates for seven other lemon-law attorneys, who bill at between $395 and $595 per hour, with experience ranging from 22 to 34 years of experiences. (*Id.* ¶ 34.) Mikhov also describes and attaches 32 trial court orders granting substantial attorneys' fees at similar rates in lemon law cases, some of which also granted a multiplier. (*Id.* ¶¶ 36–67.)

Sephr Daghighian ("Daghighian") states that after agreeing to associate in this case because it appeared to be headed to trial, he began his work by reviewing the case file with an eye towards trial. (Daghighian Decl. ¶ 12.) Daghighian also deposed Ford employees and the dealership in this matter. (*Id.* ¶ 14.) Daghighian then worked with Longin's expert regarding Ford's Technical Service Bulletins and Special Service Messages relating to Longin's vehicle. (*Id.* ¶ 15.) Daghighian began preparing for trial "in earnest" in May 2016. (*Id.* ¶ 16.) Daghighian also deposed Ford's expert on May 5, 2016. (*Id.* ¶ 17.)

Daghighian filed thirteen motions in limine relating to trial on May 12, 2016, and filed oppositions to Ford's MILs. (Daghighian Decl. ¶¶ 18, 19.) Daghighian also notes that Ford served its first 998 offer on May 20, 2016 for $15,000. (*Id.* ¶ 24.) Ford's second 998 offer was on March 13, 2017, for a total of $18,000. (*Id.* ¶ 26.)

Daghighian states he spent 347.75 hours on this case at $400 per hour, not including time spent on this motion for attorneys' fees. (Daghighian Decl. ¶¶ 3–5.) His paralegal, Yaghoubzadeh, spent 12.25 hours at $75 per hour, and his associate, Larry Castruita, spent 61.25 hours at $300 per hour. (*Id.* ¶¶ 6, 7.) The total amount of attorneys' fees sought by Daghighian is $162,763. (*Id.* ¶ 8.)

## A. HOURLY RATES

As the court held in *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426:

> The courts repeatedly have stated that the trial court is in the best position to value the services rendered by the attorneys in his or her courtroom [Citation], and this includes the determination of the hourly rate that will be used in the lodestar calculus. [Citations.] In making its calculation, the court may rely on its own knowledge and familiarity with the legal market, as well as the experience, skill, and reputation of the attorney requesting fees [Citation], the difficulty or complexity of the litigation to which that skill was [Citations], and affidavits from other attorneys regarding prevailing fees in the community and rate determinations in other cases.

(*Id.* at pp. 436-437.)

In the context of attorneys' fees in Song-Beverly Act cases, courts have held:

> At the outset, it is important to note that we are not concerned in this case with a customary statutory or contractual provision which merely provides for "reasonable

4

attorney fees." The statute we are dealing with takes a somewhat different approach. It requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount. A prevailing buyer has the burden of "showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.' " [Citation.]

The plain language of the statute allows only for the recovery of attorney fees which have been "reasonably incurred by the buyer." "The word 'incurred' when used in connection with bills or expenses, means to become liable for, ... to have liability thrust upon one by act or operation of law." [Citation.] Here, the buyer admittedly was being billed for and was liable for attorney fees only at the hourly rate of $120 per hour. Thus, for the 630.4 hours of actual time expended by her attorney, Nightingale was only obligated for fees in the amount of $75,648.4. She was billed for these fees, and paid $64,563.47 in attorney fees and costs. Therefore, in the instant case, the portion of the award of attorney fees resulting from higher hourly rates than the buyer was obligated to pay was not incurred within the meaning of the statute and may not be recovered.

(*Nightingale v. Hyundai Motor America* ("*Nightingale*") (1994) 31 Cal.App.4th 99, 104–105.)

Ford argues that because Longin has not provided a declaration stating that she agreed to pay the hourly rates charged by her attorneys, she cannot recover those rates and this court should deny this motion in its entirety. (Opposition at p. 7.) However, the right to recover attorneys' fees is well established, and the fact that Longin's attorneys represented her on a contingency basis does not mean the attorneys waived their right to collect attorneys' fees, nor were they required to provide the court with the retainer agreement. This issue before the court is only whether the rates charges are "reasonable."

Ford then argues that no fees should be allowed by Daghighian because the association of Daghighian with Mikhov was required to be consented to in writing by Longin, and no such signed consent form was produced. (Opposition at pp. 7–8.)

However, Ford cites to no cases where a plaintiff's own attorneys must produce a signed consent form to an association in seeking attorneys' fees. Simply put, whatever rights Longin has with respect to the California Rules of Professional Conduct regarding association of outside counsel, those rights are held by Longin, and may not be asserted by Ford in opposing a motion for attorneys' fees.

5

Ford argues generally that it is unreasonable to hire a second law firm in a simple lemon law action, and that the total amount of attorneys' staffing this case is unreasonable. (Opposition at pp. 8–9.) However, Ford has failed to articulate why such a case should not have been staffed in this manner. Longin's attorneys state that because the case was being aggressively litigated by Ford and appeared to be going to trial, Daghighian was associated in to prepare the case for trial. The court finds that hiring separate trial counsel is not unusual, especially in a lemon law action, which actions infrequently go to trial.

Ford is correct in arguing that this court retains discretion in granting or reducing the requested amount of attorneys' fees. As to the amount of fees, Ford argues only that the requested fees are too high, and that contingent attorneys may only bill at the same rates as non-contingent attorneys. (Opposition at pp. 10–13.)

The court disagrees. Ford cites to *Ketchum v. Moses* ("*Ketchum*") (2001) 24 Cal.4th 1122, 1132. (Opposition at p. 10.) It is true that the court in that case approved of a method of calculating fees that began "with a lodestar figure based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting *noncontingent* litigation of the same type." (*Ketchum, supra,* 24 Cal.4th at p. 1133.)

However, the court in *Ketchum* held that:

> The economic rationale for fee enhancement in contingency cases has been explained as follows: "A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans." [Citation.] "A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases."

(*Ketchum, supra,* 24 Cal.4th at pp. 1132–1133.)

Therefore, *Ketchum* does not stand for the proposition that all attorneys taking cases on contingency are limited in their hourly rates to those billed by their defense counterparts. Indeed, the economic rationale for fee enhancement generally set forth in *Ketchum* run counter to Ford's argument. The court will address below whether a fee enhancement in the form of a multiplier is reasonable under these circumstances. The court also notes that in *Nightingale,* the plaintiff was not represented on a contingent basis, but rather, agreed to an hourly fee. Having done so, the court simply stated that she could not recover attorneys' fees in excess of that agreed-to hourly rate because no such fees were "incurred."

Ford introduces no evidence to show that the rates set forth by Longin's attorneys are unreasonable. Ford sets forth only that its attorney, Matthew Proudfoot, bills at $175 to $200 per

6

hour. (Proudfoot Decl. ¶ 15.) The court finds this fact irrelevant to whether the hourly rates of attorneys working on a contingency basis are reasonable.

The court has reviewed the hourly rates billed by Longin's attorneys, as well as the attorneys' level of experience, and finds that the rates charged by Longin's attorneys are reasonable.

## B. INDIVIDUAL ENTRIES

The court notes that Ford does not cite to any specific unreasonable entries in its Opposition, but rather points to a detailed list of costs it claims are unreasonable as set forth in Exhibit A attached to the Luebke declaration.

In her Reply, Longin objects to this documents are an attempt to impermissible file an oversized brief without prior court approval. (Reply at pp. 3–4.) The court has overruled the objection to this exhibit, but agrees generally that Ford's failure to address the reasonableness of the hours billed in the opposition while relying instead on a 13-page single space exhibit is improper. However, in an effort to evaluate the reasonableness of the specific hourly entries, the court has generally considered the "summary of objectionable specific charges" attached as Exhibit A.

Ford sets forth seven categories of charges it claims are unreasonable. The court will consider them in turn.

### 1. Category 1: Block Billing (Knight Law Group)

"Trial courts retain discretion to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not." (*Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 1010.)

Here, the court has reviewed all of the entries Ford claims are "block billed" because they include multiple tasks within the same entry. The court finds that none of these tasks are improperly block billed such that the court cannot tell which tasks are compensable and which are not. Some of the tasks are in amounts as low as .3 hours. Additionally, all of the tasks are described in detail, even if included in a single entry. For example, on April 6, 2015, the task of 4.5 hours is described as "prepare for and attend Plaintiff's deposition." The court can easily determine that both "preparing for" and "attending" plaintiff's deposition are compensable.

Some of the longer entries are also easily identifiable as compensable tasks. For example, the 13 hours billed on March 10, 2017 is for "prepar[ing] for and attend[ing] trial; meeting with Darrell Bladjo." Time spent in preparing for and attending trial is obviously compensable, and meetings with expert Bladjo are also compensable. The court finds that these entries are reasonable.

### 2. Category 2: Interoffice Conferences (Knight Law Group)

Ford argues that these entries are unreasonable because the number and length of the conferences were dictated by plaintiff's staffing strategy and not necessity, specifically, plaintiff's decision to staff numerous associate attorneys who needed to get up to speed with this case.

As an initial matter, the court notes that the largest entry of 8.5 hours is for reviewing and revising the special verdict form and preparing exam outlines. These tasks, although they involved a "conference" among attorneys, are reasonable and compensable.

The remainder of the objected-to conferences total 10.6 hours between January 5, 2015, and March 22, 2017. The court finds that although this case was staffed with an unusually high amount of attorneys, 10.6 hours for the attorneys to confer over the course of more than two years is not unreasonable.

The court will not reduce the lodestar amount by any of the interoffice conferences.

### 3. Category 3: Clerical and Secretarial Tasks (Knight Law Group)

Ford argues that these tasks are "secretarial" work that were improperly billed by attorneys billing $250 per hour rather than paralegals at a lower rate.

The court finds that the tasks described in this section are reasonable. The tasks involved drafting subpoenas and summarizing deposition transcripts, as well as preparing Longin's document productions. While some of these tasks could be performed by a skilled paralegal, drafting documents is typically a task for associate attorneys, specifically, the attorneys' billing at only $250 per hour. In addition, the time allocated to each task is in most instances .2 hours.

The court will not reduce the lodestar amount by any of the allegedly "clerical" tasks listed by Ford.

### 4. Category 4: Block Billing (Daghighian)

The court has reviewed Ford's listed entries it claims are block billed. No entry is longer than 6.75 hours. The longer entries are clearly compensable. For example, the 6.75 hours were spent attending the MSC, reviewing Ford's mediation brief, meeting with Longin and her representative, and drafting a report regarding the MSC for co-counsel. These tasks are compensable and the court finds that the amount of time spent on these tasks are reasonable.

The court will not reduce the lodestar amount by any of the claimed "block-billed" entries.

### 5. Category 5: Duplicative, Excessive, or Unreasonable Time (Daghighian)

Ford argues that it is "unreasonable" for Daghighian to bill 1.5 hours for packing and unpacking a trial briefcase on March 9, 2017, and then unpacking the trial briefcase and preparing a summary of proceedings for 1.25 hours on March 19, 2017. While it is likely that packing and unpacking the briefcase likely included organizing of materials for trial, because this is not specified, the court finds that some reduction in time is appropriate. The court reduces the number of hours for these two tasks by 1 hour.

Ford also argues that this is a "cut and paste" motion for attorneys, fees, and therefore the 9.5 hours spent drafting the motion and 2 hours spent drafting the declaration in support thereof are unreasonable. However, Ford fails to present admissible evidence that the memorandum is

8

identical to prior motions for attorneys' fees. Indeed, Longin's briefs specifically address this
case and, as to the Reply, Ford's arguments.

The court finds that 11.5 hours to draft the 15-page motion and supporting documents is a
reasonable number of hours for the preparation of a motion for attorneys' fees.

The court therefore reduces the number of hours in this category by one hour.

### 6. Category 6: Clerical and Secretarial Tasks (Daghighian)

The court has reviewed the listed entries and finds that many of the tasks described are properly
performed by an attorney. For example, although on March 7, 2016, Daghighian spent 3.75
hours, in part, printing and saving documents from co-counsel, he also prepared a case file,
reviewed the pleadings and discovery, and organized the document production. However, tasks
like scheduling a court reporter, making copies, and filing and serving documents are tasks more
properly performed by a secretary or paralegal. The court therefore reduces the hours performed
in these tasks by 5 hours.

### 7. Interoffice Conferences (Daghighian)

The court has reviewed these entries and finds that although they are significantly larger than the
claimed interoffice conferences relating only to Knight Law, the conferences center around the
trial. Also, many of the claimed entries involve communications with opposing counsel, which
are clearly appropriately billed. Additionally, some of the billed time is appropriately with a
paralegal regarding tasks to be performed, and the time spent is typically minimal, for example,
15 minutes. The court finds that conferences between co-counsel and with paralegals before and
during trial are generally reasonable and compensable. However, some of the time was
necessitated only by the fact that there were multiple counsel working on the case, and the court
finds that in total this category of time should be reduced by 4 hours.

### C. MULTIPLIER

"A trial court has discretion to adjust the lodestar amount to take account of unique
circumstances in the case. [Citation.] Some factors the court may consider in adjusting the
lodestar include: '(1) the novelty and difficulty of the questions involved, (2) the skill displayed
in presenting them, (3) the extent to which the nature of the litigation precluded other
employment by the attorneys, [and] (4) the contingent nature of the fee award. [Citation.] 'The
purpose of such adjustment is to fix a fee at the fair market value for the particular action. In
effect, the court determines, retrospectively, whether the litigation involved a contingent risk or
required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to
approximate the fair market rate for such services.' [Citation.]." (*Amaral v. Cintas Corp. No. 2*
(2008) 163 Cal.App.4th 1157, 1216.)

> The courts repeatedly have stated that the trial court is in the best position to value
> the services rendered by the attorneys in his or her courtroom [Citation], and this
> includes the determination of the hourly rate that will be used in the lodestar
> calculus. [Citations.] In making its calculation, the court may rely on its own

> knowledge and familiarity with the legal market, as well as the experience, skill, and reputation of the attorney requesting fees [Citation], the difficulty or complexity of the litigation to which that skill was [Citations], and affidavits from other attorneys regarding prevailing fees in the community and rate determinations in other cases.

(*569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426.)

Here, the court agrees with Ford that a multiplier is not appropriate under these circumstances. As an initial matter, the court notes that only Mikhov sets forth a rationale for a multiplier in his declaration. (Mikhov Decl. ¶¶ 68–71.) However, Mikhov did not take on the bulk of the trial litigation in this case, but instead associated with Daghighian. Daghighian sets forth no basis for the multiplier in his declaration.

The court notes that while Longin's attorneys achieved a favorable result in this case, there was no unusual or novel questions or work performed. Plaintiff's attorneys simply reviewed her file, filed a complaint, engaged in reasonable discovery and investigation, and then took the case to a short trial. None of these tasks are so unusual as to justify a multiplier.

Additionally, the court notes that the economic rationale for allowing contingency attorneys to bill at a higher rate is to compensate them for the risk they take over non-contingent defense work, and the delay in receiving payment of their attorneys' fees. As discussed in *Ketchum*, one way to provide for this additional risk is to calculate a lodestar based on the hours reasonably incurred at the prevailing *non-contingent* rates, and then add a multiplier. Alternatively, the court can simply award attorneys' fees at higher hourly rates. However, by asking for a multiplier on a lodestar calculated with arguably higher rates charged by contingency fee lawyers, Longin is essentially asking this court to double-count the risk in taking on contingent cases. Because this court is granting attorneys' fees at the rates set forth in the declarations, it finds an additional multiplier to be unnecessary. Also, the court has reviewed the amount of work necessary to litigate this case to trial and, while the court finds the award of $227,228 to be reasonable, the court has made minimal reductions to the number of hours claimed by Longin's attorneys, and finds that the total amount of the award even absent a multiplier will provide reasonable compensation to Longin's attorneys.

Accordingly, the court GRANTS attorneys' fees totaling $227,228, representing the total lodestar amount claimed by Longin of $231,228, less the ten hour reduction at $400 per hour, without any multiplier.

### III.   MOTION FOR COSTS

Allowable costs "shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation." (Code Civ. Proc., § 1033.5, subd. (c)(2).) Any items not specifically mentioned by statute "may be allowed or denied in the court's discretion." (*Id.*, subd. (c)(4).)

"'If the items appear to be proper charges the verified memorandum is prima facie evidence that
the costs, expenses and services therein listed were necessarily incurred by the defendant
[citations], and the burden of showing that an item is not properly chargeable or is unreasonable
is upon the [objecting party].' [Citation.]" (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 131.)
The court therefore first determines if the statute expressly allows for the item, and whether it
appears proper on its face. If so, "the burden is on the objecting party to show them to be
unnecessary or unreasonable." (*Ibid.*)

However, other courts have held that: "On the other hand, if the items are properly objected to,
they are put in issue and the burden of proof is on the party claiming them as costs." (*Ladas v.
California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774.)

Longin has submitted a verified Memorandum of Costs setting forth $31,712.55 in costs.

Ford argues that the $368.06 for travel expenses are excessive and not supported by documents.
(Opposition at p. 17.) The court finds that Longin has met her burden to claim a total of $368.06
for travel expenses during the over two years of litigation in this action. The Memorandum of
Costs is verified, and these expenses are not facially unreasonable.

Ford argues that the overnight delivery, postage, business record, and copying charges are not
compensable under section 1033.5.

However, Longin correctly points out that the Beverly-Song act allows a successful plaintiff to
recover both "costs" and "expenses." (See Civ. Code, § 1794, subd. (d).) Courts have held that
"it is clear the Legislature intended the word 'expenses' to cover items not included in the
detailed statutory definition of 'costs.'" (*Jensen v. BMW of North America, Inc.* ("*Jensen*")
(1995) 35 Cal.App.4th 112, 137.) The court in *Jensen* held that "[t]he legislative history indicates
the Legislature exercised its power to permit the recovery of expert witness fees by prevailing
buyers under the Act . . . ," noting that the legislature included "expenses" in the lemon law act
because "'[t]he addition of awards of "costs and expenses" by the court to the consumer to cover
such out-of-pocket expenses as filing fees, expert witness fees, marshall's fees, etc., should open
the litigation process to everyone.' [Citation.]"

The court agrees that because section 1794 provides for the recovery of "expenses," a term that
is broader than statutory "costs," overnight delivery, postage, business record, and copying
charges are allowable. Ford fails to address this point in its Opposition.

Ford also argues that court reporter fees are not recoverable unless the court orders the reporter's
presence. (Opposition at p. 17.) However, such fees are also properly considered "expenses" that
are recoverable under section 1794.

The court GRANTS the Motion for Costs in the total amount of $31,712.55.

Plaintiff to give notice.

DATED:  September 20, 2017

**GAIL RUDERMAN FEUER**

Hon. Gail Ruderman Feuer
Judge of the Superior Court

11

# EXHIBIT N

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
## CENTRAL

### MINUTE ORDER

DATE: 09/15/2017                    TIME: 10:30:00 AM          DEPT: C-74

JUDICIAL OFFICER PRESIDING: Kevin A. Enright
CLERK: Robin Smith
REPORTER/ERM: Suzanne Tate, CSR #8120
BAILIFF/COURT ATTENDANT: Katie Barr, CSO

CASE NO: **37-2015-00019958-CU-BC-CTL**   CASE INIT.DATE: 06/15/2015
CASE TITLE: **Julie Harris vs. Hyundai Motor America [IMAGED]**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Breach of Contract/Warranty

**EVENT TYPE**: Motion Hearing (Civil)

**APPEARANCES**
Hallen D Rosner, counsel, present for Plaintiff(s).
Brian Takahashi, counsel, present for Defendant(s).

The Court hears oral argument and confirms the tentative ruling as follows:

Plaintiff Julie Harris's motion for attorney fees is granted in part and denied in part.

A prevailing buyer in an action under the Song–Beverly Act shall be allowed to recover attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of the action. (Civ. Code, § 1794, subd. (d).) Attorney fees under section 1794(d) are appropriately determined by the "lodestar" method, which requires the trial court to determine a lodestar based on the actual time spent at a reasonable hourly rate, which may then be adjusted by a positive or negative multiplier based on various factors including: the novelty and difficulty of the questions involved and the skill displayed in presenting them; the extent to which the nature of the litigation precluded other employment by the attorneys; the contingent nature of the fee award, based on the uncertainty of prevailing on the merits and of establishing eligibility for the award; the results achieved; and duplicative or excessive attorney work. (*Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal. App. 4th 785, 819-821; *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal. App. 4th 140, 161; *Goglin v. BMW of N. Am., LLC* (2016) 4 Cal.App.5th 462, 470.)

Defendant Hyundai Motor America does not dispute that plaintiff is entitled to attorney fees but instead argues that the fees requested are unreasonable. The court finds that the rates charged by plaintiff's attorneys are reasonable based on their skill and experience and the results achieved. The court therefore finds that the lodestar is $234,409.50, which is based on the rates charged and the hours reported. However, the skill of plaintiff's attorneys and their extensive experience in cases under the Song–Beverly Act makes it unreasonable to employ 14 attorneys from 3 different law firms. The court finds that this matter was overstaffed, which resulted in duplicative efforts by attorneys. Additionally,

CASE TITLE: Julie Harris vs. Hyundai Motor America [IMAGED]    CASE NO: **37-2015-00019958-CU-BC-CTL**

excessive time was reported for analysis and drafting of pleadings based on the attorneys' experience with this area of the law and their use of pleading templates. The court therefore finds that it is necessary to reduce the lodestar by a negative multiplier of 0.15 to reflect an amount of fees that would have been reasonably incurred, even when considering the contingent nature of the fee award. Accordingly, the court awards fees in the amount of $199,248.08.

**IT IS SO ORDERED.**

_Judge Kevin A. Enright_

---

# EXHIBIT O

**KNIGHT LAW GROUP, LLP**
Steve B. Mikhov (SBN 224676)
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

**LAW OFFICE OF MICHAEL H. ROSENSTEIN**
Michael Rosenstein (SBN 169091)
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiff,
JOHN ASPINALL

F I L E D
Clerk of the Superior Court

SEP 08 2017

By: P. ASHWORTH, Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

JOHN ASPINALL,

    Plaintiff,

vs.

KIA MOTORS AMERICA, INC., a California Corporation, and DOES 1 through 10, inclusive,

    Defendants.

Case No.: 37-2015-00002577-CU-BC-CTL
Unlimited Jurisdiction

[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES AND MOTION FOR PREJUDGMENT INTEREST

Hearing Date:    September 8, 2017
Time:    9:00 a.m.
Dept.:    67

i

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES AND MOTION FOR PREJUDGMENT INTEREST

1  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2       **PLEASE TAKE NOTICE** that on September 8, 2017 at 9:00 a.m. in Department C67 of

3  this Court located at 330 West Broadway, San Diego, California 92101, Plaintiff JOHN

4  ASPINALL moved the court for an award of attorney's fees and costs and expenses pursuant to

5  Civil Code § 1794(d) of the Song Beverly Consumer Warranty Act (CIV. Code 1790 *et. seq*).

6       Having read the motion, the memorandums and the declarations filed by the parties, and

7  having entertained oral argument of counsel, the Court made the following ruling:

8    1.  Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED, in part;

9    2.  The Court finds the hourly rates of Plaintiff's attorneys are reasonable;

10   3.  The Court finds in it reasonable to reduce Plaintiff's attorney's fees by **20** %;

11   4.  Plaintiffs are awarded $ **226,845.00** in attorney's fees;

12   5.  Plaintiffs are awarded $ **46,021.71** for cost and expenses;

13   6.  The Court declines to award a lodestar multiplier;

14   7.  The total award to Plaintiff for attorney's fees, costs and expenses is **$272,866.71**

15   8.  Said amounts are to be paid to Plaintiff's counsel's offices in Los Angeles no later than

16      30 days from this order.

17

18      **IT IS HEREBY ORDERED.**

19

20                   **IT IS SO ORDERED**

21

22

23

24 Dated:   **08 SEP 2017**         *Eddie C. Sturgeon*
                                                Eddie C. Sturgeon

25                    Judge of the Superior Court

26

27

28

                               ii

# EXHIBIT P

This Tentative Ruling is made by Judge Sandra K. Bean On the motion of Plaintiff
Tanya Bravo ("Plaintiff") for attorney's fees pursuant to Civil Code Â§1794(d): The
motion is GRANTED and reasonable attorney fees of **$94,112.50** are awarded. The
Court finds that Plaintiffs are entitled to reasonable attorney's fees based on actual time
expended, pursuant to Civil Code Section 1794(d), which is part of the Song-Beverly
Consumer Warranty Act (hereafter "Section 1794(d)"). That statute provides: "If the
buyer prevails in action under this section, the buyer shall be allowed by the court to
recover as part of the judgment sum equal to the aggregate amount of costs and
expenses, including attorney's fees based on actual time expended, determined by the
court to have been reasonably incurred by the buyer in connection with the
commencement and prosecution of such action." The Court must determine whether the
total attorney's fees claimed by Plaintiff and incurred at the specified hourly rates hourly
were "reasonably incurred." (See Section 1794(d) [limiting fees to those "determined by
the court to have been reasonably incurred by the buyer in connection with the
commencement and prosecution of such action."]) As stated by the court in Nightingale
v. Hyundai Motor America (1994) 31 Cal.App.4th 99, 104-105, this "requires the trial
court to make an initial determination of the actual time expended; and then to ascertain
whether under all the circumstances of the case the amount of actual time expended
and the monetary charge being made for the time expended are reasonable." (31
Cal.App.4th at p. 104.) In determining whether fees are reasonable, the court is to
consider factors such as the complexity of the case, the procedural demands, the skill
and experience of counsel exhibited, the necessity of the services, and the results
achieved. (Id.; see also Levy v. Toyota Motor Sales, U.S.A., Inc. (1992) 4 Cal.App.4th
807, 816 [a prevailing buyer has the burden of showing that the fees were "reasonably
necessary to the conduct of the litigation" and were "reasonable in amount."]) Plaintiff
seeks to recover attorney's fees totaling $94,112.50 with a 1.5 multiplier totaling
$141,168.75 in fees. The Court finds that the rates charged of $500 to $650 per hour for
the primary attorneys, $225 to $375 per hour for associates and $125 to $175 are
reasonable. The Court determines that an award of $94,112.50 for the fees incurred is
appropriate. The Court determines this is sufficient in light of the amounts at stake, the
complexity of the case, the procedural demands, the necessity of the services, the
results achieved, and the other factors the Court has considered as discussed in the
parties' papers in the motion for attorney's fees and in light of the Court's experience
with this case from its inception. The court does not believe that a multiplier is justified
and therefore will not award a multiplier. (See Levy, supra, 4 Cal.App.4th at pp. 815-
816.) Therefore Plaintiffs are hereby awarded the sum of $94,112.50 for attorney's fees
reasonably necessary to the conduct of this litigation. Defendant's Objection Numbers 1,
2, 3, 5, 6, 7 to the Declarations Submitted by Plaintiff is SUSTAINED. Defendant's
Objection Number 4 to the Declarations Submitted by Plaintiff is OVERULLED. The
Court notes that a memorandum of costs was filed on July 18, 2017. It appears that no
motion to strike or motion to tax costs was filed within 15 days of such service. (See
CRC 3.1700(b)(1).) Accordingly the court awards costs in the amount $11,484.05 as
sought in the memorandum of costs in addition to the fees set forth above. (See CRC
3.1700(b)(4).) The court will prepare the final order and mail copies to the parties.
Counsel for Plaintiff shall file and serve a Notice of Entry of Order on all parties no later
than ten (10) days after the date of the clerk's certificate of mailing. PLEASE NOTE: The

court no longer provides a court reporter for civil law and motion hearings, any other hearing, or trial in civil departments. (See amended Local Rule 3.95.) This tentative ruling will automatically become the final order of the court on the scheduled hearing date unless a party does BOTH of the following by no later than 4:00 p.m. on the court day before the hearing: (1) notifies the court by telephone at (510) 263-4301 or by e-mail to Dept.301@alameda.courts.ca.gov that the party intends to appear to contest this tentative ruling; AND (2) notifies all opposing counsel or unrepresented parties by telephone or in person that the party intends to appear to contest this tentative ruling. Notification to the court should include a brief description of which aspect of the court's tentative ruling the party intends to contest. Notification to CourtCall that a party intends to appear by phone on the law and motion date does not constitute compliance with the two steps required above. A party failing to comply with the above procedure will not be allowed to appear to contest the tentative ruling on the scheduled hearing date.

