SNELL AND WILMER LLP
WARREN E. PLATT (SBN 154086)
EMAIL: wplatt@swlaw.com
SARAH G. ODEGAARD (SBN 262931)
EMAIL: sodegaard@swlaw.com
600 Anton Boulevard Suite 1400
Costa Mesa, CA 92626-7689
Telephone: 714-427-7000
Facsimile: 714-427-7799

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION, | CASE NO. 2:18-ML-02814-AB (FFMx) <br><br> Assigned to: Judge Andre Birotte, Jr. Courtroom 7B |
| THIS DOCUMENT RELATES ONLY TO: <br><br> *DYANNA DAWN BECKER and PETER LEWIS STETINA v. Ford Motor Company, et al.*, 2:18-cv-00942-AB-FFM | **DECLARATION OF WARREN E. PLATT IN SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** <br><br> Date: August 29, 2018 <br> Time: 10:00 a.m. <br> Courtroom: 7B |

DECLARATION OF WARREN E. PLATT IN SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

1     I, Warren E. Platt, declare:

2     1. I am an attorney admitted to practice before the United States District Court for the Central District of California and I am a partner at Snell & Wilmer, LLP, and counsel of record for Ford Motor Company ("Ford") in the above-entitled lawsuit. I have personal knowledge of the facts set forth herein and could testify competently if called upon to testify.

    2. On October 26, 2017, Ford filed a Notice of Removal in the above-referenced action. In paragraph 20 of said Notice of Removal, Ford offered to settle the case for $75,001. The offer provided that if it was not accepted within 10 days, it would be deemed rejected. A true and correct copy of the Notice of Removal is attached as Exhibit A.

    3. Plaintiffs DYANNA DAWN BECKER and PETER LEWIS STETINA did not accept Ford's settlement offer set forth in its Notice of Removal.

    4. Snell & Wilmer represents Ford in 102 other DPS6 cases which are member cases of MDL 2814.

    5. Ford made similar offers to other plaintiffs in 69 DPS6 cases which are member cases of MDL 2814, who are represented by Knight Law Group ("KLG"), either in the Notice of Removal itself, or shortly thereafter.

    6. To date, no Plaintiff has accepted a settlement offer in a KLG case which is a member case of MDL No. 2814, which was filed as part of the Notice of Removal, or served by Snell & Wilmer, LLP, on behalf of Ford.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 18th day of July, in Costa Mesa, California.

*/s/ Warren Platt*

1

DECLARATION OF WARREN E. PLATT IN SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

# EXHIBIT A

Warren E. Platt, SBN 154086
wplatt@swlaw.com
Sarah G. Odegaard, SBN 262931
sodegaard@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYANNA DAWN BECKER and PETER LEWIS STETINA,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. _____<br><br>*[Originally filed in Sonoma Superior Court; Case No.: SCV261231]*<br><br>**FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Complaint Filed: September 6, 2017<br>Complaint Served: September 7, 2017 |

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

**PLEASE TAKE NOTICE** that that pursuant to 28 U.S.C. 1441(b), Defendant Ford Motor Company ("Ford") removes to this Court the state court action described below:

/ / /

/ / /

## BACKGROUND

1. The removed case is a civil action commenced in the Superior Court of California, County of Sonoma, entitled *Dyanna Dawn Becker and Peter Lewis Stetina v. Ford Motor Company*, Case No. SCV261231 ("the State Action"). The only Defendant named in this action is Ford. The Plaintiffs filed this action on September 6, 2017 asserting breach of warranty claims under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*) ("Song-Beverly Act") and fraudulent inducement claims. *See* Complaint.

## PROCEDURAL REQUIREMENTS

2. Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the complaint on September 7, 2017. This Notice of Removal is therefore timely filed.

3. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Northern District of California, because this District embraces the place in which the removed action has been pending.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process and pleadings for the State Action in Ford's possession are contained in **Exhibit A**.

5. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Sonoma promptly after filing of same in this Court.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

7. If any question arises as to the propriety of removing this action, Ford requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, but not limited to, (i) lack of jurisdiction over person; (ii) improper venue and/or *form non conveniens*; (iii) insufficiency of process; (iv) insufficiency of service of process; (v) improper joinder of claims and/or parties; (vi) failure to state a claim; (vii) failure to join an indispensable party or parties; or (viii) any other procedural or substantive defense available under state or federal law.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

9. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

10. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

11. Plaintiffs allege that they are entitled to relief under the Song-Beverly Act including: attorney's fees, restitution, reimbursement of the price paid for the vehicle, costs, expenses, all incidental, consequential, and general damages, as well as a civil penalty of up to two times the amount of actual damages. (Compl. ¶¶ 119-122). Plaintiffs also seek rescission of the purchase contract under the Song-Beverly Act. (Compl. ¶¶ 132, Prayer for Relief). Furthermore, Plaintiffs seek punitive damages. (*Id.,* Prayer for Relief).

12. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). In considering the amount in controversy, civil penalties

1  under the Song-Beverly Act are properly included in the calculation. *Hall v. FCA*
2  *US, LLC*, No. 1:16-cv-00684-DAD-JLT, Slip Copy, WL 4445335, at *4 (E.D. Cal.
3  Aug. 24, 2016); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009
4  (N.D. Cal. 2002). So too are attorney's fees "where an underlying statute authorizes
5  an award of attorneys' fees, either with mandatory or discretionary language".
6  *Sekula v. FCA Us LLC*, No. 1:17-cv-00460-DAD-JLT, Slip Copy, 2017 WL
7  3725931, at *4 (E.D. Cal. Aug. 30, 2017) (quoting *Galt G/G v. JSS Scandinavia*,
8  142 F.3d 1150, 1156 (9th Cir, 1998). In addition, the amount in controversy
9  calculation includes punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927,
10 945 (9th Cir. 2001).

11  13.  Ford disputes that it is liable for any damages whatsoever to Plaintiffs.
12 Nevertheless, Ford can demonstrate that the amount in controversy exceeds
13 $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v.*
14 *McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only
15 that the removing party present evidence that "it is more likely than not" that the
16 amount in controversy is satisfied. *Id.*

17  14.  In the case at bar, the Plaintiffs seek both monetary and injunctive
18 relief. This is a products liability case. Plaintiffs allege breach of express warranty
19 and implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ.
20 Code § 1790 *et seq.*), and fraudulent inducement. (Compl. ¶¶ 107-156).

21  15.  Plaintiffs allege that on September 1, 2012, they purchased a 2011
22 Ford Fiesta for $18,067.30[1] and that the Powershift transmission is defective
23 because it "consistently slips, bucks, kicks, jerks, harshly engages," among other
24 alleged problems. (Compl. ¶¶ 8, 21). Plaintiffs allege that they took their Fiesta in
25 for repairs on multiple occasions, and further allege that the problems could not be
26 repaired. (Compl. ¶¶ 72-76).

---

[1] The calculation of vehicle price is made by adding the "Down Payment" and "Amount Financed," as represented in the Sales Contract. *See* Declaration of Warren E. Platt, attached as **Exhibit B**.

16. Based on the numbers provided in the Plaintiffs' Sales Contract, as well as vehicle repair records in possession of Ford, if Plaintiffs were to prevail on their Song-Beverly claims they would be awarded damages of at least $42,811.38, calculated as follows:

    Purchase Price:            $18,067.30

    Less Deduction for Use: $3,796.84

                     =      $14,270.46 of Potential Actual Damages

    Plus Civil Penalty (2 x Actual Damages): $28,540.92

                     =      $42,811.38 of Potential Damages Awarded

(Platt Decl. ¶¶ 6 – 10, **Exhibit B**; Cal. Civ. Code § 1793.2(d)(2)(B) – (C); § 1794(c)).

17. Civil penalties under the Song-Beverly Act are also properly included in the calculation. *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002). So too are reasonable estimates of attorney's fees. *Id.* at 1011.

18. The Song-Beverly Act allows for the recovery of attorney's fees, which regularly exceed $50,000. (Declaration of Spencer p. Hugret ¶¶ 5-6, attached as **Exhibit C**.

19. The amount in controversy calculation includes punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Experts retained by plaintiffs in comparable cases related to the Ford DPS6 transmission have routinely sought punitive damages far in excess of $75,000, and more specifically, nine times the amount of actual damages (see, for example, the Declaration of Dr. Barbara C. Luna filed in *Cazares v. Ford Motor Company*, Case No. BC635153 in the Superior Court of California, County of Los Angeles (without exhibits) attached as **Exhibit D** at ¶71). In this case, the amount of punitive damages estimated using that calculation would be approximately $128,434.14 (based on the figure calculated in paragraphs **Error! Reference source not found.** to 16 above), far in excess of $75,000.

20. Notwithstanding the foregoing, in full settlement of this action and all of the claims therein, Ford hereby offers to pay Plaintiffs the total sum of Seventy Five Thousand and One Dollars ($75,001.00), inclusive of any and all costs, attorneys' fees, and/or civil penalties, in exchange for each of the following: (1) the entry of a Stipulation of Dismissal of Plaintiffs' action against Ford, with prejudice; and (2) the release of all past, present, or future claims for damages of any kind related to the Subject Vehicle. This offer shall remain open only for ten (10) days from the date of the service of this Notice of Removal on Plaintiffs' counsel. If this offer is not accepted within the time prescribed above, it shall be deemed rejected, and cannot be given in evidence upon trial.

## DIVERSITY OF CITIZENSHIP EXISTS

21. The Plaintiffs are, and were at the time of filing of the Complaint, citizens and residents of the State of California (Compl. ¶ 2).

22. Ford is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Michigan. This Court can take judicial notice of these facts. *See* Excerpt from Ford's 2016 Form 10-K filing, attached as **Exhibit E**; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

23. There is therefore diversity of citizenship between the Plaintiffs, Californian citizens, and Ford, a citizen of Delaware and Michigan but not California.

///
///
///
///
///

## CONCLUSION

24. For the reasons set forth above, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. §1441 because (i) it is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California; (ii) it is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

Dated: October 6, 2017             SNELL & WILMER L.L.P.


By:/s/Warren E. Platt
   Warren E. Platt
   Sarah G. Odegaard
   Attorneys for Defendant
   FORD MOTOR COMPANY