GORDON REES SCULLY MANSUKHANI LLP
Spencer P. Hugret (SBN 240424)
shugret@grsm.com
Embarcadero Center West
275 Battery Street, Suite 2000
San Freancisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

DYKEMA GOSSETT PLLC
John M. Thomas (SBN 266842)
jthomas@dykema.com
2723 South State Street, Suite 400
Ann Arbor, MI 48104
Telephone: (734) 214-7613
Facsimile: (734) 214-7696

Attorneys for Defendant
FORD MOTOR COMPANY

Additional counsel listed on signature page

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES ONLY TO:**<br><br>*AARON K. DUERKSEN v. FORD MOTOR COMPANY, et al.,* 2:18-cv-01071-AB-FFM<br><br>*MICHAEL D. BELL V. FORD MOTOR COMPANY, et al.,* 2:18-cv-01752-AB-FM | Case No. 2:18-ML-02814-AB (FFMx)<br><br>Assigned to Hon. Andre Birotte, Jr.<br>Courtroom: 7B<br><br>**DECLARATION OF JOHN M. THOMAS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND AND AWARD OF COSTS AND EXPENSES**<br><br>Date:       August 29, 2018<br>Time:      10:00 a.m.<br>Courtroom: 7B<br><br>Complaint Filed: September 6, 2017<br>Complaint Served: September 7, 2017<br>Trial Date: None |

I, John M. Thomas, declare as follows:

1. My name is John M. Thomas. I am an attorney at law duly licensed to practice before this Court. I am a member of the law firm of Dykema Gossett LLP, counsel of record for Defendant Ford Motor Company ("Ford") in the MDL. The following facts are within my personal knowledge, and if called as a witness, I could and would competently testify thereto.

2. Attached as Exhibit A is a true and correct copy of excerpts from the testimony of Darrell Blasjo, an expert for plaintiffs, in *Myers v. Ford Motor Company*, Case No. BC638302 (Los Angeles Superior Court).

3. *Myers* was a case against Ford brought and tried by lawyers now with Knight Law Group. The Complaint in *Myers* was virtually identical to the Complaints in the above-captioned cases, except that Plaintiff in *Bell* alleges a CLRA claim not present in *Myers*. Ford was the only defendant in Myers.

4. Attached as Exhibit B is a true and correct copy of the only repair record obtained from Mossy Ford relating to the vehicle owned by Aaron Duerksen.

5. Pursuant to the statutory method of calculation outlined in the Song-Beverly Act, I (with the assistance of another attorney acting pursuant to my direction) calculated Plaintiff Bell's damages on his Song-Beverly claims using figures presented in his Sales Contract, attached to his Motion to Remand, as well as Ford's warranty repair record for the first transmission repair to the vehicle owned by Bell. The warranty repair record for the first transmission repair to the vehicle owned by Bell is attached as Exhibit C. We used the figures in Plaintiff's Sales Contract to calculate the "actual price" by adding the figures labeled as "Down Payment" ($1,250) and "Amount Financed"($17,834) in Plaintiff's Sales Contract, equaling $19,084. (We did not include finance charges paid in calculating the "actual price," as required by California law, because of the difficulty of calculating the finance charges paid based on incomplete information. However, if finance charges paid

1

**DECLARATION OF JOHN M. THOMAS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND AND AWARD OF COSTS AND EXPENSES**

were included the effect would be to increase the "actual price" and increase the amount in controversy.) Next, to calculate the "amount directly attributable to use," we subtracted the vehicle's miles at purchase (as reflected in the Sales Contract) from the vehicle's miles at the time it was allegedly first presented for repair. The calculation is as follows: ((37,050 (Miles at First Repair) – 12 (Miles at Purchase)) / 120,000) x $19,084 (Actual Price) = $5,890 Deduction for Use. We then calculated that amount in controversy for Bell, including civil penalties but not including attorney fees, as follows:

    Purchase Price: $19,084

    Less Deduction for Use: $5,890

    =     $13,194 of Potential Actual Damages

    Plus Civil Penalty (2 x Actual Damages): $26,388

    =     $39,582 of Potential Damages Awarded

    6.     We calculated Plaintiff Duerksen's potential damages on his Song-Beverly claim in the same way using figures presented in the Sales Contract, attached to his Motion to Remand, as well as Ford's warranty repair record for the first transmission repair to the vehicle owned by Duerksen. The warranty repair record for the first transmission repair to the vehicle owned by Duerksen is attached as Exhibit D. The calculation of Duerksen's potential Song Beverly damages is as follows:

    Purchase Price:     $20,397

    Less Deduction for Use: $4,403

    =     $15,994 of Potential Actual Damages

    Plus Civil Penalty (2 x Actual Damages): $31,988

    =     $47,982 of Potential Damages Awarded

**DECLARATION OF JOHN M. THOMAS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND AND AWARD OF COSTS AND EXPENSES**

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET
SUITE 400
ANN ARBOR, MI 48104

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed in Brighton, Michigan, on July 20, 2018.

/s/ John M. Thomas
John M. Thomas

DECLARATION OF JOHN M. THOMAS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND AND AWARD OF COSTS AND EXPENSES