**KNIGHT LAW GROUP LLP**
Steve Mikhov (SBN 224676)
stevem@knightlaw.com
Russell Higgins (SBN 226124)
russellh@knightlaw.com
10250 Constellation Blvd, Suite 2500
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiffs
DYANNA DAWN BECKER and
PETER LEWIS STETINA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION** | Case No: 2:18-ML-02814-AB (FFMx) |
| | **PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA AND AWARD OF COSTS AND EXPENSES RESULTING FROM REMOVAL** |
| **THIS DOCUMENT RELATES ONLY TO:** | *Assigned for All Purposes to the Honorable Judge Andre Birotte, Jr.* |
| *DYANNA DAWN BECKER and PETER LEWIS STETINA v. Ford Motor Company, et al.,* 2:18-cv-00942-AB-FFM | **Date: August 29, 2018**<br>**Time: 10:00 a.m.**<br>**Courtroom: 7B** |

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Defendant's Opposition ("Opposition") to Plaintiffs' Motion to Remand offers no valid rebuttal. Defendant had the burden of establishing that this Court has subject matter jurisdiction by a preponderance of the evidence, and it has failed to do so. As such, Plaintiffs asks the Court to grant Knight Law Group's Motions to Remand and remand each action to the California Superior Court in which it was filed.

## II. Argument

### A. Defendant's Opposition Does Not Remedy Its Failure to Establish the Amount-in-Controversy at the Time of Removal

Despite Ford's attempt to supplement its deficient Notice of Removal, its Opposition likewise fails to establish that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction. Defendant's *supplemental* analysis regarding the Plaintiff's damages is unsupported and speculative and, as such, fails to establish Plaintiff's potential recovery by a preponderance of the evidence. Defendant fails to provide evidence in support of federal jurisdiction and, instead, attempts to distract the Court from the fact that it failed to establish subject matter jurisdiction at the time of removal.

Plaintiff also incorporates by reference the arguments and analysis made by CLR Plaintiffs in their Motion for Remand pertaining to Ford's representations to this Court in the *Vargas* Class Action. Ford should be estopped from modifying its previous position regarding the value of these cases.

#### i. Defendant's Song-Beverly Analysis Remains Unsupported and Inaccurate

*Actual Damages*

Defendant notably overlooks that its calculation of Plaintiff's actual damages falls woefully short of the jurisdictional minimum. Ford, instead, focuses

1  its Opposition on providing support for its entirely speculative and unsupported
2  request for this Court to consider punitive damages and future attorney's fees. In
3  reality, it's calculation of actual damages under the Song-Beverly Act totals only
4  $14,270.46.

5  In response to Plaintiffs' contention that Defendant's calculations fail to
6  factor in offsets and deductions Ford routinely seeks, Defendant baldly claims that
7  such deductions should be perceived as affirmative defenses. (Ford's Opposition,
8  p. 10). Defendant then cites to several District Court decisions which confirm that
9  potential affirmative defenses do not impact the amount in controversy. However,
10 a mileage offset is not a legal defense; it is a statutory offset. (See Cal. Code Civ.
11 Proc. § 1793.2. In one of the several hundred matters Ford has improperly
12 removed to Federal Court, Gordon & Rees, in its representation of Ford, removed a
13 case filed by undersigned counsel approximately eleven months after it was filed,
14 and Ford's Notice of Removal was devoid of any explanation for such a delay.
15 (*See* Exhibit A, *Antonius A. Nieuwenhuis v. Ford Motor Company,* Case No. CV
16 18-3942-R, July 26, 2018 Order Granting Motion to Remand). In its Opposition,
17 Ford contended it ascertained this case removable only upon review of records
18 which revealed Ford would *not* be entitled to a substantial mileage off-set in this
19 case. *Id.* In support, Mr. Robert Rodriguez of Gordon & Rees, declared the
20 following: "[M]ileage off-set have the potential to drastically reduce the amount
21 plaintiffs can recover in Song-Beverly cases." (See Exhibit B, Declaration of
22 Robert Rodriguez).

