William J. Goines (SBN 61290)
goinesw@gtlaw.com
Jordan D. Grotzinger (SBN 190166)
grotzingerj@gtlaw.com
Karusha Y. Sharpe (*Admitted Pro Hac Vice*)
sharpek@gtlaw.com
Breeanna N. Brewer (SBN 312269)
brewerb@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, California 94303
T: (650) 328-8500  F: (650) 328-8508

Attorneys for Defendant
FORD MOTOR COMPANY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF BUTTE

| | |
|---|---|
| ROBERT BROWN and VALERIE BROWN,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. 160060<br><br>Assigned to:<br>Hon. Tamara L. Mosbarger<br>Dept.: TBD<br><br>**DEFENDANT'S OBJECTIONS TO [PROPOSED] JUDGMENT ON JURY VERDICT AND REQUEST FOR HEARING**<br><br>File Date:  July 24, 2013<br>Trial Date: April 16, 2018 |

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................................1

II.  FACTS ................................................................................................................1

III. OBJECTIONS TO THE [PROPOSED] JUDGMENT ON JURY VERDICT .....2

    A.   The proposed judgment improperly contemplates an award of prejudgment interest; there is no basis for such an award. ......................2

        1.   Prejudgment interest is available only under specific circumstances set forth by statute. ..................................................2

        2.   Plaintiffs are not entitled to prejudgment interest under Section 3287(a), because their damages were not certain prior to the jury's findings. .......................2

        3.   Plaintiffs are not entitled to prejudgment interest under any other statutory provision, so the court should deny any request for prejudgment interest and delete the prejudgment interest line from the judgment. ...................5

    B.   Plaintiffs must elect either the jury's award of civil penalties under the Song-Beverly Act or the jury's award of punitive damages; the proposed verdict improperly awards both. ...............................................6

        1.   California law prohibits the award of statutory penalties and punitive damages penalizing the same conduct. .............................6

        2.   The Song-Beverly civil penalty is punitive in nature. .....................8

        3.   Plaintiffs are not entitled to both the Song-Beverly civil penalty and the punitive damages assessed by the jury, which both address the same conduct by Ford. ............................................9

IV.  CONCLUSION ..................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

BMW of North America, Inc. v. Gore
(1996) 517 U.S. 559 ..................................................................................................10

Ortega v. Toyota Motor Sales, USA, Inc.
(S.D. Cal. 2008) 572 F. Supp. 2d 1218 ......................................................................6

State Farm Mut. Auto. Ins. Co. v. Campbell
(2003) 538 U.S. 408 ..............................................................................................7, 10

**State Cases**

Adams v. Murakami
(1991) 54 Cal.3d 105 ..................................................................................................6

Baker v. Ramirez
(1987) 190 Cal.App.3d 1123 ......................................................................................7

Barry v. Raskov
(1991) 232 Cal.App.3d 447 (Barry) .......................................................................5, 6

Brewer v. Second Baptist Church (Brewer)
(1948) 32 Cal.2d 791 ..................................................................................................6

Chesapeake Industries, Inc. v. Togova Enterprises, Inc.
(1983) 149 Cal.App.3d 901 (Chesapeake) .................................................................2

Clauson v. Superior Court
(1998) 67 Cal.App.4th 1253 .......................................................................................7

Concrete Spaces, Inc. v. Sender
(Tenn. 1999) 2 S.W.3d 901 ........................................................................................7

County of Los Angeles v. Southern California Edison Co.
(2003) 112 Cal.App.4th 1108 .....................................................................................3

De Anza Santa Cruz Mobile Estates Homeowners Assoc. v. De Anza Santa Cruz Mobile
Estates
(2001) 94 Cal.App.4th 890 (De Anza) .......................................................................7

Doppes v. Bentley Motors, Inc.
(2009) 174 Cal.App.4th 1004 (Doppes) .....................................................................4

Duale v. Mercedes-Benz USA, LLC
(2007) 148 Cal.App.4th 718 ...............................................................................2, 3, 4

*Fassberg Const. Co. v. City of Los Angeles*
  (2007) 152 Cal. App.4th 720 (*Fassberg*) ......................................................... 6, 7

*Grassilli v. Barr*
  (2006) 142 Cal.App.4th 1260 ............................................................................ 10

*Kwan v. Mercedes Benz of North America*
  (1994) 23 Cal.App.4th 174 (*Kwan*) .................................................................. 8, 9

