**KNIGHT LAW GROUP LLP**
Steve Mikhov (SBN 224676)
stevem@knightlaw.com
Russell Higgins (SBN 226124)
russellh@knightlaw.com
10250 Constellation Blvd, Suite 2500
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiffs
AARON K. DUERKSEN; and
MICHAEL D. BELL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION** | Case No.: 2:18-ML-02814-AB (FFMx) |
| | **PLAINTIFFS' REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA AND AWARD OF COSTS AND EXPENSES RESULTING FROM REMOVAL** |
| **THIS DOCUMENT RELATES ONLY TO:** | *Assigned for All Purposes to the Honorable* **Judge Andre Birotte, Jr.** |
| *AARON K DUERKSEN v. FORD MOTOR COMPANY, et al., 2:18-cv-01071-AB-FFM* | **Date: August 29, 2018**<br>**Time: 10:00 a.m.**<br>**Courtroom: 7B** |
| *MICHAEL D. BELL v. FORD MOTOR COMPANY, et al., 2:18-cv-01752-AB-FFM* | |

-1-

PLAINTIFF'S REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant Ford Motor Company's ("**Ford**") Opposition amounts to a recitation of the same arguments raised in its Notice of Removal in the matters of Plaintiff, Aaron K. Duerksen and Plaintiff, Michael D. Bell (hereinafter referred jointly to as "Plaintiffs,") against Ford and authorized Ford dealerships Penske Ford and Mossy Ford (hereinafter referred jointly to as "California Ford Dealer Defendants.")   Defendant applies an incorrect standard for determining that a defendant was fraudulently joined, and fails to present any additional evidence to support its arguments that this Court should break with Ninth Circuit precedent. In sum, Defendant Ford has entirely failed to meet its burden of establishing that removal to federal court is either justified or appropriate in the instant claims. Thus, Plaintiffs' Motions for Remand should be granted.

### II.   ARGUMENT

Ford recognizes that the inclusion of a California Ford Dealer Defendant in each of the Complaints facially precludes removal. But Ford nonetheless claims that removal of these cases was proper because the California Dealer Defendants were "fraudulently joined."   Given that these complaints do allege claims/causes of action against the California Ford Dealership Defendants, Ford's "fraudulent joinder" claim boils down to an argument that this Court should ignore Plaintiffs legitimate claims. To accomplish this, Ford's Opposition misstates and misapplies controlling case law, and Ford once again fails to make a showing of fraudulent joinder of California Ford Dealership Defendants as will be explained in detail below.

### A. Ford Has Failed to Establish Fraudulent Joinder

The applicable case law makes a finding of fraudulent joinder impossible. Fraudulent joinder is a recognized exception to the complete diversity requirement, and allows the district court to ignore a "fraudulently joined" defendant for the

-2-

1    purposes of determining whether the required complete diversity exists. *Morris v.*
2    *Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001).   But a claim of
3    fraudulent joinder must be supported by "clear and convincing evidence." *Id.*  The
4    party seeking removal (here, Ford) bears the "heavy burden" of proving that
5    joinder of the in-state defendant is improper. *Hunter v. Phillip Morris USA*, 582
6    F.3D 1039, 1044 (9TH Cir. 2009).  Indeed, the Ninth Circuit Court of Appeals has
7    emphasized the "general presumption against [finding] fraudulent joinder." *Id.*
8    (citation omitted).

9         Ford cites to a recent decision, *Grancare, LLC v. Thrower by and through*
10   *Mills*, 889 F.3d 543, 548 (9th Cir. 2018), to support its proposition of a fraudulently
11   joined defendant. In *Grancare, LLC* the court stated that fraudulent joinder may be
12   established in two ways: (1) where there is actual fraud in the pleading of
13   jurisdictional facts; or (2) where a defendant can show that "an 'individual[ ]
14   joined in the action <u>cannot be liable on any theory.</u>'" *Grancare, LLC v. Thrower by*
15   *and through Mills*, supra, 889 F.3d at 548 (underlining added; quoting *Ritchey v.*
16   *Upjohn Drug Co.*, 139 F.3D 1313, 1318 (9th Cir. 1998)).   The Ninth Circuit
17   continued: "'[I]f there is a *possibility* that a state court would find that the
18   complaint states a cause of action against any of the resident defendants, the
19   federal court must find that the joinder was proper and remand the case to the state
20   court." *Grancare, LLC, supra* (italics in original*;* quoting *Hunter, supra,* 582 F.3d
21   at 1046 (citations omitted)).

