1  Michael D. Resnick (SBN 245215)
   mresnick@clrattorney.com
2  Neil Gieleghem (SBN 107389)
   ng@clrattorney.com
3  **CONSUMER LEGAL REMEDIES, APC**
   153 ½ North Arnaz Drive
4  Beverly Hills, CA 90211
   Telephone: (310) 213-1398
5  Facsimile: (213) 210-2196

6  Attorneys for Plaintiffs
   CRYSTAL VASQUEZ; ELLEN EGGERS
7  AND PAUL EGGERS; RIGOBERTO
   SUMANO; and CONNIE HILL
8

9              UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| **IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION** | Case No. 2:18-ML-02814 AB (FFMx) |
| | *Assigned to: Hon. André Birotte, Jr. Courtroom 7B* |
| **THIS DOCUMENT RELATES TO:** | |
| *Crystal Vasquez v. Ford Motor Company; Raceway Ford, et al.*, 2:18-cv-02972-AB-FFM | **REPLY IN SUPPORT OF CLR PLAINTIFFS TEST MOTIONS FOR REMAND** |
| *Ellen Eggers and Paul Eggers v. Ford Motor Company; Oroville Ford, et al.*, 2:18-cv-03493-AB-FFM | Date:      August 29, 2018<br>Time:      10:00 a.m.<br>Courtroom:  7B |
| *Rigoberto Sumano v. Ford Motor Company; North County Ford, et al.*, 2:18-cv-04580-AB-FFM | |
| *Connie Hill v. Ford Motor Company; Raceway Ford; et al.*, 2:18-cv-04409-AB-FFM | |

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CLR PLAINTIFFS
TEST MOTIONS FOR REMAND

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................ 1

II. THE CLR PLAINTIFFS' RESPONSE TO FORD'S PURPORTED "FACTUAL BACKGROUND" .................................................................. 2

III. LEGAL ANALYSIS .................................................................................... 3

    A. Ford's "Fraudulent Joinder" Arguments Are Contrary To The Controlling Law Cited By The CLR Plaintiffs ...................................... 3

        1. Ford Has Abandoned The "Indemnification" Argument Alleged In Ford's Notices Of Removal ......................................... 4

        2. Ford's Alternative, "*No Claim Against The California Local Dealer Defendants*" Argument Also Fails ......................... 5

    B. Ford's "Fallback" FRCP 21 Argument Is Meritless ............................... 8

    C. Ford's Amount-In-Controversy Argument Fails .................................. 10

        1. Ford Has Not Rebutted The CLR Plaintiffs' Showing That Ford Is Estopped, Due To Its Representations To The Court In The *Vargas* Class Action, From Claiming An Amount In Controversy In Excess Of The "*Not Easy To Get*" $25,000-$30,000 .............................................................................................. 10

        2. Even If Not Estopped, Ford's Amount-In-Controversy Argument Fails ........................................................................ 11

IV. CONCLUSION .......................................................................................... 13

# **TABLE OF AUTHORITIES**

Federal Cases

*Bell v. Ford,* USDC Cent. Dist. Cal. 2:18-cv-01752 ......................................... passim

*Bernstein v. BMW of N. Am.*, 2018 U.S. Dist. LEXIS 81993 (N.D. Cal. May 18, 2018) ................................................................................................................. 12, 13

*Duerksen v. Ford*, USDC Cent. Dist. Cal. 2:18-cv-01071-AB-FFM ................. passim

*GranCare, LLC v. Thrower by and through Mills*, 889 F.3d 543 (9th Cir. 2018) ................................................................................................................. 5, 6, 8

*Hunter v. Phillip Morris USA*, 582 F. 3d 1039 (9th Cir. 2009) ................................ 8

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003) ............ 13

*McDonald v. BMW of N. Am., LLC,* 2017 U.S. Dist. LEXIS 196290 (S.D. Cal. Nov. 28, 2017) ............................................................................................................. 12, 13

*Pullen v. Transguard Insurance Company of America, Inc.*, CV 17-08631-AB (JeMx), 2018 WL 791151 ............................................................................................ 6, 7

*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004) ....................................... 13

*Omar Vargas, et al. v. Ford Motor Company,* 2:12-cv-008388-AB-FFMx ............................................................................................................. 1, 2, 10, 11

Federal Rules

FRCP 12(b)(6) ............................................................................................................. 6

FRCP 19 ...................................................................................................................... 9

