GORDON REES SCULLY MANSUKHANI LLP
Spencer P. Hugret (SBN 240424)
shugret@grsm.com
Embarcadero Center West
275 Battery Street, Suite 2000
San Freancisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

DYKEMA GOSSETT PLLC
John M. Thomas (SBN 266842)
jthomas@dykema.com
2723 South State Street, Suite 400
Ann Arbor, MI 48104
Telephone: (734) 214-7613
Facsimile: (734) 214-7696

Attorneys for Defendant
FORD MOTOR COMPANY

Additional counsel listed on signature page

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

.

**IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION**

**THIS DOCUMENT RELATES ONLY TO:**

*MARY CANNON v. FORD MOTOR COMPANY, No. 2:18-cv-04817-AB-FFM*

*CHRISTI BROWN v. FORD MOTOR COMPANY, ET AL., No. 2:18-cv-04190-AB-FFM*

No. 2:18-ml-02814-AB-FFM

Assigned to the Hon. André Birotte, Jr.
Courtroom 7B
Magistrate Frederick F. Mumm
Courtroom 580

**DEFENDANT'S RESPONSE TO CLR PLAINTIFFS' JOINT APPLICATION FOR LEAVE TO FILE UNDER SEAL**

HEARING DATE: March 6, 2019
TIME: 10:00 a.m.
COURTROOM: 7B

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

TABLE OF CONTENTS

INTRODUCTION ........ 7

**I.** IT IS NOT NECESSARY TO EVALUATE WHETHER ANY OF THE 72 DOCUMENTS CAN BE FILED UNDER SEAL BECAUSE ALL OF THE DOCUMENTS SHOULD BE EXCLUDED PURSUANT TO RULE 12(D). ........ 7

- **A.** All 72 Documents Should Be Excluded Because They Cannot Be Considered In Resolving Ford's Rule 12(c) Motion. ........ 7
- **B.** Once Excluded, There Is No Need To Evaluate Whether Any Of The 72 Documents Can Be Sealed. ........ 9

**II.** IF THE DOCUMENTS ARE ALLOWED TO BE FILED, 31 OF THEM SHOULD BE FILED UNDER SEAL. ........ 12

- **A.** The Applicable Standard Is Good Cause, And Good Cause Has Been Established. ........ 12
- **B.** Ford Has A Compelling Interest In Protecting Its Trade Secrets and Confidential Business Information, And That Interest Outweighs The Public's Need For Access To Documents That Are Not Relevant To Or Considered In Ruling On Ford's Motion. ........ 16

CONCLUSION ........ 17

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Account Servs. Corp. v. United States*, No. 09 CV 1495 JM (RBB), 2009 U.S. Dist. LEXIS 76531 (S.D. Cal. Aug. 27, 2009) .......... 11

*Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) .......... 14

*ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST, 2013 U.S. Dist. LEXIS 145824 (N.D. Cal. Oct. 8, 2013) .......... 11

*Atchley v. Snow*, No. 11CV1516-JM, 2013 U.S. Dist. LEXIS 167719 (S.D. Cal. Nov. 21, 2013) .......... 16

*In re Bard IVC Filters Prods. Liab. Litig.*, No. MDL 15-02641-PHX DGC, 2019 U.S. Dist. LEXIS 6124 (D. Ariz. Jan. 11, 2019) .......... 14

*Biolchini v. City of Bend*, No. 09-6216-TC, 2010 U.S. Dist. LEXIS 141620 (D. Or. Dec. 28, 2010) .......... 12

*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) .......... 9

*Caputo v. BP W. Coast Prods., LLC*, No. S-11-722 KJM GGH, 2012 U.S. Dist. LEXIS 32052 (E.D. Cal. Mar. 9, 2012) .......... 11

*Church of Scientology Int'l v. Fishman*, No. 94-55443, 1994 U.S. App. LEXIS 23848 (9th Cir. Aug. 30, 1994) .......... 15

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) .......... 13

*Disney Enters. v. Vidangel, Inc.*, No. 2:16-cv-04109 - AB, 2017 U.S. Dist. LEXIS 221689 (C.D. Cal. Aug. 10, 2017) .......... 9

*Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188 (9th Cir. 1989) .......... 8

