GORDON REES SCULLY MANSUKHANI LLP
Spencer P. HUGRET (SBN 240424)
shugret@grsm.com
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

DYKEMA GOSSETT PLLC
John M. Thomas (SBN 266842)
jthomas@dykema.com
2723 South State Street, Suite 400
Ann Arbor, MI 48104
Telephone: (734) 214-7613
Facsimile: (734) 214-7696

Attorneys for Defendants
FORD MOTOR COMPANY and
EAGLE MOTORS INC., dba,
PASO ROBLES FORD LINCOLN

Additional counsel listed on signature page

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION**

**THIS DOCUMENT RELATES ONLY TO:**

*Hobart, Jeff v. Ford Motor Company, et al., 2:18-cv-01893-AB-FFM*

Case No. 2:18-ML-02814-AB (FFMx)

Assigned to Hon. Andre Birotte, Jr.
Courtroom:7B

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL PURSUANT TO F.R.C.P. 30(D)(2), 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER**

Date: May 1, 2019
Time: 10:00 a.m.
Dept.: Courtroom 7B

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. SUMMARY OF THE FACTS .......... 1

III. THIS COURT HAS AMPLE POWER TO IMPOSE SANCTIONS .......... 2

IV. HERNANDEZ REPEATEDLY VIOLATED THE STANDARDS GOVERNING DEPOSITION CONDUCT .......... 4

A. Hernandez's Impermissible Instructions Not To Answer Violated Rule 30 .......... 6

B. Hernandez's Incessant Impermissible Objections, Speaking Objections, And Witness Coaching Violated Rule 30 .......... 11

C. Hernandez' Impermissible Obstruction Of The Testimony Violated Rule 30, In Bad Faith And Impeded The Fair Examination Of The Witness .......... 14

V. RELIEF REQUESTED FOR HERNANDEZ'S ABJECT MISCONDUCT .......... 15

VI. CONCLUSION .......... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adriana Int'l Corp. v. Thoeren*, 913 F.2d 14062 (9th Cir. 1990) ....4, 18

*Allen v. Woodford*, (E.D. Cal., Jan. 30, 2007, No. CVF051104OWWLJO) 2007 WL 309485 .... 8

*American Directory Service Agency, Inc. v. Beam*, 131 F.R.D. 15 (D.C.D.C. 1990) ....5, 12, 13, 16

*Anderson v. Dunn*, 19 U.S. 204, 6 Wheat. 204, 5 L. Ed. 242 (1821) .... 3

*Ash Grove Cement Co. v. Wasua Insurance Co.*, No. 05-2339-JWL-GLR, 2007 U.S. Dist. LEXIS 19934, 2007 WL 689576 (D. Kan. March 1, 2007) ....14

*Beswick v. N.W. Med. Ctr., Inc.*, No. 07-020592 CACE(03), 2011 WL 7005038 (Fla. 17th Cir. Ct. Nov. 3, 2011) .... 8

*BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, 2009 U.S. Dist. LEXIS 111569, 2009 WL 3872043 (E.D. Cal. Nov. 17, 2009) .... 5

*Boyd v. University of Maryland Medical System*, 173 F.R.D. 143 (D.Md.1997) .... 5

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ....3, 4

*Cincinnati Ins. Co, v. Serrano*, No. 11-2075-JAR, 2012 U.S. Dist. LEXIS 1363; 2012 WL 28071 (D. Kan. Jan. 5, 2012) ....13

*Claypole v. Cnty. of Monterey*, 2016 U.S. Dist. LEXIS 4389, 2016 WL 145557 (N.D. Cal. 2016) ....4, 5, 6, 12, 16

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091 (9th Cir. 2007) ....16

*Cordova v. United States*, 2006 U.S. Dist. LEXIS 98226 (D.N.M. July 31, 2006) ....11, 12, 16, 17

*Craig v. St. Anthony's Med. Ctr.*, Case No. 08-cv-00492, 2009 WL 690210, 2009 U.S. Dist. LEXIS 19909 (E.D. Mo. Mar. 12, 2009) ....17

*Davenport v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-cv-632-J-JBT, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 (M.D. Fla. Feb. 21, 2012) .... 8



Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

*David Picton v. Ford Motor Company*, *2:19-cv-01047-AB-FFMx*............ 2

*Dunn v. Wal-Mart Stores, Inc.*, 2013 U.S. Dist. LEXIS 157554, 2013 WL 5940099 (D. Nev. Nov. 1, 2013).....1, 11

*Funk v. Town of Paradise*, Case No. 2:09-cv-01000-MCE-EFB (TEMP), 2011 U.S. Dist. LEXIS 69434, 2011 WL 2580357 (E.D. Cal. June 28, 2011)............ 5

*Hall v. Clifton Preston*, 150 F.R.D 525 (footnote omitted) (E.D. Penn. 1993)............ 6

*Johnson v. Wayne Manor Apartments*, 152 F.R.D. 56 (E.D. Pa 1993)............ 5

*Learning Int'l, Inc. v. Competence Assurance Systems, Inc.*, 1990 U.S. Dist. LEXIS 16810, 1990 WL 204163 (S.U.N.Y. 1990) ............15

*Lewis & Co. v. Thoeren*, 498 U.S. 1109, 111 S. Ct. 1019, 112 L. Ed. 2d 1100 (1991)............ 4

*Link v. Wabash R. Co.*, 370 U.S. 626, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962) ............ 3

*Lucas v. Breg, Inc.*, 2016 U.S. Dist. LEXIS 64399 (S.D. Cal. 2016)............5, 6

*Lund v. Matthews*, 2014 U.S. Dist. LEXIS 15863 (D. Neb. Feb. 7, 2014)............12, 16

*Nat'l Bank of Sioux City v. Jones Day*, 800 F.3d 936 (8th Cir. 2015), citing Joe E. Estes, Discovery, 29 F.R.D. 191, 297 (1962)............4, 16

*Nucci v. Target*, 162 So. 3d 146 (Fla. Ct. App. 2015) ............ 8

*Plaisted v. Geisinger Med. Ctr.*, 210 F.R.D. 527 (M.D. Pa. 2002)............ 9, 11, 17

*Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 1999 U.S. Dist. LEXIS 18225, (S.D. Fla. 1999) ............ 7

*Ragge v. MCA/Universal Studios*, (CD CA 1995) 165 FRD 601............ 8

*Rangel v. Mascorro*, 274 F.R.D. 585, 79 Fed. R. Serv. 3d (Callaghan) 663 (S.D. Tex. 2011) ............ 7

*Ritchie v. United States*, 451 F.3d 1019 (9th Cir. 2006) ............15, 16

*Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980)............ 3



Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

*Specht v. Google, Inc.*,
268 F.R.D. 596 .......... 13

*Summit Towers Condo. Ass'n v. QBE Ins. Corp.*,
23 Fla. L. Weekly Fed. D 191, 2012 U.S. Dist. LEXIS 59633 (S.D. Fla. Apr. 5, 2012) .......... 7

*Tacori Enterprises v. Beverlly Jewellery Company Co. Ltd.*,
253 F.R.D. 577 (C.D. Cal. 2008) .......... 4, 12, 16, 18

*Thomas v. Hoffmann-LaRoche, Inc.*,
126 F.R.D. 522 (N.D. Miss. 1989) .......... 14, 15

*Unique Concepts, Inc. v. Brown*,
115 F.R.D. 292 (S.D.N.Y. 1987) .......... 17

*United States v. Blodgett*,
709 F.2d 608 (9th Cir. 1983) .......... 3, 17

*Valley Engineers, Inc. v. Elec. Eng'g Co.*,
158 F.3d 1051 (9th Cir.1998), *cert. denied*, 526 U.S. 1064, 119 S. Ct. 1455, 143 L.Ed.2d 542 (1999) .......... 15, 16

*W.R. Grace & Co. v. Pullman, Inc.*,
74 F.R.D. 80 (D.C. Okl.1977) .......... 5

*Williams v. Rockwell Intern. Corp.*,
1997 WL 306456, 1997 U.S. App. LEXIS 13260 (9th Cir. June 5, 1997) .......... 2

**Statutes**

28 United States Code
Section 1927 .......... 1, 2, 3, 13, 14, 15, 17, 21

**Rules**

Federal Rules of Civil Procedure
Rule: 26 .......... 4

Federal Rules of Civil Procedure
Rule: 30 .......... 1, 2, 3, 4, 5, 6, 7, 9, 11, 12, 13, 14, 15, 16, 17, 18, 21, 22

Federal Rules of Civil Procedure
Rule: 37 .......... 12, 13, 14

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## I. INTRODUCTION

"Conduct unbecoming a member of the bar is a serious concern." *Dunn v. Wal-Mart Stores, Inc.*, 2013 U.S. Dist. LEXIS 157554, at *2, 2013 WL 5940099 (D. Nev. Nov. 1, 2013). Plaintiff's counsel, Diane Hernandez, violated Federal Rule of Civil Procedure 30 nearly one hundred (100) times during the deposition of Plaintiff Jeff Hobart ("Plaintiff"). The deposition transcript of Plaintiff is replete with examples of inappropriate obstructionist behavior of Ms. Hernandez which impeded, delayed and frustrated Defendants' attempt to obtain discovery through this significant deposition. This misconduct included instructing the Plaintiff not to answer questions on improper grounds (such as relevance), coaching Plaintiff through speaking objections, and suggestive "clarifications", and interrupting and cutting off the Plaintiff. The excessive amount of coaching, impermissible objections, and instructions not to answer resulted in a chilling effect on the testimony of the Plaintiff, with the Plaintiff ultimately refusing to answer questions to which there was no instruction not to answer.

Accordingly, Defendant Ford Motor Company ("Ford") requests appropriate sanctions be ordered pursuant to Federal Rule of Civil Procedure 30(d)(2), 28 U.S.C. § 1927, and the Court's inherent power to sanction attorney deposition misconduct.

## II. SUMMARY OF THE FACTS

On February 13, 2019, Ford took the duly noticed deposition of Plaintiff Jeff Hobart. Plaintiff Hobart was represented by Diane Hernandez ("Hernandez"), an attorney with the Knight Law Group. Hernandez is not a member of bar of the United States District Court for the Central District of California. Hernandez has not filed a Notice of Appearance in MDL No. 2814.

During the deposition of Plaintiff Hobart, Hernandez engaged in the following improper obstructionist behavior:

- Impermissible instructions not to answer
- Impermissible speaking objections and coaching

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- Impermissible cutting off the witness
- Improper objections
- Improperly contradicting the witness' testimony
- Impermissible obstruction

Due to space constraints, a full summary of detailing all of Ms. Hernandez's violations of F.R.C.P. Rule 30 is attached as Exhibit A.

With respect to the impermissible instructions not to answer, Hernandez refused to let Plaintiff Hobart answer numerous questions, including questions regarding what his damages are; what his disabilities are which prevent him from being gainfully employed; how and when he retained his counsel; how he opted-out of the *Vargas v. Ford Motor Company* class action; delayed discovery facts relevant to statute of limitations defense; and the factual basis for his Song-Beverly Warranty Act claims and fraud claims. (*See* Exhibit A.) Hernandez even refused to let Plaintiff Hobart answer whether or not he had a Twitter account. *Id*.

Hernandez has a history of obstructionist and inappropriate deposition conduct.[1]

## III. THIS COURT HAS AMPLE POWER TO IMPOSE SANCTIONS

Fed. R. Civ. P. 30(d)(2), 28 U.S.C. § 1927, and the court's inherent power fully empower this Court to sanction attorney deposition misconduct. *Williams v. Rockwell Intern. Corp.*, 1997 WL 306456, at *3, 1997 U.S. App. LEXIS 13260, at *11 (9th Cir. June 5, 1997) (affirming sanctions for obstructive litigation tactics under

[1] See Exhibit C, highlights of impermissible conduct of Hernandez from the Deposition of Autumn West, taken on January 9, 2019, in *David Picton v. Ford Motor Company, 2:19-cv-01047-AB-FFMx.* Prior to removal and transfer to MDL No. 2814, the *Picton* case was pending in Superior Court of California – County of Sacramento (Case No. 34-2015-00184857). While the case was pending in California state court, the deposition of Autumn West was taken. Diane Hernandez appeared at this deposition and engaged in obstructive, inappropriate, and impermissible deposition conduct. At the deposition of Ms. West, Hernandez improperly and repeatedly instructed Ms. West, a third party witness, not to answer questions purportedly based on the attorney-client privilege, after confirming at the outset of the deposition on the record that the witness, Ms. West, was not her client. (*See also*, Exhibit D, excerpts from the deposition of Autumn West.)

