GORDON REES SCULLY MANSUKHANI LLP
Spencer P. Hugret (SBN 240424)
shugret@grsm.com
275 Battery Street, Suite 2000
San Freancisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

DYKEMA GOSSETT PLLC
John M. Thomas (SBN 266842)
jthomas@dykema.com
2723 South State Street, Suite 400
Ann Arbor, MI 48104
Telephone: (734) 214-7613
Facsimile: (734) 214-7696

SHOOK, HARDY & BACON L.L.P.
Amir Nassihi (SBN: 235936)
anassihi@shb.com
One Montgomery, Suite 2600
San Francisco, CA 94104
Telephone: (415) 544-1900
Facsimile: (415) 391-0281

Attorneys for Defendant
FORD MOTOR COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

.

| | |
|---|---|
| **IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION** | No. 2:18-ML-02814-AB-FFM<br><br>Assigned to the Hon. André Birotte, Jr. Courtroom 7B |
| **THIS DOCUMENT RELATES ONLY TO:** <br> *Cannon, Mary v. Ford Motor Company, et al.,* 2:18-cv-04817-AB-FFM; *Einbund, John v. Ford Motor Company, et al.*, 2:18-cv-02901-AB-FFM; *Hernandez, Louie v. Ford Motor Company, et al.*, 2:18-cv-08736-AB-FFM; *Straw, Trent v. Ford Motor Company, et al.,* 2:18-cv-04425-AB- | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FORD'S FRCP 37(d) MOTION FOR SANCTIONS AGAINST CERTAIN CLR PLAINTIFFS** <br><br> HEARING DATE: May 1, 2019 <br> TIME: 10:00 a.m. <br> COURTROOM:   7B |

DYKEMA GOSSETT LLP<br>2723 SOUTH STATE STREET, SUITE 400<br>ANN ARBOR, MICHIGAN 48104

FFM; *Holmstedt, Kendra v. Ford Motor Company, et al.*, 2:18-cv-04328-AB-FFM; *Garza, Maria, et al. v. Ford Motor Company, et al.*, 2:18-cv-02745-AB-FFM; *Snyder, Holli v. Ford Motor Company, et al.*, 2:18-cv-04618-AB-FFM; *Nichols, Jonathan v. Ford Motor Company, et al.*, 2:18-cv-08733-AB-FFM; *Sullivan, Deborah v. Ford Motor Company, et al.*, 2:18-cv-04622-AB-FFM; *Valencia, Victor, et al. v. Ford Motor Company*, 2:18-cv-02865-AB-FFM

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

1
2

# TABLE OF CONTENTS

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TABLE OF AUTHORITIES ......................................................................................... II

INTRODUCTION ......................................................................................................... 1

FACTS .......................................................................................................................... 1

STANDARD OF REVIEW ........................................................................................... 6

ARGUMENT ................................................................................................................. 7

I.    DISMISSAL IS APPROPRIATE BECAUSE OF THESE
PLAINTIFFS' WILLFUL, EGREGIOUS DEPOSITION AVOIDANCE .... 7

A.    DISMISSAL IS APPROPRIATE BECAUSE PLAINTIFFS'
DEPOSITION AVOIDANCE WAS WILLFUL AND
EGREGIOUS ........................................................................................... 8

B.    THE DETERMINATIVE FACTORS POINT TOWARDS
DISMISSAL AS THE ONLY APPROPRIATE SANCTION. .......... 10

II.   EVEN IF THIS COURT DOES NOT ORDER DISMISSAL, OTHER
SANCTIONS ARE APPROPRIATE FOR PLAINTIFFS' EGREGIOUS
DEPOSITION AVOIDANCE. ...................................................................... 13

CONCLUSION ............................................................................................................ 16

**DYKEMA GOSSETT LLP**
**2723 SOUTH STATE STREET, SUITE 400**
**ANN ARBOR, MICHIGAN 48104**

MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 2:18-ML-02814-AB-FFM

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Adams v. Cal. Dep't of Health Servs.*
487 F.3d 684 (9th Cir. 2007) ............................................................. 6

*Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*
460 F.3d 1217 (9th Cir. 2006) ................................................ 8, 11, 12

*Allen v. Exxon Corp. (In re Exxon Valdez)*
102 F.3d 429 (9th Cir. 1996) ............................................................. 11

*Am. Unites for Kids v. Lyon*
No. CV 15-2124 PA (AJWx), 2015 U.S. Dist. LEXIS 171614 (C.D. Cal. Dec. 21, 2015) ............................................................................... 13

*Clinton v. Desantis*
No. CIV S-05-1600-LKK-CMK-P, 2008 U.S. Dist. LEXIS 79255 (E.D. Cal. Sept. 16, 2008) ...................................................................... 6

*Collins v. Jackson Cnty.*
No. 02-3054-CO, 2004 U.S. Dist. LEXIS 10462 (D. Or. May 27, 2004) .............. 15

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*
482 F.3d 1091 (9th Cir. 2007) .......................................................... 10

*Devaughn v. Cnty. of Los Angeles*, No. CV 08-1461 AB (FFM)
2018 U.S. Dist. LEXIS 221336 (C.D. Cal. Dec. 12, 2018) ......................... 9

