GORDON REES SCULLY MANSUKHANI LLP
Spencer P. HUGRET (SBN 240424)
shugret@grsm.com
Molly J. Mrowka (SBN 190133)
mmrowka@grsm.com
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

DYKEMA GOSSETT PLLC
John M. Thomas (SBN 266842)
jthomas@dykema.com
2723 South State Street, Suite 400
Ann Arbor, MI 48104
Telephone: (734) 214-7613
Facsimile: (734) 214-7696

Attorneys for Defendant
FORD MOTOR COMPANY AND
EAGLE MOTORS INC., DBA,
PASO ROBLES FORD LINCOLN
*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION**<br><br><br>**THIS DOCUMENT RELATES ONLY TO:**<br><br>*Hobart, Jeff  v. Ford Motor Company, et al., 2:18-cv-01893-AB-FFM* | Case No. 2:18-ML-02814-AB (FFMx)<br><br>Assigned to Hon. Andre Birotte, Jr. Courtroom:7B; Magistrate Fredrick F. Mumm<br><br>**REPLY IN RESPONSE TO PLAINTIFF'S OPPOSITION TO FORD MOTOR COMPANY'S MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL PURSUANT TO F.R.C.P. 30(D)(2), 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER**<br><br>Date:   May 14, 2019<br>Time:   10:00 a.m.<br>Dept.: Courtroom 580 (Temple Street Courthouse) |

*Left margin (vertical):* Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Plaintiff, and his counsel, continue to mock their obligations under the Federal Rules of Civil Procedure in Plaintiff's opposition brief, in which "good faith" and non-obstruction are professed.  Not satisfied with manipulating testimony by means of speaking objections and impermissible instructions not to answer, Plaintiff's counsel now resorts to asserting that Hernandez's nearly 100 violations of F.R.C.P. Rule 30, were in good faith, and that Defendant's request for sanctions is "widely excessive."  What is widely excessive is Hernandez's nearly 100 F.R.C.P. Rule 30 violations, which included impermissibly instructing Plaintiff Hobart not to answer questions on improper grounds (such as relevance), no less than twenty (20) times. The chutzpah of the stratagem underscores Plaintiff's counsel's disdain for the standard of conduct to which practice in federal court demands.

The thrust of Plaintiff's sanctions avoidance argument is based upon Plaintiff's dissatisfaction with Ford's meet and confer.  The meet and confer obligations were fully satisfied.  Plaintiff and his counsel are under the impression that somehow Ford's refusal to accept their paltry concessions equated to a failure to meet and confer.  Not so.  In fact, Defendant proposed sanctions narrowly tailored to the destruction of truthful testimony, and Plaintiff refused to agree; Plaintiff's proposal was narrowly tailored to equate to no sanctions and cause *the Defendant* to incur additional expenses.  Further, Plaintiff's brief's preoccupation with procedural niceties rather than the outrageousness of the deposition charade speaks volumes about the need for sanctions. To be clear, an aggrieved party is under no obligation to settle for a flimsy Band-aid after a massacre has taken place.

In further moves of deflection, Plaintiff's opposition brief misrepresents the status of the *Picton* case (which provides another demonstration of Hernandez's misconduct), which *was* a member case of MDL No. 2814 when the Motion for Sanctions was filed, (Motion for Sanctions filed: April 3, 2019 [Doc. No. 234]; Minute Order granting remand of *Picton* issued: April 17, 2019 [Doc. 258]); and

REPLY IN RESPONSE TO PLS OPPO. TO FORD MOTOR CO.'S MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL PURSUANT TO F.R.C.P. 30(D)(2), 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Plaintiff makes what amounts to be complaints regarding calendaring, wrongfully

2  asserting that this motion was improperly noticed for a Wednesday in "violation of

3  Judge Birotte's Standing Orders", when, in fact, during the Initial Status Conference

4  on April 18, 2018, Judge Birotte clearly indicated his preference that motions in this

