Michael D. Resnick (SBN 245215)
mresnick@clrattorney.com
Neil Gieleghem (SBN 107389)
ng@clrattorney.com
**CONSUMER LEGAL REMEDIES, APC**
The Resnick Building
331 North Beverly Drive, Suite 2
Beverly Hills, CA 90210
Telephone: (310) 213-1398
Facsimile: (213) 210-2196

Attorneys for Plaintiffs
MARY CANNON & CHRISTI BROWN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION** | **Case No. 2:18-ML-02814 AB (FFMx)** |
| | *Assigned to: Hon. André Birotte, Jr. Courtroom 7B* |
| **THIS DOCUMENT RELATES ONLY TO:** | *Magistrate Fredrick F. Mumm Courtroom 580* |
| *MARY CANNON V. FORD MOTOR COMPANY, ET AL., No. 2:18-cv-04817-AB-FFM* | **CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINTS OF MARY CANNON AND CHRISTI BROWN** |
| *CHRISTI BROWN V. FORD MOTOR COMPANY, ET AL., No. 2:18-cv-04190* | HEARING DATE:   August 9, 2019<br>Time:   10:00 a.m.<br>Courtroom:   7B |

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

# **TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................................................... 1

II.    RECENT DEVELOPMENTS BEARING ON FORD'S MOTION TO DISMISS ARGUMENTS ....................................................................... 1

III.   LEGAL STANDARD ................................................................................ 4

IV.    LEGAL ANALYSIS OF FORD'S ARGUMENTS ................................... 5

       A.    The FACs Are Not Subject to Dismissal Under Fed. R. Civ. Proc. 8. .......................................................................................... 5

       B.    Plaintiffs' Fraud Causes Of Action Should Not Be Dismissed. ............ 8

             1.    Plaintiffs' Allegations of Affirmative Misrepresentations Have Already Survived, And Continue To Survive, Rule 12 Analysis. ................................................................................... 8

             2.    Plaintiffs Pleaded Sufficient Facts To Maintain Their Concealment Cause Of Action. ................................................. 10

       C.    Plaintiff Brown's Fraud Causes of Action are Not Time-Barred. ........ 12

             1.    The *Brown* FAC Pleads Sufficient Facts To Establish Delayed Discovery ................................................................... 14

             2.    Cross-Jurisdictional American Pipe Tolling Applies In California And As To Plaintiffs' Claims. .................................. 16

             3.    Equitable Tolling Applies To Plaintiff Brown's Claims. ........... 19

       D.    Both The *Brown* and *Cannon* FACs Plead Sufficient Facts to Support a Civil Penalty. ........................................................ 21

V.     IF THE MOTIONS ARE GRANTED PLAINTIFFS SHOULD BE GIVEN LEAVE TO AMEND THEIR COMPLAINTS ............................... 22

VI.    CONCLUSION ........................................................................................ 23

i

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S
MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

# TABLE OF AUTHORITIES

## Other Authorities

CACI 3201 ...................................................................................................21

James C. Martin, Colin E. Wrably, & Douglas C. Allen, *Untolled Limitations*, LOS ANGELES LAWYER, Oct. 2014, at 37-38 ....................................18

## Federal Cases

*Am Telephone and Telegraph Co v. Grady*, 594 F.2d 594 (7th Cir 1978).................4

*American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974) ..................16, 17, 18, 19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................4, 5

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir.1988) .............................4

*Bell Atlantic Corp. v. Twombly*, 540 U.S. 544 (2007) ...........................................4, 5

*Brown v. Advantage Eng'g, Inc*, 960 F.2d 1013 (11th Cir 1992) .............................4

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir.1996)....................................5

*Callaghan v. BMW of N. Am., LLC*, 2014 WL 6629254 (N.D. Cal. Nov. 21, 2014)11

*Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.* (C.D. Cal. 2011) 878 F.Supp.2d 1009........................................................................17

*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir.2008)..............17, 18, 19

*Crown, Cork & Seal Co. v. Parker* (1983) 462 U.S. 345..........................................17

*Daniel v. Ford Motor Co.*, 2016 WL 2899026, at * (E.D. Cal. May 18, 2016) .......15

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) ..............................23

*El Pollo Loco v. Hashim*, 316 F.3d 1032 (9th Cir. 2003) ........................................14

*Falk v. Gen. Motors Corp.* 496 F.Supp.2d 1088 (N.D. Cal. 2007).....................10, 15

*Garst v. Lockheed–Martin Corp.*, 328 F.3d 374 (7th Cir.2003) ...............................5

*Gillibeau v. City of Richmond*, 417 F.2d 426 (9th Cir.1969)....................................7

*Hatfield v. Halifax PLC*, 564 F.3d 1177 (9th Cir.2009)................................18, 19, 20

*Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124 (9th Cir. 2008)................5, 7

*Hendrix v. Novartis Pharm. Corp.* (C.D. Cal. 2013) 75 F.Supp.2d 1100................17

*Hubbard v. SoBreck, LLC*, 554 F.3d 742 (9th Cir. 2009) ........................................17

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S
MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) ........................................10

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir.1996) ..........................................................7

*Mier v. Owens*, 57 F.3d 747 (9th Cir.1995) ..................................................................5

*Moss v. United States Secret Service*, 572 F.3d 962 (9th Cir.2009) ...........................5

*Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671 (9th Cir.1981) .........................6, 7

*Phillips v. Gen. Motors Corp*, 307 F.3d 1206 (9th Cir 2002) .....................................4

*Public Citizen v. Liggett Group, Inc*, 858 F.2d 775 (1st Cir 1988) ............................4

*Tapia v. Davol, Inc.*, 116 F.Supp.3d 1149 (S.D. Cal. 2015) .....................................10

*Omar Vargas, et al. v. Ford Motor Company*, 2:12-cv-008388-AB-FFMx (C.D. Cal.) ................................................................................................................................passim

*Wynder v. McMahon*, 360 F.3d 73 (2d Cir.2004) ........................................................5


Federal Statutes

Fed. R. Civ. Proc. 12(b)(6) ..................................................................................1, 4, 5, 9

Fed. R. Civ. Proc. 8 ...........................................................................................5, 6, 7, 8

Rule 12 .................................................................................................................8, 10, 22

Rule 12(b)(2) ...................................................................................................................12

Rule 15 ...........................................................................................................................23

Rule 8(a) ...........................................................................................................................5

Rule 8(a)(2) ..................................................................................................................5, 7

Rule 9(b) .........................................................................................................................10


State Cases

*April Enterprises, Inc. v. KTTV* 147 Cal.App.3d 805 (1983) ....................................14

*Auto Equity Sales, Inc. v. Superior Court*, 57 Cal.2d 450 (1962) .......................17, 19

*Avalon Painting Co. v. Alert Lumber Co.* (1965) 234 Cal.App.2d 178 ....................9

*Becker v. McMillin Constr. Co.*, 226 Cal.App.3d 1493 (4th Dist.1991) ............17, 18

*Borders Online, LLC v. State Bd. of Equalization* (2005) 129 Cal.App.4th 1179 ......9

*Brokaw v. Black-Foxe Military Institute* (1951) 37 Cal.2d 274 .................................9

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S
MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

*Christopher Emanuel, et al. v. Ford Motor Company*, Third Judicial Circuit of Michigan # 17-015652-NZ ...........................................................................................13

*Collier v. City of Pasadena*, 142 Cal.App.3d 917 (1983) ........................................20

*Cummins, Inc. v. Super. Ct.* (2005) 36 Cal.4th 478....................................................21

*Downs v. Department of Water & Power*, 58 Cal.App.4th 1093 (1997) ..................20

*Falk v. Children's Hosp. of Los Angeles,* 237 Cal.App.4th 1454 (2015) ................18

*Forman v. Chicago Title Ins. Co.,* 32 Cal.App.4th 998 (1995)................................20

*Fox v. Ethicon-Endo Surgery, Inc.,* 35 Cal.4th 797 (2005)......................................14

*Hebrew Academy of San Francisco v. Goldman* 42 Cal.4th 883 (2007) .................14

*Heliotis v. Schuman*, 181 Cal. App. 3d 646 (1986)....................................................10

*Howell v. Courtesy Chevrolet, Inc.* (1971) 16 Cal.App.3d 391 ..................................9

*Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103 (1988)............................................14, 17, 18

*Krotin v. Porsche Cars* 38 Cal.App.4th 294 (1995)...................................................21

*LiMandri v. Judkins*, 52 Cal.App.4th 326 ................................................................10

*Lukather v. General Motors, LLC* (2010) 181 Cal.App.4th 1041............................21

*McDonald v. Antelope Valley Community School District*, 45 Cal.4th 88 (2008)....18

*Prudential-LMI Com. Ins. V. Superior Court,* 512 Cal.3d 674 (1990) ....................21

*Robinson v. Kia Motors America, Inc.* (E.D. Cal. 2011) 2011 WL 1459016, at *5 21, 22

*S.F. Unified School Dist. v. W.R. Grace & Co.*, (1995) 37 Cal.App.4th 1318 ...17, 18

*Tomerlin v. Canadian Indem. Co.* (1964) 61 Cal.2d 638 ...........................................9

### State Statutes

Cal. Civ. Code § 1793.2(d)(2) ..............................................................................1, 21

Cal. Civil Code § 2317 .................................................................................................9

Civil Code § 1794, subd. (c)......................................................................................21

Civil Code § 1794, subd. (e)(2) .................................................................................21

Consumer Legal Remedies Act ..................................................................................18

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

## I. __INTRODUCTION__[1]

Ford's Motions to Dismiss the separate First Amended Complaints ("FACs") of Plaintiff Christi Brown and Mary Cannon pursuant to Fed. R. Civ. Proc. 12(b)(6) are virtually identical, with one exception. Both Motions assert that both these Plaintiffs (1) failed to provide a "short and plain statement" of their respective claims; (2) failed sufficiently to allege their respective causes of action for fraud; and (3) failed sufficiently to plead a "willful" violation of Cal. Civ. Code § 1793.2(d)(2) of California's "Lemon Law." In addition, Ford's Motion as to the *Brown* FAC contends that this Plaintiff's fraud claims are time-barred. As shown below, all of these challenges to the FAC pleadings are meritless.

## II. __RECENT DEVELOPMENTS BEARING ON FORD'S MOTION TO DISMISS ARGUMENTS__

Almost immediately after Ford filed its pending Motions to Dismiss on July 9, 2019, the Detroit Free Press and USA Today newspapers (collectively, "DFP") published the first of what became a series of length, detailed investigative journalism articles documenting what Plaintiffs believe can accurately be described as the "Ford Focus/Fiesta DPS6 PowerShift Transmission Fraud."[2] Based on independent

---

[1] Counsel for the four IDP/test case Plaintiffs against whom Ford has filed Motions to Dismiss (Consumer Legal Remedies, APC for Plaintiffs Brown and Cannon, opposing parties herein; Knight Law Group for Plaintiffs Quintero and Pedante) have tried to coordinate their respective Opposition briefs in a manner consistent with their understanding of this Court's directive, discussed below, regarding "template" pleadings. Accordingly, this Opposition by Plaintiffs Brown and Cannon is similar to, and "tracks" to the extent possible, the Oppositions by Plaintiffs Quintero and Pedante.

[2] *See* accompanying Declaration of Neil Gieleghem ("Gielegghem Decl."), Exh. A (July 11, 2019 DPF article "Ford knew Focus, Fiesta models had flawed transmission, sold them anyway"); Exh. B (July 11, 2019 DFP article "Among Ford cars with flawed transmission, the 2012 Focus had the most complaints"); Exh, C (July 11, 2019 DFP article "6 key findings from the investigation of Ford Focus, Fiesta investigations"); Exh. D (July 11, 2019 DFP article "Here's now Ford responded to Focus, Fiesta transmission investigation"); Exh. E (July 11, 2019 DFP article "'Our constant struggle to keep the Focus operable is truly overwhelming'"); Exh. F (July 16, 2019 DFP article "US senators call for investigation of Ford Focus, Fiesta transmission decisions"); Exh. G (July 17, 2019 DFP article "Ford responds to Free

investigative reporting, and information obtained from hundreds of consumers, current and former Ford employees, Ford dealers, these DFP articles – the first of which is entitled "Ford knew Focus, Fiesta models had flawed transmission, but sold them anyway" – confirm the material allegations made by Plaintiffs in the challenged FACs. For example, and to quote the "6 key findings" of the DPF investigation:

- ■ "Ford knew its 2011 Fiesta and Focus cars had defective transmissions before the cars went on sale."

- ■ "Ford in October 2011 decided to change the transmission technology [i.e., replace the DPS6 with a different transmission], but didn't follow through."

- ■ "Customers reported at least 50 injuries to federal authorities related to symptoms of the defect."

- ■ "Federal regulators inquired after four years of extraordinary high consumer complaints and declined to open an investigation or order a recall."

- ■ "Internal Ford documents show the company cut corners to save money and boost fuel efficiency."

- ■ "Ford is facing billions of dollars in warranty costs . . . ."

These reports resulted in national outrage over the way Ford reportedly lied to consumers, to its dealers, and to US government and international regulatory authorities, including the National Highway Transportation Safety Administration ("NHTSA') about the same defects and safety-related issues detailed in the FACs. Further, these reports of Ford's misconduct have resulted in Congressional demands (by two U.S. Senators and the Chairman of the House of Representatives committee with oversight over NHTSA) for an immediate investigation of Ford's reported

CONSUMER LEGAL REMEDIES, APC
THE RUSNAK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

_____

Press investigation of Focus, Fiesta transmissions"); Exh. H (July 18, 2019 DFP article "Ford secretly tells dealers: Fix faulty, Focus, Fiesta transmissions until July 19, 2019").

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S
MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

misconduct. *See* Gieleghem Decl., Exh. F (July 16, 2019 Detroit Free Press article, "US senators call for investigation of Ford Focus, Fiesta transmission decisions").

Further, and as particularly relevant here, these reports resulted in Ford publishing a corporate press release, over Ford's logo, in which Ford tried to minimize or dismiss its wrongdoing (or simply continued its misrepresentations). But in this press release, Ford made several damaging party admissions, including:

- The DPS6 Transmission has (at least) two "distinct quality issues" that "emerged after it was launched . . . ."

- These "two distinct quality issues" were (1) "[a] degree of vibration, or shudder, when the [DPS6 Transmission] is operated at low speed; and (2) "a potential for the transmission to default to neutral . . . ."

*See* Gieleghem Decl., ¶ 13, Exh. I (July 17, 2019 Ford Media Center Press Release, "Ford Response to Detroit Free Press Articles On DPS6 Transmission). These are precisely the dangerous, safety-related defects alleged in the FACs.

The Ford press release claims that these now-admitted defects are not safety issues; and that the problems with the Transmissions have been fixed. The allegations in the FACs belie those both these claims – and the alleged confidential documents referenced in those FACs prove that Ford's latest representations about the DPS6 are demonstrably false.

Further, almost immediately after the start of publication of these Detroit Free Press/USA Today articles, Ford reportedly suddenly secretly told its dealers to try to fix, up to July 19, 2019, any DPS6 Transmissions submitted for repairs. *See* Gieleghem Decl., Exh. H (July 18, 2018 Detroit Free Press article "Ford secretly tells dealers: Fix faulty Focus, Fiesta transmissions until July 19, 2019). This, after Ford has repeatedly claimed that all the problems with the DPS6 Transmission have been resolved.

Plaintiffs respectfully submit that these statements and actions by Ford are party admissions that bear on, and form the context for, the various arguments that

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

Ford has made in its Motions to Dismiss – all of which arguments are meritless for the reasons detailed below.[3]

## III.  <u>LEGAL STANDARD</u>

A Fed. R. Civ. Proc. 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 540 U.S. 544, 553–56 (2007) Thus, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); *Moss v. United States Secret Service*, 572 F.3d 962,

---

[3] Although the issue need not be addressed here, Plaintiffs in the near future will seeking to have this Court unseal/make part of the public record (1) the FACs; (2) the allegedly "confidential" internal Ford documents detailed in the FACs; and (3) the pleadings on Ford's Motions to Dismiss the FACs. Such relief will be sought on the grounds that (1) the information at issue was never "confidential" to a degree that made sealing appropriate in the first instance given that this is a public proceeding; and (2) given the DFP coverage, and Ford's own response to that coverage (e.g., Ford's party admission press release), such sealing is no longer warranted and improperly infringes on the public's right to know about Ford's misconduct, concealment of safety defects, and fraud. *See, e.g., Brown v. Advantage Eng'g, Inc*, 960 F.2d 1013, 1016 (11th Cir 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."); *Phillips v. Gen. Motors Corp*, 307 F.3d 1206, 1210 (9th Cir 2002) (As a general rule, the public is permitted "access to litigation documents and information produced during discovery."); *Am Telephone and Telegraph Co v. Grady*, 594 F.2d 594, 596 (7th Cir 1978) ("[a]s a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings."); *see also Public Citizen v. Liggett Group, Inc*, 858 F.2d 775, 790 (1st Cir 1988).

CONSUMER LEGAL REMEDIES, APC
THE RUSNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

969 (9th Cir.2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," citing *Iqbal* and *Twombly*). The court must accept all factual allegations pleaded in the complaint as true, and construe them and all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir.1995).

## IV. LEGAL ANALYSIS OF FORD'S ARGUMENTS

### A. The FACs Are Not Subject to Dismissal Under Fed. R. Civ. Proc. 8.

To defeat a Rule 12(b)(6) motion, the complaint must provide enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly, supra*, at p. 555. Here, Ford does not contend here that the FACs lack sufficient factual support, or that the allegations are conclusory, or that no cognizable legal theory is advanced. Instead, Ford essential contends only that the FACs do not set forth a sufficiently "short and plain statement of the claim" to satisfy Rule 8(a)(2). *Brown* MPA, pp. 6-11; *Cannon* MPA, pp. 5-10.

But contrary to Ford's implication, mere "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131-1132 (9th Cir. 2008). "Some complaints are windy but understandable. Surplusage can and should be ignored." *Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir.2003). It was error, for example, to dismiss on Rule 8 grounds when the complaint, though long, was not "so confused, ambiguous, vague or otherwise unintelligible that its true substance . . . is well disguised." *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir.2004).

Further, and more important, the FACs must be evaluated in light of the Court's direction to Plaintiffs to "craft a uniform Complaint template" such that each of the over 1,000 (one thousand) cases in this MDL need "vary only in the allegations particular to each plaintiff" which should be "contained in in a "Plaintiff's

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

5

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

CONSUMER LEGAL REMEDIES, APC

THE RESNICK BUILDING

331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

Experiences" section . . . " Order of May 22, 2019 (Dkt. 301) at 13. Such a uniform, integrated "template" master pleading must sufficiently describe mechanical and electrical defects affecting two vehicle models (the Focus and Fiesta models) across (at least) six (6) model years (2011 – 2016). Such a mater pleading also must detail the variety of symptoms and hazards arising from those defects, as well as Ford's internal knowledge and nondisclosure thereof while making express representations to the contrary (e.g., that there was nothing wrong with the DPS6 Transmissions). Such a template pleading also must "adequately plead the specifics of any misrepresentation regarding the vehicles' performance" and "identify[] the defect that Ford failed allegedly to disclose." *Cf.* Order of May 22, 2019 at p. 11. As a result, such a template pleading necessarily is going to be lengthier. It also necessarily is going to include information that pertains to some, but not all, of these hundreds of cases. But this is not the kind of "verbosity" that Rule 8 proscribes.

Accordingly, the issue is not whether the FACs are longer than the initial, non-template Complaints. Instead, the issue is whether the FACs are so confusing that they fails to put Ford on notice of each Plaintiffs' specific claims and the claims of other, similarly situated plaintiffs "in other cases going forward." The FACs are not so confusing that Ford is not "on notice" – particularly given Ford's recent press release admissions.

Ford cites several cases upholding dismissals on Rule 8 grounds, but each is readily distinguishable. In *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671 (9th Cir.1981) the initial complaint included 23 pages of addenda and exhibits, and was "'verbose, confusing and almost entirely conclusory.'" *Id.* at 672. The (untimely) amended complaint "named additional defendants without leave of court, and was equally as verbose, confusing and conclusory as the initial complaint." *Id.* at 674. The court provided "reasonable opportunities and alternatives" before dismissal; the plaintiff offered no excuse for the late filing and failed to comply with the court's

orders; and there was no reason to think that an additional opportunity would yield different results. *See Id.* None of that applies here.

In *McHenry v. Renne*, 84 F.3d 1172 (9th Cir.1996), the first complaint was not merely lengthy but set out its claims in <u>two sentences comprising 30 lines</u>, without specifying which of the 20 named defendants were liable for which claims. *Id.* at 1174. After the court ordered an amended complaint "'which clearly and concisely explains which allegations are relevant to which defendants,'" the second effort was even longer with a "twenty-six page introduction." *Id.* at 1174, 1176. The court directed the plaintiff to "'state[] clearly how each and every defendant is alleged to have violated plaintiffs' legal rights.... and focus on linking their factual allegations to actual legal claims,'" however the final effort was "argumentative, prolix, replete with redundancy, and largely irrelevant," such that "[o]nly by months or years of discovery and motions [could] each defendant find out what he is being sued for." *Id.* at 1176-1178. None of that applies here.

Complaints should not be dismissed merely for being long or including extensive factual details. "[A] dismissal . . . under Rule 8(a)(2), is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir.1969). A complaint should not be dismissed – even if it "set out more factual detail than necessary" – if its allegations are not "confusing and conclusory" (*cf. Nevijel*, 651 F.2d at 674) and is "logically organized," and "intelligible and clearly delineate the claims and the Defendants against whom the claims are made." *See Hearns*, 530 F.3d at 1132.

Ford complains that the FACs comprise many pages and paragraphs. But in making its Rule 8 argument, Ford ignores many of the FACs' operative (and necessary) allegations. For example, Ford does not "deduct" Plaintiffs' tolling allegations; "Plaintiffs' Experiences" allegations; the blank paragraphs this Court required be added for continuity and to create the required template pleading; or the

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

CONSUMER LEGAL REMEDIES, APC

THE RESNICK BUILDING

331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

actual causes of action "linking their factual allegations to actual legal claims"). Ford also does not "deduct" the 14-paragraph overview and general allegations where we "first meet the Plaintiffs." As a result, Ford's Rule 8 challenge is almost entirely based on those paragraphs that describe the differences between the DPS6 PowerShift Transmission and other, conventional transmissions (FACs ¶¶ 15-29), which are relevant to Ford's misrepresentation and concealment (those paragraphs that detail the particular defects involved, and who at Ford had knowledge of those defects, when they had such knowledge, and what they did about these known problems (¶¶ 30-172)); all of which are relevant to concealment and malice; and Ford's refusal to conduct a vehicle recall despite Ford's recalls for similarly serious problems, leaving Ford's consumers at risk, all of which also is relevant to malice. Thus, none of the allegations about which Ford complains is "surplus."

### B. Plaintiffs' Fraud Causes Of Action Should Not Be Dismissed.

#### 1. Plaintiffs' Allegations of Affirmative Misrepresentations Have Already Survived, And Continue To Survive, Rule 12 Analysis.

Ford concedes the Court has evaluated the allegations in the initial Complaints of Plaintiffs Quintero and Pedante as to affirmative misrepresentations about the "non-automatic" nature of the transmission, including the "window sticker" on the vehicles describing it as having an "automatic transmission." Although Plaintiffs Brown and Cannon did not include such allegations in their initial Complaints, such allegations are included in these Plaintiffs' FACs. *See Brown* FAC, ¶¶ 178, 210, 278-279; *Cannon* FAC, ¶¶ 178, 278-279. Ford made these representations about the Ford Focus despite its extensive knowledge of the existence of defects preventing either quick response or acceleration, and its knowledge that the DPS6 is not an "automatic" transmission. All of the information that Plaintiffs received reinforced the proposition that the transmission was an "automatic." In fact, the Focus was equipped with a dual-

clutch "automated manual" transmission, different both mechanically and in operation from a true automatic.

At no point before, during or after the Plaintiffs' acquisition of their respective Focus cars with any Ford materials or agents disclose that the Focus was *not* equipped with a true automatic transmission, nor disclose any information regarding the defects that affected transmission performance. FACs, ¶¶ 217-218. These are factual representations that were false, and known to be false, at the time they were made. Ford intended for Plaintiffs to rely on these representations in order to induce them into the lease. FACs, ¶ 264. Plaintiffs reasonably relied on those representations and leased the Focus in reliance thereon, resulting in harm. FACs, ¶¶ 280-282.

Ford complains that sales agents who transmit its marketing materials are not "Ford's" agents. Under California law the existence of an agency is "generally a question of fact." *Brokaw v. Black-Foxe Military Institute* (1951) 37 Cal.2d 274, 278; *Avalon Painting Co. v. Alert Lumber Co.* (1965) 234 Cal.App.2d 178, 184-185. An agency may be implied based on conduct and circumstances. *Borders Online, LLC v. State Bd. of Equalization* (2005) 129 Cal.App.4th 1179, 1189.

Whether an agency relationship exists is context-specific. *Borders Online*, 129 Cal.App.4th at 1189. Moreover, an agency relationship is either actual or ostensible. *Howell v. Courtesy Chevrolet, Inc.* (1971) 16 Cal.App.3d 391, 401. Ostensible authority is judged by whether the agent appears to a reasonable outsider to have authority from the principal. Cal. Civil Code § 2317; see also *Tomerlin v. Canadian Indem. Co.* (1964) 61 Cal.2d 638, 643. To establish ostensible authority, the principal's consent may be implied by its acts or omissions which lead others to believe that the agent is speaking with authority. (*Tomerlin*, *supra*.)

Plaintiffs sufficiently have pleaded that the Ford dealers involved and those dealers' employees are agents of Ford for the purposes of sales and repairs. FACs, ¶¶ 182, 214, 247. A Rule 12(b)(6) motion admits all material facts properly pleaded.

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

Accordingly, Ford cannot simply rest on the argument that Plaintiffs have not pled proof of agency in this context.

### 2. Plaintiffs Pleaded Sufficient Facts To Maintain Their Concealment Cause Of Action.

The Court previously determined that Plaintiffs Quintero and Pedante, in their initial Complaints, sufficiently pleaded a duty to disclose; but that Plaintiffs Brown and Cannon, in their initial Complaints, had not. *See* Order of May 22, 2019, pp. 8-10. By way of their FACs, Plaintiffs Brown and Cannon have "fixed" this "duty problem," by way of the template FACs' incorporation, into the *Brown* and Cannon FACs, of the same allegations (and more) of the type the Court ruled were sufficient in the *Pedante* and *Quintero* initial Complaints.

In its Motions to Dismiss, Ford tries to re-argue this point as to all four of the IDP/test case Plaintiffs, making arguments that are identical save for the name of the Plaintiff whose FAC is challenged. But this issue has been resolved for purposes of Rule 12 analysis. A duty to disclose exists when, at a minimum, the defendant has exclusive knowledge of material facts not known to the plaintiff. *Heliotis v. Schuman*, 181 Cal. App. 3d 646, 651 (1986); *Falk v. General Motors Corp.*, 496 F.Supp.2d at 1094-95; *LiMandri v. Judkins*, 52 Cal.App.4th 326, 336.) Fraudulent omissions must be pled with particularity sufficient to satisfy Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126–27 (9th Cir. 2009). "To plead the existence of an omission sufficient to support a fraudulent concealment claim, a plaintiff 'must describe the content of the omission and where the omitted information should or could have been revealed.'" *Tapia v. Davol, Inc.*, 116 F.Supp.3d 1149, 1163 (S.D. Cal. 2015).

In the same ruling, the Court also rules that concealment cause of action in the initial Complaints did not sufficiently "allege exactly what the omission is," because while the initial Complaints detailed "a laundry list of ways in which their vehicles' performance is subpar . . . nowhere do they describe what exactly the defect is." Order

10

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

1   of May 22, 2019, at p. 11, citing (inter alia) *Callaghan v. BMW of N. Am., LLC*, 2014

2   WL 6629254 (N.D. Cal. Nov. 21, 2014).

3       Plaintiffs' FACs now exhaustively detail exactly what defects are present in the

4   DPS6 Transmissions, and how those defects cause performance problems. *See, e.g.,*

5   FACs, ¶¶ 30-42, 61-73, 88-100.)

6       According to Ford, the FAC alleges that Ford affirmatively disclosed alleged

7   defects to dealers, NHTSA, and "even directly to consumers." Ford, however, does

8   not cite any particular allegations in the FAC for this, but presumably this refers to

9   the TSBs and "customer service campaigns" it complains of elsewhere. The FAC

10  certainly does not allege that "customer service campaigns" or TSBs were shown to

11  Plaintiffs Brown or Cannon prior to their acquisitions of their defective Focus cars,

12  or to any prospective customers prior to sales or leases of these affected vehicles. On

13  the contrary, it should be self-evident that "customer service campaigns" are only sent

14  to those who are already "customers" who acquired a vehicle subject to the particular

15  campaign.

16      The FACs allege – with reference to multiple Ford internal documents – that

17  Ford concealed or suppressed the material fact that the Focus was equipped with a

18  defective PowerShift Transmission that would exhibit ongoing problems referred to

19  as the "Transmission Defects." *See Brown* FAC ¶¶ 30-106.44, ¶¶ 53-57.) Despite

20  Ford's access to years of analysis and feedback concerning the problematic

21  PowerShift transmission, Ford continued to conceal and suppress the information

22  regarding the Transmission Defect. *Id.* The existence of the Transmission Defect is a

23  material fact that a reasonable consumer would consider in determining whether to

24  purchase or lease a vehicle. FACs, ¶ 154. Because of the concealed Transmission

25  Defect, Plaintiffs were forced to deliver the Focus for repairs on numerous occasions,

26  each time for problems associated with the Focus' transmission. FACs, *passim*.

27      Finally, Plaintiffs contend that they suffered an ascertainable loss of money,

28  property, and value to the Focus because of Ford's concealment. *Brown* FAC, ¶ 269;

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S
MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

*Cannon* FAC ¶ 269. Plaintiffs were damaged by Ford's concealment of the Transmission Defect because Plaintiffs entered into the lease of a vehicle that Plaintiffs would not have otherwise leased. FACs, ¶¶ 270-271.

Ford's Motions do not deny that Ford had exclusive knowledge of material facts not known to Plaintiffs, nor that Ford actively concealed material facts from Plaintiffs. Ford also does not deny that the defects in the DPS6 are a safety hazard. Instead, Ford merely that Plaintiffs did not plead sufficiently specific facts to show that Ford had a duty to disclose those material facts to Plaintiffs. However, if the well-pleaded allegations in Plaintiffs' FAC are accepted as true – as they must be for the purposes of a Rule 12(b)(2) challenge – Ford had exclusive knowledge within the meaning of the law, the facts it knew were material, Plaintiffs relied on the nondisclosure, and that inured to their detriment. The allegations would clearly establish liability for fraudulent concealment. Therefore, Ford's Motion as to this cause of action fails.

However, should the Court desire additional specificity, Plaintiffs can allege extensive additional facts based on Ford's documents, published service bulletins, its internal records currently subject to protective orders, and other information concerning the technical causes of the transmission's defects; the symptoms attributed by Ford itself to each particular technical cause; the evidence demonstrating Ford's knowledge of the defects; and further information establishing that Ford was aware of and concealed widespread problems with the DPS6 PowerShift transmission prior to the sale of this Focus to Plaintiffs, and that Ford had a duty to disclose it to Plaintiffs via its dealerships or other means.

### C. Plaintiff Brown's Fraud Causes of Action are Not Time-Barred.

Ford did not challenge Plaintiff Brown's initial Complaint on status of limitations ("SOL") grounds, but now challenges fraud claims in the *Brown* FAC on

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

1  this basis.[4] This challenge is based on theory that Plaintiff Brown "did not file her

2  California action [against Ford] until April 13, 2018," and that "her fraud claims are

3  time-barred unless the running of the [SOL] was somehow tolled." *See Brown*, MPA,

4  p. 12, lns. 2-3. From this premise, Ford proceeds to argue that the filing and pendency

5  of the *Vargas* class action did not toll the SOL. This argument fails on multiple

6  grounds.

7        The initial defect in this argument is that Ford ignores that Plaintiff Brown

8  initially filed suit against Ford in Michigan state court (Circuit Court of Wayne

9  County) on October 27, 2017, as part of that Michigan state court mass action

10  captioned *Christopher Emanuel, et al. v. Ford Motor Company*, Third Judicial Circuit

11  of Michigan case # 17-015652-NZ. Plaintiff Brown's Michigan lawsuit was still

12  pending when it was "refiled" in Los Angeles County Superior Court, as *Christi*

13  *Brown v. Ford Motor Company,* Los Angeles Superior Court case # BC702775, on

14  or about April 13, 2018 and after it was removed by Ford to this Court on May 18,

15  2018, as USDC Cent. Dist. Cal. case # 2:18-cv-04190 (as evidenced by this Court's

16  files). Thereafter, and on December 6, 2018, Plaintiff Brown's Michigan lawsuit was

17  dismissed, without prejudice, with the other lawsuits (including that of Plaintiff Mary

18  Cannon) that had been similarly "refiled" in the California state courts, pursuant to

19  order of the Michigan trial court. *See* Gieleghem Decl., ¶¶ 14, 15; Exh. J (Third

20  Judicial Circuit of Michigan Docket for #17-015652).[5]

21        Even accepting Ford's argument that Plaintiff Brown should have discovered

22  Ford's fraud no later than March 27, 2015 (Brown MPA, p. 11, lns. 14 – p. 12, lns. 3)

23  – which Plaintiff Brown disputes – the Michigan lawsuit, filed on October 27, 2017

24  was within the three-year SOL Ford contends applies to Plaintiff's fraud claim.

25

26  [4] In contrast, Ford does not make a SOL challenge to the *Cannon* FAC.

27  [5] Plaintiff Mary Cannon's claims against Ford, which Ford does not challenge on SOL grounds, have a virtually identical "history." *See* Gieleghem Decl., ¶ 16.

28

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S
MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

Further, the pendency of the Michigan lawsuit tolled the SOL during the relevant period, under the authorities addressed below.

Why Ford simply ignored the Michigan lawsuit in making its SOL argument to this Court is a mystery, particularly given that at least one of the law firm's representing Ford in this case (Dykema Gossett PLLC, and John Thomas, Esq. of that firm) was and is representing Ford in the Michigan mass action lawsuits, and was aware of Plaintiff Brown's lawsuit in that proceeding, and the "refiling" of that lawsuit in California as detailed above. *See* Gieleghem Decl., ¶ 17. That said, and if despite Ford's knowledge of the filing and pendency of the Michigan lawsuit, this Court believes that the same should be alleged Plaintiff's operative complaint in this case, Plaintiff Brown respectfully requests leave to do so.

### 1. The *Brown* FAC Pleads Sufficient Facts To Establish Delayed Discovery.

Ford concedes, as it must, that the limitations period for fraud commences on discovery of the facts constituting the fraud. *See Hebrew Academy of San Francisco v. Goldman* 42 Cal.4th 883, 894 (2007); *April Enterprises, Inc. v. KTTV* 147 Cal.App.3d 805, 826-827 (1983) (cause of action does not accrue until "plaintiff discovers or should have discovered all facts essential to his cause of action" including "his injury and its [ ] cause"); *El Pollo Loco v. Hashim*, 316 F.3d 1032, 1039-1040 (9th Cir. 2003). Accrual of a claim is delayed when "[t]he injury or the act causing the injury, or both, [are] difficult for the plaintiff to detect," and where the defendant was "in a far superior position to comprehend the act and the injury." *April Enterprises* at p. 831. Whether the plaintiff exercised reasonable diligence is a question for the trier of fact. *Fox v. Ethicon-Endo Surgery, Inc.,* 35 Cal.4th 797, 810 (2005); *Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 1112 (1988).

Cherry-picking the allegations in the template FAC, Ford makes the same arguments that it makes against the *Quintero* and *Pedante* FACs, i.e., that there is no delayed discovery because (a) "Ford disclosed as early as 2011 that 'most of the

CONSUMER LEGAL REMEDIES, APC
THE RUSNECK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S
MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

CONSUMER LEGAL REMEDIES, APC

THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

components are derived from a manual transmission'" prior to Plaintiff Brown's acquisition of her 2014 Focus, though there is no allegation that this disclosure was either publicly disseminated outside Ford's dealerships or made to Plaintiffs individually; (b) that the *Vargas* class action was filed prior to Plaintiff Brown's acquisition of her Focus, though as Ford argues in the tolling section, the *Vargas* class action initially did not include 2014 model year vehicles; and (c) that Ford issued TSB's prior to Plaintiff Brown's acquisition of her Focus. None of these is sufficient to put Plaintiff Brown on notice, prior to her acquisition of her Focus, of defect information applicable to that vehicle. *See*, e.g., *Daniel v. Ford Motor Co.*, 2016 WL 2899026, at * (E.D. Cal. May 18, 2016) (law does "not require prospective customers to search the internet for complaints, they surely do not require them to contact numerous technicians to find out if any of them happen to know of any tire issues or, more importantly, an undisclosed rear suspension defect;" possibility of finding complaints online did not defeat Ford's duty to disclose); *Falk v. Gen. Motors Corp.* 496 F.Supp.2d 1088, 1092 (N.D. Cal. 2007) ("[m]any customers would not have performed an Internet search before beginning a car search" and they were not required to do so).

There is no allegation in the *Brown* FAC that demonstrates Ford made disclosures <u>to this Plaintiff</u> (through dealerships or otherwise) of material information concerning defects or problems experienced by consumers with PowerShift transmissions, prior to or contemporaneously with Plaintiff Browns' acquisition of her Focus.

Moreover, looking at the entirety of the FAC, the discovery date of Plaintiff Brown's claims is sufficiently alleged, e.g., "Plaintiff [Brown] could not have discovered Plaintiff's claims prior to March 27, 2015. Plaintiff could not, despite reasonable and diligent investigation, have discovered such on an earlier date because of Ford's fraudulent misrepresentations and concealment of defects in the PowerShift transmission in Plaintiff's vehicle, as previously alleged above." *Brown* FAC, ¶ 182.

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

CONSUMER LEGAL REMEDIES, APC
THE RUSNACK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

Ford also contends that there is no allegation that Plaintiff was diligent. But the *Brown* FAC alleges that, when the vehicle was serviced for the same transmission related issues alleged in the FAC, Ford reassured Plaintiff that the vehicle was fixed and there were no other problems present, etc. *See, e.g., Brown* FAC, ¶ 182. Ford does not show how Plaintiff could have been more diligent, inasmuch as she was not privy to Ford's internal information and did not allege any expertise in transmission operation or repair. In reality, all Plaintiff could have done was present her vehicle to Ford's authorized repair facility on experiencing a problem, which Plaintiff did. It is unreasonable and unrealistic for Ford to expect Plaintiff Brown to do anything else, such as perform her own diagnosis to ensure Ford properly inspected, diagnosed, and repaired her Focus.

### 2. Cross-Jurisdictional American Pipe Tolling Applies In California And As To Plaintiffs' Claims.

It is well-established that a limitations period is tolled while a class action is pending covering the same issues. *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974). Plaintiffs were putative class members in *Vargas v. Ford Motor Co.*, and allege that this tolled their statutes of limitation for bringing individual claims. Ford contends that the "California Supreme Court has not adopted *American Pipe,"* which is a misstatement. In truth, the California Supreme Court has evaluated *American Pipe* tolling, even if it has not yet applied it on the facts of a given case. Further, Ford's argument ignores binding California appellate authority. Thus, Ford is seeking a different standard in this Court than Ford would face in the California courts, where Ford regularly loses this argument.

At the outset however, it is not clear that this is a "cross-jurisdictional" situation at all, because this case is pending in the very same district court as *Vargas*.

In any event, under California law, tolling under *American Pipe* would require that: (1) the class action sufficiently protects the efficiency and economy of litigation; and (2) the class action provides the defendants with sufficient notice of individual

claims which may be asserted against them by class members. *See Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 1118-1120 (1988).

Ford contends that the federal district courts in *Hendrix v. Novartis Pharm. Corp.* (C.D. Cal. 2013) 75 F.Supp.2d 1100, and *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.* (C.D. Cal. 2011) 878 F.Supp.2d 1009, followed *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir.2008) to find that the California Supreme Court has not adopted cross-jurisdictional tolling. However, the holding in *Clemens* is misleading: While the California Supreme Court has not yet <u>applied</u> cross-jurisdictional tolling (and therefore neither "adopted" nor rejected it), the California Court of Appeal has expressly done so. *S.F. Unified School Dist. v. W.R. Grace & Co.*, (1995) 37 Cal.App.4th 1318, 1340.) Although the Ninth Circuit need not follow state appellate decisions in every circumstance, *e.g. Hubbard v. SoBreck, LLC*, 554 F.3d 742, 745 (9th Cir. 2009), California Superior Courts must. *Auto Equity Sales, Inc. v. Superior Court*, 57 Cal.2d 450, 455 (1962).

Ford ignores the holding and analysis in *San Francisco Unified*, which both <u>evaluated</u> and <u>applied</u> cross-jurisdictional *American Pipe* tolling. Under a heading titled "applicable law" the court analyzed the United States Supreme Court cases concerning class action tolling, namely *American Pipe* and *Crown, Cork & Seal Co. v. Parker* (1983) 462, U.S. 345. See, *S.F. Unified School Dist.*, 37 Cal.App.4th at 1336. The court then discussed the California Supreme Court's decision in *Jolly* not to toll a particular mass-tort prescription drug complaint due to insufficient notice of personal injuries via class action. *Id.* at 1337-38. The court analyzed *Becker v. McMillin Construction Co.* 226 Cal.App.3d 1493 (1991), which applied *American Pipe* tolling in a construction defect case. *Id.* Based on those authorities, *San Francisco Unified* tolled the limitations in a California case based on a class action filed in a Pennsylvania federal court: "a plaintiff who opts out of a federal class action is entitled to have the limitations period tolled during the time when it was a member of the class." *Id.* at 1340, see also James C. Martin, Colin E. Wrably, & Douglas C.

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

CONSUMER LEGAL REMEDIES, APC
THE RUSNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

1  Allen, Untolled Limitations, LOS ANGELES LAWYER, Oct. 2014, at 37-38 (*San*

2  *Francisco Unified* is the only California case to address *American Pipe* cross-

3  jurisdictional tolling, and accepted it).

4    Ford also concedes that "American Pipe tolling is a form of equitable tolling,"

5  and cites *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1188 (9th Cir.2009), which applied

6  "equitable tolling" cross-jurisdictionally to California state-law claims, while relying

7  on the prior case of *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th

8  Cir.2008) declining to apply California's analogue of American Pipe tolling cross-

9  jurisdictionally) and cases citing *Clemens*. See Brown MPA, p. 14. California cases

10  plainly treat *American Pipe* tolling as a form of equitable tolling. *See, e.g.*, *Becker v.*

11  *McMillin Constr. Co.*, 226 Cal.App.3d 1493, 150 (4th Dist.1991) (applying *American*

12  *Pipe* when "the substantive class and individual claims were sufficiently similar to

13  give [defendant] notice of the litigation"); *S.F. Unified Sch. Dist., supra* (permitting

14  tolling under *Jolly*). As such, *American Pipe* tolling is entirely consistent with the

15  California Supreme Court's examples of equitable tolling in *McDonald v. Antelope*

16  *Valley Community School District*, 45 Cal.4th 88, 100 (2008).

17    Ford does not dispute whether the *Vargas* action protected the efficiency of

18  litigation; it simply argues that Plaintiffs' claims are not "exactly the same" as in

19  *Vargas* because Plaintiffs assert common-law fraud claims and plead more detailed

20  facts than the original claims. *See Brown* MPA, p.p. 13-14.

21    However, *Vargas* asserted causes of action under the Consumer Legal

22  Remedies Act, which are substantively similar to fraud causes of action. Under

23  California law, tolling applies even if the claims are not *identical*, so long as they are

24  substantively similar and involve similar claims, subject matter, and evidence. *Falk*

25  *v. Children's Hosp. of Los Angeles*, 237 Cal.App.4th 1454, 1466-67 (2015)

26  (defendant simply needs notice of substantive claims as well as generic identities of

27  potential plaintiffs). It is irrelevant that *Vargas* did not allege the "exact same causes

28  of action" as Plaintiffs here. It is sufficient that there is sufficient notice of substantive

18

claims. To that end, *Vargas* alleged that the PowerShift transmission is not a traditional automatic, that it is defective in virtually all the same ways Plaintiffs allege, and that it poses an unreasonable safety hazard, all of which was concealed from consumers prior to sale. *See, e.g.*, *Vargas v. Ford Motor Co.*, Complaint ¶¶ 95-104 (alleging Ford knowingly concealed and failed to disclose facts regarding defective nature of transmissions, of which Ford had superior and exclusive knowledge and a duty to disclose, constituting deceptive misrepresentations and omissions.) This provides sufficient notice under California law.

Going against controlling appellate authority, Ford argues that California rejects cross-jurisdictional tolling. Ford relies on the Ninth Circuit ruling in *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008) in which the court found that the "California Supreme Court has not adopted such-cross jurisdictional tolling." (*Id*. at 1025.) However, the holding in *Clemens* is highly misleading: while the California Supreme Court has never addressed cross-jurisdictional tolling, the California Court of Appeal <u>*has*</u> recognized it. Although the Ninth Circuit need not follow California appellate decisions, **California Superior Courts must**. (*Auto Equity Sales, Inc. v. Superior Court*, 57 Cal. 2d 450, 455 (1962) [published decision of the Court of Appeal is binding on all trial courts].) Moreover, the Ninth Circuit applied cross-jurisdictional equitable tolling (not *American Pipe*) based on a class action filed in federal court in New Jersey. (*Hatfield v. Halifax PLC*, 564 F.3d 1175, 1189-90 (9th Cir. 2009).) The court emphasized the California Supreme Court's "general agreement with tolling in the class action context" and that "California has a strong interest in providing a remedy for wrongs committed against its citizens." (*Id*. at 1186-1187; 1190.)

### 3. Equitable Tolling Applies To Plaintiff Brown's Claims.

Ford argues that Plaintiff Brown is barred from asserting equitable tolling because there is no evidence of her taking "steps" prior to filing the instant action. Equitable tolling under California law suspends or extend a statute of limitations to

ensure that claims are not unfairly barred by a limitations period. (*Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185, (2009) [citations omitted]; *Collier v. City of Pasadena*, 142 Cal.App.3d 917 (1983).) The Ninth Circuit noted the California Supreme Court's "general agreement with tolling in the class action context" and emphasized that "California has a strong interest in providing a remedy for wrongs committed against its citizens." *Id.* at 1186-1187; 1189-1190 ((*Hatfield, supra*, at 1189-1190 (applying equitable tolling based on class action filed in federal court in New Jersey). California plainly accepts cross-jurisdictional equitable class action tolling.

Three factors are considered: (1) timely notice to defendant by filing of a class action claim; (2) absence of prejudice to the defendant in gathering evidence to defend against individual claims; and (3) good faith and reasonable conduct by the plaintiff in filing the individual claim. *Hatfield* at p. 1185. "The timely notice requirement essentially means that the [class action] must have been filed within the statutory period. Furthermore[,] the filing of the first claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim. Generally this means that the defendant in the first claim is the same one being sued in the second.' [Citation.] 'The second prerequisite essentially translates to a requirement that the facts of the two claims be identical or at least **so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second**.' [Citation]." *Downs v. Department of Water & Power*, 58 Cal.App.4th 1093, 1100 (1997); *see also* Ford's Motion at 20:13-16, citing same proposition).

For the same reasons discussed above, the factual allegations and causes of action in the *Vargas* class action were sufficiently similar to place Ford in a position to investigate and defend against Plaintiff Brown's claims here. *See also Forman v. Chicago Title Ins. Co.,* 32 Cal.App.4th 998, 1004 (1995) ("Under equitable tolling, plaintiff… would have been entitled to nearly two years after rejection of his claim to decide whether to file a lawsuit. But, he only used eleven months of that time before

20

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

CONSUMER LEGAL REMEDIES, APC
THE RESNIK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

bringing suit."); *Prudential-LMI Com. Ins. V. Superior Court,* 512 Cal.3d 674, 693 (1990). <u>There is no requirement</u> in *Hatfield* that a consumer explicitly "rely upon" the class action of which he/she was a putative member.

### D. Both The *Brown* and *Cannon* FACs Plead Sufficient Facts to Support a Civil Penalty.

Ford concedes the FACs sufficiently allege a violation of the Song-Beverly Act's express warranty protections. California law does not merely require Ford to try repeatedly to repair a vehicle, but to actually replace it or provide restitution *promptly* when attempts to repair it have become unreasonable. *Cummins, Inc. v. Super. Ct.* (2005) 36 Cal.4th 478, 483; CACI 3201; *Krotin v. Porsche Cars* 38 Cal.App.4th 294, 302-03 (1995) (law imposes affirmative duty to promptly issue remedy even in absence of consumer request, which is not consumer's duty under law); *Lukather v. General Motors, LLC* (2010) 181 Cal.App.4th 1041, 1050 (accord). A civil penalty may be imposed for any noncompliance unless the manufacturer establishes it maintains a qualified third-party dispute resolution process. Civil Code § 1794, subd. (e)(2). Whether or not the manufacturer maintains such a process, a civil penalty may be imposed if the manufacturer acted willfully. Civil Code § 1794, subd. (c). This requires only that the manufacturer knew of the facts supporting an obligation to issue the remedy and failure to issue it despite that.

> "A violation of § 1793.2(d)(2) is not willful if the defendant's failure to replace or refund was the result of a good faith and reasonable belief that the facts imposing the statutory obligation were not present. <u>This standard does not require the plaintiff to prove the defendant actually knew of its obligation to refund or replace because that requirement would allow manufacturers to escape the penalty by remaining ignorant of the facts.</u> "A decision made without the use of reasonably available information germane to that decision is not a reasonable, good faith decision." The Song–Beverly Act requires a manufacturer to maintain service and repair facilities in the state, and so the manufacturer is capable of knowing every failed repair attempt by reading its dealers' service records."

*Robinson v. Kia Motors America, Inc.* (E.D. Cal. 2011) 2011 WL 1459016, at *5. Ford cites no authority requiring that Plaintiffs explicitly plead a "request" or

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

"refusal." No California case has ever held that a "refusal" of a "request" is a prerequisite to pleading or even *proving* a willful violation. Nonetheless Ford complains that the *Brown* and *Cannon* FACs do not "allege [these Plaintiffs] asked Ford for a replacement or restitution, or the circumstances of any refusal, or any other facts showing Ford acted willfully." *See, e.g., Brown* MPA, p. 23, lns. 10-12; *Cannon* MPA, p. 18, lns. 12-14. On this basis, Ford contends that Plaintiffs included no "facts showing that Ford knew it had an "obligation to buy back [each Plaintiff's] car or make restitution but intentionally refused to do so." *Brown* MPA, p. 23, lns. 23-24; *Cannon* MPA, p. 18, lns. 25-27.

But Ford's argument ignores the extensive allegations in the FACs showing that Ford knew the DPS6 PowerShift Transmission was prone to repeated problems and safety hazards. Given Ford's extensive knowledge of these irreparable ongoing defects and safety hazards with these Transmissions, Ford was required to *affirmatively* issue remedies to consumers it knew were actually experiencing multiple transmission repairs, but failed to comply. Ford's noncompliance thus breached its obligations under the Song-Beverly Act and cannot be construed as "conclusive non-willfulness" based solely on Plaintiffs allegations alone. Cf. *Robinson, supra,* 2011 WL 1459016, at *5.

That said, these allegations are the same as those in the original Complaints of Plaintiffs Brown and Cannon, and this issue was not raised in Ford's prior Rule 12 motion or the Court's May 22, 2019 Order. Accordingly, Plaintiffs did not see a need to add special allegations in the FAC. If necessary, however, these Plaintiffs can and will plead a request to reimburse/repurchase and Ford's refusal – even though, again, Plaintiffs' had no legal duty to make such a request and are not obligated to so pleading in their complaints.

## V.   IF THE MOTIONS ARE GRANTED PLAINTIFFS SHOULD BE GIVEN LEAVE TO AMEND THEIR COMPLAINTS

Consumer Legal Remedies, APC
The Rusnick Building
331 North Beverly Drive, Suite 2, Beverly Hills, CA 90210

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S
MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

The Court has broad discretion to permit a party to amend its pleading. "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'" (*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted).)  The Ninth Circuit has noted on several occasions that the "Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.  Thus 'rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" (*Id*. (citations omitted).)  The court should grant leave to amend where there is no bad faith, undue delay, or prejudice to the opposing party.

If the Court concludes that the current Complaint fails to allege sufficient facts to support a judgment on any cause of action, Plaintiffs respectfully request that the Court permit amendment of the Complaint.  There is no evidence of bad faith or undue delay, and discovery is still open, thus there could be no prejudice to Ford.

## VI.   **CONCLUSION**

For the foregoing reasons, Ford's Motions to Dismiss as to Plaintiffs Mary Cannon and Christi Brown should be denied. In the alternative, and at most, each of Mary Cannon and Christi Brown should be granted leave to file a Second Amended Complaint.

DATED: July 19, 2019                                CONSUMER LEGAL REMEDIES, APC


/s/ Neil Gieleghem
Michael D. Resnick
Neil Gieleghem
Attorneys for Plaintiffs
MARY CANNON & CHRISTI BROWN

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

1

## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)

2

I, Michael D. Resnick, am the ECF User whose identification and password are

3

being used to file this document. In compliance with Civil Local Rule 5-4.3.4(a)(2)(i),

4

I hereby attest that all signatories have concurred in this filing.

5

Executed on July 19, 2019.

6

By: /s/ Michael D. Resnick

7

Michael D. Resnick

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S
MOTIONS TO DISMISS THE FACs OF MARY CANNON AND CHRISTI BROWN

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 331 North Beverly Drive, Suite 2, Beverly Hills, CA 90210.

On July 19, 2019, I served true copies of the following document(s) described as

**CLR PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINTS OF MARY CANNON AND CHRISTI BROWN**

on the interested parties in this action as follows:

SERVICE LIST
MDL #2814
Case No. 2:18-ML-02814 AB (FFMx)

Paul R. Kiesel, State Bar No. 119854
kiesel@kiesel.law
Jeffrey A. Koncius, State Bar No. 189803
koncius@kiesel.law
Nicole Ramirez, State Bar No. 279017
ramirez@kiesel.law
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:   310-854-4444
Fax:   310-854-0812
Lead/Liaison Counsel for Plaintiffs

Steve Mikhov, State Bar No. 224676
stevenm@knightlaw.com
Russell Higgins, State Bar No. 226124
russellh@knightlaw.com
KNIGHT LAW GROUP LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Tel: 310-552-4444
Fax: 310-552-7973
Attorneys for Knight Law Group Plaintiffs

Payam Shahian, State Bar No. 228406
pshahian@slpattorney.com
Rowena Santos, State Bar No. 210185
rsantos@slapattorney.com
STRATEGIC LEGAL PRACTICES, APC
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Tel: 310-929-4900
Fax: 310-943-3838
Attorneys for SLP Plaintiffs

Stephen H. Dye, State Bar No. 104385
sdye@schnader.com
Richard J. May, State Bar No. 234684
rmay@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
650 California Street, 19th Floor
San Francisco, CA 94108-2736
Tel: 415-365-6700
Fax: 415-364-6785
Attorneys for Ford Motor Company

H. Paul Efstratis, Esq., State Bar No. 242373
Paul.efstratis@leclairryan.com
Kristina O. Lambert, Esq., State Bar No. 290403
kristina.lambert@leclairryan.com
Taylor F. Sullivan, Esq., State Bar No. 297014
Taylor.sullivan@leclairryan.com
LECLAIRRYAN, LLP
44 Montgomery Street Suite 3100
San Francisco, CA 94104
TELEPHONE: 415.391.7111
FAX: 415.391.8766
Attorneys for Defendant Ford Motor Company

John M. Thomas, State Bar No. 266842
jthomas@dykema.com
DYKEMA GOSSETT PLLC
2723 South State Street, Suite 400
Ann Arbor, MI 48104
Tel:   734-214-7613

PROOF OF SERVICE

Fax:   734-214-7696

Attorneys for Ford Motor Company in MDL #2814 Cases

Amir Nassihi, State Bar No. 235936
anassihi@shb.com
SHOOK HARDY BACON
One Montgomery, Suite 2700
San Francisco, CA 94104-4505
Tel:   415-544-1900
Fax:   415-391-0281

Attorneys for Ford Motor Company in MDL #2814 Cases

Spencer P. Hugret, State Bar No. 240424
shugret@gordonrees.com
Molly J. Mrowka (SBN 190133)
mmrowka@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
Embarcadero Center West
275 Batter Street, Suite 2000
San Francisco, CA 94111
Tel:   415-986-5900
Fax:   415-986-8054

Attorneys for Ford Motor Company in MDL #2814 Cases

[X]    (BY E-FILE) The above document was served on the interested party named above by electronic means via E-file.

[ ]    (BY MAIL) The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with this office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand to the addressee.

[X] (FEDERAL) I declare that I am a member of the Bar of this Court.

      Executed on July 19, 2019, at Beverly Hills, CA.

                /s/ Michael D. Resnick