GORDON REES SCULLY MANSUKHANI LLP
Spencer P. Hugret (SBN 240424)
shugret@grsm.com
Molly J. Mrowka (SBN 190133)
mmrowka@grsm.com
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA  94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

DYKEMA GOSSETT PLLC
John M. Thomas (SBN 266842)
jthomas@dykema.com
2723 South State Street, Suite 400
Ann Arbor, MI 48104
Telephone: (734) 214-7613
Facsimile: (734) 214-7696

*Additional Counsel on Signature Page*

Attorneys for Defendant
FORD MOTOR COMPANY

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION** | Case No. 2:18-ML-02814-AB (FFMx) |
| | Assigned to Hon. Andre Birotte, Jr. Courtroom:7B |
| **THIS DOCUMENT RELATES ONLY TO:** | **DEFENDANT FORD MOTOR COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING AT TRIAL** |
| *Brown, Christi v. Ford Motor Company,* 2:18-cv-04190-AB-FFM | DATE: September 26, 2019 |
| *Cannon, Mary v. Ford Motor Company,* 2:18-cv-04817-AB-FFM | TIME: 10:00 a.m. |
| *Quintero, Yvonne, et al. v. Ford Motor Company,* 2:18-cv-01912-AB-FFM | COURTROOM: 7B |
| *Pedante, Mark v. Ford Motor Company,* 2:17-cv-06656-AB-FFM | |

# <u>TABLE OF CONTENTS</u>

**Page**

I.  PLAINTIFFS HAVE FAILED TO COMPLY WITH THEIR MANDATORY EXPERT WITNESS DISCLOSURE OBLIGATIONS UNDER RULE 26..................................................1

    A.  Plaintiffs' Violation of Local Rule 7-3 ..............................1

    B.  The Requirements of Rule 26(a) Are Mandatory as to Any Expert Retained To Testify.............................................2

    C.  Plaintiffs' Violation of Rule 26(a)(2)(A)..............................2

    D.  None of The Plaintiffs' Challenged Reports Meet The Plain Requirements Of Rule 26.......................................3

    E.  Plaintiffs Cannot Shift Their Mandatory Disclosure Obligations Under Rule 26 Onto Ford ......................................8

    F.  "Supplemental" Reports Cannot Be Used to "Fix" the Problems with Plaintiffs' Challenged Reports.....................................10

II.  PURSUANT TO RULE 37 AND RULE 16, PLAINTIFFS' EXPERTS SHOULD BE EXCLUDED FROM TESTIFYING AT TRIAL ..............................................................................11

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANT FORD MOTOR COMPANY'S REPLY ISO MOTION TO EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING

**2:18-ml-2814-AB-FFMx**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. J. Meyers Builders, Inc.*,
    671 F. Supp. 2d 262 (D. N.H. 2009)................................................................12

*Aircraft Gear Corp. v. Kaman Aerospace Corp.*,
    1995 U.S. Dist. LEXIS 13962, 1995 WL 571431 (N.D. Ill. Sept. 25, 1995)........9

*Anderson v. Caldwell Cnty. Sheriff's Office*,
    2011 U.S. Dist. LEXIS 63103, 2011 WL 2418509 (W.D.N.C. June 13, 2011)....8

*Bell v. United States*,
    No. 12CV1053-CAB (DHB), 2013 U.S. Dist. LEXIS 196471,
    2013 WL 12072523 (S.D. Cal. Nov. 25, 2013) ....................................................14

*Beller ex rel. Beller v. United States*,
    221 F.R.D. 689 (D.N.M. 2003)................................................................11

*Beller v. United States*,
    221 F.R.D. 689 (D. New Mex. 2003) ......................................................2, 11

*Celador Int'l Ltd. v. Walt Disney Co.*,
    2008 U.S. Dist. LEXIS 130281 (C.D. Cal. 2008)................................................5

*Ciomber v. Coop. Plus, Inc.*,
    527 F.3d 635 (7th Cir. 2008)................................................................3, 9

*Cooper Tire & Rubber Co. v. Farese*,
    No. 3:02cv210, 2008 U.S. Dist. LEXIS 96729, 2008 WL 5104745
    (N.D. Miss. Nov. 26, 2008)................................................................10

*Cuffee v. Dover Wipes, Co.*,
    334 F. Supp. 2d 565 (D. Del. 2004)................................................................14

*Dayton Valley Investors, LLC v. Union Pac. R.R.*,
    2010 U.S. Dist. LEXIS 108232 (D. Nev. 2010) ................................................9

*Elgas v. Colo. Belle Corp.*,
    179 F.R.D. 296 (D. Nev. 1998)................................................................8

*Fidelity National Title Co. of New York v. Intercounty Nat. Title Ins. Co.*,
    412 F.3d 745 (7th Cir. 2005)................................................................5

*Georgou v. Fritzshall*,
    1996 U.S. Dist. LEXIS 1823 (N.D. Ill. 1996) ................................................6

*Gonzalez v. United States*,
    2019 U.S. Dist. LEXIS 84832 (E.D. Cal. May 20, 2019) ..............................4

*Hambrook v. Smith*,
    2016 U.S. Dist. LEXIS 100477, 2016 WL 4084110 ................................................9

DEFENDANT FORD MOTOR COMPANY'S REPLY ISO MOTION TO
EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING
**2:18-ml-2814-AB-FFMx**

*Haworth, Inc. v. Herman Miller, Inc.*,
    162 F.R.D. 289 (W.D. Mich. 1995) ................................................... 6

*Hicks v. Dairyland Ins. Co.*,
    2009 U.S. Dist. LEXIS 76832, 2009 WL 2243794 (D. Nev. July 24, 2009) ........ 8

*Hilt v. SFC, Inc.*,
    170 F.R.D. 182 (D. Kan. 1997) ....................................................... 6

*Janicki Logging Co. v. Mateer*,
    42 F.3d 561 (9th Cir. 1994) ......................................................... 15

*Jarrow Formulas, Inc. v. Now Health Grp., Inc.*,
    2012 U.S. Dist. LEXIS 113192, 2012 WL 3186576
    (C.D. Cal. Aug. 2, 2012) ............................................................. 11

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ........................................................ 14

*Karn v. Rand*,
    168 F.R.D. 633 (N.D. Ind. 1996) ................................................... 5

*Lohnes v. Level 3 Comm., Inc.*,
    272 F.3d 49 (1st Cir. 2001) .......................................................... 2

*Luke v. Family Care & Urgent Med. Clinics*,
    323 Fed. App'x. 496 (9th Cir. 2009) .............................................. 11

*Mariscal v. Graco, Inc.*,
    52 F. Supp. 3d 973 (N.D. Cal. 2014) ............................................. 9

*Metro Ford Truck Sales, Inc. v. Ford Motor Co.*,
    145 F.3d 320 (5th Cir. 1998) ........................................................ 11

*Morse v. SEG US 95, LLC*,
    2011 U.S. Dist. LEXIS 20274 (D. Ida. 2011) ............................... 10, 15

*Musser v. Gentiva Health Servs.*,
    356 F.3d 751 (7th Cir. 2003) ........................................................ 3

*Nguyen v. IBP, Inc.*,
    162 F.R.D. 675 (D. Kan. 1995) .......................................... 2, 3, 8, 13

*Patton v. Wal-Mart Stores, Inc.*,
    2013 U.S. Dist. LEXIS 165689 (D. Nev. 2013) .............................. 14

*Pineda v. City & Cty. of San Francisco*,
    280 F.R.D. 517 (N.D. Cal. 2012) .................................................. 12

*Plumley v. Mockett*,
    836 F. Supp. 2d 1053 (C.D. Cal. 2010) ...................................... 10, 11

*Pomales v. Bridgestone Firestone, Inc.*,
    217 F.R.D. 290 (2003) ................................................................ 12

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANT FORD MOTOR COMPANY'S REPLY ISO MOTION TO
EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING
**2:18-ml-2814-AB-FFMx**

*Reliance Ins. Co. v. La. Land & Exploration Co.*,
 110 F.3d 253 (5th Cir. 1997) ................................................................10

*Rovid v. Graco Children's Prods.*,
 2018 U.S. Dist. LEXIS 192449 (N. D. Cal. 2018) .................................9

*Shakespear v. Wal-mart Stores, Inc.*,
 No. 12-cv-1064, 2013 U.S. Dist. LEXIS 100644 (D. Nev. July 8, 2013) ...........13

*Shore v. Brown*,
 2009 WL 3273263 (E.D. Cal. Oct. 9, 2009) ......................................14

*Smith v. State Farm Fire and Cas. Co.*,
 164 F.R.D. 49 (S.D. W.Va. 1995) ........................................................4

*Suzuki v. Helicopter Consultants of Maui, Inc.*,
 Civ. No. 13-00575JMS-KJM, 2016 U.S. Dist. LEXIS 89065,
 2016 WL 3753079 (D. Haw. July 8, 2016) ..........................................13

*Trigon Ins. Co. v. United States*,
 204 F.R.D. 277 (E.D. Vir. 2001) .......................................................5, 6

*United States v. City of Torrance*,
 163 F.R.D. 590 (C.D. Cal. 1995) .........................................................6

*Wilderness Development, LLC v. Hash*,
 2009 WL 564224 (D. Mont. 2009) ....................................................14

*Wong v. Regents of Univ. of California*,
 410 F.3d 1052 (9th Cir. 2005) ...........................................................14

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
 259 F.3d 1101 (9th Cir. 2001) ...........................................11, 12, 14

**Rules**

Federal Rules of Civil Procedure,
 Rule 1 ...................................................................................................13

Federal Rules of Civil Procedure,
 Rule 16 .......................................................................................11, 14, 15

Federal Rules of Civil Procedure,
 Rule 26 ........................... 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15

Federal Rules of Civil Procedure,
 Rule 37 .........................................9, 10, 11, 12, 13, 14, 15

Federal Rules of Evidence,
 Rule 702 .................................................................................................3

Federal Rules of Evidence,
 Rule 703 .................................................................................................3

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANT FORD MOTOR COMPANY'S REPLY ISO MOTION TO
EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING
**2:18-ml-2814-AB-FFMx**

Federal Rules of Evidence,
   Rule 705 ........................................................................................................ 3

Local Rules,
   Rule 7-3 ............................................................................................... 1, 2, 14

**Other Authorities**

8A Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE
   Section 2289.1, 704 (2d ed. 1994) ........................................................... 12

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANT FORD MOTOR COMPANY'S REPLY ISO MOTION TO
EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING
**2:18-ml-2814-AB-FFMx**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Plaintiffs have failed to meet the requirements of Federal Rules of Civil Procedure 26.  Plaintiffs have failed to comply with this Court's June 5, 2019 Scheduling Order.  Plaintiffs have failed to meet and confer in violation of Local Rule 7-3 after being provided with Ford's written request for a Conference of Counsel, accompanied by a detailed spreadsheet of the each of the deficiencies in the Challenged Reports, on July 27, 2019.  Plaintiffs' abject failure to comply with the Federal Rules, the Local Rules, and the Order of this Court has prejudiced Ford.  Nothing in Plaintiffs' Opposition brief changes these salient facts.

More specifically, as a direct result of Plaintiffs' failure to comply with Federal Rule of Civil Procedure 26, Local Rule 7-3, the June 2019 Scheduling Order of this Court, and the Standing Order of this Court, Ford is faced with the prospect of confronting at trial the testimony of expert witnesses for which Ford has received no reports that it is entitled to under Rule 26.  Moreover, Ford must face these witnesses without having been afforded any meaningful opportunity to depose these experts on the bases of the evidence and all opinions they intend to express to the jury.  This profoundly prejudicial state of affairs is the direct result of Plaintiffs' persistent and willful refusal to fulfill their responsibilities under the Federal Rules of Civil Procedure, the Local Rules, and this Court's express orders.  This should not be allowed to stand.  Accordingly, Ford respectfully requests that this Court grant its Motion to Exclude.

## I.    PLAINTIFFS HAVE FAILED TO COMPLY WITH THEIR MANDATORY EXPERT WITNESS DISCLOSURE OBLIGATIONS UNDER RULE 26

### A.    Plaintiffs' Violation of Local Rule 7-3

On July 27, 2019, more than 30 days prior to filing the instant Motion, Ford sent Plaintiffs a written request for a Local Rule 7-3 Conference of Counsel, and provided Plaintiffs with a spreadsheet detailing the Challenged Reports' non-compliance with Federal Rule of Civil Procedure 26.  (*See* Doc. 443-16.)  Plaintiffs

DEFENDANT FORD MOTOR COMPANY'S REPLY ISO MOTION TO
EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING
**2:18-ml-2814-AB-FFMx**

refused to meet and confer.  (*See* Doc. 443-2 at p. 5, ¶ 20.)  Plaintiffs' failure to comply with the Local Rule 7-3, exposes Plaintiffs' statement in their Opposition that, "Ford did not follow the necessary procedural steps as a prerequisite to the instant motion", to be a complete falsehood.  (Doc. 453 at p. 8:25-27.)  Further, as discussed *infra*, Plaintiffs' argument that Ford's decision not to take the depositions of the authors of the Challenged Reports somehow absolves Plaintiffs of their mandatory responsibilities under Rule 26 is unavailing.

## B.    The Requirements of Rule 26(a) Are Mandatory as to Any Expert Retained To Testify

"A party may not simply retain an expert and then make whatever disclosures the expert is willing or able to make notwithstanding the known requirements of Rule 26."  *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 681 (D. Kan. 1995).  "The requirements of the Rule 26(a) are mandatory as to any expert retained to testify.  If the expert is unable or unwilling to make the disclosures he [or she] should be excluded as a possibility for retention as an expert witness in the case."  *Id*.  "The adverse party should not be placed at a disadvantage or be deprived of the full benefits of Rule 26 by the selection of an expert who cannot or will not make the required disclosures."  *Id*.  "The Court recognizes that the burdens imposed on experts…are onerous.  But, both the Advisory Committee comments as well as court decisions warn of the consequences of non-compliance."  *Beller v. United States*, 221 F.R.D. 689, 694 (D. New Mex. 2003).  The expert disclosure requirements are not merely aspirational, and courts must deal decisively with a party's failure to adhere to them.  *Lohnes v. Level 3 Comm., Inc*. 272 F.3d 49, 60 (1st Cir. 2001).

## C.    Plaintiffs' Violation of Rule 26(a)(2)(A)

Plaintiffs argue that they did not serve disclosures of Dr. Luna, because they are not required to do so.  Plaintiffs state that, "nowhere does the Rule state, hold, or even imply that the report must also include any kind of separate/prefatory

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANT FORD MOTOR COMPANY'S REPLY ISO MOTION TO EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING

pleading by counsel indicating the witness was "designated.'" (Oppo., Doc. 453 at p. 9:26-27.) Plaintiffs are clearly mistaken. Rule 26 literally requires the Plaintiffs to serve a disclosure of the experts they may use at trial. "The Federal Rules of Civil Procedure demand this formal designation." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2003). Rule 26(a)(2)(A) states, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. Proc. 26(a)(2)(A). This disclosure must be accompanied by a written report, prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B).

"Indeed, Rule 26(a)(2) makes it clear that the expert witness's identity is a separate fact that must be disclosed in addition to the report. *See* Fed. R. Civ. P. 26(a)(2)(B) (stating that disclosure of expert witness's identity "must be accompanied" by the expert report)." *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008); *Musser,* 356 F.3d at 756-57 (explaining the procedure for disclosing expert witnesses' identity, stating, "…these disclosures should be in writing, signed by counsel, and served to opposing counsel. Fed. R. Civ. P. 26 (a)(4).") As it is undisputed that Plaintiffs did not serve formal disclosures of Dr. Luna, she should be excluded.

## D.     None of The Plaintiffs' Challenged Reports Meet The Plain Requirements Of Rule 26

All of the Challenged Reports are non-compliant with Rule 26. Federal case law has interpreted Rule 26(a)(2)(B)(i) as requiring that an expert report be whole and complete in and of itself and that it must include all of the information identified in subsections (i)-(vi). *See Ngyen*, 162 F.R.D. at 679.

Each of the Challenged Reports violate at least 4 or more subsections of Rule 26(a)(2)(B), as summarized below. (*See also* Doc. 443-4, CHART OF FED. R. CIV. P. 26 DEFICIENCIES.)

DEFENDANT FORD MOTOR COMPANY'S REPLY ISO MOTION TO EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

| Name of Expert | (i) Complete Statement of All Opinions & Bases of Opinions | (ii) All facts and data considered | (iii) Trial Exhibits | (iv) Publications for past 10 years | (v) Prior Expert testimony | (vi) Statement of Compensation for (i) study of case, and (ii) testimony |
|---|---|---|---|---|---|---|
| *Quintero v. Ford Motor Company* | | | | | | |
| Anthony Micale | No | No | Yes | No | No | No |
| Darrell Blasjo | No | No | No | No | No | No |
| Barbara Luna | No | No | Yes | Yes | No | No |
| *Pedante v. Ford Motor Company* | | | | | | |
| Anthony Micale | No | No | Yes | No | No | No |
| Barbara Luna | No | No | Yes | Yes | No | No |
| Darrell Blasjo | No. | No. | No. | No. | No. | No[1] |
| Steve Miller | No. | No. | No. | No. | No. | No. |
| *Cannon v. Ford Motor Company* | | | | | | |
| Anthony Micale | No. | No. | Yes. | No. | No. | No. |
| Randall Bounds | No. | No. | No. | No. | No. | No. |
| *Brown v. Ford Motor Company* | | | | | | |
| Randall Bounds | No. | No. | No. | No. | No. | No. |
| Darrell Blasjo | No. | No. | No. | No. | No. | No. |

With respect to subsection (i), the Plaintiffs' experts' reports all fail to state all opinions the witness will express and the basis and reasons for them.  For example, Mr. Bounds' reports in *Cannon* and *Brown* admittedly provide only "Preliminary Opinions."  This, in and of itself, is a violation of Rule 26.[2]  *See Smith v. State Farm Fire and Cas. Co.*, 164 F.R.D. 49, 53 (S.D. W.Va. 1995) ("A 'preliminary' report is not contemplated by the Rule, which calls for 'a complete statement of all opinions to be expressed.'"); *Gonzalez v. United States*, 2019 U.S. Dist. LEXIS 84832 at *11 (E.D. Cal. May 20, 2019) (same).  Plaintiffs' argument

---

[1] Mr. Blasjo did not disclose his hourly rate for studying the case in his reports for *Quintero*, *Brown* and *Pedante*.  Thus, despite the error in Doc. 443-4 with respect to *Pedante*, his reports in each of these cases fail to comply with subsection (vi).

[2] The Challenged Reports suffer from a slew of other problems, including the facts that the opinions expressed are unsupported by the data, and reflect methodology gaps between data and opinion; opinions do not reliably flow from the underlying data; opinions are based upon speculation; opinions expressed include those with the sole purpose of creating prejudice; and opinions are expressed by experts whom are not qualified to render such opinions.  These deficiencies are apparent on their face, but to the extent that this Court believes that these specific problems are better suited to be addressed more fully in *Daubert* motions, Ford will be filing its *Daubert* motions on September 16, 2019.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   to the contrary misses the mark.  The balance of the Challenged Reports simply do

2   not comply with subsection (i).  (*See* Doc. 443-4.)

3           Similarly, with respect to subsection (ii), the experts are required to disclose

4   the facts and data considered by each expert in forming his/her opinions.  Here, the

5   Challenged Reports fail to do so.  Plaintiffs' argument that "no expert is required to

6   retain every scrap of paper used in the course of his preparation, only documents

7   that would be helpful to an understanding of his expert opinion or that the

8   opposing party might use in cross-examination" (Oppo., Doc. 453:15-19), is not

9   what the plain language of Rule (ii) provides.  An expert's report must include "the

10  facts or data **considered** by the witness in forming" his expert opinion."  Fed. R.

11  Civ. P. 26(a)(2)(B) (emphasis added).  Plaintiffs cite to the Seventh Circuit case of

12  *Fidelity National Title Co. of New York v. Intercounty Nat. Title Ins. Co.* 412 F.3d

13  745 (7th Cir. 2005) for support.  However, the *Fidelity National* case has been cited

14  by a Central District Court for the following statement, "A testifying expert must

15  disclose ... whatever materials are given to him to review in preparing his

16  testimony, even if in the end he does not rely on them in formulating his expert

17  opinion, because such material often contain effect ammunition for cross-

18  examination."  *Celador Int'l Ltd. v. Walt Disney Co.*, 2008 U.S. Dist. LEXIS

19  130281 at *7 (C.D. Cal. 2008).  Indeed, information considered, but not relied

20  upon, can be of great importance in understanding and testing the validity of an

21  expert's opinion.  *Trigon Ins. Co. v. United States*, 204 F.R.D. 277 (E.D. Vir.

22  2001).  The Court in *Trigon* stated,

23          Caselaw also supports the view that documents reviewed (not just
        those upon which the expert relied) by an expert witness are to be
24      disclosed.  In *Karn v. Rand*, 168 F.R.D. 633 (N.D. Ind. 1996), a
        federal district court held that the Advisory Committee clearly
25      intended a broader scope of disclosure by rejecting the previous term
        "relied upon" and using, instead, the term "considered".  Any
26      information reviewed by an expert will be subject to disclosure
        including drafts of reports sent from and to the testifying experts.  *See,*
27      *e.g., Georgou v. Fritzshall, 1996 U.S. Dist. LEXIS 1823* (N.D. Ill.

28

5

1996) (Rule 26 and the Advisory Committee Notes mandate that materials furnished to experts used in forming an expert's opinion, whether or not ultimately relied upon by expert, must be disclosed); *Haworth, Inc. v. Herman Miller, Inc*., 162 F.R.D. 289, 293 (W.D. Mich. 1995) (reliance by an expert is unnecessary; all documents considered by expert must be disclosed except portions containing counsel's mental impressions); *United States v. City of Torrance*, 163 F.R.D. 590, 593 (C.D. Cal. 1995) (disclosure of all documents considered by an expert is necessary to assure the independence of an expert's opinion; rejected documents could be more important to a cross-examination than the documents actually relied upon).

*Id*. at 282-283.[3]

In the cases at issue herein, due to the vast universe of documents and data, the references in Plaintiffs' Challenged Reports to "other documents", "multiple pages of documents from FMC 360", and "numerous" unidentified depositions of Ford employees", are sketchy and vague.  Also problematic is Mr. Micale who admits that he has not even completed his review "due to the immense size and number of documents within Ford's exhibits."  Likewise deficient is Dr. Luna's report which refers to what she "typically" reviews and what she does "at times…but not always" (such as interviewing "relevant" individuals).  (*See* Doc. 443-4.)

Another failure of the Challenged Reports is the omission of the exhibits each expert intends to use at trial as required by subsection (iii).  Plaintiffs first take the position in their Opposition that they are not required to include graphics or exhibits if the expert will not be using any at trial, which is consistent with Rule 26(a)(2)(B)(iii), which requires the disclosure of the exhibits used to summarize or support his/her opinions.  However, Plaintiffs then attempt to skirt the plainly-worded language of subsection (iii), in Plaintiffs' Exhibit G, by stating that

---

[3] Plaintiffs' claim that *Hilt v. SFC, Inc*., 170 F.R.D. 182, 185 (D. Kan. 1997) is inapplicable because the issues with that expert report in that case were presented to the Court via a different procedural mechanism is unpersuasive.  The Court in *Hilt* evaluated the expert's report for compliance with Rule 26, and found the report to be deficient on numerous grounds.

6

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

"Plaintiffs take the position that his[her] designated experts are not required to include graphics in their expert reports."  (Doc. 453-8, at pp. 3, 5, 6-9, 11.) Subsection (iii) expressly requires disclosure of the trial exhibits, and Plaintiffs cite no legal support for their nonsensical position, nor any legitimate justification for failing to include all exhibits their experts intend to use at trial.

An additional failure in the Challenged Reports is the lack of disclosure of prior publications made in the last 10 years, as required by subsection (iv). Plaintiffs take the position that not making *any* statement in their disclosures as to subsection (iv), is sufficient.  Not so.  Ford is not required to undertake discovery to determine whether each expert authored any publications, rather; Plaintiffs are required to disclose whether they have and what they were for the past 10 years.

It is undeniably clear, that all of the Challenge Reports fail to provide complete information with respect to subsection (v), prior testimony.  *See* Doc. 443-4.  The purpose for requiring a list of prior testimony is to enable opposing counsel to obtain prior testimony, eliminate unfair surprise to the opposing party, and to conserve resources.  Plaintiffs argue that they provided "sufficient" detail to obtain the prior testimony, and specifically with regard to Mr. Micale, Plaintiffs state, "[w]hile Mr. Micale's report only provides the case names, such information also provides Ford with sufficient detail to enable it to obtain this testimony, if needed."  (Oppo., Doc. 453 at p.23:8-10.)  This is absurd.  A shining example of non-compliance is Mr. Micale's reports – providing only last names, such as, "Carruthers", "Davenport", "Wafer", and "Weston" hardly provides "sufficient detail" to obtain the expert's testimony; in reality it renders obtaining the prior testimony an impossible task.  Given that an expert witness may not shift the burden of researching prior testimony to the discovering party by providing sketchy and vague information, Plaintiffs' Challenged Reports do not comply with the requirement of disclosure of prior testimony.  *See Hicks v. Dairyland Ins. Co.*, 2009 U.S. Dist. LEXIS 76832, 2009 WL 2243794, at **5-6 (D. Nev. July 24,

DEFENDANT FORD MOTOR COMPANY'S REPLY ISO MOTION TO EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING

**2:18-ml-2814-AB-FFMx**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

2009); *Nguyen*, 162 F.R.D. at 682; *Anderson v. Caldwell Cnty. Sheriff's Office*, 2011 U.S. Dist. LEXIS 63103, 2011 WL 2418509, at *1 (W.D.N.C. June 13, 2011); *Elgas v. Colo. Belle Corp.*, 179 F.R.D. 296, 300 (D. Nev. 1998).

Finally, the Challenged Reports fail to comply with subsection (vi), for the very simple reason that the reports either do not provide their hourly rate for studying the case, and/or for testifying.  (*See* Doc. 443-4.)  Both of which are required to be disclosed. Fed. R. Civ. P. 26(a)(2)(B)(vi).  The experts identify a panoply of rates for different tasks, but they do not disclose how they categorize those tasks.  Ford is not tasked with guessing at any of the expert's rates for study of the case, and the same is true for rates for testimony.  As such, the Challenged Reports fail to disclose the requisite information.

In sum, none of the Challenged Reports include all of the information mandatorily required to be disclosed by subsections (i)-(vi).[4]  (*See* Doc. 443-4.) By failing to disclose the requisite information, "the burden [effectively] shifted from the disclosing party to the discovering party, [and] [s]uch is not contemplated by Fed. R. Civ. P. 26(a)(2)(B)." *Nguygen*, 162 F.R.D. at 682.  Further, Plaintiffs' non-compliance with Rule 26 materially prejudices Ford in preparing its defense.

### E.  Plaintiffs Cannot Shift Their Mandatory Disclosure Obligations Under Rule 26 Onto Ford

Plaintiffs' Opposition repeatedly suggests that taking the depositions of the Plaintiffs' experts is a cure-all for their non-compliant reports, and that Ford's decision to not to take depositions absolves Plaintiffs of their mandatory duty to comply with the disclosure requirements of Rule 26, renders the error harmless, and saves them from the exclusion of their experts.  In nearly every column of Plaintiffs' Exhibit G, Plaintiffs attempt to blame Ford not taking the depositions of

---

[4] Based upon Plaintiffs' representations that they are not calling Mr. Micale in *Brown*, and Mr. Blasjo in *Cannon* to testify as expert witnesses, Ford withdraws its contentions as to Plaintiffs' failure to serve expert reports for Mr. Micale in *Brown*, and Mr. Blasjo in *Cannon*.  Had Plaintiffs responded to Ford's L.R. 7-3 request, this could have been resolved prior to the filing of the instant Motion.

DEFENDANT FORD MOTOR COMPANY'S REPLY ISO MOTION TO EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING
**2:18-ml-2814-AB-FFMx**

the authoring experts for the deficiencies in the Challenged Reports.  (*See* Doc. 453-8.)  This position has no merit.

Courts have consistently held that a party is not absolved from their Rule 26 mandatory disclosure obligations simply by the availability of an expert for deposition.  *Rovid v. Graco Children's Prods*., 2018 U.S. Dist. LEXIS 192449 at *33 (N. D. Cal. 2018) (rejecting Plaintiffs argument that that their failure was "either substantially justified or harmless," as required under Rule 37(c)(1) where the expert was offered up for another deposition.); *see also Aircraft Gear Corp. v. Kaman Aerospace Corp*., 1995 U.S. Dist. LEXIS 13962 **4-5, 1995 WL 571431 at *1 (N.D. Ill. Sept. 25, 1995); *Dayton Valley Investors, LLC v. Union Pac. R.R*., 2010 U.S. Dist. LEXIS 108232 at **12-13 (D. Nev. 2010).

"Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony."  *Hambrook v. Smith*, 2016 U.S. Dist. LEXIS 100477 at *8, 2016 WL 4084110, at *2 (quoting *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008) ("After all, the parties' need for expert depositions would increase if they could use deposition testimony to provide information they should have initially included in their Rule 26(a)(2) report.").) An expert report "must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources."  *Hambrook,* 2016 U.S. Dist. LEXIS 100477 at *8.  Parties are "entitled to a complete disclosure of all opinions – not a sneak preview of a moving target."  *Mariscal v. Graco, Inc*., 52 F. Supp. 3d 973, 983 (N.D. Cal. 2014).  Furthermore, expert opinions should be disclosed *before*, and *not at* expert depositions.  *Ciomber*, 527 F.3d at 642.

Here, as shown by the sheer number of times Plaintiffs argue that Ford should have deposed its experts to "clarify" all of the missing information and correct errors in the Plaintiffs' Challenged Reports, said Reports cannot possibly

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

9

**DEFENDANT FORD MOTOR COMPANY'S REPLY ISO MOTION TO EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING**

be deemed sufficiently complete.  (*See* Oppo., Doc. 453 and Plaintiffs' Exhibit G, Doc. 453-8).  Moreover, the Challenged Reports have so many holes in them, that they completely fail to conserve any resources.  In sum, by providing non-compliant reports, Plaintiffs effectively prevented Ford from deposing Plaintiffs' experts as permitted under Rule 26(b)(4)(A).  Plaintiffs cannot now evade sanctions under Rule 37 by attempting to shift their mandatory disclosure requirements onto Ford.

### F.   "Supplemental" Reports Cannot Be Used to "Fix" the Problems with Plaintiffs' Challenged Reports

Plaintiffs also suggest in their Opposition that for the Challenged Reports which do not comply with the mandatory requirements of Rule 26, the deficiencies could be cured by providing "supplemental" reports.  (Oppo., Doc. 453 at p. 22:4-5.)  This suggestion manifests a complete lack of understanding of the operation of Rules 26 and 37.  "Courts have made it clear that supplemental expert reports cannot be used to 'fix' problems in initial reports."  *Cooper Tire & Rubber Co. v. Farese*, No. 3:02cv210, 2008 U.S. Dist. LEXIS 96729 at *11, 2008 WL 5104745, at *4 (N.D. Miss. Nov. 26, 2008) (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997)) (other citations omitted). "Rule 26(e)(2) speaks to the supplementation of an expert report already in compliance with Rule 26(a)(2)(B); **it does not allow for the supplementation of a previously incomplete report**.  *Morse v. SEG US 95, LLC*, 2011 U.S. Dist. LEXIS 20274 (D. Ida. 2011) at *13, fn. 9 (emphasis added).  "To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010).  "Enabling this pattern of behavior 'would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines.'" *Jarrow Formulas, Inc. v. Now Health Grp., Inc.*, 2012 U.S. Dist. LEXIS 113192 at

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

10

*45, 2012 WL 3186576, at *15 (C.D. Cal. Aug. 2, 2012); *Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003).

"Rule 26(e) is also not 'a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise [its] disclosures in light of [its] opponent's challenges to the analysis and conclusions therein, can add to them to [its] advantage after the court's deadline for doing so has passed.'" *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed. App'x. 496, 500 (9th Cir. 2009). Rule 26(e) "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report[.]" *Plumley*, 836 F. Supp. 2d at 1062; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) (supplemental disclosures "are not intended to provide an extension of the expert designation and report production deadline"). Rather, supplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report, based on information that was not available at the time of the initial disclosure. *Beller ex rel.*, 221 F.R.D. at 695.

Accordingly, because Plaintiffs' stated purpose for supplementation of their deficient reports is to "fix" the Challenged Reports, and they have not submitted any evidence that any of the omitted information was not available at the time the Challenged Reports were served, Plaintiffs' offer to the Court does not save them from the imposition of mandatory Rule 37 sanctions.

## II.   PURSUANT TO RULE 37 AND RULE 16, PLAINTIFFS' EXPERTS SHOULD BE EXCLUDED FROM TESTIFYING AT TRIAL

Where full compliance with Rule 26 is not made, Rule 37(c)(1) mandates exclusionary sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).   Rule 37(c)(1) "gives teeth" to the disclosure requirements.   *Id.*[5]   Rule 37(c)(1) is a "self-executing," "automatic" sanction

---

[5] "Indeed, exclusion of inadequately disclosed expert testimony under Rule 37(c)(1) "is automatic in the sense that there is no need for the opposing party to make a motion . . . to compel a further disclosure as a predicate for imposition of

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

designed to provide a strong inducement for disclosure.  *Id*. (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)).  A party "that without substantial justification fails to disclose information required by Rule 26(a) shall not, unless such failure is harmless, be permitted to use as evidence at a trial any information not so disclosed."  Fed. R. Civ. P. 37(c)(1).

An incomplete expert report is prejudicial in that it undermines a party's ability to properly prepare for an effective deposition or cross-examination of said expert.  *See Pineda v. City & Cty. of San Francisco*, 280 F.R.D. 517, 522 (N.D. Cal. 2012) (finding a failure to disclose expert opinions "not attributable to reasons that were outside the control" of the disclosing party is not substantially justified).  "[T]he wholesale omission of one or more of the categories of information demanded by the rule [26], as here, almost inevitably leads to preclusion."  *See Adams v. J. Meyers Builders, Inc*., 671 F. Supp. 2d 262, 270 (D. N.H. 2009) (surveying cases of excluding experts for non-compliance with Rule 26 requriements); *Pomales v. Bridgestone Firestone, Inc*., 217 F.R.D. 290, 293 (excluding expert for failure to comply with one category of Rule 26, stating "Ultimately, this Court takes the Rules of Civil Procedure very seriously and finds that a liberal application of their mandates could be the first step upon a perilous path.  This Court chooses to stay the course and follow the letter of the law.").

Plaintiffs' Opposition ignores the incurable and substantial prejudice to Ford caused by Plaintiffs' failure to comply with the requirements of Rule 26.  Plaintiffs have effectively prevented Ford from taking the depositions contemplated by Rule 26.  The public's interest in expeditious resolution and the court's need to manage the docket both support sanctions, particularly where Plaintiffs have failed to comply with this Court's Scheduling Order and Standing Order by serving non-

the sanction."  8A Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 2289.1, at 704 (2d ed. 1994).  That the Adamses waited until the agreed-upon deadline to point out the shortcomings of Myers's expert disclosures, then, **has no bearing on the harmlessness analysis**."  *Adams*, 671 F. Supp. 2d at 271.

DEFENDANT FORD MOTOR COMPANY'S REPLY ISO MOTION TO EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING

2:18-ml-2814-AB-FFMx

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

compliant expert reports, and public policy does not support trials by ambush. "Timely and careful compliance with expert disclosure requirements is essential both as a matter of fairness to litigants and as a matter of orderly procedure." *Suzuki v. Helicopter Consultants of Maui, Inc.*, Civ. No. 13-00575JMS-KJM, 2016 U.S. Dist. LEXIS 89065, 2016 WL 3753079, *6 (D. Haw. July 8, 2016).

Plaintiffs have failed to prove their failure to comply with Rule 26 was either justified or harmless. Similarly to the Plaintiff in *Nguyen*, Plaintiffs herein argue that any minor disclosure omission is "harmless." The *Nguyen* Court's response to Plaintiffs' argument is apropos: "**The characterization of the failure to comply with Rule 26(a)(2)(B) as a minor omission, demonstrates plaintiff's lack of appreciation for the clear requirements of the Rule**." *Nguyen*, 162 F.R.D. at 681-682 (emphasis added). Plaintiffs claim that, "And even if this Court were to conclude that Plaintiffs' Experts erred in respect to certain evidence in their reports, the errors were harmless since Ford could have cleared up any lack of specificity by simply deposing these experts. Or Plaintiffs can easily supplement the citations should the Court require. The errors are therefore harmless." (Opp. at Doc. 453, p. 22:1-5.) This argument fails to persuade for the reasons set forth in Sections E & F, *supra*.

In addition, Courts hold that untimely disclosures (which any disclosures designed to "fix" the problems in the Challenged Reports would be) disrupt trial because they impede the other party's ability to marshal a timely and proportional defense. *Shakespear v. Wal-mart Stores, Inc.*, No. 12-cv-1064, 2013 U.S. Dist. LEXIS 100644 at *12 (D. Nev. July 8, 2013). Particularly here, because Ford cannot now depose the expert witnesses, supplementation cannot cure the prejudice to Ford from being unable to make a full and complete evaluation of each expert." Moveover, "[i]t needs no citation of authority to recognize that discovery – even on a limited basis – is expensive. Permitting [Plaintiff] to cure her violation of Rule 26(a) by reopening discovery would, in effect, violate Rule 1 and Rule 37(c).

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

13

The court, therefore, declines to follow Patton's suggestion." *Patton v. Wal-Mart Stores, Inc.*, 2013 U.S. Dist. LEXIS 165689 (D. Nev. 2013) at **11-12; *see also Bell v. United States*, No. 12CV1053-CAB (DHB), 2013 U.S. Dist. LEXIS 196471 at *8, 2013 WL 12072523, at *3 (S.D. Cal. Nov. 25, 2013) (additional litigation expenses, along with delaying trial schedule constituted sufficient prejudice to deny request to submit supplemental report).  Disruption to the schedule of the court and other parties in that manner is not harmless." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005).

Although a finding of bad faith or willfulness is not required in the Ninth Circuit in order to impose sanctions under Rule 37, (*Yeti by Molly*, 259 F.3d at 1106), Plaintiffs were well-aware of their non-compliance with Rule 26 for over 30 days prior to the instant Motion being filed, and Plaintiffs' refusal to engage in a Local Rule 7-3 Conference of Counsel, after being fully-apprised of the deficiencies in the Challenged Reports, gives a clear indication of bad faith.  *See Cuffee v. Dover Wipes, Co.*, 334 F. Supp. 2d 565, 572 (D. Del. 2004) (excluding experts even absent intentional bad faith, where counsel merely "dropped the ball" with respect to both expert reports).

Finally, as numerous courts recognize, and Plaintiffs purport to ignore, a party's failure to disclose reports compliant with Rule 26 by the court-ordered deadline constitutes a violation of the Court's Scheduling Order, subjecting Plaintiffs to sanctions under Rule 16(f).  *See Shore v. Brown*, 2009 WL 3273263, *2-3 (E.D. Cal. Oct. 9, 2009); *Wilderness Development, LLC v. Hash*, 2009 WL 564224, * 3 (D. Mont. 2009).)  Here, Plaintiffs violated the Court's Scheduling Order by failing to serve Rule 26-compliant expert reports.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'   . . .   Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

of the litigation, and reward the indolent and the cavalier."). The Ninth Circuit has explained that the Court's scheduling order and deadlines imposed by the Federal Rules of Civil Procedure are "to be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *Morse,* 2011 U.S. Dist. LEXIS 20274 at *13 ("Plaintiffs' lack of diligence in satisfying Rule 26(a)(2)(B)'s report criteria by [the ordered deadline], similarly translates into Plaintiffs' lack of substantial justification for not complying with the Court's Scheduling Order").

In sum, Plaintiffs have been derelict in their disclosure obligations, and upon receipt of Ford's detailed spreadsheet of the Rule 26 deficiencies with the Challenged Reports, have stonewalled Ford's attempt to have a Conference of Counsel, thereby cavalierly violating the Local Rules and the Standing Order of this Court. Now, in furtherance of their intended sandbagging of Ford at trial, Plaintiffs attempt to discharge their mandatory responsibilities of disclosure under the Federal Rules, onto Ford. The intentional obfuscation is obvious. The prejudice is real. Where full compliance with Rule 26 is not made by the Court-ordered deadline, both Rule 37(c)(1) and Rule 16 authorize sanctions. Ford respectfully requests this Court enter an Order granting its Motion to Exclude Plaintiffs' Experts from Testifying at Trial.

Dated: September 13, 2019     **GORDON REES SCULLY MANSUKHANI**

By:     */s/ Spencer P. Hugret*
        Spencer P. Hugret
        Molly J. Mrowka
        Attorneys for Defendant
        FORD MOTOR COMPANY

        *Amir Nassihi*
        SHOOK HARDY & BACON

        *John M. Thomas*
        DYKEMA GOSSETT PLLC

15
DEFENDANT FORD MOTOR COMPANY'S REPLY ISO MOTION TO EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

# CERTIFICATE OF SERVICE

IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION
USDC Central District of California Case No.: 2:18-ml-02814 AB (FFMx)

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, 20th Floor, San Francisco, CA  94111.  On the below-mentioned date, I served the within documents:

**DEFENDANT FORD MOTOR COMPANY'S REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 13, 2019 at San Francisco, California.

/s/ Christine Nusser
Christine Nusser