UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION | No. 2:18-ML-02814 AB (FFM) |
| | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE DEFENDANT FORD'S MOTION FOR SANCTIONS UNDER FRCP 37(D) AND/OR THE COURT'S INHERENT POWERS |
| THIS REPORT RELATES ONLY TO: BROWN v. FORD, 2:18-cv-4190 AB (FFMx); CANNON v. FORD, 2:18-cv-4817 AB (FFMx); EINBUND v. FORD, 2:18-cv-2901 AB (FFMx); GARZA v. FORD, 2:18-cv-2745 AB (FFMx); HERNANDEZ v. FORD, 2:18-cv-8736 AB (FFMx); HILL v. FORD, 2:18-cv-4409 AB (FFMx); HOLMSTEDT v. FORD, 2:18-cv-4328 AB (FFMx); MOWRER v. FORD, 2:18-cv-4602 AB (FFMx); NICHOLS v. FORD, 2:18-cv-8733 AB (FFMx); PISARKIEWICZ v. FORD, 2:18-cv-4423 AB (FFMx); SNYDER v. FORD, 2:18-cv-4618 AB (FFMx); STRAW v. FORD, 2:18-cv-4425 AB (FFMx); SULLIVAN v. FORD, 2:18-cv-4622 AB (FFMx); VALENCIA v. FORD, 2:18-cv-2865 AB (FFMx); VANIDESTINE v. FORD, 2:18-cv-2618 AB (FFMx) | |

This Report and Recommendation is submitted to the Honorable André J. Birotte, Jr., United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

# I.  PROCEEDINGS

On August 26, 2019, defendant Ford Motor Company ("Ford") filed its "Motion for Sanctions Under FRCP 37(d) and/or the Court's Inherent Powers" (the "Motion for Sanctions").  (Docket No. 438.)  Ford notes that Consumer Legal Remedies ("CLR") represents the plaintiffs in 15 of the 30 pending IDP cases (the "CLR plaintiffs").  (Docket No. 438, p. 9.)  The Motion for Sanctions contends that the CLR plaintiffs have obstructed Ford's discovery by refusing to produce a single document in response to a document request or provide a single substantive interrogatory answer during the discovery period.  (Docket No. 438, p. 9.)  Ford contends that the obstructionist behaviour of the CLR plaintiffs has prejudiced Ford to the extent that the cases of the CLR plaintiffs should be dismissed as a sanction under Federal Rule of Civil Procedure 37(d) and/or the Court's inherent powers.  (Docket No. 438, pp. 9, 37-38.)

The CLR plaintiffs filed an opposition (the "Opposition") on September 10, 2019.  (Docket No. 458.)  Ford filed a reply (the "Reply") on September 17, 2019.  (Docket No. 473.)  Magistrate Judge Mumm conducted a hearing regarding the Motion for Sanctions on October 8, 2019.[1]  After reviewing all of the documents filed by the parties with respect to the Motion for Sanctions, the Court concludes that the CLR plaintiffs willfully refused to comply with their discovery obligations.  The CLR Plaintiffs have offered no legally tenable justification for their behaviour.  The Court

---

[1]  At the hearing, counsel for the CLR plaintiffs asserted that, at a hearing before Judge Birotte on September 26, 2019, Judge Birotte made a ruling on a motion (not a discovery motion) that is relevant to the current Motion for Sanctions.  Counsel further stated that Judge Birotte explained the rationale for the ruling at the hearing; counsel asserted that that rationale has implications for the instant motion.  The Court has reviewed the transcript of that hearing and finds Judge Birotte's comments, essentially that the parties should resolve with each other technical compliance issues with the expert discovery rules, provide no guidance with respect to the instant motion.

further concludes that Ford has been prejudiced and that any sanction other than dismissal would not ameliorate that prejudice. Therefore, the Court recommends that the CLR plaintiffs' actions be dismissed.

## II. BACKGROUND

The following chart summarizes the parties' relevant actions.

| August 2018 | Ford serves deposition notices in 83 Ford cases pending in Michigan (first attempt). | Thomas Declaration, Dkt 235-2, ¶¶ 3-5. |
|---|---|---|
| | Plaintiff files motion for protective order, seeking to stay Ford's depositions until plaintiffs take discovery. Motion DENIED. | *Id.* |
| October 2018 | Ford re-notices depositions (second attempt). | *Id.* |
| | Plaintiffs ignore deposition notices. | Id. at ¶ 6. |
| Early November 2018 | Michigan court confirms that Ford may take depositions. | *Id.* at ¶ 7. |
| November 16, 2018 | Ford requests deposition dates from plaintiffs. | Exhibit 1, Dkt 235-4 |
| | Plaintiffs do not provide any dates. | Thomas Declaration, Dkt 235-2, ¶ 7. |
| November 19, 2018 | Ford serves deposition notices again (third attempt). | *Id.* at ¶ 8. |

| | Plaintiffs fail to produce deponents. | *Id.* at ¶ 9. |
|---|---|---|
| Late November 2018 | Michigan court again confirms that Ford may take depositions. | *Id.* at ¶ 10. |
| | Ford again requests dates from plaintiffs. | *Id.* |
| | Plaintiffs do not provide any dates. | *Id.* |
| December 6, 2018 | Michigan court stays proceedings in that court. | *Id.* at ¶ 11. |
| January 29, 2019 | Ford serves plaintiffs Brown and Cannon with first set of requests for admission and requests for production of documents. | Dkt 438-4. |
| February 22, 2019 | Ford serves plaintiffs Brown and Cannon with interrogatories and a second set of requests for admission and requests for production. | Dkt 438-5. |
| February 22, 2019 | Ford serves initial interrogatories, requests for admission, and requests for production on the remaining CLR plaintiffs. | Dkt 438-3, ¶ 4; 438-6. |

| March 6, 2019 | Ford informs plaintiffs that Ford is prepared to file a motion for sanctions based on plaintiffs' failure to appear for depositions. | *Id.* at ¶ 13. |
| | Ford does not receive timely responses to the January 29, 2019, and February 22, 2019, discovery requests. | Dkt 438-3, ¶¶ 2, 5. |
| March 22, 2019 | Ford notifies plaintiffs that Ford has not received discovery responses and that requests for admission were deemed admitted; inquires when Ford could expect to receive responses; and requests proposed dates to meet and confer. | Dkt 438-7. |
| March 25, 2019 | Plaintiffs assert that responses to first set of requests for admission and requests for production to Brown and Cannon were mailed on March 1, 2019, and forward to Ford copies of responses, which were wholly comprised of frivolous objections. | Dkt 438-8; 438-9. |
| | Ford never receives the originals of the discovery responses that were allegedly mailed on March 1, 2019. | Dkt 438-3, ¶ 9. |

| April 2, 2019 | Ford informs plaintiffs that it never received the regular mail or email copies of the discovery responses that were allegedly sent on March 1, 2019, and requests that plaintiffs thereafter email copies of whatever they mail or send by Federal Express. | Dkt 438-10. |
|---|---|---|
| April 3, 2019 | Ford files motion for sanctions for plaintiffs' failure to appear for depositions. | Dkt 235. |
| April 12, 2019 | Ford informs plaintiffs that plaintiffs' responses to Ford's second set of discovery were overdue and inquires when plaintiffs would be sending the responses. | Dkt 438-13. |
| April 13, 2019 | Plaintiffs notify Ford that the responses to Ford's second set of discovery would be delivered on April 16, 2019. | Dkt 438-13. |
| April 17, 2019 | Ford receives responses to its second set of discovery which are wholly comprised of frivolous objections (cut and pasted into each interrogatory, request for admission, and request for production response). | Dkt 438-3, ¶ 14. |

| April 15, 2019 (postmarked -the letter itself is dated April 13, 2019). | The letter accompanying the responses asserts that they were duplicates and that the originals had been mailed on March 27, 2019. | Dkt 438-3, ¶ 14. |
|---|---|---|
| | Ford never receives the original allegedly mailed responses to either its first or second set of written discovery. | Dkt 438-3, ¶ 18. |
| April 29, 2019 | Ford serves its third set of requests for production on plaintiffs Brown and Cannon. | Dkt 438-19. |
| May 1, 2019 | Plaintiffs agree to appear for depositions and vehicle inspections and to provide supplemental discovery responses "to any outstanding discovery requests" in exchange for Ford taking its motion for sanctions regarding the depositions off calendar - motion taken off calendar. | Dkt 438-20. |
| late May or early June 2019 | Plaintiffs Brown and Cannon serve responses to Ford's third set of requests for production which are wholly comprised of frivolous objections. | Dkt 438-21. |

| | | |
|---|---|---|
| | The proof of service indicates that the responses were mailed on May 29, 2019, but the envelope contains no postal service date stamp. | Dkt 438-21. |
| June 10, 2019 | Ford receives the frivolous objections to Ford's third set of requests for production to plaintiffs Brown and Cannon. | Dkt 438-21. |
| July 1, 2019 | Discovery cutoff date | |
| July 3, 2019 | Ford requests the parties meet and confer regarding the adequacy of plaintiffs' objections-only responses to Ford's first, second, and third sets of written discovery to Brown and Cannon and Ford's first set of discovery to the remaining CLR plaintiffs. | Dkt 438-23. |
| July 9, 2019 | Ford grants plaintiffs an extension of one week to respond to the July 3, 2019, letter; plaintiffs fail to respond by extended deadline. | Dkt 438-3, ¶ 26. |
| July 24, 2019 | A week after the extended deadline passed, plaintiffs request and are granted an additional week to respond to the July 3, 2019, letter. | Dkt 438-3, ¶ 27. |

| July 29, 2019 | In response to a request from plaintiffs, Ford re-sends the July 3, 2019, letter to plaintiffs. | Dkt 438-3, ¶ 28. |
|---|---|---|
| | Ford receives no further communication from plaintiffs regarding the issue. | Dkt 438-3, ¶ 29. |
| August 1, 2019 | Ford serves plaintiffs with Ford's portion of a joint stipulation regarding the current motion for sanctions and requests that plaintiffs provide their portions by August 8, 2019.  As of this date, Ford has not received a single substantive response to any of its written discovery to the CLR plaintiffs. | Dkt 438-24. |

| August 5, 2019 | Plaintiffs serve supplemental responses to Ford's written discovery by email.  None of the supplemental responses is signed or verified by a plaintiff.  (The names of some plaintiffs are typed at the end of some of the responses (apparently in an attempt to simulate an electronic signature); no verification is provided for any response).  The supplemental responses, for the most part, merely contain a lengthy list of document numbers of documents produced by Ford. | Dkt 438-25; 438-26, 438-27. |
|---|---|---|
| August 7, 2019 | Plaintiffs assert that service of the supplemental discovery responses rendered moot any meet and confer obligation as to the original responses. | Dkt 438-29. |
| August 9, 2019 | Ford requests that plaintiffs confer regarding the status of plaintiffs' portions of the joint stipulation regarding the current motion. | Dkt 438-30. |
| August 13, 2019 | Ford requests that plaintiffs forward their portion of the joint stipulation regarding the current motion by the next day. | Dkt 438-31. |

| August 14, 2019 | Plaintiffs notify Ford that plaintiffs consider the current motion untimely and refuse to provide their portion of joint stipulation until timeliness objection is discussed. | Dkt 438-32. |
|---|---|---|
| August 16, 2019 | Ford renews its request that plaintiffs respond to the joint stipulation and forwards an updated joint stipulation including events that occurred after August 1, 2019. | Dkt 438-3, ¶ 40. |
| August 19, 2019 | Plaintiffs again assert that they need not respond to the joint stipulation. | Dkt 438-3, ¶ 41. |
| | Ford again asserts that the joint stipulation is not moot and requests that plaintiffs provide their response. | *Id.* |
| August 20, 2019 | Plaintiffs again assert that the current motion is time-barred and assert that service of the August 16, 2019, updated joint stipulation entitled plaintiffs to an additional 10 days to respond. | Dkt 438-3, ¶ 42. |

| | | |
|---|---|---|
| | Ford responds the same day, advising plaintiffs that it intends to proceed with the joint stipulation | *Id.* |
| | Plaintiffs do not respond. | *Id.* |
| August 26, 2019 | Ford files its motion for sanctions without plaintiffs' portion of the joint stipulation. | Dkt 438 |
| October 8, 2019 | Hearing held on Ford's motion for sanctions.  The matter is taken under submission. | Dkt 508 |
| October 9, 2019 | Plaintiffs' file "Attorney Signatures and Parties' Verifications" which still contain no verifications signed by any party. | Dkt 506 |

## III.  DISCUSSION

### A.  STANDARDS FOR IMPOSING SANCTIONS

Pursuant to Rule 37(d)(3) of the Federal Rules of Civil Procedure, the Court has broad discretion to fashion a remedy sanctioning a party for failing to serve discovery responses.  The options available to the Court include, among other things, dismissing the action in whole or in part.

In addition, under its inherent power, a court may impose sanctions on an attorney or party "if the court specifically finds bad faith or conduct tantamount to bad faith."  *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).  "Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."  *Id.*

/ / /

In reviewing a dismissal of an action imposed as a sanction, the Ninth Circuit has explained:

> We have come up with a five-part "test" to determine whether a dismissal sanction is just:
>
> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).

*Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).  In addition, the Ninth Circuit has stated that, in order to warrant the sanction of dismissal, the party's violations must be due to willfulness or bad faith.  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011).

### 1. <u>Willfulness or Bad Faith</u>

Because the Ninth Circuit has stated that a lack of willfulness or bad faith precludes the sanction of dismissal, the Court will address that factor first.  "'Willfulness, bad faith, or fault' does not require wrongful intent; rather, disobedient conduct not shown to be outside the party's control is by itself sufficient to establish willfulness, bad faith, or fault." *Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014) (citing, *inter alia*, *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).

Throughout this litigation, the CLR plaintiffs have obstinately refused to comply even minimally with their discovery obligations.  Starting with their deposition gamesmanship - refusing to cooperate in scheduling depositions, pursuing an unmeritorious motion to prevent Ford from pursuing depositions, and not appearing for noticed depositions - and continuing through their reaction to written discovery - ignoring interrogatories, document production requests, and requests for admission, then claiming to have served responses when they apparently had not, agreeing to

serve responses in connection with Ford's agreement to withdraw a motion for sanctions, only to serve entirely frivolous objections to each and every discovery request, and delaying Ford's attempts to obtain substantive responses by requesting numerous extensions to respond to Ford's requests to meet and confer, only to stop communicating with Ford altogether with respect to the issues raised by Ford.  Once Ford provided its portion of a joint stipulation on its motion for sanctions, plaintiffs served supplemental responses that were wholly deficient.  For the most part, these supplemental responses were merely comprised of a lengthy list of document identification numbers of documents produced by Ford.  With respect to the interrogatory answers, listing document numbers does not comply with the requirements of Federal Rule of Civil Procedure 33.  Many of the interrogatories requested plaintiffs' contentions or evidence supporting certain allegations.  Rule 33(d) provides an option for identifying records only where the answer to the interrogatory "may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records [], and if the burden of deriving or ascertaining the answer will be substantially the same for either party . . . ."  Simply listing Ford's records provides not a clue to plaintiffs' contentions or what evidence supports certain claims of plaintiffs.

Moreover, plaintiffs did not verify any of the interrogatory responses as required by Federal Rule 33(b)(3).  Even after the hearing, where the failure to provide verified answers was discussed, plaintiffs submitted to the Court verification forms that were not signed by any of the plaintiffs.  Apparently, plaintiffs were taking the position that typing the name of the plaintiff somehow has the same effect as providing a plaintiff's verification.  Such a procedure may be available as an electronic signature with respect to court filings executed by registered CM/ECF filers.  That procedure has no application to declarations by parties, filed electronically or not.  Local Rule 5-4.3.4 provides, in part:

/ / /

[a](3)  *Documents Requiring Signatures Other Than Those of CM/ECF Filers.*  In the case of documents requiring signatures other than those of registered CM/ECF filers (**such as declarations**), the filer shall scan the hand-signed signature page(s) of the document in PDF format and electronically file the document in accordance with L.R. 5-4.3.1.

(b)  *Maintenance of Original Hand-signed Documents.*  With respect to any electronically filed document containing a scanned copy of a hand-signed page, the filer shall maintain the original, signed document, for subsequent production to the assigned judge if so ordered for inspection upon request by a party or the judge's own motion, until one year after final resolution of the action (including the appeal, if any).

(Emphasis added.)

In any event, regardless of whether or not discovery responses could ever be construed as electronically filed documents, declarations under penalty of perjury (such as verifications) must actually be signed by the person subject to the penalty of perjury.

The Supreme Court has held that dismissal as a sanction is not appropriate if the recalcitrant party establishes that the failure to comply was due to an inability to comply.  *National Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639, 640, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).  The CLR plaintiffs have not alleged they were unable to comply.  In any event, plaintiffs bear the burden of proving such inability.  *See, e.g.*, *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1241 (9th Cir. 1999) ("[T]he party asserting the impossibility defense must show categorically and in detail why he is unable to comply."  (Internal quotation marks deleted) (motion for civil contempt)); *see also In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989) ("To succeed on this defense [of inability to comply], however, the respondent must

go beyond a mere assertion of inability and satisfy his burden of production on the point by introducing evidence in support of his claim." (Citation deleted)). The CLR plaintiffs have failed to demonstrate an inability to comply.

In opposition, plaintiffs make at best a half hearted attempt to excuse their noncompliance. Rather, plaintiffs rely on the expiration of the discovery cutoff date as a defense to the motion[2] and contend that Ford's efforts to meet and confer were inadequate.[3] The only "excuse" plaintiffs offer for their behaviour is that they were not happy with Ford's discovery responses. Such an excuse is no excuse and merely underscores the willful nature of plaintiffs' actions. Finally, plaintiffs contend that the individual plaintiffs produced documents at their depositions. Plaintiffs neither substantiate that contention nor make any attempt to associate any documents actually produced with any of Ford's written document production requests.

Based on the foregoing, the Court concludes that plaintiffs' failure to comply with their discovery obligations was willful.

## 2. **The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage its Dockets**

The first two factors weigh in favor of dismissal. The obstructionist behaviour of the CLR plaintiffs has already caused needless delay in the discovery of facts that would aid in the ultimate resolution of this litigation. As Ford notes, the discovery deadline was extended twice at the request of the CLR plaintiffs. Despite these extensions, the CLR plaintiffs never provided substantive responses to Ford's discovery requests prior to the filing of this Motion for Sanctions. This pattern of behaviour not only delayed this litigation, but needlessly burdened this Court's docket with motions that should not have been necessary.

---

[2] Plaintiffs' timeliness argument is addressed and rejected below.

[3] Plaintiffs' failure to meet and confer argument also is addressed and rejected below.

### 3.  Risk of Prejudice to Ford

In reviewing the third factor, prejudice, the Court looks to the impact the recalcitrant party's actions have had on the other party.  "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (citing *Malone*, 833 F.2d at 130).  Moreover, "[f]ailure to produce documents as ordered . . . is considered sufficient prejudice." *Adriana*, 913 F.2d at 1412 (citing *Securities and Exchange Comm'n v. Seaboard Corp*., 666 F.2d 414, 417 (9th Cir. 1982).

Here, the CLR plaintiffs failed to provide answers to interrogatories and responses to document requests exploring the bases of their claims.  These actions utterly obstructed Ford's attempts to learn what, if any, support the CLR plaintiffs had for their claims.  The CLR plaintiffs' actions prejudiced Ford's ability to defend itself in this action and hampered the search for the truth.

### 4.  Public Policy Favoring Disposition of Case on the Merits

The fourth factor is at best neutral.  Ford has been deprived of its right to participate in a fair hearing on the merits by the CLR plaintiffs' refusal to participate in discovery.  Therefore, it is plaintiffs who have frustrated any attempt to have these cases decided on their merits.

### 5.  Availability of Less Drastic Sanctions

In evaluating the fifth factor (the availability of less drastic sanctions), the Ninth Circuit has developed a three part test:  whether the court considered lesser sanctions, whether it tried lesser sanctions, and whether the court warned the disobedient party. *Valley Engineers,* 158 F.3d at 1057.  However, depending on the facts, the court need not try lesser sanctions before ordering dismissal. *Id*. ("[W]e have said that it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning.").

/ / /

Here, no lesser sanction would be appropriate.  First, because the CLR plaintiffs have obstructed important discovery as to the entirety of their claims, any lesser sanction would not ameliorate the prejudice suffered by Ford.  Second, this Magistrate Judge has considered and rejected lesser sanctions.  The CLR plaintiffs engaged in the same pattern of obstructionist behaviour with respect to Ford's first, second, and third sets of discovery requests and manipulated Ford into granting extensions of time, only to provide utterly frivolous objections-only responses.  In addition, as Ford notes, plaintiffs engaged in the same obstructionist behaviour with respect to depositions, requiring Ford to file a motion for sanctions in April 2019 before plaintiffs finally agreed to appear for deposition.  Given the CLR plaintiffs' persistence in engaging in obstructionist litigation tactics throughout the discovery period, which is now closed, no lesser sanction would ameliorate the prejudice suffered by Ford.  Considering all of the facts, including the willfulness demonstrated by the CLR plaintiffs' repeated obstruction of discovery, both as to depositions and written discovery, the Court need not try lesser sanctions before dismissal.

## B.  TIMELINESS OF MOTION FOR SANCTIONS

The CLR plaintiffs argue that Ford's motion is untimely because it was not filed before the July 1, 2019, discovery cutoff.  They point to the August 13, 2019, transcript of a hearing before Magistrate Judge Mumm regarding a motion to compel the deposition of a Ford Rule 30(b)(6) witness filed by the Knight Law Group plaintiffs in these cases.  At that hearing, Judge Mumm indicated that he intended to deny the motion as being untimely because it was filed after the discovery cutoff. (Docket No. 458, pp. 6-7 and Exhibit C thereto, pp. 3-4, 12-13.)

However, Ford correctly notes that, while the motion filed by the Knight Law Group plaintiffs sought to compel additional discovery, the current motion instead seeks sanctions.  Rule 37 contains no explicit deadline for filing a motion for sanctions.  Fed. R. Civ. P. 37.  In addition, sanctions under the Court's inherent power can be imposed at any time, even after entry of judgment.  *Cooter & Gell v. Hartmarx*

*Corp.*, 496 U.S. 384, 294-97, 110 S.Ct. 2447, 2455-56 (1990); *Chambers v. Nasco, Inc.*, 501 U.S. 32, __, 111 S.Ct. 2123, 2134 (1991).  The Motion for Sanctions is timely.

### C.  FORD'S COMPLIANCE WITH LOCAL RULE 37-1

The CLR plaintiffs next argue that, their service of supplemental discovery responses eliminated the need to respond to Ford's initial proposed Joint Stipulation and that, if Ford had any concerns about the sufficiency of the supplemental responses, Ford had a duty under Local Rule 37-1 to meet and confer regarding those responses before filing the current motion.  However, as explained more fully *supra*, the record indicates that Ford attempted to meet and confer with the CLR plaintiffs on multiple occasions prior to serving the Joint Stipulation.  The CLR plaintiffs could not unilaterally trigger a new meet and confer period by belatedly serving deficient supplemental responses after the discovery cutoff.  Moreover, the late service of the deficient supplemental discovery responses did not excuse the CLR plaintiffs' prior sanctionable conduct and therefore did not render moot the current Motion for Sanctions.

### III.  RECOMMENDATION

Accordingly, IT THEREFORE IS RECOMMENDED that the District Court issue an order approving and adopting this Report and Recommendation and dismissing the CLR plaintiffs' Complaints with prejudice.

DATED: October 17, 2019

/ s / FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

19

## **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to timely file Objections as provided in the Local Rules Governing the Duties of the Magistrate Judges, and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.