1  Allen-Michel D. Resnick (SBN 245215)
   mresnick@clrattorney.com
2  Neil Gieleghem (SBN 107389)
   ng@clrattorney.com
3  **CONSUMER LEGAL REMEDIES, APC**
   The Resnick Building
4  331 North Beverly Drive, Suite 2
   Beverly Hills, CA 90210
5  Telephone: (310) 213-1398
   Facsimile: (213) 210-2196
6
   Attorneys for CLR Plaintiffs
7

8

9                    UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11  **IN RE: FORD MOTOR CO. DPS6**          **Case No. 2:18-ML-02814 AB (FFMx)**
    **POWERSHIFT TRANSMISSION**
12  **PRODUCTS LIABILITY**                  *Assigned to: Hon. André Birotte, Jr.*
    **LITIGATION**                          *Courtroom 7B*
13
    **THIS DOCUMENT RELATES**              *Magistrate Fredrick F. Mumm*
14  **ONLY TO:**                            *Courtroom 580*

15  *Brown, Christi v. Ford Motor Company,*  **CLR PLAINTIFFS' RESPONSE TO**
    *et al., 2:18-cv-04190- AB- FFM;*        **REPORT AND**
16  *Cannon, Mary v. Ford Motor Company,*    **RECOMMENDATION OF UNITED**
    *et al., 2:18-cv-04817-AB- FFM;*         **STATES MAGISTRATE JUDGE RE**
17  *Einbund, John v. Ford Motor Company,*   **DEFENDANT FORD'S MOTION**
    *et al., 2:18-cv-02901-AB- FFM; Garza,*  **FOR SANCTIONS UNDER FRCP**
18  *Maria, et al. v. Ford Motor Company, et* **37(D) AND/OR THE COURT'S**
    *al., 2:18-cv- 02745-AB-FFM;*            **INHERENT POWERS**
19  *Hernandez, Louie v. Ford Motor*
    *Company, et al., 2:18-cv- 08736-AB-*
20  *FFM; Hill, Connie v. Ford Motor*        HEARING DATE:    N/A
    *Company, et al., 2:18-cv- 04409-AB-*    Time:            N/A
21  *FFM; Holmstedt, Kendra v. Ford Motor*   Courtroom:       580, 5th Floor
    *Company, et al., 2:18-cv- 04328-AB-*    MAGISTRATE:      Hon. Frederick F.
22  *FFM; Mowrer, Patrick v. Ford Motor*                      Mumm
    *Company, et al., 2:18-cv-*
23  *04602-AB-FFM; Nichols, Jonathan v.*
    *Ford Motor Company, et al., 2:18-cv-*
24  *08733-AB-FFM; Pisarkiewicz,*
    *Christine, et al. Ford Motor Company,*
25  *et al., 2:18-cv-04423-AB-FFM;*
    *Snyder, Holli v. Ford Motor Company,*
26  *et al., 2:18-cv-04618-AB-FFM; Straw,*
    *Trent v. Ford Motor Company, et al.,*
27  *2:18-cv-04425-AB-FFM; Sullivan,*
    *Deborah v. Ford Motor Company, et*
28  *al., 2:18-cv-04622-AB-FFM; Valencia,*

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

*Victor, et al. v. Ford Motor Company,
2:18-cv-02865-AB-FFM; Vanidestine,
Scott, et al. v. Ford Motor Company,
2:18-cv-02618-AB-FFM*

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONSUMER LEGAL REMEDIES, APC**
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

## I.   <u>INTRODUCTION</u>

Pursuant to the Court's October 18, 2019 Notice of Filing of Magistrate Judge's Report and Recommendation (DKT #551), the CLR Plaintiffs respectfully submit this Response to the Report and Recommendation of United States Magistrate Judge re Defendant Ford's Motion for Sanctions Under FRCP 37(D) And/or The Court's Inherent Powers, filed 10/17/19 (DKT #549) (hereinafter, the "Recommendation").

For the reasons detailed below, the CLR Plaintiffs respectfully submit that the Recommendation – that all of the CLR Plaintiffs' Independent Disposition Pool ("IDP") "test" cases should be dismissed as a discovery sanction – was not warranted under the circumstances presented at the time the Recommendation was issued.

But even if such dismissals were warranted at the time the Recommendation was issued – which, again, the CLR Plaintiffs respectfully dispute – subsequent events warrant that the Recommendation be revisited and revised; or in the alternative, the underlying discovery dispute referred to the trial court, Hon. André Birotte, Jr., for ruling in light of those post-Recommendation developments.

These post-Recommendation developments are:

A.   <u>Trials in The Two Then-Pending CLR IDP Test Cases Have Been Continued Five (5) Months, To April 2020</u>

The first post-Recommendation development is that, on October 24, 2019, Judge Birotte, Jr. continued the trials of the two CLR IDP test cases that were set for trial as of the October 17, 2019 hearing that resulted in the Recommendation. These continuances are as follows: (1) The trial of *Mary Cannon v. Ford*, which was then set for November 19, 2019, was continued, with all pretrial dates (e.g., hearings on motions for summary judgment; *Daubert* motions; motions *in limine*), to April 7, 2020; *and* (2) the trial (and all pre-trial dates) of *Christi Brown v. Ford*, which was then set for trial on January 7, 2019, was continued to April 28, 2020. *See* Judge Birotte Jr.'s October 24, 2019 Order (DKT # 604), p. 2.

These two cases (*Cannon* and *Brown*) are the only CLR IDP cases that were

CLR PLAINTIFFS' RESP. TO RECOMMENDATION RE FORD MTN. FOR SANCTIONS

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

1    set for trial as of October 17, 2019, the date of the hearing on Ford's Motion for

2    Sanctions and the date of the Recommendation.  Further, these two cases remain the

3    only two CLR IDP cases that are set for trial at the present time (or for that matter, in

4    the foreseeable future).

5        Admittedly, the *Cannon* and *Brown* cases were continued by Judge Birotte, Jr.

6    for reasons related to the Recommendation, e.g., to allow (1) for briefing as to the

7    Recommendation by the CLR Plaintiffs and by Defendant Ford; (2) for this Court to

8    rule; and then (3) for subsequent briefing (if appropriate) to Judge Birotte, Jr. and a

9    final hearing/ruling on the issues.

10       But regardless of the reasons for the trial continuances, the fact remains that the

11   both then-pending trials were continued.  To the extent that the pendency of these

12   trials caused, wholly or in part, any alleged prejudice claimed by Defendant Ford in

13   its Motion, that alleged prejudice is now moot.  As a result, other, less-severe

14   sanctions could be imposed if the Court continues to hold that the CLR Plaintiffs did

15   not comply with their discovery obligations under the circumstances presented.

16   B. Judge Birotte's October 29, 2019 Ruling On The *Pedante v. Ford* IPD Test
17      Case Motion For Summary Judgment Re Fraud Claims, And His
        Subsequent Rulings On The *Pedante* Motions In Limine, Suggests These
18      Cases, Including The CLR Plaintiffs' IDP Test Cases, May End In Trials
        Only Of California State Court Lemon Law Claims As To Which Much Of
19      The "Fraud-Related" Discovery That The CLR Plaintiffs Alleged Failed To
20      Produce Is Not Relevant

21       The second post-Recommendation development is that, on October 29, 2019,

22   Judge Birotte, Jr. granted summary judgment in favor of Ford in the *Pedante* IDP test

23   case, brought by the Knight Law Group ("KLG") as to all of the fraud claims alleged

24   in that lawsuit.  *See* Order Granting In Part And Denying In Part Defendant Ford

25   Motor Co.'s Motion For Partial Summary Judgment, filed October 29, 2019 (DKT #

26   605).  As result, at the present time the only claims left to be tried in *Pedante* are those

27   for violations of California "Lemon Law," the Song-Beverly Consumer Warranties

28   Act.

CLR PLAINTIFFS' RESP. TO RECOMMENDATION RE FORD MTN. FOR SANCTIONS

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

1    Further, in the wake of this summary judgment ruling, Judge Birotte, Jr. granted

2    motions *in limine* as to evidence relating to Ford's alleged fraud.  *See* October 24,

3    2019 Order re *Pedante v. Ford* case (DKT #604).

4    Judge Birotte, Jr.'s summary judgment and motion *in limine* rulings are at least

5    potentially applicable as to the CLR Plaintiffs claims (including the CLR IDP test

6    cases subject to the Recommendation), in part because, at the prior direction of Judge

7    Birotte, Jr., the KLG and CLR Plaintiffs filed "template" First Amended Complaints

8    that contained virtually identical allegations regarding Ford's fraud.  *See* Order of

9    May 22, 2019 (DKT #301), at p. 13 (Court's direction to KLG and CLR Plaintiffs to

10   "craft a uniform Complaint template" such that each of the over 1,000 (one thousand)

11   cases in this MDL need "vary only in the allegations particular to each plaintiff . . .").

12   But if the rulings in *Pedante* are applied to the CLR IDP cases, the information

13   that is relevant and subject to discovery would be substantially more limited than that

14   sought by the discovery by Ford that is at issue in the Recommendation.  At present

15   however, these issues are unresolved, which the CLR Plaintiffs respectfully submit is

16   another reason to defer these issues to Judge Birotte, Jr..

17   In addition to, and separate from, the above considerations:  The CLR Plaintiffs

18   respectfully submit that the dismissal sanction made in the Recommendation is

19   unwarranted given the facts and circumstances actually presented.  Among other

20   things, and as detailed below, the Recommendation contains certain material

21   statements, or implies certain things, that are demonstrably false.

22   These include the claim/suggestion that the CLR Plaintiffs somehow have

23   "stonewalled" Ford in discovery – or as the Recommendation puts it, "Throughout

24   this litigation, the CLR plaintiffs have obstinately refused to comply even minimally

25   with their discovery obligations."  Recommendation, p. 13.

26   With all respect to the Court:  This accusation is demonstrably false.  As shown

27   in the CLR Plaintiffs' Opposition (DKT #458) to Ford's Motion for Sanctions, and as

28   detailed further below and in the accompanying Declaration of Allen-Michel D.

3

Resnick (the "Resnick Decl."), those CLR IDP Plaintiffs whose claims are not facially barred (because they unilaterally entered into settlements with Ford before retaining CLR, etc.) (1) have produced all documents and other things in their possession, custody, or control; (2) have produced their defective autos for inspection by Ford; and (3) have appeared for their depositions by Ford.  Further, Plaintiffs in the *Cannon* and *Brown* provided expert disclosures preliminary to the then-scheduled trials; and in *Cannon*, opposed Ford's *Daubert* and summary judgement motion.  (The deadline to oppose these motions in *Brown* has not yet run.)

True, there were issues with the CLR Plaintiffs' Responses to Fords' Interrogatories and Requests for Production.  But these were not entirely the fault of the CLR Plaintiffs.  In this regard, the CLR Plaintiffs do not argue that the discovery process in these cases was a "model" of cooperation.  As the CLR Plaintiffs' freely conceded at the October 17, 2019 hearing, it was not.  But the fault for this lack of cooperation lies largely, if not entirely, with Ford, given that Ford steadfastly refused to communicate with the CLR Plaintiffs in a timely manner, or at all, unless it was to Ford's benefit to do so.  *See, e.g.*, the CLR Plaintiffs' Opposition to Ford's Motion for Sanctions (DKT # 458), pp. 3-4.

The Recommendation mischaracterizes this communication breakdown as the CLR Plaintiffs unilaterally "stopped communicating with Ford with respect to the issues raised by Ford."  In truth, and as shown in the CLR Plaintiffs' Opposition to Ford's Motion, Ford refused to respond to the CLR Plaintiffs' repeated email communications on discovery issues – including, most notably here, why this Court's August 13, 2019 ruling finding that the discovery motion filed by the Plaintiffs Lead Liaison Counsel ("PLLC")/KLG as untimely did not apply equally to the Motion for Sanctions that Ford threatened.  *See* Recommendation, p. 18-19; *see* Opposition (DKT #458), pp. 3-4, 7, 11 (documenting Ford's ignoring the CLR Plaintiffs' repeated meet-and-confer emails on the timeliness issue).

The CLR Plaintiffs believe, and continue to believe, that Ford's Motion for

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

CLR PLAINTIFFS' RESP. TO RECOMMENDATION RE FORD MTN. FOR SANCTIONS

Sanctions, in essence, is a type of discovery motion; and fairness to both sides requires that Ford's Motion for Sanctions also be held to be time barred. But even if the CLR Plaintiffs were incorrect in this belief, where is the meet-and-confer response from Ford as to the CLR Plaintiffs' multiple emails on this issue? Ford proffered no such emails, because Ford never responded.

Again, there is fault on both sides, which makes the imposition of sanctions – and certainly the imposition of a dismissal sanction – inappropriate.

## II. CONTRARY TO THE RECOMMENDATION, THE CLR PLAINTIFFS WITH CLAIMS THEY ARE ABLE OR WISH TO PURSUE DID NOT "OBSTINATELY REFUSE TO COMPLY WITH THEIR DISCOVERY OBLIGATIONS"

As documented in the accompanying Resnick Decl., only four (4) "sets" of Plaintiffs who have cases in the CLR IDP cases have done anything remotely approaching the sort of "obstinate refusal to comply even minimally with their discovery obligations" claimed by the Recommendation. But these four (4) sets of Plaintiffs either no longer wish to, or no longer can, pursue their cases against Ford due to settlement agreements or other considerations.[1] Significantly, the CLR Plaintiffs have tried to engage in a meaningful meet-and-confer about the disposition of these four cases by way of stipulations to voluntary dismissal, but Ford largely has ignored these communications as well. But in their Opposition to Ford's Motion for Sanctions, the CLR Plaintiffs made clear that these four "sets" of CLR IPD Plaintiffs fell into a different category, as to which dismissal might be appropriate.

In contrast, the remaining eight (8) "sets" of CLR IDP Plaintiffs[2] fully

---

[1] These four (4) sets of CLR IDP Plaintiffs are (1) John Einbund; (2) Maria and Ramon Garza; (3) Jonathan Nichols; and (4) Louie Hernandez; and the reasons why these Plaintiffs are not pursuing their cases against Ford (and thus not participating in discovery) are set forth in the Resnick Decl., ¶ 5.

[2] These eight (8) sets of CLR IDP Plaintiffs are: (1) Christi Brown; (2) Christine and

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

CLR PLAINTIFFS' RESP. TO RECOMMENDATION RE FORD MTN. FOR SANCTIONS

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

1  cooperated with Ford as to discovery – with one possible exception, as addressed

2  below.  These "cooperating" sets of Plaintiff all presented themselves for deposition

3  (some more than once and some in other states).  Further, these Plaintiffs produced

4  every single shred of paper in their possession custody or control that relate to their

5  vehicles at the time of their depositions; and pursuant to the Request to Produce

6  included in Ford's deposition notices.  Finally, those Plaintiffs who still possessed

7  their defective Focus or Fiesta autos presented the same for vehicle inspections by

8  Ford and its experts.  *See* Resnick Decl., ¶ 4.  Any assertion to the contrary – including,

9  with all respect to the Court, the sweeping accusation in the Recommendation – is

10  demonstrably false.

11      The "exception" noted above is as to these Plaintiffs' written responses to

12  Ford's Interrogatories and Requests for Production.  As the CLR Plaintiffs understand

13  the Recommendation, the Court's concerns are that:

14      (1)     The CLR Plaintiffs should not have initially responded only with

15  objections, despite Ford's refusal to communicate with CLR as to any discovery

16  issues that Ford unilaterally decided were "global" (*see* Opposition, pp. 3-4);

17      (2)     The supplemental Interrogatory Responses that the CLR Plaintiffs

18  subsequently served were insufficient; and

19      (3)     The supplemental interrogatory responses were not properly verified

20  (because the CLR Plaintiffs used "electronic signatures" in an expedited effort to

21  resolve this issue).  *See* Recommendation, pp. 13-15.

22      But with all respect to this Court, the Recommendation fails to cite any

23  authority for the proposition that a party can be penalized for serving "Objection

24  Only" responses, regardless of the "provocation" by the propounding party, when the

25

26  ──────────────

27  James Pisarkiewicz; (3) Connie Hill; (4) Debra Sullivan; (5) Holli Snyder; Kendra
Holmstedt; (6) Mary Cannon; (7) Patrick and Ronald Mowrer; (6) Scott Vanidestine
28  and Andrew DeBaker; (7) Trent Straw; (8) Victor and Amanda Valencia.  *See* Resnick
Decl., ¶ 4.

CLR PLAINTIFFS' RESP. TO RECOMMENDATION RE FORD MTN. FOR SANCTIONS

1    responding party serves substantive supplemental responses.  For their part, the CLR

2    Plaintiffs are unaware of any such authority.

3         Equally, the CLR Plaintiffs do not agree that their supplemental responses were

4    "*Sanctionally Deficient*" given that (1) Ford utilized the same "reference to

5    documents" response to the CLR Plaintiffs' equivalent discovery; (2) Plaintiffs had

6    produced all of their records, submitted themselves to depositions; produced their

7    vehicles for inspection, etc.

8         Further, any deficiencies in the verifications for the supplemental interrogatory

9    responses could and can be cured by the CLR Plaintiffs providing "hand signed"

10   verifications.

11        Finally, conspicuously absent from the Recommendation is any showing or

12   analysis as to how Ford allegedly was prejudiced, even in regards to the then-pending

13   November trial dates for the *Cannon* and *Brown* cases, by the alleged deficiencies in

14   the CLR Plaintiffs' discovery.  Ford made no such showing in its Motion for

15   Sanctions; instead, Ford in essence demanded a "*Presumption of Prejudice*," despite

16   all the discovery that the CLR Plaintiffs undeniably had provided.

17        The Recommendation in essence repeats this presumption, which the CLR

18   Plaintiffs submit is not supported by any legal authority and in fact contradicts the

19   legal authorities cited in the Recommendation.  Further, even if such a presumption

20   was appropriate under the circumstances then presented, there is no showing or reason

21   to believe that such a presumption now applies given the continued trial dates in the

22   *Cannon* and *Brown* cases.

23   **III.   LEGAL ANALYSIS**

24        As an initial matter, the CLR Plaintiffs agree that the Recommendation

25   correctly states the controlling law in the Ninth Circuit regarding a dismissal sanction,

26   e.g., the five-part "test" or factors warranting a dismissal sanction stated in *Valley*

27   *Engineers Inc. v. Electrical Engineering Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998):

28        (1) the public's interest in expeditious resolution of litigation; (2) the

7

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

court's need to manage its dockets; (3) the risk of prejudice to the [party

seeking sanctions]; (4) the public policy favoring disposition of cases

on their merits; and (5) the availability of less drastic sanctions.

*Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). *See* Recommendation, p. 13. The CLR Plaintiffs also agree with the Recommendation's statement that, in the Ninth Circuit, a dismissal sanction requires that the party's discovery violations must be due to willfulness or bad faith. Recommendation, p. 13 (citing *Dreith v. Nu Image, Inc.* 648 F.3d 779, 788 (9th Cir. 2011).

That said, the CLR Plaintiffs respectfully disagree that such tests/factors exist in light of (1) the actual facts; and (2) the post-Recommendation developments noted above. To "tick off" these factors:

A. The CLR Plaintiffs Did Not Act With The Required Willfulness or Bad Faith

The CLR Plaintiffs respectfully submit that, given the actual facts detailed above, they did not act in "bad faith" in their initial attempts to deal with Ford's unprecedented, and improper, refusal to communicate as to any issues that Ford unilaterally deemed were "global," such than any such issues could be addressed only by Plaintiffs Lead Liaison Counsel. Equally, the CLR Plaintiffs did not act in bad faith in regards to their providing the supplemental responses in an attempt to resolve the dispute; or in their efforts to meet-and-confer with Ford as to why this Court's August 13, 2019 ruling that the PLLG/KLG discovery motion was untimely did not apply to, and equally bar, the Motion that Ford threatened. Further, the CLR Plaintiffs did not act in bad faith in trying to remedy any defects in the verification for the supplemental interrogatories by providing "e-signatures."

B. The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage its Dockets

With all respect to the Court: There has been no showing that any issues with the CLR Plaintiffs' discovery has caused "needless delay in the discovery of facts that

8

CLR PLAINTIFFS' RESP. TO RECOMMENDATION RE FORD MTN. FOR SANCTIONS

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

would aid in the ultimate resolution of this litigation." Recommendation, p. 16. This is true as to the *Cannon* and *Brown* cases, which were and are the only CLR Plaintiff cases set for trial, as evidenced by the fact that Ford filed summary judgment motions as to both cases. It is equally true as to the other CLR IDP cases, and as to the +/-750 other CLR cases that are part of this MDL proceeding.

### C. Risk of Prejudice to Ford

This part of the Recommendation states that the alleged deficiencies in the CLR Plaintiffs' interrogatory responses "utterly obstructed Ford's attempts to learn what, if any, support the CLR plaintiffs had for their claims." Recommendation, p. 17. This statement is wholly conclusory, perhaps because Ford made no such showing in its Motion and instead relied on a *Presumption of Prejudice*, as shown above. Even worse, this accusation is belied by the discovery that the CLR Plaintiffs undeniably did provide, as also detailed above.

### D. Public Policy Favoring Disposition of Case on Merits

As the Recommendation notes, this factor is "at best neutral." Recommendation, p. 17. To the extent the "at best" is another accusation that Ford was prejudiced, that accusation again is wholly conclusory, and again at odds with the facts detailed above and in the CLR Plaintiffs' Opposition.

### E. Availability of Less Drastic Sanctions

The initial problem with this part of the Recommendation is that it is based on a conclusory assertion that the CLR Plaintiffs engaged in a "pattern of obstructionist behavior" (Recommendation, p. 18), which is contradicted by the facts detailed above. But even assuming, for the purposes of argument, that the CLR Plaintiffs engaged in such a "pattern," and further assuming that no less drastic sanction was available due to the pendency of the *Cannon* and *Brown* trial dates (and any discovery cutoff), this is no longer the situation given the trial continuances detailed above. Moreover, the *other* CLR IDP cases are not even set for trial yet.

CLR PLAINTIFFS' RESP. TO RECOMMENDATION RE FORD MTN. FOR SANCTIONS

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

1    Instead, and assuming Ford makes a showing of prejudice and the need for any

2    additional discovery, a number of less-drastic sanctions are now available, e.g., an

3    order requiring the CLR Plaintiffs to respond on an expedited basis to additional

4    interrogatories; the possible submission by the CLR Plaintiffs to additional deposition

5    sessions (even though Ford elected to depose these Plaintiffs without first resolving

6    any issues as to the sufficiency of the responses to written discovery).

7    **IV.    CONCLUSION**

8    In closing, the CLR Plaintiffs again respectfully draw this Court's attention to

9    the fact that, as evidenced by the meet-and-confer emails that are included in the Exhibit

10   A "email string" to Plaintiffs' Opposition, Ford simply ignored the CLR Plaintiffs'

11   repeated efforts to meet-and-confer as to the "timeliness" issue. *See, e.g.,* Opposition,

12   p. 11.    Instead, Ford rushed the Motion for Sanctions that resulted in the

13   Recommendation, apparently in the hope that this Court would ignore Ford's own

14   wrongdoing, and Ford's failure to show any prejudice.

15   For the foregoing reasons, the Recommendation should be revised, either to

16   impose no sanctions given the lack of cooperation on both sides; or to impose a less-

17   drastic sanction, provided that Ford can make a sufficient showing that it was, in fact,

18   prejudiced in some fashion.    In the alternative, and at most, these issues should be

19   deferred to Judge Birotte, Jr. for resolution in the context of the continued trial dates.

20                                    Respectfully submitted,

21   DATED: November 1, 2019          CONSUMER LEGAL REMEDIES, APC

22

23

24                                    /s/ *Allen-Michel D. Resnick*
                                      ————————————————
                                      Allen-Michel D. Resnick
25                                    Neil Gieleghem
                                      Attorneys for CLR Plaintiffs

26

27

28

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

CLR PLAINTIFFS' RESP. TO RECOMMENDATION RE FORD MTN. FOR SANCTIONS

ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)

I, Allen-Michel D. Resnick, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories have concurred in this filing.

Executed on November 1, 2019.

By: /s/ *Allen-Michel D. Resnick*

Allen-Michel D. Resnick

CONSUMER LEGAL REMEDIES, APC
THE RESNICK BUILDING
331 NORTH BEVERLY DRIVE, SUITE 2, BEVERLY HILLS, CA 90210

11

1

<u>PROOF OF SERVICE</u>

2

3    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4    At the time of service, I was over 18 years of age and not a party to this action. I am
     employed in the County of Los Angeles, State of California. My business address is
5    331 North Beverly Drive, Suite 2, Beverly Hills, CA 90210.

6         On November 1, 2019, I served true copies of the following document(s)
     described as

7

8    **CLR PLAINTIFFS' RESPONSE TO REPORT AND RECOMMENDATION
     OF UNITED STATES MAGISTRATE JUDGE RE DEFENDANT FORD'S
     MOTION FOR SANCTIONS UNDER FRCP 37(D) AND/OR THE COURT'S**
9    **INHERENT POWERS**

10   on the interested parties in this action as follows:

11                            SERVICE LIST
                              MDL #2814
12                    Case No. 2:18-ML-02814 AB (FFMx)

13

14   Paul R. Kiesel, State Bar No. 119854
     kiesel@kiesel.law
15   Jeffrey A. Koncius, State Bar No. 189803
     koncius@kiesel.law
16   Nicole Ramirez, State Bar No. 279017
     ramirez@kiesel.law
17
     KIESEL LAW LLP
18   8648 Wilshire Boulevard
19   Beverly Hills, California 90211-2910
     Tel:   310-854-4444
20   Fax:   310-854-0812
21   Lead/Liaison Counsel for Plaintiffs

22

23   Steve Mikhov, State Bar No. 224676
     stevenm@knightlaw.com
24   Russell Higgins, State Bar No. 226124
     russellh@knightlaw.com
25   KNIGHT LAW GROUP LLP
26   1801 Century Park East, Suite 2300
     Los Angeles, CA 90067
27   Tel: 310-552-4444

28

1  Fax: 310-552-7973
2  Attorneys for Knight Law Group Plaintiffs
   Payam Shahian, State Bar No. 228406
3  pshahian@slpattorney.com
4  Rowena Santos, State Bar No. 210185
   rsantos@slapattorney.com
5  STRATEGIC LEGAL PRACTICES, APC
6  1840 Century Park East, Suite 430
   Los Angeles, CA 90067
7  Tel: 310-929-4900
8  Fax: 310-943-3838
   Attorneys for SLP Plaintiffs
9
10 Stephen H. Dye, State Bar No. 104385
   sdye@schnader.com
11 Richard J. May, State Bar No. 234684
12 rmay@schnader.com
   SCHNADER HARRISON SEGAL & LEWIS LLP
13 650 California Street, 19th Floor
14 San Francisco, CA 94108-2736
   Tel: 415-365-6700
15 Fax: 415-364-6785
16 Attorneys for Ford Motor Company

17 H. Paul Efstratis, Esq., State Bar No. 242373
18 Paul.efstratis@lewisbrisbois.com
   Lewis Brisbois Bisgaard & Smith LLP
19 333 Bush Street, Ste 1100
20 San Francisco, CA  94104-2875
   Tel:  415-362-2580
21 Fax: 415-434-08882
22 Attorneys for Defendant Ford Motor Company

23 John M. Thomas, State Bar No. 266842
24 jthomas@dykema.com
   DYKEMA GOSSETT PLLC
25 2723 South State Street, Suite 400
26 Ann Arbor, MI 48104
   Tel:   734-214-7613
27 Fax:   734-214-7696
28 Attorneys for Ford Motor Company in MDL #2814 Cases

---

1
PROOF OF SERVICE

Amir Nassihi, State Bar No. 235936
anassihi@shb.com
SHOOK HARDY BACON
One Montgomery, Suite 2700
San Francisco, CA 94104-4505
Tel:   415-544-1900
Fax:   415-391-0281
Attorneys for Ford Motor Company in MDL #2814 Cases

Spencer P. Hugret, State Bar No. 240424
shugret@gordonrees.com
Molly J. Mrowka (SBN 190133)
mmrowka@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
Embarcadero Center West
275 Batter Street, Suite 2000
San Francisco, CA 94111
Tel:   415-986-5900
Fax:   415-986-8054
Attorneys for Ford Motor Company in MDL #2814 Cases

[X]   (BY E-FILE) The above document was served on the interested party named above by electronic means via E-file.

[ ]   (BY MAIL) The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with this office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand to the addressee.

[X]  (FEDERAL] I declare that I am a member of the Bar of this Court.

    Executed on November 1, 2019, at Beverly Hills, CA.

                    /s/ *Allen-Michel D. Resnick*