**KNIGHT LAW GROUP LLP**
Steve Mikhov (SBN 224676)
stevemusfc@knightlaw.com
Roger Kirnos (SBN 283163)
rogerk@knightlaw.com
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

**Rosner, Barry & Babbitt, LLP**
Hallen D. Rosner (SBN 109740)
hal@rbblawgroup.com
Arlyn L. Escalante (SBN 272645)
arlyn@rbblawgroup.com
10085 Carroll Canyon Rd., Suite 100
San Diego, CA 92131
Telephone: (858) 348-1005
Fax: (858) 348-1150

Attorneys for Plaintiffs
YVONNE QUINTERO
AND SALVADOR QUINTERO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION**<br><br>_____<br><br>**THIS DOCUMENT RELATES ONLY TO:**<br>Yvonne Quintero, et al v. Ford Motor Company, et al., 2:18-cv-01912-AB-FFM | **Case No. 2:18-ML-02814-AB (FFMx)**<br><br>Assigned to: Judge Andre Birotte, Jr.<br><br>**OPPOSITION TO FORD MOTOR COMPANY'S MOTION FOR NEW TRIAL [FED. R. CIV. PROC. 59]**<br><br>Courtroom:     7B<br>Hearing Date:  July 8, 2020<br>Hearing Time:  10:00 a.m. |

---

**OPPOSITION TO FORD MOTOR COMPANY'S MOTION FOR NEW TRIAL [FED. R. CIV. PROC. 59]**

## I. INTRODUCTION

Ford's arguments regarding its failure to repair and Ford's liability for civil penalty have already been dealt with in the opposition to Ford's Motion for "JMOL" and Plaintiff stands by her opposition. It is clear the vehicle was brought in three times for transmission problems and that a civil penalty was well merited.

Ford's motion for new trial is full of strong rhetoric and weak on facts, law and evidence.

Plaintiff will therefore turn to the claims of misconduct.

Ford seizes on a one line partial answer by the expert to a question asked by defense counsel. The partial answer, which mentioned a woman breaking a rib, was cut-off and stricken.

Ford then makes up, misquotes and misrepresents what it called a "grenade" WITHOUT CITATION TO THE RECORD.

Ford does point out a question on redirect directed specifically to the issues raised on cross regarding bucking and jerking. A door Ford opened wide.

Ford next claims the repair that had no repair order was not validated. YES IT WAS in detail by Mr. Quintero. Please see extensive quote in opposition to JMOL.

Plaintiff never stated the loss of power had been relayed to Ford and the court dismissed the implied warranty claim.

The retainer agreement was properly used to refresh memory as to the date of retention – nothing more. Most of what is complained of is standard advocacy. It was perfectly legitimate to question Ford's failure to present evidence and witnesses on key issues.

## II. THE GARZA VIDEO

This court allowed the 13-second GARZA video. Mr. Kiesel promised what the testimony in support would be and it was <u>exactly</u> <u>that</u>. The testimony of Mrs. Quintero was as follows:

///

> Q. I'd like to show you -- I mentioned that there's a brief snippet of a YouTube video that shows someone having a -- I'm going to play it, and then we're going to talk about it. Okay?
>
> A. Okay.
>
> MR. KIESEL:
>
> And this is plaintiff's exhibit and I'm not sure what the number is. Can you give me a new number? This will be Exhibit Number 48.
>
> Q. So just watch and listen to this video.
>
> A. Okay.
>
> (Exhibit played.)
>
> BY MR. KIESEL:
>
> Q. Was that similar to your experience?
>
> A. Yes, it was.
>
> Q. Was it something you expected to happen when it did happen?
>
> A. No.

Mrs. Quintero at page 664

There is nothing improper here.

### III. THE ADMISSION OF EXHIBITS WAS PROPER

Ford entered into a massive stipulation that exhibits were authentic and in many cases business records. See authentication and business record stipulation. Now Ford without citation to the record seeks to relitigate these issues.

### IV. BOTH THE VERDICT FORM AND INSTRUCTIONS WERE PROPER

Ford seeks to rewrite the lemon law. A vehicle which cannot be used and does not work has less value. This vehicle sat parked for most of its lease.

The case of *Schreidel v. American Honda Motor Co.* (1995) 34 Cal.App.4th 1241 also involved a bad transmission, although the transmission in *Schreidel* had an intermittent problem.

Because of the transmission problems, the plaintiff avoided using her vehicle as was the case here. This reduced the vehicles usefulness and <u>value</u>. This vehicle was returned with under 15,000 miles.

In *Schreidel* the court found that impairment was an issue of fact for the jury, and the lower and appellate county upheld the verdict and full civil penalties.

Ford's verdict form and proposed instruction were and are wrong.

## V. CONCLUSION

Ford's motion for new trial is without merit and should be denied.

Dated: June 17, 2020                ROSNER, BARRY & BABBITT, LLP

        /s/ Hallen D. Rosner
Hallen D. Rosner
Arlyn L. Escalante
Attorneys for Plaintiffs YVONNE and
SALVADOR QUINTERO