Richard C. Dalton
RICHARD C. DALTON, L.L.C.
California Bar No. 268598
Texas Bar No. 24033539
Louisiana Bar No. 23017
1343 West Causeway Approach
Mandeville, Louisiana 70471
Email: rick@rickdaltonlaw.com
Tel.: (985) 778-2215
Fax: (985) 778-2233

Kevin R. Duck (Admitted Pro Hac Vice)
DUCK LAW FIRM, LLC
Louisiana Bar No. 23043
5040 Ambassador Caffery Pkwy., 2nd Floor
Lafayette, Louisiana 70508
Email: krd@ducklawfirm.com
Tel.: (337) 406-1144
Fax: (337) 406-1050
Attorneys for Plaintiffs

| | |
|---|---|
| GORDON, REES, SCULLY MANSUKHANI LLP<br>Spencer Hugret (SBN: 240424)<br>shugret@grsm.com<br>Embarcadero Center West<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111<br>Tel: 415.986.5900 Fax: 415.986.8054 | SHOOK, HARDY & BACON L.L.P.<br>Amir Nassihi (SBN: 235936)<br>anassihi@shb.com<br>Andrew Chang (SBN: 222309)<br>achang@shb.com<br>One Montgomery, Suite 2600<br>San Francisco, CA 94104<br>Tel: 415.544.1900 Fax: 415.391.0281 |

Attorneys for Defendant Ford Motor Co.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Benjamin Ascensio, et al vs. Ford Motor Company, Case No. 2:18-cv-00983*<br><br>*Clarene Banks, et al vs. Ford Motor Company, Case No. 2:18-cv-01288*<br><br>*Alfred Franco, et al vs. Ford Motor Company, Case No. 2:19-cv-02466* | Case No. 2:18-ml-02814-AB<br><br>Judge André Birotte<br><br>**JOINT STATUS CONFERENCE STATEMENT FOR TEXAS PLAINTIFFS**<br><br>Date: September 4, 2020<br>Time: 10:00 a.m.<br>Dept.: Courtroom 7B |

Pursuant to Dkt. No. 911, the parties submit this Joint Status Conference Statement in connection with the telephonic status conference that is set for Friday, September 4, 2020.

### I. Status of Settlement Efforts

#### A. Plaintiffs' Position

The parties participated in a virtual mediation conference on Wednesday, July 1, 2020 with former United States District Court Judge Gary A. Feess serving as mediator. The parties were unable to reach an amicable resolution of the Plaintiffs' claims and thereafter participated in a status conference before Honorable Judge Andre Birotte, Jr. on Wednesday, July 8, 2020. The parties waived confidentiality with regards to the mediation conference that was held on July 1, 2020 so that Judge Birotte could communicate directly with the appointed mediator, Judge Gary A. Feess.

Texas Plaintiffs have a total of 51 cases pending in the MDL. At mediation and then subsequently through Offers of Judgments, Ford Motor Company offered to settle Plaintiffs cases for amounts inclusive of attorney fees and costs that are much less than other settlement offers Ford has made to other Plaintiffs in the MDL. The disparity in the settlement offers made to the Texas Plaintiffs and the other MDL Plaintiffs is the reason the Texas cases cannot settle. Plaintiffs' counsel believe this disparity is due to Ford Motor Company not fairly compensating the Texas Plaintiffs under Texas law, which is very similar to California law but actually has a lesser requirement for a knowing violation under Texas DTPA and obtaining treble damages.

"To commit a "knowing" violation of the DTPA, an individual must decide to take a given course of action with the knowledge that the path is "false, deceptive, or unfair" to another.[1] Recovery for "knowing" violations of the DTPA is based on the

---

[1] *See St. Paul Surplus Lines Ins. Co.*, 974 S.W.2d at 53; *Streber v. Hunter*, 221 F.3d 701, 732 (5th Cir. 2000)

fact that defendant is actually aware that his conduct was "false, deceptive, or unfair." Accordingly, a "knowing" violation of the DTPA does not necessarily connote "gross negligence"; conduct can be "false, deceptive, or unfair" and still not create an "extreme degree of risk of serious injury to the plaintiff."[2] Ford admitted in Mark Pedante v. Ford Motor Company[3] that they knew of the leaking input shaft seals issue before Plaintiff purchased his vehicle and that it was working on solutions. FMC's violation of the Texas DTPA was a knowing violation. FMC was aware that their conduct was false and deceptive and, at the very least, unfair to consumers, including the Texas Plaintiffs.

The Plaintiffs seek a conference with this Honorable Court so that the Court may address any issues that Judge Feess believes precluded the parties from reaching a settlement agreement. Specifically, counsel for the Plaintiffs contend that in the event the Plaintiffs prevail on those claims that award attorney fees, they are entitled to reasonable fees for services rendered to their clients during the MDL proceedings regardless if their cases were stayed. The Plaintiffs believe that the Defendants fail to consider and/or take into consideration those hours spent by Plaintiffs' counsel reviewing MDL filings and communicating with their clients during this process of the litigation. The Plaintiffs believe that insight from the Court on this issue may facilitate continued negotiations and possible resolution of their cases.

The Plaintiffs also seek conference with this Honorable Court to discuss the posture and procedure of remand. As the Court is aware, there is a settlement procedure in place to facilitate negotiations between the Plaintiffs and the Defendants. The "Dalton-Duck" Plaintiffs have exhausted those procedures. In the event the Court

---

[2] *Streber v. Hunter*, 221 F.3d 701, 729 (5th Cir. 2000) (internal citations omitted)

[3] *Mark Pedante v. Ford Motor Company, United States District Court, Central District of California, In Re: Ford Motor Co. DPS6 Powershift Transmission Products Liability*, Case No. 2:18-ML-02814 MDL, Document 605 pages 7-8

cannot offer any insight and/or the parties have reached an impasse, then the 'Dalton-Duck" Plaintiffs seek a remand to their Courts of origination.

### B. Ford's Position

Ford disagrees with Texas Plaintiffs' legal and factual renditions, and addressed these in detail in its mediation submissions. Ford also disagrees with Texas Plaintiffs' characterization of Ford's settlement positions. For example, most cases in this MDL have settled without any extra-compensatory payment such as for civil penalties. And in the broader litigation in federal and state court, Ford has settled more than 3,000 cases with dozens of different firms.[4]

The two principal obstacles to settlement of certain cases include (1) certain firms insisting on punitive damage enhancements for settlements (see, e.g., Dec. 12, 2018 MDL Hr'g Tr. at 9-10); and (2) attorney fee amounts demanded in certain cases. Of those two obstacles, a primary area of dispute here is whether Texas Plaintiffs can seek substantial fees for reviewing and analyzing every document that has passed through this MDL so as to remain updated on events in this MDL.

Ford's position is that fees incurred reviewing materials relating to other unrelated cases are not recoverable under the applicable statute, particularly where Texas Plaintiffs' cases were stayed. Beyond that, periodic updates should ordinarily have come from status reports by appointed plaintiff leadership in this MDL as part of the enumerated duties. See Plaintiff Leadership Appointment Order at ECF No. 25 at para (e) and (f) (noting periodic status reports and limiting duplication of efforts). For these reasons, Parties differ on recoverable fees for Texas Plaintiffs. This Court's guidance would be helpful in assessing whether further resolution discussions would be productive as to the Texas plaintiffs' case.

---

[4] Ford has also served a number of protective Rule 68 offers in situations where a reasonable settlement has been wholly beyond reach.

DATED: August 28, 2020

By:    */s/ Kevin R .Duck*

Kevin R. Duck (Admitted Pro Hac Vice)
DUCK LAW FIRM, LLC
Louisiana Bar No. 23043
5040 Ambassador Caffery Pkwy.,
2nd Floor
Lafayette, Louisiana 70508
Email: krd@ducklawfirm.com
Tel.: (337) 406-1144
*Attorney for Plaintiffs*

By:    */s/ Amir Nassihi*
SHOOK, HARDY & BACON L.L.P.
Amir Nassihi

GORDON REES SCULLY MANSUKHANI, LLP
Spencer P. Hugret

*Co Lead Counsels for Defendant*

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(A)(2)(I)**

I, Amir Nassihi, am the ECF User whose identification and password are being used to file this document. Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed on whose behalf the filing is submitted concur in the filing's content and have authorized the filing.

By: */s/ Amir Nassihi*
Amir Nassihi