UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION** | Case No. ML-18-02814 AB (PVCx) |
| | Case No. CV-18-01893 AB (FFMx) |
| | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| **THIS DOCUMENT RELATES TO:** | |
| *Jeff Hobart v. Ford Motor Co., et al.*, CV-18-01893 AB (FFMx) | |

Before the Court is Defendant Ford Motor Company's ("Ford") Motion for Summary Judgment ("Motion," Dkt. No. 1012.)[1] Plaintiff Jeff Hobart ("Plaintiff") filed an opposition and Ford filed a reply. The Court heard oral argument on March 12, 2021. The Motion is **GRANTED**.

**I.   BACKGROUND**

This is one of more than 1,000 member cases of the multidistrict litigation *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liability Litig.*, Case No. 18-ML-02814, concerning allegedly defective DPS6 dual-clutch powershift transmissions installed in certain Ford vehicles. Like most of the plaintiffs in the MDL, Plaintiff

---

[1] The Motion was filed in the MDL, so the docket numbers refer to the MDL docket, unless otherwise noted.

1.

1  herein asserts claims for breach of express and implied warranties under the Song-
2  Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790-1795.5 ("Song-Beverly" or
3  "Act") (Counts 1 and 2), along with a request for a civil penalty under the Act, and
4  three claims for fraudulent inducement by concealment (Count 3), by intentional
5  misrepresentation (Count 4), and by negligent misrepresentation (Count 5), along with
6  a request for punitive damages, all arising out of an allegedly defective DPS6
7  transmission with which his 2011 Ford Fiesta was equipped. *See generally* Complaint
8  (*Hobart* Dkt. No. 1).

9        Ford now moves for summary judgment on all claims. In his opposition,
10 Plaintiff concedes judgment on his Song-Beverly Act claim for breach of the implied
11 warranty, and on his claims for fraud by intentional and negligent misrepresentation,
12 but opposes the Motion as to his Song-Beverly Act claim for breach of the express
13 warranty, and his fraudulent omission claim.

14       The Court previously addressed the dispositive issues in earlier orders entered
15 in this MDL. *See In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab.*
16 *Lit.*, No. CV1706656ABFFMX, 2019 WL 6998668, at *4 (C.D. Cal. Sept. 5, 2019)
17 (Order Re: Motions for Judgment on the Pleadings, discussing *American Pipe* tolling)
18 and *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, 483 F.
19 Supp. 3d 838, 847-850 (C.D. Cal. 2020) (Order Granting Motion for Judgment on the
20 Pleadings in *Altamirano-Torres*, discussing economic loss rule). The Court sees no
21 reason to depart from the analysis set forth in those orders.

22 **II.  LEGAL STANDARD**

23       A motion for summary judgment must be granted when "the pleadings, the
24 discovery and disclosure materials on file, and any affidavits show that there is no
25 genuine issue as to any material fact and that the movant is entitled to judgment as a
26 matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
27 247–48 (1986). An issue of fact is "genuine" only if there is sufficient evidence for a
28 reasonable fact finder to find for the non-moving party. *Anderson*, 477 U.S. at 248–

49. A fact is "material" if it may affect the outcome of the case. *Id*. at 248. The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmoving party will have the burden of proof at trial, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. *Id*. The nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in the nonmoving party's favor. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson,* 477 U.S. at 255). Nevertheless, inferences are not drawn out of thin air, and it is the nonmoving party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines,* 602 F.Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd,* 810 F.2d 898 (9th Cir. 1987). "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

**III.    DISCUSSION**

The Court typically begins its orders granting motions for summary judgment with a section setting forth the undisputed material facts, which are usually about the events giving rise to the claims. Here, however, such facts are not material to the disposition of the Motion because both of Plaintiff's claims are barred by the applicable statutes of limitations, and Plaintiff's fraudulent omission claim is also barred by the economic loss doctrine.

**A. Plaintiff's Claims are Barred by the Applicable Statutes of Limitations.**

A three-year (1,095 days) statute of limitations applies to Plaintiff's fraud claim

3.

(*see* Cal. Code Civ. P. § 338(d)), and a four-year (1,460 days) statute of limitations applies to his Song-Beverly Act claim for violation of the express warranty (*see* Cal. Com. Code § 2725). The parties agree for purposes of this Motion that Plaintiff's claims accrued no later than April 9, 2013, when he traded in his allegedly defective 2011 Fiesta for a different vehicle. Plaintiff filed this action in state court 1,764 days later, on February 5, 2018 – well after either limitations period expired. However, Plaintiff argues that pursuant to *American Pipe and Const. Co. v. Utah*, 414 U.S. 538 (1974) ("*American Pipe*"), the limitations period was tolled by the class action lawsuit *Klipfel v. Ford Motor Co.*, filed in California Superior Court on February 20, 2015.

      Plaintiff's argument is unavailing. In *American Pipe*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe*, 414 U.S. at 554. In *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008), the Ninth Circuit stated that the "rule of *American Pipe*—which allows tolling within the federal court system in federal question class actions—does not mandate cross-jurisdictional tolling as a matter of state procedure." *Clemens*, 534 F.3d at 1025. The *Clemens* Court further observed that "[t]he California Supreme Court has not adopted such cross-jurisdictional tolling," and held that "the weight of authority and California's interest in managing its own judicial system counsel us not to import the doctrine of cross-jurisdictional tolling into California law." *Id.* Shortly thereafter, the Ninth Circuit further held that "the *Clemens* decision would foreclose application of *American Pipe*" cross-jurisdictionally. *See Hatfield v. Halifax PLC*, 564 F.3d 1177, 1187 (9th Cir. 2009).

      Regarding another member case of this MDL, *Mark Pedante v. Ford Motor Co.*, CV-17-06656, this Court addressed whether *American Pipe* applied to toll the limitations period during the pendency of the class action *Vargas v. Ford Motor Co.*, CV 12-08388. *See In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab.*

*Lit.*, No. CV1706656ABFFMX, 2019 WL 6998668, at *4 (C.D. Cal. Sept. 5, 2019). There, Pedante sought to apply *American Pipe* tolling cross-jurisdictionally. Noting that the California Supreme Court had not adopted cross-jurisdictional *American Pipe* tolling, and relying upon *Clemens*, this Court ruled that *American Pipe* tolling could not be applied in Pedante's case.

Here, Plaintiff relies on a different class action—*Klipfel*—to toll his limitations period pursuant to *American Pipe*, and argues that *Klipfel* does not implicate cross-jurisdictional tolling because it was originally filed in state court. Defendant responds that *Klipfel* cannot save Plaintiff's claims for many reasons, including that it *does* implicate cross-jurisdictional tolling because it was removed to federal court.[2]

The Court need not resolve whether this case involves cross-jurisdictional tolling because even if, under *American Pipe*, *Klipfel* were to toll the period for Plaintiff's claims, it would not toll enough time to spare them. According to Plaintiff's calculations, between Plaintiff's trade-in date (April 9, 2013) and the filing of his Complaint (February 5, 2018), 1,764 days elapsed. Between the day *Klipfel* was filed (February 20, 2015) and the day it was closed upon consolidation with *Vargas* (December 2, 2015), only 286 days passed. This leaves 1,478 days of untolled time from the day Plaintiff traded in his vehicle to the day he filed his Complaint. This is more than the maximum 4 year (1,460 days) statutory period in issue.

Plaintiff presents a different calculation, stating that the period should be tolled under *Klipfel* from the day *Klipfel* was filed (February 20, 2015) until Plaintiff "opted-

---

[2] Plaintiff anticipated Defendant's argument that because *Klipfel* was removed, it implicates cross-jurisdictional tolling, but instead of briefing it, Plaintiff requested "a full opportunity to brief and debunk that proposition." *See* Opp'n p. 7, fn. 1. But Plaintiff's opportunity to address that issue was his opposition. A further opportunity will not be granted. Nevertheless, the Court acknowledges that the term "cross-jurisdictional" in this context is subject to some ambiguity. *See, e.g., Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1016 (C.D. Cal. 2011) (noting differing understandings of the term).

5.

out of the consolidated class settlement" (September 1, 2017), which is 925 days. *See* Opp'n 2:20-23; *see also* Opp'n 7:15-17 (inaccurately recharacterizing this period as "the 925-day duration of *Klipfel*. . ."). Tolling the period for 925 days would leave only about 839 days of untolled time, which is less than the shortest limitations period here (3 years, or 1,095 days), and Plaintiff's claims would be timely. However, Plaintiff relies solely on *Klipfel* for tolling the period, and provides no support for tolling the period once *Klipfel* was closed upon its consolidation with *Vargas*. Under the reasoning of *American Pipe* and its progeny, a class action can toll the limitations period for individual claims only as long as that class action includes viable class claims. A case that is closed no longer includes viable class claims; therefore Plaintiff's calculation of the time tolled by *Klipfel* is not supported by *American Pipe*. And, as noted above, the Court already ruled that *American Pipe* tolling could not apply to toll the period for the pendency of the *Vargas* case.

      Furthermore, even if *American Pipe* tolling were available through *Klipfel*, and it could toll enough time, Plaintiff's claims would still not be saved because they were not pled in *Klipfel*. The tolling rule does not " 'leave[ ] a plaintiff free to raise different or peripheral claims following denial of class status.' " *Williams v. Boeing Co.*, 517 F.3d 1120, 1136 (9th Cir. 2008) (citing *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983) (Powell, J. concurring)). Thus, for example, even where a prior class action tolled the limitations period for promotion discrimination, hostile work environment, and retaliation claims, it was not tolled for a *compensation* discrimination claim that was not pled. *Id.* Here, Plaintiff's only remaining claims are a claim for common law fraud and a Song-Beverly Act claim for breach of the express warranty. *Klipfel* pled no fraud claim whatsoever, so it could not toll the limitations period for Plaintiff's common law fraud claim. *Klipfel* did plead an express warranty claim, but it was under Cal. Comm. Code § 2313 (a UCC claim), which has different elements than a Song-Beverly claim. For example, Song-Beverly requires a plaintiff to prove that the defect substantially impairs the use, value, or safety of a vehicle in

order to establish a breach of an express or written warranty, while §2313 has no such element. *See Orichian v. BMW of N. Am., LLC*, 226 Cal. App. 4th 1322, 1333 (2014), as modified (July 1, 2014) ("Unlike her count for breach of express warranty under Song-Beverly, plaintiff's count for breach of written warranty under [] the California Uniform Commercial Code [§ 2313] does not require proof of a defect that substantially impaired the use, value, or safety of a vehicle."). Accordingly, even if *Klipfel* would toll the statutes of limitation for a long enough time, it could do so for Plaintiff's claims, because they are not the same claims as those pled in *Klipfel*. *Accord Natan v. Citimortgage, Inc.*, No. CV145779DSFPLAX, 2016 WL 10837861, at *1 (C.D. Cal. Sept. 21, 2016), *aff'd*, 714 F. App'x 710 (9th Cir. 2017) ("neither *American Pipe* nor *Jolly* allows tolling for completely different claims with elements different from those pleaded in the class action").

In sum, even if *Klipfel* could toll the statute pursuant to *American Pipe*, it would not do so long enough to salvage Plaintiff's claims. And although Plaintiff does not expressly rely on *Vargas*, the Court previously held that *Vargas* does not trigger *American Pipe* tolling. Furthermore, Plaintiffs claims could not be tolled by *Klipfel* because they differ from the claims pled in *Klipfel*. Accordingly, more than four years have passed between the date Plaintiff traded in his vehicle and the date he filed his Complaint, so both of his remaining claims are barred by the statutes of limitations. The Motion will be granted on this basis.

**B. Plaintiff's Fraudulent Omission Claim is Also Barred by the Economic Loss Rule.**

Ford argues that Plaintiff's fraudulent omission claim is barred by the economic loss rule. "[T]he economic loss rule provides [that] where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses." *See Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979, 988 (2004) (internal quotation omitted). The rule "bar[s] a plaintiff's tort recovery of economic damages

unless such damages are accompanied by some form of physical harm (i.e., personal injury or property damage)." *North American Chemical Co. v. Superior Court*, 59 Cal.App.4th 764, 777 (1997). Ford argues that Plaintiff's fraud claim—a tort—fails under the economic loss rule because he has alleged only economic losses resulting from his disappointed expectations from Ford's alleged failure to satisfy its warranty obligations. Plaintiff argues that *Robinson Helicopter* established an exception to the economic loss rule for fraudulent inducement claims such as his claim for fraudulent omission.

The Court previously held in a different case in this MDL (*Altamirano-Torres*, CV 17-07388) that the economic loss rule barred a fraudulent omission claim indistinguishable from the claim herein. *See In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, 483 F. Supp. 3d 838, 847-850 (C.D. Cal. 2020). That Order included an extensive discussion of the *Robinson Helicopter* exception upon which Plaintiff relies, and found that *Robinson Helicopter* excepted only fraudulent *misrepresentation* claims from the operation of the economic loss rule, and did not except fraudulent *omission* claims like the one pled here. The Court sees no reason to depart from that analysis, and incorporates it herein by reference.

Plaintiff argues that some cases have come out the other way, finding that fraudulent omissions are not barred by the economic loss rule. But that appears to go against the majority view, which the Court finds more sound. As a fellow member of this Court recently observed " 'the weight of authority within the Ninth Circuit' indicates that the [*Robinson Helicopter*] exception only applies to where a party has made affirmative representations such that the economic loss rule bars 'fraudulent omission claims under California law.' [citation] Plaintiffs do not present any argument for why the Court should follow the minority view [whereas], the majority view seems to better comport with the California Supreme Court's direction that the fraud exception to the economic loss rule is 'narrow in scope and limited to a defendant's affirmative misrepresentations.' " *Drake v. Toyota Motor Corp.*, No.

8.

2:20-CV-01421-SB-PLA, 2020 WL 7040125, at *12 (C.D. Cal. Nov. 23, 2020) (*citing Robinson Helicopter*, 34 Cal. 4th at 993); *accord Mosqueda v. Am. Honda Motor Co., Inc.*, 443 F. Supp. 3d 1115, 1134 (C.D. Cal. 2020) ("courts construing *Robinson* have limited the exception to fraudulent inducement claims based on affirmative misrepresentations, not omissions"); *Hammond v. BMW of N. Am., LLC*, No. CV 18-226 DSF (MRWX), 2019 WL 2912232, at *3 (C.D. Cal. June 26, 2019) (because "*Robinson Helicopter* expressly limits its holding to affirmative misrepresentations," fraudulent omission claim is barred by the economic loss rule).

Thus, the economic loss rule bars Plaintiff's claim for fraudulent inducement by omission. Ford is therefore entitled to summary judgment on this claim.

## IV.　CONCLUSION

For the above reasons, the Court **GRANTS** Ford's Motion for Summary Judgment.

Ford is **ORDERED** to file a Proposed Judgment within 5 days of the issuance of this Order. Any objections to the Proposed Order must be filed within 3 days.

Dkt. Nos. 1028 and 1051 are **DENIED AS MOOT**.

All other dates in the *Hobart* matter are **VACATED**.

**IT IS SO ORDERED.**

Dated: March 29, 2021

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

9.