# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO: Approximately 158 cases where Plaintiffs are represented by Kazerouni Law Group | Case No. 18-ML-2814 AB (PVCx);<br>Case No. CV 21-5530 AB (PVCx);<br>Case No. CV 21-5531 AB (PVCx);<br>Case No. CV 21-6406 AB (PVCx);<br>Case No. CV 21-5528 AB (PVCx)<br><br>**ORDER RE SETTLEMENT CONFERENCE**<br><br>**(KATZEROUNI PLAINTIFFS- FIRST GROUP)** |

## PLEASE READ THIS ORDER CAREFULLY

This Multi-District Litigation matter has been referred to Magistrate Judge Pedro V. Castillo for a settlement conference. Plaintiffs consist of a group of approximately 158 individual Plaintiffs whose cases have been transferred from other districts to this Multi-District Litigation. These Plaintiffs are represented by the Kazerouni Law Group and will be participating in the settlement. It is the Court's intention to conduct settlement proceedings on a case-by-case basis, organized in tranches. To effectively manage the case, the parties have selected a group of thirty (30) Plaintiffs to be part of the first group to take part in the settlement.[1] After, or perhaps even during, the settlement proceedings involving this group, the Court will designate an additional number of Plaintiffs to take part in the second group, and so on. The Court will proceed in this manner until settlement proceedings have been conducted for all Plaintiffs. The Settlement Conference for the first group is placed on calendar for **Thursday, March 3, 2022 at 9:30 a.m., and Friday,**

---

[1] A list of these 30 Plaintiffs is attached to this Order as Exhibit "A."

**March 4, 2022, at 9:30a.m.**[2] The **Settlement Conference shall be conducted virtually by Zoom**. Instructions as to how to join the Zoom Settlement Conference shall be sent to the parties by email.

The Magistrate Judge will not be involved in the actual trial of the case, but rather will assist the parties in an objective appraisal and evaluation of the case. The following are guidelines for the parties in preparing for the Settlement Conference and shall apply to all 30 cases which are part of the first group.

1. The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge, of every aspect of the case bearing on its settlement value.

2. Pursuant to Local Rule 16-14.8, all settlement proceedings shall be confidential, and no statement made therein shall be admissible in any proceeding in the case, unless the parties otherwise agree. No part of a settlement proceeding shall be reported or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

3. Counsel who will try the case must be present and a person with full settlement authority for each side must be present or immediately available by phone for the conference. Plaintiff's representative must have full and final authority, **in the representative's sole discretion**, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge. Defendant's representative must have final settlement authority to commit the Defendant to pay, **in the representative's sole discretion**, a settlement amount agreed to during the settlement conference. While the Court encourages each client or person with settlement authority to attend the Zoom conference, at a minimum they must make themselves available by phone for the duration of the settlement conference pertaining to their particular case.

---

[2] The Court has set these matters for a period of two days. Proceedings shall begin at 9:30 a.m. each day and will end at 5:00 p.m., with breaks to be taken as necessary.

4. Any insurance company that is a party to the case or is contractually required to defend or to pay damages assessed within policy limits, should have a settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay an amount agreed upon during the settlement conference  The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of his Order.

5. No later than **4 p.m. on February 23, 2022**, Plaintiff shall serve a written settlement demand on Defendant. By **February 28, 2022**, Defendant shall serve a counter-offer on Plaintiff, also in writing. Each demand and counter-offer must include the basis for the amount sought. Counsel shall confer with their clients for purposes of formulating the demands and counter-offers. Upon receiving each demand and counter-offer, counsel on both sides shall meet and confer in an effort to resolve the cases. Both parties shall email copies of the written settlement demands and counter-offers to chambers by **March 1, 2022**.

6. No later than **4:00 p.m. March 1, 2022**, each party **shall submit a Confidential Settlement Conference Statement directly to the chambers of Magistrate Pedro V. Castillo** by email to PVC_chambers@cacd.uscourts.gov. The Statements should not be filed with the Clerk of the Court, and they will not be made part of the case file. The Statements shall be double-spaced and shall be as concise as possible, but in no case shall the Statements exceed five (5) pages in length.[3] The parties must comply with Local Rule 11-3.1 by using a proportionally spaced or a monospaced typeface. The size of a proportionally spaced face must be 13-point or larger and a monospaced face may not contain more than 10-1/2 characters per inch. The parties' respective Confidential Settlement Conference Statements shall include the following:

---

[3] Plaintiffs' counsel and Defendants' counsel may each consolidate all thirty matters into a single settlement statement for all 30 cases. If so, counsel is not limited to 5 pages.

    A. A brief statement of the facts of the case, and of the claims and defenses remaining to be tried, including the statutory or other grounds upon which the claims are founded. This statement should identify the major factual and legal issues in dispute, and cite any controlling authorities.

    B. An itemized statement of the damages claimed, and of any other relief sought.

    C. A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge.

    D. A history of past settlement discussions, offers and demands, including the most recent settlement offers exchanged.

    E. The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (i) further discovery, (ii) pretrial preparations, and (iii) trial.

    F. A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

    G. The party's evaluation of the terms on which the other side might settle the case.

    H. The party's evaluation of the terms on which the case could be settled fairly, taking into account the litigation position and settlement position of the other side.

7. At the conference, counsel for each party should have available for the Court's perusal copies of all key documents in the case, as well as copies of the transcripts of the depositions of all important witnesses. These documents should be available by PDF to be emailed to the Court, or to be shared via Zoom.

8. Any failure of the trial attorneys, parties or persons with authority to attend the conference or to be available immediately by phone as required by this Order may result in sanctions against the noncomplying party, counsel, or both, to include the fees and costs expended by the other parties in preparing for and attending the conference. The failure of any party to timely submit a Confidential Settlement Conference Statement in

compliance with this Order, or otherwise to comply strictly with this Order, may result in the Settlement Conference being ordered off calendar and the imposition of sanctions.

9. If settlement between any or all parties is reached as a result of the Settlement Conference, it is the responsibility of counsel to immediately report the settlement to the District Judge's courtroom deputy clerk, as well as to timely memorialize the settlement. *See* Local Rule 16-14.7.

10. All papers submitted for the Settlement Conference will either be returned to the parties or destroyed by the Magistrate Judge after the settlement proceedings are concluded, unless the parties agree otherwise.

11. Counsel and any party, if unrepresented by counsel, shall notify the Court in writing, at least 3 (three) court days before the Settlement Conference, if one or more of the attorneys or unrepresented parties believes the Settlement Conference would be a futile act resulting in an economic waste because, for example, a party or insurer has adopted an unreasonable position from which that party or insurer refuses to deviate. The Court will then consider whether the Settlement Conference would be helpful and, if not, whether the Settlement Conference should be cancelled or other forms of the alternative dispute resolutions be considered. If there is disagreement between or among the attorneys or unrepresented parties on this issue or any other issue, they are instructed to arrange for a telephonic conference with the Court and all counsel as soon as reasonably practical. If no such conference is arranged, it will be presumed that all counsel, their clients and any unrepresented party believe that there is a reasonable, good faith opportunity for settlement, and that the involvement of a settlement judge is needed to accomplish it.

DATED: February 18, 2022

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE