**KNIGHT LAW GROUP, LLP**
Roger Kirnos (SBN 283163)
rogerk@knightlaw.com
Daniel Kalinowski (SBN 305087)
danielk@knightlaw.com
10250 Constellation Blvd., Suite 2500
Los Angeles, California 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

**BOUCHER LLP**
Raymond P. Boucher (SBN 115364)
boucher@law.com
21600 Oxnard Street, Suite 600
Woodland Hills, CA 91367
Telephone: (818) 340-5400
Fax: (818) 340-5401

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION** | Case No.: 2:18-ml-02814-AB-FFM |
| **THIS DOCUMENT RELATES ONLY TO:** | **PLAINTIFFS' CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES** |
| *Berry v. Ford Motor Company, No. 5:17-cv-02304-AB-FFM* | [Filed Concurrently with Notice of Motion; Declarations of Roger Kirnos and Ray Boucher in Support of Motion] |
| *Hernandez v. Ford Motor Company; 5:17-cv-02045-AB-FFM* | Date: August 12, 2022 |
| *Hogge v. Ford Motor Company, 2:17-cv-07256-AB-FFM* | Time: 10:00 a.m. Courtroom 7B |
| *Perez v. Ford Motor Company, No. 5:17-cv-02042-AB-FFM* | Judge: Hon. Andre Birotte, Jr. |
| *Zea v. Ford Motor Company, No. 2:18-cv-01831-AB-FFM* | |

i

# **TABLE OF CONTENTS**

1

2                                                                                                Page(s)

3      I.      INTRODUCTION ........................................................................................ 1

4      II.     STATEMENT OF FACTS .......................................................................... 3

5              A.      Background Case Facts and Resolution ...................................... 3

6      III.    ARGUMENT AND ANALYSIS .................................................................. 5

7              A.      California State Law Governs an Award of Attorney Fees ............. 5

8              B.      Plaintiffs' Attorneys Are Entitled to Attorney Fees in this Action ... 5

9              C.      The Court's Analysis is Based on, and Limited to, Application of
                       the Lodestar Method ................................................................... 6

10             D.      The Time Incurred for the Work Performed was Reasonable and
                       Necessary Under the Circumstances .......................................... 7

11

12             E.      The Hourly Rates Sought by Plaintiff's Attorneys Are Reasonable. 11

13     IV.     CONCLUSION .......................................................................................... 12

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S CONSOLIDATED MOTION FOR ATTORNEY'S FEES**

# TABLE OF AUTHORITIES

**Cases**

*Candle v. Bristow Optical Co. Inc.*, 224 F.3d 1014 (9th Cir. 2000) ............................6

*Carnes v. Zamani*, 488 F.3d 1057 (9th Cir. 2007) ............................5

*City of Burlington v. Dague*, 505 U.S. 557 (1992) ............................7

*Fox v. Vice*, 563 U.S. 826 (2011) ............................7

*Hadley v. Krepel,* 167 Cal.App.3d 677 (Cal. Ct. App. 1985) ............................8

*Hensley v. Eckhart*, 461 U.S. 424 (1933) ............................7

*Ketchum v. Moses,* 24 Cal.4th 1122, 1132 (2001) ............................5, 6, 7

*McGrath v. Country of Nevada* 67 F.3d 248 (9th Cir. 1995) ............................8

*Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470 (9th Cir. 1995) ............................5

*Nightingale v. Hyundai Motor America*, 31 Cal.App.4th 99 (Cal. Ct. App. 1994) .....7

*Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal.App.4th 550 (Cal. Ct. App. 2008) ............................8

*Reveles v. Toyota by the Bay* (1997) 57 Cal.App.4th 1139 ............................6

*Serrano v. Unruh* (1982) 32 Cal.3d 621, 639 ............................7

*Weber v. Langholz* Cal.App.4th 1578 (Cal. Ct. App. 1995) ............................8

*Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128 (1998) ............................7


**Statutes**

Cal. Civ. Code § 1794(d) ............................2, 5, 6, 7

Fed. R. Civ. Pro. 68 ............................1, 4, 6

**Other Authorities**

Pearl, <u>California Attorney Fee Awards</u>, at §§ 12.14A, 12.33 (2nd Ed. 2005) ............................8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs[1] are consumers who purchased vehicles under false pretenses and then went on to endure transmission problems that Defendant Ford Motor Company ("Defendant" or "Ford") knew were likely to occur. Plaintiffs were successful in vindicating their legal rights under the Song-Beverly Consumer Warranty Act ("Song-Beverly") that were stepped on when they unwittingly purchased defective Ford cars that Ford failed to repair and would not repurchase when asked to do so. Edison and Christina Berry accepted an offer pursuant to Federal Rules of Civil Procedure Rule 68 ("Rule 68 Offer") in the amount of $78,228, Erick and Jose Hernandez accepted a Rule 68 Offer in the amount of $34,000, Bradford Hogge accepted a Rule 68 Offer in the amount of $45,753.81, Veronica Ballesteros Perez and Jose Perez accepted a Rule 68 Offer in the amount of $76,022.58, and Carlos Zea and Elsa Morales accepted a Rule 68 Offer in the amount of $60,000. All of the settlements far exceeded the purchase prices of Plaintiffs' defective vehicles.

Plaintiffs here are five of the eleven individual consumer actions represented by Knight Law Group ("Knight Law") and Boucher, LLP ("Boucher") that were designated into an Initial Disposition Pool ("IDP") in this *In Re: Ford Motor Co. DPS6 Powershift Transmission Products Liability Litigation* multi-district litigation ("MDL").  While other Knight Law cases have been stayed in the MDL, Knight Law and Boucher have rightly focused their efforts on the litigation and resolution of the IDP cases. Given the creation of the MDL at the behest of Ford, significant work was reasonably and necessarily performed as part of a coordinated effort. Accordingly, Plaintiffs file this motion seeking recovery of attorney fees as a pro-rata portion of the attorney work incurred in litigating the IDP concurrently with eleven other IDP matters

---

[1] "Plaintiffs" refers to the plaintiffs referenced in the caption in the matters of *Berry v. Ford*, *Hernandez v. Ford*, *Hogge v. Ford*, *Perez v. Ford*, and *Zea v. Ford*.

1

represented by Knight Law.[2]

On July 22, 2021, this Court issued its most recent ruling on Plaintiffs' counsel's fees for attorney work in furtherance of the IDP. Order Granting Consolidated Motion for Attorneys' Fees, Dkt. No. 1153. In that Order, the Court made clear its approach to the lodestar analysis and determining prevailing party. *Id.* at ECF pp. 2-4, 6. The Court set Plaintiffs' counsel reasonable hourly rates up to $450. *Id.* at ECF p. 9-11. Lastly, the Court analyzed the hours reasonably expended on common work finding the following: co-counsel, such as Boucher, was authorized to engage in common work for the MDL; Boucher fees in other cases was recoverable; work for fraud claims cannot practicably be apportioned; and work for authenticating documents was legitimate. *Id* at ECF pp. 7-9. Plaintiffs' fees request here is consistent with the Court's July 22, 2021 ruling and does not deviate from it. Plaintiffs request the same hourly rates as awarded previously by the Court and the work performed largely mirrors the kind of work the Court approved of in that Order.

Pursuant to the Song-Beverly Act under California Civil Code section 1794(d), Plaintiffs move the Court for work performed towards the IDP since 2020 following the attorney fees subject to the Court's July 22, 2021 Order for an award of reasonably and actually incurred attorney's fees under the "lodestar" method in the combined amount of $143,568.18[3]. Declaration of Roger Kirnos ("RK Dec."), ¶¶ 2-3, Ex. A; Declaration of Ray Boucher ("RB Dec."), Ex. 3. Calculations are set forth at the end

---

[2] Plaintiffs each seek 1/11th of the fees for attorney work performed in furtherance of the remaining eleven Knight Law IDP cases since the start date of the fee invoice attached to the Kirnos Declaration submitted with the instant motion. Following Plaintiffs' request for attorney fees for work incurred in the IDP which was ruled on by this Court (see Order Granting Consolidated Motion for Attorneys' Fees, Dkt. No. 1153), four out of the fifteen Knight Law cases resolved by trial or settlement, including *Pedante*, *Quintero*, *Fort*, and *Bagwell*. Eleven cases thus remained. While some of those cases were dismissed, such as *Hobart*, Plaintiffs will not be seeking the pro rata share of fees for work performed in furtherance of all the eleven Knight Law IDP cases. As such, 6/11th of the total time incurred will not be recouped and just 5/11th is being requested.

[3] The Altman Law Group, associated counsel for Plaintiffs may be filing their own motion for attorney's fees, costs, and expenses

2

1  of this memorandum.

2  **II.  STATEMENT OF FACTS**

3      A.  <u>**Background Case Facts and Resolution**</u>

4      Edison and Christina Berry purchased their 2013 Ford Focus on January 30,

5  2012 for $29,175.00. RK Dec. ¶ 5. They had almost a dozen transmission repairs in

6  the span of 40,000 miles. *Id.* Edison and Christina Berry called Ford's customer service

7  and requested a repurchase of their defective Focus, but Ford denied their request. *Id.*

8  They filed the complaint in San Bernardino County Superior Court on September 5,

9  2017. *Id.* Ford answered the complaint denying all liability. *Id.* On October 4, 2017,

10  Ford removed the case to Federal Court, and it was eventually transferred into this

11  MDL. *Id.* They settled their case for over 2.5 times the amount they purchased the

12  Focus for in 2013. *Id*, Ex. B.

13      Erick Hernandez and Jose M. Hernandez bought their 2014 Ford Fiesta on

14  January 30, 2016 for $17,981.28. RK Dec. ¶ 6. They had four (4) transmission repairs

15  within around 40,000 miles. *Id.* Erick Hernandez and Jose M. Hernandez called Ford's

16  customer service and requested a repurchase of their defective Fiesta, but Ford denied

17  their request. *Id.* They filed the complaint in San Bernardino County Superior Court

18  on September 6, 2017. *Id.* Ford answered the complaint denying all liability. *Id.* On

19  October 4, 2017, Ford removed the case to Federal Court, and it was eventually

20  transferred into this MDL. *Id.* They settled their case for almost two times the amount

21  they purchased the Fiesta for in 2016. *Id*, Ex. C.

22      Bradford Hogge purchased a 2013 Ford Focus on April 20, 2013 for $24,898.40.

23  RK Dec. ¶ 7. The Focus experienced at least six (6) transmission repairs over the

24  course of ownership. *Id.* Bradford Hogge called Ford's customer service and requested

25  a repurchase of their defective Focus, but Ford denied the request. *Id.* Bradford Hogge

26  filed the complaint in Ventura County Superior Court on September 7, 2017. *Id.* Ford

27  answered the complaint denying all liability. *Id.* On October 2, 2017, Ford removed

28  the case to Federal Court, and it was eventually transferred into this MDL. *Id.* The case

3

1  settled for almost two times the amount Bradford Hogge purchased the Focus for in

2  2013. *Id*, Ex. D.

3      Veronica Ballesteros Perez and Jose L. Perez purchased their 2014 Ford Focus

4  on September 29, 2013 for $31,456.00. RK Dec. ¶ 8. They had more than a dozen

5  transmission repairs over the course of ownership. *Id.* Veronica Ballesteros Perez and

6  Jose L. Perez called Ford's customer service and requested a repurchase of their

7  defective Focus, but Ford denied their request. *Id.* They filed the complaint in San

8  Bernardino County Superior Court on September 6, 2017. *Id.* Ford answered the

9  complaint denying all liability. *Id.* On October 3, 2017, Ford removed the case to

10  Federal Court, and it was eventually transferred into this MDL. *Id.* They settled their

11  case for almost 2.5 times the amount they purchased the Focus for in 2013. *Id*, Ex. E.

12      Carlos Zea and Elsa Morales purchased their 2013 Ford Focus on October 3,

13  2015 for $24,321.12. RK Dec. ¶ 9. They had six (6) transmission repairs within less

14  than 30,000 miles. *Id.* Carlos Zea and Elsa Morales called Ford's customer service and

15  requested a repurchase of their defective Focus, but Ford denied their request. *Id.* They

16  filed the complaint in Los Angeles County Superior Court on January 21, 2018. *Id.*

17  Ford answered the complaint denying all liability. *Id.* On March 2, 2018, Ford removed

18  the case to Federal Court, and it was eventually transferred into this MDL. *Id.* Carlos

19  Zea and Elsa Morales settled their case for more than two times the amount they

20  purchased the Focus for in 2015. *Id*, Ex. F.

21      On November 2, 2018, the aforementioned lawsuits were designated as IDP

22  cases, which rendered them eligible to conduct discovery, bellwether selection and

23  trial. Scheduling Order, MDL Dkt. No. 136. All of the five matters discussed herein

24  settled by Rule 68 Offer resulting in Plaintiffs obtaining damages around two times or

25  more their actual damages. RK Dec., ¶¶ 5-9, Exs. B-F.

26      Prior to the filing of this motion, the parties met and conferred by phone and

27  email regarding the substance of the instant motion. RK Dec., ¶ 4. However, while the

28  parties were able to settle case-specific attorney fees, costs and expenses, they were

unable to resolve Plaintiffs' attorney fees, costs and expenses for updated attorney work in furtherance of the IDP. *Id.* Plaintiffs thus filed the instant motion.

## III.   ARGUMENT AND ANALYSIS

### A.   California State Law Governs an Award of Attorney Fees

As noted by this Court already, "'In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); see also *Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (noting that in a diversity action, the Ninth Circuit "applied state law in determining not only the right to fees, but also in the method of calculating the fees")." Order Granting Consolidated Motion for Attorneys' Fees, Dkt. No. 1153, ECF p. 3. "Under California's Song-Beverly Act, a prevailing buyer is entitled 'to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.' Cal. Civ. Code § 1794(d)." *Id.* Therefore, California legal authority provides the relevant legal analysis attendant to the issues before this Court.[4]

### B.   <u>Plaintiffs' Attorneys Are Entitled to Attorney Fees in this Action</u>

"The purpose of statutory attorney fee provisions is to provide financial incentives necessary for the private enforcement of important civil rights." *Ketchum v. Moses,* 24 Cal.4th 1122, 1132 (Cal. 2001). In this Court's July 22, 2021 Order Granting Consolidated Motion for Attorneys' Fees, this Court determined that the plaintiffs Bagwell and Fort were prevailing buyers because "each secured a net monetary recovery after filing suit, and each achieved their litigation objective of securing

---

[4] Should the Court wish to view further briefing on this topic other than its prior ruling, Plaintiffs refer the Court to the Memorandum filed on October 9, 2020, Dkt. No. 955, ECF pp. 9-10.

1  compensation and at least maximum penalties. Order Granting Consolidated Motion

2  for Attorneys' Fees, Dkt. No. 1153, ECF p. 3. The Court rejected Ford's arguments

3  that prior informal non-Rule 68 offers for less should serve to cut-off fees and,

4  moreover, the "[p]laintiffs had to file suit to get any relief (the record reflects no pre-

5  litigation offers)." *Id.* at ECF p. 4.

6      Here, each of the Plaintiffs secured a net monetary recovery after filing their

7  lawsuits and secured all of their money back on their defective vehicles as well as civil

8  penalties. See RK Dec., ¶¶ 5-9. Ford at no point made any Rule 68s or any sort of

9  written offers prior to the Rule 68s accepted by Plaintiffs. *Id.* Additionally, all of the

10  Plaintiffs made presuit buyback requests to Ford which were denied so there was no

11  pre-litigation offers. *Id.* In other words, Plaintiffs had to file suit to get any sort of

12  relief. Plaintiffs are thus indisputably the prevailing party in their respective actions

13  and, therefore, entitled to recoup all reasonable attorney's fees, costs, and expenses

14  incurred "in the commencement and prosecution of such action." Civ. Code § 1794(d);

15  *Reveles v. Toyota by the Bay*, 57 Cal.App.4th 1139 (Cal. Ct. App. 1997). Likewise,

16  there can be no dispute that Plaintiffs achieved their main litigation objection by any

17  measure; they settled the case for exceedingly more than they paid for their vehicles

18  and obtained damages for civil penalty available under Song-Beverly.[5]

19  **C.  The Court's Analysis is Based on, and Limited to, Application of the**

20  **Lodestar Method**

21      In its July 22, 2021 Order Granting Consolidated Motion for Attorneys' Fees,

22  the Court set forth the appropriate legal standard for the application of the lodestar

23  method as follows:

24  "Courts in California and across the Ninth Circuit use the "lodestar method" to

25  calculate attorneys' fees. Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001). The lodestar figure is "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Candle

26

27  [5] Should the Court wish to view further briefing on this topic other than its prior

28  ruling, Plaintiffs refer the Court to the Memorandum filed on October 9, 2020, Dkt. No. 955, ECF pp. 11-12.

6

v. Bristow Optical Co. Inc., 224 F.3d 1014, 1028 (9th Cir. 2000). The lodestar amount is strongly presumed to be reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992). The fee applicant bears the burden of substantiating the hours worked and the rates claimed. Hensley v. Eckhart, 461 U.S. 424, 437 (1933). The court may then adjust this lodestar upwards or downwards based on a number of factors, including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." Ketchum, 24 Cal. 4th at 1132. In contingency cases, the initial lodestar figure may be adjusted upward in order to compensate attorneys for the risk of taking on a case for which they might not have been compensated. Id. at 1332–33. However, a fee enhancement may not be appropriate when a statutory guarantee eliminates any uncertainty about whether costs will be awarded to the prevailing party. Weeks v. Baker & McKenzie, 63 Cal. App. 4th 1128, 1175 (1998). In the end, what constitutes a reasonable fee award is "committed to the sound discretion of [the] trial judge." Perdue v. Kenny A., 559 U.S. 542, 558 (2010). "The essential goal in shifting fees [] is to do rough justice, not to achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838 (2011). "A request for attorneys' fees should not result in a second major litigation." Hensley, 461 U.S. at 437."

Order Granting Consolidated Motion for Attorneys' Fees, Dkt. No. 1153, ECF p. 6.

Accordingly, the analysis involved in this fee motion, like the prior motions in front of this Court in this MDL, is limited to the relevant inquiry: (i) the time incurred for work performed reasonable and (ii) the reasonableness of the hourly rates. Based on the lodestar method, Plaintiffs' attorneys seek reasonable and necessary attorney fees incurred in the commencement and prosecution of Plaintiffs' actions and the IDP. Civ. Code § 1794(d).[6]

**D.**     **The Time Incurred for the Work Performed was Reasonable and Necessary Under the Circumstances**

The prevailing buyer has the burden of showing that the fees incurred were "allowable," "reasonably necessary to the conduct of the litigation," and "reasonable in amount." *Nightingale v. Hyundai Motor America*, 31 Cal.App.4th 99, 104 (Cal. Ct. App. 1994). The Song-Beverly Act expressly states that the award of attorney's fees must be "based on actual time expended, determined by the court to have been reasonably incurred." Civ. Code § 1794(d). Counsel is <u>entitled</u> to all hours actually spent, absent "special circumstances" that would render such an award unjust. See

---

[6] Should the Court wish to view further briefing on this topic other than its prior ruling, Plaintiffs refer the Court to the Memorandum filed on October 9, 2020, Dkt. No. 955, ECF pp. 12-16.

7

*Serrano v. Unruh*, 32 Cal.3d 621, 639 (Cal. 1982); see also Pearl, <u>California Attorney Fee Awards</u>, at §§ 12.14A, 12.33 (2nd Ed. 2005). Under California law, a verified fee bill is *prima facie* evidence the services listed were necessarily incurred. *Hadley v. Krepel,* 167 Cal.App.3d 677, 682 (Cal. Ct. App. 1985) The same is true in federal court: where a party presents an itemized fee bill, <u>the burden shifts to the opposing party</u> to make *specific* objections to *particular* time entries. *McGrath v. Country of Nevada* 67 F.3d 248, 255 (9th Cir. 1995) (a fee opponent "bears the burden of providing <u>specific evidence</u> to challenge the accuracy and reasonableness of the hours charged.")

Plaintiffs' counsel is not required to present their itemized fee statements and it is often sufficient for a declaration attesting to the total number of hours incurred. *See Weber v. Langholz* Cal.App.4th 1578, 1587 (Cal. Ct. App. 1995).   However, because Plaintiffs' counsel submit verified itemizations, Plaintiffs have satisfied their burden with *prima facie* evidence of the necessity and reasonableness of the attorney fees. Thus, in light of the *prima facie* evidence supporting Plaintiffs' request for reimbursement of attorney fees, the burden shifts to Defendant to <u>rebut</u> Plaintiffs' *prima facie* showing that the attorneys' fees were necessarily and reasonably incurred by (1) objecting to specific time entries <u>and</u> (2) supporting those objections with competent evidence. Plaintiffs' counsel invites Defendants to present their own fee bills as evidence to this Court in the interests of transparency and to support the veracity of objections they may raise in opposing the requested fees. "In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal.App.4th 550, 564 (Cal. Ct. App. 2008).  Rather, the opposing party has the burden to demonstrate with evidence that the hours spent are duplicative or excessive. *Id.* at 562, 564

Plaintiffs' counsel provide expansive summaries describing the litigation tasks they undertook in the declarations filed in support of this motion, which is supported by

8

the attached billing invoices containing contemporaneously recorded time entries. Knight Law initially retained Plaintiffs on a contingency fee basis after evaluation of their records and their claims. All Plaintiffs had significant repair histories of up to a dozen repair attempts to their transmission.  All called Ford and requested a buyback under the lemon law, but Ford refused to do the right thing.  All of the Plaintiffs filed lawsuits in the State Court, and Ford removed them to Federal Court where these matters were eventually transferred to the MDL.

On July 22, 2021, this Court made a determination on attorneys' fees for work performed in this MDL in furtherance of and which benefitted all of the IDP cases, including the five cases here. See Order Granting Consolidated Motion for Attorneys' Fees, Dkt. No. 1153. However, the attorneys' fees for the common work in furtherance of the IDP requested at that time was up until 2019. See Prior Attorneys' Fees Invoice for Common Work, Dkt. No 955-5, ECF pp. 22-45. Now, Plaintiffs seek common work performed in this MDL subsequent to the Court's Order on July 22, 2021 in furtherance of the IDP cases.

In Summer 2020, Knight Law and Boucher prepared for and deposed Ford apex witnesses, including Raj Nair, Bennie Fowler and Robert Fascetti. RK Dec. ¶ 12. Given the amount of documents produced by Ford in this actions, millions of internal documents consisting or reports, memos and emails, Knight Law in conjunction with Boucher, reviewed and analyzed documents produced by Ford to use as exhibits during the depositions. *Id.* These depositions occurred in late August 2020 and early September 2020, which required Knight Law and Boucher to fly to Michigan for several days to conduct the depositions of these Ford apex witnesses. *Id.* Preparing for and taking these depositions were necessary and reasonable in furtherance of this IDP, including the five cases subject to this motion. The parties also attended a status conference in August 2020. *Id.*

Following these depositions, the parties attended a mediation in September 2020 in an attempt to settle some of the cases pending in this MDL. RK Dec. ¶ 13.

9

Additionally, Knight Law reviewed and analyzed the deposition transcripts of the Ford apex witnesses following their depositions in Michigan for use at trial or other legal proceedings. *Id.* In October 2020, the parties prepared for and attended a status conference with the Court. *Id.* In November and December 2020, Knight Law prepared for and attended another status conference with this Court as well as met with MDL clients updating them on the status of their cases and the MDL in general. *Id.*

Work in furtherance of the IDP cases continued into 2021 with the parties attending settlement conference with Magistrate Castillo in March and April 2021. RK Dec. ¶ 14. In June and July 2021, the parties attended status conferences with the Court. *Id.* In September 2021, the parties again attended a status conference with the Court. *Id.* Following this status conference, the parties met and conferred and prepared joint and unilateral filings with the Court regarding IDP pretrial and trial scheduling for the next round of cases to go to trial. *Id.* Additionally, throughout 2021, Knight Law continued to communicate with MDL clients regarding the status of their cases as well as work with Ford to settle some MDL cases. *Id.*

In January 2022, the parties appeared at a status conference. RK Dec. ¶ 15. In March 2022, the parties prepared and submitted a joint status conference report as well as crafted and filed dismissal documents, per the Court's Orders, for various cases that settled. *Id.* Also in March 2022, the parties appeared at a status conference. *Id.* In April 2022, the parties met and conferred and submitted to the Court their proposed procedures for selecting the next round of cases for the IDP. *Id.*

The worked performed for Plaintiffs was reasonably and necessarily performed in the commencement and prosecution of their actions. Plaintiffs were part of the IDP, which meant that the discovery performed, the case analysis undertaken, the hearings attended, and the strategies and ideas implemented were incurred directly in their cases as part of the group of lead cases in this MDL. Plaintiffs further address this point by requesting a proportional fraction of the overall total time incurred in this MDL in Plaintiffs' case based on the number of cases comprising Knight Law's clients at a

10

particular period of time. These fees were thus reasonably incurred and should be awarded in full.

**E.** **The Hourly Rates Sought by Plaintiff's Attorneys Are Reasonable**

In its July 22, 2021 Order Granting Consolidated Motion for Attorneys' Fees, the Court established the below reasonable rates for Plaintiffs' counsel, Knight Law and Boucher.

| Knight Law Timekeepers – Reasonable Rates from *Pedante* Fee Order [8 attorneys] | | | | |
|---|---|---|---|---|
| **Attorney** | **Position** | **Admitted** | **Requested Rate** | **Adjusted Rate** |
| Steve Mikhov | Partner | 2003 | $ 550.00 | $ 450.00 |
| Roger Kirnos | Partner | 2012 | $ 425.00 | $ 375.00 |
| Russell Higgins | Associate | 2003 | $ 450.00 | $ 375.00 |
| Lauren Ungs | Partner | 2010 | $ 425.00 | $ 375.00 |
| Amy Morse | Partner | 2013 | $ 350.00 | $ 350.00 |
| Kristina Stephenson-Cheary | Unstated | 2008 | $ 375.00 | $ 375.00 |
| Mitch Rosensweig | Associate | 2013 | $ 325.00 | $ 255.00 |
| Maite Colon | Associate | 2012 | $ 300.00 | $ 250.00 |

| Knight Law Timekeepers – Reasonable Rates for New Timekeepers [8 attorneys] | | | | |
|---|---|---|---|---|
| **Attorney** | **Position** | **Admitted** | **Requested Rate** | **Adjusted Rate** |
| Edward Lear | Unstated | 1987 | $ 595.00 | $ 450.00 |
| Zachary Powell | Associate | 2015 | $ 250.00 | $ 250.00 |
| George Aguilar | Associate | 2015 | $ 275.00 | $ 250.00 |
| Daniel Kalinowski | Associate | 2015 | $ 250.00 | $ 250.00 |
| Natalee Fisher | Associate | 2015 | $ 250.00 | $ 250.00 |
| Marisa Melero | Associate | 2015 | $ 225.00 | $ 225.00 |
| Armando Lopez | Associate | 2018 | $ 200.00 | $ 200.00 |
| Sundeep Samra | Unstated | 2019 | $ 225.00 | $ 200.00 |

| Boucher Firm Timekeepers – Reasonable Rates [3 attorneys] | | | | |
|---|---|---|---|---|
| **Attorney** | **Position** | **Admitted** | **Requested Rate** | **Adjusted Rate** |
| Raymond P. Boucher | Partner | 1984 | $ 1100.00 | $ 450.00 |
| Maria L. Weitz | Partner | 2009 | $ 750.00 | $ 385.00 |
| Neal S. Butala | Associate | 2013 | $ 450.00 | $ 350.00 |

Order Granting Consolidated Motion for Attorneys' Fees, Dkt. No. 1153, ECF p. 10. The hourly rates requested herein are consistent with the Court's determination above regarding Plaintiffs' counsel's reasonable hourly rates. See also RK Dec., ¶¶ 11, 30.

11

As such, the hourly requests requested in the instant motion should be awarded in full.[7]

## IV.    CONCLUSION

For the reasons above, Plaintiffs respectfully request that this Honorable Court award attorney's fees. Plaintiffs provide a mathematical the following summary:

Updated Attorney Fees for IDP Work Split Pro-Rata

| | | |
|---|---|---|
| Knight Law Group: | | $156,587.50 |
| Boucher: | | $159,262.50 |
| | Subtotal: | $315,850.00 |
| | *1/11*[th]: | *$28,713.64* |

In sum, the lodestar requested for each of Plaintiffs' cases is $28,713.64. The total lodestar requested for all five of Plaintiffs' cases, the sum of Plaintiffs' request in this motion, is $143,568.18.

Date:  July 6, 2022                              **KNIGHT LAW GROUP, LLP**

*/s/ Daniel Kalinowski*
Roger Kirnos (SBN 283163)
Daniel Kalinowski (SBN 305087)
Attorneys for Plaintiffs

---

[7] Should the Court wish to view further briefing on this topic other than its prior ruling, Plaintiffs refer the Court to the Memorandum filed on October 9, 2020, Dkt. No. 955, ECF pp. 20-24.