**KNIGHT LAW GROUP LLP**
Roger Kirnos (SBN 283163)
kirnosrk@knightlaw.com
Daniel Kalinowski (SBN 305087)
danielk@knightlaw.com
10250 Constellation Blvd, Suite 2500
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiff,
KAMISHA R. WARREN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FORD MOTOR COMPANY DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Kamisha Warren v. Ford Motor Company, et al.*, 2:18-cv-01885-AB-FFM | Case No.: 2:18-cv-01885-AB-FFM<br><br>(Removed from Superior Court of California, County of Los Angeles, Case No. BC692208)<br><br>**DECLARATION OF DANIEL KALINOWSKI IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA**<br><br>*Assigned for All Purposes to the Honorable Andre Birotte, Jr.*<br><br>**Date: August 19, 2022**<br>**Time: 10:00 a.m.**<br>**Courtroom: 7B**<br><br>Action Filed: February 2, 2018<br>Trial Date: Not Set |

-1-

DECLARATION OF DANIEL KALINOWSKI IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

I, Daniel Kalinowski, declare as follows:

1. I am an attorney admitted to practice before the United States District Court for the Central District of California and I am an Attorney at Knight Law Group, LLP ("Knight Law") and counsel of record for Plaintiff Kamisha R. Warren ("Plaintiff") in the above-captioned matter.

2. I have personal knowledge of the facts set forth herein and could testify competently if called upon to do so.

3. Knight Law informed the Court and Defendant Ford Motor Company's ("Ford") counsel of its intent to file a motion for remand on a stayed case pending in these coordinated proceedings at the March 25, 2022 status conference. Following that status conference, Knight Law continued to inform Ford on numerous occasions of its intent to pick test cases to remand. Upon this specific case being selected by Knight Law, we attempted to meet and confer with Ford's counsel on July 1, 2022 at 5:00 pm by zoom at the same time as conducting a Rule 16-2 meet and confer in advance of trial in the matter of *Mejia v. Ford* set for trial in this courtroom in August 2022. However, after completing the Rule 16-2 in *Mejia v. Ford* and a little over twenty minutes into the zoom, Ford's counsel refused to meet and confer on the instant motion and requested it to be rescheduled. The only time following the July 1, 2022 zoom that Ford was available was July 8, 2022 at 10 a.m. As such, the parties met and conferred by zoom at that time and date for roughly one hour regarding the instant motion. During the zoom, we invited Ford to make an offer at the amount in controversy it asserts in its removal notice, $66,642.78, but an offer has since not been made. The parties were unable to reach a resolution during the zoom. To date, Knight Law has not heard from Ford's counsel as to whether or not it would stipulate to remand.

4. Knight Law seeks remand in this case at this stage in the coordinated proceedings for a number of reasons. First, the specific case subject of the instant motion has been essentially stayed since it has been transferred in front of this Court

several years ago. Second, the initial IDP is coming to a close with only one case left, *Mejia v. Ford*, which is set for trial in August 2022 in this Court. The next IDP will be selected by this Court soon, which may include the specific case at issue here or other cases with similar facts to it wherein the plaintiffs have disposed of the vehicle, received a presuit offer from Ford and the amount in controversy does not exceed the $75,000 jurisdictional threshold.

5. For the Court's convenience, attached as **Exhibit 1** is a true and correct copy of Plaintiff's Proposed First Amended Complaint which was also filed with the simultaneously filed Motion for Leave to Amend.

6. Plaintiff purchased her vehicle for $33,899.93. Rolled into the total sales price was a $2,000 extended service contract. Plaintiff also traded in an older vehicle that had a loan balance left of $3,029.51 that had a trade-in value of $1,600. Plaintiff thus had - $1,429.51 included in the purchase of the Subject Vehicle given her remaining loan was higher than the value of the trade-in, which is sometimes referred to as "negative equity." Plaintiff also received a $2,000 rebate at the time of purchase which is also argued by Ford is not recoverable. Attached as **Exhibit 2** is a true and correct copy of the Retail Installment Sales Contract ("RISC").

7. Prior to filing this lawsuit, Plaintiff attempted to have her vehicle bought back by Ford. After multiple repair attempts, she called Ford and asked for her money back. Ford issued a "refund worksheet" in response which calculated a repurchase amount including deductions. To date, Ford has not admitted liability or conceded that the deductions it made in its "refund worksheet" should be reimbursed to Plaintiff. Attached as **Exhibit 3** is a true and correct copy of Ford's presuit "refund worksheet."

8. I have worked at Knight Law and its predecessor since March 2017. In that time to present, I have become extremely familiar with manufacturer defenses and arguments. To my recollection, in all of my cases with Ford, whether pending in state or federal court, it has argued that restitution should be offset by the amounts

-3-

1. for extended service contract, negative equity and any rebates. Ford makes this argument throughout litigation, whether it be at dispositive motion hearings, settlement conferences or at trial. Additionally, Ford also now argues that any funds received by a buyer for trading-in, selling or even insurance proceeds from an accident from his or her vehicle reduces both the actual and civil penalty damages that can be awarded. For example, if a buyer purchases his or her vehicle for $30,000 but trades it in or receives funds after it is totaled in an accident in the amount of $15,000, manufacturers, like Ford, argue that a buyer's actual damages before any statutory offsets is $15,000 and potential civil penalties are up to $30,000 for a total of $45,000 maximum damages ($15,000 actual damages plus $30,000 civil penalties) as opposed to $90,000, before the buyer obtained funds for the vehicle ($30,000 actual damages plus $60,000 of civil penalties). Thus, Ford's calculation at the time of removal here that potential damages may be awarded in the amount of $66,642.78 has since changed and could be less given the change of possession regarding Plaintiff's vehicle as well as other offsets for an extended service contract or negative equity. Ford will undoubtedly argue for these deductions in this case, regardless of whether it is pending in state or federal court.

9. After 2018 and this Court's ruling in *In re Ford Motor Co. DPS6 Powershift Transmission Products Liability Litigation*, 2018 WL 5905942, there has, to my knowledge, been *no other* punitive damages verdicts awarded in any involving a Focus and Fiesta with a DPS6 transmission.

10. In the matter of *Chavez v. Ford Motor Company,* No. 5:18-cv-02215-MCS-KK (C.D. Cal. 2021), attorneys' fees, costs and expenses settled in the amount of $2,500. I personally worked on this matter during litigation including defending the plaintiff's deposition. In addition, my office also conducted six depositions of Ford dealership personnel, and propounded and responded to written discovery interrogatories and requests. There was also an in-person inspection of the plaintiff's vehicle attended by the parties' attorneys and experts. Attached as **Exhibit 4** is a true

and correct copy of executed Rule 68 offer wherein my office agreed to accept fees, costs and expenses in the amount of just $2,500.

11. In the matter of *Velasquez v. FCA US, LLC,* No. 2:21-cv-05092-JFW-AGR (C.D. Cal. 2021), attorneys' fees, costs and expenses settled in the amount of $8,250. Attached as **Exhibit 5** is a true and correct copy of the stipulation for attorneys' fees, costs and expenses filed with the Court in this action.

12. In the matter of *Luna v. FCA US. LLC,* No. 2:21-cv-07140-AB (JPRx) (C.D. Cal. 2021), attorneys' fees, costs and expenses settled in the amount of $4,500. Attached as **Exhibit 6** is a true and correct copy of the stipulation for attorneys' fees, costs and expenses filed with the Court in this action.

13. In the matter of *Garay v. Ford Motor Company,* No. 5:21-cv-01200-SB-SHK (C.D. Cal. 2021), attorneys' fees, costs and expenses settled in the amount of $2,500. I personally worked on this matter during litigation including defending the plaintiff's deposition. In addition, my office also conducted four depositions of Ford dealership personnel, and propounded and responded to written discovery interrogatories and requests. Attached as **Exhibit 7** is a true and correct copy of executed Rule 68 offer wherein my office agreed to accept fees, costs and expenses in the amount of just $2,500.

14. In the matter of *Valdez v. FCA US, LLC,* No. 2:21-cv-06318-FLA-JEM (C.D. Cal. 2021), attorneys' fees, costs and expenses settled in the amount of $5,500.

15. In the matter of *Aguilar v. FCA US, LLC,* No. 2:21-cv-05813-AB (ASx) (C.D. Cal. 2021), attorneys' fees, costs and expenses settled in the amount of $6,500. Attached as **Exhibit 8** is a true and correct copy of the stipulation for attorneys' fees, costs and expenses filed with the Court in this action.

16. In the matter of *Alonso v. Ford Motor Co.,* No. 2:17-cv-06622-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $6,791.70. Attached as **Exhibit 9** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

DECLARATION OF DANIEL KALINOWSKI IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

17. In the matter of *Abramson v. Ford Motor Co.,* No. 2:18-cv-01791-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $5,157.69. Attached as **Exhibit 10** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

18. In the matter of *Acajobon v. Ford Motor Co.,* No. 2:18-cv-08016-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $4,197.39. Attached as **Exhibit 11** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

19. In the matter of *Arcega v. Ford Motor Co.,* No. 2:18-cv-01988-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $4,440.14. Attached as **Exhibit 12** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

20. In the matter of *Barrell v. Ford Motor Co.,* No. 2:18-cv-07978-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $5,021.84. Attached as **Exhibit 13** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

21. In the matter of *Connor v. Ford Motor Co.,* No. 2:18-cv-04858-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $5,429.39. Attached as **Exhibit 14** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

22. In the matter of *Flores v. Ford Motor Co.,* No. 2:18-cv-05561-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $4,086.39. Attached as **Exhibit 15** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

23. In the matter of *Franklin v. Ford Motor Co.,* No. 2:18-cv-01908-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $5,106.39 Attached as **Exhibit 16** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

24. In the matter of *Gibson v. Ford Motor Co.,* No. 2:17-cv-06644-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $9,568.29 Attached as **Exhibit 17** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

25. In the matter of *Hermosillo v. Ford Motor Co.,* No. 2:17-cv-06651-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $7,876.29 Attached as **Exhibit 18** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

26. In the matter of *Hohm v. Ford Motor Co.,* No. 2:18-cv-05311-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $4,413.28 Attached as **Exhibit 19** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

27. In the matter of *Kane v. Ford Motor Co.,* No. 2:18-cv-01047-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $6,542.94 Attached as **Exhibit 20** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

28. In the matter of *Luetkenhoelter v. Ford Motor Co.,* No. 2:18-cv-02593-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $3,520.89. Attached as **Exhibit 21** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

29. In the matter of *McCaffrey v. Ford Motor Co.,* No. 5:19-cv-00486-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $4,087.63. Attached as **Exhibit 22** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

30. In the matter of *Mercer v. Ford Motor Co.,* No. 2:18-cv-02600-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $3,671.79. Attached as **Exhibit 23** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

31. In the matter of *Meza v. Ford Motor Co.,* No. 2:19-cv-09248-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $5,491.01. Attached as **Exhibit 24** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

32. In the matter of *Padilla v. Ford Motor Co.,* No. 5:17-cv-02015-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $4,964.79. Attached as **Exhibit 25** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

33. In the matter of *Reyes v. Ford Motor Co.,* No. 2:18-cv-01996-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $3,958.89. Attached as **Exhibit 26** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

34. In the matter of *Nguyen v. Ford Motor Co.,* No. 5:18-cv-01203-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $3,668.39. Attached as **Exhibit 27** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

35. In the matter of *Tikotzinski v. Ford Motor Co.,* No. 2:18-cv-01927-AB-FFM, a matter subject to these coordinated proceedings, attorneys' fees, costs and expenses settled in the amount of $3,518.84. Attached as **Exhibit 28** is a true and correct copy of the order on stipulation for attorneys' fees, costs and expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on July 13, 2022 in Los Angeles, California.

   /s/ Daniel Kalinowski
Daniel Kalinowski

DECLARATION OF DANIEL KALINOWSKI IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND