Roger Kirnos (SBN 283163)
kirnosrk@knightlaw.com
KNIGHT LAW GROUP, LLP
10250 Constellation Boulevard, Suite 2500
Los Angeles, CA 90067
Tel:  (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiffs
Yvonne Quintero and Salvador Quintero

Amir Nassihi (SBN 235936)
anassihi@shb.com
Andrew L. Chang (SBN 222309)
achang@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel:  (415) 544-1900
Fax: (415) 391-0281

Attorneys for Defendant
FORD MOTOR COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Yvonne Quintero, et al. v. Ford Motor Co., No. 2:18-cv-01912-AB-FFM* | **Case No. 2:18-ML-02814 AB (PVC)**<br><br>Assigned to: Judge Andre Birotte, Jr.<br>Courtroom 7B<br><br>**JOINT STIPULATION AND STATUS REPORT REGARDING FURTHER PROCEEDINGS AND STATUS OF SETTLEMENT NEGOTIATIONS** |

Pursuant to the Court's August 23, 2022 Order Reopening Case and Ordering Parties to Meet and Confer (Dkt. 86), Plaintiffs Yvonne Quintero and Salvador Quintero and Defendant Ford Motor Company (the "Parties") submit this stipulation and status report regarding further proceedings in *Quintero* following the Ninth Circuit's judgment and the status of settlement negotiations.

## I. Status of Settlement Negotiations

The Parties have conferred regarding potential settlement of *Quintero*. The Parties are continuing the dialogue.

## II. Further Proceedings in *Quintero* Following Ninth Circuit Judgment

The Ninth Circuit vacated the judgment as to Plaintiffs' implied warranty claim and remanded "to the district court with instructions to consider the legal sufficiency of the implied warranty claim and, if appropriate, the equitable offset issue." *Quintero v. Ford Motor Co.*, 2022 WL 2869771, at *2 (9th Cir. July 21, 2022).

Consistent with the Ninth Circuit's instructions, the Parties stipulate and agree that the next proceeding in this action should address the legal sufficiency of Plaintiffs' implied warranty claim and Ford's equitable offset defense. The Parties agree that the legal sufficiency may be addressed by briefing and hearing as follows:

1) Ford's motion on the legal sufficiency of the implied warranty claim and legal offset issue to be filed by **October 21, 2022**;
2) Plaintiffs' response to be filed by **November 4, 2022**; and
3) Ford's reply to be filed by **November 18, 2022**;
4) Hearing date and time to be set by the Court.

The Parties disagree, however, regarding when the substance of the equitable offset issue should be resolved by the Court.

Ford's Position:

Ford submits that the substantive merits of all equitable issues, including its equitable offset defense, must be addressed by the Court in a bench proceeding, which should necessarily follow the Court's determination of the legal sufficiency of the

underlying implied-warranty claim and the equitable offset issue. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961-62 (9th Cir. 2001) (equitable claims and defenses are to be resolved by the Court not a jury). For example, in the event the Court determines either Plaintiffs' implied warranty claim is insufficient or Ford's equitable offset defense is not available, there would be no basis to proceed to the substantive merits of equitable issues. Alternatively, in the event the Court determines the implied warranty claim is sufficient and Ford's equitable defense is available, the scope and substance of the equitable issues to be resolved by the Court will likely be shaped and affected by the Court's ruling. Submissions regarding the substance of the equitable offset issue (e.g., presentation of evidence and argument) before rulings on the legal sufficiency of Plaintiffs' implied-warranty claim and the equitable offset issue would be premature and prejudicial to Ford.

Ford proposes, therefore, that the Court first rule on the legal sufficiency of the implied-warranty claim and the equitable offset issue and then, only if necessary, schedule a bench trial to resolve the substance of any equitable issues that remain.

Ford's position is that by entering into this stipulation, Ford does not intend to waive its right to challenge any judgment entered on the implied warranty claim (*e.g.,* by motion for judgment as a matter of law or motion for new trial).

Plaintiff's Position:

Plaintiffs agree to the above proposed briefing schedule, but disagree with Ford as to the process from there. Ford requests a two-step process whereby, in the first step, the Parties brief both the validity of the implied warranty claim and Ford's defense for an offset, and then in a second step, conduct a bench trial. Ford has not explained its vision for this second step bench trial as of yet. Plaintiffs do not support this arduous process and, instead, believe that the process should be conducted in one step: the validity of the implied warranty claim and the applicability of Ford's defense(s) can, and should, be submitted to the Court together with arguments on how much, if any, the offset would be. There is no need for a bench trial because the

evidence entered in the jury trial should be used as evidence for or against any purported offsets.

The Parties respectfully request the Court resolve the above dispute as to the scope of the initial post-remand briefing and hearing.

**IT IS SO STIPULATED.**

Dated: September 16, 2022      Respectfully submitted,

**KNIGHT LAW GROUP LLP**

By: */s/ Roger Kirnos*
    Rogers Kirnos

*Counsel for Plaintiffs*
*Yvonne Quintero and Salvador Quintero*

Dated: September 16, 2022      **SHOOK HARDY BACON**

By: */s/Amir Nassihi*
    Amir Nassihi

*Counsel for Defendant*
*FORD MOTOR COMPANY*

<br>

1 **ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)**

2    I, ROGER KIRNOS, am the ECF User whose identification and password are
3 being used to file this document.  In compliance with Civil Local Rule 5-4.3.4(a)(2)(i),
4 I hereby attest that all signatories have concurred in this filing.

By:  */s/ Roger Kirnos*
    Roger Kirnos