UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | **2:18-ml-02814-AB-PVC** | Date: | January 3, 2023 |
|---|---|---|---|
| | 5:17-cv-02304-AB-FFM | | |
| | 5:17-cv-02045-AB-FFM | | |
| | 2:17-cv-07256-AB-FFM | | |
| | 5:17-cv-02042-AB-FFM | | |
| | 2:18-cv-01831-AB-FFM | | |

| Title: | ***In Re Ford Motor Co. DPS6 Powershift Transmission Products Liability Litigation*** |
|---|---|
| | *This Order Relates To:* |
| | *Berry v. Ford Motor Company* |
| | *Hernandez v. Ford Motor Company* |
| | *Hogge v. Ford Motor Company* |
| | *Perez v. Ford Motor Company* |
| | *Zea v. Ford Motor Company* |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER RE: CONSOLIDATED MOTION FOR ATTORNEYS' FEES [Dkt. No. 1269] AND CONSOLIDATED MOTION FOR COSTS AND EXPENSES [Dkt. No. 1270]**

Before the Court is a Consolidated Motion for Attorneys' Fees ("Fees Motion," Dkt. No. 1269) and a Consolidated Motion for Costs and Expenses ("Costs Motion," Dkt. No. 1269) filed by Plaintiffs in five cases. Defendant Ford Motor Company ("Ford") filed oppositions to both Motions, and the Plaintiffs filed

replies. The Court **GRANTS** the Motions as follows.

## I.   BACKGROUND

Plaintiffs are represented by the Knight Law Group ("KLG") in five cases[1] that are members of the multidistrict litigation ("MDL") *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liability Litig.*, Case No. 18-ML-02814, concerning allegedly defective DPS6 dual-clutch powershift transmissions installed in certain Ford vehicles.

Early in the MDL, the parties selected 30 cases for the initial disposition pool ("IDP"). The five cases that are the subject of these Motions were in the IDP. The IDP cases were actively litigated and much of the common work for all cases in the MDL was pursued through them, while the remainder of the cases were stayed.

The 30 IDP cases included 15 cases in which the plaintiffs were represented by the Consumer Legal Remedies APC ("CLR") firm, and 15 cases—including the five cases that are the subject of these Motions—in which the plaintiffs were represented by KLG. The 15 CLR cases were terminated on December 26, 2019. (Dkt. No. 715). The 15 KLG cases continued to be litigated. The 5 cases herein resolved when the Plaintiffs accepted Ford's Rule 68 Offers of Judgment in each case.

Each of the Rule 68 offers included an amount inclusive of civil penalties and incidental and consequential damages. Each offer also stated, "Plaintiffs may seek an award of Plaintiffs' costs (including reasonable attorneys' fees, if any) reasonably incurred in connection with this action and recoverable in this case through the date on which this Offer is made, in an amount to be determined by the Court." *See, e.g.*, Dkt. No. 1269-2, p. 65. Thus, the Rule 68 offers resolved the Plaintiffs' underlying substantive claims, but left fees and costs to be resolved afterwards. For each case, Plaintiffs and Ford were able to settle "case-specific"

---

[1] The five cases are: *Berry v. Ford Motor Company*, No. 5:17-cv-02304-AB-FFM; *Hernandez v. Ford Motor Company*, 5:17-cv-02045-AB-FFM; *Hogge v. Ford Motor Company*, 2:17-cv-07256-AB-FFM; *Perez v. Ford Motor Company*, No. 5:17-cv-02042-AB-FFM; *Zea v. Ford Motor Company*, No. 2:18-cv-01831-AB-FFM. The Court will refer to all the Plaintiffs in these cases collectively, as it is not necessary to address any of them individually.

attorneys' fees, costs, and expenses (for which the Court commends the parties), but they were "unable to resolve Plaintiffs' attorney fees, costs and expenses for updated attorney work in furtherance of the IDP." *See* Fees Mot. 4:26-5:2. These Motions followed.

The Court previously entered Orders awarding fees and costs in connection with two other KLG IDP cases, *Fort* and *Bagwell*. *See Fort/Bagwell* Orders (Dkt. Nos. 1153, 1187). Those Orders adjudicated requests for fees and costs incurred for common work on the IDP cases through June 2020. The Court awarded fees and costs, prorated over all 30 IDP cases. Thus, the *Fort* and *Bagwell* plaintiffs were each awarded 1/30th of the reasonable common fees and costs incurred litigating the IDP cases through June 2020.

In these Motions, Plaintiffs seek to recover attorneys' fees and costs and expenses for the common work performed since June 2020, but prorated over just 11 cases. Ford objects on numerous grounds.

## II.   DISCUSSION

Plaintiffs move for an award of attorneys' fees pursuant to the Song-Beverly Act's fee-shifting provision, which states that "a [prevailing] buyer" is entitled "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d).

There is no dispute that the Plaintiffs are prevailing buyers. The Court therefore will address Ford's other objections, and then determine reasonable fee and cost awards. Because the same arguments are made with respect to both the Fee Motion and the Cost Motion, the Court will address them together.

### A. The Rule 68 Offers Do Not Foreclose the Fees and Costs Sought Here.

Ford argues that Plaintiffs are seeking recovery of fees that are disallowed by the terms of the Rule 68 offers they accepted. All five offers provided that "Plaintiffs may seek an award of Plaintiffs' costs (including reasonable attorneys' fees, if any) reasonably incurred in connection with this action and recoverable in this case **through the date on which this Offer is made**, in an amount to be determined by the Court." *See, e.g.*, Dkt. 1269-2, at 46, 51, 56, 61, 66 (emphasis in originals). It is undisputed that these Motions do not seek fees and costs specific to

any of the five cases; indeed, the parties were able to resolve those case-specific fees. Instead, these Motions seek to recover pro-rata portions of the fees and costs incurred to litigate all the remaining IDP cases—the common fees and costs. Ford argues that the Rule 68 offers foreclose such recovery because these fees are not "incurred in connection with…and recoverable in" any of the five cases. Ford also argues that the offer bars recovery of fees and costs incurred post-acceptance.

"Rule 68 offers of judgment are analyzed in the same manner as any contract," and parties are "entitled to rely on the plain language of the offer." *Miller v. City of Portland*, 868 F.3d 846, 851 (9th Cir. 2017). Thus, "courts should apply the usual rules of contract interpretation to offers of judgement, [] and these rules dictate that ambiguities will be construed against the drafter." *Holland v. Roeser*, 37 F.3d 501, 504 (9th Cir. 1994) (citing *Herrington v. County of Sonoma*, 12 F.3d 901, 907 (9th. Cir. 1993)). Furthermore, "[a]ny waiver or limitation of attorney fees in settlements of cases must be clear and unambiguous." *Holland*, 37 F.3d at 504.

Here, the Rule 68 offers' fees and costs term does not limit recovery to only case-specific fees and costs. Rather, it includes fees and costs incurred "in connection with this action," which is a broad term, not a limiting term, and that are "recoverable in this case," which strikes the Court as a tautology dependent on the Court's determination of what is recoverable. Generally, the fees and costs sought are common fees and costs incurred litigating the remaining post-June 2020 IDP cases as a group, which includes the 5 specific cases herein. Thus, the fees and costs were "incurred in connection with" these actions. Whether the fees are "recoverable" in these cases appears to depend on the Court's resolution of Ford's various other objections.

However, the Court agrees with Ford that the Rule 68 offers cut off the recovery of post-judgment fees and costs. The Rule 68 offers limit the recovery to fees and costs incurred "through the date on which this Offer is made…" This is a "clear and unambiguous" limitation on the recoverable fees and costs to those incurred by the offer dates.

## B. The Court's Prior Fee Orders and Comments Do Not Foreclose the Fees and Costs Sought Here.

Ford also makes several arguments to the effect that the Court's prior orders or comments about the attorneys' fees and costs issues in this MDL should foreclose the current motions. The Court disagrees. The Court has indeed been

disappointed by how fees have been handled and litigated here, but primarily relating to the requests by Liaison Counsel, and with the back-and-forth relating a potential common benefit fund that ultimately resulted in nothing but fee disputes.

The Court understands that the vast majority of the common work—especially the expensive work relating to common discovery—had been performed before June 2020, with the fees for that work already having been adjudicated and awarded pro rata among the 30 IDP cases. The fees and costs reflected in *these* Motions were accrued after that first timeframe, which ended in June 2020. None of the Court's prior comments mean that recovery for common work performed since June 2020 is foreclosed. Furthermore, the Court finds that it makes sense to continue with the general methodology it previously employed to apportion common fees among the pending IDP cases so that only the prevailing plaintiffs recover a pro rata portion of the total fee. As the Court has previously stated, this is not a perfect methodology, but it is reasonable under the circumstances of this Ford-created MDL.

The Court also denies Ford's request that it put off resolving these Motions so it could file a Motion to Regulate Fees. The issues raised are sufficiently narrow based on the Court's prior Orders. The Court also expects that parties will incur very little of the MDL-wide common work that has triggered the most intractable fee issues. At this point, awarding common fees and costs across the IDP cases makes sense for the reasons stated here and previously. If Ford prefers another method going forward, the parties are welcome to meet and confer on it.

### C. Ford's Objection to Fraud-Related Work is Largely Not Well-Taken.

Ford also objects that fees for fraud claims were not excluded from the request. The Court previously held that it would be impracticable to require Plaintiffs to broadly apportion the fraud-related work from the non-fraud common discovery work. *See Fort/Bagwell* Orders. The Court maintains that view.

However, to the extent certain entries can clearly be deemed solely related to fraud, it is practicable to exclude them. Ford claims to have identified such entries, including apex depositions and related work, but for the reasons stated in the *Fort/Bagwell* Orders, the Court cannot find that such work is exclusively fraud-related. Ford points to 6 pages of billing by the Boucher Firm that include fraud work, but has not identified the specific entries and the Court will not search for them. The only specific fraud-related entries that Ford points to that the Court can exclude is a 7/7/2020 KLG entry for research on the economic loss rule ("ELR")

for $1,225, and a 9/4/2020 KLG entry about pulling "fraud docs to build trial narrative," for $75. *See* Dkt. No. 1269-2 pp. 19. 25. The Court therefore will deduct $1,300 from the total lodestar.

### D. The Denominator Will Be 11.

Finally, the parties disagree about what denominator the Court should use to determine the pro rata per case portion of the common fee. Plaintiffs argue for the number 11, which includes the 5 KLG IDP cases herein and 6 KLG IDP cases in which the plaintiffs did not prevail, but excludes the other 4 KLG IDP cases (*Pedante*, *Quintero*, *Fort*, and *Bagwell*) that had otherwise resolved by trial and/or settlement. Ford, by contrast, argues that the Court should use 30 as a denominator to reflect all 30 of the IDP cases because the common work was done for the whole IDP.

The Court will use 11 as the denominator. The 4 KLG IDP cases that Plaintiffs seek to exclude from the denominator were largely resolved before June 2020, or they had only marginal case-specific work ongoing after that date. Because all of the work for which fees are sought herein occurred after those 4 cases resolved, the work did not benefit those 4 cases. For the same reason, Ford's proposal to include the 15 CLR cases is not appropriate: although those cases were in the IDP, they settled in December 2019, before all of the fees and costs sought here were accrued. Thus, none of these fees and costs were accrued for the benefit of those 15 CLR cases, so they should be excluded from the pro rata calculation.

### E. The Requested Attorneys' Fees and Costs and Expenses

Having determined that Plaintiffs are entitled to an award of fees and costs and expenses, the Court now determines how to calculate those awards.

### 1. Attorneys' Fee Calculation

A reasonable attorneys' fee award is established using the familiar lodestar method. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). The lodestar figure is "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Candle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000).

Plaintiffs represent that the total lodestar for all of their common work is $315,850.00. Plaintiffs calculated their fee lodestar based on hourly rates that the

Court previously found reasonable, and the Court will adhere to those determinations.

Ford objects that if the Court awards any fees, it should exclude certain categories of work or time entries. The Court now considers those objections.

*Other Individual Cases:* Ford argues that numerous billings by the Boucher Firm are clearly for individual cases *Altimirano-Torres* (which the parties settled) and *Hobart* (in which judgment was entered for Ford). *See* Fees Opp'n 12:26-13:6 (citing 4 pages of Boucher time entries at Dkt. No. 1269-3 pp. 44-47). Both cases were KLG IDP cases, but they are not among the cases seeking fees in this Motion. The Court agrees that case-specific work for <u>any</u> cases should be excluded, as the very premise of the Motion is that the fees sought are for common work that was for the benefit of all the actively-litigated IDP cases, not for case-specific work. Unfortunately, Ford has not identified the specific entries on these 4 pages that it seeks to exclude. However, most of the entries on the pages Ford cites are indeed marked as having been done for *Altimirano-Torres* or for *Hobart*. Some of those time entries are for depositions of Ford apex witnesses like Robert Faschetti, Bennie Fowler, and Sankar Nair. The Court understands that these apex witness depositions were taken for the MDL as a whole, and their utility was not limited to a particular case.[2] Such fees may be included in the award for common work here. However, other entries appear to be for depositions of case-specific witnesses, such as Chris Kwazniewicz and Jeremiah Cannon. The Court will order the parties to review these pages to identify any case-specific entries so they can be excluded from the award.

*Post-Offer Fees:* As indicated above, fees accrued after the Rule 68 offer should be excluded because Plaintiffs waived them in the Offers. Ford states that KLG seeks $21,225 in fees for post-offer work and Plaintiffs offer no rebuttal except their argument that the fees should be awarded. Thus, the total lodestar will be reduced by $21,225.

//
//
//

---

[2] If these depositions were case-specific, then arguably each and every plaintiff would have been entitled to depose these apex witnesses—something Ford would certainly not have agreed to.

The pro rata recoverable attorneys' fees are as follows:

| **$315,850 lodestar calculated by Plaintiffs** | *minus* | **case-specific billings in Boucher records to be reviewed by the parties** | *minus* | **$21,225 in post-offer fees** | **=** | **Fees recoverable pro rata for each of 5 cases** |
|---|---|---|---|---|---|---|

**11**

## 2. Costs and Expenses Calculation

In response to Ford's objections, Plaintiffs eliminated about $17,600 from their costs request for erroneously-included expert witness fees for Anthony Micale and Thomas Lepper. Thus, the total costs and expenses that Plaintiffs seek, as stated in the Costs Reply, is $21,906.57. The Court now considers Ford's remaining objections to specific items.

*Apex Witness Depositions:* The Court overrules these objections. As stated above, the Court understands that Robert Faschetti, Bennie Fowler, and Sankar Nair were apex witnesses and that their depositions were taken for the MDL as a whole, and their utility was not limited to a particular case. These costs and expenses can therefore be recovered among the common costs and expenses.

*Post-Rule 68 Costs and Expenses:* Although the Court agrees that post-Rule 68 costs and expenses should not be included, Ford has not identified any such costs and expenses. Therefore, the Court will not exclude any such costs and expenses.

*Pedante fee motion transcript:* As the parties have relied on the Court's *Pedante* fee Order, the Court finds that the transcript cost was a reasonably-incurred common cost that can be recovered in this Motion.

To the extent the Court has not specifically addressed any other objections made in the papers, the Court overrules them.

The pro rata recoverable common costs and expenses are as follows:

**$21,906.57 total common costs and expenses ÷ 11 cases = $1,991.50 per case**

III.   **CONCLUSION**

The Court **GRANTS** the Motions as described above.

For each of the five cases, the Plaintiffs are awarded costs and expenses of **$1,991.50**

For each of the five cases, the Plaintiffs are awarded attorneys' fees based on the calculation set forth above. The parties are **ORDERED** to meet and confer to determine which of the items in the Boucher Firm's billing records are case-specific. The parties must then execute the calculation set forth above, and for each case file a Stipulation and Proposed Order stating the resulting award of fees, costs, and expenses. The Stipulations and Proposed Orders must be filed within 28 days of the issuance of this Order.

The Court **ORDERS** the parties to work in good faith and to use their utmost best efforts to resolve any disagreements, as they did in connection with the *Fort/Bagwell* Orders.

**IT IS SO ORDERED**.