# EXHIBIT J

SPENCER HUGRET
shugret@gordonrees.com

**GORDON & REES** LLP

ATTORNEYS AT LAW
275 BATTERY STREET, SUITE 2000
SAN FRANCISCO, CA  94111
PHONE: (415) 986-5900
FAX: (415) 986-8054
WWW.GORDONREES.COM

January 5, 2018

**BY FACSIMILE & OVERNIGHT DELIVERY**

Amy Morse, Esq.
KNIGHT LAW GROUP, LLP
1801 Century Park East, Suite 2300 Los Angeles, CA 90067
Facsimile: (310) 552-7973

    Re:    *Charles E. Martin and Steven C. Day v. Ford Motor Company*
            Subject Vehicle:   2012 FORD FOCUS
            VIN:   1FAHP3K21CL452840

Dear Ms. Morse:

    I am writing on behalf of Ford Motor Company ("Ford") in response to your December 13, 2017 letter, wherein you allege that Ford has violated the Consumer Legal Remedies Act ("CLRA"). As a preliminary matter, Ford does not have personal knowledge regarding the circumstances of your client's purchase of the 2012 Ford Focus as Ford was not a party to the sale of the vehicle.

    As you know, the Consumer Legal Remedies Act ("CLRA") was designed to "protect consumers against unfair and deceptive business practices." The CLRA specifically outlines the methods of competition that are considered unlawful, unfair or deceptive and sets forth available remedies.  Ford has reviewed your letter representing that your client purchased the 2012 Ford Focus based upon alleged misrepresentations at the time of purchase by Ford Motor Company and Salinas Valley Ford.  Based on the information currently available to Ford, Ford cannot identify any specific conduct or misrepresentations by Ford that would qualify as a violation of any of the provisions of that statute you have cited.

    The facts, as currently known, indicate that Ford did not make any misrepresentations regarding the condition, quality or characteristics of the vehicle. As such, there does not appear to be any element of wrongdoing undertaken by Ford that would warrant a claim under the CLRA.

     In order to trigger the remedies set forth by the CLRA, a plaintiff must provide notice as set forth in California Civil Code section 1782(a). This subdivision includes the requirement of providing notice of the "<u>particular</u> alleged violations of Section 1770" sufficient to afford a defendant the opportunity to offer an "appropriate correction, repair, replacement, or other remedy" within a reasonable time after receipt of such notice. (Emphasis added). An additional

**EXHIBIT 9**

Amy Morse, Esq.
January 5, 2018
Page 2

legislative purpose for this statutory notice requirement is to "facilitate pre-complaint settlements of consumer actions wherever possible." *Outboard Marine Corp. v. Superior Court*, 52 Cal.App. 3d 30, 41 (1975). This legislative purpose "may only be accomplished by a literal application of the notice provisions." *Id*.

Your letter alleges that "Plaintiffs brought the car into an authorized Ford repair facility several times for various problems relating to the transmission of the Vehicle. Plaintiffs first complained of the transmission shuddering at low RPM's and when taking off. Plaintiffs next complained that the transmission was not shifting, being stuck in a low gear upon acceleration, with a delayed shift, and then bang into gear. Plaintiffs also complained that the transmission would shudder hard upon acceleration. Plaintiffs have attempted to have the transmission issues repaired. The repair representatives repeatedly assured Plaintiffs that the problems with the transmission were "fixed." Each time Plaintiffs visited the dealership for a repair, the mechanics tried the same or different remedies, but the problems with the transmission persisted." As such, it is Ford's contention that such broad, vague and conclusory assertions do not satisfy the particularity requirement.

Nevertheless, Ford has authorized me to extend an offer to repurchase your client's vehicle by refunding the full purchase price pursuant to the Song-Beverly Consumer Warranty Act (Civil Code sections 1790-1795.8) and the California Consumer Legal Remedies Act (Civil Code section 1750 *et. seq*.) as follows:

The refund shall include all payments, including down payment and trade-in made by Plaintiffs to date. The proposed refund shall also include reimbursement for any incidental or consequential costs actually incurred. For example:

Out-of-pocket repairs and warranty co-pays/deductibles

Towing charges

Rental car expenses

Other out of pocket costs actually incurred by Plaintiffs, which will also include registration charges to date, in line with the holding of *Kirzhner v. Mercedes Benz USA, LLC*, 052551 (published on December 13, 2017).

Plaintiffs are responsible for delivery of a clear title, free of lien, to Ford. If a lending institution holds the title to Plaintiffs' vehicle, Plaintiffs will be required to provide Ford a payoff quote or other documentation confirming the amount of the loan and to assist as needed with facilitating any confirmation efforts Ford undertakes, including but not limited to calling the lender to confirm the amount of a payoff. In addition to the sums noted above included in Plaintiffs' refund, Ford will also pay the full balance owing to the applicable lending institution on Plaintiffs' behalf so that Ford may secure title to the subject vehicle.

Additionally, Ford's offer is subject to verification of the payment history, loan payoff, and receipts for incidental and consequential damages claimed. Please forward the applicable documentations including the purchase contract, loan payoff, payment history and receipts for additional damages claimed to my attention at your earliest convenience so that we may complete this refund transaction.

Amy Morse, Esq.
January 5, 2018
Page 3

      In addition to the above, Ford will pay reasonable attorney's fees in the amount of $6,500. Alternatively, Ford agrees to have fees determined by way of negotiation or noticed motion.

      Please feel free to contact me to discuss the foregoing should you have any questions or concerns in the matter. I look forward to hearing from you and working to resolve your client's claims without the need for protracted and costly litigation.

      Very Truly Yours,

      Spencer P. Hugret

SPH:ktk