SPENCER P. HUGRET (SBN 240424)
shugret@grsm.com
KATHERINE P. VILCHEZ (SBN 212179)
kvilchez@grsm.com
HAILEY M. ROGERSON (SBN 311918)
hrogerson@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone:   (415) 986-5900
Facsimile:    (415) 986-8054
Facsimile:    (415) 391-0281

Attorneys for Defendant
FORD MOTOR COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES ONLY TO:**<br><br>*Michael Bell v. Ford Motor Company, et al., Case No.: 2:18-cv-01752-AB-FFM* | Case No. 2:18-ml-02814-AB (PVCx)<br><br>Assigned to Hon. Andre Birotte, Jr., Courtroom 7B<br><br>**FORD MOTOR COMPANY'S CONSOLIDATED OPPOSITION TO PLAINTIFF MICHAEL BELL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES [DKT. 1835] AND MOTION FOR COSTS AND EXPENSES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(D) [DKT. 1836]**<br><br>Date: July 27, 2024<br>Time: 10:00 a.m.<br>Courtroom: 7B<br>Hon. Andre Birotte, Jr. |

*Gordon Rees Scully Mansukhani, LLP*
*315 Pacific Avenue*
*San Francisco, CA 94111*

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ................................................................................. 1

II.    STATEMENT OF FACTS .................................................................. 3

III.   LEGAL AND FACTUAL ARGUMENT AND AUTHORITIES ...................... 3

    A.    Plaintiff Is Not Entitled to Recover Fees and Costs Incurred After Ford's December 2018 Rule 68 Offer Because He Failed to Obtain a More Favorable Result. ........................................... 3

    B.    Plaintiff's Counsel Should Not be Awarded Fees for Excessive Billing. .................................................................................. 6

        1.    Fees Related to Plaintiff's Motion for Remand. ....................... 7

        2.    Fees Related to Plaintiff's Opposition to Ford's Motion for Summary Judgment. ..................................................... 9

        3.    Fees Related to Preparation of the Deposition of Ford's PMK. .................................................................... 10

        4.    Fees Related to Plaintiff's Standard Written Discovery ............... 11

        5.    Fees Incurred After Acceptance of Ford's Rule 68 Offer. ........... 12

        6.    Attorneys' Fees Related to the Instant Motions. ..................... 12

    C.    No Multiplier Is Warranted ................................................... 13

    D.    Cost Associated with Plaintiff's Experts Should be Substantially Reduced. ............................................................................ 14

        1.    Mr. Cohen's Fees, And Costs Related Thereto, Are Not Recoverable as His Opinions Were Limited to Fraud Claims and Previously Excluded in Connection with Song-Beverly Claims. .............................................................. 14

        2.    The Costs Relating to Plaintiff's Expert, Anthony Micale, Should Be Substantially Reduced ..................................... 16

        3.    The Costs Relating to Plaintiff's Expert, Thomas Lepper, Should Be Omitted .................................................... 17

IV.    CONCLUSION ................................................................................. 19

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

i

FORD MOTOR COMPANY'S CONSOLIDATED OPPOSITION TO PLAINTIFF MICHAEL BELL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES [DKT. 1835] AND MOTION FOR COSTS AND EXPENSES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(D) [DKT. 1836]

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

# **<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Aaron K. Duersksen v. Ford Motor Company, et al.*,
 Case No. 2:18-cv-01071-AB-FFM ........................................................... 8

*Aguayo v. Crompton & Knowles Corp.*,
 183 Cal.App.3d 1032 (1986) ...................................................................... 18

*Ayers v. FCA US, LLC*,
 99 Cal. App. 5th 1280 (2024) ..................................................................... 5

*Brown v. Stackler*,
 612 F.2d 1057 (7th Cir. 1980) .................................................................... 13

*In re Butcher*,
 200 B.R. 675 (C.D. Cal. 1996) ............................................................. 17, 19

*Celestine v. FCA US LLC*,
 2019 WL 4274092 (E.D. Cal. Sept. 10, 2019) ........................................... 8

*Charles Martin, et al. v. Ford Motor Company*,
 Case No. 2:18-cv-01750-AB-FFM ..................................................... 10, 16

*Christian Rsch. Inst. v. Alnor*,
 165 Cal. App. 4th 1315 (2008) ................................................................. 4, 7

*Concepcion v. Amscan Holdings, Inc.*,
 223 Cal. App. 4th 1309 (2014) .................................................................... 4

*Donahue v. Donahue*,
 182 Cal.App.4th 259 (2010) ........................................................................ 6

*Duale v. Mercedes-Benz USA, LLC*,
 148 Cal.App.4th 718 (2007) ........................................................................ 5

*Dyanna Dawn Becker, et al. v. Ford Motor Company, et al.*,
 Case No. 2:18-cv-00942-AB-FFM ............................................................. 8

*Foothill-De Anza Community College Dist. v. Emerich*,
 158 Cal. App. 4th 11 (2007) ...................................................................... 14

ii

*In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liaiblity Litig.*,
  No. 17CV06656ABFFMX, 2020 WL 4720043 (C.D. Cal. Aug. 13, 2020) ................................................................................................ 4

*Gates v. Deukmejian*,
  987 F. 2d 1392 (9th Cir. 1992) ...................................................... 7

*Graham*,
  34 Cal. 4th ................................................................................ 13

*Hanna v. Mercedes-Benz USA, LLC*,
  36 Cal.App.5th 493 (2019) ............................................................ 5

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ...................................................................... 7

*Horn v. General Motors Corp.*,
  17 Cal.3d 359 (1976) .................................................................. 18

*Joe Curtis v. Ford Motor Company*,
  Case No. 2:18-cv-02594-AB-FFM ................................................ 16

*Ketchum v. Moses*,
  24 Cal.4th 1122 (2001) ........................................................... 6, 13

*Lorenzo Altamirano-Torres v. Ford Motor Company*,
  Case No. 17-cv-07338 .................................................................. 14

*Madrigal v. Hyundai Motor Am.*,
  17 Cal. 5th 592 (2025) ............................................................... 4, 5

*McDonagh v. Am. Honda Motor Co.*,
  No. 2:23-CV-00350-AB-MRW, 2024 WL 5365048 (C.D. Cal. Dec. 2, 2024) ......................................................................................... 5

*McKenzie v. Ford Motor Co.*,
  238 Cal.App.4th 695 (2015) .......................................................... 5

*Michael D. Bell v. Ford Motor Company*,
  Case No. 2:18-cv-01752-AB-FFM, Dkt. 1-1 ................................... 3

*Mikhaeilpoor v. BMW of North America, LLC*,
  48 Cal.App.5th 240 (2020) ............................................................ 6

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

iii

*Mon Chong Loong Trading Corp. v. Superior Court*,
   218 Cal.App.4th 87 (2013) ........................................................................................... 5

*Nightingale v. Hyundai Motor America*,
   31 Cal.App.4th 99 (1994) ............................................................................................ 6

*People v. Page*,
   2 Cal.App.4th 161 (1991) .......................................................................................... 18

*Perko's Enterprises Inc. v. RRNS Enterprise*,
   4 Cal.App.4th 238 (1992) .......................................................................................... 14

*Sanford v. Thrifty Payless, Inc.*,
   2005 WL 2562712 (E.D. Cal. Oct. 11, 2005) ........................................................... 7

*Serrano v. Unruh*,
   32 Cal.3d 621 (1982) ................................................................................................ 13

*South Bay Chevrolet v. GMAC*,
   72 Cal.App.4th 861 (1999) ........................................................................................ 18

*Stockton Theatres, Inc. v. Palermo*,
   47 Cal.2d 469 (1956) ................................................................................................ 14

*Summers v. A.L. Gilbert Co.*,
   69 Cal.App.4th 1155 (1999) ...................................................................................... 18

*Thayer*,
   92 Cal.App.4th .......................................................................................................... 13

*Vanessa Bendana Mendieta, et al. v. Ford Motor Company*,
   Case No. 2:18-cv-07789 ..................................................................................... 10, 16

*Westamerica Bank v. MBG Industries, Inc.*,
   158 Cal.4th 109 (2007) ............................................................................................... 5

*White & White v. American Hosp. Supply Corp.*,
   786 F.2d 728 (6th Cir. 1986) ............................................................................... 17, 19

**Statutes**

Code Civ. Proc. § 998(c)(1) ............................................................................................. 4

Code Civ. Proc. § 1033.5 ............................................................................................... 14

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

iv

Code Civ. Proc. § 1033.5(c)(2) .................................................................................. 14

**Other Authorities**

Fed. R. Civ. P. 54(d) .................................................................................................. 1

Fed. R. Civ. P. 68 ......................................................................... 1, 2, 3, 4, 5, 6, 13, 19

Fed. R. Civ. P. 68(d) ................................................................................................ 5

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

Ford Motor Company ("Ford") hereby submits this Consolidated Opposition to Plaintiff Michael Bell's ("Plaintiff") Motion for Attorney Fees, Costs and Expenses [Dkt. 1835] and Motion for Costs and Expenses Pursuant to Federal Rule of Civil Procedure 54(D) [Dkt. 1836].

## I.    <u>INTRODUCTION</u>

On April 30, 2025, Plaintiff filed a Motion for Attorneys' Fees seeking $62,684.29 in attorneys' fees with a $31,342.15 multiplier, and a separate Motion for Costs and Expenses pursuant to Federal Rule of Civil Procedure 54(d), seeking an additional $61,016.30, for a total combined request of $155,042.74 in attorneys' fees and costs. Through this Opposition, Ford seeks to strike certain fees and costs in both of Plaintiff's Motions on three separate grounds.

***First***, Plaintiff is barred from recovering any fees or costs incurred after December 2018 because he did not obtain a more favorable judgment or award than the Rule 68 Offer of Judgment served at that time. Specifically, on December 5, 2018, Ford served a Rule 68 Offer offering to settle the case for $75,001.00 and further offered to settle attorneys' fees and costs for $15,000.00, or by way of motion. Plaintiff rejected that offer and proceeded to heavily litigate the case for over four years. Ultimately, on June 5, 2023, Plaintiff accepted Ford's second Rule 68 Offer, which again offered $75,001.00 and attorneys' fees and costs by motion. Despite this result, Plaintiff now seeks an additional $112,590.28 in fees and costs, for litigation that produced no benefit to Plaintiff after the initial Rule 68 Offer. Because Plaintiff failed to obtain a more favorable result than what was offered in 2018, all fees and costs incurred after that the date of the first Rule 68 Offer are barred.

***Second***, Ford is requesting that Plaintiff's attorneys' fees be reduced by $14,560.00 as some of the fees are not reasonably incurred in the prosecution of the Song-Beverly Act claims and/or are not reasonable in amount. For example, Plaintiff seeks $7,025.00 in fees, for 24.2 hours billed, relating to an unsuccessful Motion for

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Remand and an additional $8,357.50 in fees, for 30.5 hours billed, for opposing Ford's Motion for Summary Judgment. The 54.7 hours allegedly incurred relating to these motions is particularly superfluous considering that Plaintiff's motions were largely copies of other motions submitted in other cases in this coordinated proceeding. In short, this type of invoice padding should not be allowed. Moreover, these motions are but two examples of the inappropriate nature of Plaintiff's billing practices, which will be further detailed below along with the other examples of Plaintiff's improper and excessive billing entries.

***Third***, Plaintiff's claimed expert costs, totaling $55,936.08, should be significantly reduced or entirely disallowed. Initially, Plaintiff seeks $19,357.45 in costs for expert Jack Cohen, an expert that this Court expressly excluded from testifying at a prior trial, and whose opinions this Court found would be solely related to the fraud claims. As Plaintiff is not entitled to recover fees or costs incurred in prosecuting their fraud-based claims, Plaintiff cannot recover these costs. Moreover, Plaintiff seeks over $34,000.00 for expert Anthony Micale, including $23,700.00 (59.25 hours) for drafting a report that is nearly identical to reports he has submitted in numerous other DPS6 cases. Here, Plaintiff, and his expert, should not be able to drastically overbill just because Ford is paying the cost. Additionally, Plaintiff designated both Mr. Lepper and Mr. Micale to offer opinions on the same subject matter, which is unnecessary and not reasonable to the prosecution of the case. As will be shown in greater detail below, the majority, if not all, of these expert costs are excessive, unsupported, and unrecoverable. As such, Ford respectfully requests a reduction of at least $46,469.77 in the claimed expert fees and costs.

Additional details regarding Plaintiff's improper attorneys' fees and costs are set forth below. In sum, Ford requests that the Court strike all fees after the December 5, 2018 Rule 68 Offer, and further requests that the Court reduce the excessive and improper fees and expert costs in this matter.

//

FORD MOTOR COMPANY'S CONSOLIDATED OPPOSITION TO PLAINTIFF MICHAEL BELL'S MOTION FOR
ATTORNEYS' FEES, COSTS, AND EXPENSES [DKT. 1835] AND MOTION FOR COSTS AND EXPENSES
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(D) [DKT. 1836]

## II.  STATEMENT OF FACTS

On December 19, 2017, Plaintiff filed this action against Ford Motor Company in San Diego County Superior Court, asserting claims for breach of express and implied warranties under California's Song-Beverly Consumer Warranty Act, three claims for fraudulent inducement, and one claim for violation of the Consumer Legal Remedies Act. *Michael D. Bell v. Ford Motor Company*, Case No. 2:18-cv-01752-AB-FFM, Dkt. 1-1.

On December 5, 2018, Ford served a Rule 68 Offer to settle the case for $75,001.00 in exchange for surrender of the Subject Vehicle, with $15,000.00 in attorneys' fees and costs, or to be determined by motion. Declaration of Hailey M. Rogerson ("Rogerson Decl."), Exh. A. As of December 18, 2025, Plaintiff's attorneys' fees totaled $10,309.50 and costs totaled $800.81. Rogerson Decl., ¶ 4. Plaintiff declined to accept the offer at that time and chose to continue litigating the matter.  On May 23, 2023, Ford served a Rule 68 Offer for $75,001.00 in exchange for surrender of the Subject Vehicle, with attorneys' fees and costs by motion, which Plaintiff accepted on June 5, 2023. Rogerson Decl., Exh. B.

## III.  LEGAL AND FACTUAL ARGUMENT AND AUTHORITIES

### A.  Plaintiff Is Not Entitled to Recover Fees and Costs Incurred After Ford's December 2018 Rule 68 Offer Because He Failed to Obtain a More Favorable Result.

Ford served a Rule 68 Offer in this case on December 5, 2018.  Plaintiff rejected Ford's Rule 68 Offer, only to settle for the same amount approximately four-and-a-half years later, in June of 2023. Because Plaintiff did not beat the amount of the first offer and the additional litigation yielded no benefit to Plaintiff's case, all fees and costs incurred after the December 2018 offer are barred.

The Rule 68 offer that Plaintiff accepted provides that he can petition the Court for reasonably incurred fees "recoverable pursuant to California Civil Code section 1794(d)." That provision, which is part of the Song-Beverly Act, provides that "[i]f the buyer prevails in an action under this section, the buyer shall be allowed by the

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees based on actual time expended, determined by the court to have been *reasonably incurred* by the buyer in connection with the commencement and prosecution of such action" (emphasis added). Fees are not reasonably incurred—and Plaintiff cannot meet his burden of showing that the fees were reasonably incurred—where, as here, Plaintiff did not fare better than his prior settlement offer. *Concepcion v. Amscan Holdings, Inc.*, 223 Cal. App. 4th 1309, 1325 (2014) (noting that the plaintiff "had the burden of proving the reasonable number of hours they devoted to the litigation"); *Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1321 (2008) (noting that the moving party "seeking fees and costs bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.") (cleaned up).

This Court held as much in the *Pedante* case, which presented a similar situation. In that case, Ford had served a Rule 68 offer "about 2 months after Plaintiff filed suit" for $75,001, but Plaintiff "proceeded to trial where he was awarded only $65,165.07." *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liaiblity Litig.*, No. 17CV06656ABFFMX, 2020 WL 4720043, at *2 (C.D. Cal. Aug. 13, 2020). That initial offer was more than Plaintiff "could have obtained"—and more than they did obtain—under Song-Beverly. *Id.* This Court thus only awarded fees "until the Rule 68 offer." *Id.* at *4.

The Supreme Court of California recently reached a similar conclusion in another Song-Beverly case, holding that Section 998(c)(1), the state law equivalent of Rule 68, "places the task of obtaining a more favorable judgment on a plaintiff who does not accept a valid 998 offer." *Madrigal v. Hyundai Motor Am.*, 17 Cal. 5th 592, 605 (2025). This specific rule overrides the general rule—which looks only at who qualifies as a "prevailing party"—by shifting "the liability for costs under some circumstances," including when "a plaintiff rejects or fails to timely accept a qualifying defense offer … and then fails to obtain a more favorable judgment or

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

award." *Id*. at 599 (cleaned up). That is the precise situation here. Since Plaintiff cannot prove that he beat Ford's first 2018 offer in either case, the vast majority of the fee and cost request in this case—all of them after the first offer—are unrecoverable, since Plaintiff cannot prove the necessity of the hours. This policy "encourage[s] the settlement of lawsuits before trial" by "providing a strong financial disincentive to a party … who fails to achieve a better result than that party could have achieved by accepting his or her opponent's settlement offer." *Id*. at 603. That has long been the rule under California law, and *Madrigal* just confirmed the point. *Ayers v. FCA US, LLC*, 99 Cal. App. 5th 1280 (2024) (finding final settlement less favorable than prior 998 offer as a matter of law, precluding costs incurred post-998); *Hanna v. Mercedes-Benz USA, LLC*, 36 Cal.App.5th 493, 508 (2019) (considering if earlier 998 offer was more favorable than later settlement); *Mon Chong Loong Trading Corp. v. Superior Court*, 218 Cal.App.4th 87 (2013) (holding plaintiff's voluntary dismissal constituted a failure to obtain a more favorable judgment, thus triggering the defendant's right to cost shifting under section 998); *McKenzie v. Ford Motor Co.*, 238 Cal.App.4th 695, 705-708 (2015) (considering if initial 998 offer was more favorable than accepted 998 offer for purposes of attorney fees); *Westamerica Bank v. MBG Industries, Inc.*, 158 Cal.4th 109 (2007) (affirming stipulated judgment was not a more favorable recovery than prior offer to compromise, and plaintiff was thus not entitled to postoffer attorney fees); *Duale v. Mercedes-Benz USA, LLC*, 148 Cal.App.4th 718 (2007) (holding section 998 limited plaintiffs to recovery of their preoffer fees and costs where plaintiffs failed to obtain more favorable judgment).

And while the offer shows that the fees were unnecessary, it also provides a complete bar to the recovery of costs. Federal Rule of Civil Procedure 68(d) provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Thus, where a plaintiff fails to beat a Rule 68 offer earlier in the litigation, costs are cut off as of the date of the offer. *See, e.g., McDonagh v. Am. Honda Motor Co.*, No.

5

1  2:23-CV-00350-AB-MRW, 2024 WL 5365048, at *5-6 (C.D. Cal. Dec. 2, 2024)

2  (declining to award "costs incurred *after* the Rule 68 Offer") (emphasis in original).

3  Tellingly, Plaintiff's briefing does not mention the first Rule 68 Offer, much

4  less discuss its significance.  Despite this, the initial Rule 68 Offer bars Plaintiff's

5  ability to recover fees and costs in this case, after that date. On December 5, 2018,

6  Ford served a Rule 68 Offer to settle the case for $75,001.00 in exchange for

7  surrender of the Subject Vehicle, with $15,000.00 in attorneys' fees and costs, or to be

8  determined by motion. Rogerson Decl., Exh. A. The offer Plaintiff ultimately accepted

9  in June 2023 was for the same amount. Rogerson Decl., Exh. B. Because Plaintiff did

10  not fare any better than the earlier offer, *all* fees and costs after the December 2018

11  Offer should be cut off.

12  Here, Plaintiff *did not* beat the earlier Rule 68 offer. He litigated needlessly. But

13  because of the plain text of Rule 68, and because Plaintiff cannot show that the fees

14  were reasonably incurred, all fees and costs should be denied after the initial offer.

15  **B.    Plaintiff's Counsel Should Not be Awarded Fees for Excessive Billing.**

16  California law gives unilateral discretion to reduce attorney fee amounts in any

17  way they choose.  *Mikhaeilpoor v. BMW of North America, LLC*,  48 Cal.App.5th

18  240, 254 (2020).  "A trial court may not rubber stamp a request for attorney fees, but

19  must determine the number of hours reasonably expended." *Donahue v. Donahue*, 182

20  Cal.App.4th 259, 271 (2010).  A prevailing buyer in a lemon law case has the burden

21  of "showing that the fees incurred were 'allowable,' were 'reasonably necessary to the

22  conduct of the litigation,' and were 'reasonable in amount.'" *Nightingale v. Hyundai*

23  *Motor America*, 31 Cal.App.4th 99, 152 (1994). "[T]rial courts must carefully review

24  attorney documentation of hours expended; 'padding' in the form of inefficient or

25  duplicative efforts is not subject to compensation." *Ketchum v. Moses*, 24 Cal.4th

26  1122, 1132 (2001). "[A]ttorney fees may be awarded only for hours reasonably spent,

27  thus discouraging unnecessary or frivolous litigation."*Id.*, at 1137. Trial courts have

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

FORD MOTOR COMPANY'S CONSOLIDATED OPPOSITION TO PLAINTIFF MICHAEL BELL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES [DKT. 1835] AND MOTION FOR COSTS AND EXPENSES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(D) [DKT. 1836]

the responsibility to curb excessive, duplicative, or otherwise unreasonable billing. See e.g., *Sanford v. Thrifty Payless, Inc.,* 2005 WL 2562712, at *2 (E.D. Cal. Oct. 11, 2005). "The evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). In short, Plaintiff's counsel's excessive, inefficient, and unreasonable entries should be excluded altogether. *Gates v. Deukmejian*, 987 F. 2d 1392, 1397 (9th Cir. 1992) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)) (noting that time expended on work deemed "excessive, redundant, or otherwise unnecessary" should be excluded from any fee request).

### 1. *Fees Related to Plaintiff's Motion for Remand.*

Plaintiff seeks $7,025.00 in attorneys' fees for 24.2 hours of work associated with a Motion to Remand that was ultimately unsuccessful. As set forth below, this request is both excessive and unjustified, and the hours should be struck in their entirety or, at minimum, reduced by 1/2 (-$3,512.50).

| Date | Attorney | Rate | Task | Time | FEE |
|------|----------|------|------|------|-----|
| 1/30/2018 | NF | $250.00 | Remand motion research | 3.1 | $775.00 |
| 2/2/2018 | NF | $250.00 | Research severance under FRCP 21, draft motion to remand | 4.0 | $1,000.00 |
| 2/12/2018 | NF | $250.00 | Update motion for remand with Mitch's edits | 0.3 | $75.00 |
| 2/13/2018 | NF | $250.00 | Update Motion for Remand with Mitch's edits | 2.8 | $700.00 |
| 2/14/2018 | NF | $250.00 | Finalize second draft of remand motion | 1.7 | $425.00 |
| 6/21/2018 | RH | $375.00 | Prepare draft remand motion | 2.4 | $900.00 |
| 6/21/2018 | RH | $375.00 | Email to MER re Percy Anderson court order | 0.3 | $112.50 |
| 6/22/2018 | RH | $375.00 | Prepare draft remand motion | 2.0 | $750.00 |
| 6/22/2018 | RH | $375.00 | Finalize motion for remand | 3.1 | $1,162.50 |

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

7

| 6/22/2018 | NF | $250.00 | Discuss AIC argument with Russ | 0.5 | $125.00 |
|---|---|---|---|---|---|
| 6/22/2018 | NF | $250.00 | Create TOC/TOA for Remand Motion | 0.9 | $225.00 |
| 7/31/2018 | MC | $250.00 | Review file for draft of Reply to Defendant's Opposition to Motion for Remand | 0.8 | $200.00 |
| 7/31/2018 | MC | $250.00 | Review Defendant's Opposition to Motion for Remand and declarations in support in preparation of drafting Reply (split by 2 cases) | 0.7 | $175.00 |
| 7/31/2018 | MC | $250.00 | Draft Reply in Support of Motion for Remand (split by 2 cases) | 0.4 | $100.00 |
| 8/2/2018 | MC | $250.00 | Call with MER re Draft Reply to Defendant's Opposition to Plaintiff's Motion for Remand | 0.1 | $25.00 |
| 8/3/2018 | MC | $250.00 | Meeting with MER re Reply to Motion for Remand | 1.0 | $250.00 |
| 8/21/2018 | MC | $250.00 | Review Defendant's Notice of Supplemental Authority re Opposition to Plaintiffs' Test Remand Motions | 0.1 | $25.00 |

The Court should strike these hours in their entirety because the motion was unsuccessful. See *Celestine v. FCA US LLC*, 2019 WL 4274092, at *7 (E.D. Cal. Sept. 10, 2019) (deducting from lodestar all six hours spent on failed motion to remand). However, even if the Court determines some fees are recoverable, the amount requested here is plainly excessive. Plaintiff's counsel filed nearly identical motions to remand in two other matters on the same day. Specifically, motions were filed in *Aaron K. Duersksen v. Ford Motor Company, et al.*, Case No. 2:18-cv-01071-AB-FFM, and *Dyanna Dawn Becker, et al. v. Ford Motor Company, et al.*, Case No. 2:18-cv-00942-AB-FFM. See Dkt. Nos. 62–64. The duplicative nature of these filings undermines any claim that the hours billed for this motion were reasonably incurred.

FORD MOTOR COMPANY'S CONSOLIDATED OPPOSITION TO PLAINTIFF MICHAEL BELL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES [DKT. 1835] AND MOTION FOR COSTS AND EXPENSES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(D) [DKT. 1836]

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Accordingly, the hours associated with this unsuccessful motion should be denied in full or, at minimum, reduced by 1/2 (-$3,512.50), which would better reflect a reasonable time spent drafting the motion.

2. _Fees Related to Plaintiff's Opposition to Ford's Motion for Summary Judgment._

Plaintiff is seeking $8,357.50 in attorneys' fees for 30.5 hours of work related to opposing Ford's Motion for Summary Judgment. A breakdown of the time entries is provided below:

| Date | Attorney | Rate | Task | Time | FEE |
|------|----------|------|------|------|-----|
| 4/30/2023 | MC | $250.00 | Conduct Research re MSJ Opp | 4.3 | $1,075.00 |
| 4/30/2023 | MC | $250.00 | Draft MSJ Opp Memo | 9.1 | $2,275.00 |
| 5/2/2023 | CS | $375.00 | Draft email to Russell Higgins re responding to Ford's MSJ arguments re SBA and CLRA | 0.5 | $187.50 |
| 5/5/2023 | CS | $375.00 | Meeting with RH re MSJ opposition | 0.3 | $112.50 |
| 5/5/2023 | CS | $375.00 | Review and revise CLRA section of MSJ opposition | 0.5 | $187.50 |
| 5/7/2023 | MC | $250.00 | Draft separate statement opp/statement of genuine disputes (review transcripts and reference exhibits) | 7.5 | $1,875.00 |
| 5/8/2023 | MC | $250.00 | Continue drafting MSJ Opp memo | 2.9 | $725.00 |
| 5/9/2023 | SS | $200.00 | Review Ptf's expert Tom Lepper's declaration in support of Ptf's Opp to Def's MSJ | 0.6 | $120.00 |
| 5/9/2023 | SW | $375.00 | Research and analyze issues for MSJ opposition including expert analysis re damages; Meeting re key documents, expert declarations and reports | 4.2 | $1,575.00 |
| 5/9/2023 | RK | $375.00 | Call with R. Higgins, L. Ungs. and C. Swanson re MSJ and arguments (split with Mendieta) | 0.6 | $225.00 |
| 5/9/2023 | RK | $375.00 | Call with M. Colon and M. Melero re case analysis/MSJ/assessment of Rule 68 (split time with Mendieta) | 0.3 | $112.50 |
| 5/11/2023 | MC | $250.00 | Finalize MSJ Opp memo | 1.5 | $375.00 |

FORD MOTOR COMPANY'S CONSOLIDATED OPPOSITION TO PLAINTIFF MICHAEL BELL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES [DKT. 1835] AND MOTION FOR COSTS AND EXPENSES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(D) [DKT. 1836]

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

| | | | | | |
|---|---|---|---|---|---|
| 5/11/2023 | MC | $250.00 | Review/finalize separate statement | 0.6 | $150.00 |

Again, the amount sought is plainly excessive. Notably, Ms. Colon billed an implausible 13.4 hours on a single day (April 30, 2023), raising serious questions as to whether the hours reflect actual time reasonably expended. Moreover, as with the Motion to Remand, Plaintiff's counsel filed nearly identical summary judgment oppositions in at least two other matters the very next day: *Charles Martin, et al. v. Ford Motor Company*, Case No. 2:18-cv-01750-AB, and *Vanessa Bendana Mendieta, et al. v. Ford Motor Company*, Case No. 2:18-cv-07789. See Dkt. Nos. 1477, 1483, 1486. The duplicative nature of these filings further undercuts any assertion that the hours billed were reasonably or independently incurred in this matter.

Accordingly, if the Court awards any fees, Ford respectfully requests that the time billed for drafting the opposition be reduced by 1/2 (-$4,178.75) to more accurately reflect the reasonable time that should have been required.

    *3.*     *Fees Related to Preparation of the Deposition of Ford's PMK.*

Between April 4, 2023, and April 11, 2023, four different attorneys billed a total of $3,377.50 for 9.9 hours of internal meetings, review, and preparation related to the deposition of Ford's Person(s) Most Knowledgeable ("PMK"). As shown below, the billing reflects multiple attorneys engaging in overlapping and duplicative work, such as attending the same meetings and reviewing the same documents.

| Date | Attorney | Rate | Task | Time | FEE |
|---|---|---|---|---|---|
| 4/4/2023 | SW | $375.00 | Meeting re PMK deposition and document production | 0.7 | $262.50 |
| 4/4/2023 | CWR | $200.00 | Attend meeting re Ford MDL depositions | 0.2 | $40.00 |
| 4/5/2023 | SW | $375.00 | Call with R. Kirnos re PMK deposition | 0.2 | $75.00 |
| 4/7/2023 | SW | $375.00 | Review repair orders and Ford document production to prepare for PMK deposition (multiple cases) | 2.0 | $750.00 |

10

FORD MOTOR COMPANY'S CONSOLIDATED OPPOSITION TO PLAINTIFF MICHAEL BELL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES [DKT. 1835] AND MOTION FOR COSTS AND EXPENSES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(D) [DKT. 1836]

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

| Date | Attorney | Rate | Task | Time | FEE |
|------|----------|------|------|------|-----|
| 4/8/2023 | SW | $375.00 | Travel to and from OC to LA for meeting re documents and PMK deposition, attend meeting | 1.9 | $712.50 |
| 4/8/2023 | MC | $250.00 | Prepare for and attend DPS6 document review meeting; discussion and meeting with R. Kirnos, S. Wilson, Z. Powell | 1.2 | $300.00 |
| 4/10/2023 | SW | $375.00 | Analyze documents produced by Ford and prepare PMK deposition outline (multiple cases) | 2.1 | $787.50 |
| 4/11/2023 | SW | $375.00 | Supplement outline for deposition of Ford's PMK (multiple cases) | 1.2 | $450.00 |

The excessive staffing necessarily resulted in inefficiency and avoidable duplicative work. Accordingly, Ford respectfully requests that the fees related to PMK deposition preparation be reduced by at least 1/2 (-$1,688.75), to more accurately reflect the reasonable time necessary for this task.

*4.*    *Fees Related to Plaintiff's Standard Written Discovery.*

Plaintiff is seeking $2,162.50 in attorneys' fees for 7.7 hours of work related to drafting standard written discovery. This amount is excessive given the duplicative effort across multiple attorneys and the routine nature of the discovery propounded.

| Date | Attorney | Rate | Task | Time | FEE |
|------|----------|------|------|------|-----|
| 1/31/2023 | DK | $250.00 | Draft and revise requests or production of documents, set 1 | 0.3 | $75.00 |
| 1/31/2023 | DK | $250.00 | Draft and revise requests for admissions, set 1 | 0.4 | $100.00 |
| 1/31/2023 | DK | $250.00 | Draft and revise requests for special interrogatories, set 1 | 0.3 | $75.00 |
| 2/14/2023 | DK | $250.00 | Draft and revise requests for special interrogatories, set 1 | 1.0 | $250.00 |
| 2/14/2023 | DK | $250.00 | Draft and revise requests for production of documents, set 1 | 1.0 | $250.00 |
| 2/14/2023 | DK | $250.00 | Draft and revise requests for admissions, set 1 | 0.9 | $225.00 |
| 2/14/2023 | RK | $375.00 | Review and edit draft of RFAs (divided by IDP cases) | 0.2 | $75.00 |
| 2/24/2023 | SW | $375.00 | Review and revise Requests for Admissions, Interrogatories and Requests for Production of Documents; Multiple correspondence re written discovery | 1.6 | $600.00 |

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

FORD MOTOR COMPANY'S CONSOLIDATED OPPOSITION TO PLAINTIFF MICHAEL BELL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES [DKT. 1835] AND MOTION FOR COSTS AND EXPENSES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(D) [DKT. 1836]

| 2/24/2023 | MC | $250.00 | Draft and revise requests for special interrogatories, set 1 | 0.4 | $100.00 |
|---|---|---|---|---|---|
| 2/24/2023 | MC | $250.00 | Draft and revise requests for production of documents, set 1 | 0.6 | $150.00 |
| 2/24/2023 | MC | $250.00 | Draft and revise requests for admissions, set 1 | 0.4 | $100.00 |
| 2/25/2023 | MC | $250.00 | Draft and revise requests for special interrogatories, set 1 | 0.1 | $25.00 |
| 2/27/2023 | MC | $250.00 | Draft and revise requests for admissions, set 1 | 0.4 | $100.00 |
| 2/27/2023 | RK | $375.00 | Receive email from M. Colon re RFA, respond to same | 0.1 | $37.50 |

The time incurred, which was spread across four attorneys, for drafting a single set of standard written discovery is inefficient and redundant. The involvement of multiple team members reviewing, revising, and emailing about basic discovery documents, which are discovery sets recycled across similar cases, suggests substantial duplication of effort.

Accordingly, Ford respectfully requests that this amount be reduced by 1/2 (-$1,081.25), which more accurately reflects the reasonable value of time spent preparing these basic discovery requests.

> **5.** **_Fees Incurred After Acceptance of Ford's Rule 68 Offer._**

Between June 14, 2023, and August 10, 2023, Plaintiff billed $630.00 for substantive work, including time spent on the motion for summary judgment and depositions. However, this matter settled on June 5, 2023. Any substantive work performed after that date was unnecessary and not reasonably incurred. Accordingly, this amount should be stricken in its entirety.

> **6.** **_Attorneys' Fees Related to the Instant Motions._**

Plaintiff seeks an exorbitant $3,000.00 for eight hours of drafting the instant Motions, together with $3,937.50 for 10.5 hours of anticipated work related to reviewing this Opposition, drafting a reply brief, and attending the hearing. This projected time is excessive, particularly given the limited scope of the issues and the repetitive nature of Plaintiff's briefing in similar matters. Courts routinely reduce

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

12

inflated anticipated time where it lacks justification or is disproportionate to the task at hand. Accordingly, this amount should be reduced by at least 1/2 (-$3,468.75) to reflect a more reasonable estimate of the time actually needed to complete these tasks.

## C. No Multiplier Is Warranted

As this Court has done in the *Pedante*, *Fort* and *Bagwell* matters, the Court should continue to decline to apply a multiplier:

> Finally, the Court has considered the *Ketchum* factors and declines to apply a multiplier. The Song-Beverly claims in these cases do not appear to be novel or involve difficult questions. The skill displayed pursuing them is accounted for in counsel's hourly rates. This litigation did not preclude Plaintiff's counsel from seeking other employment, as they have about 200 other similar cases in this MDL and many other non-MDL Song-Beverly cases pending simultaneously. Finally, Song-Beverly's fee shifting provision eliminated uncertainty about whether costs and fees would be awarded in the event Plaintiffs prevailed.

Dkt. 1153, p. 11; See *Pedante*, ECF 96, p. 16. Similarly, the Court should deny Plaintiff's request for a 1.5 multiplier because none of the *Ketchum* factors supports a multiplier.[1] Indeed, the factors commands the attorneys' fees claimed should be adjusted *downward*. Nowhere in Plaintiff's motion is there any explanation about why the initial Rule 68 Offer was rejected or why the case was litigated for another fours years at the cost of nearly $40,000.00 in additional fees. Had Plaintiff accepted the initial $75,001 in settlement offers, any contingent risk (and significant tax liability for that matter) would have been eliminated. *See Ketchum,* 24 Cal.4th at 1131; *Graham* 34 Cal. 4th at 582; *Thayer* 92 Cal.App.4th at 838. In the end, Plaintiff's counsel achieved a rather poor result for Plaintiff by rejecting the early settlement offer and continued litigation of the case.

//

---

[1] See also *Serrano v. Unruh*, 32 Cal.3d 621,635 (1982) (quoting *Brown v. Stackler*, 612 F.2d 1057, 1059(7th Cir. 1980) ["A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether."]).

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

**D.**    <u>**Cost Associated with Plaintiff's Experts Should be Substantially Reduced**</u>.

Costs are given only by statutory direction. *Stockton Theatres, Inc. v. Palermo*, 47 Cal.2d 469, 477 (1956).  Code of Civil Procedure, section 1033.5 enumerates those costs that may or may not be recoverable in a civil action; costs not specifically allowable under subdivision (a), nor prohibited under subdivision (b), may nevertheless be recoverable in the discretion of the court if "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation." Code Civ. Proc. § 1033.5(c)(2).  In ruling upon a motion to tax costs:

> the trial court's first determination is whether the statute expressly allows the particular item and whether it appears proper on its face.  If so, the burden is on the objecting party to show the costs to be unnecessary and unreasonable. Where costs are not expressly allowed by statute, the burden is on the party claiming the costs to show that the charges were reasonable and necessary. Whether a cost item was reasonably necessary to the litigation presents a question of fact for the trial court and its decision is reviewed for abuse of discretion. (*Foothill-De Anza Community College Dist. v. Emerich* (2007) 158 Cal. App. 4th 11, 29.)

The court has the power to disallow costs "allowable as a matter of right" when they are not "reasonably necessary" and to reduce the cost of any item to that which is "reasonable." *Perko's Enterprises Inc. v. RRNS Enterprise*, 4 Cal.App.4th 238, 245 (1992).

    *1.*    <u>*Mr. Cohen's Fees, And Costs Related Thereto, Are Not Recoverable as His Opinions Were Limited to Fraud Claims and Previously Excluded in Connection with Song-Beverly Claims.*</u>

Plaintiff seeks $19,357.45 in costs related to his expert Jack Cohen. Rogerson Decl., Exh. C; see Dkt. 1836-2, pp. 8, 27-29.  Mr. Cohen was disclosed to offer opinions in support of Plaintiff's fraud-based causes of action. In *Lorenzo Altamirano-Torres v. Ford Motor Company*, Case No. 17-cv-07338, Plaintiff's counsel expressly acknowledged, and the Court agreed, that Mr. Cohen's primary opinions were directed at the fraud claims, not the Song-Beverly claims:

> Cohen's opinions are: 'valuation is affected by reliability,' 'valuation is affected by the number of [technical service bulletins],' 'valuation is affected by repair history,' 'branded title significantly affects value,' and

14

'the value of the vehicle was likely overpriced by 60–70% at the time of purchase.' [Citations omitted.] The parties agree that the last opinion relates to fair-market value and was relevant only to the now-dismissed fraud claims, and is not relevant to the remaining Song-Beverly claim. Thus, only Cohen's other opinions are in issue. However, it appears that the primary objective of Cohen's report was to provide an opinion about fair-market value, and the sub-opinions that are still in issue apparently informed Cohen's ultimate, now-irrelevant, opinion about fair-market value.

Dkt. 1152, p. 4. Further, the court expressly rejected Plaintiff's counsel's arguments that any of Mr. Cohen's opinions were relevant or helpful to Plaintiff's Song-Beverly claims, and accordingly excluded him from testifying as to those claims:

Even if there were some marginal utility to Cohen's opinion, it is outweighed by Rule 403 concerns, which apply to expert testimony. 'Even if expert testimony passes the reliability and relevance tests under Daubert, it may still be excluded under Rule 403.' Zagruzny v. Mercedes-Benz USA, No. CV 19-1096 MRW, 2020 WL 3968672, at *2 (C.D. Cal. June 4, 2020). Jurors may be overly swayed by expert testimony, so the imprimatur of an expert should not be accorded here given the commonsensical conclusions offered. Also, such testimony would be a waste of time given that jurors can readily conclude based on other evidence whether the vehicle's value was substantially impaired."

Dkt. 1152, p. 4. Given that Mr. Cohen's opinions have already been excluded in connection with Song-Beverly claims, there is no basis to believe a different outcome would occur here. His opinions are inextricably tied to fraud-based claims, and the remaining conclusions do not meaningfully assist the trier of fact in evaluating breach of warranty.

Moreover, the invoice submitted by Mr. Cohen is vague and incoherent, making it difficult for Ford and the Court to decipher how he racked up nearly $20,000.00 in expert fees. Rogerson Decl., Exh. C. To be clear, Mr. Cohen was not deposed and did not submit an expert report. Plaintiff has offered no meaningful justification or documentation to support the substantial fees claimed, particularly given that his testimony has already been deemed inadmissible.   Accordingly, Ford respectfully requests that all fees associated with Mr. Cohen (-$19,357.45) be excluded in their entirety.

15

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

2.    <u>*The Costs Relating to Plaintiff's Expert, Anthony Micale, Should Be Substantially Reduced.*</u>

Plaintiff requests $34,728.63 in costs and expert fees relating to their expert, Mr. Micale. Rogerson Decl., Exh. D; see Dkt. 1836-2, pp. 8, 25, 27, 31. Most of these fees are related to Mr. Micale's expert report. That is, between March 25, 2023 and June 4, 2023, Mr. Micale billed for the following: (1) 53.5 hours ($21,400.00) for "Report Generation," (2) 2.75 hours ($1,100.00) for "Technical Research and Data Review," (3) 3.0 hours ($1,200.00) for "Deposition Reading, Review, and Notes." *Id.* Not only are these entries impermissibly vague, but they are also improperly block billed, making it impossible to determine what specific tasks were performed and whether the time spent was reasonable. Plaintiff now asks the Court to reimburse Mr. Micale for time and work that Ford, and the Court, are unable to substantiate due to the lack of detail.

This concern is further compounded by the fact that Mr. Micale produced nearly identical expert reports in three other DSP6 cases, serving them on the same date as in this case. Specifically, on the same date he served his expert report in *Bell*, he issued similar reports in *Joe Curtis v. Ford Motor Company*, Case No. 2:18-cv-02594-AB-FFM, *Charles Martin, et al. v. Ford Motor Company*, Case No. 2:18-cv-01750-AB-FFM, and *Vanessa Mendieta, et al. v. Ford Motor Company*, Case No. 2L18-cv-07789-AB-FFM. Rogerson Decl., Exh. E-H.  In each case, the first ten pages of the report are duplicative, with any case-specific analysis beginning only on page eleven. Following the handful of pages of case-specific facts, the final 40 pages of each report are again substantially, if not entirely, duplicative. The fact that Mr. Micale's reports are substantively identical across multiple cases raises undermines Mr. Micale's invoices suggesting that he performed 53.5 hours of unique "report generation" for this case alone. Given the highly repetitive nature of the report and the lack of detailed billing, an inquiry should be made into whether these costs are inflated and not directly attributable to unique work done for this case alone.

16

1  Therefore, Ford respectfully requests that the Court deny or significantly reduce the

2  costs claimed for Mr. Micale's expert report by, at least, 2/3 (-$15,800.00).

3      Moreover, Mr. Micale's billing is facially deficient. His invoice contains vague

4  and generic entries such as "Coordination and Planning" and "Consultation with

5  firm," without any detail indicating what specific work was performed. See ECF No.

6  1836-2, pp. 25, 31–32. Such entries fall well short of the documentation standards

7  courts require to support recovery of expert costs. Courts routinely deny or reduce cost

8  requests where billing records are vague, unsupported, or facially excessive. See

9  White & White v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986)

10  (approving reduction of unsupported expert costs); In re Butcher, 200 B.R. 675, 681

11  (C.D. Cal. 1996) (rejecting vague billing as insufficient to justify cost recovery).

12  Accordingly, Ford respectfully requests that the Court reduce Mr. Micale's remaining

13  claimed costs by an additional 50% (–$9,464.32) to account for the lack of adequate

14  documentation.

15      In sum, Ford is requesting a deduction of $25,262.32 from the $34,728.63 in

16  fees requested relating to Mr. Micale.

17      3.    <u>*The Costs Relating to Plaintiff's Expert, Thomas Lepper, Should Be Omitted.*</u>

18

19      Plaintiff seeks $1,850.00 in witness fees for a *third* expert, Mr. Thomas Lepper.

20  Rogerson Decl., Exh. I; see Dkt. 1836-2, pp. 8, 26. On May 15, 2023, Plaintiff served

21  expert reports identifying both Mr. Lepper and Mr. Micale as retained experts. Their

22  respective designations confirm that their opinions are overlapping, if not entirely

23  duplicative:

24      Mr. Lepper is expected to testify at trial as to matters including, but
        not limited to the subject vehicle and its warranty and repair history,
25      testing procedures, interpretation of results and further diagnostic repair
        procedures, both generally and as regards the subject vehicle,
26      reasonableness of repair attempts regarding the subject vehicle,
        documented inspections of the subject vehicle, and warranty repair
27      procedures. As well as any impairment to the safety, use or value as a
        result of the defect of non-conformity, and warranty repair procedures,

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

17

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

and is expected to compare the vehicle's fitness and the vehicle's quality and characteristics to those generally acceptable in the trade.

Mr. Micale is expected to testify at trial as to matters including, but not limited to, the subject vehicle and its warranty and repair history, and information known to Ford Motor Company before, during and after the warranty repairs, both generally as to the DPS6 transmission and as regards the subject vehicle specifically. Mr. Micale will provide testimony about repair attempts performed on the subject vehicle and his inspection thereof (if applicable). The testimony will discuss common problems and complaints by consumers, common failure modes in the DPS6 transmission which manifested in the subject vehicle and/or were consistent with endemic problems to the DPS6 transmission, from which flowed a risk of danger, accidents, injury or death. The testimony will include common characteristics of automatic, manual and dual clutch transmissions, CAFE standards and their purpose. Mr. Micale will provide observations about FMC documents, including but not limited to: TSBs, SSMs, recalls, emails, PowerPoint Presentations, and other data provided by Ford relating to the DPS6 transmission, consumer forms, and documents filed in other legal matters in support of the foregoing.

Rogerson Decl., Exhs. E, J. These descriptions make clear that Mr. Micale's opinions wholly subsume those of Mr. Lepper. The retention of two automotive experts to offer duplicative opinions on the same subjects is unnecessary and unjustified.[2] Plaintiff has not – and cannot – offer a compelling justification for why two experts were required to address the same set of topics. It is Plaintiff's burden to show that the fees incurred were both reasonable and necessary. Here, they have done neither.

Moreover, Mr. Lepper's billing is facially deficient. His invoice provides vague, generic entries such as "develop structure on Federal Report" and "continue work on Federal Report," without any indication of what work was actually performed. See ECF No. 1836-2, p. 26. These entries, like those in Mr. Micale's

___

[2] Trial courts have wide discretion to exclude cumulative expert testimony—particularly where it adds little or nothing to the jury's "common fund of information." *People v. Page*, 2 Cal.App.4th 161, 187 (1991); *Summers v. A.L. Gilbert Co.*, 69 Cal.App.4th 1155, 1169 (1999). This includes the authority to disallow cost recovery for cumulative expert fees. *Horn v. General Motors Corp.*, 17 Cal.3d 359 (1976); *South Bay Chevrolet v. GMAC,* 72 Cal.App.4th 861, 906 (1999); *Aguayo v. Crompton & Knowles Corp.*, 183 Cal.App.3d 1032, 1040 (1986).

18

invoice, fall well short of the documentation standards courts require to support an award of expert costs. See *White & White*, *supra*, at 730; *In re Butcher*, *supra*, at 681.

In short, Plaintiff seeks to recover for duplicative expert work that lacks both necessity and adequate description. As such, Ford requests the $1,850.00 be stricken in its entirety.

## IV. <u>CONCLUSION</u>

Based on the foregoing, Ford respectfully requests that the Court deny all fees and costs incurred after the December 2018 Rule 68 Offer, and/or, at a minimum, reduce Plaintiff's requested attorneys' fees by at least $14,560.00 and costs by at least $46,469.77.

Dated: July 3, 2025

GORDON REES SCULLY
MANSUKHANI, LLP

By:  /s/ *Hailey M. Rogerson*
Spencer P. Hugret
Katherine P. Vilchez
Hailey M. Rogerson
Attorneys for Defendant
FORD MOTOR COMPANY

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111