# EXHIBIT Q

## TENTATIVE RULINGS

### DEPT C17

### Judge Craig L. Griffin

### Date:  August 9, 2017

**Please read rules carefully. Do not call department unless submitting on the tentative.**

**OBTAINING TENTATIVE RULINGS:** All rulings will normally be posted on the internet at
www.occourts.org/tentativerulings/cgriffinrulings.htm **by 12:00 noon on Monday, the day of the
hearing.**
**APPEARANCES:** The Court will hear oral argument on all matters at the time noticed for the
hearing. **If you wish to submit on the tentative** and do not want to appear, please inform the
clerk by calling **(657) 622-5217**, and inform opposing counsel.  Unless otherwise indicated in the
tentative, the prevailing party will give Notice of Ruling or prepare an Order if appropriate per CRC
3.1312.
**NOTICE TO COUNSEL:** Upon filing a motion, moving party shall provide a copy of this procedural
notice to opposing counsel. If opposing counsel appears at the scheduled hearing unnecessarily
because of moving party's failure to provide this notice, sanctions may be imposed. Upon posting of
ruling prevailing party shall give notice of the ruling. Prevailing party shall prepare an
Order/Judgment for the Court's signature if the motion is dispositive of a cause of action, a party or
the case.
**DO NOT CALL** the clerk or the courtroom assistant for clarification of rulings or additional
information. If you do not have internet access, you may call the courtroom assistant or clerk after
8:30 am on the day of the scheduled hearing and the ruling will be read to you.

| Case Name | Tentative |
|---|---|
| Murillo v. FCA US LLC | **Plaintiff's Motion for Costs and Attorney's Fees** <br><br> Plaintiff Jose D. Murillo seeks an award of $98,385.26 in costs and attorney's fees comprised of base fees of $61,515, plus a 1.5 lodestar multiplier which would add an additional $30,757.50 in fees for contingent risk, and $6,112.76 in costs. <br><br> In determining reasonable hours, counsel's verified time statements, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous. (*Horsford v. Board of Trustees* (2005) 132 Cal.App.4th 359, 396.) <br><br> Once counsel's hours are documented, the burden shifts to the opposing party to show that any specific time is unreasonable.  In challenging attorney's fees as excessive, the burden is on the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence.  (*Premier Medical Management Systems Inc. v. California Ins. Guarantee Association* (2008) 163 Cal.App.4th 550, 564.) <br><br> Defendant FCA US LLC (formerly known as Chrysler Group LLC) filed its Opposition late, without leave of court, but requests relief under CCP 473 (b) based on its attorney's affidavit of mistake.  While Defendant should have filed an ex parte application, the court will overlook this defect to grant the requested relief and consider the Opposition.  In any event, in his Reply, Plaintiff does not object to the request for relief and does not claim to have suffered undue prejudice from the late-filed Opposition. <br><br> **A.      Defendant's Opposition** <br><br> In Opposition, Defendant raises a number of arguments. |

### 1.     2015 and 2016 Hourly Rates;

First, Defendant argues that there is no evidence that the current hourly rates for
Plaintiff's counsel also applied in 2015 and 2016 when they performed the work.
However, in Reply, counsel for Plaintiffs note correctly that their declarations and
billing statements attest to their accuracy and are entitled to a presumption of
correctness.  The burden was on Defendant to rebut that presumption, which
Defendant failed to do.

### 2.     Request to Conduct Discovery

Defendant also asks for permission to conduct discovery as to the timesheets and
hold an evidentiary hearing with testimony from attorneys Wirtz and Mikhov, but
Defendant fails to present evidence of discrepancies that would warrant such
discovery.  Absent exceptional circumstances, which are not present here, the cou
is inclined to deny the request for discovery.

Defendant argues that the court should review Plaintiff's retainer agreement with
counsel and also the agreement between Plaintiffs' counsel, but the court accepts
counsel's representation that the fee arrangement was a contingent fee
agreement.

### 3.     Excessive Billing

Although Defendants complain generally about the number of hours billed, the
Court has reviewed the bills and does not find them excessive.

### 3.     Plaintiff at Fault for 18-Month Delay in Bringing Fee Motion

Defendant argues that Plaintiff's counsel is solely responsible for the substantial
delay in this case because it settled in Jan. 2016, but Plaintiff's counsel waited 18
months to file their motion to recover fees and costs.  In this regard, Defendant is
correct that the work billed for the osc re: dismissal is not compensable because it
appears to have been due to the delay by Plaintiff's counsel in preparing the fee
motion.

The court will therefore disallow $1,950 in charges from 2/1/16 through 2/24/17 i
the Mikhov billing statement and $50 in charges on 1/26/16 from the Wirtz billing
statement -- for a total deduction of $2,000 from the base fee.

### 4.     No Fees for Recovering Civil Penalty?

Defendant argues that Plaintiff may not recover attorney's fees solely for the
purpose of recovering a civil penalty.  (*Dominguez v. American Suzuki Motor Corp*
(2008) 160 Cal.App.4th 53, 59.)  However, that case is distinguishable because
therein once counsel demanded that Suzuki repurchased the motorcycle, it took
Suzuki only one week to request that the motorcycle be brought in for examinatio
and it took only an additional five weeks for Suzuki to offer to repurchase it.  And
the repurchase offer came before the plaintiff in *Dominguez* ever filed suit.  So it
was unreasonable for plaintiff to pursue civil penalties against Suzuki.

Here, in the memo in support of his motion to compel discovery responses, filed o
11/18/15, the Plaintiff argues that he was forced to bring his car in for repairs 8
times from 2012 through 2014, before requesting a repurchase on 10/8/14 and
before filing his Complaint on 2/11/15.  Thus, unlike *Dominguez*, Defendant in thi:
case did not make a repurchase offer until 2/23/15, over four months later, and
only after Plaintiff had retained an attorney and filed suit.  Under the facts of this

case, it was arguably reasonable for Plaintiff to seek a civil penalty and to pursue litigation to get it.

**5.      Early Settlement Offer and CCP 998 Offer**

Defendant argues that the fees incurred were largely unreasonable because early on Defendant made an offer to repurchase the vehicle on 2/23/15 and a CCP 998 offer to repurchase the vehicle on 3/31/15. Both offers included payment of reasonable costs and attorney's fees to date. In its Answer filed on 4/01/15, Defendant admitted that the vehicle qualified for a repurchase under Song-Beverly but Defendant did not address the request for civil penalties and its offers did not include payment of civil penalties.

**6.      Positive or Negative Multiplier Warranted?**

Plaintiff requests a 1.5 multiplier be applied to the attorney fees expended, and Defendants request a negative multiplier. The Court finds neither is warranted here.

In determining whether to award a multiplier to the base loadstar fee, the Court considers, inter alia, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys,
(4) the contingent nature of the fee award. (*Ketchum v. Moses* (2001)
24 Cal.4th 1122, 1132.)

In the present case, Plaintiffs have presented nothing to show this case was novel or particularly difficult; instead it appears to be a garden variety Lemon Law case. As Defendants out, Plaintiffs' counsel has filed literally hundreds of near identical cases. True, Plaintiffs' counsel took the case on a contingency bases; but the risk of not obtaining fees in this case was virtually nonexistent, as attorney fees are mandatory, and both Defendants admitted in their answers that the vehicle in question qualified for a buyback under Song Beverly.

Conversely, nothing demonstrates that this case was so overlitigated as to justify negative multiplier.

**B.      Final Award of Fees and Costs**

After deducting $2,000 in fees related to the OSC re: dismissal, the court awards Plaintiff base fees of $59,515. Plaintiff has not objected to Defendant's costs requested in the amount of $6,112.76, which the court will award, for a total award of $.65,627.76.

**C.      Plaintiff's Evidentiary Objections**

The court OVERRULES Plaintiff's evidentiary objections 1-14 to the Declaration of Lisa Schwartz Tudzin.

*Plaintiff shall serve notice of this ruling.*

# EXHIBIT R

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/19/17 | **DEPT.** 51 |
| HONORABLE MICHAEL J. RAPHAEL   JUDGE | R. DUARTE   DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| #8   A. ALBA,   CA   Deputy Sheriff | KEVIN ROLDAN CSR#13463   Reporter |

| | | |
|---|---|---|
| 9:00 am BC597233 | Plaintiff Counsel | MOSES LEBOVITS   (X) |
| TARISA BELLAMY VS MERCEDES BENZ USA LLC | Defendant Counsel | ASHLEY OAKS   (X) |

**NATURE OF PROCEEDINGS:**

MOTION OF PLAINTIFF FOR ATTORNEY'S FEES;

The Order Appointing Court Approved Reporter as Official Reporter Pro Tempore is signed and filed this date.

The matter is called for hearing.

The Court, having heard oral argument, takes the matter under submission.

All parties take notice that in the above cited matter, heretofore submitted on 06/19/17, the Court has issued its Ruling Re: Motion for Attorneys' Fees, signed and filed this date, and incorporated herein by reference to the case file.

The motion is GRANTED as modified: plaintiff is awarded $116,872.50 as her reasonable attorneys' fees, as more fully reflected in the ruling signed and filed this date.

Clerk to give notice to plaintiff, plaintiff is ordered to give notice to all parties.

          CLERK'S CERTIFICATE OF MAILING
I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am

Page   1 of   3   DEPT. 51

**MINUTES ENTERED**
06/19/17
**COUNTY CLERK**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 06/19/17 | | | DEPT. 51 |
|---|---|---|---|
| HONORABLE MICHAEL J. RAPHAEL | JUDGE | R. DUARTE | DEPUTY CLERK |
| HONORABLE #8 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| A. ALBA,    CA | Deputy Sheriff | KEVIN ROLDAN CSR#13463 | Reporter |

| 9:00 am | BC597233 | Plaintiff Counsel | MOSES LEBOVITS    (X) |
|---|---|---|---|
| | TARISA BELLAMY VS MERCEDES BENZ USA LLC | Defendant Counsel | ASHLEY OAKS    (X) |

**NATURE OF PROCEEDINGS:**

not a party to the cause herein, and that on this
date I served the Ruling Re: Motion for Attorneys'
Fees and the above entitled minute order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.
Dated: June 19, 2017

Sherri R. Carter, Executive Officer/Clerk

By: _____ **R. Duarte** _____
                    R. Duarte

Knight Law Group, LLP
1801 Century Park East, #2300
Los Angeles, CA  90067

Page    2 of  3    DEPT. 51

| MINUTES ENTERED |
|---|
| 06/19/17 |
| COUNTY CLERK |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/19/17 | **DEPT. 51** |

| | | |
|---|---|---|
| HONORABLE MICHAEL J. RAPHAEL | JUDGE | R. DUARTE    DEPUTY CLERK |
| HONORABLE #8 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| A. ALBA,    CA | Deputy Sheriff | KEVIN ROLDAN CSR#13463    Reporter |

| | | |
|---|---|---|
| 9:00 am | BC597233<br><br>TARISA BELLAMY<br>VS<br>MERCEDES BENZ USA LLC | Plaintiff<br>Counsel    MOSES LEBOVITS    (X)<br><br>Defendant<br>Counsel    ASHLEY OAKS    (X) |

**NATURE OF PROCEEDINGS:**

Daniels Fine Israel et al. LLP
1801 Century Park East, 9th FL
Los Angeles, CA   90067


Lehrman Law Group
12121 Wilshire Boulevard, #1300
Los Angeles, CA   90025

Page   3 of   3    DEPT. 51

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**Superior Court of California**

**County of Los Angeles**

JUN 19 2017

Sherri R. Carter, Executive Officer/Clerk
By: Richard Duarte, Deputy

**Department 51**

| | |
|---|---|
| TARISA BELLAMY, | Case No.:   BC597233 |
| Plaintiff, | Hearing Date:   6/19/17 |
| v. | Trial Date:   Post-Trial |
| MERCEDES-BENZ USA, LLC, et al., | **RULING RE:** |
| Defendants. | Motion for Attorneys' Fees |

Background

This is a "lemon law" action.  On March 21, 2017, the Court entered a judgment in plaintiff's
favor, following a jury verdict determining that defendant was liable for a civil penalty of two
times damages.  On May 22, 2017, the Court granted in part and denied in part defendant's
motion to tax costs.  On June 7, 2017, the Court denied plaintiff's post-judgment motion for
prejudgment interest, an issue that the Court had already deciding in issuing the judgment.

On May 19, 2017, plaintiff filed this opposed motion for attorneys' fees.  The Court considered
the moving, supplemental, opposition, and reply papers, and rules as follows.

Plaintiff's counsel should have tabbed the exhibits appended to the supplemental declaration.
CRC, rule 3.1110(f).

Standard

The party claiming attorneys' fees must establish entitlement to such fees and the reasonableness
of the fees claimed.  Civic Western Corporation v. Zila Industries, Inc. (1977) 66 Cal.App.3d 1,
16.  "Except as attorney's fees are specifically provided for by statute, the measure and mode of
compensation of attorneys and counselors at law is left to the agreement, express or implied, of
the parties[.]"  CCP § 1021.

"It is well established that the determination of what constitutes reasonable attorney fees is
committed to the discretion of the trial court, whose decision cannot be reversed in the absence
of an abuse of discretion."  Melnyk v. Robledo (1976) 64 Cal.App.3d 618, 623.  In exercising
its discretion, the court should consider a number of factors, including the nature of the litigation,
its difficulty, the amount involved, the skill required in handling the matter, the attention given,
the success or failure, and the resulting judgment.  Ibid.

In determining the proper amount of fees to award, courts use the lodestar method.  The lodestar
figure is calculated by multiplying the total number of reasonable hours expended by the
reasonable hourly rate.  "Fundamental to its determination ... [is] a careful compilation of the
time spent and reasonable hourly compensation of each attorney ... in the presentation of the
case."  Serrano v. Priest (1977) 20 Cal.3d 25, 48 (Serrano III).  A reasonable hourly rate must

reflect the skill and experience of the attorney.   Id. at 49.   "*Prevailing parties* are compensated
for hours reasonably spent on fee-related issues.   A fee request that appears unreasonably
inflated is a special circumstance permitting the trial court to reduce the award or deny one
altogether."   Serrano v. Unruh (1982) 32 Cal.3d 621, 635 (Serrano IV); see also Weber v.
Langholz (1995) 39 Cal.App.4th 1578, 1587 ("The trial court could make its own evaluation of
the reasonable worth of the work done in light of the nature of the case, and of the credibility of
counsel's declaration unsubstantiated by time records and billing statements.")

Reasonable attorney fees should be based on an objective standard of reasonableness, i.e., the
market value of services rendered, not on some notion of cost incurred.   PLCM Group, Inc. v.
Drexler (2000) 22 Cal.4th 1084, 1090.   The value of legal services performed in a case is a
matter in which the trial court has its own expertise.   Id. at 1096.   The trial court may make its
own determination of the value of the services contrary to, or without the necessity for, expert
testimony.   Ibid.   The trial court makes its determination after consideration of a number of
factors, including the nature of the litigation, its difficulty, the amount involved, the skill
required in its handling, the skill employed, the attention given, the success or failure, and other
circumstances in the case.   Ibid.

### Plaintiff is Entitled to Recover Her Reasonable Attorneys' Fees

There is no dispute that plaintiff is entitled to recover her reasonable attorneys' fees.   Plaintiff
prevailed on her claims under the Song-Beverly Consumer Warranty Act, which provides for
attorneys' fees "based on actual time expended, determined by the court to have been reasonably
incurred by the buyer in connection with the commencement and prosecution of such action."
Civ. Code § 1794(d).

### The Claimed Hourly Rates are Reasonable

There are two separate declarations in support of fees.   In the Mikhov declaration, plaintiff's
counsel claims hourly rates ranging from $250 to $500.   Mikhov Decl. ¶ 2, Exh. A, Time Sheet,
p. 14.   Plaintiff's counsel's declaration provides sufficient support for these rates.   Plaintiff's
counsel specializes in consumer warranty law and its more seasoned attorneys (who claim the
higher rates) have extensive experience in this practice area.   Mikhov Decl. ¶¶ 25-37.
Additionally, plaintiff's counsel vigorously pursued this litigation, especially in overcoming
defendant's unmeritorious discovery objections.   Further, this lawsuit was reduced to the issue
of whether defendant willfully refused to replace or repurchase plaintiff's vehicle once defendant
learned that the vehicle was irreparably defective.   This inquiry required proving defendant's
state of mind, no easy task.   Although the principal amount involved was arguably relatively
low, plaintiff's counsel achieved the best possible result in the sense that the jury awarded the
maximum civil penalty.   Therefore, accounting for the relevant factors stated above, the Court
finds that plaintiff's counsel's claimed hourly rates are reasonable.

In the Lebovits declaration, trial counsel (whom the Court observed in trial) claims hourly rates
of $750 for the senior trial counsel and $350 for the junior counsel.   The Court will reduce those
rates to $600 and $250.   In the abstract, senior counsel's experience arguably could support the
high rate of $750, but in this particular lemon law action, that rate is too high, despite counsel's
skill in trial litigation.   A $600 rate still is quite a high rate in Los Angeles, and the Court would
not award even that if the lead counsel's work were broader than his use as a trial specialist, as
well as for the reasons discussed in the previous paragraph.   The rate also accounts for the
contingent risks.   The junior trial counsel is a 2014 law school graduate and a $250 rate is

reasonable for this litigation, much like the $250 rate for the 2013 law school graduate in
discussed in the Mikhov declaration.

Reasonableness of Number of Hours – Mikhov Declaration

In the Mikhov declaration, plaintiff's counsel claims 181.2 hours' attorney work.  Mikhov Decl.
¶ 2, Exh. A, Time Sheet, p. 14.  This number excludes "secretarial support staff time."  Mikhov
Decl. ¶ 40.  By way of a supplemental memorandum, counsel claims additional time spent on
the motion to tax costs.  (Defendant does not object to the supplemental memorandum, and it
had sufficient time to do so, as plaintiff served it personal and via e-mail on May 22, 2017, over
two weeks before defendant filed its opposition).  Plaintiff deducted $1,950 for discovery
sanctions defendant paid.  MOT 15:6.  Plaintiff withdraws the 14 hours spent on her
unsuccessful prejudgment interest motion, which the Court would have deducted because that
motion was brought as to a matter already decided.  REPLY 7:12-16, 10:28.

In opposition, defendant argues that plaintiff's time is inflated because of overstaffing and,
relatedly, that some of the tasks could have been delegated to support staff at a lower hourly rate.
Defendant, however, identifies no specific instances, although plaintiff had included a detailed
time sheet as an exhibit to her moving papers; the Court would consider any such specific
instance (or category of instances) but cannot discern on its review what instances defendant is
referring to.  To succeed in proving that the matter was overstaffed, defendant should have
instances of "[undue] time telephoning, conferencing, and e-mailing each other" or "task
padding, over-conferencing, attorney stacking (multiple attendance by attorneys at the same
court functions), and excessive research."  Donahue v. Donahue (2010) 182 Cal.App.4th 259,
272 (internal quotations and citations omitted).  In a parenthetical citation, Donahue stated that
these facts "support[ed] the trial court's conclusion the matter was overstaffed."  Ibid. (internal
quotations and citation omitted).  Therefore, defendant's argument based solely on the fact that
plaintiff claims time for 10 attorneys is insufficiently supported.  There might be some instance
where the number of attorneys is sufficient to show an unreasonable number of hours expended,
but here, as plaintiff argues in reply, about 10 hours or less is attributed five of the attorneys and
for discrete tasks, supporting an inference that their time was not spent on "churning the file."

Defendant provides no support for its contention that counsel should have delegated tasks to
paralegals or other support staff.  Defendant cited no authority stating that such delegation is
required.  Defendant identified no specific time sheet entries that it might have contended were
unreasonable retained by the attorneys.  Defendant mentioned, for example, drafting a witness
list, but it certainly is not unreasonable for the attorney to draft a trial witness list, especially
because it is an attorney, not a paralegal, who would conduct the trial, and because it is the
attorney who must ultimately select the witnesses to be called.

The Court nevertheless has an independent duty to determine a party's reasonable fees, even
apart from the opposing party's arguments, and finds that some of counsel's claimed time was
unreasonable.

As mentioned above, plaintiff deducted $1,950 for sanctions already paid.

Also as mentioned above, plaintiff appropriately withdrew time for the prejudgment interest
motion, 14 hours at $325, which equals $4,550.

Because five items of plaintiff's costs memorandum were plainly improper, a one-half deduction
from the time spent drafting the costs memorandum and opposition to the motion to tax costs,

and related tasks is appropriate.  These entries are .9 hours at $500, or $450, and 11.6 hours at $325, or $3,770.  Swanson Decl. ¶ 7, Exh. B, Time Sheet, pp. 13-14.  Accordingly, a deduction is calculated as follows: $500 x .45 = $225; $325 x 5.8 = $1,885.  The total deduction for this item is therefore $2,110.

Additionally, as the Court found on the motion to tax costs, plaintiff's expert witness designation and related tasks were unreasonable.  The Court has identified a number of entries associated with such tasks.  The Court finds the following deductions sufficiently account for the unreasonable time spent on expert tasks: .2 hours at $500, .7 hours at $250, .1 hours at $350, .2 hours at $400, and 2.3 hours at $450 for a total of $1,425.  Swanson Decl. ¶ 7, Exh. B, Time Sheet, pp. 10-12.

In the Mikov declaration, plaintiff's claimed fees ultimately total $69,197.50.  Swanson Decl. ¶ 7, Exh. B, Time Sheet.  Subtracting the appropriate deductions, plaintiff is entitled to reasonable fees totaling $59,162.50.

Reasonableness of Number of Hours – Lebovits Declaration

In the Lebovits declaration, plaintiff's counsel claims 66.9 hours of work by the senior trial lawyer and 72 by the junior lawyer.  This is not an unreasonable number of total hours for the trial lawyers in a jury trial, even where the jury trial was completed in two days, and where there were some post-trial work these lawyers handled.  In general, the bills do not reflect excessive work for trial counsel's case preparation.  The bills also reflect 2.2 hours of "no charge" pre-trial work (see page two) and 3.2 hours of "no charge" post-trial work (see page four).

Once again, defendant in opposition does not point to specific items that are unreasonable.  On the Court's independent review, it concludes that none of the pre-trial and trial hours claimed are unreasonable.  Due to the somewhat extended proceedings here in obtaining actual judgment, which were in part extended due to plaintiffs' counsel, the Court will reduce the award by the .3 hours expended by senior counsel on March 23, 2017 for reviewing the objection to the judgment, the 1.0 hours on March 23, 2017 by junior counsel for drafting that objection.

Thus, on the Lebovits declaration, the Court awards 66.6 hours at a $600 rate, or $39,960, and 71 hours at a $250 rate, or $17,750, for a total of $57,710.

The total between the Mikov ($59,162.50) and Lebovits ($57,710) declarations is $116,872.50

No Lodestar Multiplier is Warranted

Plaintiff seeks a 1.25 lodestar multiplier on the sole basis that counsel represented her on contingency.

Relevant factors to determine whether an enhancement is appropriate include (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award.  Ketchum v. Moses (2001) 24 Cal.4th 1122, 1132.

Based on the record, including plaintiff's memorandum of points and authorities, no multiplier is warranted.  The contingent risks, preclusion of other work, skill, and difficulty counsel assert are absorbed by counsel's hourly rates.  See Robertson v. Fleetwood Travel Trailers of California, Inc. (2006) 144 Cal.App.4th 785, 822.  This conclusion is further supported by plaintiff's argument that her counsel's base hourly rates are justified by the representation's

contingent nature.  MOT 12:15-10.  Thus, plaintiff had accounted for the representation's contingent risk in her counsel's hourly rates.  Also accounting for the risk by applying a lodestar multiplier would constitute impermissible double recovery.  Additionally, plaintiff's unmeritorious motion for prejudgment interest, an issue on which the Court had already ruled, and plaintiff's noticing unnecessary technician depositions at least in part contributed to the delay plaintiff's counsel now claims.  Plaintiff does not identify any particular case or cases that her counsel had to decline because of taking on this case.

Therefore, plaintiff has not met her burden of justifying a lodestar multiplier, and no multiplier is applied.

Conclusion

The motion is GRANTED as modified: plaintiff is awarded $116,872.50 as her reasonable attorneys' fees.  Plaintiff to give notice.

Dated:  6/19/17

Michael J. Raphael
Judge of the Superior Court

# EXHIBIT S

```
                                    FILED
                            SUPERIOR COURT OF CALIFORNIA
                                COUNTY OF RIVERSIDE

                                 MAY 26 2017

                                 J Castillo
```

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| CHARLES PUMPHREY and<br>MONIQUE PUMPHREY-THUOT, | Case No   RIC1400402<br>Unlimited Jurisdiction |
| Plaintiffs, | |
| vs | **STIPULATION AND [PROPOSED]<br>ORDER REGARDING PLAINTIFFS'<br>ATTORNEY'S FEES AND COSTS AND<br>EXPENSES** |
| FORD MOTOR COMPANY, a Delaware<br>Corporation, and DOES 1 through 10,<br>inclusive, | **Date**   May 26, 2017<br>**Time**   8 30 am<br>**Dept**   1 |
| Defendants | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

Plaintiffs' Motion for Attorney's Fees and Costs and Expenses, came on regularly for hearing on May 26, 2017, at 8 30 a m , in Department 1, of the above-entitled court located at 4050 Main Street, Riverside, California 92501, the Honorable Gloria Connor Trask, presiding

[PROPOSED] ORDER

1    WHEREAS, Plaintiffs CHARLES PUMPHREY and MONIQUE PUMPHREY-THUOT

2 filed a Motion for Attorney's Fees, Costs and Expenses on April 25, 2017 seeking $97,221 25 in

3 attorney fees and $4,282 35 in costs and expenses for a total of $101,503 60,

4    WHEREAS, Defendant FORD MOTOR COMPANY filed its Opposition to Plaintiffs'

5 Motion for Attorney's Fees, Costs and Expenses on May 4, 2017,

6    WHEREAS, Plaintiffs filed their Reply to Defendant's Opposition to Plaintiffs' Motion

7 for Attorney's Fees, Costs and Expenses on May 10, 2017,

8    WHEREAS, having read the motion, the memoranda and the declarations filed by the

9 parties, the Court instructed the parties to meet and confer  Pursuant to such discussions, the

10 parties, by and through their respective counsel, reached a stipulation to resolve the matter in the

11 total amount of $92,000 00 inclusive of all attorney fees, costs and expenses

12    IT IS SO STIPULATED

13    May 25, 2017        LAW OFFICES OF MICHAEL H  ROSENSTEIN

14

15                        Roger Kirnos

16                        Attorney for Plaintiffs
                          CHARLES PUMPHREY and
17                        MONIQUE PUMPHREY-THUOT

18

19

20    May 25, 2017        GATES, O'DOHERTY, GONTER & GUY, LLP

21

22                        Matthew Proudfoot

23                        Attorney for Defendant,
                          FORD MOTOR COMPANY
24

25

26

27

28

-1-

[PROPOSED] ORDER

1   NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows

2   Plaintiffs' Motion for Attorney's Fees and Costs and Expenses is GRANTED Plaintiffs

3   are awarded $92,000 00 in attorney's fees, costs and expenses Said payment is to be mailed to

4   Plaintiffs' counsel's offices in Los Angeles within 30 days from this order

5   IT IS HEREBY ORDERED

6

7                                                    IT IS SO ORDERED

8

9   Dated  5/26/17

10                                                   Judge of the Superior Court

11  Prepared by
12  **KNIGHT LAW GROUP LLP**                         Gloria Connor Trask
    Steve B Mikhov (SBM 224676)
13  Michael Ouziel (SBM 294875)
    1801 Century Park East, Suite 2300
14  Los Angeles, CA 90067
    Telephone (310) 552-2250
15  Fax (310) 552-7973
    Attorney for Plaintiffs,
16  **CHARLES PUMPHREY and**
    **MONIQUE PUMPHREY-THUOT**
17

18

19

20

21

22

23

24

25

26

27

28

-2-

[PROPOSED] ORDER

EXHIBIT T

FILED
Superior Court of California
County of Los Angeles

MAY 2 5 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
K. Mason

53

BC574493

OMAR GOMEZ, ET AL. V. KIA MOTORS AMERICA, INC., BC574493, MAY 25 2017

ORDER RE:

Plaintiffs OMAR GOMEZ's and DIANA GOMEZ'S Motion for Attorney's Fees and Costs and Expenses

Plaintiffs OMAR GOMEZ's and DIANA GOMEZ's Motion for Attorney's Fees and Costs and Expenses is **GRANTED**, to the extent that attorney's fees of $168,000 are awarded. Plaintiffs' request for a multiplier is **DENIED**. Plaintiffs' requests for costs and expenses has already been addressed, via the Court's ruling on Defendant KIA MOTORS AMERICA, INC.'s Motion to Tax Costs heard on March 23, 2017.

**BACKGROUND**

Plaintiffs Omar Gomez and Diana Gomez ("Plaintiffs") filed this action on March 9, 2015 against Defendant Kia Motors America, Inc. ("Defendant"). The Complaint asserts one cause of action for violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly"). On November 29, 2016, the judgment on jury verdict was filed. On January 18, 2017, Plaintiffs filed their "Notice of Entry of Judgment."

Plaintiffs now move this court, per Civil Code § 1794(d), for an award of attorney's fees in the amount of $204,795, plus a Lodestar multiplier of 1.5 in the amount of $102,397.

**DISCUSSION**

A. Request for Judicial Notice

At the outset, Defendant's Request for Judicial Notice is denied in its entirety.

Civil Code § 1794(d) provides:

"If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expensed, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

1

Here, it is undisputed that Plaintiffs are the prevailing party and are entitled to an award of attorneys' fees and costs pursuant to Civil Code § 1794(d). The only dispute relates to the appropriate amount of recovery.

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' *i.e.,* the number of hours reasonably expended multiplied by the reasonable hourly rate...The reasonable hourly rate is that prevailing in the community for similar work. The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." (PCLM Grp. v. Drexler (2000) 22 Cal.4th 1084, 1095 (internal citations omitted); see Robertson v. Fleetwood Travel Trailers of California, Inc. (2006) 144 Cal.App.4th 785, 818 (applying the lodestar method to determine attorneys' fees in Song-Beverly action).)

### B. Counsels' Hourly Rate

Here, Plaintiffs request an applicable hourly billing rate ranging from $650.00/hour (attorney Bryan Altman ["Altman"]) down to $225.00/hour (attorney Daisy Ortiz) for ten attorneys who worked on this case. In support of these rates, Plaintiffs submit attorney declarations from Steve Mikhov ("Mikhov") and Altman, who attest to their own rates and experience, as well as the rates and experience of other attorneys in their respective law firms.

#### 1. The Altman Law Group

The Altman Law Group ("ALG") requests fees in the amount of $105,412.50; although no itemization was furnished, it appears, from the invoice attached as Exhibit "A" to Altman's declaration, that the fees were generated as follows:

2

| Timekeeper | Hourly Rate | Number of Hours | Total |
|---|---|---|---|
| Bryan Altman | $650.00 | 123.75 | $80,437.50 |
| Joel Elkins | $450.00 | 34.5 | $15,525.00 |
| Jordan Cohen | $300.00 | 31.5 | $9,450.00 |
| Total | | | $105,412.50 |

The Court notes that this case did not present particularly complex or unique issues. It is a kind of case where both plaintiff's and defense counsel have tried numerous times. They all involve essentially the same legal issues.

Having reviewed the evidence on the record, presided over the trial, and based on the Court's own experience and knowledge, in the area of reviewing hourly rates for the kind of work involved, the Court finds that requested hourly rate of $650.00 not reasonable. However, following arguments the parties made at the hearing, the Court believes that the hourly rate for Altman should be set at $550.00. While Mr. Altman is a highly skilled trial lawyer and achieved the maximum possible for his client, the Court finds $550 to be the reasonable hourly rate applicable to this area of trial practice. That Mr. Altman was the trial lawyer is reflected in the higher hourly rate assigned. The Court further reduces the hourly rate of Joel Elkins to $375.00. The hourly rate of Jordan Cohen is unchanged. The fees generated by ALG are thus as follows:

| Timekeeper | Hourly Rate | Number of Hours | Total |
|---|---|---|---|
| Bryan Altman | $550.00 | 123.75 | $68,062.50 |
| Joel Elkins | $375.00 | 34.5 | $12,937.50 |
| Jordan Cohen | $300.00 | 31.5 | $9,450.00 |
| Total | | | $90,450.00 |

3

### 2. O'Connor & Mikhov, LLP

O'Connor & Mikhov, LLP ("OM") requests fees in the amount of $99,382.50. At the outset, the Court notes that the Billing Rate Summary ("Summary") attached as Exhibit "A" to Mikhov's declaration, which purports to show an itemization of how this $99,382.50 was generated, appears inaccurate. For instance, OM seeks fees totaling $4,150.00 for 16.9 hours of time billed by attorney Amy Morse ("Morse") at an hourly rate of $250.00; $250.00 multiplied by 16.9 actually equals $4,225.00. Likewise, Daisy Ortiz ("Ortiz") billed 2.5 hours at an hourly rate of $225.00; only $540.00 was charged rather than $562.50. No errors are noted with respect to attorneys Kristina Stephenson-Cheang ("Stephenson-Cheang") and Lauren Ungs ("Ungs"). The amounts itemized for attorneys Russell Higgins ("Higgins"), Roger Kirnos ("Kirnos") and Mikhov (*i.e.*, $37,520.00, $42,862.50 and $9,900.00, respectively) are all inaccurate and should be $43,800.00, $46,987.50 and $12,300.00, respectively, for the number of hours and hourly rates listed. The effect of this is that OM should have requested $112,285.00. The following calculation is provided:

| Timekeeper | Hourly Rate | Number of Hours | Total |
|---|---|---|---|
| Amy Morse | $250.00 | 16.9 | $4,225.00 |
| Daisy Ortiz | $225.00 | 2.5 | $562.50 |
| Kristina Stephenson-Cheang | $350.00 | 10.9 | $3,815.00 |
| Lauren Ungs | $350.00 | 1.7 | $595.00 |
| Russell Higgins | $400.00 | 109.5 | $43,800.00 |
| Roger Kirnos | $375.00 | 125.3 | $46,987.50 |
| Steve Mikhov | $500.00 | 24.6 | $12,300.00 |
| Total | | | $112,285.00 |

4

Again, following arguments the parties made at the hearing, the Court believes that the hourly rates for Morse, Ortiz, Stephenson-Cheang, Ungs, and Mikhov should remain unchanged. The hourly rate for Kirnos, however, should be increased to $475.00. Mr. Kirnos participated in many of the legal arguments. The Court reduces the hourly rate of Higgins to $250.00 because from the Court's observations, his role appeared to be primarily to operate the Elmo and other technical equipment which a trained technician or paralegal can do. Charging an hourly rate of $400 for Mr. Higgins would not be reasonable. The following calculation is provided:

| Timekeeper | Hourly Rate | Number of Hours | Total |
|---|---|---|---|
| Amy Morse | $250.00 | 16.9 | $4,225.00 |
| Daisy Ortiz | $225.00 | 2.5 | $562.50 |
| Kristina Stephenson-Cheang | $350.00 | 10.9 | $3,815.00 |
| Lauren Ungs | $350.00 | 1.7 | $595.00 |
| Russell Higgins | $250.00 | 109.5 | $27,375.00 |
| Roger Kirnos | $475.00 | 125.3 | $59,517.50 |
| Steve Mikhov | $500.00 | 24.6 | $12,300.00 |
| Total | | | $108,390.00 |

Again, the alteration of hourly rates reduces the amount of fees charged by ALG from $99,382.50 to $90,450.00. The Court adjusts the amount of fees charged by OM from $112,285.00 to $108,390.00.

C. Reasonableness of the Requested Fees

"[T]he court's discretion in awarding attorney fees is…to be exercised so as to fully compensate counsel for the prevailing party for services reasonably provided to his or her client." (Horsford v. Bd. of Trustees of California State Univ. (2005) 132 Cal.App.4th 359, 395.)

5

1    The trial court may reduce the award where the fee request appears unreasonably inflated, such

2    as where the attorneys' efforts are unorganized or duplicative. (Serrano v. Unruh (1982) 32 Cal.

3    3d 621, 635, fn. 21.) "[T]he verified time statements of the attorneys, as officers of the court, are

4    entitled to credence in the absence of a clear indication the records are erroneous." (Horsford,

5    supra, 132 Cal.App.4th at 396.)

6    Here, Plaintiffs' counsel Mikhov and Altman have attached billing statements to their

7    respective declarations, which reflect that a total of 484.4 hours (i.e., 291.4 hours by OM and

8

9    193.5 hours by ALG) was billed by *ten* attorneys during the pendency of this action.

10   Based upon all of the pleadings filed in this matter, and after duly considering the totality

11   of the facts and circumstances in connection with this issue, and after duly considering all

12   relevant factors, including the claimed time spent, the claimed hourly rate, and the complexity of

13   the work performed, based on the Court's own professional experience over 35 plus years of

14   private practice in evaluating the reasonableness of billable time for given legal tasks, this Court

15   finds that the *total* amount of reasonable attorney's fees to be awarded is $87,000 for OM and

16

17   $81,000 for ALG for a total of $168,000.

18   A total of $168,000 in attorney fees to achieve a total award of approximately

19   $110,000.00 is within the realm of reasonableness. Due to the nature of this case, there was no

20   reason to have three counsel at counsel table for Plaintiff throughout the trial. It was not

21   reasonable to have 10 timekeepers preparing the case for trial. Whenever a new lawyer has to do

22   work on the file, there is a certain amount of redundant review time which the Court finds to be

23

24   not reasonable. The amount being sought by Plaintiff's counsel for his client is excessive and not

25   reasonable.

26   At the hearing, counsel for Plaintiff referenced other courts in this courthouse and others

27   which have approved higher hourly rates. While the information is interesting, it is not binding

28   on this Court.

D. <u>Award of Costs</u>

Although Plaintiffs request an award of fees and expenses, this has already been addressed in the Court's March 23, 2017 ruling on Defendant's Motion to Tax Costs.

E. <u>Lodestar Multiplier</u>

"Under <u>Serrano III</u>, the lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant here, (1) the novelty and difficult of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. (Serrano[ v. Priest (1977)] 20 Cal. 3d [25,] at p. 49.) The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services. The '"experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong."' (Ibid.)" (<u>Ketchum v. Moses</u> (2001) 24 Cal.4[th] 1122, 1131-1132.)

Plaintiffs have not articulated any basis warranting the imposition of a multiplier under these circumstances.

Based on the foregoing, Plaintiff's motion is granted, to the extent that Plaintiff is entitled to cover attorneys' fees from Defendant in the amount of $168,000.

Plaintiff is ordered to provide notice of this ruling.

DATED: May 24, 2017

_____

Howard L. Halm
Judge of the Superior Court

7

# EXHIBIT U



# Superior Court of California
# County of Kern
**Bakersfield Department 4**

**Date:**   **05/19/2017**

**S1500CV283504**

COFIELD VS KIA MOTORS AMERICA, INC.

### Courtroom Staff

| | | | |
|---|---|---|---|
| **Honorable:** | Sidney P. Chapin | **Clerk:** | Betsy Cardona |
| **Court reporter:** | None | **Bailiff:** | None |
| **Interpreter:** | | **Language of:** | |

**PARTIES:**

COURT OF APPEAL, Non-Party, not present
DAVID RUBEN, Defendant, not present          DAVID RUBEN, Attorney, not present
JACKIE COFIELD, Plaintiff, not present        STEVE MIKHOV, Attorney, not present
JERRY COFIELD, Plaintiff, not present         STEVE MIKHOV, Attorney, not present
KIA MOTORS AMERICA, INC., Defendant, not      JAMIE WEBB, Attorney, not present
present

---

**NATURE OF PROCEEDINGS: RULING ON MOTION FOR ATTORNEY'S FEES; FILED BY PLAINTIFFS; HERETOFORE SUBMITTED ON 03/08/2017**

THE ABOVE ENTITLED CAUSE CAME ON REGULARLY ON THIS DATE AND TIME WITH PARTIES AND/OR COUNSEL APPEARING AS REFLECTED ABOVE.

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:

PLAINTIFF'S MOTION FOR ATTORNEY FEES IS GRANTED-IN-PART AND DENIED-IN-PART.

PLAINTIFF SHALL RECOVER ATTORNEY FEES IN THE AMOUNT OF $296,055.00.  THIS IS A MODIFIED LODESTAR AMOUNT ONLY.   NO ENHANCEMENT/MULTIPLIER IS AWARDED AS FEE RATES COVER THE QUALITY OF REPRESENTATION REQUIRED IN THIS TYPE OF CASE, AND THE DEGREE OF RISK INHERENT IN LITIGATION FOR THIS PARTICULAR CASE.

THE COURT FINDS THE FEE RATES TO BE REASONABLE.

THE COURT HAS TAXED FROM PLAINTIFF'S CLAIMED LODESTAR THE FOLLOWING FEES:

ATTY SWANSON: $1446.25 FOR 4.45 HOURS, 11/2/15, AT $325.00/ HOUR.  DUPLICATIVE AND CONCEDED.

ATTY COHEN: $2137.50 FOR 4.75 HOURS, AT $450.00/HOUR.  DUPLICATIVE AND CONCEDED.

MINUTE ORDER
Page 1 of 3

ATTY ROSENSTEIN: $45,250 FOR 90.5 HOURS AT $500.00/HOUR.   WHILE THERE WAS SOME CONCEDED "NO
CHARGE" FOR DUPLICATIVE PREPARATION TIME INCURRED BY ATTY ROSENSTEIN AND ATTY ALTMAN,, THE COURT
HAS TAXED THE "ATTEND TRIAL" TIME AND RELATED "TRAVEL" TIME OF ATTY ROSENSTEIN..   ATTY ALTMAN HAD
BEEN ASSOCIATED AS LEAD TRIAL COUNSEL.   WHEN A CONFLICT DEVELOPED WITH HIS CALENDAR, HE WAS
REPLACED WITH ATTY ROSENSTEIN.   THEN ATTY ALTMAN BECAME AVAILABLE AGAIN, AND PLAINTIFF CHOSE TO
AGAIN PROCEED WITH ATTY ALTMAN, BACKED-UP BY ATTY ROSENSTEIN.   ATTY KIRNOS IS THE SECOND CHAIR TO
ANY LEAD TRIAL COUNSEL THROUGHOUT.   THIS COURT DOES NOT CONSIDER RESULTING DUAL LEAD TRIAL
COUNSEL TO BE A REASONABLE COST INCURRED TO BE IMPOSED ON DEFENDANT.

FOR PURPOSES OF THIS RULING, ALL PARTIES' OBJECTIONS ARE SUSTAINED.

COPY OF MINUTE ORDER MAILED TO ALL PARTIES AS STATED ON THE ATTACHED CERTIFICATE OF MAILING.

---

*MINUTE ORDER FINALIZED BY:*   BETSY CARDONA                                                                 *ON:*   MAY 19, 2017

MINUTE ORDER
Page 2 of 3

COFIELD VS KIA MOTORS AMERICA, INC.                                                                 S1500CV283504

**COFIELD VS KIA MOTORS AMERICA, INC.**
**S1500CV283504**

### CERTIFICATE OF MAILING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the *Minute Order dated May 19, 2017* attached hereto on all interested parties and any respective counsel of record in the within action by depositing true copies thereof, enclosed in a sealed envelope(s) with postage fully prepaid and placed for collection and mailing on this date, following standard Court practices, in the United States mail at BAKERSFIELD California addressed as indicated on the attached mailing list.

Date of Mailing:     May 19, 2017

Place of Mailing:    BAKERSFIELD, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Terry McNally**
CLERK OF THE SUPERIOR COURT

Date: May 19, 2017

By:     _____

Betsy Cardona, Deputy Clerk

### MAILING LIST

STEVE B MIKHOV
MICHAEL H ROSENSTEIN
OCONNOR & MIKHOV LLP
1801 CENTURY PARK E #2300
LOS ANGELES, CA 90067

DAVID N RUBEN
JAMIE L WEBB
RUBAN & SJOLANDER LLP
20750 VENTURA BLVD STE 101
WOODLAND HILLS CA 91564-6255

BRYAN C ALTMAN
ALTMAN LAW GROUP
6300 WILSHIRE BLVD #980
LOS ANGELES, CA 90048

Certificate of Mailing

EXHIBIT V

**FILED**

4/13/2017

CLERK OF THE SUPERIOR COURT

Cummings, Lorielle DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

| | |
|---|---|
| ALDRIN HERRERA,<br><br>                 Plaintiff,<br><br>        vs.<br><br>CHRYSLER GROUP LLC, a Delaware<br>Limited Liability Company, and DOES 1<br>through 10, inclusive,<br><br>                 Defendants. | Case No.: M126216<br>Unlimited Jurisdiction<br><br>X[PROPOSED] ORDER ON PLAINTIFF'S<br>ATTORNEY'S FEES AND COSTS AND<br>EXPENSES<br><br>Hearing Date:   March 24, 2017<br>Time:                9:00 a.m.<br>Dept.:                24 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff's Motion for Attorney's Fees and Costs and Expenses, came on regularly for hearing on March 24, 2017, at 9:00 a.m., in Department 14, of the above-entitled court located at located at 1200 Aguajito Road, Monterey, CA 93940, the Honorable Thomas W. Wills, presiding. Roger Kirnos from the Law Office of Michael Rosenstein appeared on behalf of Plaintiff, Aldrin Herrera, and Barry Schirm of Hawkins Parnell Thackston & Young LLP appeared on behalf of Defendant, Chrysler Group LLC.

[PROPOSED] ORDER

1       Having read the motion, the memorandums and the declarations filed by the parties, and

2  having entertained oral argument of counsel, the Court made the following ruling:

3  1. Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED in part;

4  2. The Court finds that Defendant Chrysler Group, LLC's Offer in Compromise pursuant to

5     Code of Civil Procedure section 998 was ambiguous as to the amount being offered and

6     declines to reduce Plaintiff's attorney fees, costs and expenses on the basis of that offer;

7  3. The Court reduces the hourly rates for Plaintiff's attorneys charging $500/hour down to

8     $450/hour. The Court finds the hourly rates for the remaining attorneys are reasonable and

9     makes no further reductions;

10  4. The Court does not reduce any time incurred by Plaintiff's attorneys in litigating this action;

11  5. Plaintiff is awarded lodestar attorney's fees in the amount of $39,090.00;

12  6. The court finds it appropriate to apply a lodestar multiplier of 1.5;

13  7. Plaintiff is thus awarded a total of $58,535.00 in attorney fees;

14  8. Plaintiff is awarded his requested costs and expenses incurred in this action in the amount

15     of $5,503.04;

16  9. The total award to Plaintiff for attorney's fees, costs and expenses is $64,138.04.

17

18     IT IS HEREBY ORDERED.

19

20                            IT IS SO ORDERED

21  Dated:    4/13/17

22                          Judge of the Superior Court
                                 THOMAS W. WILLS

23  Prepared by:

24  **LAW OFFICE OF MICHAEL H. ROSENSTEIN**
Michael Rosenstein (SBN 169091)

25  Roger Kirnos (SBN 283163)
1801 Century Park East, Suite 2300

26  Los Angeles, CA 90067
Telephone: (310) 286-0275

27  Fax: (310) 286-0276

28  Attorneys for Plaintiff,
Aldrin Herrera

-1-
[PROPOSED] ORDER

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFF'S ATTORNEY'S FEES AND COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Robert E. Thackston, Esq.                 Michael H. Rosenstein, Esq.
HAWKINS PARNELL THACKSTON                 Law Offices of Michael H. Rosenstein
& YOUNG LLP                               1801 Century Park East., Suite 2300
445 South Figueroa Street, Suite 3200     Los Angeles, CA 90067
Los Angeles, CA 90071                     **Associated Counsel for Plaintiff,**
**Counsel for Defendant,**                **ALDRIN HERRERA**
**FCA USA LLC**                            (via E-mail only)
(via Fax/Mail only)

__XX__  BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

XX  BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 7, 2017 at Los Angeles, California.

MELISSA URIBE

-1-
PROOF OF SERVICE

1

## PROOF OF SERVICE
(Code of Civil Procedure §1013a)

2

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18
years and not a party to the within action. My business address is 1801 Century Park East, Suite
4    2300, Los Angeles, CA 90067.

5    I served the foregoing document described as:

6    **[PROPOSED] ORDER ON PLAINTIFF'S ATTORNEY'S FEES AND COSTS
AND EXPENSES**
7

8    Said document was served on the interested parties in this action, by placing true copies
thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:
9

10   Robert E. Thackston, Esq.            Michael H. Rosenstein, Esq.
     HAWKINS PARNELL THACKSTON            Law Offices of Michael H. Rosenstein
11   & YOUNG LLP                          1801 Century Park East., Suite 2300
     445 South Figueroa Street, Suite 3200  Los Angeles, CA 90067
12   Los Angeles, CA 90071                **Associated Counsel for Plaintiff,**
     **Counsel for Defendant,**           **ALDRIN HERRERA**
13   **FCA USA LLC**                       (via email only)
     (via fax and mail)
14

15

16   XX   BY MAIL: I am readily familiar with this firm's practice of collection and processing
          correspondence for mailing with the United States Postal Service. Under that practice, it
17        would be deposited with the U.S. Postal Service on that same day with postage thereon
          fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary
18        course of business. The envelope was sealed and placed for collection that same day
          following ordinary business practices, addressed to the above-referenced attorney.
19

20   XX   BY FACSIMILE: By personally faxing the above-referenced document to the facsimile
          number below the recipient's name.
21        I declare under penalty of perjury under the laws of the State of California that the
          foregoing is true and correct.
22

23   Executed on April 12, 2017 at Los Angeles, California.

24

25                                        MELISSA URIBE

26

27

28

-1-

PROOF OF SERVICE

EXHIBIT W

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 03/15/17 | | DEPT. 52 |
|---|---|---|
| HONORABLE Susan Bryant-Deason | JUDGE | M.F. LOPEZ   DEPUTY CLERK |
| HONORABLE #14 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| T. ISUNZA, C.A. | Deputy Sheriff | REPORTER IN PRO TEMPORE: LEANDRA AMBER, CSR #12070   Reporter |

| 8:30 am | BC596210 | | |
|---|---|---|---|
| | ANGELICA ANDRINO ET AL VS KIA MOTORS AMERICA INC | Plaintiff Counsel    ROGER KIRNOS | (X) |
| | | Defendant Counsel    LINDSAY G. CARLSON BRIAN TAKAHASHI | (X) (X) |

**NATURE OF PROCEEDINGS:**

MOTION OF PLAINTIFFS FOR ATTORNEY'S FEES AND COSTS AND EXPENSES;

Matter is called for hearing.

The Stipulation and Order to Use Certified Shorthand Reporter appointing official Court reporter pro tempore in the current proceedings is signed and filed this date.

Hearing on motion for attorney's fees, costs and expenses is held.

The court having read the papers and heard the arguments rules as follows:

Defendant's request for judicial notice is DENIED because the copy of the complaint attached as Exhibit G to the Takahashi declaration is not stamped by the court and thus gives no indication that it is a court record.

Plaintiff's objections to the Takahashi declaration are ruled upon as follows. Nos. 1-3 are SUSTAINED due to lack of foundation. Nos. 4, 7, and 9 are SUSTAINED as inadmissible opinion. No. 6 is SUSTAINED as speculative. Nos. 5 and 8 are OVERRULED.

Page   1 of   3   DEPT. 52

| MINUTES ENTERED |
|---|
| 03/15/17 |
| COUNTY CLERK |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 03/15/17 | | | DEPT. 52 | |
|---|---|---|---|---|
| HONORABLE Susan Bryant-Deason | JUDGE | M.F. LOPEZ | DEPUTY CLERK | |
| HONORABLE #14 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR | |
| T. ISUNZA, C.A. | Deputy Sheriff | REPORTER IN PRO TEMPORE: LEANDRA AMBER, CSR #12070 | Reporter | |

| 8:30 am | BC596210 | Plaintiff Counsel | ROGER KIRNOS | (X) |
|---|---|---|---|---|
| | ANGELICA ANDRINO ET AL VS KIA MOTORS AMERICA INC | Defendant Counsel | LINDSAY G. CARLSON BRIAN TAKAHASHI | (X) (X) |

**NATURE OF PROCEEDINGS:**

The motion is GRANTED. The court awards plaintiff reasonable attorney's fees and costs in the amount of $113,398.46. This amount reflects a reduction in the hourly rates for the performance of tasks that are typically performed by junior attorneys being handled by partners and more senior associates, as well as the duplicative nature of some of the entries. No multiplier to the attorney's fees was applied because the hourly rates adequately address the contingent nature of counsel's representation. See Horsford v. Board of Trustees of California State University (2005) 132 Cal.App.4th 359, 395 ("The contingency adjustment may be made at the lodestar phase of the court's calculation or by applying a multiplier to the noncontingency lodestar calculation (but not both).")

Clerk gives notice.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the MINUTE ORDER upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in LOS ANGELES, California, one copy of the original filed/entered herein in a separate sealed envelope to each address

Page   2 of   3   DEPT. 52

MINUTES ENTERED
03/15/17
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 03/15/17 | | DEPT. 52 |
|---|---|---|
| HONORABLE Susan Bryant-Deason    JUDGE | M.F. LOPEZ    DEPUTY CLERK | |
| HONORABLE #14    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| T. ISUNZA, C.A.    Deputy Sheriff | REPORTER IN PRO TEMPORE: LEANDRA AMBER, CSR #12070   Reporter | |

| 8:30 am | BC596210 | | | |
|---|---|---|---|---|
| | ANGELICA ANDRINO ET AL VS KIA MOTORS AMERICA INC | Plaintiff Counsel | ROGER KIRNOS | (X) |
| | | Defendant Counsel | LINDSAY G. CARLSON BRIAN TAKAHASHI | (X) (X) |

**NATURE OF PROCEEDINGS:**

as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: 03/15/2017

Sherri R. Carter, Executive Officer/Clerk

By: _____
         M.F. LOPEZ

Roger Kirnos, Esq.
LAW OFFICES OF MICHAEL H. ROSENSTEIN, LC
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

Brian Takahashi, Esq.
Lindsay G. Carlson, Esq.
BOWMAN AND BROOKE LLP
970 West 190th Street, Suite 700
Torrance, CA 90502

Page    3 of    3    DEPT. 52

MINUTES ENTERED
03/15/17
COUNTY CLERK

# EXHIBIT X

**SUPERIOR COURT OF CALIFORNIA,**

COUNTY OF SAN DIEGO

HALL OF JUSTICE

TENTATIVE RULINGS - March 14, 2017

EVENT DATE: 03/17/2017        EVENT TIME:  09:00:00 AM        DEPT.: C-67

JUDICIAL OFFICER:Eddie C Sturgeon


CASE NO.:    37-2014-00023991-CU-BC-CTL

CASE TITLE:  PAGE VS KIA MOTORS AMERICA INC [IMAGED]


CASE CATEGORY:  Civil - Unlimited            CASE TYPE:  Breach of Contract/Warranty


EVENT TYPE:  Motion Hearing (Civil)
CAUSAL DOCUMENT/DATE FILED: Motion for Attorney Fees, 01/13/2017

---

**TENTATIVE RULING**

Plaintiffs Michelle L. Page and Evan R. Page's motion for attorney's fees is granted, in part. Plaintiffs requested attorney's fees under the "lodestar" method in the amount of $277,778.00, plus a multiplier of 1.5. The court grants plaintiffs their attorney's fees in the amount of $236,111.30. The court finds the hourly rates for the attorneys are reasonable.

The exhibits show that O'Connor & Mikhov sought $120,580 based upon 345.9 hours ranging from $250-500 per hour.  (Decl. of Mikhov.) Plaintiffs also sought fees for the Altman Law Group for the trial work [237.25 hours], and $14,585 by Rosner for post-verdict work. Plaintiffs request a 1.5 enhancement ($138,889) due to the delay in payment and the contingency risk, which was increased by the section 998 offer.


Defendant Kia Motors America, Inc. asserted that senior trial attorneys performed task that could have been delegated.  A review of Rosner's billings shows that someone who billed at the rate of $235 reviewed the file, drafted the initial memo for a new trial, and made phone calls. A review of the other billing attachments submitted by plaintiffs also show a delegation of duties in most instances.

However, the court reduces the overall fees requested by 15 percent. There were numerous attorneys working on this case, nine alone from O'Connor's firm. Thus, implicit with this arrangement is a duplication of reviewing the underlying facts and law.  There were numerous meetings between counsel. There were other billings where the court exercised its discretion to reduce the amount requested. For example, Mr. Rosner charged for travel and attendance at the new trial hearing (3.2 hours).  Travel time was routinely billed to attend trial by the trial attorneys. The Altman Group is located in Los Angeles. Defendants should not be required to be penalized for out of county counsel. Even though plaintiff's attorneys are experts in this area, the initial drafting of the motion for attorney's fees and costs took 17 hours.  (Mikhov decl., Ex. A.)

Though the court seeks to compensate plaintiffs' attorneys for taking these consumer cases, the court must make a determination whether all of the fees are reasonable. (*Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462, 464.)  The court finds under the facts and declarations presented, as well as the success of the case, and the intricacies of the case law, an award of $236,111.30 is reasonable.

Defendant's motion to tax plaintiffs' costs is granted, in part.  The court exercises its discretion and taxes

---

CASE TITLE: PAGE  VS  KIA  MOTORS  AMERICA CASE NUMBER:  37-2014-00023991-CU-BC-CTL INC [IMAGED]

Item 13 $9,263.74.  No further reduction is required, leaving allowable costs of $34,965.86.

Kia seeks to tax $4,459.22 of the total $5,970.54 in deposition costs. The court declines to tax these costs even though transcripts were not ordered for all of the depositions.

Kia seeks to tax all of the expert fees (item 8) of Darrell Blajo in the amount of $11,055.41, because he was not required to do a vehicle inspection or need to test the vehicle. However, he attended his deposition and the trial, and the automobile was sold according to Kia. Notwithstanding Kia's contention as to the vagueness of the entries for July 12-14th, the court notes this was the time of trial and presumes the fees were for trial preparation. The request is denied.

Defendant requests the court to tax $591.95 of plaintiff's claim of $626.95 for service of process (item 5). Though the witnesses were not called to trial, the court cannot second guess whether they would have been required to testify.  The request is denied.

Item 13 is taxed a total of $9,263.74, leaving allowable expenses of $9,923.10. The court taxes the travel expenses for travel and meal expenses for trial in the amount of $6,622.20. The court declines to tax the messenger services for e-filings and rush fees and the Ronsin Litigation Services. The court taxes the trial transcripts of $2,133.38, the overnight expense of $275.91, postage of $32.25, and $200.00 for copies.

EXHIBIT Y

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/06/17                                                DEPT. 54

HONORABLE Ernest Hiroshige    JUDGE   S. TEMBLADOR    DEPUTY CLERK
                                      S. ALEXANDER, CRT. AST.
HONORABLE                     JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR
11
                        Deputy Sheriff  NONE              Reporter

| | | | |
|---|---|---|---|
| 3:00 pm | BC538183 | Plaintiff Counsel | NO APPEARANCES |
| | GREG DORFMAN | | |
| | VS | Defendant Counsel | |
| | BMW OF NORHT AMERICA LLC | | |

NATURE OF PROCEEDINGS:

RULING ON SUBMITTED MATTER/NOTICE OF ENTRY OF ORDER;

The Court having taken the matter under submission on
January 24, 2017 hereby rules pursuant to the Court's
written ruling which is signed and filed as of
February 28, 2017.

Clerk to notice via email.

CERTIFICATE OF SERVICE BY E-MAIL

I Sherri R. Carter, Executive Officer/Clerk of the
Superior Court of California, County of Los Angeles,
and not a party to the within action, hereby certify
that on 03-06-17, I served the above minutes and copy
of the Court's written ruling on counsel listed
below by E-mail transmittal and the transmission
was reported complete and without error.

Dated: March 6, 2017

Sherri R. Carter, Executive Officer/Clerk

By: _____
     S. Temblador, Deputy

Roger Kirnos
RKIRNOS@ROSE-LAWOFFICE.COM

Robert A. Philipson

                    Page   1 of   2   DEPT. 54

MINUTES ENTERED
03/06/17
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE. 03/06/17 | | DEPT. 54 |
|---|---|---|
| HONORABLE Ernest Hiroshige    JUDGE | S. TEMBLADOR    DEPUTY CLERK | |
| | S. ALEXANDER, CRT. AST. | |
| HONORABLE    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 11 | | |
| Deputy Sheriff | NONE    Reporter | |

| 3:00 pm | BC538183 | Plaintiff |
|---|---|---|
| | | Counsel |
| | GREG DORFMAN | NO APPEARANCES |
| | | Defendant |
| | VS | Counsel |
| | BMW OF NORHT AMERICA LLC | |

NATURE OF PROCEEDINGS:

rphilipson@lehrmanlawgroup.com

Page   2 of   2   DEPT. 54

MINUTES ENTERED
03/06/17
COUNTY CLERK

Minute Order
Judge Ernest M. Hiroshige
Dept. 54
February 28, 2017


Greg Dorfman v BMW of North America, LCC. BC538183
**Ruling on Submitted Matters**
**Date of Hearing: January 24, 2017**
**Plaintiff's Motion for attorney fees and costs and expenses**

Based on the oral arguments presented at the hearing the Court took the matter under
further consideration and submission.

After giving the matter further consideration, the Court rules as follows:

**Ruling:  The Tentative Ruling granting $ 47,732.50 in attorney fees to Plaintiff's
Counsel and the reasoning of the Tentative ruling stands without modification.**
The Clerk to email Notice of this Ruling to Counsel of Record.

The Defense argument that their discovery of a fee agreement in another case some
four years prior to this proceeding means that the same fee agreement is in effect in this
case.  There is no evidence that that same agreement is in effect in this case, therefore
the Court finds that agreement not relevant to this Court's assessment of this motion.


February 28, 2017

Ernest M. Hiroshige
_____
Judge Ernest M. Hiroshige

# EXHIBIT Z

Pursuant to CRC 2.259(e)(1) this document has been electronically filed by the Superior Court of California, County of Santa Barbara, on 1/9/2017

SEPEHR DAGHIGHIAN, State Bar No. 239349
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**
433 North Camden Drive, Fourth Floor
Beverly Hills, California 90210
Telephone:     (310) 887-1333
Facsimile:      (310) 887-1334
E-mail:         sepehr@daghighian.com

Attorneys for Plaintiff,
DANIELLE M. HOLZER

**F I L E D**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA
**01/19/2017**
Darrel E. Parker, Executive Officer
BY   Chavez, Terri
                          Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA BARBRA

DANIELLE M. HOLZER,

                Plaintiff,

        vs.

FORD MOTOR COMPANY, a
Delaware Corporation, and DOES 1
through 10, inclusive,

                Defendants.

CASE NO.  15CV02771

*Assigned for all purposes to Department SB5, Hon. Coleen K. Sterne, Presiding*

[PROPOSED] ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

Complaint Filed:      August 31, 2015
Hearing Date:         December 5, 2016

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On December 5, 2016 at 9:30 a.m. this matter came on for hearing on Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses and for a Case Management Conference. Sepehr Daghighian appeared in person on behalf of Plaintiff. Gates, O'Doherty, Gonter & Guy, LLP appeared telephonically on behalf of Defendant. On the Plaintiff's Attorney's Fees Motion, having reviewed the papers and heard the arguments of counsel, the Court adopted its tentative ruling awarding Plaintiffs attorneys' fees in the amount of $137,193.75 and expenses in the amount of $6,107.94, as follows:

///

///

1

BACKGROUND:

2         This is a "lemon law" case. On July 28, 2013, plaintiff Danielle M. Holzer purchased a

3     new Ford F-350 truck from defendant Ford Motor Company for a total price of $81,292.25,

4     inclusive of fees, taxes, and finance charges. Within the applicable warranty period, the vehicle

5     began to develop serious engine and transmission problems that caused the vehicle to

6     unexpectedly stall. Plaintiff brought the vehicle to a Ford-authorized repair facility on at least five

7     occasions, but Ford was unable to correct the problems. When plaintiff asked Ford to repurchase

8     or replace the vehicle, Ford refused to acknowledge any defect. On August 31, 2015, plaintiff

9     filed suit against Ford for (1) violation of the California Song-Beverly Consumer Warranty Act

10    (*Civ. Code* §1790 et seq.) and (2) violation of the Federal Magnuson-Moss Warranty Act (15

11    U.S.C. §2301, subd. (3), et seq.). On October 19, 2015, Ford answered the complaint with a

12    general denial that included twenty affirmative defenses.

13        On July 29, 2016, just two weeks before the August 15, 2016 trial date, Ford made a

14    statutory 998 offer to plaintiff in the amount of $150,000.00 that included a buy-back of her

15    vehicle and civil penalties. The 998 offer also provided that plaintiff was entitled to seek

16    reasonable attorneys' fees and costs. Plaintiff accepted the offer and now moves for an award of

17    attorneys' fees and costs. Ford opposes the motion on the grounds that the amount of fees and

18    costs sought is excessive.

19

ANALYSIS:

20        The prevailing buyer in an action under the Song-Beverly Consumer Warranty Act is

21    entitled to reasonable attorney's fees and costs. *Civil Code* Section 1794, subdivision (d),

22    provides:

23        "If the buyer prevails in an action under this section, the buyer shall be allowed by the

24    court to recover as part of the judgment a sum equal to the aggregate amount of costs and

25    expenses, including attorney's fees based on actual time expended, determined by the court to

26    have been reasonably incurred by the buyer in connection with the commencement and

27    prosecution of such action."

28

- 2 -

1    The trial court has broad discretion to determine the amount of reasonable attorney's fees
2 to award to a prevailing party in an action. *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084,
3 1095. In most cases, the fees are determined using the "lodestar" method of calculation, which
4 involves multiplying the number of hours worked by a reasonable hourly rate. *Ibid.* "California
5 courts have consistently held that the computation of time spent on a case and the reasonable
6 value of that time is fundamental to a determination of an appropriate attorneys' fee award.
7 [Citation.] The reasonable hourly rate is that prevailing in the community for similar work." *Ibid.*
8 Once the lodestar figure is determined, the court has discretion to increase or reduce the amount
9 by applying a positive or negative "multiplier" based on a variety of factors, including the nature
10 of the litigation, the difficulty of the issues involved, the attorney's skill as reflected in the quality
11 of work and the result obtained, and the contingent nature of the fee award. *Ibid.* As stated in
12 *PLCM*:

13    "The experienced trial judge is the best judge of the value of professional services
14 rendered in his court, and while his judgment is of course subject to review, it will not be
15 disturbed unless the appellate court is convinced that it is clearly wrong – meaning that [the trial
16 court] abused its discretion."

17    *Ibid.*

18    There is no dispute that plaintiff was the prevailing party and is entitled to reasonable
19 attorneys' fees pursuant to *Civil Code* Section 1794, subdivision (d), and the express terms of
20 Ford's 998 offer. (Mikhov Decl., ¶12, Ex. E, Offer to Compromise, ¶2.) As set forth in the
21 moving papers, in August 2015, plaintiff hired O'Connor & Mikhov, LLP ("OM Law") to
22 represent her in the litigation. (Mikhov Decl., ¶7.) The legal services performed by OM Law
23 included reviewing the vehicle's repair history, discussions with plaintiff, drafting and filing the
24 complaint, responding to extensive written discovery propounded by Ford, serving written
25 discovery on Ford, including form interrogatories, 104 special interrogatories, 116 requests for
26 production, and 100 requests for admission, and meeting and conferring with Ford's counsel
27 multiple times to discuss Ford's objections and discovery responses, which plaintiff's attorneys
28 considered to be incomplete and evasive. (Mikhov Decl., ¶¶ 8, 9, 10.) The time keepers at OM

- 3 -

1    Law who worked on the file were founding partner Steve Mikhov, associates Lauren Ungs,

2    Russell Higgins, Kristina Stephenson-Cheang, Amy Morse, Alistair Hamblin, and Michael

3    Ouziel, and contract attorney Constance Morrison. (Mikhov Decl., ¶¶ 16-24.) The billing rate for

4    the attorneys ranged from $250 to $500 per hour. (Mikhov Decl., ¶¶ 17-24.) The total fees

5    incurred by OM Law were $34,325.00. (Mikhov Decl., ¶2, Ex. A, Billing Statement, p. 10.)

6         On March 24, 2016, the Law Office of Sepehr Daghighian, P.C. ("SD Law") was

7    associated into the case to serve as lead trial counsel and prepare the matter for trial. (Daghighian

8    Decl., ¶8.) Mr. Daghighian's billing rate is $400 per hour and he worked a total of 141.25 hours

9    on the file. (Daghighian Decl., ¶¶ 3, 4.) Mr. Daghighian's paralegal, Kevin Yaghoubzadeh,

10   worked a total of 8.5 hours on the matter at $75 per hour. The work performed by SD Law

11   included a detailed review of the relevant pleadings and repair orders, phone interviews with

12   plaintiff, a review of plaintiff's and Ford's discovery responses, and investigating the technical

13   side of plaintiff's claim by comparing plaintiff's complaints to Ford's internal records.

14   (Daghighian Decl., ¶¶ 8, 9.) Mr. Daghighian also took the deposition of Ford's expert, Eric Kalis,

15   and the depositions of the technicians at the Ford dealership who worked on plaintiff's vehicle.

16   (Daghighian Decl., ¶10.) He also attended the mandatory settlement conference on July 8, 2016.

17   (Daghighian Decl., ¶12.) As the trial date approached, Mr. Daghighian began detailed discussions

18   with plaintiff's expert, Darrell Blasjo, regarding plaintiff's claims. (Daghighian Decl., ¶11.) He

19   also drafted all necessary trial documents, including witness lists, jury instructions, exhibits,

20   motions in limine (13), and witness questions. He also worked on plaintiff's opening statement

21   and graphics presentation. (Daghighian Decl., ¶¶ 13-16.) The total fees incurred by SD Law were

22   $57,137.50. (Daghighian Decl., ¶6, Ex. A, Billing Statement, p. 7.)

23         Under the lodestar method of calculation, the total fees incurred by OM Law and SD Law

24   were $91,462.50. In addition to these fees, plaintiff requests a lodestar multiplier of 1.5

25   ($45,731.25) for a total fee award of $137,193.75. Ford objects to the amount of the fee request

26   on the grounds that this was "a simple lemon law case" and plaintiff's counsels' hourly rates are

27   excessive. (Opp., p. 4:23-24.) Ford also argues that a fee multiplier is not warranted under the

28   facts in the case. (Opp., p. 5:12-22.) The court disagrees. First, the nature and complexity of the

- 4 -

1  litigation support the attorneys' fees requested. Pursuing a "lemon law" action is not as simple as

2  Ford suggests as it requires specialized knowledge and experience in consumer protection and

3  warranty law involving motor vehicles. (Mikhov Decl., ¶¶ 14, 15.) In addition, plaintiff's counsel

4  must be experienced and knowledgeable regarding the intricacies of automobile technology as

5  well as the protocols followed by automobile manufacturers and dealers when repairing vehicles.

6  (Mikhov Decl., ¶48.) Also, because defendants in consumer protection cases are typically

7  represented by sophisticated national law firms, consumer attorneys must be proficient and

8  diligent litigators. (*Ibid.*)

9       Second, the court finds that the hourly rates charged by plaintiff's attorneys are

10  reasonable. The cases are clear that, absent circumstances that would render a fee award unjust,

11  an attorney's regular hourly rate is entitled to a presumption of reasonableness. *See, Serrano v.*

12  *Unruh* (1982) 32 Cal.3d 621, 639; *Mandel v. Lackner* (1979) 92 Cal.App.3d 747, 761. Ford

13  argues that charging $500 per hour (Mr. Mikhov's rate) is "exorbitant and outrageous" (Opp., p.

14  4:23-25), but Mr. Mikhov only worked 21 hours on the file. Most of the work performed by OM

15  Law was done by associates at the rate of $250-$350 per hour. (Mikhov Decl., ¶2, Ex. A, Billing

16  Statement, p. 10.) Further, Mr. Mikhov is a seasoned litigator who has specialized in consumer

17  law for more than thirteen years. (Mikhov Decl., ¶14.) He is also the managing partner of his

18  firm. (Mikhov Decl., ¶17.) Mr. Mikhov's hourly rate is consistent with other attorneys who

19  litigate consumer warranty and fraud cases and who have a comparable level of experience.

20  (Mikhov Decl., ¶26.) The associates at OM Law who worked on the file, Ms. Ungs, Mr. Higgins,

21  Ms. Stephenson-Cheang, Ms. Morse, Mr. Hamblin, and Mr. Ouziel, also have significant

22  experience in consumer law, lemon law, and contract law. (Mikhov Decl., ¶¶ 18-23.) Mr.

23  Daghighian's is a sole practitioner and the owner of SD Law. (Daghighian Decl., ¶1.) His billing

24  rate is $400 per hour. Since being admitted to the California bar in 2005, Mr. Daghighian has

25  litigated hundreds of cases, including several dozen lemon law cases. (Daghighian Decl., ¶3.)

26  Although Ford points to the fact that its attorneys are only paid $175-$200 per hour (Proudfoot

27  Decl., ¶13), Ford's attorneys' rates are undoubtedly calculated based upon the their location,

28  experience and the nature of their client relationship(s); which do not necessarily track those of

- 5 -

1  plaintiff counsel point for point.

2  Along with its opposition, Ford filed a document entitled Objections to Specific Charges

3  that includes multiple objections to various billing entries of OM Law and SD Law. The

4  objections will be overruled. A verified fee bill is prima facie evidence that the services and

5  expenses listed were reasonably and necessarily incurred. *Hadley v. Krepel* (1985) 167

6  Cal.App.3d 677, 682; *see also, Horsford v. Board of Trustees of California State University*

7  (2005) 132 Cal.App.4th 359, 396 ("[V]erified time statements of the attorneys, as officers of the

8  court, are entitled to credence in the absence of a clear indication the records are erroneous.").

9  Here, plaintiff has submitted itemized fee bills and declarations attesting to their accuracy.

10  (Mikhov Decl., ¶¶ 1, 27, Ex. A, Billing Statement; Daghighian Decl., ¶6, Ex. A, Billing

11  Statement.) Ford complains that plaintiff's attorneys billed their time in increments of 15 minutes

12  (0.25) rather than in increments of 6 minutes (0.10) in order to inflate their bills, but the court

13  finds nothing unreasonable about the billing methodology. Ford also objects to plaintiff's

14  counsels' use of forms for pleadings, discovery, and motions. However, forms can be helpful as

15  they reduce the need for legal research. Plaintiff's counsel spent just 5.5 hours drafting 104

16  special interrogatories, 116 requests for production of documents, and 100 requests for admission

17  to Ford. (Mikhov Decl., ¶9, Ex. A, Billing Statement, p. 1.) Ford also complains that some of the

18  entries appear to be duplicative while others reflect purely secretarial tasks. However, the fact that

19  a document production was reviewed by different attorneys does not mean that they reviewed the

20  materials for the same reason. Also, reviewing deadlines for a motion to compel and reviewing

21  court deadlines for various pleadings are functions commonly performed by attorneys, not just

22  secretaries.

23  Ford next argues that the $150,000.00 settlement does not justify a fee award of

24  $137,193.75. (Opp., p. 5:23-26.) The case authority, however, does not support Ford's argument

25  as an award of attorney's fees is not limited by the damages recovered. In *Vo v. Virgenes*

26  *Municipal Water District* (2000) 79 Cal.App.4th 440, 448, the court affirmed a $470,000.00 fee

27  award after a judgment of $37,500.00 because the defendant had been extremely litigious. In

28  *Harmon v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 421, the court upheld

- 6 -

1    a $1.1 million fee award in a civil rights suit although the damages recovered were only

2    $30,300.00. In *Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462, 474, the court

3    affirmed a fee award of $180,262.50 in a lemon law case notwithstanding that the plaintiff's

4    recovery was only $75,000.00. As the court explained in *Graciano v. Robinson Ford Sales, Inc.*

5    (2006) 144 Cal.App.4th 140, 164, a rule that limited fee awards to a proportion of the damages

6    recovered would effectively eviscerate the purpose behind fee-shifting statutes (like the Song-

7    Beverly Act), which is to ensure that consumers can legally pursue their rights even if the amount

8    in controversy is relatively small.

9            Ford also opposes the lodestar "multiplier" of 1.5 requested by plaintiff. As discussed

10   above, a lodestar multiplier is meant to increase or decrease the fee award based on factors not

11   already taken into account by the court when setting the reasonable hourly rate, such as the

12   difficulty of the litigation, the quality of the work performed, and the result obtained. *PLCM*

13   *Group, Inc. v. Drexler, supra*, 22 Cal.4th 1084, 1095. Fee multipliers ranging from 1.5 to 2.5, or

14   even higher, are commonly approved in contingency cases because of the risk involved in taking

15   a case on a contingency basis and the delay in receiving payment. *See, Ketchum v. Moses* (2001)

16   24 Cal.4th 1122, 1132; *Horsford v. Board of Trustees of California State University, supra*, 132

17   Cal.App.4th 359, 394-395. In this case, plaintiff's attorneys agreed to represent plaintiff on a

18   contingency basis and to bear the risk of never being paid for hundreds of hours of work.

19   (Mikhov Decl., ¶7.) Indeed, plaintiff's attorneys have not been paid any compensation since the

20   case was filed more than a year ago, while at the same time they have advanced thousands of

21   dollars of costs. (Mikhov Decl., ¶ 49.) Given the risk and delay in payment associated with the

22   case, as well as the positive result achieved by way of the settlement, the court will approve

23   plaintiff's 1.5 lodestar modifier, for a total fee award of $137,193.75.

24           Lastly, plaintiff seeks an award of costs and expenses in the case. Under Song-Beverly, if

25   the buyer prevails in an action against the manufacturer, he or she is entitled to recover, in

26   addition to attorney's fees, "the aggregate amount of costs and expenses . . . reasonably incurred .

27   . . in connection with the commencement and prosecution of such action." Civ. Code §1794,

28   subd. (d). The verified memorandum of costs filed by plaintiff as part of her motion reflects that

- 7 -

1  she incurred costs and expenses in the amount of $6,792.93. (Mikhov Decl., ¶2, Ex. B,

2  Memorandum of Costs, p. 1.) Items listed on a verified cost bill are prima facie evidence the

3  costs, expenses, and services listed were reasonably and necessarily incurred. *Hadley v. Krepel*

4  (1985) 167 Cal.App.3d 677, 682. Ford objects to item 11 on plaintiff's cost bill in the amount of

5  $265.72 for "[m]odels, blowups, and photocopies of exhibits" and item 13 ("Other") in the

6  amount of $684.99 on the grounds that the models, blowups, and exhibits were never used and

7  there is no explanation in the cost bill as to what the "Other" costs entail.

8       The court will overrule Ford's objection to the charges for models, blowups, and exhibits.

9  The word "expenses" in *Civil Code* Section 1794, subdivision (d), was intended by the legislature

10  to be construed broadly to cover all out-of-pocket costs incurred by the prevailing buyer in

11  connection with the action, regardless of whether the matter was actually tried. See generally,

12  *Jensen v. BMW of North American, Inc*. (1995) 35 Cal.App.4th 112, 137-138 (expert witness fees

13  recoverable). Clearly, the expenses for models, blowups, and exhibits were incurred by plaintiff

14  in pursuing the case. However, the court will sustain Ford's objection to item 13 on the cost bill

15  in the amount of $684.99 as plaintiff has provided no explanation for the expense on the

16  memorandum of costs worksheet. (Mikhov Decl., ¶2, Ex. B, Memorandum of Costs).

17  Accordingly, plaintiff is awarded costs and expenses in the amount of $6,107.94 only.

18       In conclusion, Plaintiff's Motion for Attorney's Fees, Costs, and Expenses is GRANTED

19  and JUDGMENT IS HEREBY ENTERED AS FOLLOWS: Plaintiff is awarded attorneys' fees in

20  the amount of $137,193.75 and expenses in the amount of $6,107.94.

21       IT IS SO ORDERED.   **01/19/2017**   Signed: 1/19/2017 03:30 PM

22

23

24  Honorable Judge Colleen Sterne
    Santa Barbara Superior Court Judge

25

26

27

28

- 8 -

1

2

## [PROOF OF SERVICE]
[CCP, 1013a (3) CRE Rule 2006]

3

4

5

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 433 North Camden Drive, Fourth Floor, Beverly Hills, CA 90210.

On January 9, 2017, I served the foregoing document described as:

6

PROPOSED ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

7

8

That document was served on parties herein in this proceeding by placing true copies of the original in enclosed, sealed envelope(s) addressed as follows:

9

## SEE ATTACHED SERVICE LIST

10

11

12

13

14

[X](BY MAIL) I am "readily familiar" with the practices of the LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C., in collecting and processing correspondence and documents for mailing. Under that practice, documents for mailing would be deposited with the US Postal Service on that same day this affidavit is signed with postage fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date is more than 1-day after the day of deposit for mailing the affidavit.  [CCP § 1013]

15

16

17

18

[] (BY OVERNIGHT MAIL) I am "readily familiar" with the practices of the LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C., for collection and processing of documents for mailing via overnight delivery. I caused such document(s) to be placed in a sealed envelope designated by the overnight service carrier, addressed to the person(s) on whom it is to be served pursuant to the attached service list, and deposited said envelope in a box or other facility regularly maintained by the overnight service carrier with delivery fees paid or provided for. [CCP § 1013(c)]

19

20

[] (BY ELECTRONIC MAIL) I caused the document(s) to be transmitted by electronic mail to the e-mail addresses for each party indicated on the attached service list.

21

22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

Executed on January 9, 2017.

24

/s/Kevin Yaghoubzadeh
Kevin Yaghoubzadeh

25

26

27

28

1

## SERVICE LIST

2 **O'CONNOR & MIKHOV LLP**                    *Counsel for Plaintiff*
   Mark O'Connor (SBN 157680)
3 Steve Mikhov (SBN 224676)
   1801 Century Park East, Suite 2300
4 Los Angeles, CA 90067
   Fax: (310) 552-7973
5

6

7                                              *Counsel For Defendant: Ford Motor*
                                               *Company*
   Matt Proudfoot, Esq.
8 **GATES, O'DOHERTY, GONTER & GUY, LLP**
   38 Discovery, Ste. 200
9 Irvine, CA 92618

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

# EXHIBIT AA

# COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JAN 06 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
A. Rising

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ROBERT CARTER and PEGGY CARTER, | Case No.: BC495228 |
| | Unlimited Jurisdiction |
| Plaintiffs, | [PROPOSED] ORDER ON PLAINTIFFS' ATTORNEY'S FEES AND COSTS AND EXPENSES |
| vs. | |
| CHRYSLER GROUP LLC, a Delaware Limited Liability Company, and Does 1 through 10, inclusive, | Date: November 2, 2016 |
| | Time: 9:30 a.m. |
| | Dept: 12 |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs' Motion for Attorney's Fees and Costs and Expenses, came on regularly for hearing on November 2, 2016, 9:30 a.m., in Department 12, of the above-entitled court located at 111 North Hill Street, Los Angeles, California 90012, the Honorable Barbara A. Meiers, presiding.

Christopher Swanson of O'Connor & Mikhov LLP appeared on behalf of Plaintiffs, Robert Carter and Peggy Carter and Victor Block of Gates, O'Doherty, Gonter & Guy, LLP

1   appeared on behalf of Defendant, Chrysler Group LLC. Having read the motion, the

2   memorandum and the declaration filed by the parties, and having heard oral argument of

3   counsel, the Court makes the following ruling:

4

5       1. Plaintiffs' Motion for Attorney's Fees and Costs and Expenses is GRANTED. Plaintiffs

6          are awarded the full amount of their requested lodestar attorneys' fees in the amount of

7          $39,160.00;

8       2. Plaintiffs are awarded their full costs in the amount of $2,306.22;

9       3. The Court does not grant a lodestar multiplier;

10      4. Plaintiffs are awarded a total amount of attorneys' fees and costs and expenses in the

11         amount of $41,466.22.

12

13          IT IS HEREBY ORDERED.

14

15                                                    IT IS SO ORDERED

16

17   Dated:  1/6/17                                   _____

18                                                    Judge of the Superior Court

19

20   Prepared by:

21   **O'CONNOR & MIKHOV, LLP**
     Mark O'Connor (SBN 157680)

22   Steve Mikhov, Esq. (SBN 224676)
     1801 Century Park East, Ste. 2300

23   Los Angeles, CA   90067

24   Telephone: (310) 552-2250
     Fax: (310) 552-7973

25

26   Attorneys for Plaintiffs,
     REBERT CARTER and PEGGY CARTER

27

28

                                            -1-
                                    [PROPOSED] ORDER

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/06/17 | | | DEPT. 12 |
|---|---|---|---|
| HONORABLE BARBARA A. MEIERS | JUDGE | B. BAKER | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| E. AVENA, C.A. | Deputy Sheriff | NONE | Reporter |

BC495228

ROBERT CARTER ET AL
VS
CHRYSLER GROUP LLC

Plaintiff
Counsel                    NO APPEARANCE
Defendant
Counsel

**NATURE OF PROCEEDINGS:**

COURT ORDER

Submitted Order is signed by the Court and ordered filed this date.

Submitting party, plaintiff, to give notice.
(copy of minute order and signed order is attached to buck slip)

Page   1 of 1    DEPT. 12

```
MINUTES ENTERED
01/06/17
COUNTY CLERK
```

# EXHIBIT BB

ed
SEP 1 3 2016
Department 48

REC'D
SEP 0 9 2016
FILING WINDOW

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 1 5 2016

Sherri R Carter, Executive Officer/Clerk
By  Anthony He, Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| BRADFORD JOHN MANSUR,<br><br>Plaintiff,<br><br>vs.<br><br>CHRYSLER GROUP LLC, a Delaware Limited Liability Company, H.W. HUNTER, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: BC539866<br>*Unlimited Jurisdiction*<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS AND EXPENSES PURSUANT TO CIVIL CODE § 1794(d)**<br><br>*Assigned to the Hon. Elizabeth Allen White*<br>Department 48<br><br>**Hearing Date:** August 25, 2016<br>**Hearing Time:** 8:30 a.m.<br>**Reservation ID:** 160322114935 |

By ⌐ ⌐

This matter having come on for hearing on August 25, 2016, and this Court having considered all moving and opposing paper and oral argument of counsel and finding good cause hereby ORDERS as follows:

Plaintiff's motion is GRANTED in the amount of $81,266.50 in fees and $2,907.40 in costs. Plaintiff's request for application of a multiplier of 1.5 is DENIED. This Court finds that Plaintiff is the prevailing party under Civil Code § 1794(d) and approves the hourly rates set forth in ¶ 29 of the O'Connor Declaration.  Defendant Chrysler Group LLC is ORDERED to pay

---

[~~PROPOSED~~] ORDER RE: PLAINTIFF'S NOTICE OF
MOTION FOR ATTORNEYS FEES AND COSTS AND EXPENSES

$81,266.50 *ab*

1   Plaintiff through their counsel of record the amount of ~~$84,173.90~~ in attorney's fees and costs ~~and~~

2   ~~expenses.~~ *in the sum of $2,907.40. lab*

3

4   Date: __9 / 15__ , 2016                    *Elizabeth All White*

5                                          Hon. *Elizabeth Allen White*
                                           Dept. 48
6

7

8

9

10

11

12

13

14

15

16

17

18

19   Prepared by:

20

21   **O'CONNOR & MIKHOV, LLP**
     Mark O'Connor (SBN 157680)
22   384 Forest Ave., Suite 17
     Laguna Beach, CA 92651
23   Telephone: (949) 494-9090
     Fax: (949) 494-9913
24

25   Attorneys for Plaintiff,
     BRADFORD JOHN MANSUR
26

27

28
                                           2
                        ORDER RE: PLAINTIFF'S NOTICE OF
                        MOTION FOR ATTORNEYS FEES AND COSTS

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 384 Forest Ave., Suite 17, Laguna Beach, CA 92651.

On September 9, 2016, I served the foregoing document(s) described as: **ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS AND EXPENSES PURSUANT TO CIVIL CODE § 1794(d)** to all interested parties in this action as set forth on the attached service list in the following matter:

[ ] **U.S. MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Laguna Beach, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMLE:** In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e)

[ ] **BY PERSONAL SERVICE:** I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011

[ ] **BY EXPRESS MAIL:** I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c)

[X] **BY ELECTRONIC MAIL:** I caused said document(s) to be served electronically pursuant to Code of Civil Procedure §1010.6(a) to: *mproudfoot@gogglaw.com*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **September 9, 2016** at Laguna Beach, California.

_____
Rebecca A. Judy

Matt Proudfoot
Gates, O'Doherty, Gonter & Guy, LLP
38 Discovery #200
Irvine, CA 92618
**Attorneys for Defendant**

-1-
Proof of Service

# EXHIBIT CC

**O'CONNOR & MIKHOV LLP**
Mark O'Connor (SBN 157680)
Shawna Melton (SBN 276989)
Monica K. Sandhu (SBN 297535)
384 Forest Ave. Suite 17
Laguna Beach, CA 92651
Telephone: (949) 494-9090
Fax: (949) 494-9913

Attorneys for Plaintiffs,
KEVIN KEBODEAUX and
RENAIR MILSTEIN

**FILED**
Superior Court of California
County of Los Angeles

JUN 2 2 2016

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
R. Mason

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| **KEVIN KEBODEAUX and RENAIR MILSTEIN,** | Case No.: BC552037 Unlimited Jurisdiction |
| Plaintiffs, | **JUDGMENT** |
| vs. | *Case Assigned to the Honorable Marc Marmaro* Dept. 37 |
| **MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,** | Complaint Filed: July 17, 2014 Trial: June 6, 2016 |
| Defendant. | |

This action came on regularly for trial on June 6, 2016, in department 37 of the Superior Court of the State of California, County of Los Angeles, Central District before the Honorable Marc Marmaro, Judge, presiding.

Plaintiffs Kevin Kebodeaux and Renair Milstein, appeared by their attorneys, Mark O'Connor and Monica K. Sandhu of O'Connor and Mikhov, LLP.

-1-

**JUDGMENT**

1      Defendant, Mercedes-Benz USA, LLC appeared by its attorneys, Jon Universal and Sally

2 Ayvazian of Universal and Shannon, LLP.

3      For reasons set forth on the record on June 10, 2016, the Honorable Marc Marmaro,

4 rendered a verdict in favor of the Plaintiffs.

5      NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs,

6 Kevin Kebodeaux and Renair Milstein, have and recover from Defendant Mercedes-Benz USA,

7 LLC the sum of $28,939.78 plus civil penalties in the sum of $7,500.00 for a total judgment of

8 36,439.78 together with costs and attorney's fees in the amount of $ *203,247.39* *pursuant to Court Order of 8-22-16*

9 (attorneys' fees and costs to be in a sum to be determined by a motion for attorney's fees and

10 costs or by stipulation of the parties) with interest thereon at the rate of ten percent per annum

11 from the date of the judgment until paid *to the extent provided for by law. m)*

12

13

14 DATED:    **JUN 2 2 2016**

15

16

17               Honorable Marc Marmaro
              Judge of the Superior Court

18

19

20

21

22

23

24

25

26

27

28

-2-

**JUDGMENT**

*Attest: 8-22-16 Sherri R. Carter County Clerk*

# EXHIBIT DD



ORIGINAL

RECEIVED

SEP 12 2016

FILING WINDOW



FILED
LOS ANGELES SUPERIOR COURT
SEP 14 2016
SHERRI... EXECUTIVE OFFICER/CLERK
BY ...
Mysty Mott          Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| FRANK J. BACA and FRANCES A. BACA,<br><br>    Plaintiffs,<br><br>vs.<br><br>CHRYSLER GROUP LLC, a Delaware Limited Liability Company, CERRITOS DODGE, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: BC566511<br>Unlimited Jurisdiction<br><br>[PROPOSED] ORDER ON PLAINTIFFS' ATTORNEY'S FEES AND COSTS AND EXPENSES<br><br>Date: August 22, 2016<br>Time: 8:30 a.m.<br>Dept: 58 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs' Motion for Attorney's Fees and Costs and Expenses, came on regularly for hearing on August 22, 2016, 8:30 a.m., in Department 58, of the above-entitled court located at 111 North Hill Street, Los Angeles, California 90012, the Honorable John Doyle, presiding.

Roger Kirnos of the Law Offices of Michael H. Rosenstein appeared on behalf of Plaintiffs, Frank J. Baca and Frances A. Baca, and Lisa Tudzin of Nixon Peabody LLP appeared

[PROPOSED] ORDER

1 | on behalf of Defendant, Chrysler Group LLC. Having read the motion, the memorandum and
2 | the declaration filed by the parties, and having entertained oral argument of counsel, the Court
3 | makes the following ruling:

5 | 1. Plaintiffs' Motion for Attorney's Fees and Costs and Expenses is GRANTED. Plaintiffs
6 | are awarded attorney's fees in the amount of $66,381.00;
7 | 2. The Court finds that the following hourly rates requested by counsel are reasonable:
8 | • Steve Mikhov $500.00/hr
9 | • Lauren Ungs $350.00/hr
10 | • Daisy Ortiz $225.00/hr
11 | • Amy Morse $250.00/hr
12 | • Kristina Stephenson-Cheang $350.00/hr
13 | • Kevin Van Hout $300.00/hr
14 | • Chris Swanson $325.00/hr
15 | • Stephanie Marshall $200.00/hr
16 | • Michael Ouziel $250.00/hr
17 | • Constance Morrison 350.00/hr
18 | • Joshua Sams $400.00/hr
19 | • Michael Rosenstein $500.00/hr
20 | • Roger Kirnos $350.00/hr
21 | 3. Plaintiffs are awarded their full costs in the amount of $5,485.66;
22 | 4. Plaintiffs are awarded a total amount of attorneys' fees and costs and expenses in the
23 | amount of $71,866.66.
24 | ///
25 | ///
26 | ///
27 | IT IS HEREBY ORDERED.
28 |

-1-

[PROPOSED] ORDER

1

2

3   Dated: **9-14-16**

4

IT IS SO ORDERED

Judge of the Superior Court

JOHN P. DOYLE, JUDGE

5

6

7   Prepared by:
    **O'CONNOR & MIKHOV, LLP**
8   Mark O'Connor (SBN 157680)
    Steve Mikhov, Esq. (SBN 224676)
9   1801 Century Park East, Ste. 2300
    Los Angeles, CA  90067
10  Telephone: (310) 552-2250
    Fax: (310) 552-7973
11

12  Attorneys for Plaintiffs,
    FRANK J. BACA and FRANCES A. BACA
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

[PROPOSED] ORDER

**PROOF OF SERVICE**
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFFS' ATTORNEY'S FEES AND COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

| | |
|---|---|
| Scott S. Shepardson, Esq. | Michael H. Rosenstein, Esq. |
| NIXON PEABODY LLP | Law Offices of Michael H. Rosenstein |
| One Embarcadero Center, 18th Floor | 1801 Century Park East, 2300 |
| San Francisco, CA 94111 | Los Angeles, CA 90067 |
| Fax: (415) 984-8300 | **Co-Counsel for Plaintiffs,** |
| **Counsel for Defendant,** | **FRANK J. BACA and** |
| **FCA US LLC** | **FRANCES A. BACA** |
| (via mail and fax) | (via email only) |

__XX__   BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

__XX__   BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

__XX__   BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 6, 2016 at Los Angeles, California.

MELISSA URIBE

-1-

**PROOF OF SERVICE**

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFFS' ATTORNEY'S FEES AND COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Scott S. Shepardson, Esq.                  Michael H. Rosenstein, Esq.
NIXON PEABODY LLP                          Law Offices of Michael H. Rosenstein
One Embarcadero Center, 18th Floor         1801 Century Park East, 2300
San Francisco, CA 94111                    Los Angeles, CA 90067
Fax: (415) 984-8300                        **Co-Counsel for Plaintiff,**
**Counsel for Defendant,**                 **FRANK J. BACA and**
**FCA US LLC**                             **FRANCES A. BACA**
(via mail and fax)                         (via email only)

XX    BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

XX    BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

XX    BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 12, 2016 at Los Angeles, California.

MELISSA URIBE

-1-
PROOF OF SERVICE

# EXHIBIT EE

# COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 1 2 2016

Sherri R. Carter, Executive Office/Clerk
By: _____, Deputy
Ishayla Chambers

1   **O'CONNOR & MIKHOV LLP**
    Mark O'Connor (SBN 157680)
2   Steve B. Mikhov (SBN 224676)
    Christopher Swanson (SBN 278413)
3   1801 Century Park East, Suite 2300
    Los Angeles, CA 90067
4   Telephone: (310) 552-2250
    Fax: (310) 552-7973
5

6   Attorneys for Plaintiffs,
    JASMINE LEPE and
7   CLANCEY MCLAUGHLIN

8

9            **SUPERIOR COURT OF CALIFORNIA**

10               **COUNTY OF LOS ANGELES**

11

12
    JASMINE LEPE and CLANCEY          Case No.: BC556273
13  MCLAUGHLIN,                        Unlimited Jurisdiction

14              Plaintiffs,            **NOTICE OF RULING REGARDING
                                       PLAINTIFFS' MOTION FOR
15       vs.                           ATTORNEY'S FEES AND COSTS AND
                                       EXPENSES AND DEFENDANT'S
16                                     MOTION TO STRIKE COSTS OR TAX
                                       COSTS AND ORDER TO SHOW CAUSE**
17  CHRYSLER GROUP LLC, a Delaware
    Limited Liability Company, VALENCIA   Date: August 2, 2016
18  DODGE, INC., a California Corporation,  Time: 8:30 a.m.
    dba CA SUPERSTORES VALENCIA CJD,   Dept: 50
19  and DOES 1 through 10, inclusive and DOES
    1 through 10, inclusive,
20

21              Defendants.

22

23

24  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

25       Plaintiffs' Motion for Attorney's Fees and Costs and Expenses, Defendant's Motion to

26  Strike Costs, or, in the alternative, to Tax Costs, and Order to Show Cause regarding Dismissal

27  came on regularly for hearing on August 2, 2016, 8:30 a.m., in Department 50, of the above-

28  entitled court located at 111 North Hill Street, Los Angeles, California 90012, the Honorable

---

NOTICE OF RULING REGARDING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS AND
EXPENSES AND DEFENDANT'S MOTION TO STRIKE OR TAX COSTS AND ORDER TO SHOW CAUSE

1    Teresa Beaudet, presiding.

2         Christopher Swanson of O'Connor and Mikhov, LLP., appeared on behalf of Plaintiffs,

3    Jasmine Lepe and Clancey McLaughlin, and Lisa Tudzin of Nixon Peabody LLP appeared on

4    behalf of Defendant, Chrysler Group LLC. Having read the motions, the memorandums and the

5    declarations filed by the parties, and having entertained oral argument of counsel, the Court

6    adopted its tentative ruling, as follows:

7

8         1.  Plaintiffs' Motion for Attorney's Fees and Costs and Expenses is GRANTED. Plaintiffs

9              are awarded attorney's fees in the amount of $69,728.75;

10        2.  Defendant's Motion to Strike, or, in the alternative Tax Costs is DENIED. Plaintiffs are

11             awarded their full costs in the amount of $4,983.35;

12        3.  Plaintiffs are awarded a total amount of attorneys' fees and costs and expenses in the

13             amount of $74,712.10;

14        4.  The Court continued the Order to Show regarding Dismissal after Settlement to August

15             23, 2016, at 8:30 a.m., in Department 50 of the Los Angeles Superior Court, located

16             111 North Hill Street, Los Angeles, California 90012.

17

18        Attached hereto as Exhibit 1, please find a true and correct copy of the Court's Minutes

19    Order entered on August 2, 2016.

20

21

22   Dated: August 11, 2016                    **O'CONNOR & MIKHOV LLP**

23

24                                             Mark O'Connor, Esq. (SBN 157680)

25                                             Steve Mikhov, Esq. (SBN 224676)
                                               Christopher Swanson (SBN 278413)
26                                             Attorneys for Plaintiffs,
                                               JASMINE LEPE and CLANCEY MCLAUGHLIN
27

28

                                        -1-
     NOTICE OF RULING REGARDING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES
       AND DEFENDANT'S MOTION TO STRIKE COSTS OR TAX COSTS AND ORDER TO SHOW CAUSE

# EXHIBIT 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/02/16

DEPT. 50

HONORABLE TERESA A. BEAUDET          JUDGE

A. HE          DEPUTY CLERK

HONORABLE #2          JUDGE PRO TEM

G. VELASQUEZ, C.A.          ELECTRONIC RECORDING MONITOR

NONE          Deputy Sheriff

KEVIN A. ROLDAN
CSR#13463          Reporter

8:30 am  BC556273

JASMINE LEPE ET AL
VS
CHRYSLER GROUP LLC ET AL

Plaintiff Counsel      CHRISTOPHER SWANSON (X)

Defendant Counsel      LISA TUDZIN (X)

**NATURE OF PROCEEDINGS:**

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES;

DEFENDANT'S MOTION TO STRIKE COSTS OR TO TAX COSTS;

OSC RE DISMISSAL AFTER SETTLEMENT

The case is called.

The Court's tentative ruling is published to the parties via posting on the Court's website.

The Stipulation and Order to Use Certified Shorthand Reporter appointing official Court reporter pro tempore in the current proceedings is signed and filed this date.

Oral arguments are heard and the Court adopts its tentative ruling as its final order, filed this date and incorporated herein by reference.

Plaintiffs Jasmine Lepe and Clancey McLaughlin's motion for attorneys' fees is GRANTED. Defendant's motion to strike or tax costs is DENIED. Plaintiffs are entitled to recover $69,728.75 in attorneys' fees and $4,983.35 in costs from Defendant.

Plaintiffs to give notice.

Page   1 of   3   DEPT. 50

MINUTES ENTERED
08/02/16
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 08/02/16 | | DEPT. 50 |
| HONORABLE TERESA A. BEAUDET        JUDGE | A. HE | DEPUTY CLERK |
| HONORABLE #2                         JUDGE PRO TEM | G. VELASQUEZ, C.A. | ELECTRONIC RECORDING MONITOR |
| NONE            Deputy Sheriff | KEVIN A. ROLDAN CSR#13463 | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC556273 | Plaintiff Counsel | CHRISTOPHER SWANSON (X) |
| | JASMINE LEPE ET AL VS CHRYSLER GROUP LLC ET AL | Defendant Counsel | LISA TUDZIN (X) |

**NATURE OF PROCEEDINGS:**

LATER, OUTSIDE THE PRESENCE OF COUNSEL AND THE COURT REPORTER:

The Court continues the Order to Show Cause
Re Dismissal After Settlement to August 23, 2016,
at 8:30 a.m., in Department 50 for dismissal of the
Doe Defendants. Counsel for Plaintiffs shall prepare
a proposed judgment for the award of attorney's
fees and costs.

Plaintiffs to give notice.

              CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Minute Order dated 8/2/2016
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: 8/2/2016

Sherri R. Carter, Executive Officer/Clerk

              Page    2 of   3    DEPT. 50

| |
|---|
| MINUTES ENTERED 08/02/16 COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 08/02/16 | | | DEPT. 50 |
|---|---|---|---|
| HONORABLE TERESA A. BEAUDET | JUDGE | A. HE | DEPUTY CLERK |
| HONORABLE #2 | JUDGE PRO TEM | G. VELASQUEZ, C.A. | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | KEVIN A. ROLDAN CSR#13463 | Reporter |

| 8:30 am | BC556273 | | Plaintiff Counsel | CHRISTOPHER SWANSON (X) |
|---|---|---|---|---|
| | JASMINE LEPE ET AL VS CHRYSLER GROUP LLC ET AL | | Defendant Counsel | LISA TUDZIN (X) |

**NATURE OF PROCEEDINGS:**

By: _____
       A. He, Deputy Clerk

O'CONNOR & MIKHOV LLP
Lauren A. Ungs
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

Page   3 of   3   DEPT. 50

MINUTES ENTERED
08/02/16
COUNTY CLERK

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

1

2

I am employed in the County of Los Angeles, State of California. I am over the age of 18
years and not a party to the within action. My business address is 1801 Century Park East, Suite
2300, Los Angeles, CA 90067.

3

4

I served the foregoing document described as:

5

**NOTICE OF RULING REGARDING PLAINTIFFS' MOTION FOR
ATTORNEY'S FEES AND COSTS AND EXPENSES AND DEFENDANT'S
MOTION TO STRIKE COSTS OR TAX COSTS AND ORDER TO SHOW
CAUSE**

6

7

8

Said document was served on the interested parties in this action, by placing true copies
thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

9

10

Scott S. Shepardson, Esq.
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
**Counsel for Defendant,**
**FCA US LLC f/k/a**
**CHRYSLER GROUP LLC**

11

12

13

14

15

16  XX   BY MAIL: I am readily familiar with this firm's practice of collection and processing
correspondence for mailing with the United States Postal Service. Under that practice, it
would be deposited with the U.S. Postal Service on that same day with postage thereon
fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary
course of business. The envelope was sealed and placed for collection that same day
following ordinary business practices, addressed to the above-referenced attorney.

17

18

19

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

20

21

Executed on August 11, 2016 at Los Angeles, California.

22

23

24                                      MELISSA URIBE

25

26

27

28

-1-

# EXHIBIT FF

# COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 28 2016

Sherri R. Carter, Executive Officer/Clerk
By Paul Solls, Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| CRUZ PEREZ and MARIA VALDEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRYSLER GROUP LLC., a Delaware Limited Liability Company, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. BC528217<br>Unlimited Jurisdiction<br><br>[PROPOSED] ORDER ON PLAINTIFFS' ATTORNEY'S FEES AND COSTS AND EXPENSES<br><br>Date: June 6, 2016<br>Time: 8:30 a.m.<br>Dept: 56 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs' Motion for Attorney's Fees and Costs and Expenses, and Defendant's Motion to Strike Costs, or, in the alternative, to Tax Costs, came on regularly for hearing on June 6, 2016, 8:30 a.m., in Department 56, of the above-entitled court located at 111 North Hill Street, Los Angeles, California 90012, the Honorable Michael Johnson, presiding.

///

///

[PROPOSED] ORDER

1      Roger Kirnos of the Law Offices of Michael H. Rosenstein appeared on behalf of

2  Plaintiffs, Cruz Perez and Maria Valdez, and Scott S. Shepardson of Nixon Peabody LLP

3  appeared on behalf of Defendant, Chrysler Group LLC. Having read the motions, the

4  memorandums and the declarations filed by the parties, and having entertained oral argument of

5  counsel, the Court adopted its tentative ruling, as follows:

6

7    1.  Plaintiffs' Motion for Attorney's Fees and Costs and Expenses is GRANTED in part.

8        Plaintiffs are awarded attorney's fees in the amount of $50,441.00;

9    2.  The Court finds that under the facts presented in this case, Defendant's initial settlement

10       offer and subsequent CCP § 998 offer were not complete and definitive;

11    3.  The Court finds that the following hourly rates requested by counsel are reasonable:

12        •  Steve Mikhov $500.00/hr

13        •  Lauren Ungs $350.00/hr

14        •  Daisy Ortiz $225.00/hr

15        •  Kirk Donnelly $375.00/hr

16        •  Kristina Stephenson-Cheang $350.00/hr

17        •  Kevin Van Hout $300.00/hr

18        •  Michael Rosenstein $450.00/hr

19        •  Roger Kirnos $300.00/hr

20    4.  The Court finds that a 10% reduction for the lodestar fees is warranted for duplicative

21       work and/or inefficiencies in billing;

22    5.  The Court finds that a lodestar multiplier is not warranted;

23    6.  Defendant's Motion to Strike, or, in the alternative Tax Costs is DENIED. Plaintiffs are

24       awarded their full costs in the amount of $2,634.80, as all costs are permissible under

25       Code of Civil Procedure §1033.5;

26    7.  Plaintiffs are awarded a total amount of attorneys' fees and costs and expenses in the

27       amount of $53,075.80.

28

-1-

[PROPOSED] ORDER

1    IT IS HEREBY ORDERED.

2

3                                              IT IS SO ORDERED

4

5    Dated:    JUN 2 8 2016          MICHAEL JOHNSON

6                                              Judge of the Superior Court

7

8    Prepared by:

9    O'CONNOR & MIKHOV, LLP
     Mark O'Connor (SBN 157680)

10   Steve Mikhov, Esq. (SBN 224676)
     1801 Century Park East, Ste. 2300

11   Los Angeles, CA 90067
     Telephone: (310) 552-2250

12   Fax: (310) 552-7973

13

14   Attorneys for Plaintiffs,
     CRUZ PEREZ and MARIA VALDEZ

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              -2-

**PROOF OF SERVICE**
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER ON PLAINTIFFS' ATTORNEY'S FEES AND COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

| | |
|---|---|
| Scott S. Shepardson, Esq.<br>NIXON PEABODY LLP<br>One Embarcadero Center, 18th Floor<br>San Francisco, CA 94111<br>Fax: (866) 542-6538<br>**Counsel for Defendant,**<br>**FCA US LLC**<br>(via mail and fax) | Michael H. Rosenstein, Esq<br>LAW OFFICES OF MICHAEL H.<br>ROSENSTEIN<br>1801 Century Park East, Suite 2300<br>Los Angeles, CA 90067<br>**Associated Counsel for Plaintiff,**<br>**CRUZ PEREZ and MARIA VALDEZ**<br>(via email only) |

XX    BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

XX    BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

XX    BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 7, 2016 at Los Angeles, California.

MELISSA URIBE

-1-

PROOF OF SERVICE

1
PROOF OF SERVICE<br>(Code of Civil Procedure §1013a)

2

3   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

4

5   I served the foregoing document described as:

6   **[PROPOSED] ORDER ON PLAINTIFFS' ATTORNEY'S FEES AND COSTS AND EXPENSES**

7

8   Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

9

10  Scott S. Shepardson, Esq.                    Michael H. Rosenstein, Esq
    NIXON PEABODY LLP                            LAW OFFICES OF MICHAEL H.
11  One Embarcadero Center, 18th Floor           ROSENSTEIN
    San Francisco, CA 94111                      1801 Century Park East, Suite 2300
12  Fax: (866) 542-6538                          Los Angeles, CA 90067
    **Counsel for Defendant,**                   **Associated Counsel for Plaintiff,**
13  **FCA US LLC**                               **CRUZ PEREZ and MARIA VALDEZ**
    (via mail only)                              (via email only)
14

15  XX   BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it
16       would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary
17       course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.
18

19  XX   BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused
20       the documents to be sent to the persons at the e-mail addresses listed above. I did not
21       receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.
22

23  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24

25  Executed on June 13, 2016 at Los Angeles, California.

26

27  _____
    MELISSA URIBE

28

-1-

PROOF OF SERVICE

# EXHIBIT GG

ORIGINAL

1  Scott M. Erskine (SBN 257466)
   serskine@erskinelawgroup.com
2  Jonathan M. Shugart (SBN 278221)
   jshugart@erskinelawgroup.com
3  ERSKINE LAW GROUP
   342 South Main Street
4  Rochester, MI 48307
   Telephone:   (248)601-4499
5  Facsimile:    (248)601-4997

6  Attorney for Defendant
   FORD MOTOR COMPANY

7

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

DEC 2 9 2015

LARAYNE CLERK, CLERK
BY _____

8              THE STATE OF CALIFORNIA

9       SUPERIOR COURT FOR THE COUNTY OF TULARE

10

11  MICHAEL WING AND VICKY WING          Case No. VCU253635

12          Plaintiffs,
                                         [PROPOSED] ORDER GRANTING
13      v.                               PLAINTIFFS' MOTION FOR
                                         ATTORNEY'S FEES AND COSTS
14  FORD MOTOR COMPANY, a Delaware
    Corporation, and DOES 1 through 20,  Date: December 21, 2015
15  inclusive,                           Time: 8:30 A.M.
                                         Dept: 1
16          Defendants.

17

18

19      Pursuant to agreement of the parties prior to oral hearing in this matter, the court orders

20  that Plaintiff's Motion for Attorney's Fees and Costs is GRANTED.  Plaintiffs shall be awarded

21  $102,381.75 in fees and $13,023.85 in costs for a total of $115,405.60.

22

23

24  Dated:  12 29 15              _____
                                  JUDGE OF THE SUPERIOR COURT
25

26

27

28

_____
       ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

BY FAX

# EXHIBIT HH

**O'CONNOR & MIKHOV LLP**
Mark O'Connor (SBN 157680)
Steve B. Mikhov (SBN 224676)
Lauren A. Ungs (SBN 273374)
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

**LAW OFFICES OF MICHAEL H. ROSENSTEIN**
Michael H. Rosenstein (SBN 169091)
Roger Kirnos (SBN 283163)
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 286-0275
Fax: (310) 286-0274

Attorneys for Plaintiff,
DONALD YERBIC

F I L E D
Superior Court of California
County of San Francisco

DEC 0 1 2015

CLERK OF THE COURT
BY: _____
Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| **DONALD YERBIC,** | Case No.: CGC-13-533092 |
| Plaintiff, | Unlimited Jurisdiction |
| vs. | **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES** |
| **FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,** | Hearing Date:   December 1, 2015 |
| Defendants. | Time:   9:30 a.m. |
| | Dept.:   302 |

i

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES

1   TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2           PLEASE TAKE NOTICE that on December 1, 2015 at 9:30 a.m. in Department 302 of

3   the San Francisco County Superior Court located at 400 McAllister Street in San Francisco,

4   California, Plaintiff Donald Yerbic moved the court for an award of attorney's fees and costs and

5   expenses pursuant to Civil Code § 1794(d) of the Song Beverly Consumer Warranty Act (CIV.

6   Code 1790 *et. seq).*

7           Plaintiff requested $70,020.00 in attorney's fees plus a lodestar enhancement of 1.5 in the

8   amount of $35,010.00.  Plaintiff also requested $3,995.20 in costs.

9           Having read the motion, the memorandum and declarations filed by the parties, the court

10   makes the following ruling:

11           Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED. Plaintiff is

12   awarded $70,000.00 in attorney's fees. Plaintiff is also awarded $3,995.00 for cost and expenses.

13

14           IT IS HEREBY ORDERED.

15

16                                                  IT IS SO ORDERED

17

18

19

20   Dated:   DEC 0 1 2015

21                                                  Judge of the Superior Court

22                                                  ERNEST H. GOLDSMITH

23

24

25

26

27

28

                                                 ii

# EXHIBIT II

*A*

FILED

DEC 03 2015

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

1
2
3
4
5
6
7
8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF MARIN

10                                                BY FAX

11   NEIL KRAN and MERYL SCHNEIDER,        Case No.: CIV1302144
12                                         Unlimited Jurisdiction
              Plaintiffs,
13                                         AMENDED [PROPOSED] ORDER
     vs.                                   AFTER HEARING ON PLAINTIFFS'
14                                         MOTION FOR ATTORNEY'S FEES
                                           AND COSTS AND EXPENSES
15   FORD MOTOR COMPANY, a Delaware
16   Corporation, and DOES 1 through 10,   Date: November 10, 2015
     inclusive,                            Time: 9:00 a.m.
17                                         Dept: A
18
19              Defendants.
20
21   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
22         The matter of Plaintiffs' Motion for Attorney's Fees and Costs and Expenses, came on
23   regularly for hearing on November 10, 2015, 9:00 a.m., in Department A, of the above-entitled
24   court located at 3501 Civic Center Drive, San Rafael, CA, the Honorable Geoffrey M. Howard,
25   Judge Presiding.
26   ///
27   ///
28

                            AMENDED [PROPOSED] ORDER

1    Roger Kirnos specially appeared on behalf of O'Connor & Mikhov, LLP for Plaintiffs,

2  NEIL KRAN and MERYL SCHNEIDER, and Jonathan M. Shugart of The Erskine Law Group

3  appeared on behalf of Defendant, FORD MOTOR COMPANY. Having read the motion, the

4  memorandum and the declarations filed by the parties, and having heard oral argument of

5  counsel, the Court rules as follows:

6

7    1.  Plaintiffs' Motion for Attorney's Fees and Costs and Expenses is GRANTED;

8    2.  The Court reduces the O'Connor & Mikhov, LLP billing by 25.6 hours for the billing of

9        contract attorneys, Mr. Gottlieb, Mr. Ricucci and Mr. Engebretson;

10   3.  The Court reduces the O'Connor & Mikhov, LLP fees by 3.1 hours in connection with

11       work on Defendant's motion to compel and a partial reduction for Mr. Mikhov's review

12       of motions *in limine*;

13   4.  The Court reduces the Wirtz Law fees by 2.3 hours for duplicative review of the case file;

14   5.  The Court reduces the hourly rate of paralegal Ryan Ward from the Wirtz Law office to

15       $150.00;

16   6.  The Court finds it appropriate to reduce Plaintiffs' attorneys' hourly rates by 15% to be

17       commensurate with the prevailing local rate for similar work;

18   7.  Plaintiffs are awarded lodestar attorney's fees in the amount of $73,918.63;

19   8.  The Court finds it appropriate to award a lodestar multiplier of 1.50 to reflect the risk

20       undertaken by Plaintiffs' counsel in litigating this matter in the amount of $36,959.31;

21   9.  Plaintiffs are awarded their unopposed request for costs and expenses incurred in this

22       action in the amount of $12,069.40; and

23   10. Plaintiffs are awarded a total amount of attorneys' fees and costs and expenses in the

24       amount of $122,947.34.

25

26                                   IT IS SO ORDERED

27

28  Dated: 12/3/15

                                     Judge of the Superior Cour

-1-

AMENDED [PROPOSED] ORDER

1

2   Prepared by:
    **O'CONNOR & MIKHOV, LLP**
3   Mark O'Connor (SBN 157680)
    Steve Mikhov, Esq. (SBN 224676)
4   Lauren Ungs (SBN 273374)
    1801 Century Park East, Ste. 2300
5   Los Angeles, CA   90067
    Telephone: (310) 552-2250
6   Fax: (310) 552-7973

7
    Attorneys for Plaintiffs,
8   NEIL KRAN and
    MERYL SCHNEIDER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**AMENDED [PROPOSED] ORDER AFTER HEARING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Scott M. Erskine, Esq.
THE ERSKINE LAW GROUP, P.C.
342 S. Main Street
Rochester, Michigan 48307
Fax: (248) 601-4497
**Counsel for Defendant,**
**FORD MOTOR COMPANY**

XX   BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

XX   BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 2, 2015 at Los Angeles, California.

MELISSA URIBE

-1-

PROOF OF SERVICE

# EXHIBIT JJ





NOV 1 2 2015

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

1

2

3

4

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF MARIN

10                                                    

11  STEVEN WIESSLER,                     Case No.:  CIV1303232
                                        Unlimited Jurisdiction
12
             Plaintiff,
13                                      [PROPOSED] ORDER AFTER
                                        HEARING ON PLAINTIFF'S
14        vs.                           MOTION FOR ATTORNEY'S FEES
                                        AND COSTS AND EXPENSES
15
    FORD MOTOR COMPANY,  a Delaware     Date: October 27, 2015
16  Corporation, and DOES 1 through 10, Time: 9:00 a.m.
    inclusive,                          Dept: A
17

18

19           Defendants.

20

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22       The matter of Plaintiff's Motion for Attorney's Fees and Costs and Expenses, came on

23  regularly for hearing on October 27, 2015, 9:00 a.m., in Department A, of the above-entitled court

24  located at 3501 Civic Center Drive, San Rafael, CA, the Honorable Geoffrey M. Howard, Judge

25  Presiding.

26  ///

27  ///

28

ORDER

1    Roger Kimos of O'Connor & Mikhov LLP appeared on behalf of Plaintiff, STEVEN

2  WIESSLER, and Jonathan M. Shugart of The Erskine Law Group appeared on behalf of

3  Defendant, FORD MOTOR COMPANY. Having read the motion, the memorandum and the

4  declarations filed by the parties, and having entertained oral argument of counsel, the Court

5  adopted its tentative ruling in part, as follows:

6

7    1.   Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED;

8    2.   The Court reduces the O'Connor & Mikhov fees by $4,655.00 for the billing of contract

9        attorneys;

10   3.   The Court reduces the Wirtz Law Office fees by 6.1 hours;

11   4.   The court finds it appropriate to reduce Plaintiff's attorney's hourly rates by 15% to be

12       commensurate with the prevailing local rate for similar work;

13   5.   Plaintiff is awarded attorney's fees in the amount of $85,760.75;

14   6.   The Court finds it appropriate to apply a lodestar multiplier of 1.50 to reflect the risk

15       undertaken by Plaintiff's counsel in litigating this matter in the amount of $42,880.37;

16   7.   Plaintiff is awarded his unopposed request for costs and expenses incurred in this action

17       in the amount of $15,496.65; and

18   8.   Plaintiff is awarded a total amount of attorneys' fees and costs and expenses in the amount

19       of $144,137.77.

20

21       IT IS HEREBY ORDERED.

22

23

24                                        IT IS SO ORDERED

25

26  Dated: _11-12-15_                              GEOFFREY M. HOWARD

27                                        Judge of the Superior Court

28

-1-

ORDER

Prepared by:
**O'CONNOR & MIKHOV, LLP**
Mark O'Connor (SBN 157680)
Steve Mikhov, Esq. (SBN 224676)
Lauren Ungs (SBN 273374)
1801 Century Park East, Ste. 2300
Los Angeles, CA   90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiff,
STEVEN WIESSLER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-2-

ORDER

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSED] ORDER AFTER HEARING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Scott M. Erskine, Esq.                          Richard Wirtz, Esq.
THE ERSKINE LAW GROUP, P.C.       WIRTZ LAW APC
342 S. Main Street                              4365 Executive Drive, Suite 1460
Rochester, Michigan 48307                 San Diego, CA 92121
Fax: (248) 601-4497                            rwirtz@wirtzlaw.com
**Counsel for Defendant,**                  **Counsel for Plaintiff,**
**FORD MOTOR COMPANY**              **STEVEN WIESSLER**
(via Mail and Fax)                              (via E-mail)

XX   BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

XX   BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

XX   BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 5, 2015 at Los Angeles, California.

DANIELLE JURADO

-1-
PROOF OF SERVICE

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

[PROPOSED] ORDER AFTER HEARING ON PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Scott M. Erskine, Esq.                          Richard Wirtz, Esq.
THE ERSKINE LAW GROUP, P.C.         WIRTZ LAW APC
342 S. Main Street                              4365 Executive Drive, Suite 1460
Rochester, Michigan 48307                  San Diego, CA 92121
**Counsel for Defendant,**                  rwirtz@wirtzlaw.com
**FORD MOTOR COMPANY**            **Counsel for Plaintiff,**
(via Mail)                                           **STEVEN WIESSLER**
                                                         (via E-mail)

XX     BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

XX     BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 10 , 2015 at Los Angeles, California.

DANIELLE JURADO

-1-

PROOF OF SERVICE

# EXHIBIT KK

Superior Court of California

County of Los Angeles

Department 36

HELM,

          Plaintiff(s),

     v.

CHRYSLER GROUP LLC,

          Defendant(s).

Case No.: BC519503

Hearing Date: 9/9/15

[TENTATIVE] RULING RE:

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES.

The motion is granted in a reduced sum, not as prayed.

1. As to the issue of **prevailing party**, the court determines that the two settlement offers were rejected and involved too much uncertainty in terms, as explained in the reply, at pages 1 through 3 and 6 through 11.

2. The **multiplier** is not warranted, for the reasons set forth in the opposition, page 15.

3. The **hourly rates**, increasing with attorney experience, appear standard considering what has been charged in the local legal community.

4. The opposing log of items claimed **excessive times or sums**, is an overly broad, "shotgun" approach. Many of the tasks attacked as being excessive in time are just small fractions of an hour to do the job.

5. Defendant argues for more evidentiary detail from moving party, where the law does not require it.

Civil Code Section 1794(d) requires a court to base the attorneys' fee award on actual time expended on the case, and reasonably incurred, as to time spent, and amount, under all circumstances including complexity of the case, procedural demands, skill exhibited, and results achieved.  McKenzie v. Ford Motor Co. (2015) 238 Cal. App. 4th 695, 703.

"The plain wording of the statute [Civ. C. §1794] requires the trial court to base the fee award upon actual time expended on the case, as long as such fees are reasonably incurred—both from the standpoint of time spent and the amount charged." Robertson v. Fleetwood Travel Trailers of California, Inc. (2006) 144 Cal.App.4th 785, 817.

As to Song–Beverly warranty claims, prevailing buyers have the burden to show that the fees incurred were reasonably necessary to the conduct of the litigation, and were reasonable amounts.  Doppes v. Bentley Motors, Inc. (2009) 174 Cal.App.4th 967, 998.

The appellate court reviews awards of attorney fees under Civil Code section 1794, subdivision (d), for abuse of discretion.  Doppes v. Bentley Motors, Inc. (2009) 174 Cal.App.4th 967, 998.

A court recently was reversed, after determining there was no prevailing party, denying fees incurred after an auto manufacturer's settlement offer, and denying duplicative fees, as shown by the following excerpt:

> The trial court's erroneous comparison of Ford's initial compromise offer with the offer McKenzie later accepted fatally undermines its conclusion that the entire amount of hours billed by McKenzie's counsel in the wake of that initial offer was unjustified. The court's additional finding, that McKenzie's two attorneys also engaged in instances of duplicative billing after Ford's initial offer, does not support a complete denial of fees for that period. Consequently, we remand the matter to the trial court with directions to reconsider the fee award.

McKenzie v. Ford Motor Co. (2015) 238 Cal. App. 4th 695, 698 (Cal. App. 4th Dist. 2015)

A cited opinion involved litigation only over a penalty, as to which the car buyer did not prevail, as shown by the following excerpt:

> Mercedes-Benz immediately admitted liability for failure to replace or repurchase the car and offered to do so, the amount [24] of restitution was not contested, and the entire trial concerned the civil penalty, MacQuiddy's main litigation objective was to obtain a civil penalty. The fight in this case was not about the repurchase of the car. (See Foothill Properties, supra, 46 Cal.App.4th at pp. 1555–1556; Epstein v. Frank (1981) 125 Cal.App.3d 111, 124 [177 Cal. Rptr. 831] ["It is not always the case however that the party in whose favor the final judgment is entered will be deemed to be the prevailing party. For example, the party who prevails on all of the issues which were actually litigated at the trial will be deemed the prevailing party even though the judgment may be entered in favor of the opposing party."].) The trial court did not abuse its discretion in determining MacQuiddy did not prevail under the Act and therefore was not entitled to attorney fees.

MacQuiddy v. Mercedes-Benz USA, LLC (2015) 233 Cal. App. 4th 1036, 1049.

An offer under Code of Civil Procedure **Section 998** may include nonmonetary terms and conditions, but must be sufficiently specific to enable meaningfully evaluating it and its worth, and a reasoned decision about accepting it. MacQuiddy v. Mercedes-Benz USA, LLC (2015) 233 Cal. App. 4th 1036, 1050 ("Because of the undefined and subjective nature of the term that Mercedes-Benz would repurchase the 'undamaged' car, we conclude the section 998 offer was at least ambiguous, and was therefore not valid.").

Trial court's determinations of issues related to Section 998 are reviewed for abuse of discretion. Clark v. Optical Coating Lab. (2008) 165 Cal.App.4th 150, 185; Santantonio v. Westinghouse Broad. Co. (1994) 25 Cal. App. 4th 102, 121.

"The award of a **multiplier** is in the end a discretionary matter largely left to the trial court." Hogar v. Community Development Com'n of City of Escondido (2007) 157 Cal.App.4th 1358, 1371.

"[T]he trial court is not required to include a fee enhancement for exceptional skill, novelty of the questions involved, or other factors. Rather, applying a multiplier is discretionary." Rey v. Madera Unif. Sch. Dist. (2012) 203 Cal.App.4th 1223, 1242.

As for **evidentiary burdens**, attorney billing records are not required, but there must be some evidence in support of fees. Martino v. Denevi (1986) 182 Cal.App.3d 553, 558-559; Weber v. Langholz (1995) 39 Cal. App. 4th 1578, 1587.

"It is not necessary to provide detailed billing timesheets to support an award of attorney fees under the lodestar method.... Declarations of counsel setting forth the reasonable hourly rate, the number of hours worked and the tasks performed are sufficient." Concepcion v. Amscan Holdings, Inc. (2014) 223 Cal.App.4th 1309, 1324.

The requirement of substantial evidence is inapposite as to attorney fee awards. Maughan v. Google Technology, Inc. (2006) 143 Cal.App.4th 1242, 1249. *But see* Yield Dynamics, Inc. v. Tea Sys. Corp. (2007) 154 Cal.App.4th 547, 576 ("A request for an award of attorney fees is entrusted to the trial court's discretion and will not be overturned in the absence of a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence.").

" 'Although a fee request ordinarily should be documented in great detail, it cannot be said ... that the absence of time records and billing statements deprive[s] [a] trial court of substantial evidence to support an award....' " City of Colton v. Singletary (2012) 206 Cal.App.4th 751, 784-85.

"[V]erified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." Horsford v. Board Of Trustees Of

California State Etc. (2005) 132 Cal.App.4th 359, 396 (deciding it was an abuse of discretion to completely disregard counsel's time records based upon finding numerous instances of overlapping work).

Parties opposing motions for attorneys' fees fail to show any abuse of discretion where they merely contend that amounts of attorneys' fees are excessive, without providing a specific analysis or factual support.  Mallard v. Progressive Choice Ins. Co. (2010) 188 Cal.App.4th 531, 545;  Raining Data Corp. v. Barrenechea (2009) 175 Cal.App.4th 1363, 1376 (an "'assertion [that] is unaccompanied by any citation to the record or any explanation of which fees were unreasonable or duplicative' is insufficient to disturb the trial court's discretionary award of attorney fees.");  Maughan v. Google Technology, Inc. (2006) 143 Cal. App. 4th 1242, 1250;  Avikian v. Wtc Fin. Corp. (2002) 98 Cal. App. 4th 1108, 1119;  Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association (2008) 163 Cal.App.4th 550, 560 (emphasizing that opposing parties "submitted no evidence that the hours claimed by counsel were excessive," and declining to "declare as a matter of law that the hours were unreasonable");  Villanueva v. City of Colton (2008) 160 Cal.App.4th 1188, 1204 (opposing party "offered no evidence of any kind which might have warranted a reduced fee award.").

The determination of **reasonable amount** of attorney fees is within the sound discretion of trial courts.  PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1095;  Akins v. Enterprise Rent-A-Car Co. (2000) 79 Cal. App. 4th 1127, 1134.

"'"[P]adding' in the form of inefficient or duplicative efforts is not subject to compensation.'"  Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association (2008) 163 Cal.App.4th 550, 556.

In setting the **hourly rate** for an attorney fees award, courts are entitled to consider the rate of "'fees customarily charged by that attorney and others in the community for similar work.'"  Bihun v. AT&T Information Systems, Inc. (1993) 13 Cal. App. 4th 976, 997 (affirming rate of $450 per hour), *overruled on other grounds by* Lakin v. Watkins Associated Indus. (1993) 6 Cal. 4th 644, 664.

5

In determining a reasonable attorney's fee award, judges have <u>discretion</u> to disallow attorney fees incurred after a **reasonable settlement offer**, where the ultimate recovery was no better, even where Code of Civil Procedure Section 998 is inapplicable.  <u>Meister v. Regents of Univ. of Cal.</u> (1998) 67 Cal. App. 4th 437, 452.

Regarding **costs**, a party who does not prevail under Civil Code Section 1794(d), could still be a prevailing party for purposes of Code of Civil Procedure Section 1032.  <u>MacQuiddy v. Mercedes-Benz USA, LLC</u> (2015) 233 Cal. App. 4th 1036, 1051.

The Court awards to Plaintiff attorneys' fees, in the sum of $66,172.80, and costs and expenses, in the total amount of $3,322.33, payable forthwith by Defendant

Dated: 9/9/15

Gregory W. Alarcon

Gregory Alarcon

Superior Court Judge

I certify that this is a true and correct copy of the
original_____KULING_____
on file in this office consisting of _____ pages.
SHERRI R. CARTER, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles.

SEP 15 2015   Date_____ By_____, Deputy

D. WADE

# EXHIBIT LL

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 27 2015

Sherri R. Carter, Executive Officer/Clerk

BY Ana Ayala, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| DMITRY SHYCHKO aka DZMITRY SHYCHKO,<br><br>Plaintiff,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: BC533642<br>Unlimited Jurisdiction<br><br>[PROPOSED] ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS<br><br>*Assigned to the Honorable Michael Linfield*<br>Department 34<br><br>**Hearing Date:** April 20, 2015<br>**Hearing Time:** 8:30 a.m. |

By Fax

This matter having come on for hearing on April 20, 2015 and this Court having considered all moving and opposing paper and oral argument of counsel and finding good cause hereby ORDERS as follows:

This Court's tentative ruling, attached to this ORDER as Exhibit "A", is adopted. Plaintiff's motion is GRANTED. Defendant Mercedes-Benz USA LLC, is ORDERED to pay to Plaintiff through their counsel the amount of $79,081.14 in attorneys fees and costs.

JUDGMENT is entered against Defendant in the amount of $79,081.14.

MAY 27 2015

Date: April _____, 2015

Hon. Michael Linfield
Dept. 34

ORDER RE MOTION FOR ATTORNEY FEES AND COSTS

# EXHIBIT A

**Case Number:** BC533642   **Hearing Date:** April 20, 2015   **Dept:** 34

Moving Party: Plaintiff Dmitry Shychko ("plaintiff")

Resp. Party: Defendant Mercedes-Benz USA, LLC ("defendant")

Plaintiff's Motion for Attorneys Fees and Costs in GRANTED in part. The Court awards plaintiff $79,081.14 in attorney's fees and costs.

Defendant's Objections to O'Conner Declaration:

Objection SUSTAINED OVERRULED
1 SUSTAINED
2 SUSTAINED
3 OVERRULED
4 OVERRULED
5 OVERRULED
6 OVERRULED

Defendant's Objections to Mikhov Declaration:

Objection
1 SUSTAINED
2 OVERRULED
3 SUSTAINED
4 OVERRULED
5 OVERRULED
6 OVERRULED

7 OVERRULED
8 OVERRULED


Defendant's Objections to Swanson Declaration:

Objection
1 SUSTAINED


BACKGROUND:

Plaintiff commenced this action on 1/21/14 against
defendant for violations of the Song-Beverly Act and
Magnuson-Moss Act. The action pertains to defects in a
vehicle manufactured by defendant and purchased by
plaintiff.

Plaintiff filed notices of settlement in September and
December 2014. The Court dismissed the action on 1/6/15.


ANALYSIS:

Plaintiff seek attorney's fees in the amount of $100,047.39,
which includes a lodestar amount of $63,977.50 and a
multiplier of 1.5. Attorney's fees may only be recovered
where such recovery is authorized by statute or contract.
(See Code Civ. Proc., § 1033.5(a)(10)(A).) Attorney's fees
may be recovered by a prevailing buyer under the Song-
Beverly Act. (See Civ. Code, § 1794(d).) It is undisputed that

plaintiffs are the prevailing parties pursuant to the settlement
in this action. (See O'Connor Decl., Exh. 2 [erroneously
attached to the Fox declaration].)

Civil Code section 1794(d) provides:

If the buyer prevails in an action under this section, the buyer
shall be allowed by the court to recover as part of the
judgment a sum equal to the aggregate amount of costs and
expenses, including attorney's fees based on actual time
expended, determined by the court to have been reasonably
incurred by the buyer in connection with the commencement
and prosecution of such action.

(Civ. Code, § 1794 [emphasis added].) Therefore, the statute
includes a "reasonable attorney's fees" standard.

The trial court has broad authority to determine the amount
of a reasonable fee. (PLCM Group, Inc. v. Drexler (2000) 22
Cal.4th 1084, 1095; Ghanooni v. Super Shuttle of Los
Angeles (1993) 20 Cal.App.4th 256, 262.) In determining the
reasonable value of the attorney services, "the court does
not need separate evidence to establish the reasonable
value of whatever should be justly awarded, the theory being
that the trial judge is competent from his own knowledge of
legal practice to fix the amount of the fees. [Citations.]"
(Spencer v. Harmon Enterprises (1965) 234 Cal.App.2d 614,
621 [internal citations omitted].)

The attorney bears the burden of proof as to
"reasonableness" of any fee claim. (Code Civ. Proc., §
1033.5(c)(5).) This burden requires competent evidence as
to the nature and value of the services rendered. (Martino v.
Denevi (1986) 182 Cal.App.3d 553, 559.) While the attorney
should submit contemporaneous time and billing records

accurately reflecting the work done, these records may not be absolutely essential to fee recovery in state practice. (Weil & Brown, Cal Prac. Guide: Civ. Proc. Before Trial (The Rutter Group 2011) ¶¶ 1:304-1:305, p. 1-53.) "Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." (Martino, 182 Cal.App.3d at 559.)

## 1. Lodestar Calculation

In determining whether the requested attorney's fees are "reasonable," the Court's 'first step involves the lodestar figure - a calculation based on the number of hours reasonably expended multiplied by the lawyer's hourly rate. The lodestar figure may then be adjusted, based on consideration of facts specific to the case, in order to fix the fee at the fair market value for the legal services provided.'

(Gorman v. Tassajara Development Corp. (2008) 162 Cal.App.4th 770, 774 [internal citations omitted].) In determining whether to adjust the lodestar figure, the Court may consider the nature and difficulty of the litigation, the amount of money involved, the skill required and employed to handle the case, the attention given, the success or failure, and other circumstances in the case. (EnPalm LLC v. Teitler (2008) 162 Cal.App.4th 770, 774; PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1095.)

## a. The Hourly Rates of Plaintiffs' Counsel are Reasonable

Plaintiff provides sufficient evidence to support the requested
hourly rates of the attorneys who worked on this action. (See
Mikhov Decl., ¶¶ 2-9, 12; Ungs Decl., ¶¶ 2, 4; Fox Decl., ¶¶
3, 5, O'Connor Decl., ¶¶ 11-16, 21, Ortiz Decl., ¶¶ 2, 4;
Stephenson-Cheang Decl., ¶¶ 2, 4; Swanson Decl., ¶¶ 2, 4.)


b. The Number of Hours Billed is Excessive

Plaintiff provides billing records in support of the requested
fees. (See Fox Decl., Exh. 8.) Defendant is correct that the
amount requested is excessive and unreasonable. Plaintiff is
seeking $52,977.50 for work performed prior to this motion,
plus $11,000.00 for further work on the case. This action
was pending for less than a year before it settled. The
motions filed included one motion to compel further which
was filed by plaintiff and then withdrawn before hearing, and
motions in limine filed by defendant but not responded to by
plaintiff. The only other proceeding was a peremptory
challenge filed by plaintiff. Plaintiff argues that the large
amount of fees is due to defendant's litigation actions, but
Plaintiff does not provide sufficient evidence to suggest that
defendant needlessly increased litigation costs. (See, e.g.,
Mikhov Decl., ¶ 28 [conclusory assertions about defendant's
discovery responses].) Plaintiff points to fees awarded in
other lemon law cases, but, as discussed above, these
awards are not relevant to the facts of this case. Moreover,
given plaintiff's counsel's purported experience and skill, it is
unclear why the case required extensive work from seven
people. (See O'Connor Decl., ¶ 24; Mikhov Decl., ¶ 13.)

On the other hand, Defendant's argument that Plaintiff

should only have incurred some $11,672.50 is not
particularly persuasive. Defendant argues that more than
80% of plaintiff's billing is unreasonable and excessive.
According to defendants, "if the $63,977.50 claimed by
plaintiff's attorneys is reduced by the $52,307.00 in
excessive and improper billing set forth above, the balance
is $11,672.50." (Opp., p. 4:13-14.) Yet at the same time,
defendant claims that defense counsel themselves
reasonably billed 90.8 hours. (Opp., p. 2:24; Chon
Declaration, ¶ 7.) Defendant's attorneys do not give a
breakdown of their hourly rate. However, the combined
average hourly rate of plaintiffs' counsel is $440/hour. At this
rate, even accepting the (unsupported) premise that plaintiff
should only have billed as many hours as defendant, plaintiff
would be entitled to a lodestar of $39,952. Thus it is not
particularly persuasive for defendant to argue that plaintiff
could only have incurred fees of less than one-third this
amount.

Perhaps the fairer comparison would be between the 145.4
hours billed by plaintiff in the 90.8 hours billed by
defendants. While the number of hours plaintiff's counsel
billed is approximately 50% more than the number of hours
defense counsel billed, this is not, in and of itself, necessarily
outrageous or unreasonable.

Plaintiff fails to support the requested $11,000.00 for
additional work on this action. To the extent that this amount
is based on the costs incurred for the instant motion, it is
excessive. The instant 8-page motion did not present any
complex factual or legal issues. To the extent that there are
any case citations, these are clearly cut-and-pasted from
past motions that are already on counsels' computer. The
same if true for the accompanying declarations from the

attorneys working on this matter – each of which is a form declaration which, mutatis mutandis, can be used for fee applications in all such Song-Beverly Act cases.

The attorneys fees motion, accompanying declarations, reply brief and appearance (if necessary) should not require more than 10 hours of time. At $440/hour, this would be an additional $4,400 in fees.

Analyzing all of the above factors, the court finds the lodestar for this case to be $50,000.00.

c. Plaintiff's Request for $4,081.14 in Costs is Reasonable

Defendant only challenges the $4,081.14 in requested costs in a footnote. (See Opp., p. 2:27-28, fn. 1.) That footnote states: "plaintiff also seeks to recover costs in the sum of $4081.14. . . . . Plaintiff has not served or filed a memorandum of costs, and has thereby deprived MBUSA of the opportunity to challenge his claim costs by filing a motion to strike or tax costs, as well as a reply to plaintiff's arguments, if any, in support of his claimed costs. Plaintiff's request for costs in the sum of $4081.14 should therefore be denied in its entirety." (Id.)

Defendant is incorrect. Plaintiff has provided all of his costs and Exhibit 7 attached to the declaration of Amy Fox in support of plaintiff's motion for attorneys fees and costs. The costs are documented, and other than the general objection quoted in Footnote 1 above, defendant is not challenged any of the costs.

The Court finds that the $4,081.14 in costs expended, as

shown in Exh. 7 to be reasonable and adequately documented.

### d. A Multiplier is Warranted for the Contingent Nature of the Case

Plaintiff also requests a multiplier of 1.5. "The award of a multiplier is in the end a discretionary matter largely left to the trial court." (Hogar v. Community Development Com'n of City of Escondido (2007) 157 Cal.App.4th 1358, 1371. See also Rey v. Madera Unif. Sch. Dist. (2012) 203 Cal.App.4th 1223, 1242.) A court may enhance the lodestar figure in appropriate cases. (Ketchum v. Moses (2001) 24 Cal.4th 1122, 1138.) The court in Ketchum provided an explanation of the rationale behind contingent fee enhancements: "'A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans.'" (Id. at pp. 1132-1133 [quoting Posner, Economic Analysis of Law (4th ed. 1992) pp. 534, 567].) "A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases." (Id. at p. 1133 [internal citations and quotations omitted].) The following factors may be considered in deciding whether to apply a multiplier: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the

nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." (Id. at p. 1032.)

Although the case was neither novel nor difficult, plaintiff's counsel handled the case with the requisite skill needed, and the time spent on this matter obviously affected counsels' ability to take other cases. Most critically, this action was handled on a purely contingent basis. (See Milkov Decl., ¶ 26; O'Connor Decl., ¶ 25.)

The Court finds that the 1.5 multiplier requested is reasonable given the circumstances of this action.


Plaintiff's motion is GRANTED in part as follows:

Lodestar: $50,000.00
Multiplier of 1.5 $75,000.00
Costs $4,081.14

Total fees and costs: $79,081.14

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 384 Forest Ave., Suite 17, Laguna Beach, CA 92651.

On **May 5, 2015**, I served the foregoing document(s) described as: **ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES** to all interested parties in this action as set forth on the attached service list in the following matter:

[X]   **U.S. MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Laguna Beach, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ]   **BY FACSIMLE:** In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e)

[ ]   **BY PERSONAL SERVICE:** I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011

[ ]   **BY EXPRESS MAIL:** I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c)

[ ]   **BY ELECTRONIC MAIL:** I caused said document(s) to be served electronically pursuant to Code of Civil Procedure §1010.6(a) to: *Klehrman@lehrmanlawgroup.com*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **May 5, 2015** at Laguna Beach, California.

Rebecca A Judy

**SERVICE LIST**

Kate Lehrman
Lehrman Law Group
12121 Wilshire Blvd., Suite 1300
Los Angeles, CA 90025
**Attorneys for BMW of North America**

-1-
Proof of Service

# EXHIBIT MM

**BY FAX**

Copy

SUPERIOR COURT

FILED

F⁻ - 3 2015

FILED

COLUSA COUNTY

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF COLUSA**

| | |
|---|---|
| JIMMY THIESSEN AND TIFFANY THIESSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV23968<br>Unlimited Jurisdiction<br><br>*Assigned for All Purposes to the Honorable Jeffrey A. Thompson*<br>Department 1<br><br>[Proposed]<br>AMENDED ORDER AWARDING ATTORNEYS' FEES AND COSTS<br><br>Action Filed: May 7, 2013<br>Trial Date: July 8, 2014 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

The matter of Plaintiffs' Motion for Attorney's Fees and Costs came on regularly for hearing on January 13, 2015, at 9:00 a.m., in Department 1 of the Colusa County Superior Court, located at 547 Market Street in Colusa, California, the Honorable Jeffrey A. Thompson, Judge Presiding.

Michael Rosenstein, Esq. appeared on behalf of the Plaintiffs, Jimmy Thiessen and Tiffany Thiessen, and no appearance on behalf of Defendant, Ford Motor Company. Having read the motion, the memorandum and the declarations filed by the parties, the Court makes the following orders:

**IT IS HEREBY ORDERED**

1. Plaintiffs' Motion for Attorney's Fees is GRANTED in the principal sum of $114,411.69 based upon $45,262.50 as fees for the O'Connor & Mikhov Firm and

-1-

**ORDER AFTER HEARING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**

1      $69,149.19 for the Law Offices of Michael H. Rosenstein, plus interest thereon at the

2      legal rate of 10% from the date of service of the duly executed order; and

3    2.  Plaintiff's Costs are granted in the principal amount of $11,717.39, plus interest

4      thereon at the legal rate of 10% from the date of service of the duly executed order.

5    3.  The total amount ordered payable by the Defendant is $126,129.08

6

7  Dated: FEB - 3 2015

8                      JEFFREY A. THOMPSON

9                      *Jeffrey A. Thompson*
                      Judge Presiding

10

11  Prepared by:

12

13  **LAW OFFICES OF MICHAEL H. ROSENSTEIN**
    Michael H. Rosenstein (SBN 169091)

14  433 N. Camden Drive, Suite 400
    Beverly Hills, CA 90210

15  Telephone: (310)285-1595

16  Attorneys for Plaintiffs,

17  JIMMY THIESSEN AND
    TIFFANY THIESSEN

18

19

20

21

22

23

24

25

26

27

28

-2-

**ORDER AFTER HEARING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
AND COSTS**

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

[Proposed]
**AMENDED ORDER AWARDING ATTORNEY'S FEES AND COSTS**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Scott Erskine, Esq.
The Erskine Law Group, P.C.
342 S. Main St.
Rochester, MI 48307
Fax: (248) 601-4497
**Counsel for Defendant,**
**FORD MOTOR COMPANY**

XX    BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

XX    BY FACSIMILE: By personally faxing the above-referenced document to the facsimile number below the recipient's name.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 2nd day of February, 2015 at Los Angeles, California.

Laura Covarrubias

-1-
PROOF OF SERVICE

# EXHIBIT NN

01/23/2015 FRI 10:07 FAX @0017/003

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

JAN 20 2015

LARAYNE CLEEK, CLERK
BY: _____

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF TULARE**

| | |
|---|---|
| JAMES VALENCIA, | Case No: 252468 |
| Plaintiffs, | [PROPOSED] ORDER AFTER HEARING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS |
| vs. | |
| FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive, | Date: January 6, 2015<br>Time: 8:30 a.m.<br>Dept. 1 |
| Defendant. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

The matter of Plaintiffs' Motion for Attorney's Fees and Costs came on regularly for hearing on January 5, 2015, at 8:30 a.m., in Department 1 of the Tulare County Superior Court, located at 221 South Mooney, Tulare, CA, the Honorable Melinda M. Reed, Judge Presiding.

Michael Rosenstein, Esq. appeared on behalf of Plaintiff, James Valencia, and Jonathan Shugart of The Erskine Law Group appeared on behalf of Defendant, Ford Motor Company. Having read the motion, the memorandum and the declarations filed by the parties, the Court makes the following orders:

**IT IS HEREBY ORDERED**

1. Plaintiffs' Motion for Attorney's Fees is GRANTED in the principal sum of $72,195.00. plus interest thereon at the legal rate of 10%;

-1-

**ORDER AFTER HEARING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**

JAN 07 2015

1    2.  Plaintiff's Costs are granted in the principal amount of $5,963.44, plus interest

2         thereon at the legal rate of 10%.   M M R

3

4    Dated:   1 20 15

5

6                                              MELINDA M. REED
                                               Judge Presiding
7

8    Prepared by:

9

10   **LAW OFFICES OF MICHAEL H. ROSENSTEIN**
     Michael H. Rosenstein (SBN 169091)
11   433 N. Camden Drive, Suite 400
     Beverly Hills, CA 90210
12   Telephone: (310)285-1595

13   Attorneys for Plaintiffs,
     JAMES VALENCIA
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        -2-

**ORDER AFTER HEARING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
AND COSTS**

01/23/2015  FRI 16:06  FAX                                                    ☒003/003

**PROOF OF SERVICE**
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**[PROPOSESD] ORDER AFTER HEARING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Scott Erskine, Esq.
The Erskine Law Group, P.C.
342 S. Main St.
Rochester, MI 48307
Fax: (248) 601-4497
**Counsel for Defendant,**
**FORD MOTOR COMPANY**

XX    BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

I declare under penalty of perjury under the laws of the State of California that    the foregoing is true and correct.

Executed this 7th day of January, 2015 at Los Angeles, California.

*Laura Cur*
Laura Covarrubias

BY FAX

-1-

# EXHIBIT OO

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 03 2015

Sherri R. Carter, Executive Officer/Clerk
By Jeannine Lorenz, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

HERBERT SANDERS and CHRISTINE SANDERS,

             Plaintiffs,

      vs.

FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,

             Defendant.

Case No: BC484666

[PROPOSED] ORDER AFTER HEARING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

Date: October 8, 2014
Time: 8:45 a.m.
Dept. 14

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The matter of Plaintiffs' Motion for Attorney's Fees came on regularly for hearing on October 8, 2014, at 8:45 a.m., in Department 14 of the Los Angeles County Superior Court, located at 111 North Hill Street, Los Angeles, CA 90012, the Honorable Terry A. Green, Judge

-1-

ORDER

1  Presiding.

2      Steve Mikhov of O'Connor & Mikhov LLP appeared on behalf of Plaintiffs, Herbert and

3  Christine Sanders, and Douglas Guy of Gates, O'Doherty, Gonter & Guy, LLP appeared on behalf

4  of Defendant, Ford Motor Company. Having read the motion, the memorandum and the

5  declarations filed by the parties, the Court makes the following orders:

6

7      1.  Plaintiffs' Motion for Attorney's Fees is GRANTED in the principal sum of

8          $150,000.00, plus interest thereon at the maximum legal rate of 10% per annum from

9          April 29, 2014;

10      2.  Plaintiffs are awarded costs in the sum of $6,449.33, pursuant to their Memorandum of

11          Costs;

12      3.  Defendant's Motion to Strike Costs as to Item No. 4 in the amount of $2,133.25 in

13          connection with deposition costs is GRANTED;

14      4.  Defendant's Motion to Strike Costs as to Item No. 5 in the amount of $976.00 in

15          connection with service of process costs is GRANTED;

16      5.  Defendant's Motion to Strike Costs as to Item No. 8 in the amount of $7,551.84 in

17          connection with expert witness fees is DENIED; and

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

6.  Defendant's Motion to Strike Costs as to Item No. 13 in the amount of $2,696.30 in other costs is GRANTED.

IT IS HEREBY ORDERED.

IT IS SO ORDERED

Dated: 2/3/15

Judge of the Superior Court

Prepared by:
**O'CONNOR & MIKHOV, LLP**
Mark O'Connor (SBN 157680)
Steve Mikhov, Esq. (SBN 224676)
Lauren Ungs (SBN 273374)
640 S. San Vicente Blvd., Suite 350
Los Angeles, CA  90048
Telephone: (323) 936-2274
Fax: (323) 939-7973

Attorneys for Plaintiffs,
HERBERT SANDERS
and CHRISTINE SANDERS

1   PROOF OF SERVICE
(Code of Civil Procedure §1013a)

2

3   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

4

5   I served the foregoing document described as:

6   **[PROPOSED] ORDER AFTER HEARING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**

7

8   Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

9

10  Matthew M. Proudfoot, Esq.                 Michael H. Rosenstein, Esq.
    Gates, O'Doherty, Gonter & Guy LLP         Law Offices of Michael H. Rosenstein

11  38 Discovery, Suite 200                    433 N. Camden Dr., Suite 400
    Irvine, CA 92618                           Beverly Hills, CA 90210

12  Fax: (949) 753-0265                        **Associated Counsel for Plaintiffs,**
    **Counsel for Defendant,**                 **HERBERT SANDERS and**

13  **FORD MOTOR COMPANY**                     **CHRISTINE SANDERS**

14  (via Mail and Fax Only)                    (via E-Mail Only)

15  <u>XX</u>   BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it

16         would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary

17         course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

18

19  <u>XX</u>   BY FACSIMILE: By personally faxing the above-referenced document to the facsimile

20         number below the recipient's name.

21  <u>XX</u>   BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an

22         agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not

23         receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

24

25  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

26  Executed on January 6, 2015 at Los Angeles, California.

27

28  _____
    DANIELLE JURADO

-1-

**PROOF OF SERVICE**
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 640 S. San Vicente Blvd., Ste. 350, Los Angeles, CA 90048.

I served the foregoing document described as:

**[PROPOSED] ORDER AFTER HEARING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Doug Guy, Esq.
Gates, O' Doherty, Gonter & Guy, LLP
38 Discovery, Suite 200
Irvine, CA 92618
**Counsel for Defendant,**
**FORD MOTOR COMPANY**
(via Mail Only)

XX   BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 12ᵗʰ day of January, 2015 at Los Angeles, California.

Vanessa George

-1-

**PROOF OF SERVICE**

# EXHIBIT PP

**O'CONNOR LAW GROUP, P.C.**
Mark O'Connor (SBN: 157680)
Shawna Melton (SBN: 276989)
384 Forest Ave. Suite 17
Laguna Beach, CA. 92651
Telephone: (949) 494-9090
Fax: (949) 494-9913

Attorneys for Plaintiff,
STUART CHIAVASSA

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| STUART CHIAVASSA, <br><br> Plaintiffs, <br><br> vs. <br><br> FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive. <br><br> Defendant. | Case No: BC476752 <br><br> **NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS** <br><br> *Assigned for All Purposes to the Honorable Abraham Khan* Department 51 <br><br> Date Filed: January 12, 2012 <br> Trial Date: June 11, 2013 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT:**

On October 31, 2013 at 9:00 a.m. in Department 51 of the Los Angeles County Superior Court- Central District located at 111 North Hill Street, Los Angeles, California 90012, the Court

-1-

1  Plaintiff's Motion for Attorneys Fees and Costs caem on regularly for hearing.  Mark O'Connor

2  of O'Connor & Mikhov, LLP appeared on behalf of Plaintiff.  Victor Block appeared on behalf

3  of Defendant Ford Motor Company.

4       The court issued a tentative Order.

5

6       After consideration of all papers filed and argument of counsel the court GRANTED

7  Plaintiff's motion in the amount of $136,701.17 to be paid forthwith by Ford to Plaintiff.

8       The court's confirmed final Order is attached to this Notice of Motion.

9

10

11  Dated:   October 31, 2013

12                  O'CONNOR & MIKHOV LLP

13

14                  Mark O'Connor

15                  Attorney for Plaintiff,
                Stuart Chiavassa

16

17

18

19

20

21

22

23

24

25

26

27

28

Chiavassa v. Ford –Notice of Ruling Re Motion for Attorneys Fees and Costs

# EXHIBIT 1

#13

**Superior Court of California**

**County of Los Angeles**

*Department 51*

Honorable Abraham Khan

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 3 1 2013

Sheri R. Carter, Executive Officer/Clerk
By Rosemarie D. Aquino, Deputy

CHIAVASSA,

           Plaintiff(s),

      v.

FORD MOTOR COMPANY,

           Defendant(s).

Case No.: BC476752

Hearing Date: 10/31/13

[TENTATIVE] RULING RE:

PLAINTIFFS MOTION FOR ATTORNEYS FEES AND COSTS PURSUANT TO CCP § 1794(d) [AMENDED].

The motion is granted, in a reduced sum, not as initially prayed.

The Court awards to Plaintiff STUART CHIAVASSA, attorneys' fees in the sum of $166,967.54, payable forthwith by Defendant FORD MOTOR COMPANY

*136,701.17*

Dated: 10/31/13

ABRAHAM KHAN

Hon. Abraham Khan

Superior Court Judge

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                          )
COUNTY OF ORANGE         )

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 384 Forest Ave., Suite 17, Laguna Beach, CA  92651.

On October 31, 2013, I served the foregoing document(s) described as:  **NOTICE OF RULING RE. PLAINTIFF'S MOTION FOR ATTORNEYS FEES** to all interested parties in this action,

[  ]   by placing [  ] the original [  ] a true copy thereof enclosed in a sealed envelope addressed as follows:

[X]   by transmitting via e-mail to the following:

Doug Proudfoot
Gates, O'Doherty, Gonter & Guy
15635 Alton Parkway, Suite 260
Irvine, CA 92618
**Attorneys for Defendant Ford Motor Company**

[  ]   **PERSONAL DELIVERY**:  I personally delivered the enclosed documents to recipient.

[  ]   **U.S. MAIL**:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Laguna Beach, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[  ]   **FEDERAL EXPRESS**:  I delivered such envelope to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees provided for.

[X]   **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[  ]   **FEDERAL**:  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on October 31, 2013 at Laguna Beach, California.

Rebecca A. Judy

-1-

Proof of Service: Chiavassa v. Ford Motor Company

# EXHIBIT QQ

*Superior Court of California*
*County of Los Angeles*

| Brian Snell, | Case No.:   BC 476133 |
| | |
| Plaintiff, | |
| | |
| vs. | Tentative Ruling |
| | |
| Ford Motor Co. | |
| | |
| Defendant. | |

Hearing Date: September 17, 2013
Department 54, Judge Ernest M. Hiroshige
Motion for Attorney Fees
Moving Party: Plaintiff Brian Snell ("Plaintiff")
Responding Party: Defendant Ford Motor Co. ("Defendant")

T/R:   THE MOTION IS GRANTED IN PART.  THE COURT AWARDS PLAINTIFF
TOTAL ATTORNEY'S FEES OF $35,854.69 (WITH 1.25 MULTIPLIER ON
$28,683.75 IN LODESTAR FEES) AND COSTS IN THE AMOUNT OF $3,133.58.

PLAINTIFF TO NOTICE.

The Court considers the moving papers, the opposition, and the reply.

In the motion, Plaintiff contends that the parties agreed in the settlement
agreement for this matter that Plaintiff would recover his reasonable attorney's fees
pursuant to the Song-Beverly Warranty Consumer Act.  Plaintiff contends that his
counsel has reasonably incurred $35,413.75 in lodestar fees and that a multiplier of 1.5
should increase that amount by $17,707.10.  Plaintiff contends he is entitled to $3,133.58
in costs, for a total fees and costs award of $56,254.43.

"The verified time statements of the attorneys, as officers of the court, are entitled
to credence in the absence of a clear indication the records are erroneous." (*Horsford v.
Board Of Trustees Of California State University* (2005) 132 Cal.App.4th 359, 396.) If the
motion is supported by evidence, the opposing party must respond with specific evidence
showing that the fees are unreasonable. (*Premier Med. Mgmt. Sys. v. California Ins.*

1

*Guarantee Ass'n* (2008) 163 Cal.App.4[th] 550, 560-63.)   The Court has discretion to reduce fees that result from inefficient or duplicative use of time. (*Horsford* at 395.)

"The determination of what constitutes a reasonable fee generally 'begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate …'" "[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award…." (*Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4[th] 140, 154.)

"If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code § 1794(d).)

"The lodestar method is applicable to calculating attorney fees under section 1794, subdivision (d) … because 'the lodestar adjustment method is the prevailing rule for calculation of statutory attorney fees unless the statute expressly indicates a contrary intent, and no such contrary intent is apparent.'" (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 997.)

## Reasonable Hourly Rate

Plaintiff claims attorney fees based on an hourly rate of $350/hour for Mr. Mikhov, $325/hour for Mr. Rosenstein, $175/hour for Mr. Kirnos, $225/hour for Ms. Ungs, $300/hour for Ms. Levin and $400/hour for Mr. Romano. (Rosenstein Decl. ¶¶ 5, 6, Ex. A; Mikhov Decl. ¶¶ 37, 39, 42, Ex. G; Ungs Decl., ¶ 5). These rates are well within the range of fees charged by other attorneys who specialize in this area of law. (Rosenstein Decl. ¶ 5; Mikhov Decl. ¶ 42(a-g)).  Defendant has not disputed the reasonableness of the hourly rates claimed by Plaintiff's attorneys.

## Reasonable Hours Expended

Plaintiff contends that it has incurred $35,413.7 in attorney's fees, $19,557.50 by counsel OM Law and $15,856.25 by Law Offices of Michael Rosenstein.  Rosenstein claims that his office spent 65.75 hours on this matter.  Attorney Mikhov, of OM Law, attaches billing entries but does not indicate the total amount of time expended.  (See Mikhov Decl. ¶ 43, Exh. H; Rosenstein Decl. ¶ 7.)  Given that the declarations and billing entries appear facially reasonable, Plaintiff met his initial burden on this motion of showing the reasonableness of the amount of time expended.  The Court also considers counsel's declaration evidence regarding the amount of work spent on discovery and trial preparation. (See Mikhov Decl. ¶¶ 11-30; Rosenstein Decl. ¶ 7, Exh. A.)

Defendant contends that Plaintiff improperly requests 20.2 hours for a discovery motion for which the Court awarded Plaintiff $2,460 in sanctions. The Court agrees with Defendant that Plaintiff cannot recover fees for a discovery motion for which he has been awarded sanctions, as that would amount to a duplicative award. In reply, Plaintiff has withdrawn the request for fees associated with this motion to compel in the amount of $6,730. This amount corresponds to the amount claimed in the billing entries. (Mikhov Decl. Exh. A.)

Defendant contends that Plaintiff unreasonably incurred 22.75 hours preparing this motion for attorney's fees. Given the detailed and helpful nature of the moving and reply papers, and the fact that a hearing may be required, this amount of hours and corresponding fees ($4,468.75) is reasonable.

Defendant contends that Plaintiff unreasonably incurred more than 20 hours in document review, including for documents that Plaintiff's counsel admits were produced by Defendant in prior matters. The evidence reflects that Defendant produced 4,600 pages of documents in this matter, and that the time Plaintiff spent reviewing these documents was reasonable. The Court would incorporate by this reference Plaintiff's reply brief in response to the billing entries that Defendant contends are unreasonable.

Mutiplier

Defendant has cited no authorities to support its argument that a multiplier may not be applied to an award of attorney's fees under the Song-Beverly Warranty Consumer Act. As a multiplier is part of the lodestar calculation, which applies to requests for attorney's fees under the Act, this argument is unpersuasive.

Courts look to the following factors, among others, in determining whether a multiplier is appropriate: "(1) the novelty and difficulty of the questions involved, and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; (3) the contingent nature of the fee award, both from the point of view of eventual victory on the merits and the point of view of establishing eligibility for an award; (4) the fact that an award against the state would ultimately fall upon the taxpayers; (5) the fact that the attorneys in question received public and charitable funding for the purpose of bringing law suits of the character here involved; (6) the fact that the monies awarded would inure not to the individual benefit of the attorneys involved but the organizations by which they are employed." (See *Serrano v. Priest* (1977) 20 Cal.3d 25, 48.)

The Court finds a that small upward multiplier is appropriate given that the matter was taken on a contingency and given the delay of payment of attorney's fees to Plaintiff's counsel (the action was filed December 30, 2011.) However, there is no showing from Plaintiff as to the novelty or difficulty of the questions involved or that the nature of the litigation precluded other employment by counsel. Accordingly, the Court awards a multiplier of 1.25 and thereby increases Plaintiff's lodestar fees of $28,683.75

3

($35,413.75 requested fees - $6,730 for motion to compel compliance) by $7,170.94.
Therefore, the Court awards Plaintiff total attorney's fees of $35,854.69.

Costs

Defendant does not challenge Plaintiff's request for costs in the amount of
$3,133.58. Accordingly, the motion is granted as to the request for costs.

Date: September 17, 2013

Judge Ernest M. Hiroshige

4

# EXHIBIT RR

1   O'CONNOR & MIKHOV LLP
2   Mark O'Connor (SBN 157680)
    Steve Mikhov (SBN 224676)
3   Christine I. Levin (SBN 192181)
    640 S. San Vicente Blvd., Suite 230
4   Los Angeles, CA  90048
    Telephone: (323) 936-2274
5   Fax: (323) 939-7973

6   LAW OFFICES OF MICHAEL H. ROSENSTEIN
7   Michael H. Rosenstein (SBN 169091)
    433 N. Camden Drive, Suite 400
8   Beverly Hills, CA 90210
    Telephone: (310) 285-1595
9   Facsimile: (310) 285-0401
10

11  Attorneys for Plaintiffs, STEVEN MEUCHEL and GAYLE MEUCHEL

12

13              SUPERIOR COURT OF CALIFORNIA

14          COUNTY OF LOS ANGELES-CENTRAL DISTRICT

15
    STEVEN MEUCHEL and GAYLE          Case No.: BC481727
16  MEUCHEL,

17          Plaintiffs,              [PROPOSED] ORDER RE
                                     PLAINTIFF'S ATTORNEY'S FEES
18      vs.                          AND COSTS

19                                   Assigned for All Purposes to the
20  FORD MOTOR COMPANY, a Delaware   Honorable Michael L. Stern
    corporation, and DOES 1 through 10, inclusive,
21                                   Hearing Date: 07/11/13
22          Defendants.             Time:        8:30 AM
                                    Dept.:        62
23

24

25      PLEASE TAKE NOTICE that on July 11, 2013, at 8:30 a.m., in Department 62 of the

26  above captioned court located at 111 N. Hill Street, Los Angeles, California the Court called the

27  matter on Plaintiff's Motion for Attorney's Fees and Costs. Plaintiffs, STEVEN MEUCHEL and

28

                                    1
                               [PROPOSED]
                ORDER RE PLAINTIFF'S MOTION FOR FEES AND COSTS

GAYLE MEUCHEL, appeared by and through their attorney of record, Michael H. Rosenstein, Esq. Defendant FORD MOTOR COMPANY appeared by and through their counsel, Rachel T. Maida, Esq. of Gates, O'Doherty, Gotner & Guy, LLP.

THE COURT HEREBY ORDERS:

Based upon the parties agreement that the Court determine attorney's fees upon noticed motion pursuant to California Civil Code §1794(d) and 15 U.S.C. § 2310(d), Plaintiff's noticed motion for attorney's fees and costs, Defendant's opposition thereto, and the parties oral argument;

1.  Plaintiff's are awarded attorney's fees in the amount of $42,500.00;

2.  Plaintiff's are awarded costs in the amount of $3,414.67;

3.  Defendant to pay Plaintiff's the total sum of $45,914.67 as attorney's fees and costs.

Dated: *July 24, 2013*

**MICHAEL L. STERN**

Honorable: MICHAEL L. STERN,
Judge of the Superior Court

[PROPOSED]
ORDER RE PLAINTIFF'S MOTION FOR FEES AND COSTS

# EXHIBIT SS

ENDORSED

1   Paul H. Burleigh, (State Bar No. 112512)
    Gary P. Simonian (State Bar No. 177747)
2   Sally A. Belderian (State Bar No. 259163)
    Helen Mosothoane (State Bar No. 254511)
3   LECLAIRRYAN, LLP
    888 SOUTH FIGUEROA STREET, SUITE 1800
4   LOS ANGELES, CA 90017-5455
    TELEPHONE: (213) 488-0503
5   TELEFAX: (213) 624-3755
                                                    FILED
                                        SUPERIOR COURT METROPOLITAN DIVISION
                                                 COUNTY OF KERN

                                               FEB 18 2011

                                        TERRY McNALLY, CLERK
                                        BY_____ DEPUTY

6   Attorneys for Defendant, MERCEDES-BENZ USA, LLC

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF KERN

10

11  PERCY WATSON and YOLANDA WATSON,          Case No.: S-1500-CV-268423, SPC

12          Plaintiffs,                       [PROPOSED] ORDER GRANTING
                                              PLAINTIFFS' MOTION FOR
13          v.                                ATTORNEY FEES AND COSTS

14  MERCEDES-BENZ USA, LLC, A Delaware
    Limited Liability Company, and DOES 1-100,  Assigned for All Purposes to the Honorable
15  inclusive                                Sidney P. Chapin
                                              Dept. 4
16          Defendants.
                                              Date Filed: September 22, 2009
17                                            Trial Date: September 7, 2010

18

19

20          Plaintiffs' Motion for Attorney Fees and Costs came on for hearing on January 6, 2011, in

21  Department 4 of the above-entitled Court, the Honorable Sidney P. Chapin, Judge of the Superior

22  Court, presiding.   Plaintiffs appeared by Steve Mikhov, Esq. of Romano Stancroff & Mikhov PC

23  and Defendant appeared by Helen Mosothoane, Esq. of LeClairRyan LLP.

24          The Court having reviewed all the motion papers, the responses, and the replies thereto,

25  the pleadings in the file, heard oral argument from both counsel, and for good cause appearing,

26  the Court finds and orders as follows:

27          Plaintiffs' Motion for Attorney Fees and Costs is granted in the amount of $63,020.00 for

28  attorney fees and $6,155.68 for costs.   The Court finds the hourly rates of $300 for Mr.

    [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

1  Mikhov and $400 for Mr. Romano are reasonable for specialized counsel and consumer cases.  In

2  consumer cases, representation is typically by specialized counsel from outside of the Kern

3  County area.  Plaintiff's made an expert effort in this case and Plaintiffs' attorneys are experts in

4  this area of law, which justifies the fee rates awarded.

5       Furthermore, the Court finds no basis to apply a positive multiplier to the lodestar as the

6  counsel's time is compensated with fees and counsel's skill is compensated with the fee rates.  In

7  addition, the Court finds that Plaintiffs' counsel did not bear any unusual risk in connection with

8  the issues in this particular case or within the realm of consumer cases.  No extraordinary efforts

9  were required from Plaintiffs' counsel.

10      The Court also finds that the litigation was not unusually protracted by Defendant or

11  defense counsel.  Moreover, the Court finds that any risk assumed by the contingency fee

12  relationship is reasonably compensated with the lodestar.

13      Finally, the Court finds that the time billed of 73 hours for Mr. Mikhov and 102.8 hours

14  for Mr. Romano was reasonable and necessary.  Therefore, the total amount of $69,175.68 is

15  awarded to Plaintiffs for attorney fees and costs.  Defendant is to pay this amount no later than

16  February 7, 2011.

17

18  IT IS SO ORDERED.

19

20  Dated: February 19, 2011

                                        SIDNEY P. CHAPIN

21                                      Honorable Sidney P. Chapin
                                        Judge of the Superior Court

22

23

24

25

26

27

28

2

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

# EXHIBIT TT

service 2,544×3,300 pixels

9/26/13 5:16 PM

*7342098*

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

| | |
|---|---|
| PAMELA WALKER, an individual | Case No.: RG08402907 |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS AND JUDGMENT** |
| vs. | |
| MERCEDES-BENZ USA LLC, a Delaware Limited Liability Company, MERCEDES-BENZ OF OAKLAND, a business organization form unknown, and DOES 1 through 10 inclusive, | Assigned for all purposes to:<br>Hon. Gail Brewster Bereola<br>Dept. 19<br>Date Action Filed:  8/8/08 |
| Defendants. | |

FILED
ALAMEDA COUNTY

JUN - 3 2010

CLERK OF THE SUPERIOR COURT
By _____
Deputy

The court having considered all papers and oral argument of counsel and having taken the matter under submission hereby awards attorneys fees of $90,000.  The parties having agreed upon an award of costs to Plaintiff of $6,398.00; it is hereby ORDERED that Defendant Euromotors Oakland, Inc. d/b/a Mercedes-Benz of Oakland pay Plaintiff's attorneys' fees and costs in the amount of $96,398.00.

In additional to the attorneys fees and costs as specified herein, Euromotors also having also accepted Plaintiff's CCP 998 offer to compromise in the amount of $11,596.28 it is hereby ORDERED that JUDGMENT be entered against Defendant Euromotors Oakland, Inc. d/b/a Mercedes-Benz of Oakland and in favor of Plaintiff in the total amount of $107,994.28 and JUDGMENT be entered in favor of Plaintiff on Euromotors cross-complaint.

Dated: ~~May~~ June 2, 2010

_Gail B. Bereola_
Judge Gail Brewster Bereola
Alameda County Superior Court

service 2,544×3,300 pixels

9/26/13 5:16 PM

Order and Judgment

service 2,544×3,300 pixels

9/26/13 5:16 PM



**Case Title/No.:**      WALKER VS. MERCEDES-BENZ USA LLC RG08402907

### CLERK'S CERTIFICATE OF MAILING
#### (CCP §1013a)

I certify that the following is true and correct:

I am a Deputy Clerk employed by the Alameda County Superior Court. I am over the age of 18 years. My business address is 1221 Oak Street, Oakland, California. I served this ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS AND JUDGMENT by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Oakland, California, following standard court practices.

Mark O'Connor
O'CONNOR LAW GROUP, P.C.
384 Forest Avenue, Suite 17
Laguna Beach, CA 92651

David R. Sidran
Christine Y. Lee
TOSCHI SIDRAN COLLINS & DOYLE
100 Webster Street, Suite 300
Oakland, CA 94607

Steve Mikhov
Mark P. Romano
ROMANO STANCROFF & MIKHOV PC
640 S. San Vicente Blvd., Suite 230
Los Angeles, CA 90048

Dated: June 3, 2010

Executive Officer/Clerk of the Superior Court

By _____

*Elizabeth Opelski-Erickson, Deputy Clerk*

# EXHIBIT UU

RECEIVED

APR 7 7 2010

Law Office of Mark
O'Connor

FILED

1
2
3
4
5
6
7
8
9
10
11
12

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO**

ANGEL GONZALEZ, an individual; and
STEPHANIE GONZALEZ, an individual,

Plaintiffs,

vs.

SHAVER AUTO CENTER, a Delaware
Corporation; CHRYSLER, LLC,  a
Delaware Limited Liability Corporation, and
DOES 1 through 10 inclusive,

Defendants.

Case No.:  CIVSS 803240

**ORDER RE: PLAINTIFF'S MOTION
FOR ATTORNEYS FEES AND COSTS**

*Assigned to Hon. Frederick Mandabach*

Dept: S 35

Hearing Date: April 6, 2010

Hearing Time: 8:30 AM

13   This matter came on regularly for hearing on April 6, 2010 before Honorable Frederick

14   Mandabach of the above entitled court and appearances made by Mark O'Connor for Plaintiffs

15   and Victor Block for Defendant Chrysler Group LLC and the matter having been fully argued

16

17   and considered and proof being made to the satisfaction of the court, IT IS HEREBY

18   ORDERED:

19

20   Plaintiff's Motion for attorneys' fees and costs is GRANTED.  The court makes the

21   following rulings and findings:

22   EVIDENTIARY RULINGS TO DEFENDANT'S OBJECTIONS TO THE DECLARATION OF

23   MARK O'CONNOR:

24   The parties agreed to the following items objected to by Chrysler Group LLC:

25   Chrysler Group LLC's objection to paragraph 4 is withdrawn.

26   Paragraph 5 of the declaration is withdrawn by Plaintiff's counsel.

27   The dollar figures found in paragraphs 9 and 18 of said declaration are redacted and

28   Chrysler Group LLC's objections are otherwise withdrawn.

-1-

Gonzalez v. Chrysler – Order Re: Motion for Attorneys Fees and Costs

1   Chrysler Group LLC's objection to Paragraph 8 based on relevance is over ruled.

2

3   RULING ON PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS

4   The court makes the following rulings and findings:

5   The court finds that the pre-litigation offer on behalf of Chrysler Group LLC was not for

6   the purchase price of the subject vehicle and therefore Chrysler Group LLC did not offer

7   restitution of the purchase price.  Accordingly, the court finds that the holding in Dominguez v.

8   American Suzuki Motor Corp. (2008) 160 Cal.App.4th 53, 59 is not applicable.

9   The court awards a lodestar rate of Four Hundred Dollars ($400) per hour for Plaintiff's

10   counsel Mark O'Connor and finds the time in litigation related to the claims against Shaver Auto

11   Group to be inextricably intertwined with those claims against Chrysler Group LLC and

12   therefore awards total attorney hours of 94.6.

13   The court awards attorney's fees of $37,840 and costs of $1,417.45.  Plaintiff's request

14   for a multiplier is DENIED.

15   Chrysler Group LLC is ORDERED to pay to Plaintiff's counsel within 30 days of entry

16   of this ORDER attorney's fees and costs in the amount of $39,257.45.

17   Either party is invited to order a transcript of these proceedings for a more detailed

18   statement of decision.

19

20

21   Dated: April 23, 2010

22

23   K FREDERICK MANDABACH

24   Judge Frederick Mandabach  (RETIRED)
     Super Court County of San Bernardino

25

26

27

28

-2-

Gonzalez v. Chrysler – Order Re: Motion for Attorneys Fees and Costs

# EXHIBIT VV

1  ROMANO STANCROFF & MIKHOV PC
2  Steve Mikhov, Esq. (SBN 224676)
   Mark Romano, Esq. (SBN 244113)
3  640 S. San Vicente Blvd., Suite 230
   Los Angeles, CA  90048
4  Telephone: (323) 936-2274
   Fax: (323) 939-7973
5
6  Attorneys for Plaintiffs,
   CHRISTIAN and LUIZA MICU
7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 1 9 2010

ALAN SLATER, Clerk of the Court

BY: __M. CORREA__, DEPUTY

8
9              SUPERIOR COURT OF CALIFORNIA
10                 COUNTY OF ORANGE
11

12  CHRISTIAN MICU and LUIZA MICU,      Case No.:  30-2008 00114410

13              Plaintiffs,            ORDER OF COURT ON PLAINTIFFS'
                                       MOTION FOR ATTORNEY FEES AND
14       vs.                           COSTS

15                                     *Assigned for All Purposes to the*
16  FORD MOTOR COMPANY, a Delaware     *Honorable Sheila Fell*
    Corporation, and DOES 1 through 10,   Department C22
17  inclusive,
                                       Date Filed: 11/7/08
18              Defendants.
19

20       Plaintiffs' Motion for Attorney Fees and Costs came on for hearing on February 19,

21  2010, in Department C22 of the above-entitled Court, the Honorable Sheila Fell, Judge of the

22  Superior Court, presiding, Plaintiffs appeared by Mark Romano, Esq. of Romano Stancroff &

23  Mikhov PC and Defendant appeared by Douglas Lief, Esq. of Bowman and Brooke LLP.

24       The Court having reviewed all the motion papers, the responses, and the replies thereto,

25  the pleadings in the file, heard oral argument from both counsel, and for good cause appearing,

26  the Court finds and orders as follows:
27
28

                                  -1-

ORDER OF COURT ON PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

Plaintiffs' Motion for Attorney Fees and Costs is granted to the extent the Court finds the amount of $64,130.00 for attorney fees and $9,256.76 for costs to have been reasonably incurred. The Court sees no basis for a multiplier in this case. Therefore, the amount of $73,386.76 is awarded to Plaintiffs for attorney fees and costs. Defendant to tender the amount above within 21 days of this order.

IT IS SO ORDERED.

Dated:     FEB 1 9 2010

JUDGE SHEILA FELL
Hon. Sheila Fell
Judge of the Superior Court

-2-
ORDER OF COURT ON PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

# EXHIBIT WW

**DEPARTMENT 58 LAW AND MOTION RULINGS**

If oral argument is desired, kindly refer to CRC 3.1308. (NOTE THE EXTENSIVE RE-
NUMBERING AND REVISION OF THE CALIFORNIA RULES OF COURT, EFFECTIVE 1-1-07)

This Tentative Ruling is not an invitation nor an opportunity to file further documents
relative to the hearing in question. No such filing will be considered by the Court in the
absence of permission first obtained following ex parte application therefore.

Case Number: BC394377   Hearing Date: February 18, 2009   Dept: 58

JUDGE ROLF TREU
DEPARTMENT 58

Hearing Date: Wednesday, February 18, 2009
Calendar No:
Case Name: William Jeske v. Ford Motor Co. et al.
Case No.: BC 394377
Motion: Motion for Attorney Fees and Costs
Moving Party: Plaintiff, William Jeske
Responding Party: Defendants, Ford Motor Co. and Vista Ford, Inc.

Tentative Ruling: Plaintiff William Jeske's Motion for Attorneys' Fees and Costs is Granted

ANALYSIS

Entitlement to Attorneys' Fees –

Cal. Civil Code section 1794(d) provides that a buyer who prevails in an action under the
Song-Beverly Act is entitled recover as part of the judgment a sum equal to the aggregate
amount of costs and expenses, including attorney's fees based on the actual time expended,
determined by the court to have been reasonably incurred by the buyer in connection with
the commencement and prosecution of such action.

Here, Plaintiff is the prevailing party. The parties entered into a settlement and Defendants
paid Plaintiff a total of $49,908.09 pursuant to the settlement. The settlement agreement
also provides that Plaintiff shall be deemed the prevailing party for the purposes of any fee
motions. Takahashi Decl., Exh. Q, ¶ 5.

The settlement agreement provides that the amount of attorneys' fees shall 1) be
determined by mutual written agreement between the parties following review of Plaintiff's
billing statement or 2) if the parties cannot agree, be determined in a single noticed motion
by the Court having jurisdiction over the suit. Takahashi Decl., Exh. Q, ¶ 5. (Emphasis
added) Defendants contend that Plaintiff should not be entitled to fees because of Plaintiff's
attorney's failure to submit their billing statements before the filing of this motion. However,
this argument is flawed. The phrase is in the disjunctive. It is obvious the parties cannot

agree, and thus the motion is properly before the Court.

Excessive Rate –

Defendants contend that the requested attorneys' fees are excessive and Plaintiff's attorneys' hourly rates should be reduced to $200/hour. Defendants contend that Plaintiff's attorney's rates of $300 and $400/hour are unreasonable in light of the simplicity of this instant lemon law litigation and because Defendants' attorney is experienced and has a rate of $200/hour.

However, Plaintiff has sufficiently shown that his attorneys' rates of $300 and $400/hour are reasonable based on the attorneys' experience, the nature of the litigation, the contingent nature of the contract and the hourly rates of other attorneys who litigate consumer matters who have similar experience. Plaintiff has also sufficiently shown that he incurred attorney's fees in the sum of $17,160.00 and $501.00 in costs.

Lodestar –

The final issue on this motion is what, if any, lodestar multiplier should be used. Plaintiff argues that the Court should take the actual fees incurred ($17,160.00) and multiply it by a factor of 1.33 under the lodestar method. Defendants contend that a multiplier is not justified in this case.

Serrano v. Unruh (1982) 32 Cal. 3d 621, 639 provides factors to determine whether a lodestar multiplier is appropriate, which include:
The time and labor required of the attorneys;
The contingent nature of the fee agreement;
The extent to which the nature of the litigation precluded other employment by the attorneys;
The experience, reputation, and ability of the attorneys who performed the services, and the skill they displayed in the litigation;
The amount involved and the results obtained;
The informed consent of the client to the fee agreement.

In this case, the time and labor required of the attorneys is represented by the number of hours billed. The fact that the agreement was contingent weighs in favor of adding a lodestar multiplier. Plaintiff also contends that prosecution of this case involved significant time and resources of attorneys, and Plaintiffs' were unable to pursue other possible cases because of the time commitments of this case. The experience and skill of Plaintiff's attorneys' is reflected in their hourly rates of $300 and $400/hour. The amount involved and results obtained were neither relatively low nor high of $49,908.09, in consideration of the size of the attorneys' fees award sought. It appears that the client consented to a contingent fee agreement.

On balance, the Court is of the opinion that a multiplier should be applied and that the suggested percentage is reasonable.

Disposition –

Plaintiff's motion for attorneys' fees is granted. Plaintiff is awarded $ 23,323.80 in attorneys' fees and costs.

# EXHIBIT XX

**FILED**
LOS ANGELES SUPERIOR COURT

AUG 2 0 2008

JOHN A. CLARKE, CLERK

BY DELIA RODRIGUEZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

GRACE KANG,                          ) Case No.: BC379949
                                     )
            Plaintiff,               )
                                     )
     . . vs.                         )
                                     ) RULINGS/ORDERS
AMERICAN HONDA MOTOR CO., INC.,      )
et al.,                              )
                                     )
            Defendants.              )

Plaintiff's Motion for Attorneys Fees, Costs, and Expenses is GRANTED.

Defendant shall pay Plaintiff attorneys fees in the amount of $31,355.11 and costs and expenses in the amount of $2,308 for a total of $33,663.11.

Defendant's evidentiary objections are OVERRULED.

Court sets an OSC re: dismissal for October 2, 2008, 8:45 a.m., Dept. 28. Counsel for Plaintiff is ordered to appear

-1-

1   unless the request for dismissal is filed five court days before

2   the hearing.

3                                     I.

4                              INTRODUCTION

5        Grace Kang ("Plaintiff") commenced action against American

6   Honda Motor Co., Inc. and Diamond Bar Imports, Inc.

7   (collectively "Defendants") alleging causes of action for (1)

8   Song-Beverly Act, (2) Magnuson-Moss Act, and (3) negligent

9   repair.  Plaintiff alleges that she purchased a Honda from

10  Defendants.  The car allegedly had problems and Defendants did

11  not fix the vehicle.  The parties eventually settled.

12  Plaintiff moves for an award of attorney's fees, costs, and

13  expenses pursuant to the settlement agreement.

14       Plaintiff argues that she is the prevailing party under the

15  settlement agreement and that the agreement provides that

16  Defendant must pay Plaintiff's fees, costs, and expenses.

17  Plaintiff argues that the lodestar method is the appropriate

18  method of calculating fees and that a multiplier of 1.5 should

19  be used because counsel worked on a contingency basis.

20  Plaintiff seeks fees, costs, and expenses of $71,609.01.

21       Defendant argues that the fees are excessive and that the

22  lodestar method is not the appropriate means of calculating

23  fees.  In the alternative, Defendant argues that if the lodestar

24  method is used, a negative multiplier should be applied and that

25  the fees should be reduced to $11,620.

-2-

1  In reply, Plaintiff argues that Defendant has the burden of

2  raising specific objections to the number of hours alleged in

3  Plaintiff's itemized fee bill and that the Court is not required

4  to independently research each time entry to determine its

5  necessity.

6  II.

7  DISCUSSION

8

9  A.  Attorney's Fees

10      The parties do not dispute that the settlement agreement

11  entitles Plaintiff to fees, costs, and expenses.  Rather, the

12  parties dispute the method of calculating those fees and the

13  sufficiency of Plaintiff's evidence of the fees.  Plaintiff

14  urges that the lodestar method is the appropriate means of

15  calculating fees.  The settlement agreement provides that: "The

16  Court shall determine the fee award by applying California law

17  applicable to attorney fee, cost, and expense awards."  Vaohon

18  Decl., Exh. 1, ¶ 1f.

19      In this case, both parties agree that the cause of action

20  arose under the Song-Beverly Consumer Warranty Act, which

21  entitles a prevailing party to recover attorney's fees, costs,

22  and expenses.  Generally, the lodestar method of calculation

23  applies to a statutory award of attorney fees unless the statute

24  provides another method.  Meister v. Regents of Univ. of Cal.

25  (1998) 67 Cal.App.4th 437, 440.  Plaintiff argues that the

-3-

1  lodestar method is proper under the act whereas Defendant argues

2  that the act has its own statutorily prescribed method of

3  calculating fees because the act states "the buyer shall be

4  allowed by the court to...attorney's fees based on actual time

5  expended." Civ. Code § 1794(d).

6  Nonetheless, the lodestar adjustment method, including use of

7  fee multipliers, is applicable to attorney fee awards under the

8  Song-Beverly Act. Robertson v. Fleetwood Travel Trailers of

9  California, Inc. (2006) 144 Cal App 4th 785, rehearing denied

10 (2006) 2006 Cal. App. LEXIS 1967, review denied (2007) 2007 Cal.

11 LEXIS 1443. Under this approach, a base amount is calculated

12 from a compilation of time reasonably spent and reasonable

13 hourly compensation of each attorney. Serrano v. Priest   (1977)

14 20 Cal.3d 25, 48; Serrano v. Unruh (1982) 32 Cal.3d 621, 639.

15      The factors that are considered when deciding on whether to

16 enhance the attorney's fees are:

17          the novelty and difficulty of the questions involved;
            the skill displayed in presenting them;
18          the extent to which the nature of the litigation
            precluded other employment by the attorneys; and
19          the contingent nature of the fee award (except as
            mitigated by the client's agreement to pay some
20          portion of the fee regardless of the outcome). Priest,
            20 Cal.3d at 49.
21

22      Here, Plaintiff originally alleged that 159.1 hours were

23 expended on this action. Plaintiff alleges that billable hourly

24 rates of $290, $315, and $440. Additionally, Plaintiffs argue

25 that 6.5 hours were spent researching and drafting the

-4-

1  supplemental briefing to this motion and that 6 hours will be

2  spent attending the hearing.  Therefore, Plaintiffs argue that

3  the loadstar should be increased by 12.5 hours to 170.6.

4  Further, Plaintiff argues that a multiplier of 1.5 is reasonable

5  to compensate for the risk of taking the case on a contingency

6  basis.

7       First, Defendant argues that counsel's billing statements

8  are too vague to support the award of fees requested.  However,

9  the bills submitted in support of the motion clearly designate

10  the task, and the amount of time devoted to that task.

11  Therefore, the Court finds that they are sufficient.

12       Next, Defendant argues that Plaintiff billed at attorney

13  rates for administrative tasks.  Further, Defendant argues that

14  Plaintiff recycled many standard "forms" yet billed as if they

15  were created anew for this case.  Also, Defendant argues that

16  Plaintiffs billed for many duplicative tasks.       Plaintiff

17  argues that the itemized fee bills submitted, verified by a

18  member of the bar, presumptively establish the time actually

19  expended.  Horsford v. Board of Trustees of California State

20  University (2005) 132 Cal. App. 4th 359, 396 ("verified time

21  statements of the attorneys, as officers of the court, are

22  entitled to credence in the absence of a clear indication the

23  records are erroneous").  Plaintiff, however, reads more into

24  this ruling than is required.  The Horsford court, in making

25  this determination, was responding to the trial court's general

-8-

1   attitude of skepticism toward the fee bills submitted by counsel
2   in that case. Rather, that Court found that "(t)he trial court
3   abused its discretion in rejecting wholesale counsels' verified
4   time records." Id.  Such is not the case here. Rather, for
5   the reasons discussed below, the Court finds that Defendant has
6   sufficiently demonstrated that the attorney hourly rates are
7   unreasonable and that some of the time expended was not
8   reasonably spent.

9       Plaintiff argues that when the prevailing party has
10  presented an itemized fee bill, that the burden shifts to the
11  opposing party to make specific objections to particular time
12  entries. However, all the authority referenced in support of
13  this position hails from the Federal courts and Federal case law
14  is not binding on California courts. Alameida v. State
15  Personnel Bd. (2004) 120 Cal. App. 4th 46, 61. Further,
16  Plaintiff has failed to lodge the non-California authority with
17  the Court as required by CRC Rule 3.1113(i).

18      In this case, Defendant has sufficiently demonstrated that
19  some of the tasks billed were not reasonably spent in the
20  instant litigation. Defendant has produced discovery requests
21  and documents used in other cases, which are nearly identical to
22  those drafted in this case. Further, Defense counsel has
23  pointed out several instances of duplicative billing.

24      For the foregoing reasons, the Court finds that the
25  billable hours expanded should be reduced to 125 hours. The

-6-

1  case was not complicated and the parties conducted limited
2  discovery.  Further, the Court finds that the billable hourly
3  rates charged by Plaintiff's counsel are not reasonable and
4  inconsistent with the rates commonly charged by others in the
5  same field with similar experience and qualifications.  At its
6  core, this is a simple case.  Therefore, a proportionate
7  reduction yields total attorney's fees of:  $29,204.15.

8      125/170.6 x 160.6 x $165.00= $19,416.02

9      125/170.6 x 9.4 x $200.00 =  $1,377.49

10     125/170.6 x 0.6 x $250.00 =   $109.90

           Total =    $20,903.41

12    Plaintiff's counsel urges that a multiplier should be
13 applied to compensate them for taking the case on a contingency
14 basis.  The case did not involve novel legal questions, and did
15 not appear to preclude counsel from working on other cases.
16 However, Plaintiff argues that the Court must consider a
17 multiplier for the contingency risk alone.  <u>Greene v. Dillingham</u>
18 <u>Constr. N.A.</u> (2002) 101 Cal, App. 4th 418, 427 (finding that it
19 was error for the Court to fail to consider contingent risk as a
20 factor in the context of an FEHA claim).  Because counsel took
21 this case on a contingency basis and could have received no
22 recovery, the Court will apply a multiplier of 1.5, which will
23 enhance the fees to $31,355.11.  The Court declines to use a
24 larger multiplier, due to the other factors considered.
25    Therefore, $31,355.11 in attorney fees is awarded.

-7-

B.   Costs and Expenses

1   Plaintiffs seek costs and expenses of $2,385.  Defendant

2   argues that many of the costs and expenses claimed by Plaintiffs

3   are not allowed under CCP § 1033.5 and Civ. Code § 1794(d).

4   However, Civ. Code § 1794(d) permits the prevailing buyer to

5   recover both "costs" and "expenses."  The Legislature intended

6   the word "expenses" to cover items not included in the detailed

7   statutory definition of "costs,"  Jensen v. BMW of North

8   America, Inc. (1995) 35 Cal App 4th 112.  Therefore, the

9   expenses recoverable under the Song-Beverly Act are necessarily

10  broader than the costs recoverable under CCP § 1033.5.

11  However, the Court will tax the costs of $77 claimed to

12  file an opposition to a motion to compel because no fee is

13  charged to file an opposition.  All other costs appear to be

14  reasonably necessary to the prosecution of this action.

15  Therefore, $2,308 in costs and expenses are awarded.

16  III.

17  CONCLUSION

18  Based upon the foregoing, the court orders that:

19  1) Plaintiff's Motion for Attorneys Fees, Costs, and

20  Expenses is granted.

21  2) Defendant shall pay Plaintiff attorneys fees in the

22  amount of $31,355.11 and costs and expenses in the amount of

23  $2,308 for a total of $33,663.11.

24  3) Defendant's evidentiary objections are overruled.

-8-

4) Court sets an OSC re: dismissal for October 2, 2008, 8:45 a.m., Dept. 28. Counsel for Plaintiff is ordered to appear unless the request for dismissal is filed five court days before the hearing.

MOVING PARTY TO GIVE NOTICE TO ALL PARTIES.

NON-COMPLIANCE WITH ANY ORDER HEREIN SHALL EXPOSE THE NON-COMPLIANT PARTY AND/OR COUNSEL TO ANY AND ALL SANCTIONS AUTHORIZED BY LAW.

IT IS SO ORDERED.

DATED:     August 20, 2008

YVETTE M. PALAZUELOS
JUDGE

-9-

# EXHIBIT YY



Honorable Harvey A. Schneider
Judge of the Superior Court (Retired)
Discovery Referee
Alternative Resolution Centers, LLC
1875 Century Park East
Suite 450
Los Angeles, California 90067

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER

Robert Root, an individual,

    Plaintiff,

vs.

Mercedes-Benz USA, LLC, et al.,

    Defendants.

LASC Case No. 06CC07044

RULING RE ATTORNEYS' FEES

## Introduction

This case was settled at mediation. One of the terms of the settlement was that the mediator would decide the amount of attorneys' fees to which plaintiff's counsel are entitled. Both defendants Fletcher Jones Motor Cars, Inc. (Jones) and Mercedes-Benz USA, LLC (Mercedes) object to the attorney's fees being claimed by plaintiff's counsel.

1

## Discussion

Plaintiff's counsel claim that their combined attorneys' fees are $84,824.00. Plaintiff's counsel assert that they are entitled to a 1.3 multiplier because of the result they achieved and because the result benefited the public. The total attorneys' fees being sought is, therefore, $107,991.00. Plaintiff also seeks to recover costs in the amount of $9,490.62.

Jones' objections to plaintiff's claim for attorneys' fees may be summarized as follows:

1. Plaintiff is not entitled to a 1.3 or any other "Lodestar" multiplier because there is no public benefit in this case. In fact, Jones claims a negative multiplier should be applied in this case.

2. The rates charged by plaintiff's counsel were unreasonable.

3. Plaintiff's counsel seek recovery for matters that were double billed.

4. Clerical time is not billable.

5. Plaintiff's counsel has billed excessively.

Mercedes claims plaintiff is not entitled to any fees against it. Mercedes also claims:

1. The attorneys' fees sought by plaintiff are not legally supported.

2. The fees and costs sought by plaintiff are excessive and/or unreasonable.

The arbitrator has carefully considered the briefs filed by the parties. The arbitrator rules as follows:

1. Plaintiff is entitled to a 1.075 multiplier based on the results obtained.

2. The hourly rates of $275.00 for Mr. Mikhov, $300.00 per hour for Consumer Legal Services and $400.00 per hour for Mr. O'Connor are reasonable.

3. Both Mr. Mikhov and Mr. O'Connor attended the depositions of Hallman, Allen and King and each has billed for the time spent at each deposition (although the time for each is not the same). It is not reasonable for the

2

defendants to be required to pay $675.00 per hour ($275.00 for Mikhov and $400.00 for O'Connor) for the taking of these depositions. It is more reasonable to reduce each attorneys' fees by one-half for these depositions and that the total hours billed by Mr. O'Connor (11.9) are used as the correct billable hours. Thus, Mr. Mikhov's fees for these depositions should be $137.50 per hour times 11.9 hours or $1,636.25, and Mr. O'Connor's fees for these depositions should be $200.00 per hour times 11.9 hours or $2,380.00.

4. The arbitrator rejects Jones' contention that it was not necessary for Mr. Mikhov to attend the mediation. The mediator personally participated in the mediation and knows both Mr. Mikhov and Mr. O'Connor contributed to the result obtained. Mr. O'Connor is only entitled to fees for 7 hours of mediation, not the 10.3 billed by him.

5. The mediator rejects Jones' contention that Mr. O'Connor overbilled for written discovery prepared by him.

6. The mediator rejects Jones's contention that O'Connor billed excessively for reviewing Jones' and Mercedes' documents. The mediator also rejects Jones' contention that O'Connor duplicated bills for the conversations with his clients.

7. The mediator rejects Jones' contention that the time billed by Yoshiko Haga is not recoverable. It appears Ms. Haga is a paralegal and not a legal secretary.

8. The mediator rejects all other challenges to plaintiff's counsels' billing statements except the following:

   a. The mediator disallows the $480.00 billed for a meet and confer letter that apparently was never sent.

   b. The mediator disallows the $450.00 billed by Consumer Legal Services for postage and copying.

   c. The mediator disallows the $67.16 billed by O'Connor for meals and entertainment.

3

Based on the foregoing, the mediator rules as follows:

1. O'Connor's fees shall be reduced by $4,180, so that the amount recoverable is $59,147.00 before the application of any multiplier.

2. Mikhov's fees should be reduced by $3,313.75, so that the amount recoverable is $5,926.25 before the application of any multiplier.

3. In the fee summary provided by Mr. O'Connor, it is stated Community Legal Services is claiming $4,657.00 in fees based on 2.9 hours of services performed. This means CLS is claiming it is entitled to be paid at the rate of $1,605.00 per hour (4,657 divided by 2.9). Something is obviously wrong. The arbitrator makes no ruling with respect to the fees claimed by Community Legal Services until this matter is clarified.

4. The cost claimed by Community Legal Services shall be reduced by $450.00 and the cost claimed by O'Connor shall be reduced by $67.16, so that the amount of costs that are recoverable is $8,973.46.

5. When the multiplier of 1.075 is applied:

   a. O'Connor is entitled to recover $63,583.03 in fees.

   b. Mikhov is entitled to recover $6,370.72 in fees.

6. The total fees and costs to which plaintiff is entitled, excluding any fees due to Community Legal Services, is $78,927.21.

7. The fees and costs shall be borne by defendants as follows:

   75% by Fletcher Jones Motor Cars, Inc. and

   25% by Mercedes Benz USA, LLC.

Dated: _____ 14 2008

_____

Harvey A. Schneider

Judge (Retired)

Mediator / Arbitrator

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I served the foregoing document described as:

**DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

Alexander G. Calfo, Esq.                          Michael H. Rosenstein, Esq.
KING & SPALDING LLP                           Law Offices of Michael H. Rosenstein
633 West 5th Street, Suite 1700                 1801 Century Park East., Suite 2300
Los Angeles, CA 90071                             Los Angeles, CA 90067
**Counsel for Defendant,**                        **Associated Counsel for Plaintiff,**
**FORD MOTOR COMPANY**                   **CHRISTIAN B. VENEGAS**
(via Overnight Mail Only)                          (via E-mail only)

XX   BY OVERNIGHT MAIL/DELIVERY: I caused such envelope to be delivered by hand to the office(s) of the addressee(s) via OVERNIGHT EXPRESS or by local courier service.

XX   BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

XX   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 10, 2018 at Los Angeles, California.

_Hector Almeyda_
Hector Almeyda

-1-
PROOF OF SERVICE



RECEIVED
APR 1 1 2018

BY:..........................