23 As described in Plaintiff's Motion, Ford has decided to apply a mileage off-
24 set in some matters before this Court, while arbitrarily omitting this calculation in
25 others.[1]   Ford contends that Plaintiffs fail to provide evidence supporting
26 deductions in each case.  Again, Ford forgets its burden. The party seeking
27 removal bears the burden of establishing federal jurisdiction. *Ethridge v. Harbor*
28

---

[1] *See e.g. Michael Bell v. Ford Motor Company*; Remand Motion pending before this Court.

1 *House Rest.,* 861 F.2d 1389, 1393 (9th Cir. 1988). The removal statute is construed
2 **against** removal jurisdiction, and federal jurisdiction must be rejected if there is
3 any doubt as to the right of removal in the first instance. *See Shamrock Oil & Gas*
4 *Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941). Plaintiffs are not required to
5 "present evidence" to rebut Ford's insufficient allegations. Rather, it is Ford that is
6 required consider this information before blindly removing several hundred cases
7 to Federal Court. On this basis alone, Ford's Removals fail.

## *Civil Penalties*

In an attempt to cure the numerous deficiencies in its Notices of Removal, Ford has overlooked its complete and utter failure to provide **<u>any</u>** support for its assertion that it may include the maximum potential civil penalty award in its amount in controversy calculation. Here, Plaintiff's complaint does not state a specific damage amount. It simply states that Plaintiffs are entitled to civil penalties in an amount up to two times the actual damages.

Here, as in *Conrad*, discussed *infra* and in Plaintiffs' Motion, Defendant has failed to provide any evidence that Plaintiff is entitled to a full award of civil penalties under Song-Beverly. Instead, Defendant has simply pointed at the pleadings and the fact that Song-Beverly allows civil penalties in an amount up to two times actual damages and concludes, without support, that the amount in controversy requirement is satisfied.

Plaintiffs do not dispute that treble damages authorized by state law may be included when determining the amount in controversy; several Courts have confirmed the same. *See Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1942 (9th Cir. 2000), *Rosen v. Chrysler Corp.*, 205 F.3d 918 (6th Cir. 2000), and *St. Paul Reinsurance Co., Ltd., v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998).

However, the Song-Beverly Act allows damages if a violation of the Act is found but only allows an award of civil penalties if the plaintiff also establishes that the defendant's violation was willful. This requires further proof beyond

1 simply finding a defendant liable for a violation of Song-Beverly, and requires a
2 particularized analysis of the facts surrounding a manufacturer's denial of a
3 plaintiffs' rights under Song-Beverly. Here, Ford provides no such analysis.
4 Further, even if it is determined the violation was willful, the civil penalties award
5 is not fixed. The trier of fact may include civil penalties up to but not exceeding
6 two times the amount of actual damages. (See Cal. Code Civ. Proc. § 1794(c)).
7 As such, there is a possibility that a trier of fact could determine that, even if the
8 defendant's breach was willful, the amount of a civil penalties award could be
9 anywhere between zero and two times the actual damages depending on the extent
10 and nature of the willfulness involved. Defendant cannot simply point to the
11 relevant statute or the Plaintiff's complaint, and claim that the civil penalties award
12 will amount to a full two times the actual damages. <u>Further evidence is required</u>.
13 Specifically, the type of evidence that a trier of fact would consider when
14 determining an appropriate amount of civil penalties.

15 The Court in *Chabner* recognized this important distinction when
16 considering treble and punitive damages. In *Chabner*, the Court noted that the
17 Plaintiff's state law claims authorized treble and punitive damages. (See *Chabner*,
18 at 1046, fn. 3). The specific law at issue, California Civil Code § 52(a), allowed
19 the trier of fact to decide to increase an award up to a maximum of three times the
20 amount of actual damages. (See Cal. Civ. Code § 52(a)). Like with the Song-
21 Beverly Act, the treble damages at issue were not fixed. Based thereon, the Court
22 stated that "[a]lthough the district court could have taken these additional damages
23 into account when determining the amount in controversy, there were no
24 allegations of the amount of damages, and it is unclear whether the jurisdictional
25 minimum would have been met even with these additional damages." (*Id.* (internal
26 citations omitted)).

27 As such, Defendant cannot simply rely on its contention that Plaintiff
28 requests civil penalties and, pursuant to Song-Beverly, could recover up to two

-4-

times damages. This *conclusion* presently serves as the sole support for Ford's inclusion of maximum civil penalties in each calculation.

### ii. Defendant has Failed to Provide Any Support for Its Inclusion of Speculative Attorney's Fees

Again, Ford attempts to support its deficient amount in controversy calculation by directing this Court to extraneous information not provided in its Notice of Removal. As conceded by Ford in its Opposition, Ford's sole support for the amount of attorney's fees is its own counsel's opinion that fees regularly exceed $50,000 in similar cases. (Ford's Opposition, p. 13, l. 8-10.) And as pointed out in Plaintiff's Motion, this figure and Mr. Hugret's *opinion* also appear to arbitrarily change on a case to case basis, reaching as high as $100,000[2] in fees per case. Accordingly, Ford's attorney fee estimation remains entirely speculative and must be ignored.

Additionally, as described in Plaintiff's Motion (pages 7-8), the emerging consensus in the Ninth Circuit is that only fees incurred at the time of removal should be considered. Defendant again fails to offer any evidence of the fees incurred at the time of removal. Instead, Defendant cites to a *Chavez v. JPMorgan Chase & Co.,* where the Court evidently concluded that in a wage-loss case, wages accrued after the time of removal could be included in the amount in controversy. Without any further support, or any discussion concerning the ability to effectively calculate future wages in that matter, Ford concludes that the Ninth Circuit intends to consider post-removal attorney's fees. In this regard, Ford again fails to satisfy its burden.

### iii. Defendant's Punitive Damage Analysis is Unsupported by Evidence

Defendant has again failed to satisfy its burden as to Plaintiffs' alleged punitive damages. Any notion that Ford has sufficiently supplemented its deficient

---

[2] *See e.g. Michael Bell v. Ford Motor Company,* Declaration of Spencer Hugret in Support of Notice of Removal.

1 removal notice to support its arguments regarding punitive damages, must fail. Ford convenient omits the fact that it recently moved for a new trial and judgment notwithstanding the verdict in *Myers v. Ford*. (*See* Exhibit C). The Motions seek to convince the court that punitive damages are not recoverable, both from an evidentiary perspective, and from an election of remedies context. *Id.* Ford has repeatedly argued in post-trial motions that "[A] judgment that includes both civil penalties and punitive damages is improper…" (*See also* Exhibit D, *Brown, et al. v. Ford Motor Company,* Ford's Objections to Judgement). Ford's assertions regarding punitive damages remain entirely speculative, and unsupported.

### iv.     Ford's *Settlement Offer* Does Not Establish the Amount in Controversy

Finally, Defendant's desperate attempt to cure the above-described deficiencies by including a Settlement Offer in its Notices of Removal, must fail. As previously explained, an expired or unaccepted settlement offer – proposed in exchange for undefined agreements and releases – has no immediate or continuing probative value. This *offer* does not assure a result of the litigation, or currently entitle plaintiff to this relief previously *offered.* Defendant is left grasping at straws, citing to cases in which plaintiffs either stipulate to and/or acknowledge the amount in controversy in writing or made their own demand for settlement in excess of the amount in controversy. Defendant fails to cite a single case in support of its position that a rejected settlement offer establishes the amount in controversy. This Court has found similar arguments to be unpersuasive. *See, e.g. Chavez v. General Motors, LLC,* USDC Cent. Dist. Cal. Case No. CV 17-5805, October 18, 2018 Order, 2017 WL 4685011; *see also Sasso v. Noble Utah Long Beach LLC,* No. CV 14-09154-AB (AJWx), 2015 WL 898468.

///

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motions should be granted, and these Actions should be remanded to the California Superior Court.

Dated: August 3, 2018

**KNIGHT LAW GROUP LLP**

<u>/s/ Russell Higgins</u>
Steve Mikhov (SBN 224676)
Russell Higgins (SBN 226124)
Attorneys for Plaintiffs
DYANNA DAWN BECKER and
PETER LEWIS STETINA