*Lukather v. General Motors, LLC*
  (2010) 181 Cal.App.4th 1041 (*Lukather*) ........................................................ 4, 5

*Marshall v. Brown*
  (1983) 141 Cal.App.3d 408 .................................................................................. 7

*Merlo v. Standard Life & Acc. Ins. Co.*
  (1976) Cal.App.3d 5, 18 ....................................................................................... 7

*Stein v. Southern California Edison Co.*
  (1992) 7 Cal.App.4th 565 (*Stein*) ....................................................................... 6

*Suman v. Superior Court*
  (1995) 39 Cal.App.4th 1309 ................................................................................ 8

*Troensegaard v. Silvercrest Indus., Inc.*
  (1985) 175 Cal.App.3d 218 ......................................................................... 7, 8, 9

*Turnbull & Turnbull v. ARA Transp., Inc.*
  (1990) 219 Cal.App.3d 811 (*Turnbull*) .......................................................... 7, 10

*Wagoner v. Bennett*
  (Okla. 1991) 814 P.2d 476 ................................................................................... 8

**Federal Statutes**

Consumer Legal Remedies Act ................................................................................ 1

False Claims Act ....................................................................................................... 7

Mobilehome Residency Law ................................................................................... 7

Song-Beverly Act ........................................................................................ 1, 6, 8, 9

**State Statutes**

Civ. Code, § 1780 ...................................................................................................... 5

Civ. Code §1794, subd. (c) ...................................................................................... 8

Civ. Code, §§ 3287-3288 ...................................................................................... 1, 2

| | |
|---|---|
| Civ. Code, § 3287, subd. (a) | *passim* |
| Civ. Code § 3287, subd. (b) | 1, 5 |
| Civ. Code § 3288 | 1, 5, 6 |
| Civ. Code, § 3294, subd. (a) | 5 |
| Tennessee Consumer Protection Act | 7 |
| U. Com. Code, §§ 2714-2715 | 5 |

**Other Authorities**

| | |
|---|---|
| CACI 3946 | 6 |
| Fourteenth Amendment | 10 |

## I. INTRODUCTION

Defendant Ford Motor Company ("Ford") submits these objections to the [Proposed] Judgment on Jury Verdict submitted by plaintiffs on May 10, 2017. Plaintiffs' proposed judgment incorporates three items that are improper as a matter of law:

- Prejudgment interest is not properly included in the judgment. Such interest is awarded only in limited circumstances, where permitted by statute. (Civ. Code, §§ 3287-3288.) Plaintiffs have not identified any applicable basis for such an award, much less met their burden of providing they satisfy the criteria for a prejudgment interest award: their damages were not certain prior to trial (Civ. Code, § 3287, subd. (a)); they did not bring any claims for breach of contract (*id.*, § 3287, subd. (b); and they did not seek prejudgment interest as an item of damages from the jury (*id.*, § 3288). The line item for a prejudgment interest award in the judgment is therefore improper.
- A judgment that includes both civil penalties and punitive damages is improper here. A plaintiff is not entitled to receive a punitive civil penalty and punitive damages for causes of action arising out of the same conduct. The Song-Beverly civil penalty and the punitive damages verdict awards both punish Ford for failure to provide plaintiffs with a working vehicle. Plaintiffs are therefore required to elect between the civil penalty and the punitive damages, and the judgment should reflect that election.

Ford respectfully requests that the Court set a hearing to hear argument on Ford's objections before ruling on them and entering a judgment.

## II. FACTS

This case went to trial on plaintiffs' First Amended Complaint on April 16, 2018. Over Ford's objections, plaintiffs were allowed to present six claims to the jury for decision: violation of the Song-Beverly Act, breach of implied warranty, violation of the Consumer Legal Remedies Act based on omissions, violation of the Consumer Legal Remedies Act, concealment, and intentional misrepresentation. (See [Proposed] Judgment on Jury Verdict, Ex. A.) For each claim, the jury returned a verdict for plaintiffs, including identical awards on each claim: $46,433.74 for the price of the vehicle and $16,754.54 for amounts spent in connection with the vehicle. Plaintiffs' proposed judgment,

**DEFENDANT'S OBJECTIONS TO [PROPOSED] JUDGMENT
ON JURY VERDICT AND REQUEST FOR HEARING**

WDC 373666810v1

submitted to the court on May 10, 2018, properly does not attempt to aggregate these duplicative amounts, and reflects a total compensatory damages award of $63,188.28. (See *id.*) On plaintiffs' Song-Beverly claim, the jury found that Ford willfully failed to repurchase the plaintiffs' truck, and awarded a civil penalty of $126,376.56. (See *id.* at Ex. A, p. 3.) The jury also found that Ford acted with malice, fraud, and/or oppression, and after a punitive damages phase, awarded plaintiffs $7.5 million in punitive damages. (See [Proposed] Judgment on Jury Verdict, Ex. B.)

## III. OBJECTIONS TO THE [PROPOSED] JUDGMENT ON JURY VERDICT

### A. The proposed judgment improperly contemplates an award of prejudgment interest; there is no basis for such an award.

The [Proposed] Judgment on Jury Verdict includes a line in which the court could enter an award of prejudgment interest to plaintiffs, running from an unknown date and at an unknown rate, based on unspecified grounds. (See [Proposed] Judgment on Jury Verdict, p. 1, line 18.) This is improper.

#### 1. Prejudgment interest is available only under specific circumstances set forth by statute.

Prejudgment interest is not routinely available. (See *Chesapeake Industries, Inc. v. Togova Enterprises, Inc.* (1983) 149 Cal.App.3d 901, 906 (*Chesapeake*) ["interest traditionally has been denied on unliquidated claims because of the general equitable principle that a person who does not know what sum is owed cannot be in default for failure to pay"].) Prejudgment interest may be claimed under Civil Code sections 3287 and 3288, but plaintiffs have invoked neither statute, nor demonstrated they are entitled to recovery under either, as we explain below.

#### 2. Plaintiffs are not entitled to prejudgment interest under Section 3287(a), because their damages were not certain prior to the jury's findings.

Under Civil Code section 3287, subdivision (a) ("Section 3287(a)"), a party is entitled to prejudgment interest where (a) the amount of damages was "certain or capable of being made certain by calculation" prior to trial. (Civ. Code, § 3287, subd. (a).) By contrast, Section 3287(a) " 'does not authorize prejudgment interest where the amount of damage, as opposed to the determination of liability, "depends upon a judicial determination based upon conflicting evidence and it is not ascertainable from truthful data supplied by the claimant to his debtor." ' " (*Duale v. Mercedes-Benz*

1  *USA, LLC* (2007) 148 Cal.App.4th 718, 729.) " ' "Thus, *where the amount of damages cannot be*
2  *resolved except by verdict or judgment, prejudgment interest is not appropriate.*" ' " (*Ibid.*, emphasis in
3  original; see also *County of Los Angeles v. Southern California Edison Co.* (2003) 112 Cal.App.4th
4  1108, 1123 ["Damages that must be determined by the trier of fact based on conflicting evidence of the
5  property value do not satisfy this requirement"].)

6        Consistent with the plain language of the statute, prejudgment interest under Section 3287(a) is
7  not available where Song-Beverly damages are contested. In *Duale*, *supra*, 148 Cal.App.4th 718, 729,
8  the court recognized that a Song-Beverly damages award required the jury to "(1) determine whether
9  any of the many defects alleged in the complaint represented a nonconformity, (2) whether any such
10 nonconformity "substantially impaired [the] use, value, or safety" of the vehicle, and (3) then to
11 determine—for any such nonconformity—the mileage at which plaintiffs first presented the car to
12 defendant for repair." And where " '[a]ll of these issues were contested at trial,' " including the
13 "mileage at which [the vehicle] was first presented for repair," were in dispute, "the amount of damages
14 could not be resolved except by verdict, and prejudgment interest is not appropriate." (*Ibid.*)

15       The same is true here. Ford disputed (and still does dispute) that *any* of the problems with
16 plaintiffs' vehicle constituted a nonconformity that "substantially impaired" the use, value, or safety of
17 the vehicle. Ford likewise contested (and still does contest) the date at which plaintiffs first presented
18 the vehicle to the Wittmeier service center for any nonconformity. And although the jury found that
19 plaintiffs' first repair presentation occurred after plaintiffs had driven 985 miles (i.e., the first time
20 plaintiffs brought the vehicle to Wittmeier, to address unknown noises in the vehicle), the evidence was
21 also susceptible to a finding that the first *repair presentation* did not occur until much later, given the
22 evidence that:

23     • the first time plaintiffs brought the vehicle in for service, in April 2006, Wittmeier's
24       service technicians could not verify that the vehicle was making the noises plaintiffs
25       complained about, and made no repairs. The noises never recurred; [Trial Exhibit 2]
26     • the second time plaintiffs brought the vehicle in for service, on May 31, 2006,
27       Wittmeier's service technicians replaced a "water in the fuel light" sensor, a problem that
28       never recurred; [Trial Exhibit 3]

3      Case No. 160060
**DEFENDANT'S OBJECTIONS TO [PROPOSED] JUDGMENT
ON JURY VERDICT AND REQUEST FOR HEARING**

- the third time plaintiffs brought the vehicle in for service, on August 10, 2006, Wittmeier's service technicians could not verify that the vehicle's transmission was slipping, and made no repairs; [Trial Exhibit 3]
- the fourth time plaintiffs brought the vehicle in for service, on February 18, 2007, Wittmeier's service technicians solved a "check engine light" issue caused by plaintiffs' aftermarket fuel tank, not by a nonconformity with the vehicle. [Trial Exhibit 5]
- the fifth time plaintiffs brought the vehicle in for service, in July 2009, Wittmeier's service technicians fixed an oil leak by replacing a CKP Sensor O-ring, and cleaned the engine. [Trial Exhibit 13]

These were not serious repairs, nor did plaintiffs experience serious problems with the vehicle as a result of the reported issues. It was not until *after the warranty period ended* that plaintiffs reported serious problems with the vehicle, which ended up requiring a turbo replacement. As a result, the jury could have found that plaintiffs' first *repair presentation* for a problem that Wittmeier failed to correct was anywhere from 985 miles to well over 30,000 miles—meaning that the calculation of plaintiffs' damages was not possible prior to trial. Prejudgment interest is therefore not proper here. (*Duale, supra*, 148 Cal.App.4th at p. 729.)

*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004 (*Doppes*) and *Lukather v. General Motors, LLC* (2010) 181 Cal.App.4th 1041 (*Lukather*) are not to the contrary. In *Doppes*, the defendant failed to appeal the award of prejudgment interest on the plaintiff's Song-Beverly claim, and, eight months after the judgment was entered, sought to vacate the judgment on the ground that the trial court did not have *jurisdiction* to award prejudgment interest on the claim. (*Doppes, supra*, at pp. 1008, 1010.) The Court of Appeal's opinion was thus limited to whether prejudgment interest could in theory *ever* be awarded. (*Id.* at p. 1010.) As *Doppes* notes, this holding is not inconsistent with *Duale*'s holding that prejudgment interest is unrecoverable under section 3287 on Song-Beverly claims where "under the facts, the amount of damages could not be resolved except by verdict." (*Ibid.*) *Lukather*'s holding is similarly inapposite. There, the defendant challenged the prejudgment interest award on the ground that the plaintiff prevented defendant from paying the debt, not on the ground that the damages

were uncertain and therefore not within the ambit of Civil Code section 3287, subdivision (a). (*Lukather, supra,* 181 Cal.App.4th at p. 1053.)

*Duale* requires the court to deny prejudgment interest on plaintiffs' Song-Beverly claim, in light of the uncertainty of plaintiffs' damages up until the jury's determination.

Plaintiffs' remaining claims had no set formula for determining damages, and so could not even in theory support an award under section 3287(a). The jury had discretion to set the plaintiffs' damages award, which, based on the court's instructions, could have been anywhere from the difference in market value and price paid for the vehicle (as urged by Ford, and which would have been minimal in light of the vehicle's limited repair history) to the entire price of the truck, plus all insurance and registration payments (as urged by plaintiffs).[1]

### 3. Plaintiffs are not entitled to prejudgment interest under any other statutory provision, so the court should deny any request for prejudgment interest and delete the prejudgment interest line from the judgment.

Under Civil Code section 3287, subdivision (b) ("Section 3287(b)"), a plaintiff is entitled to prejudgment interest for damages received on a "cause of action in contract." (Civ. Code, § 3287, subd. (b).). Plaintiffs undisputedly did not bring any action for breach of contract, however.[2]

Under Civil Code section 3288 ("Section 3288"), a plaintiff may seek an award of prejudgment interest as part of its damages award from the jury, if the jury finds that the defendant acted with oppression, malice, or fraud. (Civ. Code, § 3288 ["In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury"].) If the plaintiff fails to seek prejudgment interest as an element of damages to be awarded by the jury, the trial court may not add an award of prejudgment after the fact. (*Barry v.*

---

[1] Ford objected to plaintiffs' ability to seek the entire price of the vehicle on their implied warranty, fraud, and CLRA claims, on the basis that their damages on those claims were limited to out-of-pocket losses plus amounts expended in reliance on the implied warranty or fraud. (See U. Com. Code, §§ 2714-2715 [damages for breach of implied warranty where buyer accepted goods]; Civ. Code, § 1780 [CLRA damages], 3343, subd. (a) [damages for purchase induced by fraud].) But because the court rejected this argument, the jury was given discretion to award anywhere from $0 to the total amount sought by plaintiffs, based on the jurors' determination of the value of the damage suffered by plaintiffs.

[2] Of course, if plaintiffs' claims *were* breach of contract claims, they would not be entitled to punitive damages on those claims. (Civ. Code, § 3294, subd. (a) [punitive damages may be sought "[i]n an action for breach of an obligation not arising from contract . . . ."].)

*Raskov* (1991) 232 Cal.App.3d 447, 457 (*Barry*); see also *Stein v. Southern California Edison Co.* (1992) 7 Cal.App.4th 565, 572 (*Stein*) [trial court correctly rejected plaintiffs' claim for prejudgment interest under Section 3288, where plaintiffs did not present question to jury and defendants did not stipulate that trial court could consider the matter along with costs].) Plaintiffs undisputedly did not seek an award of prejudgment interest from the jury, eliminating their entitlement to prejudgment interest under Section 3288. (*Barry, supra,* 232 Cal.App.3d at p. 457; *Stein, supra,* 7 Cal.App.4th at p. 572.)

Because plaintiffs have not undertaken to establish that they are entitled to prejudgment interest, and could not do so if they tried, the court should deny any request for prejudgment interest that plaintiffs may make, and delete the line awarding prejudgment interest from the proposed judgment.

**B. Plaintiffs must elect either the jury's award of civil penalties under the Song-Beverly Act or the jury's award of punitive damages; the proposed verdict improperly awards both.**

**1. California law prohibits the award of statutory penalties and punitive damages penalizing the same conduct.**

"California courts have held that if a defendant is liable for a statutory penalty or multiple damages under a statute, the award is punitive in nature, and the award penalizes essentially the same conduct as an award of punitive damages, the plaintiff cannot recover punitive damages in addition to that recovery but must elect its remedy." (*Fassberg Const. Co. v. City of Los Angeles* (2007) 152 Cal. App.4th 720, 759-60 (*Fassberg*); *Ortega v. Toyota Motor Sales, USA, Inc.* (S.D. Cal. 2008) 572 F. Supp. 2d 1218, 1221 ["When a consumer alleges both a Song-Beverly claim and a tort claim, he must elect to recover either a civil penalty or punitive damages"].)

This basic rule is consistent with the fundamental nature of a punitive award, which is not a "recovery" of something to which a plaintiff is entitled. (See, e.g., *Brewer v. Second Baptist Church* (*Brewer*) (1948) 32 Cal.2d 791, 801 ["[E]ven after establishing a case where punitive damages are permissible, [the plaintiff] is never entitled to them"]; CACI 3946 ["you must decide whether that conduct justifies an award of punitive damages"].) A punitive damages award can be justified only if it is necessary to achieve the "purely public" goals of deterrence and/or punishment. (*Adams v. Murakami*

(1991) 54 Cal.3d 105, 110.) The rights at stake in this analysis are the defendant's right not to be subjected to double punishment, not the plaintiff's right to full recovery. (See *State Farm Mut. Auto. Ins. Co. v. Campbell* (2003) 538 U.S. 408, 416–417 [noting that compensatory and punitive damages serve very different purposes and the latter deserve heightened scrutiny because they pose an acute danger of arbitrary deprivation of property]; *De Anza Santa Cruz Mobile Estates Homeowners Assoc. v. De Anza Santa Cruz Mobile Estates* (2001) 94 Cal.App.4th 890, 912 (*De Anza*) [holding that treating statutory remedy as exclusive of punitive damages "comports with due process" because it "avoids the possibility of double penalties for the same conduct"].)

The primary purpose of punitive damages "is to punish the defendant and make an example . . . ." (*Merlo v. Standard Life & Acc. Ins. Co.* (1976) Cal.App.3d 5, 18.) Where the purpose of a statutory penalty is the same as that of punitive damages—to punish and deter wrongful conduct—the plaintiff is not entitled to both. (E.g., *Turnbull & Turnbull v. ARA Transp., Inc.* (1990) 219 Cal.App.3d 811, 826-827 (*Turnbull*); *Marshall v. Brown* (1983) 141 Cal.App.3d 408, 419.) Courts have therefore repeatedly held that only *one* award of damages can be made to punish or deter what is essentially the same alleged wrongful conduct. (See *Fassberg, supra*, 152 Cal.App.4th at 759 [plaintiff cannot receive treble damages and civil penalties under state False Claims Act and also receive punitive damages for fraud]; *De Anza, supra*, 94 Cal.App.4th at p. 912 [plaintiff cannot recover both statutory penalties and punitive damages imposed for violating Mobilehome Residency Law]; *Clauson v. Superior Court* (1998) 67 Cal.App.4th 1253, 1256 (plaintiffs cannot recover statutory penalties under state wiretapping law and punitive damages for common-law invasion of privacy]; *Turnbull*, 219 Cal.App.3d at 826 [plaintiff cannot recover statutory penalties under Unfair Practices Act and punitive damages on unclear grounds]; *Baker v. Ramirez* (1987) 190 Cal.App.3d 1123, 1139–1139 [plaintiff cannot recover double or treble damages under Civil Code section 3346 and punitive damages on unclear grounds]; *Troensegaard v. Silvercrest Indus., Inc.* (1985) 175 Cal.App.3d 218, 226–228 (*Troensegaard*) [plaintiff cannot recover Song-Beverly civil penalties and punitive damages for fraudulent concealment]; *Marshall*, 141 Cal.App.3d at 419 [plaintiff cannot recover treble damages under Labor Code for interfering with plaintiff's ability to find other employment and punitive damages for slander].)[3]

---

[3] "Almost every jurisdiction addressing this question has concluded that recovery of both multiple statutory damages and punitive damages constitutes an impermissible double recovery...." (*Concrete Spaces, Inc. v. Sender* (Tenn. 1999) 2 S.W.3d 901, 906–07 [treble damages under Tennessee Consumer

## 2. The Song-Beverly civil penalty is punitive in nature.

The Song-Beverly Act's civil penalty, set forth in Civil Code section 1794, subdivision (c) ("Section 1794(c)"), serves the same purposes as punitive damages. (E.g, *Suman v. Superior Court* (1995) 39 Cal.App.4th 1309, 1317 [Song-Beverly's civil penalty is the "stick" of Song-Beverly's " 'carrot and stick' " approach, and is akin to punitive damages].)

As discussed in *Kwan v. Mercedes Benz of North America* (1994) 23 Cal.App.4th 174 (*Kwan*), the civil penalty's purpose is not to compensate the plaintiff for actual damages suffered, but to punish and deter the manufacturer from similar conduct in the future. (*Kwan, supra*, 23 Cal.App.4th at p. 184 [Section 1794(c) should be construed as a remedial measure intended for the protection of consumers, and that the penalty "is important as a deterrent to deliberate violations"].) *Kwan* noted that, without the penalty provision, "a seller or manufacturer who knew the consumer was entitled to a refund or replacement might nevertheless be tempted to refuse compliance in the hope that the consumer would not persist, secure in the knowledge its liability was limited to refund or replacement." (*Ibid.*)

*Kwan* also pointed out that the Act imposes a two-tiered system of liability: the provision of actual damages for all violations, plus the provision of the civil penalty for "willful" violations. (*Kwan, supra*, 23 Cal.App.4th at p. 184.) In light of that two-tiered system, the court held that it should "eschew any interpretation that would render meaningless or inoperative the [Song-Beverly] Act's distinction between willful and nonwillful violations." (*Ibid.*) Furthermore, *Kwan* observed that civil penalties provision under Section 1794(c) fulfilled a punitive function analogous to a punitive damages award: "[T]he penalty under section 1794(c), like other civil penalties, is imposed as punishment or deterrence of the defendant, rather than to compensate the plaintiff. In this, it is akin to punitive damages." (*Kwan, supra*, 23 Cal.App.4th at p. 184.) In determining that Section 1794(c) is "akin to punitive damages," *Kwan* also relied on the analysis in *Troensegaard*, which specifically held that a plaintiff may not recover both punitive damages and civil penalties under the Song-Beverly Act. (*Kwan, supra*, 23 Cal.App.4th at p. 184.) In *Troensegaard*, the plaintiff bought a mobile home that, it turned

---

Protection Act; punitive damages for fraud]; see also, e.g., *Wagoner v. Bennett* (Okla. 1991) 814 P.2d 476, 477–479 [holding statutory damages and punitive damages could not be recovered for same wrongful eviction; citing cases].)

out, had been built using a kind of resin that gave off formaldehyde fumes. (*Troensegaard, supra*, 175 Cal.App.3d at p. 223.) The plaintiff complained to the manufacturer, who tested the trailer and found high levels of formaldehyde inside the trailer. (*Id.* at p. 224.) But the manufacturer withheld the test results, tried unsuccessfully to fix the mobile home, and refused to give the plaintiff a new one. (*Ibid.*) She eventually sued for fraudulent concealment and breach of express warranty under the Song-Beverly Act. (*Id.* at pp. 220–221.) The jury awarded the plaintiff $90,000 in compensatory damages, $90,000 in civil penalties, and another $55,000 in punitive damages, as well as attorney's fees and costs. (*Id.* at p. 221.)

On appeal, the court held that the verdict represented double punishment for the same conduct, and it vacated the award of punitive damages. (*Troensegaard, supra*, 175 Cal.App.3d at pp. 227–228.) In support, it cited *Brewer* for the proposition that a plaintiff "is never entitled as a matter of right to exemplary damages," and federal cases holding that a defendant has a right to be protected from double punishment "because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process." (*Id.* at pp. 227-228 (citing *In re No. Dist. Of Cal. Dalkon Shield IUD Products Liab. Litig.* 526 . Supp. 887, 899 (N.D. Cal. 1981); see also *Campbell v. State Farm Mut. Auto Ins. Co.*, 538 U.S. 408, 423 [explaining that due process forbids "the possibility of multiple punitive damages awards for the same conduct"].) *Troensegaard* also reasoned that if the Legislature had intended to allow "double recovery of punitive and penal damages for the same willful, oppressive, malicious, and oppressive acts, it would in some appropriate manner have said so." (*Troensegaard, supra*, 175 Cal. App.3d at p. 228.)

   **3. Plaintiffs are not entitled to both the Song-Beverly civil penalty and the punitive damages assessed by the jury, which both address the same conduct by Ford.**

Plaintiffs' proposed judgment awards them both civil penalties under the Song-Beverly Act and punitive damages. (See [Proposed] Judgment on Jury Verdict, p. 1, lines 15-16.) But plaintiffs' Song-Beverly Act claim—for which civil penalties are available—and their fraud and CLRA claims—for which punitive damages are available—arose out of the same basic course of conduct and the same injury to plaintiffs. Plaintiffs' Song-Beverly claim, fraud/concealment claims, and CLRA claims all turn

on Ford's alleged failure to disclose characteristics of the 6.0 liter engine in plaintiffs' truck that could not be made to conform to the warranty. The course of conduct deprived plaintiffs of the working vehicle they expected to receive in exchange for their payments. The jury's damages findings confirm that the same injury was at issue on all claims—the jury awarded identical sums based on the price of the vehicle plus amounts paid in connection with the vehicle. (See [Proposed] Judgment on Jury Verdict, Ex. A.)

The Song-Beverly civil penalty and punitive damage awards thus seek to punish Ford for, and deter Ford from engaging in, the same conduct, and plaintiffs are not entitled to both. (*Turnbull, supra,* 219 Cal.App.3d at pp. 826-827.) They must elect one or the other. (*Turnbull, supra,* 219 Cal.App.3d at p. 827 [where plaintiff is not entitled to receive both civil penalties and punitive damages, plaintiff must make an election of one or the other for purposes of the judgment].) This court should require plaintiffs to elect their remedy—civil penalties or punitive damages—and modify the judgment to reflect that election.[4]

---

[4] If plaintiffs elect the punitive damages award over the Song-Beverly civil penalty, that award will be subject to elimination by the Court for lack of supporting evidence, or at least reduction by the Court on Ford's post-trial motions after judgment is entered. The $7.5 million punitive damages award far exceeds the comparable fine established by the Legislature, and should be limited to *at most* two times the compensatory damages. (See *State Farm Mut. Auto. Ins. Co. v. Campbell* (2003) 538 U.S. 408, 418 [123 S.Ct. 1513, 1520, 155 L.Ed.2d 585 [in undertaking a due process excessiveness analysis, courts must consider "the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases."].) "[A] reviewing court engaged in determining whether an award of punitive damages is excessive should 'accord "substantial deference" to legislative judgments concerning appropriate sanctions for the conduct at issue.' " (*BMW of North America, Inc. v. Gore* (1996) 517 U.S. 559, 583-584 [116 S.Ct. 1589, 134 L.Ed.2d 809], emphasis added; see *State Farm, supra,* at p. 428.) " 'The rationale for this consideration is that, if the penalties for comparable misconduct are much less than a punitive damages award, the tortfeasor lacked fair notice that the wrongful conduct could entail a sizable punitive damages award.' " (*Grassilli v. Barr* (2006) 142 Cal.App.4th 1260, 1290.)
Instead, the award is just over *118 times* the compensatory damages award. The Due Process Clause of the Fourteenth Amendment forbids such excessive awards of punitive damages, as they violate the principle of fair notice and the ban on arbitrary state action. This case involves no physical harm and no intent to injure the plaintiffs, and it also arises in the context of innumerable claims by other consumers also obtaining generous buy-back remedies and penalties that serve to punish and deter. The award's 118:1 ratio is thus patently unconstitutional; the only question remaining is by how much the award should be reduced.

## IV. CONCLUSION

For the reasons set forth above, Ford objects to the [Proposed] Judgment on Jury Verdict submitted by plaintiffs. and respectfully requests that the Court set a hearing to rule upon these objections. Ford further requests that this court order the parties to submit briefing on the proper reduction in the punitive damages award (if plaintiffs elect punitive damages over the Song-Beverly penalty) prior to the entry of judgment, so the court does not enter a judgment with a punitive damages award that violates Ford's due process rights.

Dated: May 17, 2018

GREENBERG TRAURIG, LLP

By: _____
William J. Goines
Attorneys for Defendant
FORD MOTOR COMPANY

BROWN v. FORD MOTOR COMPANY

Case No. 160060
Butte County Superior Court

## PROOF OF SERVICE

I, Karen Leaver, declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On the date set forth below, I served the following documents:

- **DEFENDANT'S OBJECTIONS TO [PROPOSED] JUDGMENT ON JURY VERDICT AND REQUEST FOR HEARING**

on the following:

| Mark O'Connor | Bryan C. Altman |
|---|---|
| Steve Mikhov | THE ALTMAN LAW GROUP |
| Lauren A. Ungs | 6300 Wilshire Blvd., Suite 980 |
| O'CONNOR & MIKHOW, LLP | Los Angeles, CA 90048 |
| 1801 Century Park E., Suite 2300 | T: (323) 653-5581 |
| Los Angeles, CA 90067 | F: (323) 653-5542 |
| T: (310) 552-2250 | |
| F: (310) 552-7973 | *Attorneys for Plaintiffs* |
| *Attorneys for Plaintiffs* | |

☒ **(BY MAIL)**

☒ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 18, 2018 at East Palo Alto, California.

_____
Karen Leaver

1
PROOF OF SERVICE
Case No. 160060

WDC 373615148v1

```
William J. Goines (SBN 61290)
goinesw@gtlaw.com
Jordan D. Grotzinger (SBN 190166)
grotzingerj@gtlaw.com
Karusha Y. Sharpe (Admitted Pro Hac Vice)
sharpek@gtlaw.com
Breeanna N. Brewer (SBN 312269)
brewerb@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, California 94303
T: (650) 328-8500  F: (650) 328-8508

Attorneys for Defendant
FORD MOTOR COMPANY
```

Superior Court of California
County of Butte
FILED
MAY 18 2018
Kimberly Flener, Clerk
By B. KOLONAY, Deputy

By Fax

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF BUTTE

| | |
|---|---|
| ROBERT BROWN and VALERIE BROWN,<br><br>    Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>    Defendant. | CASE NO. 160060<br><br>Assigned to:<br>Hon. Tamara L. Mosbarger<br>Dept.: TBD<br><br>**DEFENDANT'S OBJECTIONS TO [PROPOSED] JUDGMENT ON JURY VERDICT AND REQUEST FOR HEARING**<br><br>File Date: July 24, 2013<br>Trial Date: April 16, 2018 |

Case No. 160060

**DEFENDANT'S OBJECTIONS TO [PROPOSED] JUDGMENT ON JURY VERDICT AND REQUEST FOR HEARING**

WDC 373666810v1



## GT GreenbergTraurig

Greenberg Traurig, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303

Mark O'Connor
Steve Mikhov
Lauren A. Ungs
O'CONNOR & MIKHOV, LLP
1801 Century Park E, Suite 2300
Los Angeles, CA  90067

RECEIVED
MAY 2 3 2018
BY: ......................