22        As a preliminary matter, Ford's reliance on *Ritchey* is misplaced.  In *Brazina*
23   *v. Paul Revere Life Ins. Co.*, 271 F.Supp.2d 1163 (N.D. Cal. 2013), the court found
24   that there was no showing of fraudulent joinder, and stated that the "*Ritchey* court
25   faced a uniquely egregious situation, in which a plaintiff filed a second lawsuit
26   adding non-diverse parties even though it was already clear from a prior Circuit
27   decision that the causes of action were barred by the applicable statutes of
28   limitations." *Brazina*, 271 F.Supp.2d at 1170.  Unlike *Ritchey*, where the plaintiff

1   was already on notice from the court that the causes of action against the non-

2   diverse parties were time-barred, here, no similar statutory bar to Plaintiffs' claim

3   against California Ford Dealership Defendants applies. Contrary to Ford's

4   assertions, neither criteria for finding fraudulent joinder exist in the instant matter.

**i)   Ford has failed to establish that there is any fraud in the pleading of jurisdictional facts**

7   In essence, Ford is requesting that this court disregard controlling caselaw,

8   and simply make the inference that the addition of the California Ford Dealer

9   Defendants is part of a strategic scheme by Plaintiffs to escape the diversity

10  jurisdiction of this Court. The removal statute is construed **against** removal

11  jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the

12  right of removal in the first instance. *See Shamrock Oil & Gas Corp. v. Sheets,* 313

13  U.S. 100, 108-09 (1941). This position is also remarkably disingenuous given

14  Ford's unquestionable strategy of blindly removing several hundred cases despite

15  an obvious lack of federal jurisdiction. This is the type of behavior that the removal

16  statute seeks to prevent.

**ii)   Ford has failed to show that the joined California Ford Dealer Defendants cannot be held liable under any theory**

19  The potential theory that the California Ford Dealer Defendants "cannot  be

20  liable on any theory" fails, given the causes of action and facts alleged in the

21  Complaint. Any contention by Ford to the contrary simply is illusory.

22  A plaintiff "need only have one potentially valid claim against a non-diverse

23  defendant to survive a fraudulent joinder challenge." *Nasrawi v. Buck Consultants,*

24  *LLC*, 776 F.Supp.2d 1166, 1170 (E.D. Cal. 2011) (internal citations omitted)

25  (*citing Knitson v. Allis-Chalmers Corp.*, 358 F.Supp.2d 983, 993-95 (D. Nev.

26  2005); *accord Altman v. HO Sports Co., Inc.*, No. 1:09-1000 AWI SMS, 2009 WL

27  2590425, at 2 (E.D. Cal. Aug. 20, 2009) ("Stated differently, if there is a non-

28  fanciful possibility that the plaintiffs can state a claim against the non-diverse

1   defendant, the [district] court **must** remand.") (Emphasis added).   A defendant

2   seeking removal based upon alleged fraudulent joinder must do more than show

3   that the complaint at the time of removal fails to state a claim against the non-

4   diverse defendant; the district court must remand unless the defendant shows that

5   the plaintiff "would not be afforded leave to amend [the] complaint to cure [the]

6   purported deficiency."   *Nasrawi*, 776 F.Supp.2d at 1170, *citing Burris v. AT&T*

7   *Wireless, Inc.*, 2006 WL 2038040, at *2 (N.D. Cal. 2006).

8           Notably, in Ford's aforementioned efforts to remove any and all cases, it

9   fails to include a single example of a District Court case that either severed these

10  claims or "drop[ped] the dealer" as a party and dismissed Plaintiffs' claim for

11  negligent repairs. (Opposition, p.17, 16-17.) Ford ignores Plaintiffs' viable claims

12  and contends that Plaintiffs "made no serious attempt in either *Bell* or *Duerksen* to

13  state a claim for negligent repair against either *Mossy Ford* or *Penske Ford*" is

14  false. (Ford's Opposition; 8, 18-19.) A California law negligence claim requires

15  that a plaintiff show the existence of a duty of care, that the defendant breached

16  that duty, and that the breach proximately caused plaintiff's damages. *See, Lueras*

17  *v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013).  In the matter

18  of both Plaintiffs, both complaints clearly detail all of the requisite elements of a

19  claim for a negligent repair claim, and the Complaints include factual allegations

20  supporting each element of their respective claims. (See, Duerksen Complaint,

21  ¶¶156-160; Bell Complaint, ¶¶155-159.) It is clear that Plaintiffs have properly

22  pleaded sufficient facts to support a viable claim for negligent repair against the

23  California Ford Dealer Defendants.    Thus, the Dealer Defendants are an

24  appropriate party to Plaintiffs' claim, and have not been fraudulently joined.

25          To the extent there is any issue with the sufficiency of these pleadings, as

26  pointed out by Ford "Plaintiffs and KLG might be able to correct these deficiencies

27  with an amended complaint." (Opposition, p. 9, 6-7.) The Ninth Circuit has

28  established a more permissive standard for fraudulent joinder with the Courts

1   noting that "a claim against a defendant may fail under Rule 12(b)(6), but that
2   defendant has not necessarily been fraudulently joined." (*Grancare, LLC v.*
3   *Thrower by and through Mills*, 889 F.3d 543, 549 (9th Cir. 2018)). Indeed, the
4   Courts will "reject federal jurisdiction 'if there is any doubt as to the right of
5   removal in the first instance" and the district court "must consider… whether a
6   deficiency in the complaint <u>can possibly be cured by granting the Plaintiff leave to</u>
7   <u>amend</u>." *Id.* at 550. Ford is left grasping at straws and attempts to shed light on
8   potential typographical errors on Plaintiffs' request for relief, when Ford is fully
9   aware that these errors can be easily addressed in an amendment to the Complaint.

10      Ford's argument that Plaintiffs' negligent repair claim is barred by the
11   economic loss rule is likewise mistaken as there are numerous exceptions to the
12   economic loss rule applicable to Plaintiffs' claims that Ford fails to address.
13   Indeed, a "wrongful act committed in the course of a contractual relationship may
14   afford both tort and contractual relief, and in such circumstances the existence of
15   the contractual relationship will not bar the injured party from pursuing redress in
16   tort." (*Tameny v. Atlantic Richfield Co*. (1980) 27 Cal.3d 167, 174–75.) Ford's
17   argument thus fails to satisfy the high evidentiary burden of showing fraudulent
18   joinder.

19      **B. Ford Improperly Requests that this Court Apply Rule 21 and**
20      **"Drop" the Dealers as Parties**

21      The California Ford Dealer Defendants are not dispensable parties to this
22   Action, and Plaintiffs' negligent repair claims against them cannot and should not
23   be severed from the warranty claims against Ford. District Courts in the Ninth
24   Circuit have almost unanimously declined to recognize or apply the fraudulent
25   misjoinder exception, and Ford provides no other authority to support the
26   severance of these claims, other than its indication that they may severed.
27      //
28

**C. Defendant's Opposition Does Not Remedy Its Failure to Establish the Amount-in-Controversy at the Time of Removal**

Despite Ford's attempt to supplement its deficient Notice of Removal, its Opposition likewise fails to establish that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction. Ford's *supplemental* analysis regarding the Plaintiffs' damages is unsupported and speculative and, as such, fails to establish Plaintiffs' potential recovery by a preponderance of the evidence. Ford fails to provide evidence in support of federal jurisdiction and, instead, attempts to distract the Court from the fact that it failed to establish subject matter jurisdiction at the time of removal.

**i)      Defendant's Song-Beverly Analysis Remains Unsupported and Inaccurate**

*Actual Damages*

Ford notably overlooks that its calculation of Plaintiffs' actual damages falls woefully short of the jurisdictional minimum. Ford, instead, focuses its Opposition on providing support for its entirely speculative and unsupported request for this Court to consider punitive damages and future attorney's fees. In reality, it's calculation of actual damages under the Song-Beverly Act totals only $13,194 for *Bell* and $15,995 for *Duerksen.* These figures were calculated only for the purpose of this Opposition. Ford's Notices of Removal failed to even incorporate a statutorily prescribed mileage off-set. Such *revisions* certainly have not been completed in all pending matters.

As described above and in Plaintiff's Motion, Ford has decided to apply a mileage off-set in some matters before this Court, while arbitrarily omitting this calculation in others.  Ford fails to even address the multitude of additional offsets and deductions referenced in Plaintiffs' Motion. The party seeking removal bears the burden of establishing federal jurisdiction. *Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1393 (9th Cir. 1988). The removal statute is construed **against** removal

-7-

1    jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the

2    right of removal in the first instance. *See Shamrock Oil & Gas Corp. v. Sheets,* 313

3    U.S. 100, 108-09 (1941). Plaintiffs are not required to "present evidence" to rebut

4    Ford's insufficient allegations. Rather, it is Ford that is required consider this

5    information before blindly removing several hundred cases to Federal Court. On

6    this basis alone, Ford's Removals fail.

7

8         In the interest of efficiency, and to avoid duplicative briefing, Plaintiffs

9    hereby incorporate by reference the "Civil Penalties", "Punitive Damages",

10   "Attorney's Fees" and "Settlement Offer" sections and corresponding exhibits of

11   the Reply Brief concurrently submitted by undersigned counsel in *Dyanna Becker,*

12   *et al. v. Ford Motor Company.*

13       **D. CONCLUSION**

14       For the foregoing reasons, Plaintiffs' Motions should be granted, and these

15   Actions should be remanded to the California Superior Court.

16

17   Dated:         August 3, 2018              **KNIGHT LAW GROUP LLP**

18
                                               /s/ Russell Higgins
19                                             Steve Mikhov (SBN 224676)
20                                             Russell Higgins (SBN 226124)
                                               Attorneys for Plaintiff,
21                                             AARON K. DUERKSEN; and
22                                             MICHAEL D. BELL

23

24

25

26

27

28

-8-