FRCP 21 .......................................................................................................... 2, 8, 9, 10

State Cases

Jordan Cyr, et al. v. Ford Motor Company, Wayne County Circuit Court Case No. 2017-006058-NZ ................................................................................................. 2, 3, 11

State Statutes

Cal. Civ. *Code* §§ 1790-1795 ............................................................................. 5, 13

ii
REPLY IN SUPPORT OF CLR PLAINTIFFS TEST MOTIONS FOR REMAND

## I. INTRODUCTION[1]

When Defendant's (regrettably typical) unprofessional, *ad hominem*, and utterly irrelevant attacks on the CLR Plaintiffs' counsel[2] are discounted, Ford's Opposition boils down to the following meritless arguments:

As to the required complete diversity, Ford claims that the California Local Dealer Defendants should be ignored for the purposes of the diversity analysis, because these dealers allegedly did not sell the vehicles at issue; and thus (according to Ford) "cannot be held liable on any of the theories asserted by CLR . . . ."[3]

As detailed below, this argument ignores the operative allegations of the

---

[1] Defendant Ford Motor Company filed a single, "combined" Opposition to the CLR Plaintiffs' four individual "test" removal motions. Accordingly, the CLR Plaintiffs are filing this single, "combined" Reply.

[2] For example, Ford gets no further than the first sentence of its Opposition before implying that the "two lawyers who comprise" CLR cannot adequately represent their clients, both in these MDL 2814 cases and in the pending Michigan Mass Actions. *See* Opp., p. 1, ln. 1 *et seq*. In the next paragraph, Ford continues its unprofessional, *ad hominem*, attacks by claiming that CLR is "unfamiliar both with the facts of the test cases and with the governing law, perhaps because of the overwhelming burden associated with trying to represent 12,000+ individual plaintiffs in courts in two different states." Opp., p. 1, lns. 11-14.

As this Court should recall, these attacks are consistent with the equally unprofessional, *ad hominem*, and irrelevant attacks that Ford and its counsel leveled in the *Vargas* Class Action against the Opt Out Plaintiffs counsel (who included one of the "two lawyers who comprise" CLR, Neil Gieleghem, Esq.) in the Motion to Invalidate Opt Outs, etc. that Ford filed in that class action. *See, e.g., Vargas v. Ford*, USDC Cent. Dist. Cal. 2:12-cv-008388-AB-FFX, DKT # 188 (Defendant's Motion to Invalidate Certain Opt-Outs, To Amend Class Definition, To Require Corrective Notice, And To Establish A Second Opt-Out Period), *passim*.

As this Court's files evidence, Ford <u>lost</u> this Motion to Invalidate, in part because its unprofessional, *ad hominem*, and utterly irrelevant attacks were just that. *See Vargas v., Ford*, DKT # 242 (December 15, 2017 Order Denying Motion To Invalidate Opt-Outs. This loss, however, has not stopped Ford and its counsel from stooping to the same tactics here.

[3] Opp., p. 1, lns. 15-20.

---

1
REPLY IN SUPPORT OF CLR PLAINTIFFS TEST MOTIONS FOR REMAND

Complaints; ignores the controlling substantive state law; and ignores the law governing alleged fraudulent joinders.

As to the same complete diversity issue, Ford makes a "*Fallback*" argument to the effect that, even if the California Local Dealer Defendants are not fraudulently joined, this Court should sever out these Defendants pursuant to FRCP 21. This argument also fails because it is contrary to controlling law and to Ford's prior arguments in support of coordination of these cases and this MDL 2814.

Third, Ford argues that the amount-in-controversy requirement is met because it is not estopped from arguing that the amount in controversy exceeds the $25,000-$30,000 "*Not Easy To Get*" amount that Ford represented to this Court during the October 2, 2018 *Vargas* hearing on the fairness of the (then proposed) class action settlement; and because Ford can rely solely on the allegations of the CLR Plaintiffs' Complaints in the manner that it has. As shown below, both of these arguments fail.

**II. THE CLR PLAINTIFFS' RESPONSE TO FORD'S PURPORTED "FACTUAL BACKGROUND"**

The "Factual Background" section of the Opposition (pp. 2 – 6) consists of:

(1) Ford's complaints about the manner in which the Michigan Mass Actions allegedly are being litigated. *See* Opp., pp. 2-3. But these complaints, even if well-founded (and they are not), are utterly irrelevant to the removal/remand issues presented here (and are simply more of Ford's unprofessional, *ad hominem*, attacks on the CLR Plaintiffs' counsel). Ford makes no showing to the contrary; and cannot. Accordingly, these purported "facts" should be given no weight by this Court as to the removal/remand issues presented.[4]

---

[4] This includes Ford's assertion that the Plaintiffs in the four "test" cases at issue "all remain plaintiffs in the Michigan cases." *See* Opp., p. 6, lns. 5-6. The CLR Plaintiffs repeatedly have told Ford, and the Michigan courts involved, that they are pursuing their claims against Ford by way of the "*Re-Filed*" California Ford Focus/Fiesta DPS6 PowerShift Transmission Fraud cases that have been removed and are now part of this MDL

Further, in this section of the Opposition, Ford and its counsel continue their pattern and practice of false and misleading statements. For example, Ford baldly asserts, without any qualification, that it "has moved in Michigan to dismiss the claims of the non-Michigan plaintiffs, including the California plaintiffs, based on *forum non conveniens*." Opp., p. 3, lns. 7-9.

Ford and its counsel however, deceptively fail to inform this Court that the Michigan court has <u>rejected</u> all of Ford's *forum non conveniens* arguments in a detailed, 11-page ruling. *See* Supp. Gieleghem Decl., ¶ 4, EXH. A (May 25, 2018 Opinion in Michigan Mass Action), pp. 7 – 11.[5]

(2) Ford's complaints about the manner in which these California Ford Focus/Fiesta DPS6 PowerShift Transmission Fraud cases allegedly are being litigated. *See* Opp., pp. 3-6.

The complaints, too, are either not well-founded, or irrelevant to the removal/remand issues presented.

## III. LEGAL ANALYSIS

### A. Ford's "Fraudulent Joinder" Arguments Are Contrary To The Controlling Law Cited By The CLR Plaintiffs

In the opening paragraph of its "*Fraudulent Joinder*" argument, Ford expressly (or at least impliedly) concedes that the naming of the California Local Dealer

---

2814. *See* accompanying Supplemental Declaration of Neil Gieleghem ("Supp. Gieleghem Decl.") ¶ 3. Given this, Ford's assertion is another attempt to mislead this Court.

[5] In candor to this Court, the CLR Plaintiffs note that this Opinion is not yet final, but only because Ford suddenly (and belatedly) requested oral argument after the Opinion was issued by the Michigan Court. *See* Supp. Gieleghem Decl., ¶ 4. The CLR Plaintiffs will not speculate here as to whether any such oral argument has any reasonable chance of causing the Michigan Court to make any material change in its Opinion, particularly given that the Michigan Court found against Ford on every applicable factor under the *forum non conveniens* analysis. Instead, the CLR Plaintiffs merely invite this Court to review the Opinion, and come to its own conclusion as to whether Ford and its counsel again attempted to mislead this Court by withholding the "*Full Story*."

Defendants in the Complaints at issue in these "*Test*" remand motions would preclude diversity jurisdiction. *See* Opp., p. 6, lns. 20-23. Given this admission, the only issue is whether the California Local Dealer Defendants were "fraudulently joined," as that concept is defined and applied in the detailed analysis that the CLR Plaintiffs presented in their remand motions. *See* Memorandum Of Points And Authorities In Support Of CLR Plaintiffs' Test Motions for Remand (DKT ## 69, 72, 75, 78), p. 15-20.

Reduced to its essentials, Ford's "fraudulent joinder" argument is based on the theory that the California Local Dealer Defendants "cannot be liable under any theory alleged in the complaints," because "all of those theories require proof that the [California Local Dealer Defendants] are either the manufacturers or sellers of the vehicles." *See* Opp., p. 8, lns. 2-4. This argument is meritless, for several reasons.

### 1. Ford Has Abandoned The "Indemnification" Argument Alleged In Ford's Notices Of Removal

As an initial matter, the theory on which Ford now relies (that the claims alleged against the California Local Dealer Defendants are not viable, as a matter of law) is not the theory Ford principally alleged in its Notices of Removal. That theory was that the California Local Dealer Defendants should be ignored because they are going to be "indemnified" by Ford and thus allegedly had "no real interest in this matter." *See* CLR Plaintiffs' MPAs (e.g., DKT ## 69, 72, 75, 78), p. 9, ln. 18-20 (analysis of *Vasquez* Notice of Removal); p. 10, lns. 24-25 (analysis of *Eggers* Notice of Removal); p. 11, lns. 21-22 (analysis of *Sumano* Notice of Removal); p. 12, lns. 15 (analysis of *Hill* Notice of Removal).

Accordingly, Ford has abandoned this "indemnification" argument. With good reason: As noted in the CLR Plaintiffs' remand motions, this "indemnification" argument has no basis in law, as confirmed by rulings of other Courts in this District. *See* CLR Plaintiffs' MPAs (DKT ## 69, 72, 75, 78), p. 20, n. 6 (discussion of recent rulings by Hon. Percy Anderson rejecting Ford's "indemnification" argument).

### 2. Ford's Alternative, "*No Claim Against The California Local Dealer Defendants*" Argument Also Fails

Ford's remaining argument, that the Complaints do not state viable claims against the California Local Dealer Defendants, is equally meritless. As a threshold matter, Ford's argument amounts to an attempt to summarily adjudicate the California state law "Lemon Law" and breach of warranty claims alleged in the Complaints against the California Local Dealer Defendants, in the same way that Ford is attempting to summarily adjudicate the equivalent claims against California dealer defendants asserted by the Knight Law Group ("KLG") plaintiffs in the *Duerksen v. Ford*, USDC Cent. Dist. Cal. 2:18-cv-01071-AB-FFM case and *Bell v. Ford,* USDC Cent. Dist. Cal. 2:18-cv-01752.[6]

This attempt flies in the face of the legal analysis and authorities cited by the CLR Plaintiffs in their remand motions. These legal authorities included, most notably, the Ninth Circuit's recent decision in *GranCare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018), which holds that a defendant in Ford's position must show that "an individual[ ] joined in the action <u>cannot be liable on *any* theory</u>." CLR Plaintiffs' MPAs, pp. 18-19 (quoting *GranCare, LLC, supra*, 889 F.3d at 548 (internal quotations omitted; underlining and italics added).

Equally, Ford's attempt flies in the face of the *GranCare* holding, as also quoted in the CLR Plaintiffs' remand motions, that, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." MPAs, p. 18 (quoting *GranCare, LLC, supra* (italics in original; internal quotations and citation omitted).

---

[6] In anticipation that Ford would "*Switch Arguments In Midstream*" (e.g., by abandoning its legally unsupported "indemnification" argument), the CLR Plaintiffs incorporated by reference parts of the KLG plaintiffs' remand motions. See, e.g., CLR Plaintiffs MPAs (DKT ## 69, 72, 75, 78), p. 2, fn. 2.

As detailed in the CLR Plaintiffs' remand motions, the Ninth Circuit has likened the test for fraudulent joinder to the analysis under FRCP 12(b)(6). *See* CLR Plaintiffs MPAs, p. 18. But the standard for fraudulent joinder is even more permissive, because "a claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *GranCare, LLC, supra,* at 549. Indeed, the federal courts will "reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." *Ibid.* (internal quotations omitted).

Even where a plaintiff's complaint could not withstand a FRCP 12(b)(6) motion to dismiss, the Ninth Circuit has held that "the fraudulent inquiry does not end there," and the district court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the Plaintiff leave to amend." *GrandCare.* at 550. The Courts have upheld fraudulent joinder rulings in situations where "a defendant presents extraordinarily strong evidence or arguments that a Plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *Id.* at 549 (citation omitted).

Significantly, the Ninth Circuit's analysis and holding in *GrandCare* is consistent with the analysis used by this Court in earlier decisions, e.g., this Court's February 8, 2018 ruling granting, over a claim of fraudulent joinder, a remand motion in *Pullen v. Transguard Insurance Company of America, Inc.*, CV 17-08631-AB (JeMx), 2018 WL 791151.[7] As this Court noted:

> The Court need not decide at this stage whether Plaintiff's [California Unfair Competition Law] claim against [a local defendant], as alleged, would survive a motion to dismiss. Rather, the Court finds that there is <u>some possibility</u> that Plaintiff will be able to establish a claim against [the local defendant] for unfair, deceptive, untrue, and/or misleading advertising. Because Defendants have not met their heavy burden of demonstrating fraudulent joinder, the Court cannot exercise subject matter jurisdiction in this case.

---

[7] A copy of the *Pullen* ruling is attached as Appendix A for this Court's convenient reference.

Pullen, *supra,* p. 4 (underlining added).

This line of authority and analysis is controlling here, for two reasons. First, when fairly read, the CLR Plaintiffs' Complaints at issue allege claims equivalent to the "negligent repair" claims alleged in the complaints of the Knight Law Group plaintiffs in the *Duerksen v. Ford* and *Bell v. Ford.* In the alternative, and at a minimum, the CLR Plaintiffs' Complaints can be amended to more directly assert such claims.

Second, if necessary, the CLR Plaintiffs will amend their fraud claims against Ford to include the California Local Dealer Defendants based on their participation in the massive Ford Focus/Fiesta DPS6 Transmission Fraud already alleged in the Complaints. Significantly, and as detailed in the CLR Plaintiffs' remand motions, those Complaints contain multiple, detailed allegations of the California Local Dealer Defendants' direct involvement in the campaign of deliberate misrepresentations that Ford made to conceal from consumers the fact that the DPS6 PowerShift Transmission was defective, and could not be "fixed." *See* CLR Plaintiffs MPAs (DKT ## 69, 72, 75, 78), pp. 16-18 (Complaint allegations against California Local Dealer Defendants).

Further, the CLR Plaintiffs hereby represent to this Court that, based on their continuing review of the over two million pages of documents that Ford "dumped" on the plaintiffs in these MDL 2814 cases, the CLR Plaintiffs recently have discovered substantial documentary evidence of the involvement of Ford's dealers in the Ford Focus/Fiesta DPS6 PowerShift Transmission Fraud alleged in the Complaints at issue on these remand motions. These documents however, are subject to the Protective Order entered in this case, such that the CLR Plaintiffs cannot cite them to the Court at this time. If necessary however, the CLR Plaintiffs will apply to this Court to make this damning documentary evidence part of the record in this MDL 2814. *See* Supp. Gieleghem Decl., ¶ 5.

Under the Ninth Circuit's analysis in *GranCare, LLC v. Thrower*, *supra*, such negligent repair claims, and fraud claims, against the California Local Dealer Defendants are sufficient, individually or collectively, to defeat Ford's arguments against remand, because there is – at a minimum – at least a "possibility" that such claims are viable under California state law. <u>Indeed, Ford **admits** as much in its Opposition to the remand motions in *Duersken* and *Bell*, both in its argument headings and actual argument!</u>[8]

As shown in the CLR Plaintiffs' remand motions, the party seeking removal (here, Ford) bears the "heavy burden" of proving that joinder of the in-state defendant is improper. *Hunter v. Phillip Morris USA*, 582 F. 3d 1039, 1044 (9th Cir. 2009). Indeed, the Ninth Circuit Court of Appeals has emphasized the "general presumption against [finding] fraudulent joinder." *Id.* Ford has not met this "heavy burden," or overcome this "general presumption."

### B. Ford's "Fallback" FRCP 21 Argument Is Meritless

In an implied admission that its *Fraudulent Joinder* arguments lack merit, Ford makes a "*Fallback*" argument that this Court should exercise its discretion, under FRCP 21, to "drop" the California Local Dealer Defendants as parties. *See* Ford Opp., pp. 8-9.

---

[8] Specifically, in its Opposition (DKT # 86) to the *Duerksen* and *Bell* remand motions, Ford claims that "KLG's Negligent Repair Allegations Are *Almost Certainly* Unsubstantiated and Fraudulent." *See* Ford's Opposition to *Duerksen* and *Bell* remand motions (DKT # 86), p. 11, lns. 8-9 (italics added). But Ford's "*Almost Certainly*" phrasing amounts to an admission that there is a <u>"possibility"</u> that these negligent repair allegations <u>are</u> "substantiated."

Further, this "possibility" is confirmed by Ford's arguments that such claims against dealer defendants somehow are barred by the so-called "economic loss rule." *See* Ford's Opp. (DKT # 86), pp. 9-10. As to this issue, there is, at least, a "possibility" that Ford is wrong, and that such claims are <u>not</u> barred.

Under the Ninth Circuit's analysis in *GrandCare*, *supra*, these "possibilities" are enough to defeat Ford's remand motions under the circumstances presented.

As an initial matter, the CLR Plaintiffs note that Ford did not raise any such Rule 21 issue in their Notices of Removal. Instead, Ford is "springing" this *Fallback* argument on the CLR Plaintiffs for the first time in the Opposition to the remand motions.

Accordingly, and in the interests of efficiency and to avoid duplicative briefing, the CLR Plaintiffs believe that the best way to respond to this new argument by Ford is to incorporate by reference the argument and analysis of the KLG Plaintiffs in their remand motions. *See Duerksen* MPA (DKT # 64), pp. 7-10; *Bell* MPA (DKT # 63), pp. 7-9. To "recap," briefly, that analysis:

- Ford is not making an argument based on "fraudulent misjoinder," which is a discredited concept in the Ninth Circuit in any event;
- District courts in the Ninth Circuit have been increasingly skeptical that FRCP 21 applies to named parties, or parties that are not "misjoined" parties;
- The California Local Dealer Defendants are required parties, under FRCP 19, for the just adjudication of the claims in these Ford Focus/Fiesta DPS6 PowerShift Transmission Fraud cases, given that the fraud was perpetrated by Ford and the Local Dealers; *and*
- Ford's argument that the California Local Dealer Defendants should be severed and remanded to state court to be pursued separately is utterly inconsistent with Ford's prior, repeatedly arguments that coordination of all the DPS6 PowerShift Fraud cases, and this MDL 2814, were required "to promote efficient use of judicial resources," and "will reduce the risk of duplicative and inconsistent rulings."

*See Duerksen* MPA (DKT # 64), pp. 7-10; *Bell* MPA (DKT # 63), pp. 7-9.

The CLR Plaintiffs could not have put it any better; and there is no basis in fact or law for the Rule 21 severance that Ford seeks.

### C. Ford's Amount-In-Controversy Argument Fails

Ford's attempt to show the required, over $75,000 amount-in-controversy also fails.

**1. Ford Has Not Rebutted The CLR Plaintiffs' Showing That Ford Is Estopped, Due To Its Representations To The Court In The *Vargas* Class Action, From Claiming An Amount In Controversy In Excess Of The "*Not Easy To Get*" $25,000-$30,000**

Shorn of Ford's typical bombast – e.g., "a ridiculous argument" (Opp., p. 13, ln. 26) – Ford's response to Plaintiffs' estoppel analysis amounts to a claim that *Someone Else Told The Court That California DPS6 Cases Were Worth Only The "Not Easy To Get" $25,000-$30,000, Not Ford.*

In their remand motions, the CLR Plaintiffs detailed, by specific quotations to the transcript of the October 2, 2017, how the $25,000-$30,000 "*Not Easy To Get*" amount was first raised; <u>**and how Ford's counsel (John Thomas, Esq.) adopted** that $25,000-$30,000 "*Not Easy To Get*" amount into Ford's argument in support of fairness of the (then proposed) class action settlement.</u> *See* CLR Plaintiffs MPAs (DKT ## 69, 72, 75, 78), pp. 4-10.

The CLR Plaintiffs respectfully submit that the record is clear that Ford made representations to the Court, during the October 2, 2017 *Vargas* fairness hearing, about the value of these California DPS6 PowerShift Transmission Fraud cases that are irreconcilably inconsistent with the position Ford now takes that these cases are worth the *In Excess Of $75,000* required for removal.

In this regard however, it bears noting that Ford does not identify, anywhere in the record in the *Vargas* Class Action, where or how it communicated to this Court <u>anything even remotely suggesting</u> that the value of these California DPS6

PowerShift Transmission Fraud cases was anything even remotely approaching the amount it now claims, either as to the KLG cases or the CLR Plaintiffs cases.

Ford cannot make such a showing, because it never communicated this information to the Court, either in connection with the October 2, 2017 fairness hearing or otherwise. Instead, Ford at most engaged in the sort of "*Half Truth*" tactics that it has repeated again in its Opposition, e.g., telling this Court that Ford has moved to dismiss the Michigan Mass Actions on *forum non conveniens* grounds, while failing to mention the Michigan Court's May 25, 2018 Opinion denying that motion. *See supra.*

On this record, the CLR Plaintiffs respectfully submit that, in the interests of fair and just adjudications, and the prevention of such a fraud on the court, Ford should be estopped from now arguing that these cases are worth the *In Excess of $75,000* required for removal.

### 2. Even If Not Estopped, Ford's Amount-In-Controversy Argument Fails

As shown in the CLR Plaintiffs' remand motions, in its Notice of Removal Ford took a "*Math Problem*" approach to the amount-in-controversy requirement. Under this *Math Problem* approach, Ford reached the amount-in-controversy in excess of $75,000 required for removal by merely (1) taking the $25,000 jurisdictional allegations in the Complaints; and (2) multiplying this $25,000 by two based on the double civil penalties potentially available under California's Lemon Law. *See* CLR Plaintiffs' MPAs (DKT ## 69, 72, 75, 78), pp. 20-22.

Broadly stated, Ford's Opposition simply repeats this *Math Problem* approach, rather than making any attempt to engage in anything like the *Case Specific* amount-in-controversy analysis that Ford offers in its Opposition to the KLG Plaintiffs' remand motions.

Ford claims that its *Math Problem* approach is supported by two cases – *Bernstein v. BMW of N. Am.*, 2018 U.S. Dist. LEXIS 81993, at *4-5 (N.D. Cal. May

18, 2018); and *McDonald v. BMW of N. Am., LLC,* 2017 U.S. Dist. LEXIS 196290, at * 1 (S.D. Cal. Nov. 28, 2017) – that Ford claims involve complaint allegations "virtually identical in relevant part" to the CLR Plaintiffs' Complaints. *See* Ford Opp., p. 11, ln. 17, *et seq.* The CLR Plaintiffs disagree with Ford's reliance on these two cases.

As to *Bernstein,* Ford's block quote from the decision is misleading, because Ford omits the immediately preceding language italicized below:

> *Thus, in addition to the $25,000 at issue, Plaintiff seeks (among other things) incidental, consequential, exemplary, and actual damages, plus attorneys' fees and costs. Exemplary damages would include the civil penalties Plaintiff seeks which she values at "two times the amount of Plaintiff's actual damages." [Citation omitted.]* Two times Plaintiff's $25,000 valuation is $50,000 which totals $75,000 exclusive of attorney's fees. Thus, that the amount in controversy exceeds $75,000 is evident from the face of the complaint.

*Bernstein,* 2018 U.S. Dist. LEXIS 81993, at *4-5  The language that Ford omits makes clear that the *Bernstein* Court found the required amount-in-controversy in excess of $75,000 by relying on "incidental, consequential, exemplary, and actual damages, plus attorneys' fees and costs," not just bare *Math Problem* "analysis" used by Ford here. Otherwise, the *Bernstein* Court's analysis would have "*Topped Out*" at $75,000, which is not "in excess of $75,000" as required for removal.

But in its Opposition, Ford does not include any such "incidental, consequential, exemplary, and actual damages, plus attorneys' fees and costs." Accordingly, even under the *Bernstein* analysis, Ford's analysis "*Tops Out*" at $75,000, rather than the "in excess of $75,000" required for removal.

*McDonald,* the second case relied on by Ford, applies a similar analysis, e.g., the $25,000 jurisdictional allegation from the complaint added to a double civil penalty, albeit in the context of rejecting a defendant manufacturer's contention that it could not determine from the face of the Complaint whether the amount-in-controversy in excess of $75,000 was met. But in *McDonald,* the Court arbitrarily

concluded that the jurisdictional amount as "$25,001," which would have resulted in an amount in controversy of $75,003. Again, this not the situation presented here.

In regards to *Bernstein* and *McDonald,* it bears noting that, under the *Math Problem* approach Ford claims these decisions approve, every California Lemon Law complaint that contains the $25,000 jurisdictional allegation required for California state court Unlimited jurisdiction, and contains the typical California Lemon Law allegations re double civil penalties, automatically will become removable if there is complete diversity between plaintiff and defendants. The CLR Plaintiffs however, respectfully submit that the consequences of this Court's adoption of such a rule warrant very careful consideration.

In the absence of such a rule, the analysis is that which applies "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); see also *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Where there is doubt, the case should be remanded to state court. *Matheso*n, 319 F.3d at 1090 (footnote omitted). This is the situation presented here.

## IV. CONCLUSION

For the reasons stated, all four of these CLR Plaintiff cases should be remanded to the state court in which they were filed (i.e., Los Angeles County Superior Court; Sacramento County Superior Court).

Respectfully submitted,

DATED: August 3, 2018          **CONSUMER LEGAL REMEDIES, APC**

/s/ Neil Gieleghem
Michael D. Resnick
Neil Gieleghem
Attorneys for Plaintiffs CRYSTAL VASQUEZ; ELLEN EGGERS AND PAUL EGGERS; RIGOBERTO SUMANO: and CONNIE HILL

ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)

I, Neil Gieleghem, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories have concurred in this filing.

Executed on August 3, 2018.

By: /s/ Neil Gieleghem

Neil Gieleghem

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 153 ½ North Arnaz Drive, Beverly Hills, CA 90211.

On August 3, 2018, I served true copies of the following document(s) described as

**REPLY IN SUPPORT OF CLR PLAINTIFFS TEST MOTIONS FOR REMAND**

on the interested parties in this action as follows:

SERVICE LIST
MDL #2814
Case No. 2:18-ML-02814 AB (FFMx)

Paul R. Kiesel, State Bar No. 119854
kiesel@kiesel.law
Jeffrey A. Koncius, State Bar No. 189803
koncius@kiesel.law
Nicole Ramirez, State Bar No. 279017
ramirez@kiesel.law
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:   310-854-4444
Fax:   310-854-0812
Lead/Liaison Counsel for Plaintiffs

Steve Mikhov, State Bar No. 224676
stevenm@knightlaw.com
Russell Higgins, State Bar No. 226124
russellh@knightlaw.com
KNIGHT LAW GROUP LLP
1801 Century Park East, Suite 2300
Los Angeles, CA  90067
Tel: 310-552-4444
Fax: 310-552-7973

00459012-1

| | |
|---|---|
| 1 | Attorneys for Knight Law Group Plaintiffs |
| 2 | Payam Shahian, State Bar No. 228406 |
|   | pshahian@slpattorney.com |
| 3 | Rowena Santos, State Bar No. 210185 |
| 4 | rsantos@slapattorney.com |
|   | STRATEGIC LEGAL PRACTICES, APC |
| 5 | 1840 Century Park East, Suite 430 |
| 6 | Los Angeles, CA 90067 |
|   | Tel: 310-929-4900 |
| 7 | Fax: 310-943-3838 |
| 8 | Attorneys for SLP Plaintiffs |
| 9 | Stephen H. Dye, State Bar No. 104385 |
| 10 | sdye@schnader.com |
|    | Richard J. May, State Bar No. 234684 |
| 11 | rmay@schnader.com |
| 12 | SCHNADER HARRISON SEGAL & LEWIS LLP |
|    | 650 California Street, 19th Floor |
| 13 | San Francisco, CA  94108-2736 |
| 14 | Tel: 415-365-6700 |
|    | Fax: 415-364-6785 |
| 15 | Attorneys for Ford Motor Company |
| 16 | |
|    | H. Paul Efstratis, Esq., State Bar No. 242373 |
| 17 | Paul.efstratis@leclairryan.com |
| 18 | Kristina O. Lambert, Esq., State Bar No. 290403 |
|    | kristina.lambert@leclairryan.com |
| 19 | Taylor F. Sullivan, Esq., State Bar No. 297014 |
| 20 | Taylor.sullivan@leclairryan.com |
|    | LECLAIRRYAN, LLP |
| 21 | 44 Montgomery Street Suite 3100 |
| 22 | San Francisco, CA 94104 |
|    | TELEPHONE: 415.391.7111 |
| 23 | FAX: 415.391.8766 |
| 24 | Attorneys for Defendant Ford Motor Company |
| 25 | John M. Thomas, State Bar No. 266842 |
| 26 | jthomas@dykema.com |
|    | DYKEMA GOSSETT PLLC |
| 27 | 2723 South State Street, Suite 400 |
| 28 | Ann Arbor, MI  48104 |

Tel:  734-214-7613
Fax:  734-214-7696
Attorneys for Ford Motor Company in MDL #2814 Cases

Amir Nassihi, State Bar No. 235936
anassihi@shb.com
SHOOK HARDY BACON
One Montgomery, Suite 2700
San Francisco, CA  94104-4505
Tel:   415-544-1900
Fax:  415-391-0281
Attorneys for Ford Motor Company in MDL #2814 Cases

Spencer P. Hugret, State Bar No. 240424
shugret@gordonrees.com
Molly J. Mrowka (SBN 190133)
mmrowka@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
Embarcadero Center West
275 Batter Street, Suite 2000
San Francisco, CA 94111
Tel:   415-986-5900
Fax:  415-986-8054
Attorneys for Ford Motor Company in MDL #2814 Cases

[X]     (BY E-FILE) The above document was served on the interested party named above by electronic means via E-file.

[ ]     (BY MAIL) The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with this office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand to the addressee.

[X]     (FEDERAL] I declare that I am a member of the Bar of this Court.

Executed on August 3, 2018, at Los Angeles, CA.

                                                          /s/ Neil Gieleghem

00459012-1

2
PROOF OF SERVICE