*Everett v. Leading Edge Air Foils, LLC*, No. 14-C-1189, 2017 U.S. Dist. LEXIS 105075 (E.D. Wis. July 7, 2017) .......... 12, 13

*Fotinos v. Fotinos*, No. C 12-953 CW, 2014 U.S. Dist. LEXIS 16635 (N.D. Cal. Feb, 7, 2014) .......... 12

*Fr. Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-cv-04967-WHO, 2014 U.S. Dist. LEXIS 141118 (N.D. Cal. Oct. 3, 2014) .......... 15, 16

*G&C Auto Body, Inc. v. Geico Gen. Ins. Co.*, No. C06-04898 MJJ, 2008 U.S. Dist. LEXIS 124119 (N.D. Cal. Mar. 11, 2008) .......... 14

*Iconfind, Inc. v. Google, Inc.*. No. 2:11-cv-00319-GEB-JFM, 2012 U.S. Dist. LEXIS 70742 (E.D. Cal. May 21, 2012) .......... 12

*Johnson v. Tractor Supply Co.*, No. 3:17-cv-06039-RJB, 2018 U.S. Dist. LEXIS 216294 (W.D. Wash. Dec. 26, 2018) .......... 12

*Kamakahi v. Am. Soc'y for Reprod. Med.*, No. 11-cv-01781-JCS, 2015 U.S. Dist. LEXIS 117234 (N.D. Cal. Sept. 2, 2015) .......... 15

*Lund v. Brewer*, No. CV 11-1922-PHX-JAT, 2011 U.S. Dist. LEXIS 116775 (D. Ariz. Oct. 7, 2011) .......... 11

*Mitchell v. City of Henderson*, No. 2:13-cv-01154-APG-CWH, 2017 U.S. Dist. LEXIS 67572 (D. Nev. May 2, 2017) .......... 17

DYKEMA GOSSETT LLP
2723 South State Street, Suite 400
Ann Arbor, Michigan 48104

*Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 U.S. Dist. LEXIS 85089 (N.D. Cal. June 30, 2015) .......... 14

*Network Appliance, Inc. v. Sun Microsystems, Inc.*, No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 21721 (N.D. Cal. Mar. 10, 2010) .......... 17

*Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300 (S.D. Fla. 2016) .......... 12

*Overstock.com, Inc. v. Goldman Sachs Grp., Inc.*, 231 Cal. App. 4th 471 (2014) .......... 10, 13

*Payne v. United States*, No. CV 17-00490-AB, 2017 U.S. Dist. LEXIS 221688 (C.D. Cal. Aug. 15, 2017) .......... 9

*In re Roman Catholic Archbishop of Portland in Or.*, No. 04-37154-elp11, 2009 Bankr. LEXIS 1906 (D. Or. Bankr. June 24, 2009) .......... 15

*Smith v. Chappell*, No. 5-11-cv-3062-EJD, 2012 U.S. Dist. LEXIS 188752 (N.D. Cal. May 31, 2012) .......... 11

*Spear v. Ernst & Young (In re Policy Mgmt. Sys. Corp.)*, Nos. 94-2254, 94-2341, 1995 U.S. App. LEXIS 25900 (4th Cir. Sept. 13, 1995) .......... 15

*St. Alphonsus Med. Ctr. – Nampa, Inc. v. St. Luke's Health Sys.*, Nos. 1:12-CV-00560-BLW, 1:13-CV-00116-BLW, 2014 U.S. Dist. LEXIS 93985 (D. Idaho July 3, 2014) .......... 17

*Standard Inv. Chartered, Inc. v. NASD*, 621 F. Supp. 2d 55 (S.D.N.Y. 2007) .......... 15

*Thuy Van v. Language Line Servs.*, No. 14-CV-03791-LHK, 2016 U.S. Dist. LEXIS 85620 (N.D. Cal. June 30, 2016) .......... 17

*TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2010 U.S. Dist. LEXIS 68478 (D. Ariz. June 10, 2010) .......... 11

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

*United States v. Amodeo*,
71 F.3d 1044 (2d Cir. 1995) ........ 16

*United States v. Sleugh*,
896 F.3d 1007 (9th Cir. 2018) ........ 14

*Young v. Actions Semiconductor Co.*,
No. 06cv1667-L(AJB), 2007 U.S. Dist. LEXIS 54633 (S.D. Cal. July 27, 2007) ........ 10

**Other Authorities**

C.D. Cal. R. 79-5.2.2(b)(i) ........ 14

Fed. R. Civ. P. 12(b)(6) ........ 8, 9, 15

Fed. R. Civ. P. 12(c) ........ 8, 9

Fed. R. Civ. P. 12(d) ........ 8, 9, 10

L.R. 79-5.2.2(b) ........ 8

2 Moore's Federal Practice - Civil § 12.34 (2018) ........ 10

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

## INTRODUCTION

Pursuant to L.R. 79-5.2.2(b), Plaintiffs Mary Cannon and Christi Brown ("CLR Plaintiffs") have filed an application to file 72 documents produced by Ford in discovery in support of their opposition to Ford's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). But the standard applicable to Ford's motion—the same standard applicable to a motion under Fed. R. Civ. P. 12(b)(6)—precludes consideration of these documents by this Court. Ford should not be forced to make the showing necessary to establish that dozens of documents can properly be sealed—and this Court should not be forced to review dozens of documents to decide whether dozens of documents can properly be sealed—when those documents never should have been filed in the first instance. This Court should exclude these documents pursuant to Fed. R. Civ. P. 12(d) and order that the documents not be filed at all, under seal or otherwise.

But if this Court permits CLR Plaintiffs to file the documents, 31 of them should be filed under seal because Ford's interest in protecting its trade secrets and confidential business information outweighs the public's need for access to documents that this Court cannot and will not even consider in ruling in Ford's motion.

## I. IT IS NOT NECESSARY TO EVALUATE WHETHER ANY OF THE 72 DOCUMENTS CAN BE FILED UNDER SEAL BECAUSE ALL OF THE DOCUMENTS SHOULD BE EXCLUDED PURSUANT TO RULE 12(D).

### A. All 72 Documents Should Be Excluded Because They Cannot Be Considered In Resolving Ford's Rule 12(c) Motion.

CLR Plaintiffs are purporting to file the 72 documents as part of their opposition to Ford's Rule 12(c) Motion For Judgment On The Pleadings. But this Court cannot consider any of the documents in ruling in that motion.

"Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Dworkin v.*

*Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Here, Ford's 12(c) motion is analogous to a Rule 12(b)(6) motion It is well settled that in ruling on a Rule 12(b)(6) motion "[t]he court may not consider material beyond the pleadings other than judicially noticeable documents, documents attached to the complaint or to which the complaint refers extensively, or documents that form the basis of the claims." *Payne v. United States*, No. CV 17-00490-AB (MRWx), 2017 U.S. Dist. LEXIS 221688, at *3-4 (C.D. Cal. Aug. 15, 2017), citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).[1]

In fact, under Rule 12(d), if matters outside the pleadings are presented "and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Treating Ford's motion as one for summary judgment at this early stage would be entirely inappropriate. Ford's Rule 12(c) motion is not based on evidence disproving those allegations that are in the complaint; rather, it is based on the absence of necessary allegations. In fact, the 72 documents that CLR Plaintiffs propose to file highlight the fundamental deficiency in

[1] Ford's motion relied upon Ford's express warranty, but this was appropriate because Ford's express warranty was necessarily the basis for Plaintiffs' express warranty claim. *See Payne* 2017 U.S. Dist. LEXIS 221688, at *4. CLR Plaintiffs' argue that this limited, permissible use of documents upon which their claims are based somehow "'*Opened The Door'* to the CLR Plaintiffs '*Reciprocal'* right to rely on other, extra-Complaint documents to support this Opposition [to Ford's Rule 12(c) motion." (CLR Plaintiffs' Opposition to Defendant Ford Motor Company's Motions for Judgment on the Pleadings [Dkt. 182] at 7.) CLR Plaintiffs cite no authority to support this novel proposition, and Ford is aware of none. And their argument that consideration of the warranties converts Ford's motion into a summary judgment motion is directly contrary to controlling authority. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does 'not convert the motion to dismiss into a motion for summary judgment.'"); *accord, e.g., Disney Enters. v. Vidangel, Inc.*, No. 2:16-cv-04109 - AB (PLAx), 2017 U.S. Dist. LEXIS 221689, at *7 (C.D. Cal. Aug. 10, 2017).

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

their Complaint: like the Complaint, these documents merely show that Ford—both before and after Plaintiffs purchased their vehicles—identified and addressed various issues of varying significance with the transmission. Ford cannot move for summary judgment without knowing which of these issues Plaintiffs claim they personally experienced; only then can Ford present evidence that Plaintiffs did not in fact experience *that* issue; that Ford was unaware of *that* issue at the times Plaintiffs purchased their vehicles; or that Ford had already addressed *that* issue by the times Plaintiffs purchased their vehicles.

Courts tend to use the conversion option "only in situations in which the materials extrinsic to the pleadings are incontrovertible and pose discrete and dispositive issues." 2 Moore's Federal Practice - Civil § 12.34 (2018). That does not describe the 72 documents that CLR Plaintiffs want to enter into the record. Rather than converting Ford's Rule 12(c) motion into a summary judgment motion, the 72 documents should be excluded as permitted by Rule 12(d).

### B. Once Excluded, There Is No Need To Evaluate Whether Any Of The 72 Documents Can Be Sealed.

Since the irrelevant, extra-pleadings documents Plaintiffs seek to file under seal cannot be considered in conjunction with Ford's 12(c) motion, there is no need to even reach the question of whether they should be sealed. Indeed, under these circumstances "moving the court to review voluminous exhibits for purposes of sealing is an inefficient use of judicial resources." *Young v. Actions Semiconductor Co.*, No. 06cv1667-L(AJB), 2007 U.S. Dist. LEXIS 54633, at *14-15 (S.D. Cal. July 27, 2007) (warning the parties not to ask the court to seal documents that are irrelevant to the defendant's motion to dismiss "because the court need not consider such materials" in ruling on the motion); *see also Overstock.com, Inc. v. Goldman Sachs Grp., Inc.*, 231 Cal. App. 4th 471, 498-500 (2014) (suggesting the trial court should have struck irrelevant documents the plaintiffs filed in opposition to a summary judgment motion because then "those irrelevant materials would have

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

effectively been removed from the court's file, eliminating the need to address any sealing issues as to those materials").

The Court can and should simply order that the documents not be filed at all (the equivalent of striking documents that have already been filed). *See, e.g., Account Servs. Corp. v. United States*, No. 09 CV 1495 JM (RBB), 2009 U.S. Dist. LEXIS 76531, at *11 n.3 (S.D. Cal. Aug. 27, 2009) (denying the plaintiff's request to file an exhibit under seal in support of a reply brief because the court did not consider the argument to which that exhibit was relevant in ruling on the motion); *Caputo v. BP W. Coast Prods., LLC*, No. S-11-722 KJM GGH, 2012 U.S. Dist. LEXIS 32052, at *1, *3-4 (E.D. Cal. Mar. 9, 2012) (denying the plaintiff's request to file documents under seal in opposition to the defendant's summary judgment motion because the documents were not properly authenticated and therefore the court would "not consider them"); *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST, 2013 U.S. Dist. LEXIS 145824, at *9-10 (N.D. Cal. Oct. 8, 2013) ("terminat[ing] as moot the parties' administrative motions to file under seal" and "destroy[ing] the documents" the parties sought to file under seal because "[t]he Court did not consider or rely upon" those documents in denying the plaintiffs' summary judgment motion); *Smith v. Chappell*, No. 5-11-cv-3062-EJD, 2012 U.S. Dist. LEXIS 188752, at *6 (N.D. Cal. May 31, 2012) ("In resolving the Motion for Equitable Tolling, the Court has not considered the declaration [plaintiff] seeks to file under seal; accordingly, [plaintiff's] Motion to File Under Seal . . . is denied.") *Lund v. Brewer*, No. CV 11-1922-PHX-JAT, 2011 U.S. Dist. LEXIS 116775, at *3 (D. Ariz. Oct. 7, 2011) ("[B]ecause the Court has not considered the report sought to be filed under seal, the report . . . is stricken from the record. The motion to seal . . . is denied as moot (but the stricken document shall remain under seal)."); T*riQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2010 U.S. Dist. LEXIS 68478, at *6 (D. Ariz. June 10, 2010) (striking and keeping under seal attachments that the plaintiff asked to file in support of its motion to amend because

"the Court will not consider [those attachments] in the resolution of this case"); *Everett v. Leading Edge Air Foils, LLC*, No. 14-C-1189, 2017 U.S. Dist. LEXIS 105075, at *17 (E.D. Wis. July 7, 2017) (granting "the parties' motion to seal certain portions of the record" because, "[a]lthough the parties have not shown good cause for removing the sealed materials from the public record, I did not consider those materials when deciding the motion to dismiss"); *Biolchini v. City of Bend*, No. 09-6216-TC, 2010 U.S. Dist. LEXIS 141620, at *10-11 (D. Or. Dec. 28, 2010) (granting the defendants' motion to strike documents the plaintiff filed under seal because those documents were "immaterial" to the defendant's pending summary judgment motion); *Johnson v. Tractor Supply Co.*, No. 3:17-cv-06039-RJB, 2018 U.S. Dist. LEXIS 216294, at *4-5 (W.D. Wash. Dec. 26, 2018) (keeping an unredacted document under seal because it was "immaterial to the merits of the pending motion to dismiss"); *Iconfind, Inc. v. Google, Inc.*. No. 2:11-cv-00319-GEB-JFM, 2012 U.S. Dist. LEXIS 70742, at *5-7 (E.D. Cal. May 21, 2012) (denying the defendant's request to file exhibits under seal because "the issue concerning which sealing standard applies need not be reached since [the defendant] has not shown that what it seeks to seal is relevant to the claim construction at issue"); *Fotinos v. Fotinos*, No. C 12-953 CW, 2014 U.S. Dist. LEXIS 16635, at *16-17 (N.D. Cal. Feb, 7, 2014) (striking an "immaterial" docket entry as a way "to avoid . . . an Administrative Motion to Seal") (internal quotation omitted); *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1308 (S.D. Fla. 2016) (where the sealed document was irrelevant to and could not even be considered in the court's ruling, "rather than grant the motion to seal," the court "remove[d] the sealed document from the record and den[ied] the motion to seal as moot")

Simply excluding the documents and ordering that they not be filed avoids "what are 'essentially secret judicial proceedings' on a matter that has no relevancy …on what is at issue." *Iconfind*, 2012 U.S. Dist. LEXIS 70742, at *6 (*quoting Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs*., 800 F.2d 339, 345 (3d

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

Cir. 1986)). Rejecting these documents also does not implicate the public's interest in accessing the Court's docket because "the public does not need access to th[e]se documents to understand and evaluate" the Court's ruling on Ford's motion. *Everett*, 2017 U.S. Dist. LEXIS 105075, at *17; *see also Overstock.com*, 231 Cal. App. 4th at 500 ("The public's right of access to court records . . . does not extend to irrelevant materials submitted to the court out of laziness in reviewing and editing evidentiary submissions, or worse, out of a desire to overwhelm and harass an opponent.").

## II. IF THE DOCUMENTS ARE ALLOWED TO BE FILED, 31 OF THEM SHOULD BE FILED UNDER SEAL.

If this Court allows the 72 documents to be filed, 31 of them should be filed under seal. The Declaration of Matthew Fyie ("Fyie Declaration") filed with this response establishes that, with respect to these 31 documents, Ford has a compelling interest in protecting its trade secrets and confidential business information, and that this interest outweighs the public's need for access to documents—particularly where those documents are not relevant to any issue presently before this Court. But as detailed below, the applicable standard here is not the compelling interest standard; rather the standard is good cause.[2]

### A. The Applicable Standard Is Good Cause, And Good Cause Has Been Established.

There is a "presumption of [public] access" to judicial documents to ensure the federal courts "have a measure of accountability" and the public has "confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation omitted). If a document qualifies for

---

[2] The 31 documents addressed in the Fyie Declaration that Ford believes should be filed under seal are the following Exhibits to the Declaration of Michael Resnick: Exhibits 1-2, 4, 5, 7, 10, 13, 20, 23-25, 28, 30, 31-32, 35, 36, 41-43, 47-48, 52, 54, 58, 63-65, 67, 69, and 70.

.



DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

that common law presumption, a party seeking to seal it must show "compelling reasons" for sealing. *United States v. Sleugh*, 896 F.3d 1007, 1014 (9th Cir. 2018) (citing *Ctr. for Auto Safety,* 809 F.3d at 1095-1100); C.D. Cal. R. 79-5.2.2(b)(i). But if the common law presumption of access does not apply to a particular document, the party arguing for sealing "need satisfy only the less exacting 'good cause' standard." *Sleugh*, 896 F.3d at 1014 (citing *Ctr. for Auto Safety*, 809 F.3d at 1097-99); C.D. Cal. R. 79-5.2.2(b)(i).

The presumption of access does not attach to irrelevant, extraneous documents that the Court cannot even consider; those documents can be sealed based on a mere showing of good cause. *G&C Auto Body, Inc. v. Geico Gen. Ins. Co.*, No. C06-04898 MJJ, 2008 U.S. Dist. LEXIS 124119, at *9-10 (N.D. Cal. Mar. 11, 2008) ("apply[ing] the 'good cause' standard" to the plaintiff's request to seal certain documents because those documents were "not directly relevant to the legal issues that were raised by [the defendant's] summary judgment motions or that were resolved by the Court"); *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 U.S. Dist. LEXIS 85089, at *37 (N.D. Cal. June 30, 2015) ("apply[ing] the 'good cause' standard" to the plaintiff's request to seal a document that "the Court did not consider . . . in deciding Defendant's motion for summary judgment"); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222-23 (Fed. Cir. 2013) (applying the Ninth Circuit's good cause standard to the question of sealing a document that the trial court excluded from evidence because "evidence which a trial court rules inadmissible—either as irrelevant or inappropriate—seems particularly unnecessary to the public's understanding of the court's judgment"); *In re Bard IVC Filters Prods. Liab. Litig.*, No. MDL 15-02641-PHX DGC, 2019 U.S. Dist. LEXIS 6124, at *268 (D. Ariz. Jan. 11, 2019) ("'What makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process.'") (quoting *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997)).

More specifically, good cause is all that is necessary to seal extraneous

documents that a Court cannot consider without converting a Rule 12 motion to dismiss into a summary judgment motion. *Standard Inv. Chartered, Inc. v. NASD*, 621 F. Supp. 2d 55, 66 (S.D.N.Y. 2007) ("[B]ecause documents submitted with a Rule 12(b)(6) motion can play no role in the court's deliberations absent conversion, the documents cannot qualify as judicial for presumption-of-access purposes."); *Spear v. Ernst & Young (In re Policy Mgmt. Sys. Corp.)*, Nos. 94-2254, 94-2341, 1995 U.S. App. LEXIS 25900, at *13-14 (4th Cir. Sept. 13, 1995) (concluding that documents which "played no role in the court's adjudication of the motion to dismiss" because "the court did not convert the motion into a motion for summary judgment" were not "judicial documents to which the common law presumption of public access attaches"). That is because those extraneous documents "are, by definition, excluded from the court's purview, and are therefore of no value to someone wishing to evaluate the court's decision." *Standard Inv.*, 621 F. Supp. 2d at 66. Since the Court cannot consider the documents Plaintiffs seek to file under seal without converting Ford's 12(c) motion into a summary judgment motion, the good cause standard governs the sealing of those documents.

In fact, the irrelevance of Plaintiffs' documents to Ford's 12(c) motion is itself good cause for sealing. *See Kamakahi v. Am. Soc'y for Reprod. Med.*, No. 11-cv-01781-JCS, 2015 U.S. Dist. LEXIS 117234, at *4 (N.D. Cal. Sept. 2, 2015) ("find[ing] good cause" to redact information that was "entirely irrelevant to this action"); *In re Roman Catholic Archbishop of Portland in Or.*, No. 04-37154-elp11, 2009 Bankr. LEXIS 1906, at *48, *51-52 (D. Or. Bankr. June 24, 2009) (using relevance as the test to determine whether certain documents should remain under seal and, if not, whether they should be redacted); *Church of Scientology Int'l v. Fishman*, No. 94-55443, 1994 U.S. App. LEXIS 23848, at *9-11 (9th Cir. Aug. 30, 1994) (instructing the trial court to consider whether documents are relevant in determining if they should "be sealed or returned to the defendants"); *Fr. Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-cv-04967-WHO, 2014 U.S. Dist. LEXIS

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

141118, at *8 (N.D. Cal. Oct. 3, 2014) (finding "good cause" for sealing documents that were inadmissible and therefore "not necessary for the public's understanding of the ultimate issues"); *Atchley v. Snow*, No. 11CV1516-JM (WMc), 2013 U.S. Dist. LEXIS 167719, at *3-4 (S.D. Cal. Nov. 21, 2013) ("[f]inding good cause" for sealing because, in part, it was unclear whether the documents would ultimately be relevant); *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.")

Although the documents' irrelevance is alone sufficient to establish good cause, the existence of good cause is confirmed by the Fyie Declaration, which demonstrates that the documents at issue contain Ford's trade secrets and confidential business information that, if disclosed, would harm Ford's competitive position. *See, e.g., Fr. Telecom*, 2014 U.S. Dist. LEXIS 141118, at *8 (also finding good cause for sealing documents with "trade secrets, including terms of confidential licensing agreements and negotiations, confidential sales and pricing data, and proprietary source code and other technical information").[3]

---

[3] CLR Plaintiffs assert that they have met and conferred "extensively" with counsel for Ford "regarding their intent to seek leave to file the Exhibits under seal" and that "Ford does not agree to redact any portion of the Exhibits." (Joint Application For Leave to File Under Seal [Dkt 178] at 2-3.) In fact, CLR Plaintiffs' meet and confer efforts with regard to filing under seal were limited to sending Ford a list and purported descriptions of the dozens of documents they intended to file under seal. (Resnick Declaration Ex. 73.) Further, of course, Ford would have been willing to redact any portion of the documents. Plaintiffs alone were in a position to suggest what could be redacted without prejudicing the arguments they wanted to make. And yet, when Ford asked Plaintiffs to propose redactions, they declined. *See* Exhibit A attached hereto.

**B. Ford Has A Compelling Interest In Protecting Its Trade Secrets and Confidential Business Information, And That Interest Outweighs The Public's Need For Access To Documents That Are Not Relevant To Or Considered In Ruling On Ford's Motion.**

Even if the standard for sealing the documents at issue were "compelling reasons," that standard is easily satisfied here, where the documents are both irrelevant and commercially sensitive. *See Thuy Van v. Language Line Servs.*, No. 14-CV-03791-LHK, 2016 U.S. Dist. LEXIS 85620, at *5-7 (N.D. Cal. June 30, 2016) (sealing documents that both would be excluded from evidence as "irrelevant" and included "confidential commercial information, the publication of which may harm Defendants' competitive standing"); *Network Appliance, Inc. v. Sun Microsystems, Inc.*, No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 21721, at *8-10 (N.D. Cal. Mar. 10, 2010) (sealing documents that were both "irrelevant to the Court's decision" and "include[d] internal information regarding [the defendant's] business strategies and opportunities" that would cause commercial harm if "publicly disclosed"); *St. Alphonsus Med. Ctr. – Nampa, Inc. v. St. Luke's Health Sys.*, Nos. 1:12-CV-00560-BLW, 1:13-CV-00116-BLW, 2014 U.S. Dist. LEXIS 93985, at *12-13 (D. Idaho July 3, 2014) (finding "[c]ompelling reasons . . . to seal" various documents that were both irrelevant and contained "sensitive financial information that would be damaging if revealed, . . . sensitive business information that would be damaging if released," or otherwise commercially "sensitive information"); *Mitchell v. City of Henderson*, No. 2:13-cv-01154-APG-CWH, 2017 U.S. Dist. LEXIS 67572, at *2 (D. Nev. May 2, 2017) (finding "compelling reasons" to seal exhibits the plaintiffs attached to their summary judgment response because, in part, the documents were "inadmissible and immaterial" to the summary judgment motion).

The 31 documents addressed in the Fyie Declaration are both irrelevant to Ford's motion for judgment on the pleadings and, as established by the Fyie Declaration, commercially sensitive. Those are compelling reasons to seal those

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

documents.

**CONCLUSION**

All 72 documents identified in CLR Plaintiffs' Application should be excluded pursuant to Rule 12(d), and CLR Plaintiffs should be ordered not to file them. Alternatively, CLR Plaintiffs' Application should be granted with respect to the 31 documents addressed in the Fyie Declaration, and those documents should be filed under seal.

Respectfully submitted,

DYKEMA GOSSETT PLLC

/s/John M. Thomas

John M. Thomas
Attorney for Defendant
FORD MOTOR COMPANY

Frank P Kelly, III (SBN 083473)
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2600
San Francisco, CA 94104
415-544-1900
Fax: 415-391-0281
Email: fkelly@shb.com