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

all three) "[A] district court has the inherent power to impose sanctions on counsel who willfully abuses judicial processes." *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980) [other portion of *Roadway* op. superseded by statute]). "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), *quoting Anderson v. Dunn*, 19 U.S. 204, 6 Wheat. 204, 227, 5 L. Ed. 242 (1821). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id. quoting Link v. Wabash R. Co.*, 370 U.S. 626, 630-631, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962). Furthermore, "a federal court has the power to control admission to its bar and to discipline attorneys who appear before it." *Id*.

Similarly, 28 U.S.C. § 1927 admonishes that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The imposition of sanctions under section 1927 requires a finding that counsel acted recklessly or in bad faith, while those imposed under the court's inherent power require a finding that counsel's conduct constituted or was tantamount to bad faith." *Blodgett*, 709 F.2d at 610.

Federal Rule of Civil Procedure 30(d)(2) specifically authorizes the imposition of sanctions for misconduct during depositions: "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." A heightened finding of recklessness or bad faith is not required to impose Rule 30(d)(2) sanctions. In deciding whether to impose sanctions, the court may "properly consider **all of a party's discovery misconduct**," not just the

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

misconduct upon which the motion to impose sanctions is based.[2] *Tacori Enterprises v. Beverlly Jewellery Company Co. Ltd.*, 253 F.R.D. 577, 582 (C.D. Cal. 2008) (emphasis added); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied sub nom.*, *Lewis & Co. v. Thoeren*, 498 U.S. 1109, 111 S. Ct. 1019, 112 L. Ed. 2d 1100 (1991).

"Attorneys are people, and people make mistakes. But where, as here, an attorney repeatedly and unapologetically flouts guideline after guideline, it is a big deal—and the court has little choice but to do something about it." *Claypole v. Cnty. of Monterey*, 2016 U.S. Dist. LEXIS 4389, *2, 2016 WL 145557 (N.D. Cal. 2016) (Order granting motion for sanctions and to compel discovery.)

## IV. HERNANDEZ REPEATEDLY VIOLATED THE STANDARDS GOVERNING DEPOSITION CONDUCT

The conduct of depositions is governed by Federal Rule of Civil Procedure 30. Objections at the time of examination are to be noted on the record and stated concisely in a non-argumentative and non-suggestive manner. Fed. R. Civ. P. 30(c)(2). The Advisory Committee's comments to Rule 30 instruct that argumentative objections, suggestive objections, and directions to a deponent not to answer, improperly disrupt, prolong, and frustrate deposition testimony. *See* Fed. R. Civ. P. 30(d)(2), Advisory Committee notes (1993 amendments); *see also Sec. Nat'l Bank of Sioux City v. Jones Day*, 800 F.3d 936, 942 (8th Cir. 2015). The Comments also state that an excessive number of unnecessary objections may itself constitute sanctionable conduct. *Id*. "Once a question is asked, a lawyer should not coach the

---

[2] Courts are also authorized to impose Rule 30(d)(2) sanctions on their own accord in order to deter ongoing and future misconduct. *Sec. Nat'l Bank of Sioux City v. Jones Day*, 800 F.3d 936, 942 (8th Cir. 2015), citing Joe E. Estes, Discovery, 29 F.R.D. 191, 297 (1962); *cf.* William W. Schwarzer, Sanctions Under the New Federal Rule 11—A Closer Look, 104 F.R.D. 181, 197 (1985). Rule 30's provisions are generally 'congruent' with Rule 26(g) which expressly allows courts to impose sanctions "on [their] own" motion. *See* Fed. R. Civ. P. 30(d)(2), advisory committee notes (1993 amendments); *see also* Fed. R. Civ. P. 26(g)(3). Both the purpose and the plain language of Rule 30(d)(2) allow courts to consider sanctions *sua sponte*." *Id.*, *citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 n.8, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991).

deponent or suggest answers, whether through objections or other means." *Claypole*, 2016 U.S. Dist. LEXIS at *7 [citations omitted].

To "deter" such practices, sanctions are properly imposed to curb ongoing and subsequent discovery abuses. Fed. R. Civ. P. 30(d)(2); *see also Funk v. Town of Paradise*, Case No. 2:09-cv-01000-MCE-EFB (TEMP), 2011 U.S. Dist. LEXIS 69434, 2011 WL 2580357, at *5-6 (E.D. Cal. June 28, 2011) (denying motion for reconsideration of sanctions order against counsel for "appalling" behavior where counsel "repeatedly interrupted the proceedings, interjected editorial comments, and coached or suggested information to the witnesses"); *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, 2009 U.S. Dist. LEXIS 111569, 2009 WL 3872043, at *4 (E.D. Cal. Nov. 17, 2009) ("[C]ounsel for the witness being deposed is prohibited from acting as an intermediary, interpreting questions, assisting the deponent with formulation of the answers, or deciding which questions should be answered."); *see also Johnson v. Wayne Manor Apartments*, 152 F.R.D. 56, 59 (E.D. Pa 1993).

An instruction not to answer may only be made only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(c)(2). An attorney may object to an irrelevant line of questioning, but instructing a witness not to answer a question because it calls for inadmissible facts is sanctionable. *Lucas v. Breg, Inc*. 2016 U.S. Dist. LEXIS 64399, at *10 (S.D. Cal. 2016); *Boyd v. University of Maryland Medical System*, 173 F.R.D. 143, 144, 149 (D.Md.1997). Where there are questions during a deposition which are objectionable, "the examination shall proceed, with the testimony being taken subject to the objections." Fed. R. Civ. P. 30(c); *W.R. Grace & Co. v. Pullman, Inc.*, 74 F.R.D. 80, 83 (D.C. Okl.1977). Counsel should avoid the prohibited practice of engaging in so-called "Rambo tactics" where counsel attacks or objects to every question posed, thus interfering with, or even preventing, the elicitation of any meaningful testimony and disrupting the orderly flow of the deposition. *American Directory Service Agency, Inc. v. Beam*, 131 F.R.D. 15, 18-19 (D.C.D.C. 1990).



Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Hernandez repeatedly ignored these standards. Exhibit A demonstrates dozens of deposition excerpts which show Hernandez improperly making speaking objections time after time, coaching the witness, cutting off the witness, and even answering for him. Hernandez egregiously instructed the witness not to answer question after question. As one Judge recently observed, "[d]iscovery is hard enough, even without conduct like that outlined [above]." *Claypole v. Cnty. of Monterey*, 2016 U.S. Dist. LEXIS 4389, *2-3 (N.D. Cal. Jan. 12, 2016). Of the hundreds of objections lodged by Hernandez, most were without any legal basis, or were unnecessary because less obstructive methods for preserving a challenge were clearly available.

### A. Hernandez's Impermissible Instructions Not To Answer Violated Rule 30

Hernandez was not engaged in any practice permitted under Rule 30 when she gave instructions to Plaintiff Hobart not to answer numerous questions.

"Directions to a deponent not to answer a question can be even more disruptive than objections." *See* Fed. R. Civ. Proc. 30, Advisory Committee's notes (1993 Amendment). Under Rule 30, instructions not to answer are expressly limited to three situations: (1) where counsel is protecting a privilege, (2) enforcing a court-imposed limitation, or (3) preparing to present a protective motion. *See* Fed. R. Civ. Proc. 30(c)(2). Instructions not to answer on any other basis are impermissible. *Id*.

"Plaintiffs' counsels' role during a deposition does not include the authority to essentially rule on their own objections and determine whether such questions need to be answered." *See Lucas v. Breg, Inc*. 2016 U.S. Dist. LEXIS 64399, at *12. (S.D. Cal. 2016). "A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers." *Hall v. Clifton Preston*, 150 F.R.D 525, 528 (footnote omitted) (E.D. Penn. 1993).

*Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700, 1999 U.S. Dist. LEXIS 18225, **6 (S.D. Fla. 1999) ("[I]t is improper to instruct witness not to answer question based on form and relevancy objections.")

Yet, this is the exact misconduct Ms. Hernandez engaged in, Ms. Hernandez believed herself to be the arbiter of the questions, literally stating on the record: "*Let's see what the questions are before I allow him to answer*." (Exhibit A, Excerpt #10; Deposition of Jeff Hobart ("Hobart Depo."), at 17:8-9.)

In *Summit Towers Condo. Ass'n v. QBE Ins. Corp.*, 23 Fla. L. Weekly Fed. D 191, 2012 U.S. Dist. LEXIS 59633 (S.D. Fla. Apr. 5, 2012), the Court held that there was no proper basis under Fed. R. Civ. P. 30(c)(2), (d)(3), for instructing witness not to answer questions at deposition regarding damages and to rebut claims of fraud alleged by defendant. *Id*. at *6-8.

Similarly, in *Rangel v. Mascorro*, 274 F.R.D. 585, 79 Fed. R. Serv. 3d (Callaghan) 663 (S.D. Tex. 2011), the Court held that Plaintiff's counsel improperly directed Plaintiff to not answer deposition questions regarding how plaintiff retained her counsel, and how she found her treating physician which could bear on, or reasonably could lead to other matters that could bear on, issues in the case. *Id*. at 589-590.

In this case, Hernandez impermissibly instructed the witness not to answer questions on no less than (twenty) 20 occasions. This was particularly egregious considering the basis for instructing the witness included: relevancy, "lacks foundation", "no basis", calls for speculation", "you have already answered that", "I'm not sure what you mean", "vague, ambiguous and overbroad", and "hypothetical." (*See* Exhibit A.) **None of these grounds are a basis upon which an instruction not to answer may be made**. *See* Rule 30(c)(2). Each of these instructions not to answer, is individually, sufficient grounds for sanctions.

In addition, Hernandez impermissibly instructed the witness not to answer numerous questions on the basis of, "right to privacy." For example, Hernandez

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

absurdly refused to let Plaintiff Hobart answer whether or not he had a Twitter account - - on the purported grounds of right to privacy. (Exhibit A, Excerpt #13; Hobart Depo., at 20:20-21:8.) This was clear-cut example of Hernandez's bad faith conduct. From every angle, social media is anathema to privacy. Many courts have recognized the potential value of information and evidence shared via Facebook or other similar social media sites.[3] Furthermore, the right to privacy is not the same as a privilege and is therefore, "not an absolute bar to discovery." *Allen v. Woodford* (E.D. Cal., Jan. 30, 2007, No. CVF051104OWWLJO) 2007 WL 309485, at *6–7; *see also Ragge v. MCA/Universal Studios* (CD CA 1995) 165 FRD 601, 604 (right of privacy may be invaded for litigation purposes).

In this case, Hernandez's instructions not to answer were not only impermissible on their face; she stymied Defendant's attempt to obtain powerfully relevant information from the witness. Hernandez impermissibly refused to let Plaintiff Hobart answer any questions regarding what his disabilities are which prevent him from being gainfully employed, how and when he retained his counsel, how he opted-out of the *Vargas* class action, delayed discovery facts relevant to statute of limitations defense, what his damages are, the factual basis for his Song Beverly Warrant Act claims, and fraud claims, and whether the co-primary driver of the vehicle at issue had ever had her driver's license suspended. (Exhibit A, Excerpts

[3] In *Nucci v. Target*, 162 So. 3d 146 (Fla. Ct. App. 2015), the court explained that, ". . . there is no better portrayal of what an individual's life was like than those photographs the individual has chosen to share through social media… Such photographs are the equivalent of a "day in the life" slide show produced by the plaintiff before the existence of any motive to manipulate reality." *Id*. at 154. Thus, the court held, the photographs sought by Target were "powerfully relevant" to the issue of damages. In so ruling, the Court recognized that in general, posts on a social networking site are neither privileged nor protected by any right of privacy, regardless of any privacy settings that the user may have established. *Id*. citing, *Davenport v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-cv-632-J-JBT, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759, at *1 (M.D. Fla. Feb. 21, 2012). "Because 'information that an individual shares through social networking web-sites like Facebook may be copied and disseminated by another,' the expectation that such information is private, in the traditional sense of the word, is not a reasonable one." *Nucci*, 162 So. 3d at 154 (Fla. Ct. App. 2015), quoting *Beswick v. N.W. Med. Ctr., Inc.*, No. 07-020592 CACE(03), 2011 WL 7005038 (Fla. 17th Cir. Ct. Nov. 3, 2011).

#4, 9, 10, 13, 15, 17, 23, 41, 59, 60, 61, 62, 64, 65, 66, 67, 68, 70, 72, 82, & 97.)

Browbeaten by the numerous improper and impermissible instructions not to answer, not only was Plaintiff Hobart's testimony improperly interfered with, Plaintiff Hobart was improperly influenced by Hernandez to refuse to answer key questions, to which no instruction was made. The cumulative effect of Hernandez's obstreperous and improper conduct was a chilling effect on the deposition testimony of Plaintiff Hobart.

Example:

Q There are some allegations in the complaint
that "the plaintiff is informed and believes and alleges
that the power shift transmission is defective in its
design or manufacture."
Do you know the basis for that statement?
**MS. HERNANDEZ**: **Objection; calls for**
**attorney-client communication and also calls for expert**
**opinion and legal conclusions and analysis. So**
**objection to that question based on foundation. Calls**
**for pure speculation at this point.**
**THE WITNESS: I pass on that one.**
Q **BY MS. MROWKA: Is that based upon your**
**attorney's objections?**
**A Yes.**

(Exhibit A, Excerpt # 98; Hobart Depo., at 146:5-18.)

The excerpt above demonstrates how Hernandez's improper conduct improperly influenced Plaintiff Hobart's testimony in violation of Rule 30(d)(1). *See also Plaisted v. Geisinger Med. Ctr.*, 210 F.R.D. 527, 534 (M.D. Pa. 2002) (finding that counsel violates Rule 30 when counsel's objections result in an incomplete answer or in the witness's adoption of counsel's statement.)

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Throughout the deposition, it is apparent that Hernandez's repeated references to Mr. Hobart's status as a non-expert, or non-lawyer, also encouraged Plaintiff Hobart to obstruct the deposition by refusing, on his own, to answer questions on those grounds.

Examples:

Q BY MS. MROWKA: Can you describe what an automatic transmission is to you?

MS. HERNANDEZ: I'm going to object. **Calls for expert opinion**. You can answer if you understand the question.

**THE WITNESS: I don't think I'm qualified to answer that question. I'm not a mechanic.**

(Exhibit A, Excerpt # 25; Hobart Depo., at 35:7-20.)

Q Do you know what a torque converter is?

A Yes.

Q What is it?

MS. HERNANDEZ: **I'm going to object. It calls for experts opinion. You're not a mechanic. But to the extent you understand the question and can answer, go ahead.**

THE WITNESS: I couldn't tell you if those transmissions had a torque --

MS. HERNANDEZ: No, that's not what her question was.

THE WITNESS: **No, I don't think I should answer that one because I'm not qualified.**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

(*Id*., Excerpt #28, Hobart Depo. at 49:11-23.)

By encouraging such behavior, Hernandez violated Rule 30(d)(1)'s commands. *See Cordova v. United States*, 2006 U.S. Dist. LEXIS 98226, at *13-14 (D.N.M. July 31, 2006).

In sum, instructing a witness not to answer a question is a tactic that should be used only infrequently on the narrow grounds allowed under Rule 30(c)(2), and had no place in this deposition, particularly due to the collateral effects the instructions had on compromising Plaintiff Hobart's testimony. The Summary of Excerpts in Exhibit A firmly establishes Defendant's right to a fair deposition of Plaintiff Hobart was irreparably compromised.

**B. Hernandez's Incessant Impermissible Objections, Speaking Objections, And Witness Coaching Violated Rule 30**

Hernandez's conduct was not limited to impermissible instructions not to answer. Rule 30 prescribes that the deposition examination should proceed just as in trial. Fed. R. Civ. Proc. 30; *Dunn*, 2013 U.S. Dist. LEXIS at * 5. Two things are implicit in the Rule 30's command that examination must "proceed as [it] would at trial." First, attorneys must follow the same procedures as they would at trial. *Id*, citing Advisory Committee Notes, 1993 Amendments (discussing direct examination, cross examination, and objections). Second, attorneys must conduct themselves as they would at trial." *Id*.

This means that it is not proper for counsel for the deponent to ask the deposing attorney to clarify the questions. "There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding what questions the witness should answer." *Plaisted*, 210 F.R.D. at 534. This type of conduct, though offered in the guise of helpfulness, is an attempt – often successful – to improperly influence the witness' answers. If the deponent is confused about a question, "the witness may ask deposing counsel to clarify the question; securing clarification is not the job of the witness' counsel." *Cordova*, 2006 U.S. Dist. LEXIS

98226 at *6. This rule serves an important purpose. When the witnesses' own counsel interjects a "clarification" it is often effect is to coach the witness to give a particular answer.

Accordingly, sanctions are warranted where counsel improperly engages in speaking objections or coaches the deponent. *Claypole*, 2016 U.S. Dist. LEXIS at *13 (citing *Lund v. Matthews*, 2014 U.S. Dist. LEXIS 15863, at *4-6 (D. Neb. Feb. 7, 2014) (awarding sanctions where counsel made objections with commentary that coached the deponent's answers and instructed the witness not to answer on the basis of an "asked and answered" objection); *Cordova v. United States*, 2006 U.S. Dist. LEXIS 98226, at *2-5 (D.N.M. July 31, 2006) (imposing sanctions under Rule 30(d) for coaching, speaking objections, off-record witness conferences and instructions that influenced witness not to answer); *American Directory Serv. Agency, Inc. v. Beam*, 131 F.R.D. 15, 18 (D.D.C. 1990).

In *Tacori Enterprises v. Beverly Jewelry Co. Ltd*., 253 F.R.D. 577, 582 (C.D. Cal. 2008), the Court imposed sanctions under Rules 30(d)(3)(C) and Fed. R. Civ. P. 37(a)(5)(A) against a defense attorney for making numerous objections, including speaking objections, and improperly terminating the deposition. *Id*. at 579, fn. 3. The court found that the defense attorney, "by making speaking objections during the Rule 30(b)(6) deposition, both interfered with plaintiff's examination of Ms. Lee, and unduly prolonged the deposition examination." *Id*. at 580.

In *American Directory Serv. Agency, Inc. v. Beam*, 131 F.R.D. 15 (D.D.C. 1990), the offending attorney objected to a question on the grounds that the questioning attorney had not defined the word "customer." *Id*. at fn.4. After objecting, the offending attorney explained, "I don't know what the word customer means in the context that you are using it. If the witness wants to speculate as to what a customer is...he may do so, recognizing that it is an objectionable question." *Id*. After listening to the objection, the deponent asked that the questioning attorney define "customer." *Id*. The court found that the additional statements the offending

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

attorney made after objecting to the question amounted to coaching. *Id*. at 18. Because the offending attorney coached the deponent, made repeated objections, and made "vexatious requests for clarification," he "prevented the elicitation of any meaningful testimony and needlessly added to the expense of this litigation." *Id*. at 18. Accordingly, the court imposed sanctions under Rule 37(b)(2) and Section 1927. *Id*. at 19.

In this case, Hernandez engaged in the prohibited practices of making speaking objections, coaching the witness, cutting off the witness, and even answering for him, contradicting the witness's own testimony. (*See* Exhibit A.) The rules prohibit counsel from engaging in all of the afore-mentioned conduct.

Hernandez also used the prohibited tactic of admonishing Plaintiff Hobart not to speculate to elicit, "I don't know" or "I don't recall" responses. This is verboten. "Instructions to a witness that they may answer a question 'if they know' or 'if they understand the question' **are raw, unmitigated coaching and *never* appropriate**." *Cincinnati Ins. Co, v. Serrano,* No. 11-2075-JAR, 2012 U.S. Dist. LEXIS 1363 *12; 2012 WL 28071 at *5 (D. Kan. Jan. 5, 2012) (emphasis added); *see also Specht v. Google, Inc.*, 268 F.R.D. 596, 599 ("Mr. Fleming egregiously violated Rule 30(c)(2) by instructing Mr. Murphy not to answer a question because his answer was a guess.") Hernandez violated this precept repeatedly.

Examples include:

**HERNANDEZ: You can answer the question if you understand it.**

THE WITNESS: I don't really understand the question.

(Exhibit A, Excerpt # 12; Hobart Depo., at 19:24-20:2.)

MS. HERNANDEZ: **Objection; you can answer if you understand it.**

THE WITNESS: **I don't see -- I don't know. I can't answer that.** I don't know what an automatic

transmission is today.

(Exhibit A, Excerpt # 25; Hobart Depo., at 36:1-5.)

When was the first time when it lunged forward from a stop sign or a stoplight?

**A Probably from the first --**

MS. HERNANDEZ: **I don't want you to guess.**

THE WITNESS: **You don't want me to guess. I can't give an exact time on that one.**

(Exhibit A, Excerpt # 37; Hobart Depo., at 72:5-10.)

There are many more examples of Hernandez's improper influence on the testimony of Plaintiff Hobart, including numerous instances in which the Plaintiff Hobart parrots back the language used by Hernandez in the improper speaking objections. (*See* Exhibit A.)

### C. Hernandez' Impermissible Obstruction Of The Testimony Violated Rule 30, In Bad Faith And Impeded The Fair Examination Of The Witness

In this instance, Hernandez's impermissible instructions not to answer, unnecessary, improper, argumentative objections and suggestions, coaching, interruptions, and cutting off the deponent as noted above, and detailed in Exhibit A, warrant the imposition of sanctions.

In *Ash Grove Cement Co. v. Wasua Insurance Co*., No. 05-2339-JWL-GLR, 2007 U.S. Dist. LEXIS 19934, *7-8, 2007 WL 689576, *3 (D. Kan. March 1, 2007), the District Court imposed sanctions against counsel for asserting argumentative, unnecessary objections and coaching the witness by his explanations. Rule 30(d)(3) calls for an appropriate sanction against this practice, where such conduct "has frustrated the fair examination of the deponent." *Id*.

In *Thomas v. Hoffmann-LaRoche, Inc.*, 126 F.R.D. 522 (N.D. Miss. 1989), counsel was sanctioned for deposition misconduct under Rule 37, USC § 1927, and

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the inherent power of the court. *Id*. at 525. Bad faith was found based on the number of objections alone. Finding most of the "needless" objections "to be unnecessary and totally without merit," the court noted that the attorney "repeatedly interfered in plaintiff's counsel's efforts and obstructed the deposition by comments and needless objections." *Id*. at 524. By disrupting the depositions and "attempt[ing] to control the proceedings," the offending attorney's "inexcusable" conduct "destroyed the value of the videotaped deposition." *Id*. The court held that because "the disruptive conduct during the deposition was willful," sanctions were appropriate even though the defense counsel had not violated a court order. *Id*. at 525.

As the Court pointed out in *Learning Int'l, Inc. v. Competence Assurance Systems, Inc.*, 1990 U.S. Dist. LEXIS 16810, 1990 WL 204163 (S.U.N.Y. 1990), in imposing sanctions under Section 1927, on counsel, "If [counsel] objected to what he regarded as forays into matters that were not to be the subject of the deposition, he could have sought a ruling from the court. He was not free simply to pepper the proceeding with interruptions and directions not to answer." *Id*. at *8.

In the instant case, Plaintiff's counsel's conduct repeatedly and egregiously violated Rule 30 over and over again. Hernandez's assault on the deposition proceedings was clearly willful and designed to disrupt the deposition and flow of information. As such, the inescapable conclusion is that Hernandez's obstructive conduct was in bad faith. Underscoring this inevitable conclusion is the fact that, this is not the first time Hernandez has egregiously violated deposition rules and procedures. (*See* Exhibit B.)

## V. RELIEF REQUESTED FOR HERNANDEZ'S ABJECT MISCONDUCT

"District Courts have broad discretion in imposing discovery sanctions." *Ritchie v. United States*, 451 F.3d 1019, 1026 (9th Cir. 2006). The Ninth Circuit has advised that the keystone to "an appropriate sanction" is "justice." *Valley Engineers, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir.1998), *cert. denied*, 526 U.S. 1064, 119 S. Ct. 1455, 143 L.Ed.2d 542 (1999).

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Where counsel's objections have frustrated a fair examination of the deponent or have unreasonably prolonged the examination, a court may impose appropriate sanctions, including, but not limited to, the reasonable expenses and attorney's fees incurred by any party, on the person who impedes, delays, or frustrates the fair examination of the deponent. Fed. R. Civ. P. 30(d)(2); *see also Claypole,* 2016 U.S. Dist. LEXIS at *13; *Lund*, 2014 U.S. Dist. LEXIS at *4-6; *Cordova*, 2006 U.S. Dist. LEXIS at *2-5; *American Directory*, 131 F.R.D. at 18 (D.D.C. 1990).[4]

If the violations are sufficiently egregious, the court may preclude the offending party from introducing certain evidence (*Tacori*, 253 F.R.D. at 586), or even dismiss the case altogether. *Ritchie*, 451 F.3d at 1026; *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (affirming district court's imposition of terminating sanctions, stating, "It is appropriate to reject lesser sanctions where the court anticipates continued deceptive misconduct. 'Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate.'" [citing *Valley Eng'rs. v. Electric Eng'g. Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998)].)

By persisting in her obstructionist behavior throughout discovery on behalf of Plaintiff Hobart, Hernandez took a deep dive into sanctionable territory. *See Lund*, 2014 WL 517569, at *4-6, 2014 U.S. Dist. LEXIS 15863 at *12-14 (awarding sanctions where counsel whispered into deponent's ear, made objections with commentary that coached the deponent's answers and instructed the witness not to

---

[4] Note that "…sanctions should be imposed 'within a time frame that has a nexus to the behavior sought to be deterred.' Rule 30(d)(2) sanctions assessed near the time of violation deter both ongoing and subsequent abuses. Prompt action 'helps enhance the credibility of the rule,' and by deterring further discovery abuse, 'achieve its therapeutic purpose.'" *Sec. Nat'l Bank of Sioux City*, 800 F.3d at 943 (internal citations omitted).

In this case, the deposition of Plaintiff Hobart was taken approximately 6 weeks ago, on February 13, 2019. The deposition of Ms. West was taken in January 2019. Defendant requests that sanctions be entered without delay in order to curb this misconduct from compromising numerous upcoming depositions in MDL No. 2814.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

answer on the basis of an "asked and answered" objection); *Craig v. St. Anthony's Med. Ctr.*, Case No. 08-cv-00492, 2009 WL 690210, at *2, 2009 U.S. Dist. LEXIS 19909, at *4 (E.D. Mo. Mar. 12, 2009) (awarding sanctions where counsel "disrupted the proceedings by making argumentative and suggestive objections, conducting private conversations with his client, instructing his client not to answer questions without asserting a privilege, and answering questions on behalf of his client"); *Cordova v. United States*, Case No. 05-cv-00563, 2006 WL 4109659, at *2 (D.N.M. July 30, 2006) (awarding sanctions where counsel coached the witness through speaking objections, conferred with the witness off the record during pending questions and impermissibly instructed the witness not to answer).

In addition to sanctions awarded under Rule 30(d)(2), Courts may also award costs and fees incurred "arising from an attorney's unreasonable and vexatious conduct under Section 1927. *United States v. Blodgett*, 709 F.2d 608, 610-611 (9th Cir. 1983). Under Section 1927 and their inherent power, courts have imposed deposition costs on attorneys "whose disruptions of a deposition rendered it futile and ineffective, and were obnoxious to the orderly, reasonable, and proper conduct of an examination." *Unique Concepts, Inc. v. Brown*, 115 F.R.D. 292, 293-94 (S.D.N.Y. 1987)

In *Plaisted*, 210 F.R.D. at 534, the Court found it appropriate to give the counsel the opportunity to re-depose the witnesses stated in those areas where their answers were rendered incomplete or tainted due to defense counsel's objections, stating, "Moreover, we find it hard to believe that defense counsel would act in front of this court in the same manner she did at any of the four depositions at issue here. As an officer of the court, defense counsel should have been aware of the provisions of Rule 30 at the time of each deposition. Objections … that result in an incomplete answer or in the witness's adoption of counsel's statement are suggestive. For these reasons, we find it appropriate to give plaintiffs' counsel the opportunity to re-depose Salerno, Emge, Brown, and Mitchell in those areas where their answers were

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

rendered incomplete or tainted due to defense counsel's objections." *Id*.

In this case, Hernandez's misconduct, which included coaching the witness, improper objections, attempting to "clarify" questions, re-phrasing the questions, and making an excessive number of speaking objections approached nearly 100 instances of misconduct during a single deposition. *Id*. And if that obstruction does not constitute bad faith or recklessness, certainly Hernandez's dozens of impermissible instructions not to answer certainly fit the bill. On top of that, Hernandez's prior misconduct in a case also now a part of MDL 2814 supports the imposition of sanctions to curb the abject misconduct of Hernandez. *Tacori*, 253 F.R.D. at 582.

"A [party] suffers prejudice if the [opposing party's] actions impair the [party's] ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp*., 913 F.2d at 1412. Hernandez's obstructive conduct during the fraud questions demonstrates that she fully impaired Defendant's right to get to the bottom of what Plaintiff believed Ford did which rose to the level of fraud.

Examples of this misconduct are as follows:

Q. What does the term fraud mean to you?

**MS. HERNANDEZ: Objection; calls for a legal nalysis and legal conclusion of a lay witness. He is not an attorney. You can respond to the extent you know what that means under the law.**

THE WITNESS: **I would rather not.**

Q BY MS. MROWKA: So as you sit here today, you don't feel comfortable describing what fraud means to you?

A **No, don't. I'm not an attorney.**

**MS. HERNANDEZ: You've answered the question.**

(Exhibit A, Excerpt #73; Hobart Depo., at 132:23-133:8)

///

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Q So do you believe that Ford did anything that was fraudulent?

**MS. HERNANDEZ: Same objection. Calls for a legal conclusion and legal analysis. He is not going to interpret legal documents and pleadings filed by counsel. He is a layperson. I think he has already answered the question.**

Q. Do you have an answer to that question?

**A. No, don't.**

(Exhibit A, Excerpt #76; Hobart Depo., at 134:14-23)

Q One of the other issues in this case is about concealment. What, if anything, did you feel Ford Motor Company concealed from you about the 2011 Ford Fiesta?

MS. HERNANDEZ: **Same objection. Calls for a legal analysis and legal conclusion. He is a lay witness. He is not a legal expert and not qualified to answer that question. Therefore, objection on foundation, speculation**.

Q BY MS. MROWKA: Mr. Hobart?

A **I don't have anything to say on that.**

(Exhibit A, Excerpt #84; Hobart Depo., at 138:12-21.)

Q BY MS. MROWKA: What, if anything, do you feel that Ford Motor Company should have told you specifically, about the 2011 Ford Fiesta?

MS. HERNANDEZ: **Same objection.**

THE WITNESS: **I don't have anything to say on**

**that either.**

(Exhibit A, Excerpt #87; Hobart Dep. at 139:13-18.)

The same is true as to the questions regarding what Plaintiff Hobart's damages are in this case.

Q BY MS. MROWKA: In the complaint it says you suffered an ascertainable loss of money, property or value with respect to the 2011 Ford Fiesta. As you sit here today, are you able to ascertain or tell me what that amount is as it pertains to Ford Motor Company?

**MS. HERNANDEZ: Same objections. But if you have an answer and you know, you can answer.**

THE WITNESS: **I would prefer not to say anything on that one.**

(Exhibit A, Excerpt # 92; Hobart Depo., at 142:19-143:3.)

Q BY MS. MROWKA: Are you able to identify any harm that you eventually suffered as a result of Ford Motor Company's misrepresentations or omissions?

**MS. HERNANDEZ: Same objections.**

THE WITNESS: **I don't have anything to say on that either.**

(Exhibit A, Excerpt #95; Hobart Depo., at 143:25-144:5.)

Q BY MS. MROWKA: The complaint is also against Paso Robles Ford Lincoln. So do you have an ascertainable loss of money, property or value related to the 2011 Ford Fiesta that you associate with the dealership, Paso Robles Ford Lincoln?

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**MS. HERNANDEZ: Same objection. Calls for attorney-client privileged communications. Also calls for a legal analysis and conclusion. You're asking him to interpret a legal pleading on a damage prayer as a lay witness. Calls for speculation. But to the extent you have an answer you may answer.**

THE WITNESS: **I'll just pass on that one.**

(Exhibit A, Excerpt # 93; Hobart Depo., at 143:4-15.)

There are more examples. In sum, throughout the deposition, Hernandez persisted in bad faith to influence Plaintiff Hobart to not answer questions relevant to his Song-Beverly claims, fraud claims, and the element of damages; as well as questions relevant to the defense of this action (including facts relevant to the statute of limitations, and the delayed discovery rule). (*See* Exhibit A.)

For all of the above reasons, under Rule 30(d)(2), 28 U.S.C. § 1927, and the Court's inherent power to sanction attorney deposition misconduct, Defendant Ford respectfully asks the Court to impose the sanctions it deems appropriate. Defendant respectfully requests the following:

1) An Order of preclusion from introducing any evidence related to or supporting Plaintiff's fraud claims.
2) An Order of preclusion from introducing any evidence which establishes Plaintiff's damages.
3) An Order compelling the deponent to answer all questions Plaintiff Hobart did not answer, and to answer all reasonable follow up questions to the answers. During this subsequent deposition, Plaintiff's counsel shall not direct or request that Plaintiff not answer a question, unless that counsel has objected to the question on one of the three grounds specified in Rule 30. Further, Plaintiff's counsel shall not make objections or statements which might suggest an answer to the

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

deponent, and Plaintiff's counsel shall not encourage the deponent to refuse to answer the questions. Plaintiff's counsel's statements when making objections shall state the basis of the objection and nothing more.

4) An Order requiring Diane Hernandez to personally reimburse Defendants for all costs incurred related to the first deposition, and all costs incurred by Defendant associated with any such resumption deposition; and

5) Appointment of a discovery referee to attend the resumed deposition and requiring Diane Hernandez to personally pay for the costs of that discovery referee.

6) All other sanctions the Court deems proper.

## VI. CONCLUSION

Depositions are to be limited to what they were and are intended to be: question-and-answer sessions between a lawyer and a witness aimed at uncovering the facts in a lawsuit. When a deposition becomes something other than that because of the strategic interruptions, suggestions, statements, arguments of counsel, and impermissible instructions not to answer, it ceases to serve the purpose of the Federal Rules of Civil Procedure. Hernandez's conduct violated Rule 30 nearly one hundred (100) times during the deposition of Plaintiff Hobart, and stymied Defendant's right to a fair deposition and to uncover the true facts of the case. Further, Hernandez is a repeat offender of the rules governing deposition conduct. For all of the above reasons, Defendant requests the Court grant its Motion for Sanctions.

///

///

///

///

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111



Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Dated: April 3, 2019

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Spencer P. Hugret*

By:______________________________

Spencer P. Hugret
Molly J. Mrowka

DYKEMA GOSSETT PLLC
John M. Thomas

SHOOK, HARDY & BACON
Amir Nassihi

*Attorney for Defendant*

FORD MOTOR COMPANY