*Dolzhenico v. City of L.A.*
No. CV 15-4581 AB (SSx), 2016 U.S. Dist. LEXIS 192905 (C.D. Cal. Oct. 28, 2016) ....................................................................... 10, 12, 14

*Dreith v. Nu Image, Inc.*
648 F.3d 779 (9th Cir. 2011) .......................................................... 8, 10

*Ferguson v. Hall*
No. CIV S-06-1301 MCE CKD P, 2012 U.S. Dist. LEXIS 49731 (E.D. Cal. Apr. 9, 2012) ........................................................................ 15

*Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.*
224 F.R.D. 644 (N.D. Cal. 2004) ....................................................... 9

*Genentech, Inc. v. Trs. of the Univ. of Pa.*
No. C 10-02037 LHK(PSG), 2011 U.S. Dist. LEXIS 66390 (N.D. Cal. June 10, 2011) ................................................................................ 10

*G-K Props. v. Redevelopment Agency of San Jose*
577 F.2d 645 (9th Cir. 1978) ........................................................... 8

*Grasshopper House, LLC v. Renaissance Recovery Servs., LLC*
0No. CV 10-3198 DMG(JCx), 2011 U.S. Dist. LEXIS 164691 (C.D. Cal. Mar. 30, 2011) .......................................................................... 9

*Hyde & Drath v. Baker*
24 F.3d 1162 (9th Cir. 1994) ........................................................... 16

*Jorgensen v. Cassidy*
320 F.3d 906 (9th Cir. 2003) ........................................................... 8

*Lew v. Kona Hosp.*
754 F.2d 1420 (9th Cir. 1985) ......................................................... 14

ii

*LifeGoals Corp. v. Advanced Hair Restoration LLC*
   No. C16-1733JLR, 2017 U.S. Dist. LEXIS 208507 (W.D. Wash. Dec. 19, 2017) ................................................................................................................. 15

*Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*
   256 F.R.D. 678 (C.D. Cal. 2009) .................................................................. 9

*NHL v. Metro. Hockey Club*
   427 U.S. 639 (1976)........................................................................................ 8

*Ottovich v. City of Fremont*
   No. C 09-4181 MMC, 2013 U.S. Dist. LEXIS 158462 (N.D. Cal. Nov. 5, 2013) ................................................................................................................. 8

*Pagtalunan v. Galaza*
   291 F.3d 639 (9th Cir. 2002) ....................................................................... 12

*Richardson v. City of Antioch*
   No. C-08-3470 JSW (EMC), 2009 U.S. Dist. LEXIS 129505 (N.D. Cal. Apr. 13, 2009) ........................................................................................................... 9

*Rio Properties, Inc. v. Rio Int'l Interlink*
   284 F.3d 1007 (9th Cir. 2002) ....................................................................... 6

*Sigliano v. Mendoza*
   642 F.2d 309 (9th Cir. 1981) ..................................................................... 1, 8

*Simmons v. Rite of Passage Ath. Training Ctrs. & Schs.*
   No. 1:10-cv-1331 LJO-GSA, 2012 U.S. Dist. LEXIS 5438 (E.D. Cal. Jan. 18, 2012) ......................................................................................................... 15

*Steward v. Thumser*
   No. 2:16-cv-1232 TLN KJN P, 2019 U.S. Dist. LEXIS 17688 (E.D. Cal. Feb. 1, 2019) ......................................................................................................... 12

*Wikle v. VSL Corp.*
   No. 87-5579, 1988 U.S. App. LEXIS 21761 (9th Cir. Mar. 16, 1988) ........ 13

*Wyle v. R.J. Reynolds Indus., Inc.*
   709 F.2d 585 (9th Cir. 1983) ......................................................................... 6

**Statutes**

Fed. R. Civ. P.
   37(b)(2)(A)............................................................................................... 7, 14

Fed. R. Civ. P.
   37(d) .............................................................................................................. 6

Fed. R. Civ. P.
   37(d)(1) .......................................................................................................... 6

Fed. R. Civ. P.
   37(d)(1)(A)(i)........................................................................................ 6, 7, 15

Fed. R. Civ. P.
   37(d)(2) .......................................................................................................... 7

Fed. R. Civ. P.
   37(d)(3) ................................................................................................ 6, 7, 15

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

iii

**INTRODUCTION**

Ford has been trying to obtain deposition dates for CLR Plaintiffs since August 2018, first in Michigan and then, starting in mid-November 2018, in this MDL. When CLR failed to provide *any* dates, either in Michigan or in the MDL, Ford selected dates, issued notices, and offered to reschedule if CLR would provide alternative dates. CLR never provided any dates in Michigan and no Plaintiff ever appeared for a noticed deposition. In most of CLR's 15 IDP cases in the MDL, Plaintiffs neither appeared for their initial noticed depositions nor provided alternative dates. On March 6—the day after Ford notified CLR of its intention to seek sanctions—CLR finally provided dates for some of those cases. But then, on March 25, CLR notified Ford that it would not allow any more depositions—and would not allow any vehicle inspections—based on its claim that "Ford systematically has refused/failed to comply with its discovery obligations." The net result of CLR's inexcusable efforts to avoid Plaintiffs depositions is that most CLR Plaintiffs have failed to appear for at least one noticed deposition, and many have failed to appear for two.

The Ninth Circuit has "specifically encouraged dismissal" where counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery. *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). This is such a case. Even if this Court determines that dismissal is not appropriate, some significant sanction is necessary to deter CLR and others in the MDL from engaging in such obviously improper attempts to avoid legitimate discovery.

**FACTS**

CLR is co-counsel for 12,000+ Plaintiffs in Michigan litigation making the same factual allegations as in this MDL; in fact, most of the CLR Plaintiffs in this MDL are also Plaintiffs in Michigan.  (Declaration of John M. Thomas ¶ 3.) Between August 2018 (when Ford issued its first deposition notices) and December 6, 2018 (when trial proceedings were stayed by the Michigan Court of Appeals pending

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

1

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

Ford's interlocutory appeal), CLR failed to provide a single deposition date for a single Plaintiff, and hundreds of CLR's clients failed to appear for noticed depositions one or more times. (*Id.* ¶¶ 4-12.*)

On November 16, 2018—more than four months ago—Ford requested that CLR provide deposition dates for Plaintiffs in its 15 IDP cases in this Court. (Ex. 1, Nov. 16, 2018 e-mail from Spencer Hugret.) CLR never responded. On November 27, Ford served Notices of Deposition on Plaintiffs in all 15 of CLR's IDP cases. (Ex. 15, Nov. 27, 2018 Notices of Deposition) The depositions were noticed to begin on December 30, 2019 and continue until February 19. (*Id.*)

FedEx tracking information shows that the Notices were delivered to CLR's office on November 28. (Ex. 4, 4A, Ex. 15) Nevertheless, on December 12, CLR told Ford that it had never received the notices. (Ex. 3, Dec. 18, 2018, e-mail from Neil Gieleghem; Exhibit 5, December 18, 2018, e-mail from Neil Gieleghem.) That same day, Ford's counsel forwarded the Notices by e-mail, along with the FedEx Tracking information. (Ex. 4A, Dec. 12, 2018 e-mail from Molly Mrowka.)  CLR did not respond. On December 18, Ford voluntarily cancelled the first four depositions (set for December 31 and the first week of January) but asked CLR to provide alternative dates for those four depositions. (Ex. 2, Dec. 17, 2018 letter from Spencer Hugret.) Ford also asked CLR either to confirm the dates for the remaining cases or to provide alternative dates (*Id.*) CLR did neither; it claimed the noticed days would not work and that it would "get back to [Ford] with proposed dates as soon as possible." (Ex. 5, December 18, 2018, e-mail from Neil Gieleghem.) It did not.

On December 21, Ford issued new Notices with new dates for the four depositions it had voluntarily cancelled. (Ex. 18, Dec. 21, 2018, Notices for Cannon, Brown, Ramon and Maria Garza.) Ford stated that it "remain[ed] willing to work with you to select convenient dates, provided that depositions can be completed by mid-February," in anticipation of the discovery cutoff. (Ex. 6, Dec. 21, 2018 e-mail from Spencer Hugret.) But Ford advised CLR that it "will not take any of the 15

2

noticed depositions off-calendar unless either (1) we have received alternative dates from you or (2) you have filed a motion for a protective order." Absent one of these events, "we will expect your clients to appear as noticed." (*Id.*) CLR responded, not by providing alternative dates, but by accusing Ford's counsel of adopting "unprofessional" tactics. (*Id.*, Dec. 21, 2018 e-mail from Neil Gieleghem.)

As of December 27, CLR still had not provided a single alternative date for a single Plaintiff. With the first deposition noticed for January 7, Ford warned CLR that "[u]nder FRCP 37(d)(1)(a)(i) and 37(d)(2), any objections you may have to the noticed depositions will not excuse your clients' failure to appear unless you have moved for a protective order." (Ex. 7, Dec. 27, 2018 e-mail from Spencer Hugret.) But Ford "emphasize[d] that to take … any noticed depositions off calendar you do not need to move for a protective order; you need only propose a reasonable alternative date between now and mid-February for those depositions." (*Id.*) Ford added that it would "make every effort to accommodate your proposed dates." (*Id.*)

On December 29, one of CLR's lawyers, said he was in Europe and would start providing dates "immediately" upon his return the first week of January. (Ex. 8, Dec. 29, 2018 e-mail from Michael Resnick.) He did not. On January 2, Ford reminded CLR that it would not take any depositions off calendar until CLR provided reasonable alternative dates. (*Id.*, Jan. 2, 2019 e-mail from Spencer Hugret.) This included the deposition of Plaintiff Einbund, which had been noticed on November 18 for January 7. (*Id.*) Ford explained:

> We do not intend this position to be "spicy" or confrontational; rather, we are only asking that you comply with the applicable court rules. We do not believe it is unreasonable to expect compliance with the rules, particularly given CLR's failure to date to provide deposition dates for a single one of its 12,000+ clients, either here or in Michigan.

Plaintiff Einbund failed to appear for his January 7 deposition. And CLR did not provide an alternative date for that deposition.

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 2:18-ML-02814-AB-FFM

On January 8 and 9, CLR finally offered dates for Plaintiffs in 6 of its 15 IDP cases. (Ex. 8, Jan. 8 and Jan. 9, 2019 e-mails from Michael Resnick.) Ford accepted those dates. Plaintiffs in one of these cases (Maria and Ramon Garza) failed to appear on the agreed upon date. (Ex. 19, e-mails from Krista Lenart and Michael Resnick.).[1] This left 10 CLR cases in which depositions needed to be taken for which CLR had not provided dates (except that it did propose weekend dates for the Garza depositions).

On January 23, 2019, CLR advised Ford that no further depositions of any of the CLR Plaintiffs will go forward "due to Ford's refusal to comply with its discovery obligations" even though Ford's counsel advised CLR that Ford had complied with its discovery obligations and the allegedly missing documents were produced (Ex. 10, Mr. Gieleghem e-mail to Ms. Lenart; Ex. 9, Mr. Kelly e-mail to Mr. Gieleghem dated Jan. 22, 2019).

As of February 22, all the originally noticed deposition dates had passed and CLR *still* had not provided dates for the remaining cases. Accordingly, Ford served another set of deposition notices.  (Ex. 16A, Feb. 22, 2019 Notices.) Ford again invited CLR to provide alternative dates if the dates selected by Ford did not work. (Ex. 16, Feb. 22, 2019 letter from Frank Kelly.) The first of these depositions was Plaintiff Cannon, noticed for March 1. On February 27, CLR informed Ford that Plaintiff Cannon would not appear on March 1, and that it would not suggest an alternative date, unless Ford responded to an informal request for discovery.  (Ex. 11, Feb. 27, 2019 e-mail from Neil Gieleghem.)

Plaintiff Cannon did not appear for her noticed deposition on March 1. On March 6, Ford informed Plaintiffs' Lead/Liaison Counsel that it was prepared to file a

---

[1] According to CLR, Maria and Ramon Garza did not appear on January 28 because they thought the deposition would be in Bakersfield, even though CLR originally suggested Riverside and the deposition notices specified an address in Riverside. (Ex. 19, e-mails from Michael Resnick and Krista Lenart.)

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

motion for sanctions based on CLR Plaintiffs' failures to appear for properly noticed depositions. (Thomas Declaration ¶ 13.) Plaintiff Einbund did not appear for his second noticed deposition on March 7. On March 11, CLR finally provided some dates for some Plaintiffs, many of which were on weekends. (Ex. 12, Mar. 11, 2019 e-mail from Mr. Gieleghem) One additional Plaintiff was actually deposed on March 19, and another (Holli Snyder) would have been deposed on March 18 except that Ford's counsel was in an accident the morning of the deposition. (Ex. 17, Mar. 18, 2019 e-mail from Mr. Kelly) Ford accepted CLR's proposed dates for two of the Plaintiffs and renoticed the depositions for those dates—Plaintiff Nichols on March 26 and Plaintiff Brown on April 1. (Ex. 13, Mar. 21, 2019 e-mail from Mr. Kelly and Notices for Nichols and Brown)

But then, on March 25, CLR cancelled those two depositions, and all future depositions. (Ex. 14, Mar. 25 e-mail from Mr. Gieleghem) CLR's stated reason was that "Ford systematically has refused/failed to comply with its discovery obligations." (*Id*.) "Based on this objection," CLR asserted, "no CLR Plaintiffs will appear for deposition (including those [Nichols and Brown]), or produce their vehicles for any inspection, absent further notice." (*Id*.)

The upshot is that CLR Plaintiffs in 10 out of 15 cases failed to appear for at least one noticed deposition, and most have failed to appear for two:

John Einbund—January 7 and March 7

Louie Hernandez –January 9 and March 8

Mary Cannon—January 23 and March 1

Maria Garza—January 28 and March 19

Ramon Garza—January 28 and March 20

Jonathan Nichols—January 31 and March 26

Holli Snyder—February 5[2]

---

[2] Plaintiff Snyder presumably would have appeared for her second noticed deposition

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

1    Trent Straw—February 6 and March 14

2    Kendra Holmstedt—February 7 and March 15

3    Debra Sullivan—February 8 and March 26

4    Victor Valencia—February 11[3]

5    Amanda Valencia—February 12 and March 12

6                          **STANDARD OF REVIEW**

7         Federal Rule of Civil Procedure 37(d) gives a district court "discretion to

8    impose a wide range of sanctions" on a party who fails to appear for her properly

9    noticed deposition. *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir.

10   1983); Fed. R. Civ. P. 37(d)(1), (3). A district court's choice of a particular sanction

11   is therefore reviewed on appeal "for an abuse of discretion," which only occurs if the

12   chosen sanction "was clearly outside the acceptable range of sanctions." *Rio

13   Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). That

14   discretion to select the right sanction "includ[es], where appropriate," the option of

15   "default or dismissal." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th

16   Cir. 2007).

17        In contrast, a district court "must" order the party who failed to appear for the

18   deposition, her attorney, "or both to pay the reasonable expenses, including attorney's

19   fees, caused by the failure, unless the failure was substantially justified or other

20   circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1)(A)(i), (3).

21   Unlike other Rule 37 sanctions, "[t]he language of [this] rule is mandatory, not

22   discretionary;" the court "must" order the sanctions. *Clinton v. Desantis*, No. CIV S-

23   05-1600-LKK-CMK-P, 2008 U.S. Dist. LEXIS 79255, at *61 (E.D. Cal. Sept. 16,

24   2008).

25

26   _____

27   on March 18 but for the accident involving Ford's counsel.

28   [3] Victor Valencia did appear for his second noticed deposition on March 19.

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

1

**ARGUMENT**

2    Federal Rule of Civil Procedure 37(d) allows a court to impose sanctions if "a

3   party . . . fails after being served with proper notice, to appear for that person's

4   deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Potential sanctions for the failure to

5   appear include "prohibiting the disobedient party from supporting or opposing

6   designated claims or defenses" and "dismissing the action." Fed. R. Civ. P.

7   37(b)(2)(A); Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed

8   in Rule 37(b)(2)(A)(i)—(vi)."). All the Plaintiffs against which Ford seeks sanctions

9   have failed to appear for at least one properly noticed deposition. And none of those

10  Plaintiffs can excuse their failure to attend, because none of them had a pending

11  motion for a protective order. *See* Fed. R. Civ. P. 37(d)(2) ("A failure described in

12  Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was

13  objectionable, unless the party failing to act has a pending motion for a protective

14  order under Rule 26(c)."). So this is an appropriate case for sanctions.

15    This is also an appropriate case for the strong dismissal sanction because

16  Plaintiffs' deposition avoidance scheme is willful, prevents these cases from moving

17  forward in a timely manner, and prejudices Ford's discovery and trial preparation.

18  Even if it were not such a case, other lesser sanctions are appropriate, including

19  Ford's mandatory entitlement to its costs related to the missed depositions and in

20  bringing this motion.

21  **I.    DISMISSAL IS APPROPRIATE BECAUSE OF THESE PLAINTIFFS'**

22  **WILLFUL, EGREGIOUS DEPOSITION AVOIDANCE**

23    "Where it is determined that counsel or a party has acted willfully or in bad

24  faith in failing to comply with rules of discovery …, it is within the discretion of the

25  trial court to dismiss the action or to render judgment by default against the party

26  responsible for noncompliance." *G-K Props. v. Redevelopment Agency of San Jose*,

27  577 F.2d 645, 647 (9th Cir. 1978). In fact, the Ninth Circuit has "specifically

28  encouraged dismissal" under these circumstances. *Sigliano,* 642 F.2d at 310.

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

7

"Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order." *Id.* The purpose of a dismissal sanction is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) ("If the decision of the Court of Appeals [reversing a dismissal sanction] remained undisturbed in this case, it might well be that *these* respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel . . . .") (emphasis in original); *see also Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (same); *Sigliano,* 642 F.2d at 310. Dismissal is warranted when both (1) the failure to appear was "due to wilfullness [sic] or bad faith," and (2) the Ninth Circuit's "five factors that a district court must consider before dismissing a case" weigh in favor of dismissal. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). Both those requirements are met here.

### A.   DISMISSAL IS APPROPRIATE BECAUSE PLAINTIFFS' DEPOSITION AVOIDANCE WAS WILLFUL AND EGREGIOUS

Plaintiffs' egregious deposition avoidance scheme easily passes over the relatively low bar for willful conduct. The willfulness requirement is satisfied by any "[d]isobedient conduct not shown to be outside the control of the litigant." *Jorgensen v. Cassidy*, 320 F.3d 906, 912 (9th Cir. 2003). Even an "inadvertent" failure to appear at a deposition satisfies that requirement because the party's "ability to appear was not affected by any event outside his control." *Ottovich v. City of Fremont*, No. C 09-4181 MMC, 2013 U.S. Dist. LEXIS 158462, at *11 (N.D. Cal. Nov. 5, 2013) (internal quotation omitted).

Here, Plaintiffs' failure to appear was not inadvertent; it was intentional. Plaintiffs intentionally failed to respond to Ford's litany of requests to propose

MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 2:18-ML-02814-AB-FFM

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

workable deposition dates. Plaintiffs intentionally did not show up for properly

noticed depositions. And, most egregiously, Plaintiffs intentionally resisted their

depositions with a legally baseless argument based on Ford's alleged failure to

comply with its discovery obligations.

"[D]iscovery is not conducted on a 'tit-for-tat' basis." *Nat'l Acad. of Recording
Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 681-82 (C.D. Cal. 2009)
(rejecting a defendant's attempt to defend against a motion to compel by pointing to
the "plaintiff's failure to provide discovery"). That is because "[a] party may not
excuse its failure to comply with discovery obligations by claiming that its opposing
party is similarly delinquent" or "condition its compliance with its discovery
obligations on receiving discovery from its opponent." *Fresenius Med. Care Holding,
Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004). Courts in this district
and others therefore uniformly hold that "tit-for-tat" arguments like Plaintiffs' are not
a legitimate reason to refuse to comply with proper discovery requests. *See, e.g.,
Devaughn v. Cnty. of Los Angeles*, No. CV 08-1461 AB (FFM), 2018 U.S. Dist.
LEXIS 221336, at *29 (C.D. Cal. Dec. 12, 2018) ("reject[ing] plaintiff's argument . .
. that his deposition should be postponed until he receives certain discovery from
defendants" because "discovery is not conducted on a tit-for-tat basis") (internal
quotation omitted); *Grasshopper House, LLC v. Renaissance Recovery Servs., LLC*,
No. CV 10-3198 DMG(JCx), 2011 U.S. Dist. LEXIS 164691, at *8 n.6 (C.D. Cal.
Mar. 30, 2011) ("Although it should go without saying, the fact that one party may
arguably have violated its discovery obligations does not justify or excuse discovery
violations committed by an opposing party."); *Richardson v. City of Antioch*, No. C-
08-3470 JSW (EMC), 2009 U.S. Dist. LEXIS 129505, at *4 (N.D. Cal. Apr. 13,
2009) ("A party may not withhold relevant discovery simply on the basis that the
other side has not been forthcoming with discovery."); *Genentech, Inc. v. Trs. of the
Univ. of Pa.*, No. C 10-02037 LHK(PSG), 2011 U.S. Dist. LEXIS 66390, at *5 (N.D.
Cal. June 10, 2011) (same). The fact that Plaintiffs intentionally asserted this patently

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

9

frivolous defense as part of their deposition avoidance scheme both demonstrates the willfulness of their failures to appear and the appropriateness of strong dismissal sanctions.

**B.    THE DETERMINATIVE FACTORS POINT TOWARDS DISMISSAL AS THE ONLY APPROPRIATE SANCTION.**

The Ninth Circuit's "five factors that a district court must consider before dismissing a case" are

1.  the public's interest in expeditious resolution of litigation,
2.  the court's need to manage its docket
3.  the risk of prejudice to the other party
4.  the public policy favoring the disposition of cases on their merits, and
5.  the availability of less drastic sanctions.

*Dreith*, 648 F.3d at 788. This multifactorial test "amounts to a way for a district judge to think about what to do, not a series of [five] conditions precedent before the judge can do anything." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal quotation omitted). Except for the "fourth factor," which "always weighs against dismissal," *Dreith*, 648 F.3d at 788, these factors all point towards dismissal as the appropriate sanction.

"[T]he public's interest in expeditious resolution of litigation" favors dismissal because Plaintiffs' drawn-out deposition avoidance strategy threatens to further delay resolution of both their cases and the entire MDL. This factor "generally favor[s] terminating sanctions." *Dolzhenico v. City of L.A.*, No. CV 15-4581 AB (SSx), 2016 U.S. Dist. LEXIS 192905, at *22 (C.D. Cal. Oct. 28, 2016). Here, the discovery deadline has already been extended once. If these cases are not dismissed, it will likely have to be extended one or more times, until either Plaintiffs, applying their improper "tit-for-tat" strategy, decide they are satisfied with Ford's discovery, this Court has ruled on every one of the parties' disputes regarding Ford's discovery,

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

10

1  mooting Plaintiffs' "tit for tat" strategy, or Plaintiffs change their position and
2  decided to schedule and attend depositions.

3       Yet the delay in these initial cases pales in comparison to the delay that will
4  permeate the entire MDL if CLR's deposition avoidance tactics are not forcefully
5  deterred. "Although these cases involve only a fraction of the parties in the
6  litigation," it is appropriate to "consider[] the importance of sanctions as a deterrent
7  in litigation involving thousands of plaintiffs." *Allen v. Exxon Corp. (In re Exxon*
8  *Valdez)*, 102 F.3d 429, 433 (9th Cir. 1996) (affirming the district court's dismissal
9  sanction because of the deterrent effect on the remaining plaintiffs); *see also Allen v.*
10 *Bayer*, 460 F.3d at 1229, 1233-34 (applying this rule to consider the importance of
11 deterring an MDL's remaining plaintiffs in weighing dismissal sanctions). Dismissing
12 these Plaintiffs' cases will deter the many plaintiffs still in this MDL from attempting
13 similar deposition avoidance tactics that will delay their cases' resolution. Absent
14 effective deterrence, the risk of further delay is particularly significant in all the other
15 CLR cases. If CLR is not deterred, it may continue the same tactics in its remaining
16 cases; Ford may even have to bring a motion in many of those cases just to get the
17 depositions to which it is entitled. The entire MDL cannot be efficiently resolved
18 without strongly deterring these egregious deposition avoidance tactics that delay
19 resolution.

20      "[T]he court's need to manage its docket" also favors dismissal because
21 Plaintiffs' drawn-out deposition avoidance strategy might prevent this Court from
22 working through all the cases in this MDL. This factor also "generally favor[s]
23 terminating sanctions." *Dolzhenico,* 2016 U.S. Dist. LEXIS 192905, at *22. That is
24 definitely true here. If the discovery deadline has to be extended one or more times in
25 these initial cases due to Plaintiffs' improper "tit for tat" deposition avoidance
26 strategy, that pushes back the time when this Court can first turn to other cases in the
27 MDL.

28      And, like the first factor, CLR's egregious deposition avoidance tactics will

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

11

prevent this Court from managing the entire MDL docket—unless they are effectively deterred. The Ninth Circuit has emphasized the importance of this second factor in MDLs: "Sound management of this court's docket [] counsels in favor of sanctions as a deterrent to others, particularly in the context of an MDL proceeding where there are thousands of plaintiffs and tag-along cases are continually being added." *Allen v. Bayer*, 460 F.3d at 1234 (approving the dismissal of certain MDL cases based, in part, on this MDL-wide deterrence rationale). Unless this Court takes this opportunity to forcefully remind CLR—and other MDL Plaintiffs—that it has an entire MDL docket to move forward efficiently, similar deposition avoidance tactics may clutter this Court's docket for years to come. That risk shows the value of dismissal sanctions as an effective deterrent.

"[T]he risk of prejudice" to Ford also points toward dismissal.  Ford has already been prejudiced throughout its patient yet persistent efforts to schedule these Plaintiffs' depositions and it will be further prejudiced as the discovery deadline and trial preparation approach without the Plaintiffs' depositions. One way to "prove prejudice" is to "establish that plaintiff's actions impaired defendant's ability to proceed to trial." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Applying that rule, an in-circuit court has concluded that a plaintiff's unjustified failure to appear for his deposition prejudiced the defendants because the fact that the deposition was not completed before the discovery deadline "substantially hinder[ed] defendants' ability to investigate and defend against his allegations." *Steward v. Thumser*, No. 2:16-cv-1232 TLN KJN P, 2019 U.S. Dist. LEXIS 17688, at *22-23 (E.D. Cal. Feb. 1, 2019).

The same is true here. With the dates of Plaintiffs' depositions currently left to the whim of Plaintiffs' full satisfaction with Ford's discovery responses, Ford will probably not be able to complete them before the discovery deadline. That will prejudice Ford's ability to prepare for trial or engage in any other relevant discovery that Ford was not aware of before the depositions. And Ford has already been

MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 2:18-ML-02814-AB-FFM

prejudiced by the egregiousness of Plaintiffs' deposition avoidance scheme; it has patently yet persistently attempted to schedule agreeable dates time, and time, and time again. But that was all for naught now that Plaintiffs have put up their legally indefensible "tit for tat" excuse for not appearing. If these cases are not dismissed, Ford will continue to be prejudiced by Plaintiffs' egregious discovery tactics.

"[T]he [un]availability of less drastic sanctions" also favors dismissal. The extent to which each potential sanction effectively "deter[s] other litigants from engaging in similar dilatory conduct" can determine whether "less drastic alternatives" are viable. *Wikle v. VSL Corp.*, No. 87-5579, 1988 U.S. App. LEXIS 21761, at *6 (9th Cir. Mar. 16, 1988) (concluding that a dismissal sanction was a better deterrence mechanism than lesser sanctions). For example, a lesser sanction that leaves the violating party "no worse off than if they had not engaged in [the] conduct" is not a viable alternative. *Am. Unites for Kids v. Lyon*, No. CV 15-2124 PA (AJWx), 2015 U.S. Dist. LEXIS 171614, at *32-33 (C.D. Cal. Dec. 21, 2015). The fact that CLR has concocted this elaborate deposition avoidance scheme shows that it cannot be easily deterred. And the fact that it is now basing its deposition avoidance scheme on a legally indefensible "tit for tat" argument shows that it is not afraid of taking unreasonable steps to avoid depositions. Without a powerful sanction, CLR will not be any worse off than if it had not attempted to avoid the depositions and will continue to avoid depositions in its other MDL cases. Since these four factors point towards dismissal and Plaintiffs' deposition avoidance scheme was willful, dismissal of the nine cases in which the Plaintiffs have all failed to appear for their depositions is warranted.

## II.   EVEN IF THIS COURT DOES NOT ORDER DISMISSAL, OTHER SANCTIONS ARE APPROPRIATE FOR PLAINTIFFS' EGREGIOUS DEPOSITION AVOIDANCE.

Although Ford doubts that lesser sanctions are likely to deter Plaintiffs' deposition avoidance scheme, other sanctions would be appropriate if the Court does

13

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

not order dismissal. Unlike a dismissal sanction, for these lesser sanctions, "the failure to appear need not be willful." *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985). So, even if this Court finds that Plaintiffs' deposition avoidance was not willful—which it was—other sanctions would still be appropriate.

One appropriate lesser sanction would be precluding the Plaintiffs who failed to appear at their depositions from testifying in support of their fraud claims at trial. One potential sanction for failing to appear is "prohibiting the disobedient party from supporting or opposing designated claims or defenses." Fed. R. Civ. P. 37(b)(2)(A), (d)(3); *see also Dolzhenico*, 2016 U.S. Dist. LEXIS 192905, at *31-32 (recommending that the plaintiffs be barred from testifying regarding any issue they refused to discuss at their depositions). These Plaintiffs' fraud claims are the best target for this sanction because those claims are uniquely based on these Plaintiffs' own testimony about how they were defrauded, including what representations or omissions they relied on and how they relied on it. Since these Plaintiffs have refused to allow Ford to discover the factual basis for their fraud claims, they should not be allowed to testify to that factual basis at trial. That is in contrast to Plaintiffs' other claims—like their breach of warranty claims—that could be proven with documentary evidence or third party testimony. For those claims, Plaintiffs' depositions are not as uniquely vital to Ford's defense.

Regardless of whether the Court orders dismissal, a bar on fraud testimony, or neither, the Court "must" order Plaintiffs, their attorneys, "or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to attend their depositions. Fed. R. Civ. P. 37(d)(1)(A)(i), (3). The "reasonable expenses . . . caused by the failure" include not only fees incurred at the depositions Plaintiffs failed to attend, like court reporter fees, but also attorney's fees incurred in bringing a motion addressing the failures to attend. *See Collins v. Jackson Cnty.*, No. 02-3054-CO, 2004 U.S. Dist. LEXIS 10462, at *1, *16 (D. Or. May 27, 2004) (granting the defendants attorney's fees incurred in bringing a motion for sanctions for the plaintiffs' failures

14

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104

to appear at depositions); *Ferguson v. Hall*, No. CIV S-06-1301 MCE CKD P, 2012 U.S. Dist. LEXIS 49731, at *2 (E.D. Cal. Apr. 9, 2012) (granting the defendant's attorney's fees incurred in bringing a motion to compel the plaintiff's appearance at a deposition). Given the Plaintiffs' egregious deposition avoidance scheme based on a legally baseless "tit for tat" theory, their failure to attend was not "substantially justified" and awarding expenses would not be "unjust." Fed. R. Civ. P. 37(d)(3). An award of Ford's expenses incurred (1) related to the depositions Plaintiffs failed to attend and (2) in bringing this motion is required.[4]

This is also a case where imposing Ford's Rule 37(d) costs on both Plaintiffs and their attorneys is appropriate. An attorney need not have acted in "bad faith" to be charged with Rule 37(d) costs along with his client. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). Rather, what matters is whether the client's action was "substantially justified" and whether "the attorneys' behavior" would make imposing sanctions on the attorney "unjust." *Id.* at 1171-72. Imposing Ford's costs on Plaintiffs' counsel would not be unjust here because Plaintiffs' counsel is far from

_____

[4] If this Court grants Ford's Rule 37(d) request for expenses, Ford will submit documentation of those expenses. *See Simmons v. Rite of Passage Ath. Training Ctrs. & Schs.*, No. 1:10-cv-1331 LJO-GSA, 2012 U.S. Dist. LEXIS 5438, at *6-7 (E.D. Cal. Jan. 18, 2012) (granting the plaintiffs' Rule 37(d) "request for attorney's fees" and then ordering the plaintiff to "submit the appropriate declaration and other supporting documentation"); *Collins*, 2004 U.S. Dist. LEXIS 10462, at *16 (granting the defendants' Rule 37(d) "request for reasonable attorney's fees and expenses" and ordering the defendants to "submit documentation by affidavit of expenses incurred"); *LifeGoals Corp. v. Advanced Hair Restoration LLC*, No. C16-1733JLR, 2017 U.S. Dist. LEXIS 208507, at *13-14 (W.D. Wash. Dec. 19, 2017) (granting the defendant's Rule 37(d) request for costs and ordering the defendant to "submit a statement, along with appropriate documentation, concerning its reasonable expenses and attorney's fees"); *Ferguson*, 2012 U.S. Dist. LEXIS 49731, at *2-3 (despite the fact that the defendant submitted documentation of some of its Rule 37(d) costs, allowing the defendant to submit additional documentation of other Rule 37(d) costs because "[t]he court is required to consider [those] amount[s] as chargeable to the plaintiff" too).

1  blameless for Plaintiffs' deposition avoidance. Rather, every aspect of CLR's

2  deposition avoidance scheme was orchestrated and implemented by CLR.  Plaintiffs'

3  counsel is also properly chargeable with Ford's costs.

4                                    **CONCLUSION**

5         For these reasons, Ford requests that the Court dismiss the following cases as a

6  sanction for these Plaintiffs failing to appear at their depositions:

7  • *Cannon, Mary v. Ford Motor Company, et al.,* 2:18-cv-04817-AB-FFM

8  • *Einbund, John v. Ford Motor Company, et al.*, 2:18-cv-02901-AB-FFM

9  • *Hernandez, Louie v. Ford Motor Company, et al.*, 2:18-cv-08736-AB-FFM

10 • *Straw, Trent v. Ford Motor Company, et al.*, 2:18-cv-04425-AB-FFM

11 • *Holmstedt, Kendra v. Ford Motor Company, et al.*, 2:18-cv-04328-AB-FFM

12 • *Garza, Maria, et al. v. Ford Motor Company, et al.*, 2:18-cv-02745-AB-FFM

13 • *Snyder, Holli v. Ford Motor Company, et al.*, 2:18-cv-04618-AB-FFM

14 • *Nichols, Jonathan v. Ford Motor Company, et al.*, 2:18-cv-08733-AB-FFM

15 • *Sullivan, Deborah v. Ford Motor Company, et al.*, 2:18-cv-04622-AB-FFM

16 • *Valencia, Victor, et al. v. Ford Motor Company,* 2:18-cv-02865-AB-FFM

17        In the alternative, Ford requests that Plaintiffs in the cases listed above be

18 precluded from providing testimony in support of their fraud claims.  At the very

19 least, Plaintiffs in the above cases should be ordered to pay the costs and fees

20 incurred by Ford as a result of their failure to appear at their depositions, including

21 costs and fees associated with this motion.

22

23 Dated: April 3, 2019                    Respectfully submitted,

24                                          **DYKEMA GOSSETT PLLC**

25

26                                          */s/John M. Thomas*
                                            John M. Thomas

27

28                                    **ATTESTATION STATEMENT**

**DYKEMA GOSSETT LLP**
**2723 SOUTH STATE STREET, SUITE 400**
**ANN ARBOR, MICHIGAN 48104**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 3, 2019

**SHOOK HARDY & BACON LLP**

*/s/ Amir Nassihi*
Amir Nassihi

*Co Lead Counsel for Defendant*
FORD MOTOR COMPANY

MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 2:18-ML-02814-AB-FFM

DYKEMA GOSSETT LLP
2723 SOUTH STATE STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104