5  matter be set for hearing on Wednesdays.  (Exhibit E to the Declaration of Spencer

6  Hugret ("Hugret Decl."), excerpts from Reporter's Transcript of Proceeding,

7  Wednesday, April 18, 2018, at p. 71:7-19.)

8       Finally, Plaintiff's brief leaves the indelible impression that Plaintiff believes

9  that Ms. Hernandez's non-stop repetitive interruptions, coaching and speaking

10  objections are perfectly appropriate, with the conclusory pronouncements about all of

11  her nearly 100 interruptions as being "individually tailored" (Pls. Oppo. Br. at 1:6),

12  and "legitimate." (*Id*.)  Plaintiff just glosses over most of the numerous and extreme

13  examples of sanctionable conduct detailed in Ford's opening brief.

14       The Rules do not countenance such a sham.

15  **A.    Sanctions Are Necessary To Deter Bad Faith Obstruction And The**
16  **        Flouting Of The Legal Process By Plaintiff's Counsel**

17       Apparently emboldened by engaging in such misconduct on at least one

18  previous occasion, Ms. Hernandez believed herself to be the self-appointed gate-

19  keeper of what questions were to be asked of Plaintiff Hobart, stating on the record,

20  "*Let's see what the questions are before I allow him to answer*." (Def. Exhibit A,

21  Excerpt #10.)  Not only is Ms. Hernandez, in fact, not a member of the judiciary; she

22  likewise does not appear to be a member of this Court's bar, nor has she filed a

23  Notice of Appearance in MDL No. 2814.  As such, not only is she egregiously

24  mistaken on the role of a federal practitioner is during a deposition; her very

25  "defense" of the Plaintiff Jeff Hobart at his deposition was a violation of Local Rule

26  83-2.1.1.1.[1]  (*Hall v. Clifton Preston*, 150 F.R.D 525, 528 [footnote omitted] (E.D.

27

28  _____
     [1]  **L.R. 83-2.1.1.1 Who May Appear**.  Except as provided in L.R. 83-2.1.3,

3

Penn. 1993). "There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers.")

"At a time when public confidence in the legal profession has already been severely eroded, courts cannot further jeopardize that confidence by condoning [] egregious and pervasive attorney misconduct." *Trulis v. Barton*, 107 F.3d 685, 696 (9th Cir. 1995).  Behavior like Hernandez's must be sanctioned "to deter undesirable conduct." *ADO Fin., A.G. v. McDonnell Douglas Corp*., 938 F. Supp. 590, 595 (C.D. Cal. 1996) (citing *Beatrice Foods Co. v. New England Printing & Lithographing Co*., 899 F.2d 1171, 1177 (Fed. Cir. 1990) (the "principal purpose" of 28 U.S.C. § 1927 is deterrence.)) "The district court, in considering sanctions, should also determine whether reference of any of the lawyers involved to the appropriate disciplinary authorities is warranted." *Trulis*, 107 F.3d at 696.

"In determining the propriety of sanctions, it is permissible to consider all incidents of a party's conduct with respect to discovery in the litigation." *Sanders v. Aranas*, 2008 U.S. Dist. LEXIS 90783 at *10; 2008 WL 4845233, at *3 (E.D. Cal. Nov. 7, 2008) (Mag. J. Snyder) (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411-12 (9th Cir. 1990)).  Federal courts have recognized that discovery frustration calls for sanctions.  *Id*. at *4 (sanctioning dilatory discovery tactics).  The Ninth Circuit has also recognized that a defendant suffers prejudice if a plaintiff's actions "threaten to interfere with the rightful decision of the case." *Adriana Int'l*, 913 F.2d at 1412.

Plaintiff fails to provide a single case to support his position that any of Ms. Hernandez's conduct was appropriate.  Plaintiff ignores the massive volume of authority in Ford's brief in support of its Motion for Sanctions.  Rather, Plaintiff

83-2.1.4, 83-2.1.5, and 83-4.5, and F.R.Civ. P. 45(f), an appearance before the Court on behalf of another person, an organization, or a class may only be made by members of the Bar of this Court, as defined in L.R. 83-2.1.2.

REPLY IN RESPONSE TO PLS OPPO. TO FORD MOTOR CO.'S MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL PURSUANT TO F.R.C.P. 30(D)(2), 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER

essentially claims that Ms. Hernandez's conduct was not as bad as the discovery violations in two cases cited in Defendant's moving papers, *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007), and *Claypole v. Cnty. of Monterey*, 2016 U.S. Dist. LEXIS 4389, 2016 WL 145557 (N.D. Cal. 2016), and, therefore, argues that sanctions should not be imposed.  Not so.  *Conn. Gen.* and *Claypole* are not the measuring stick upon which discovery sanctions are imposed; Rule 30 is.  *Conn Gen* and *Claypole* are excellent examples in which the Courts imposed sanctions for attorney misconduct, but there are *so* many more set forth in Ford's opening brief which Plaintiff just plain ignored.  As set forth in Ford's moving brief, instructions not to answer on *any* basis not limited to the three bases set forth in Rule 30 are impermissible.  Each instruction to not answer is, individually, a sufficient grounds for sanctions.  Ms. Hernandez impermissibly instructed Mr. Hobart not to answer questions over and over.  (*See* Def. Exhibit A.)

Hernandez refused to let Plaintiff Hobart answer such questions as whether or not he had a Twitter account; what his damages are; what his disabilities are which prevent him from being gainfully employed; how and when he retained his counsel; how he opted-out of the *Vargas v. Ford Motor Company* class action; delayed discovery facts relevant to statute of limitations defense; and the factual basis for his Song-Beverly Warranty Act claims; and fraud claims.  (*See* Def. Exhibit A.)  The bases for the instructions not to answer were on such impermissible grounds as, "relevancy", "lacks foundation", "no basis", "calls for speculation", "you have already answered that", "I'm not sure what you mean", "vague, ambiguous and overbroad", and "hypothetical."  (*Id*.)

Hernandez's quest to impede and frustrate the deposition of Mr. Hobart warrants severe sanctions.  While the fact discovery period is wrapping up at the end of May, expert discovery is coming up quickly.  There is no evidence that Ms. Hernandez's bad faith behavior will not continue, particularly as Plaintiff and his

REPLY IN RESPONSE TO PLS OPPO. TO FORD MOTOR CO.'S MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL PURSUANT TO F.R.C.P. 30(D)(2), 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  counsel have taken such a cavalier attitude towards what is, on all accounts, appalling

2  attorney misconduct.

3      Ford's motion seeks to deter lawyer conduct that is manifestly improper, and

4  for that reason, the history of Hernandez's poor conduct is an appropriate

5  consideration.  This lawyer's behavior was disgraceful, and it is both relevant and

6  compelling that this was not the only incident.  In the *Picton* matter, Hernandez

7  instructed a non-party deponent, whom she did not represent, not to answer relevant

8  questions.  Plaintiff would prefer that this evidence of misconduct be hidden from the

9  Court based upon the fact that the *Picton* case was remanded to state court.  However,

10  the remand of *Picton* did not occur until two weeks after the instant Motion for

11  Sanctions was filed.  The instant Motion for Sanctions was filed on April 3, 2019.

12  [Doc. No. 234].  The Minute Order granting remand of the *Picton* case was issued on

13  April 17, 2019 [Doc. No. 258].  Further, other evidence of the same type of attorney

14  misconduct is not something that should be hidden from the Court.

15      Moreover, while Hernandez's state bar record may show that no formal

16  disciplinary action has been taken against her, to date, because Hernandez is not a

17  member of the United States District Court - Central District of California bar, there

18  would not be a record of discipline with the Central District.  (Notably, the "defense"

19  of the deposition was, in and of, itself a violation of the Local Rule 83-2.1.1.1.)

20  **B.  Plaintiff's Counsel's Unwillingness To Agree To The Appropriate**
21  **Sanctions Which Include Evidentiary Sanctions, Is Not A Shield From The**
22  **Imposition Of Sanctions For Bad Faith Attorney Misconduct.**

23      Despite flimsy statements that Hernandez's conduct was in "good faith" in

24  Plaintiff's Opposition brief, Plaintiff essentially concedes the inappropriateness of

25  what happened in the deposition during the meet and confer.  (*See* Pls. Exhibits A &

26  B, and Def. Exhibits F & G.)  The only excuse proffered for such admittedly

27  improper deposition deportment is opposing counsel's failure to engage in a "good

28

*Gordon Rees Scully Mansukhani, LLP*
275 Battery Street, Suite 2000
San Francisco, CA 94111

6

faith" meet and confer.

The discovery rules and the expectations of federal practice are not a game in which obstruction of the process is condoned until the obstructer is called on the abuse.  The Rules proscribe that the deposition questions of the witness are unimpeded by a constant barrage of frivolous and improper objections.  The meet and confer procedure was never intended to provide a shield for decorum that any lawyer experienced in federal court knows to be improper.

Moreover, a meet and confer prior to filing a motion for sanctions for attorney bas faith misconduct is inherently flawed for the obvious reason that as a practical matter, no practitioner is going agree to *meaningfully* sanction him/herself and impose evidentiary sanctions in his/her own case.  For example, the Ninth Circuit has established that requiring a conference of counsel prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable. *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175 (9th Cir. 2008) ("Any local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable.") *Id*. at 1179; *see also Aecon Bldgs., Inc. v. Zurich N. Am.*, No. C07-832 MJP, 2008 U.S. Dist. LEXIS 65784, at *13 (W.D. Wash. Aug. 20, 2008).  As so clearly shown by Plaintiff's response in this matter, a meet and confer regarding a motion seeking sanctions for gross attorney misconduct is particularly futile, where, as here, the Plaintiff argues in his Opposition brief that the behavior at issue, *i.e.* violating the Rules nearly 100 times during a deposition, is perfectly appropriate.

Nonetheless, Ford did meaningfully meet and confer with Plaintiff's counsel. Plaintiff's counsel were simply unwilling to agree to the appropriate sanctions which include evidentiary sanctions which are well-suited the damage done.  (*See* Plaintiffs' Exhibits A & B; and Defs. Exhibits F & G, attached to the Hugret Decl.).  It should be noted that despite Plaintiff's characterization of Defendant's request for sanctions

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

7

as "tantamount to terminating sanctions", Ford did not request the case be terminated or dismissed. (*Id*.) It sought evidentiary sanctions narrowly tailored to the questions to which Plaintiff Hobart was instructed not to answer, or, motivated by Plaintiff's counsel's coaching, refused to answer; prophylactic measures; and reasonable monetary sanctions tailored to the expenses incurred, and to be incurred by Defendant, due to Plaintiff's counsel's bad faith conduct. (*See* Pls. Exh. A & B; and Def. Exhs. E, and F.)

Plaintiff's counsel seem to believe that Ford's refusal to accept their offer which amounted to the equivalent of a "re-do" of some questions, with no sanctions, at further expense to Defendant, somehow provides a discovery abuse sanctuary. That procedural context, however, does not exculpate them from sanctions for Hernandez's obstruction during the examination of Mr. Hobart. Further, there is zero purpose in taking a second deposition when Plaintiff's counsel is under the disturbing belief that all of the objections launched and the bad faith obstruction was proper. There is no reason that any party should subject themselves to a repeat performance of bad faith conduct and obstructionist tactics.

Moreover, the line in Plaintiffs' opposition that the objections were made in response to "legally improper questioning" is unavailing. As indicated in the moving papers, the record clearly demonstrates that Hernandez persisted in bad faith to influence Plaintiff Hobart to not answer questions such as:

- *What does the term fraud mean to you?*

- *Do you believe that Ford did anything that was fraudulent?*

- *What, if anything, did you feel Ford Motor Company concealed from you about the 2011 Ford Fiesta?*

- *What, if anything, do you feel that Ford Motor Company should have told you specifically, about the 2011 Ford Fiesta?*

- *In the complaint it says you suffered an ascertainable loss of money,*

REPLY IN RESPONSE TO PLS OPPO. TO FORD MOTOR CO.'S MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL PURSUANT TO F.R.C.P. 30(D)(2), 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER

*property or value with respect to the 2011 Ford Fiesta.  As you sit here today, are you able to ascertain or tell me what that amount is as it pertains to Ford Motor Company?*

(See Exhibit A, at excerpts Nos. 73, 76, 84, 87, 92.)

These questions are just a sampling of the nature of questions asked of Mr. Hobart which Plaintiff claims are improper.  All of these questions, and those set forth in Defendant's Exhibit A, are both relevant and proper.

Rule 30(d)(2) empowers the Court to sanction a person who impedes, delays or frustrates the fair examination of the deponent, without regard to a meet and confer.  Hernandez's 100 plus objections, many of which were speaking, and 20 improper refusals not to answer indisputably impeded and frustrated the fair examination of Hobart.  Similarly, 28 U.S.C. § 1927 and the Court's inherent power authorize the court to issue sanctions when there is gross non-compliance with the Rules.

A clearer case for deterring non-compliance with the Federal Rules of Civil Procedure is difficult to imagine.

## CONCLUSION

Plaintiff's opposition ignores virtually every case that bears on the appropriateness of sanctions against the appalling behavior of Plaintiff's counsel.  Tellingly, Plaintiff does not address any of the specific and numerous examples of conduct that impeded a fair examination detailed in Exhibit A, *e.g.*, constant coaching; lengthy and frequent speaking objections; and instructions not to answer on such grounds as "relevance."  Such machinations have been the trademark of Hernandez's participation in the deposition, and this is not the only one.  Plaintiff rationalizes, distorts and discounts Ms. Hernandez's litigation unruliness, but there really is no justification for conduct so unbecoming of a federal practitioner.

Basing the opposition to sanctions for attorney misconduct on a claim of lack of a meet and confer is futile here, particularly because Ford did engage in a meet and

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

9

confer with Plaintiff's counsel.  Plaintiff's counsel thought they could obstruct the deposition to such a point as to prevent any meaningful testimony on key issues, and then offer up the witness a second time after the witness has been so thoroughly coached that he believes he cannot answer questions, and at further expense to Defendant - all in an effort to avoid any *meaningful* sanctions, to avoid honest and truthful testimony, and to interfere with the rightful decision of the case.

Where there is blatant obstruction of the evidence as to a particular cause of action, and/or an element of that cause of action; evidentiary sanctions as to that cause of action, and/or element are indeed appropriate and warranted.  In addition to evidentiary sanctions which directly correlated to the questions which Plaintiff was either instructed not to answer, or encouraged not to answer, Hernandez should be held personally accountable.  This litigation must be enabled to proceed without the obstruction and obfuscation which Hernandez has personified.

Dated: April 30, 2019

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

*/s/ Spencer P. Hugret*
By:_____

Spencer P. Hugret
Molly J. Mrowka

DYKEMA GOSSETT PLLC
John M. Thomas

SHOOK, HARDY & BACON
Amir Nassihi

*Attorney for Defendants*

FORD MOTOR COMPANY

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

REPLY IN RESPONSE TO PLS OPPO. TO FORD MOTOR CO.'S MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL PURSUANT TO F.R.C.P. 30(D)(2), 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER